# EXHIBIT 1

Steve W. Berman (admitted *pro hac vice*)
Emilee N. Sisco (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com

Benjamin J. Siegel (256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

*Counsel for Plaintiffs in House v. NCAA*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | Case No. 4:14-md-02541 CW (NC) <br><br> PLAINTIFFS' RESPONSE TO ORDER SUA SPONTE REFERRING CASE FOR PURPOSES OF DETERMINING RELATION OF CASES |
| HOUSE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.*, <br><br> Defendants. | Case No. 4:20-cv-03919-BLF |
| *Putative Related Action*: <br><br> IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION, Case No. 4:09-cv-01967 CW | |

010912-11 1300685.1

I. **INTRODUCTION**

On June 18. 2020, pursuant to Civil Local Rule 3-12(c), the Honorable Beth Labson Freeman, United States District Judge, Northern District of California, in *House, et al. v. National Collegiate Athletic Association, et al.*, Case No. 4:20-cv-03919-BLF ("*House*"), issued an Order Sua Sponte Referring Case For Purposes of Determining Relation of Cases. ECF No. 13. The Order refers the case to the Honorable Claudia Wilken, United States Senior District Judge, Northern District of California, to determine whether the *House* case is related to *In Re: National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*, Case No. 4:14-md-2541-CW (NC) ("*GIA*").[1]

Pursuant to Civil Local Rules 3-12(e) and 7-11, Plaintiffs in *House*, Grant House and Sedona Prince, on behalf of themselves and all others similarly situated ("Plaintiffs"), respectfully submit this response in support of designating the *House* case related to the *GIA* case. As explained herein, the *House* case is also related to the earlier filed case, *In Re: NCAA Student-Athlete Name & Likeness Licensing Litigation*, Case No. 09-CV-1967 CW (NC) ("*Name & Likeness*"), which like *GIA*, was presided over by Judge Wilken.[2] This Court has already held that the *Name & Likeness* and *GIA* actions are related.[3] Indeed, when *GIA* was consolidated in 2014, the Judicial Panel on Multi-District Litigation ("JPMDL") specifically selected this Court for centralization of the case because it was already presiding over *Name & Likeness* and because the JPMDL recognized that Judge Wilken

---

[1] The first of the actions that became a part of this consolidated case, *Alston v. NCAA*, Case No. 14-cv-01011, was filed on March 5, 2014. Additional actions were filed and the United States Judicial Panel on Multidistrict Litigation transferred actions filed in other districts to this Court pursuant to 28 U.S.C. § 1407. Plaintiffs in all of the actions, except *Jenkins v. NCAA*, Case No. 14-cv-02758, filed a consolidated amended complaint on July 11, 2014.

[2] *Name & Likeness* was composed of two primary actions consolidated by this Court, and the NCAA was a defendant in both actions. The first filed case was captioned *Keller v. Electronic Arts, Inc., et al.*, Case No. 09-1967 CW, filed May 5, 2009 ("*Keller*"). The second was captioned *O'Bannon, Jr. v. National Collegiate Athletic Assoc., et al.*, Case No. 09-3329, filed July 21, 2009 ("*O'Bannon*"). On January 15, 2010, the Court consolidated the cases.

[3] This Court found, pursuant to a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship submitted by the Honorable Maxine M. Chesney (*Keller*, ECF No. 1010), that the *GIA* action is related to the earliest-filed *Keller* action (*Keller*, ECF No. 1013).

PLS. RESPONSE TO SUA SPONTE ORDER -
Case No. 4:14-md-02541 CW                         - 1 -

"undoubtedly has gained substantial familiarity with the factual and procedural issues that may arise in [*GIA*]."[4]

This Court has now presided over two similar cases, both of which included lengthy bench trials. Counsel for the *House* Plaintiffs, who were also Interim Co-Lead Class Counsel in *Name & Likeness* and *GIA*, submit that the criteria for relating these three cases under Civil Local Rule 3-12(a) is easily met. The *House* action is substantially similar to these actions, and this Court has a great deal of familiarly with the factual, procedural, and substantive legal issues that arose in those complex cases and are likely to arise here. It would promote judicial efficiency for this Court to preside over this action. Plaintiffs request that *House* be related to *Name & Likeness* and *GIA*.

