[All counsel listed on sig. page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GRANT HOUSE, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.*,<br><br>                              Defendants. | No. 4:20-cv-03919 CW<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING TESTIFYING EXPERT DISCOVERY** |
| TYMIR OLIVER, *et al.*,<br><br>                              Plaintiffs,<br><br>     v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.*,<br><br>                              Defendants. | No. 4:20-cv-04527 CW |

1        WHEREAS, all parties desire to provide an efficient framework for the discovery of expert
2   witness-related materials; and
3        WHEREAS, all parties through their respective counsel of record have considered the expert
4   witness discovery provisions of Federal Rule of Civil Procedure 26 and agreed upon the proposed
5   modifications and supplementations described herein;
6        NOW THEREFORE, all parties, through their respective counsel of record, stipulate to the
7   following regarding expert discovery in the above-captioned matters and all other matters
8   subsequently consolidated with them (collectively, the "Actions"), subject to approval by the Court.
9        1.   This Stipulation and Order Concerning Testifying Expert Discovery ("Stipulation")
10  does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure
11  26(a)(2)(B) or the timing of any disclosure and deposition of any testifying expert as set forth in the
12  Joint Stipulated Case Management Order [Dkt. No. 127 in 4:20-cv-03919-CW and Dkt. No. 94 in
13  4:20-cv-04527-CW].
14       2.   To the extent this Stipulation imposes limitations on discovery that would otherwise
15  be available under the Federal Rules of Civil Procedure, including but not limited to Rule
16  26(b)(4)(C), the parties have agreed to those limitations to increase the efficiency of their dealings
17  with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the
18  terms of this Stipulation nor the parties' agreement to them shall be an admission by any party that
19  any of the information restricted from discovery by this Stipulation would otherwise be discoverable
20  or admissible.  The term "expert" as used herein refers to a witness a party may use to present
21  evidence under Federal Rule of Evidence 702, 703, or 705.
22       3.   The information required to be disclosed by Rule 26(a)(2)(B)(ii) is modified from
23  requiring "the facts or data considered by the witness in forming them" to instead require disclosure
24  of "the data or other information relied upon by the witness in forming them."

4. Except as provided in paragraph 5 below, the following information shall *not* be the subject of any form of discovery:

    a. The content of communications, whether oral or written, among and between:

        (i) counsel and the expert and/or the expert's staff and/or supporting firms;

        (ii) counsel and any non-testifying expert consultant and/or the consultant's staff and/or supporting firms;

        (iii) the expert and other experts and/or other non-testifying expert consultants;

        (iv) experts and their staff and/or supporting firms;

        (v) non-testifying expert consultants and their staffs and/or supporting firms;

        (vi) the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.

    b. Notes, drafts, written communications, preliminary or intermediate calculations, computations or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert.

5. The limitations in paragraph 4 above shall:

    a. Not apply to any communications, documents, data sets, data runs, calculations, computations, or other forms of information or work upon which a testifying expert relies as a basis for any of his or her final opinion(s) or report(s).

    b. Not prevent an expert from being asked to identify and generally describe non-privileged information that may be relevant to the substance of the expert's

JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING TESTIFYING EXPERT DISCOVERY
No. 4:20-cv-03919-CW
No. 4:20-cv-04527-CW

3

1                             opinion(s) or report(s), including alternative investigations or modeling

2                             (including any regression analyses) that the expert attempted but rejected, and

3                             the reasons for rejecting any such investigations or modeling.

4         6.         Subject to sub-paragraphs (a) and (b) below, within three business days of any party

5 serving any expert report and/or expert declaration under Fed. R. Civ. P. 26(a)(2)(B), the party or

6 parties proffering the expert witness shall produce: the data or other information relied upon by the

7 expert witness in forming the expert witness's opinions; any exhibits used (or that will be used) to

8 summarize or support the expert witness's opinions; the expert witness's qualifications, including a

9 list of all publications authored in the previous 10 years; a list of all other cases in which, during the

10 previous four years, the expert witness has testified as an expert at trial or by deposition; and a

11 statement of the expert's hourly rate and compensation to be paid for the expert witness's study and

12 testimony in this case.

