**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

GRANT HOUSE, et al.,

Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al.,

Defendants.

Case No. 4:20-cv-03919 CW

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

TYMIR OLIVER, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al.,

Defendants.

Case No. 4:20-cv-04527 CW

At the case management conference in the above-captioned actions held on November 18, 2020, the Court directed that all documents produced in the actions captioned *In re NCAA Athletic Grant-in-Aid Cap Antitrust Litigation* (Case Nos. 4:14-md-2541-CW and 4:14-cv-2758-CW) (herein "*Alston*") would be deemed to have been produced in discovery in these actions. The *Alston* documents deemed to have been produced in discovery in these actions include documents produced in *In re Student-Athlete Name and Likeness Licensing Litigation* (Case Nos. C 09-1967-CW and C 09-3329-CW) (herein "*O'Bannon*").

Certain of the *Alston* documents produced in discovery were subject to multiple protective orders entered in the *Alston* action, as follows:

1. Protective Order entered on January 1, 2015 [14-md-2541; Dkt. 189] (including provisions concerning designation of documents as Confidential or as Highly Confidential/Attorney Only Information), attached herewith as Exhibit A;

2. Addendum to Protective Order entered on July 9, 2015 [14-md-2541; Dkt. 234] (including provisions concerning designation of documents as Highly Confidential NCAA Member Financial Data), attached herewith as Exhibit B;

3. Second Addendum to Protective Order entered on October 12, 2016 [14-md-2541; Dkt. 512] (including provisions concerning designation of documents as Conference Strictly Confidential and Network Strictly Confidential Information – Outside Counsel Only), attached herewith as Exhibit C;

4. Third Addendum to Protective Order entered on November 11, 2016 [14-md-2541; Dkt. 539 & 540] (including additional provisions concerning designation of documents as Network Strictly Confidential Information – Outside Counsel Only), attached herewith as Exhibit D;

5. Stipulation Regarding Second Addendum to Protective Order entered on September 4, 2018 [14-md-2541; Dkt. 1027] (concerning disclosures at trial of certain confidential information), attached herewith as Exhibit E; and

6. Fourth Addendum to Protective Order entered on September 15, 2019 [14-md-2541; Dkt. 1237 & 1238] (concerning certain billing records), attached herewith as Exhibit F.

These protective orders (collectively the "*Alston* Protective Orders"), with the modifications reflected below, remain in effect with respect to the *Alston* documents deemed to have been produced in these actions. Additional documents not produced in *Alston* may also be produced in these actions pursuant to the provisions of the applicable *Alston* Protective Orders with the exception of documents that may be eligible for the designations Conference Strictly Confidential – Outside Litigation Counsel Only or Network Strictly Confidential – Outside Litigation Counsel Only. In the event that documents or information that could be designated Conference Strictly Confidential – Outside Litigation Counsel Only and/or Network Strictly Confidential – Outside Litigation Counsel Only under the *Alston* Protective Orders is to be produced in this litigation in the future, the parties will negotiate appropriate protections for those documents in a separate stipulation or submit any disagreements to the Court for resolution. The parties will negotiate in good faith to reach agreement on appropriate protections for any Conference Strictly Confidential – Outside Litigation Counsel Only and/or Network Strictly Confidential – Outside Litigation Counsel Only documents to be produced in this litigation and by February 1, 2021 either submit a separate stipulation to the Court, or, if agreement cannot be reached, submit any disagreements for resolution by the Court.

NOW, THEREFORE, through counsel, the parties to this action stipulate and move the Court to order that:

1.　Each of the *Alston* Protective Orders is deemed to have been and is hereby entered in these actions with the following modifications and exceptions.

2.　To the extent the *Alston* Protective Orders reference or name specific counsel of record in that case, they are hereby amended to reference and apply to counsel in parallel positions in these actions.