## II. RELATIONSHIP OF THE ACTIONS

Civil Local Rule 3-12(a) states that "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." The three cases – *House*, *Name & Likeness* and *GIA* – meet the criteria set forth in Civil Local Rule 3-12(a).

***First***, the actions "concern substantially the same parties, property, transaction or event." Civil L.R. 3-12(a)(1). All three cases are nationwide class actions brought on behalf of similar—albeit not identical—groups of current and former college student-athletes who competed in Division I athletics pursuant to the rules of the National Collegiate Athletic Association ("NCAA").[5] The identified actions also involve substantially the same defendants. All three cases name the NCAA as a primary defendant, and the NCAA's five dominant athletic conferences (the "Power Five Conferences") are defendants in both *House* and *GIA*.[6]

---

[4] *GIA*, ECF No. 76, "Transfer Order," at 2.

[5] *Compare House*, ECF No. 1, "Complaint," at 79-80, *with Name & Likeness*, ECF No. 832, "Third Consolidated Amended Class Action Complaint," at 101, 104, and *with GIA*, ECF No. 60, "Consolidated Amended Complaint," at 154.

[6] *Compare House*, ECF No. 1, "Complaint," at 16-21, *with Name & Likeness*, ECF No. 832, "Third Consolidated Amended Class Action Complaint," at 77-78, and *with GIA*, ECF No. 60, "Consolidated Amended Complaint," at 25-36.

PLS. RESPONSE TO SUA SPONTE ORDER -
Case No. 4:14-md-02541 CW                              - 2 -

All of these three cases allege similar misconduct and injury to student-athletes, and they assert similar causes of action. Each of the cases plead causes of action for violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, on behalf of a group of NCAA college athletes who contend as a class or putative class that the NCAA and its members have abridged their economic rights by operation of the NCAA's anticompetitive and unlawfully restrictive rules.[7] *Name & Likeness* and *House* both challenge NCAA rules that relate to the use of student-athletes' names, images, and likenesses.[8] And, in *House*, the NCAA will likely assert the same primary defenses regarding the protection of "amateurism" in college sports that it did in both *Name & Likeness* and *GIA*.

Because the cases involve similar parties and issues of law and fact, and call for resolution of substantially similar liability questions and claims, they should be related. While the cases do not contain *identical* parties, facts, or claims, that is not required by Civil Local Rule 3-12. Rather, the rule requires substantial similarities.[9] Indeed, despite the fact that the cases do not involve identical parties or claims, this Court has already held that the *GIA* and *Name & Likeness* cases are related.[10]

***Second***, it is "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). Relating the above-listed actions will greatly promote efficiency and judicial economy. Since 2009,

---

[7] *Compare House*, ECF No. 1, "Complaint," at 28-79, 83-87, *with Name & Likeness*, ECF No. 832, "Third Consolidated Amended Class Action Complaint," at 10-180, 188-93, and *with GIA*, ECF No. 60, "Consolidated Amended Complaint," at 62-152, 157-66.

[8] *Compare House*, ECF No. 1, "Complaint," at 28-79, *with O'Bannon v. NCAA*, 7 F. Supp. 3d 955, 962-63 (N.D. Cal. 2014), *aff'd in part, rev'd in part*, *O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015) (summarizing challenge in *Name & Likeness* litigation).

[9] *See, e.g.*, *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, No. 14-cv-1130, 2015 WL 4452136, at *12 (N.D. Cal. July 20, 2015) (relating cases involving "substantially the same matter" despite "slightly differing parties" and "a differing underlying FOIA request"); *Fin. Fusion Inc. v. Ablaise Ltd.*, No. 06-2451 PVT, 2006 WL 3734292 at *3 (N.D. Cal. Dec. 18, 2006) (holding cases were related even though different plaintiffs were involved because both plaintiffs were vendors providing contractual services to the same accused infringer); *In re Leapfrog Enters., Inc. Sec. Litig.*, No. 03-cv-5421, 2005 WL 5327775, at *1 (N.D. Cal. July 5, 2005) (relating cases involving different plaintiffs that "name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act").