13                 a.         As used in paragraphs 3, 6, and 8 of this Stipulation, "data or other

14                           information relied upon" shall be deemed to include, but will not be limited to,

15                           underlying data, spreadsheets, computerized regression analyses and/or other

16                           underlying reports, and schedules sufficient to reconstruct the expert witness's

17                           work, calculations, and/or analyses. "Data or other information relied upon"

18                           should be produced electronically (via email, disc, or FTP site) where feasible.

19                           Publicly available information need not be produced absent request so long as

20                           the information relied upon remains publicly available and the location where

21                           the publicly available information can be obtained is provided. Documents

22                           previously produced during discovery need not be produced so long as they

23                           are identified by Bates number.

24                 b.         All "data or other information relied upon" shall be provided in a format as

25                           agreed to by the parties, including, potentially, any software and instructions

26

27

28 JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING TESTIFYING EXPERT DISCOVERY
No. 4:20-cv-03919-CW
No. 4:20-cv-04527-CW

required to read "the data or other information relied upon," but no party need produce computer software reasonably and commercially available (e.g., Microsoft Word, Excel).

7. To the extent that the specific stipulations agreed to herein limit or waive disclosure requirements under Fed. R. Civ. P. 26(a)(2)(B), the parties hereby confirm that they expressly agree to such waiver.

8. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) produce all "data or other information relied upon" by the expert, consistent with the terms of this Stipulation, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

9. Nothing in this Stipulation shall permit a party or testifying expert to withhold any proposition, fact, belief, or other data, information, or material upon which the expert relies to support her or his opinion(s).

The parties agree to comply with this Stipulation and Order pending the Court's approval.

Dated:  December 11, 2020

HAGENS BERMAN SOBOL SHAPIRO LLP

By:    /s/ Steve W. Berman

Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone : (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING TESTIFYING EXPERT DISCOVERY
No. 4:20-cv-03919-CW
No. 4:20-cv-04527-CW

5

Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

Attorneys for Plaintiffs and the Proposed Classes

Dated: December 11, 2020        **WILKINSON STEKLOFF LLP**

By:   /s/ Beth A. Wilkinson

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice)*
Tamarra Matthews Johnson (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Calanthe A. Cope-Kasten (*pro hac vice)*
2001 M Street NW, 10th Floor
Washington, D.C. 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ccope-kasten@wilkinsonstekloff.com


Rahul Hari (SBN 313528)
WILKINSON STEKLOFF LLP
11601 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Telephone: (425) 291-9655
Facsimile: (202) 847-4005
rhari@wilkinsonstekloff.com

Attorneys for Defendant National Collegiate
Athletic Association


Dated: December 11, 2020        **PROSKAUER ROSE LLP**

By:   /s/ Scott P. Cooper

JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING TESTIFYING EXPERT DISCOVERY
No. 4:20-cv-03919-CW
No. 4:20-cv-04527-CW

6

|   |   |
|---|---|
|   | Scott P. Cooper (SBN 96905)<br>Bart H. Williams (SBN 134009)<br>Kyle A Casazza (SBN 254061)<br>Shawn S. Ledingham, Jr. (SBN 275268)<br>Jennifer L. Jones (SBN 284624)<br>Kelly M. Curtis (SBN 313581)<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Telephone: (310) 557-2900<br>Facsimile: (310) 557-2193<br>bwilliams@proskauer.com<br>scooper@proskauer.com<br>kcasazza@proskauer.com<br>sledingham@proskauer.com<br>jljones@proskauer.com<br>kcurtis@proskauer.com<br><br>Attorneys for Defendant Pac-12 Conference |
| Dated: December 11, 2020 | **MAYER BROWN LLP**<br><br>By:   */s/ Britt M. Miller*<br><br>Britt M. Miller (*pro hac vice*)<br>Matthew D. Provance (*pro hac vice*)<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 782-0600<br>Facsimile: (312) 701 7711<br>bmiller@mayerbrown.com<br>mprovance@mayerbrown.com<br><br>Christopher J. Kelly (SBN 276312)<br>MAYER BROWN LLP<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>Telephone: (650) 331-2000<br>Facsimile: (650) 331-2060<br>cjkelly@mayerbrown.com |

JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING TESTIFYING EXPERT DISCOVERY
No. 4:20-cv-03919-CW
No. 4:20-cv-04527-CW

7

|   |   |   |
|---|---|---|
| 1 |   | Attorneys for Defendant The Big Ten Conference, Inc. |

Dated: December 11, 2020                **ROBINSON BRADSHAW & HINSON, P.A.**

By:  /s/ Robert W. Fuller

Robert W. Fuller (*pro hac vice*)
Lawrence C. Moore, III (*pro hac vice*)
Pearlynn G. Houck (*pro hac vice*)
Amanda P. Nitto (*pro hac vice*)
ROBINSON BRADSHAW & HINSON
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
rfuller@robinsonbradshaw.com
lmoore@robinsonbradshaw.com
phouck@robinsonbradshaw.com
apickens@robinsonbradshaw.com

Mark J. Seifert (SBN 217054)
Seifert Law Firm
50 California Street,  Sutie 1500
San Francisco, CA 94111
Telephone: (415) 999-0901
Facsimile: (415) 901-1123
mseifert@seifertfirm.com

Attorneys for Defendant Southeastern Conference


Dated: December 11, 2020                **FOX ROTHSCHILD LLP**

By:  /s/ D. Erik Albright

D. Erik Albright (*pro hac vice*)
Gregory G. Holland (*pro hac vice*)
230 North Elm Street, Sutie 1200
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 378-5400

|     |     |
| --- | --- |
|     | ealbright@foxrothschild.com  <br>gholland@foxrothschild.com  <br><br>Jonathan P. Heyl (*pro hac vice*)  <br>FOX ROTHSCHILD LLP  <br>101 N. Tryon Street, Suite 1300  <br>Charlotte, NC 28246  <br>Telephone: (704) 384-2625  <br>Facsimile: (704) 384-2800  <br>jheyl@foxrothschild.com  <br><br>Alexander Hernaez (SBN 201441)  <br>FOX ROTHSCHILD LLP  <br>345 California Street, Suite 2200  <br>San Francisco, CA 94104  <br>Telephone: (415) 364-5540  <br>Facsimile: (415) 391-4436  <br>ahernaez@foxrothschild.com  <br><br>Attorneys for Defendant Atlantic Coast Conference |
| Dated: December 11, 2020 | **POLSINELLI PC**  <br><br>By:  /s/ *Leane K. Capps*  <br><br>Leane K. Capps (*pro hac vice*)  <br>Caitlin J. Morgan (*pro hac vice*)  <br>D. Rockwell Bower (*pro hac vice*)  <br>2950 N. Harwood Street, Suite 2100  <br>Dallas, TX 75201  <br>Telephone: (214) 397-0030  <br>Facsimile: (214) 397-0033  <br>lcapps@polsinelli.com  <br>cmorgan@polsinelli.com  <br>rbower@polsinelli.com  <br><br>Amy Dawn Fitts (*pro hac vice*)  <br>POLSINELLI, PC  <br>120 W. 12th Street  <br>Kansas City, MO 64105  <br>Telephone: (816) 218-1255  <br>afitts@polsinelli.com |

JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING TESTIFYING EXPERT DISCOVERY
No. 4:20-cv-03919-CW
No. 4:20-cv-04527-CW

|    |    |
|----|----|
| 1  |    |
| 2  | Wesley D. Hurst (SBN 127564) |
| 3  | POLSINELLI, PC |
|    | 2049 Century Park East, Suite 2300 |
| 4  | Los Angeles, CA 90067 |
|    | Telephone: (310) 556-1801 |
| 5  | whurst@polsinelli.com |

Attorneys for Defendant The Big 12 Conference, Inc.

### E-FILING ATTESTATION

I, Steve W. Berman, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                                             /s/ Steve W. Berman
                                                             STEVE W. BERMAN

\*    \*    \*

### [PROPOSED] ORDER

**PURSUANT TO STIPULATION,
IT IS SO ORDERED.**

DATED: December 14, 2020

                                            _____
                                            THE HON. CLAUDIA WILKEN
                                            UNITED STATES DISTRICT JUDGE