3.　Paragraph 11 of Exhibit C is hereby deleted in its entirety and replaced with the following: No disclosure of Conference Strictly Confidential – Outside Litigation Counsel Only Information or Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness or their necessary support personnel shall occur until that person has accurately completed and signed the certification annexed to this Second Addendum as Exhibit A,

and, in the case of Network Strictly Confidential – Outside Litigation Counsel Only Information, a signed copy has been provided to the applicable Network(s) referenced in the document; and to the extent there has been an objection under Paragraph 13 with respect to Network Strictly Confidential – Outside Litigation Counsel Only Information, that objection is resolved as discussed below. A separate certification annexed to this Second Addendum as Exhibit A shall not be required for staff members working under the supervision of an individual signing the certification annexed hereto as Exhibit A. An individual signing the certification annexed to this Second Addendum as Exhibit A, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with the terms of this Second Addendum. Neither the parties in this action nor their counsel shall seek information regarding the identity of any consultant or expert witness or their necessary support personnel that is provided to any Network(s) pursuant to this stipulation. If a party or its counsel learns the identity of any consultant or expert witness or their necessary support personnel from any Network(s), that party's counsel shall inform the party who retained the consultant or expert witness of the disclosure.

4. Paragraphs 12-15 of Exhibit C are amended as follows: any reference to "Disclosing Party" is replaced with "applicable Network(s) referenced in the document" and any reference to "parties" or "the party" includes, where applicable, the Network(s) referenced in the document(s) at issue.

5. The modifications to Exhibit C reflected in paragraphs 3 and 4 above shall be incorporated into Exhibit D only to the extent Exhibit D sets forth the rights and obligations with respect to the NCAA, including documents for which the NCAA was the "Disclosing Party," and their media networks. These modifications reflected in paragraphs 3 and 4 above shall not be incorporated into Exhibit D to the extent Exhibit D sets forth the rights and obligations with respect to the Six Conferences, as defined in Exhibit D and who are not defendants in these actions, including documents for which any of the Six Conferences were the "Disclosing Party," and their media networks.

6.   Neither the parties in this action nor their counsel shall seek information regarding the identity of any consultant or expert witness or their necessary support personnel that is provided to any of the "Six Conferences" or "media networks" pursuant to Exhibit D. If a party or its counsel learns the identity of any consultant or expert witness or their necessary support personnel from any of the Six Conferences or media networks, that party's counsel shall the party who retained the consultant or expert witness of the disclosure.

7.   Exhibits C, D and E will not apply to documents produced in these cases that were not previously produced in *Alston*. To the extent documents and information that were not produced in *Alston* will be produced in these cases and would be eligible for the designations Conference Strictly Confidential – Outside Litigation Counsel Only or Network Strictly Confidential – Outside Litigation Counsel Only under the *Alston* Protective Orders, the parties will negotiate appropriate protections for those documents and by February 1, 2021 either submit a separate stipulation to the Court, or, if agreement cannot be reached, submit any disagreements for resolution by the Court.

8.   If and to the extent any of the certifications annexed to the *Alston* Protective Orders are provided in accordance with this Order, the party(ies) obtaining the certification will first update the certification to reflect the case name(s) and docket number(s) of these cases. Any failure to do so, however, shall not result in the document(s) and/or information losing their protection in these cases pursuant to this Stipulation.

9.   If and to the extent that documents were publicly filed as trial exhibits without being placed under seal in *Alston* and have thus become publicly available, such documents shall not be governed by the *Alston* Protective Orders.

10.   By entering into this Stipulation, no party concedes or agrees, or otherwise compromises its position, concerning whether any documents are (a) discoverable or admissible in evidence, (b) properly deemed to be confidential and/or subject to enhanced confidentiality treatment pursuant to the provisions of any of the *Alston* Protective Orders, or (c) properly redacted, in light of the issues in this action.