[10] *See supra*, n. 3.

1  Judge Wilken has presided over the *Name & Likeness* and *GIA* actions—two highly complex cases
2  that concluded with lengthy bench trials and resulted in published Ninth Circuit decisions. The
3  Court's intimate knowledge of the NCAA's byzantine rules and regulations governing college
4  athletics, the development of the relevant facts over the past eleven years (and the decades that came
5  before), and the governing law supports relating these cases.[11] The Court's familiarity with the
6  factual record in *Name & Likeness* and *GIA* would be particularly useful in resolving the Section 1
7  antitrust claims in *House*. As the Ninth Circuit recently explained, the applicable antitrust Rule of
8  Reason analysis is "inherently fact-dependent" and "evaluates dynamic market conditions and
9  consumer preferences," and thus *House* will require careful scrutiny of factual developments since
10 the record in the earlier cases closed.[12]

Failure to relate the *House* action to these cases could result in "an unduly burdensome duplication of labor and expense," whereas relating the cases would provide for adjudication by a judge who is already deeply versed in the underlying facts and legal theories. Conducting the *House* case in front of this Court also will reduce the risk of conflicting results and promote the just and efficient resolution of the actions.

### III.  CONCLUSION

In light of the fact that the *Name & Likeness* and *GIA* cases were already deemed related, this Court's experience with these similar cases involving the NCAA and its complex rules, and the

---

[11] *See Besaro Mobile Home Park v. Fremont*, No. 05-2886 SBA, 2006 WL 823386, at *1 (N.D. Cal. Mar. 28, 2006) ("[i]n the interests of judicial economy," *sua sponte* judicial referral to determine if present case was related to earlier action no longer pending after being previously dismissed without prejudice).

[12] *See In re NCAA Athletic Grant-in-Aid Cap Antitrust Litig.*, 958 F.3d 1239, 1253 (9th Cir. 2020); *see also id.* (citing "*Flooring Mfrs.' Ass'n v. United States*, 268 U.S. 563, 579 (1925) ('[E]ach case arising under the Sherman Act must be determined upon the particular facts disclosed by the record, and . . . opinions in those cases must be read in the light of their facts'); Phillip Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application*, ¶ 1205c3 (4th ed. 2018) ('Continuing contracts in restraint of trade,' are 'typically subject to continuing reexamination,' and 'even a judicial holding that a particular agreement is lawful does not immunize it from later suit or preclude its reexamination as circumstances change.'").

opportunities for efficiency and judicial economy, Plaintiffs respectfully request that the Court designate the *House* action related to the above-listed actions.

DATED this 22nd day of June, 2020         Respectfully submitted,

                                                   HAGENS BERMAN SOBOL SHAPIRO, LLP

                                                  By:   */s/ Steve W. Berman*

                                                  Steve W. Berman (admitted *pro hac vice*)
                                                  Emilee N. Sisco (admitted *pro hac vice*)
                                                  1301 Second Avenue, Suite 2000
                                                  Seattle, WA 98101
                                                  Telephone: (206) 623-7292
                                                  Facsimile:  (206) 623-0594
                                                  steve@hbsslaw.com
                                                  emilees@hbsslaw.com

                                                  Benjamin J. Siegel (#256260)
                                                  HAGENS BERMAN SOBOL SHAPIRO LLP
                                                  715 Hearst Avenue, Suite 202
                                                  Berkeley, CA 94710
                                                  Telephone: (510) 725-3000
                                                  Facsimile:  (510) 725-3001
                                                  bens@hbsslaw.com

                                                  *Counsel for Plaintiffs in House v. NCAA*