Dated: December 18, 2020

Respectfully submitted,

**WILKINSON STEKLOFF LLP**

By: /s/ Beth A. Wilkinson

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Tamarra Matthews Johnson (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Calanthe Cope-Kasten (*pro hac vice*)
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ccope-kasten@wilkinsonstekloff.com

Rahul Hari (SBN 313528)
11601 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Telephone: (424) 291-9655
Facsimile: (202) 847-4005
rhari@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: /s/ Steve W. Berman

Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

Attorneys for Plaintiffs and the Proposed Classes

**PROSKAUER ROSE LLP**

By: /s/ Scott P. Cooper

Scott P. Cooper (SBN 96905)
Bart H. Williams (SBN 134009)
Kyle A. Casazza (SBN 254061)
Shawn S. Ledingham, Jr. (SBN 275268)
Jennifer L. Jones (SBN 284624)
Kelly M. Curtis (SBN 313581)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
scooper@proskauer.com
bwilliams@proskauer.com
kcasazza@proskauer.com
sledingham@proskauer.com
jljones@proskauer.com
kcurtis@proskauer.com

Attorneys for Defendant
PAC-12 CONFERENCE

**POLSINELLI PC**

By: /s/ Leane K. Capps

Leane K. Capps (*pro hac vice*)
Caitlin J. Morgan (*pro hac vice*)
D. Rockwell Bower (*pro hac vice*)
2950 N. Harwood Street
Suite 2100
Dallas, TX 75201
Telephone: (214) 397-0030
lcapps@polsinelli.com
cmorgan@polsinelli.com
rbower@polsinelli.com

Amy D. Fitts (*pro hac vice*)
120 W. 12th Street
Kansas City, MO 64105
Telephone: (816) 218-1255
afitts@polsinelli.com

Wesley D. Hurst (SBN 127564)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 556-1801
whurst@polsinelli.com

Attorneys for Defendant
THE BIG 12 CONFERENCE, INC.

**MAYER BROWN LLP**

By: /s/ Britt M. Miller

Britt M. Miller (*pro hac vice*)
Matthew D. Provance (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Christopher J. Kelly (SBN 276312)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
cjkelly@mayerbrown.com

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

**ROBINSON BRADSHAW & HINSON, P.A.**

By: /s/Robert W. Fuller

Robert W. Fuller, III (*pro hac vice*)
Lawrence C. Moore, III (*pro hac vice*)
Pearlynn G. Houck (*pro hac vice*)
Amanda P. Nitto (*pro hac vice*)
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
rfuller@robinsonbradshaw.com
lmoore@robinsonbradshaw.com
phouck@robinsonbradshaw.com
apickens@robinsonbradshaw.com

Mark J. Seifert (SBN 217054)
Seifert Law Firm
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 999-0901
Facsimile: (415) 901-1123
mseifert@seifertfirm.com

Attorneys for Defendant
SOUTHEASTERN CONFERENCE

**FOX ROTHSCHILD LLP**

By: ______/s/ D. Erik Albright

D. Erik Albright (*pro hac vice*)
Gregory G. Holland (*pro hac vice*)
230 North Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 378-5400
ealbright@foxrothschild.com
gholland@foxrothschild.com

Jonathan P. Heyl (*pro hac vice*)
101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2625
Facsimile: (704) 384-2800
jheyl@foxrothschild.com

Alexander Hernaez (SBN 201441)
345 California Street, Suite 2200
San Francisco, CA 94104-2670
Telephone: (415) 364-5540
Facsimile: (415) 391-4436
ahernaez@foxrothschild.com

Attorneys for Defendant
THE ATLANTIC COAST CONFERENCE

**PURSANT TO STIPULATION, IT IS SO ORDERED,**

DATED: December ___, 2020

______________________________________
The Hon. Claudia Wilken
UNITED STATES DISTRICT JUDGE

**E-FILER'S ATTESTATION**

I, Steve W. Berman, am the ECF user whose identification and password are being used to file the Stipulation and [Proposed] Protective Order. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

/s/ Steve W. Berman