# EXHIBIT A

1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10                   **OAKLAND DIVISION**

11

12   IN RE: NATIONAL COLLEGIATE          CASE NO. 14-md-2541-CW
     ATHLETIC ASSOCIATION ATHLETIC        CASE NO. 14-cv-2758-CW
13   GRANT-IN-AID CAP ANTITRUST
     LITIGATION                           **STIPULATED [PROPOSED]**
14                                        **PROTECTIVE ORDER REGARDING**
                                          **CONFIDENTIALITY OF DOCUMENTS**
15   ─────────────────────────────       **AND MATERIALS**

16   This Document Relates to:

17   ALL ACTIONS

18   ─────────────────────────────

19

20

21

22

23

24

25

26

27

28

In order to protect confidential information obtained from or disclosed by the respective parties or nonparties in connection with this litigation and pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, the parties submit as follows:

**PURPOSES AND LIMITATIONS**

1.       Disclosure and discovery activity in these actions are likely to involve production of trade secrets, confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  The unrestricted disclosure of such information would cause undue damage to the parties and their businesses or to third parties.  The disclosure of trade secrets, proprietary information, and confidential business and financial information would harm the disclosing party if it was made known to the disclosing party's competitors, and in some cases, could violate the confidentiality agreements between the disclosing party and third parties or parties to those agreements.  Disclosure of private information and educational information is also governed by statute and other laws such that disclosure of that information may be inconsistent with those statutes and other laws.  Accordingly, the parties in these actions hereby stipulate to and petition the Court to enter the following Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protections outlined herein extend only to the limited information or items that are entitled to treatment as confidential under applicable legal principles.  This Protective Order is, therefore, entered into pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect information entitled to be kept confidential.

2.       The parties further acknowledge, as set forth in Paragraph 17, below, that this Protective Order creates no entitlement to file confidential information under seal; the relevant court rules (e.g., Civil Local Rule 79-5) set forth the procedures that must be followed, and reflect the standards that will be applied, when a party seeks permission from the Court to file material under seal.

3.       Documents and other information produced by the parties or nonparties in

connection with these actions shall be used solely for purposes of prosecuting, defending or attempting to settle these actions, whether such information is designated "Confidential" or "Highly Confidential – Counsel Only" or not.

4.      The protections outlined in this Order apply only to information appropriately designated as "Confidential" or "Highly Confidential – Counsel Only" pursuant to the terms of this Order (collectively, the "Protected Information").

5.      The parties have reviewed the Case Management Order (Dkt. 132), which includes Judge Wilken's Civil Pretrial Order, and Magistrate Judge Nathanael M. Cousins' Civil Standing Order.  The parties represent that nothing contained in this Protective Order conflicts with any of the provisions in those orders.

## NONDISCLOSURE OF PROTECTED INFORMATION

6.      Except with the prior written consent of the party or non-party originally designating a document, discovery response, or deposition transcript (the "Disclosing Party"), Protected Information may not be disclosed to any person except as specifically authorized herein.

7.      Any Disclosing Party may designate as Confidential (by stamping the relevant page or portion "Confidential") any document, response to discovery, or deposition transcript which that Disclosing Party considers in good faith to contain information involving trade secrets, proprietary information, confidential business, educational or financial information, private information or other information subject to protection under California or federal law, or another applicable legal standard ("Confidential Information").  Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated. Confidential Information may only be disclosed to those persons set forth in Paragraph 12 below.

8.      Any Disclosing Party may designate as Highly Confidential (by stamping the relevant page or portion "Highly Confidential – Counsel Only") any document, response to discovery, or deposition transcript which that Disclosing Party considers in good faith to contain Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means ("Highly

14-md-2541-CW
14-cv-2758-CW

Confidential – Counsel Only Information"). Where a document or response consists of more than one page, the first page and each page on which Highly Confidential Information appears shall be so designated. Highly Confidential – Counsel Only Information may only be disclosed to those persons set forth in Paragraph 13 below.

9. A Disclosing Party may designate information disclosed by it during a deposition or in response to written discovery as "Confidential" or "Highly Confidential – Counsel Only" by so indicating in said responses or on the record at the deposition. Additionally a party may designate in writing, within 21 days after receipt of said responses or of the deposition transcript for which the designation is proposed, the specific pages of the transcript and/or specific responses that are "Confidential" or "Highly Confidential – Counsel Only." Any party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 14 below. Unless otherwise designated during the deposition, deposition transcripts shall be treated in their entirety as "Highly Confidential – Counsel Only" Information for 21 days after receipt. All parties shall affix the relevant legend required by paragraphs 7 and/or 8 of this Order on each page of the deposition transcript designated "Confidential" or "Highly Confidential – Counsel Only" at the deposition or by subsequent written notice.

10. The inadvertent failure to designate Protected Information that has been disclosed as Confidential or Highly Confidential – Counsel Only shall be without prejudice to any claim by the Disclosing Party that it is Confidential or Highly Confidential – Counsel Only and shall not waive the Disclosing Party's right to secure protection under this Order for such material. In the event a Disclosing Party designates material as Confidential or Highly Confidential – Counsel Only after it has been inadvertently disclosed, the receiving party will treat such material pursuant to the relevant designation pursuant to this Order and shall make arrangements with the Disclosing Party to have the Protected Information, including copies, marked "Confidential" or "Highly Confidential – Counsel Only."

11. If it comes to a Disclosing Party's attention that information or items that it designated for protection do not qualify for protection, the Disclosing Party must promptly notify all other parties that it is withdrawing the designation.

14-md-2541-CW
14-cv-2758-CW

**PERMISSIBLE DISCLOSURES**

12.     Confidential Information that is designated as such in accordance with the terms of this Protective Order shall not be disclosed to any person other than the following, and only to the extent necessary to litigate these actions:

a.     counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for these actions;

b.     employees of such counsel, including a party's in-house legal staff;

c.     plaintiffs, or any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of these actions;

d.     consultants or expert witnesses retained for the prosecution or defense of these actions, provided that each such person shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information;

e.     the original author, addressees, or recipients of the Confidential Information;

f.     the Court, court personnel and court reporters; and

g.     witnesses (other than persons described in Paragraph 12(d)) who testify at deposition or at trial, provided that such witnesses shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information; and

h.     persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information.

13.     Highly Confidential – Counsel Only Information that is designated as such in accordance with the terms of this Protective Order shall not be disclosed to any person other than the following, and only to the extent necessary to litigate these actions:

a.     counsel for the respective parties to this litigation, including in-house

14-md-2541-CW
14-cv-2758-CW

1 counsel and co-counsel retained for these actions;

2          b.     employees of such counsel, including a party's in-house legal staff;

3          c.     consultants or expert witnesses retained for the prosecution or defense of
4 these actions, provided that each such person shall execute a copy of the certification annexed to
5 this Protective Order as Exhibit A before being shown or given any Highly Confidential – Counsel
6 Only Information;

7          d.     the original author, addressees, or recipients of the Highly Confidential –
8 Counsel Only Information;

9          e.     the Court, court personnel and court reporters;

10          f.     persons or entities that provide litigation support services (e.g.,
11 photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,
12 retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that
13 such persons or entities shall execute a copy of the certification annexed to this Protective Order as
14 Exhibit A before being shown or given any Confidential Information; and

15          g.     witnesses (other than persons described in Paragraph 13(c)) who testify at
16 deposition or at trial, provided that (1) the Receiving Party has a good faith belief that such
17 witness previously had access to or otherwise had obtained knowledge of the Highly Confidential
18 – Counsel Only Information; and (2) such witnesses shall execute a copy of the certification
19 annexed to this Protective Order as Exhibit A before being shown or given any Highly
20 Confidential – Counsel Only Information.

21 **RESOLVING DISPUTED CLASSIFICATIONS**

22      14.     Should a party wish to object to a Confidential or Highly Confidential – Counsel
23 Only designation of any material, that party shall make a written Designation Objection to the
24 Disclosing Party, as set forth below:

25          a.     Designation Objection: The objecting party shall identify with specificity
26 (i.e., by document control numbers, deposition transcript page and line reference, or other means
27 sufficient to locate such materials) each document bearing a disputed Confidential or Highly
28 Confidential – Counsel Only designation. A Designation Objection will trigger an obligation on

the part of the Disclosing Party to make a good faith determination of whether the disputed designation(s) is entitled to be treated as Confidential Information or Highly Confidential – Counsel Only Information pursuant to the terms of this Protective Order.  Within ten (10) court days the Disclosing Party shall respond in writing to the Designation Objection either agreeing to remove the disputed designation(s) or stating the Disclosing Party's refusal to do so.  During that period, the parties will meet and confer in good faith.

        b.     Court Determination:  If the Disclosing Party refuses to agree to remove the Confidential or Highly Confidential – Counsel Only designation pursuant to subsection (a) above, the Objecting Party may make a written application to the Court to remove the protective treatment in compliance with applicable court rules and orders.  The application will be made within ten (10) court days of receiving the Disclosing Party's refusal to remove the disputed designation(s).  In any judicial proceeding challenging a Confidential or Highly Confidential – Counsel Only designation, the burden of persuasion with respect to the propriety of the designation shall remain upon the Disclosing Party.  If the Objecting Party fails to make such timely application, the Disclosing Party's designation will remain in effect.

        c.     Pending a ruling, all parties shall continue to treat the information subject to the Designation Objection pursuant to the disputed designation under the terms of this Protective Order.

## PROTECTED INFORMATION AT TRIAL

15.    The terms of this Protective Order do not preclude, limit, restrict or otherwise apply to the use of documents at trial.  Subject to the Federal Rules of Evidence, Protected Information may be offered at any court hearing (including trial) provided that the offering party confers in good faith with the Disclosing Party (and, if the Disclosing Party is not a party to these actions, a representative of the offering party's opposing parties (hereinafter together the "Affected Parties")) over the proposed use of that information five days prior to the anticipated use.  If it is not practicable for the offering party to provide the Affected Parties with five days' notice, the offering party must provide the Affected Parties with as much notice as practicable.  Regardless of the notice provided, the offering party must take all reasonable steps to ensure that the Affected

14-md-2541-CW
14-cv-2758-CW

Parties are provided a meaningful opportunity to be heard by the Court regarding the proposed use of Protected Information at any court hearing or trial, and may not offer such information until the Affected Parties have been given an opportunity to provide an objection on the record.

16.     Any party or interested non-party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  That court will then determine whether the proffered evidence should continue to be treated as either Confidential Information or Highly Confidential – Counsel Only Information and, if so, what protection, if any, may be afforded to such information at the trial.

### PROTECTED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

17.     If at any time any Protected Information is subpoenaed by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall give written notice thereof to the Disclosing Party as soon as reasonably practicable but in no event more than five (5) days after receipt of the subpoena.  After receipt of the notice specified under this paragraph, the Disclosing Party shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Protected Information that has been subpoenaed.  If the Disclosing Party does not move for or obtain a court order prohibiting such production or disclosure within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the Disclosing Party and the subpoenaing party) and give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena is directed may commence production in response thereto.  The person to whom the subpoena is directed shall not produce any Protected Information while a motion for a protective order brought pursuant to this paragraph is pending or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.

### FILING DOCUMENTS UNDER SEAL

18.     No Protected Information shall be filed in the public record without the written

1  permission of the Disclosing Party, or a court order.  The parties shall comply with the relevant

2  court rules (e.g., N.D. Cal. Civil L.R. 79-5) regarding filing of documents under seal.  Copies of

3  any pleading, brief, or other document containing Protected Information which is served on

4  opposing counsel shall be stamped **"CONFIDENTIAL PURSUANT TO PROTECTIVE**

5  **ORDER" or "HIGHLY CONFIDENTIAL – COUNSEL ONLY PURSUANT TO**

6  **PROTECTIVE ORDER"**, shall be transmitted via email or cover letter and envelope bearing

7  similar designation, and shall be treated in accordance with the provisions of this Protective Order.

8  **NON-TERMINATION**

9      19.    All provisions of this Protective Order restricting the communication or use of

10  Protected Information shall continue to be binding after the conclusion of this action unless

11  otherwise agreed or ordered.  In addition, the court retains jurisdiction to resolve any dispute

12  concerning the disclosure of Protected Information in violation of the terms of this Order, unless

13  otherwise agreed or ordered.

14      20.    Unless otherwise ordered or agreed to in writing by the Disclosing Party, within

15  sixty (60) days after the final termination of this litigation by settlement or exhaustion of all

16  appeals all parties in receipt of Protected Information shall use reasonable efforts to either return

17  such materials and copies thereof to the Disclosing Party or destroy such Protected Information

18  and certify that fact.  The Receiving Party's reasonable efforts shall not require the return or

19  destruction of Protected Information that (i) is stored on backup storage media made in accordance

20  with regular data backup procedures for disaster recovery purposes, (ii) is located in the email

21  archive system or archived electronic files of departed employees, or (iii) is subject to legal hold

22  obligations.  Backup storage media will not be restored for purposes of returning or certifying

23  destruction of Protected Information, but such retained information shall continue to be treated in

24  accordance with the Order.  Counsel for the parties shall be entitled to retain copies of court papers

25  (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits

26  thereto), expert reports and attorney work product that contain or refer to Protected Information,

27  provided that such counsel and employees of such counsel shall not disclose such Protected

28  Information to any person, except pursuant to court order.

9

21. Nothing in this Order shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

## MODIFICATION PERMITTED

22. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

## RESPONSIBILITY OF ATTORNEYS

23. The counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Protected Information.

24. The counsel for the parties are responsible for administering and keeping the executed original copy of Exhibit A pursuant to ¶¶ 12(d), 12(g), 12(h), 13(c), 13(f) and 13(g) above.

## NO WAIVER

25. Nothing herein shall be deemed to waive any applicable privilege or work product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Pursuant to the Court's authority under Federal Rule of Evidence 502 and any other applicable law, rule, or legal principal, the inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity shall not waive the privilege or immunity if a request for the return of such documents or information is made promptly after the Disclosing Party learns of its inadvertent production.

26. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of the confidential documents and information sought.


IT IS SO STIPULATED.

10

14-md-2541-CW
14-cv-2758-CW

DATED: January 9, 2015          **HAGENS BERMAN SOBOL SHAPIRO LLP**


By: _____/s/ Steve W. Berman_____
                STEVE W. BERMAN

1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Jeff D. Friedman (173886)
Jon T. King (205073)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
jonk@hbsslaw.com

Robert Carey
HAGENS BERMAN SOBOL SHAPIRO LLP
11 W Jefferson St,
Phoenix, AZ 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com

DATED: January 9, 2015          **PEARSON, SIMON & WARSHAW, LLP**


By: _____/s/ Bruce Simon_____
                BRUCE L. SIMON

Aaron M. Sheanin (214472)
Benjamin E. Shiftan (265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
asheanin@pswlaw.com
bshiftan@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

14-md-2541-CW
14-cv-2758-CW

STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

DATED: January 9, 2015                **WINSTON & STRAWN LLP**

By:  _____/s/ Jeffrey L. Kessler_____
                 JEFFREY L. KESSLER

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*

Derek J. Sarafa (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700
*dsarafa@winston.com*

Sean D. Meenan (SBN 260466)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
*smeenan@winston.com*

*Counsel for Jenkins Plaintiffs*
*Interim Class Counsel*

DATED: January 9, 2015                **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

By:  _____/s/ Eric B. Fastiff_____
                 ERIC B. FASTIFF

Brendan P. Glackin (State Bar No. 199643)
Lin Y. Chan (State Bar No. 255027)
Katherine C. Lubin (State Bar No. 259826)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-10008
efastiff@lchb.com

12

1      bglackin@lchb.com
       lchan@lchb.com
2      klubin@lchb.com

3      Wendy R. Fleishman
4      LIEFF CABRASER HEIMANN & BERNSTEIN,
       LLP
5      250 Hudson Street, 8th Floor
       New York, NY 10013-1413
6      Telephone: (212) 355-9500
       Facsimile: (212) 355-9592
7      wfleishman@lchb.com

8
       Brad R. Sohn
9      THE BRAD SOHN LAW FIRM, PLLC
       2211 S.W. Secoffee Terrace
10     Miami, FL 33133
       Telephone: (310) 866-0001
11     Facsimile: (305) 397-0650
       brad@sohn.com
12

13     *Attorneys for Plaintiff Dax Dellenbach*

14     DATED: January 9, 2015          **PROSKAUER ROSE LLP**

15

16                                     By:            /s/ Scott P. Cooper
17                                            SCOTT P. COOPER

18     Jennifer L. Jones (SBN 284624)
       Sarah Kroll-Rosenbaum (SBN 272358)
19     Shawn S. Ledingham (SBN 275268)
       2049 Century Park East, Suite 3200
20     Los Angeles, CA 90067
       Telephone: (310) 557-2900
21     Facsimile: (310) 557-2193
       scooper@proskauer.com
22     jljones@proskauer.com
23     skroll-rosenbaum@proskauer.com
       sledingham@proskauer.com
24

25     *Attorneys for Defendant Pac-12 Conference*

26

27

28

                                     13                    14-md-2541-CW
                                                           14-cv-2758-CW
       STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

DATED: January 9, 2015

**MAYER BROWN LLP**


By: _____/s/ Andrew S. Rosenman_____
                ANDREW S. ROSENMAN

Andrew S. Rosenman (SBN 253764)
Britt M. Miller (pro hac vice)
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0660
Facsimile: (312) 701-7711
Email: arosenman@mayerbrown.com
Email: bmiller@mayerbrown.com

Richard J. Favretto (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
Email: rfavretto@mayerbrown.com

*Attorneys for Defendant The Big Ten Conference, Inc.*

DATED: January 9, 2015

**ROBINSON BRADSHAW & HINSON**


By: _____/s/ Robert W. Fuller_____
                ROBERT W. FULLER

Nathan C. Chase, Jr. (SBN 247526)
Robert W. Fuller, III (*pro hac vice*)
Mark W. Merritt (*pro hac vice*)
Lawrence C. Moore, III (*pro hac vice*)
Amanda R. Pickens (*pro hac vice*)
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
Email: nchase@rbh.com
Email: rfuller@rbh.com
Email: mmerritt@rbh.com
Email: lmoore@rbh.com
Email: apickens@rbh.com

Mark J. Seifert (SBN 217054)

Robert R. Moore (SBN 113818)
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
Email: mseifert@allenmatkins.com
Email: rmoore@allenmatkins.com

*Attorneys for Defendant Southeastern Conference*

DATED: January 9, 2015     **SMITH MOORE LEATHERWOOD LLP**


By: _____/s/ D. Erik Albright_____
                  D. ERIK ALBRIGHT

D. Erik Albright (*pro hac vice*)
300 North Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 433-7402
Email:erik.albright@smithmoorelaw.com

Jonathan P. Heyl (*pro hac vice*)
101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2625
Facsimile: (704) 384-2909
Email:jon.heyl@smithmoorelaw.com

Charles LaGrange Coleman, III (SBN 65496)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111-4624
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: ccoleman@hklaw.com

*Attorneys for Defendant Atlantic Coast Conference*

14-md-2541-CW
14-cv-2758-CW

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

DATED: January 9, 2015       **POLSINELLI PC**

By:               /s/ Leane K. Capps
                  LEANE K. CAPPS

Leane K. Capps (*pro hac vice*)
POLSINELLI PC
Saint Ann Court
2501 N. Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 397-0030
Email: lcapps@polsinelli.com

Mit S. Winter (SBN 238515)
Amy D. Fitts (*pro hac vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Email: mwinter@polsinelli.com
Email: afitts@polsinelli.com

Wesley D. Hurst (SBN 127564)
POLSINELLI LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 556-1801
Email: whurst@polsinelli.com

*Attorneys for Defendants The Big 12 Conference, Inc. and
Conference USA*

DATED: January 9, 2015       **SKADDEN ARPS SLATE MEAGHER & FLOM LLP**

By:             /s/ Karen Hoffman Lent
              KAREN HOFFMAN LENT

Raoul D. Kennedy (SBN 40892)
525 University Avenue, Suite 1100
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: raoul.kennedy@skadden.com

Jeffrey Mishkin (pro hac vice)

14-md-2541-CW
14-cv-2758-CW

Anthony J. Dreyer (pro hac vice)
Karen Hoffman Lent (pro hac vice)
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile (212) 735-2000
Email: jeffrey.mishkin@skadden.com
Email: anthony.dreyer@skadden.com
Email: karen.lent@skadden.com

Robert J. Wierenga (SBN 183687)
Gregory L. Curtner (pro hac vice)
Kimberly K. Kefalas (pro hac vice)
Jacob K. Danziger (SBN 278219)
SCHIFF HARDIN LLP
350 S. Main St., Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1500
Facsimile: (734) 222-1501
Email: rwierenga@schiffhardin.com
Email: gcurtner@schiffhardin.com
Email: kkefalas@schiffhardin.com
Email: jdanziger@schiffhardin.com

*Attorneys for Defendant National Collegiate Athletic Association*

DATED: January 9, 2015     **COVINGTON & BURLING LLP**


By: _____/s/ Benjamin C. Block_____
          BENJAMIN C. BLOCK

Benjamin C. Block (*pro hac vice*)
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5205
Facsimile: (202) 778-5205
Email: bblock@cov.com

Matthew D. Kellogg (SBN 280541)
One Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: mkellogg@cov.com

*Attorneys for American Athletic Conference*

14-md-2541-CW
14-cv-2758-CW

DATED: January 9, 2015      **JONES WALKER LLP**

By:     /s/ Mark A. Cunningham
         MARK A. CUNNINGHAM

Mark A. Cunningham (pro hac vice)
201 St. Charles Avenue
New Orleans, LA 70170-5100
Telephone: (504) 582-8536
Facsimile: (504) 589-8536
Email: mcunningham@joneswalker.com

*Attorneys for Defendant Sun Belt Conference*

DATED: January 9, 2015      **WALTER | HAVERFIELD LLP**

By:     /s/ R. Todd Hunt
         R. TODD HUNT

R. Todd Hunt (*pro hac vice*)
The Tower at Erieview
1301 E. 9th Street, Suite 3500
Cleveland, OH 44114-1821
Telephone: (216) 928-2935
Facsimile: (216) 916-2372
Email: rthunt@walterhav.com

*Attorneys for Defendant Mid-American Conference*

DATED: January 9, 2015      **BRYAN CAVE LLP**

By:     /s/ Adam Brezine
         ADAM BREZINE

Adam Brezine (SBN 220852)
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 674-3400
Facsimile: (415) 675-3434
Email: adam.brezine@bryancave.com

Richard Young (*pro hac vice* application to be filed)
Brent Rychener (*pro hac vice* application to be filed)
90 South Cascade Avenue, Suite 1300

18

14-md-2541-CW
14-cv-2758-CW

Colorado Springs, CO 80903
Telephone: (719) 473-3800
Facsimile: (719) 633-1518
Email: richard.young@bryancave.com
Email: brent.rychener@bryancave.com

*Attorneys for Defendant Mountain West Conference*

DATED: January 9, 2015

**BRADLEY DEVITT HAAS & WATKINS, P.C.**

By: _____/s/ Jon T. Bradley_____
JON T. BRADLEY

Jon T. Bradley (*pro hac vice* application to be filed)
2201 Ford Street
Golden, CO 80401
Telephone: (303) 384-9228
Facsimile: (303) 384-9231
Email: jon@goldenlawyers.com

*Attorneys for Defendant Western Athletic Conference*

## **<u>FILER'S ATTESTATION</u>**

I, KAREN HOFFMAN LENT, am the ECF user whose identification and password are being used to file this **STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS**. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

*/s/ Karen Hoffman Lent*

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

**PURSUANT TO STIPULATION,
IT IS SO ORDERED.**

DATED: January _15_, 2015

_____
THE HON. CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

**EXHIBIT A**

I, _____, state:

1.  My address and telephone number are:_____

2.  My present employer and my employer's address are:_____

3.  I have received a copy of the Stipulated Protective Order Regarding Confidentiality of Documents and Materials (the "Protective Order") entered in the case of *In re: National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation,* in the United States District Court for the Northern District of California, No. 4:14-MD-2541-CW.

4.  I have carefully read the Protective Order and understand its provisions.

5.  I will comply with all the provisions of the Protective Order.

6.  I will hold in confidence and will not disclose to anyone not qualified under the Protective Order any documents designated Confidential or Highly Confidential – Counsel Only, and I will use such Confidential Information and/or Highly Confidential – Counsel Only Information only for the allowed purposes stated in the Order.

7.  I will return all documents that are designated Confidential or Highly Confidential – Counsel Only to counsel for the party from whom I obtained such documents.

8.  I will submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of the enforcement of the Protective Order, and understand that violation of the Protective Order can constitute contempt of Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

SIGNED: _____, 201__.


Signature: _____


Printed Name: _____

14-md-2541-CW
14-cv-2758-CW

# EXHIBIT B

1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **NORTHERN DISTRICT OF CALIFORNIA**

10       **OAKLAND DIVISION**

11

12   IN RE: NATIONAL COLLEGIATE                    CASE NO. 14-md-2541-CW
     ATHLETIC ASSOCIATION ATHLETIC              CASE NO. 14-cv-2758-CW
13   GRANT-IN-AID CAP ANTITRUST
     LITIGATION                                 **STIPULATION AND [PROPOSED]**
14                                              **ORDER REGARDING  ADDENDUM TO**
                                                **STIPULATED PROTECTIVE ORDER**
15
     This Document Relates to:
16
     ALL ACTIONS
17

18
19
20
21
22
23
24
25
26
27
28

All parties, by their respective counsel, hereby agree and stipulate to this proposed Addendum to the "Stipulated Protective Order Regarding Confidentiality of Documents and Materials" (the "Protective Order") (Dkt. 189) entered by the Court on January 15, 2015:

1.     Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Protective Order.

2.     The Protective Order will recognize a new category of discovery called "Highly Confidential NCAA Member Financial Data."  Any party may designate as "Highly Confidential NCAA Member Financial Data" (by stamping the relevant page or portion "Highly Confidential NCAA Member Financial Data – Lead Counsel Only") any document, response to discovery, or deposition transcript which includes NCAA member institution financial data (including summaries or analyses of such data and all identification keys that match member institution financial data to member institution names) that the Disclosing Party considers in good faith to contain Highly Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Where a document, response to discovery, or deposition transcript consists of more than one page, the first page and each page on which Highly Confidential NCAA Member Financial Data appears shall be so designated.  Highly Confidential NCAA Member Financial Data may only be disclosed to those persons set forth in Paragraph 3 below.

3.     Highly Confidential NCAA Member Financial Data  that is designated as such in accordance with the terms of the Protective Order and this Addendum shall not be disclosed to any person other than the following, and only to the extent necessary to litigate these actions:

a.     Plaintiffs' Interim Co-Lead Class Counsel as appointed by the court (namely, Winston & Strawn LLP, Hagens Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw LLP) (Dkt. 82) and employees of such counsel;

b.     counsel for Defendants in this litigation, including in-house counsel and co-counsel retained for these actions and employees of such counsel, including a Defendant's in-house legal staff;

c.     consultants or expert witnesses retained for the prosecution or defense of

STIPULATION AND ~~[PROPOSED]~~ ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

these actions, and anyone assisting said consultants or expert witnesses in connection with these actions, provided that each such person shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Highly Confidential NCAA Member Financial Data;

        d.    the original author, addressees, or recipients of the Highly Confidential NCAA Member Financial Data;

        e.    the Court, court personnel and court reporters;

        f.    persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Highly Confidential NCAA Member Financial Data; and

        g.    witnesses (other than persons described in Paragraph 3(c) above) who testify at deposition or at trial, provided that (1) the Receiving Party has a good faith belief that such witness previously had access to or otherwise had obtained knowledge of the Highly Confidential NCAA Member Financial Data; and (2) such witnesses shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Highly Confidential NCAA Member Financial Data.

    4.    Except as set forth herein, for purposes of all paragraphs of the Protective Order except Paragraph 13, Highly Confidential NCAA Member Financial Data will receive the same treatment under each such paragraph as Highly Confidential – Counsel Only Information. Without limitation, any challenges or objections concerning the designation of information as Highly Confidential NCAA Member Financial Data shall be made pursuant to Paragraph 14 of the Protective Order.

    5.    The parties agree that they will file documents that use Highly Confidential NCAA Member Financial Data regarding any NCAA institution identified by name (as opposed to an institution identified by unique identifier) if and only if they have a good faith need to identify the

STIPULATION AND [PROPOSED] ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

1    institution by name.  The parties further agree that any such filing shall be filed under seal.

2         IT IS SO STIPULATED.

DATED: July 8, 2015                    **HAGENS BERMAN SOBOL SHAPIRO LLP**

                                       By: _____/s/ Steve W. Berman_____
                                                    STEVE W. BERMAN

                                       Steve W. Berman
                                       1918 Eighth Avenue, Suite 3300
                                       Seattle, WA 98101
                                       Telephone: (206) 623-7292
                                       steve@hbsslaw.com

                                       Jeff D. Friedman (173886)
                                       Jon T. King (205073)
                                       715 Hearst Avenue, Suite 202
                                       Berkeley, CA 94710
                                       Telephone: (510) 725-3000
                                       Facsimile: (510) 725-3001
                                       jefff@hbsslaw.com
                                       jonk@hbsslaw.com

                                       Robert Carey
                                       11 W Jefferson St,
                                       Phoenix, AZ 85003
                                       Telephone: (602) 840-5900
                                       Facsimile: (602) 840-3012
                                       rob@hbsslaw.com


DATED: July 8, 2015                    **PEARSON, SIMON & WARSHAW, LLP**



                                       By: _____/s/ Bruce L. Simon_____
                                                    BRUCE L. SIMON

                                       Bruce L. Simon (96241)
                                       Aaron M. Sheanin (214472)
                                       Benjamin E. Shiftan (265767)
                                       44 Montgomery Street, Suite 2450
                                       San Francisco, CA 94104
                                       Telephone: (415) 433-9000
                                       Facsimile: (415) 433-9008
                                       bsimon@pswlaw.com
                                       asheanin@pswlaw.com
                                       bshiftan@pswlaw.com

                                       *Plaintiffs' Interim Co-Lead Class Counsel*

STIPULATION AND [PROPOSED] ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

DATED: July 8, 2015      **WINSTON & STRAWN LLP**

By:      /s/ Jeffrey L. Kessler
         JEFFREY L. KESSLER

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*

Derek J. Sarafa (*pro hac vice*)
WINSTON & STRAWN LLP
Chicago, IL 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700
*dsarafa@winston.com*

Sean D. Meenan (SBN 260466)
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
*smeenan@winston.com*

*Counsel for Jenkins Plaintiffs*
*Interim Class Counsel*

DATED: July 8, 2015      **PROSKAUER ROSE LLP**

By:      /s/ Scott P. Cooper
         SCOTT P. COOPER

Scott Cooper (SBN 96905)
Jennifer L. Jones (SBN 284624)
Jacquelyn N. Ferry (SBN 287798)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

6      14-md-2541-CW
STIPULATION AND [PROPOSED] ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

scooper@proskauer.com
jljones@proskauer.com
jferry@proskauer.com
*Attorneys for Defendant Pac-12 Conference*

DATED: July 8, 2015          **MAYER BROWN LLP**

By:          /s/ Andrew S. Rosenman
                ANDREW S. ROSENMAN

Andrew S. Rosenman (SBN 253764)
Britt M. Miller (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0660
Facsimile: (312) 701-7711
Email: arosenman@mayerbrown.com
Email: bmiller@mayerbrown.com

Richard J. Favretto (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
Email: rfavretto@mayerbrown.com

*Attorneys for Defendant The Big Ten Conference, Inc.*

DATED: July 8, 2015          **ROBINSON BRADSHAW & HINSON**

By:          /s/ Robert W. Fuller
                ROBERT W. FULLER

Nathan C. Chase, Jr. (SBN 247526)
Robert W. Fuller, III (*pro hac vice*)
Mark W. Merritt (*pro hac vice*)
Lawrence C. Moore, III (*pro hac vice*)
Amanda R. Pickens (*pro hac vice*)
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
Email: nchase@rbh.com

Email: rfuller@rbh.com
Email: mmerritt@rbh.com
Email: lmoore@rbh.com
Email: apickens@rbh.com

Mark J. Seifert (SBN 217054)
Robert R. Moore (SBN 113818)
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
Email: mseifert@allenmatkins.com
Email: rmoore@allenmatkins.com

*Attorneys for Defendant Southeastern Conference*

DATED: July 8, 2015                    **SMITH MOORE LEATHERWOOD LLP**



By:    _____/s/ D. Erik Albright_____
                    D. ERIK ALBRIGHT

D. Erik Albright (*pro hac vice*)
300 North Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 433-7402
Email:erik.albright@smithmoorelaw.com

Jonathan P. Heyl (*pro hac vice*)
101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2625
Facsimile: (704) 384-2909
Email:jon.heyl@smithmoorelaw.com

Charles LaGrange Coleman, III (SBN 65496)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111-4624
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: ccoleman@hklaw.com

1    *Attorneys for Defendant Atlantic Coast Conference*

2    DATED: July 8, 2015                    **POLSINELLI PC**

3

4

5    By: _____ /s/ Leane K. Capps _____
                    LEANE K. CAPPS

6    Leane K. Capps (*pro hac vice*)
7    POLSINELLI PC
     Saint Ann Court
8    2501 N. Harwood Street, Suite 1900
     Dallas, TX 75201
9    Telephone: (214) 397-0030
10   Email: lcapps@polsinelli.com

11   Mit S. Winter (SBN 238515)
     Amy D. Fitts (*pro hac vice*)
12   POLSINELLI PC
     900 W. 48th Place, Suite 900
13   Kansas City, MO 64112
14   Telephone: (816) 753-1000
     Email: mwinter@polsinelli.com
15   Email: afitts@polsinelli.com

16   Wesley D. Hurst (SBN 127564)
17   POLSINELLI LLP
     2049 Century Park East, Suite 2300
18   Los Angeles, CA 90067
     Telephone: (310) 556-1801
19   Email: whurst@polsinelli.com

20   *Attorneys for Defendants The Big 12 Conference, Inc.
     and Conference USA*

21

22

23

24

25

26

27

28

DATED: July 8, 2015

**SKADDEN ARPS SLATE MEAGHER & FLOM LLP**

By:       /s/ Karen Hoffman Lent
       KAREN HOFFMAN LENT

Raoul D. Kennedy (SBN 40892)
525 University Avenue, Suite 1100
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: raoul.kennedy@skadden.com

Jeffrey Mishkin (*pro hac vice*)
Karen Hoffman Lent (*pro hac vice*)
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile (212) 735-2000
Email: jeffrey.mishkin@skadden.com
Email: anthony.dreyer@skadden.com
Email: karen.lent@skadden.com

*Attorneys for Defendants National Collegiate Athletic Association and Western Athletic Conference*

Robert J. Wierenga (SBN 183687)
Gregory L. Curtner (*pro hac vice*)
Kimberly K. Kefalas (*pro hac vice*)
Jacob K. Danziger (SBN 278219)
SCHIFF HARDIN LLP
350 S. Main St., Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1500
Facsimile: (734) 222-1501
Email: rwierenga@schiffhardin.com
Email: gcurtner@schiffhardin.com
Email: kkefalas@schiffhardin.com
Email: jdanziger@schiffhardin.com

*Attorneys for Defendant National Collegiate Athletic Association*

STIPULATION AND [PROPOSED] ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

1    DATED: July 8, 2015         **COVINGTON & BURLING LLP**

2

3                                   By:         /s/ Benjamin C. Block
                                        BENJAMIN C. BLOCK

4

5                                  Benjamin C. Block (*pro hac vice*)
                                 1201 Pennsylvania Avenue, N.W.

6                                  Washington, DC 20004-2401
                                 Telephone: (202) 662-5205

7                                  Facsimile: (202) 778-5205

8                                  Email: bblock@cov.com

9                                  Rebecca A. Jacobs (SBN 294430)
                                 One Front Street

10                                San Francisco, CA 94111-5356
                               Telephone: (415) 591-6000

11                                Facsimile: (415) 591-6091
                               Email: rjacobs@cov.com

12

13                                *Attorneys for American Athletic Conference*

14    DATED: July 8, 2015         **JONES WALKER LLP**

15

16                                  By:         /s/ Mark A. Cunningham

17                                         MARK A. CUNNINGHAM

18                                  Mark A. Cunningham (*pro hac vice*)
                                 201 St. Charles Avenue

19                                New Orleans, LA 70170-5100

20                                Telephone: (504) 582-8536
                               Facsimile: (504) 589-8536

21                                Email: mcunningham@joneswalker.com

22                                *Attorneys for Defendant Sun Belt Conference*

23

24    DATED: July 8, 2015         **WALTER | HAVERFIELD LLP**

25

26                                  By:         /s/ R. Todd Hunt
                                        R. TODD HUNT

27

28                                  R. Todd Hunt (*pro hac vice*)
                                 The Tower at Erieview

STIPULATION AND [PROPOSED] ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

1301 E. 9th Street, Suite 3500
Cleveland, OH 44114-1821
Telephone: (216) 928-2935
Facsimile: (216) 916-2372
Email: rthunt@walterhav.com

*Attorneys for Defendant Mid-American Conference*

DATED: July 8, 2015                    **BRYAN CAVE LLP**


By:          /s/ Adam Brezine
                   ADAM BREZINE

Adam Brezine (SBN 220852)
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 674-3400
Facsimile: (415) 675-3434
Email: adam.brezine@bryancave.com

Richard Young (*pro hac vice*)
Brent Rychener (*pro hac vice*)
90 South Cascade Avenue, Suite 1300
Colorado Springs, CO 80903
Telephone: (719) 473-3800
Facsimile: (719) 633-1518
Email: richard.young@bryancave.com
Email: brent.rychener@bryancave.com

*Attorneys for Defendant Mountain West Conference*


**ECF ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from each of the other signatories above.


*/s/ Karen Hoffman Lent*
Karen Hoffman Lent

**PURSUANT TO STIPULATION,**
**IT IS SO ORDERED.**

DATED:  July _9_, 2015

_____
THE HON. CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

I, _____, state:

1.  My address and telephone number are:

2.  My present employer and my employer's address are:

3.  I have received a copy of the Stipulated Protective Order Regarding Confidentiality of Documents and Materials (the "Protective Order") entered in the case of *In re: National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation,* in the United States District Court for the Northern District of California, No. 4:14-MD-2541-CW, entered by the Court on January 15, 2015, and the Stipulation and Order Regarding Addendum to Stipulated Protective Order ("Addendum") entered by the Court on _____.

4.  I have carefully read the Protective Order and Addendum and understand their provisions.

5.  I will comply with all the provisions of the Protective Order and Addendum.

6.  I will hold in confidence and will not disclose to anyone not qualified under the Protective Order and Addendum any documents designated Confidential, Highly Confidential – Counsel Only or Highly Confidential NCAA Member Financial Data – Lead Counsel Only, and I will use such Confidential Information and/or Highly Confidential – Counsel Only Information and/or Highly Confidential NCAA Member Financial Data only for the allowed purposes stated in the Protective Order and Addendum.

7.  I will return all documents that are designated Confidential, Highly Confidential – Counsel Only or Highly Confidential NCAA Member Financial Data – Lead Counsel Only to counsel for the party from whom I obtained such documents.

8.  I will submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of the enforcement of the Protective Order and Addendum, and understand that violation of the Protective Order and Addendum can constitute contempt of Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

SIGNED _____, 201_.

_____
            Signature

_____
            Printed Name

# EXHIBIT C

1  Scott P. Cooper (SBN 096905)
   Kyle A. Casazza (SBN 254061)
2  Shawn S. Ledingham, Jr. (SBN 275268)
   Jacquelyn N. Ferry (SBN 287798)
3  PROSKAUER ROSE LLP
   2049 Century Park East, Suite 3200
4  Los Angeles, CA  90067
   Telephone:  (310) 557-2900
5  Facsimile:  (310) 557-2193
   scooper@proskauer.com
6  kcasazza@proskauer.com
   sledingham@proskauer.com
7  jferry@proskauer.com

8  *Counsel for Pac-12 Conference*

9  [Additional counsel listed on signature page]

10

11                    **UNITED STATES DISTRICT COURT**

12                   **NORTHERN DISTRICT OF CALIFORNIA**

13                          **SAN JOSE DIVISION**

14

15  IN RE: NATIONAL COLLEGIATE            Case No. 4:14-md-02541-CW (NC)
    ATHLETIC ASSOCIATION ATHLETIC         Case No. 4:14-cv-02758-CW (NC)
16  GRANT-IN-AID CAP ANTITRUST
    LITIGATION                            STIPULATION AND [PROPOSED] ORDER
17                                        REGARDING SECOND ADDENDUM TO
                                          STIPULATED PROTECTIVE ORDER
18  THIS DOCUMENT RELATES TO:

19
    ALL ACTIONS
20

21

22

23

24

25

26

27

28

---

All parties, by their respective counsel, hereby agree and stipulate to this proposed Second Addendum to the "Stipulated Protective Order Regarding Confidentiality of Documents and Materials" (the "Protective Order") (Dkt. 189) entered by the Court on January 15, 2015:

1.     Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Protective Order.

## ADDITIONAL CATEGORIES OF PROTECTED INFORMATION

2.     The Protective Order will recognize a new category of discovery called Conference Strictly Confidential – Outside Litigation Counsel Only.  The Protective Order will also recognize a new category of discovery called Network Strictly Confidential – Outside Litigation Counsel Only.

3.     Any party or non-party may designate as Conference Strictly Confidential – Outside Litigation Counsel Only (by stamping the relevant page or portion "Conference Strictly Confidential – Outside Litigation Counsel Only") any document, response to discovery, deposition transcript, or anything else furnished during the course of these actions that includes or concerns financial information, contractual terms, or other sensitive business information of a Conference Defendant (including summaries or analyses of such information that may identify the nature of such terms), that the Disclosing Party or their contractual counterparty considers in good faith to contain information, the disclosure of which to in-house counsel or specific individual outside counsel of another party or non-party would create a substantial risk of serious competitive, business, or financial harm ("Conference Strictly Confidential – Outside Litigation Counsel Only Information"). Where a document, response to discovery, deposition transcript, or anything else furnished during the course of these actions consists of more than one page, each page on which Conference Strictly Confidential – Outside Litigation Counsel Only Information appears shall be so designated. Conference Strictly Confidential – Outside Litigation Counsel Only Information may be disclosed only to those persons set forth in Paragraph 6 below.

4.     Any party or non-party may designate as Network Strictly Confidential – Outside Litigation Counsel Only (by stamping the relevant page or portion "Network Strictly Confidential – Outside Litigation Counsel Only") any document, response to discovery, deposition transcript, or

anything else furnished during the course of these actions that includes or concerns a term of any current, expired, or future media, network, or broadcasting contract, agreement, arrangement, or understanding (including summaries or analyses of such information that may identify the nature of such terms), that the Disclosing Party or their contractual counterparty considers in good faith to contain information, the disclosure of which to in-house counsel or specific individual outside counsel of another party or non-party would create a substantial risk of serious competitive, business, or financial harm ("Network Strictly Confidential – Outside Litigation Counsel Only Information"). Where a document, response to discovery, deposition transcript, or anything else furnished during the course of these actions consists of more than one page, each page on which Network Strictly Confidential – Outside Litigation Counsel Only Information appears shall be so designated. Network Strictly Confidential – Outside Litigation Counsel Only Information may be disclosed only to those persons set forth in Paragraph 7 below.

5. If any document, response to discovery, deposition transcript, or anything else furnished during the course of these actions is designated as Conference Strictly Confidential – Outside Litigation Counsel Only Information and then later designated (or is discovered to have been previously designated) as Network Strictly Confidential – Outside Litigation Counsel Only, it shall be treated and regarded as Network Strictly Confidential – Outside Litigation Counsel Only for all purposes.

**PERMISSIBLE DISCLOSURES OF INFORMATION
CONFERENCE STRICTLY CONFIDENTIAL – OUTSIDE
LITIGATION COUNSEL ONLY**

6. Conference Strictly Confidential – Outside Litigation Counsel Only Information (that is designated as such in accordance with the terms of the Protective Order and this Second Addendum) shall not be disclosed, except to the following persons, and then only to the extent necessary to litigate these actions:

a. Plaintiffs' Interim Co-Lead Class Counsel as appointed by the court (namely, Winston & Strawn LLP, Hagens Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw LLP) (Dkt. 82);

- 2 -

b. Outside litigation counsel of record for Defendants in this litigation, including those law firms' paralegals, assistants, and other employed staff;

c. Consultants or expert witnesses retained for the prosecution or defense of these actions, as well as members of said consultants' or expert witnesses' staffs assisting them in connection with these actions, provided that each such person shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Conference Strictly Confidential – Outside Litigation Counsel Only Information;

d. The original author, addressees, or recipients of the Conference Strictly Confidential – Outside Litigation Counsel Only Information;

e. The Court, court personnel and court reporters;

f. Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Conference Strictly Confidential – Outside Litigation Counsel Only Information; and

g. Witnesses (other than persons described in Paragraph 6(c) above) who testify at deposition or at trial, provided that (1) the Receiving Party has a good faith belief that such witness previously had access to or otherwise had obtained knowledge of the Conference Strictly Confidential – Outside Litigation Counsel Only Information; and (2) such witnesses shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Conference Strictly Confidential – Outside Litigation Counsel Only Information.

## PERMISSIBLE DISCLOSURES OF INFORMATION NETWORK STRICTLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY

7. ESPN, Inc., ESPN Enterprises, Inc., American Broadcast Companies, Inc. ("ESPN/ABC"), Fox Broadcasting Company, Fox Cable Networks, Inc., Fox International Channels, Fox Sports Net, Inc., Big Ten Network, LLC ("Fox Networks"), CBS Broadcasting Inc., CSTV

- 3 -

Networks, Inc. d/b/a CBS Sports Network ("CBS"), or any future affiliates that move to intervene are hereby referred to as the "Network Intervenors". Network Strictly Confidential – Outside Litigation Counsel Only Information (that is designated as such in accordance with the terms of the Protective Order and this Second Addendum) shall not be disclosed, except to the following persons, and then only to the extent necessary to litigate these actions:

        a. Defendants' outside litigation counsel of record, including lawyers and other members and employees of those law firms assisting with litigation-related tasks in this case ("Authorized Outside Litigation Counsel"), provided that (1) absent written permission from each Network Intervenor, no individual attorney who has in the past been involved directly or indirectly in negotiating any media, network, or broadcasting contract, agreement, arrangement or understanding with any Network Intervenor may review Network Strictly Confidential – Outside Litigation Counsel Only Information to which such attorney did not have access prior to production of such Information in this action; and (2) any individual attorney who reviews Network Strictly Confidential – Outside Litigation Counsel Only Information of a Network Intervenor to which such attorney did not have access prior to production of such Information in this action may not, absent written permission from such Network Intervenor, participate directly or indirectly on or before March 31, 2021 in negotiating any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor, except that nothing in this Addendum shall be construed to require a Network Intervenor's permission for any individual attorney's participation in negotiating any agreements, arrangements, or understandings pertaining to discovery, motion practice, or other litigation-related matters in this lawsuit pertaining to Network Strictly Confidential – Outside Litigation Counsel Only Information of a Network Intervenor.

        i. Defendants' law firms acting as outside litigation counsel of record in these actions shall erect and maintain ethical walls limiting access to Network Strictly Confidential – Outside Litigation Counsel Only Information to Authorized Outside Litigation Counsel.

        ii. Absent a good faith basis for belief that any attorney other than Authorized Outside Litigation Counsel has reviewed Network Strictly Confidential – Outside

- 4 -

Litigation Counsel Only Information, no Network Intervenor will assert the provisions of this Addendum as a basis to bar such attorney from engaging in future negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor. In the event a Network Intervenor asserts the provisions of this sub-paragraph as a basis to bar an attorney from engaging in negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor, that Network Intervenor will withdraw its invocation of this sub-paragraph upon the subject attorney proffering an affidavit or declaration, subject to penalty of perjury, that he/she has not reviewed Network Strictly Confidential – Outside Litigation Counsel Only Information.

iii. No Network Intervenor shall assert that the provisions of this Addendum are a basis to bar an entire law firm from engaging in future negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor on the basis that the firm acted as outside litigation counsel of record in these actions;

b. Plaintiffs' Interim Co-Lead Class Counsel as appointed by the court (namely, Winston & Strawn LLP, Hagens Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw LLP) (Dkt. 82) and employees of such counsel;

c. Consultants or expert witnesses retained for the prosecution or defense of these actions, as well as members of said consultants' or expert witnesses' staffs assisting them in connection with these actions, subject to the provisions of Paragraphs 10-15 herein, and who have executed a copy of the certification annexed to this Second Addendum as Exhibit A before being shown or given any Network Strictly Confidential – Outside Litigation Counsel Only Information, provided that such individuals will not be involved directly or indirectly in negotiating any media, network, or broadcasting contract, agreement, arrangement, or understanding with any Network Intervenor, on or before January 1, 2021 (for the sake of clarity, subject to his/her compliance with this Protective Order, this Protective Order shall not preclude any such individuals from negotiating and/or entering into any contract or other arrangement or understanding with a Network Intervenor

solely on his or her own behalf, including but not limited to any agreement to appear on any programming of a Network Intervenor);

        d.   The original authors or recipients of the Network Strictly Confidential – Outside Litigation Counsel Only Information and in circumstances where the Network Strictly Confidential – Outside Counsel Only Information is an executed agreement, the parties to the agreement and their respective employees with access to such agreement in the ordinary course of business;

        e.   The Court, court personnel and court reporters; and

        f.   Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the certification annexed to this Second Addendum as Exhibit A before being shown or given any Network Strictly Confidential – Outside Litigation Counsel Only Information.

### FILING DOCUMENTS UNDER SEAL

        8.   No Network Strictly Confidential – Outside Litigation Counsel Only Information shall be filed in the public record without either the written permission of each Network Intervenor discussed or referenced therein, or a court order denying an Administrative Motion to File Under Seal such Network Strictly Confidential – Outside Litigation Counsel Only Information, provided that in the event any Administrative Motion to File Under Seal such Network Strictly Confidential – Outside Litigation Counsel Only Information is denied, the Network and the filing party agree to meet and confer within three (3) calendar days to discuss in good faith alternatives to filing the Network Strictly Confidential – Outside Litigation Counsel Only Information on the public record. The Network Intervenors preserve their rights to seek a writ of mandamus from the Ninth Circuit and/or a stay of any order denying an Administrative Motion to File Under Seal. No party may file such Network Strictly Confidential – Outside Litigation Counsel Only Information until seven (7) calendar days after the denial of any Administrative Motion to File Under Seal. At least five (5)

- 6 -

business days in advance of the date or deadline on which any party or non-party seeks to file an Administrative Motion to File Under Seal regarding any Network Strictly Confidential – Outside Litigation Counsel Only Information, the filing entity shall provide written notice to each Network Intervenor discussed or referenced therein, as well as one (1) redacted copy and one (1) unredacted copy of the Information so designated. However, if multiple Network Intervenors are discussed or referenced in the same document, no unredacted copies shall be provided to the Network Intervenors unless each of the applicable Network Intervenors discussed or referenced individually consent. The parties shall otherwise comply with the applicable court rules (*e.g.*, N.D. Cal. Civil L.R. 79-5) regarding filing of documents under seal. Copies of any pleading, brief, or other document containing Network Strictly Confidential – Outside Litigation Counsel Only Information which is served on opposing counsel shall be stamped **"NETWORK STRICTLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY INFORMATION PURSUANT TO PROTECTIVE ORDER"**, shall be transmitted via email or cover letter and envelope bearing similar designation, and shall be treated in accordance with the provisions of the Protective Order, as amended.

## INCORPORATION OF PROTECTIVE ORDER

9.     Except as set forth herein, for purposes of all Paragraphs of the Protective Order except Paragraph 13, both Conference Strictly Confidential – Outside Litigation Counsel Only Information and Network Strictly Confidential – Outside Litigation Counsel Only Information will receive the same treatment under each such Paragraph as Highly Confidential – Counsel Only Information. Except as set forth herein, any challenges or objections concerning the designation of information as Conference Strictly Confidential – Outside Litigation Counsel Only Information or Network Strictly Confidential – Outside Litigation Counsel Only Information shall be made pursuant to Paragraph 14 of the Protective Order.

- 7 -

## DISCLOSURE TO CONSULTANTS AND EXPERT WITNESSES

10. Information designated Conference Strictly Confidential – Outside Litigation Counsel Only Information or Network Strictly Confidential – Outside Litigation Counsel Only may be furnished and disclosed to the receiving party's consultants and expert witnesses and their necessary support personnel as is reasonably necessary for maintaining, defending or evaluating these actions. The terms "consultants" and "expert witnesses" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult and whom (with respect to information designated Network Strictly Confidential – Outside Litigation Counsel Only) complies with Paragraph 11.

11. No disclosure of Conference Strictly Confidential – Outside Litigation Counsel Only Information or Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness or their necessary support personnel shall occur until that person has accurately completed and signed the certification annexed to this Second Addendum as Exhibit A, and a signed copy has been provided to the Disclosing Party; and to the extent there has been an objection under Paragraph 13 with respect to Network Strictly Confidential – Outside Litigation Counsel Only Information, that objection is resolved as discussed below. A separate certification annexed to this Second Addendum as Exhibit A shall not be required for staff members working under the supervision of an individual signing the certification annexed hereto as Exhibit A. An individual signing the certification annexed to this Second Addendum as Exhibit A, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with the terms of this Second Addendum.

12. A party desiring to disclose Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness shall give prior written notice to the Disclosing Party as applicable, who shall have ten (10) business days after such notice is given to object in writing. The party desiring to disclose Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness must provide the following information for each consultant or expert witness:  the name, title, business address, residence state and country,

- 8 -

present occupation (or job description), past and present business relationships with the party retaining them or other party to the litigation, curriculum vitae, a list of all instances in which, during the last four (4) years, the consultant or expert witness testified by trial or deposition, and a certification annexed to this Second Addendum as Exhibit A signed by such consultant or expert witness. No Network Strictly Confidential – Outside Litigation Counsel Only Information shall be disclosed to such consultant or expert witness until after the expiration of the foregoing ten (10) days' notice period.

13.     A party objecting to disclosure of Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness shall state with particularity the ground(s) of the objection. The objecting party's consent to the disclosure of Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness shall not be unreasonably withheld.

14.     The applicable parties shall meet and confer to attempt to resolve the dispute/objection within seven (7) days from the date of electronic delivery of the objection. If the parties cannot resolve the dispute, the party seeking disclosure may move the Court for an order that access to Network Strictly Confidential – Outside Litigation Counsel Only Information be provided to the designated consultant or expert witness. If the parties cannot resolve the dispute and the party seeking disclosure does not make such a motion within ten (10) business days of the electronic delivery of the objection, disclosure of Network Strictly Confidential – Outside Litigation Counsel Only Information shall not be made to the designated consultant or expert witness. The parties agree to cooperate in good faith to shorten the time frames set forth in this Paragraph if necessary to abide by any discovery or briefing schedules. If a motion is made by the party seeking disclosure, it shall be the burden of the party seeking disclosure to demonstrate by a preponderance of the evidence that Network Strictly Confidential – Outside Litigation Counsel Only Information should be allowed to be disclosed to the consultant or expert witness.

15.     Failure to object to a consultant or expert witness shall not preclude the non-objecting party from later objecting to continued access by that consultant or expert witness where facts

suggesting a basis for objection could not have been discovered by the objecting party or its counsel, exercising due diligence, within the period for making a timely objection. A later objection to a consultant or expert witness cannot be made on the basis of information disclosed pursuant to Paragraph 12, except to the extent that said disclosure contained a material omission or misrepresentation.

IT IS SO STIPULATED.

1   Dated: October 6, 2016        Respectfully submitted,

2   By /s/ *Steve W. Berman*        By /s/ *David G. Feher*

Steve W. Berman (*pro hac vice*)
Ashley Bede (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
*steve@hbsslaw.com*
*ashleyb@hbsslaw.com*

Jeff D. Friedman (173886)
Jon T. King (205073)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
*jonk@hbsslaw.com*
*jefff@hbsslaw.com*

By /s/ *Bruce L. Simon*
Bruce L. Simon (96241)
Aaron M. Sheanin (214472)
Benjamin E. Shiftan (265767)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
*bsimon@pswlaw.com*
*asheanin@pswlaw.com*
*bshiftan@pswlaw.com*

Counsel for *Consolidated Plaintiffs*
*Interim Co-Lead Class Counsel*

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Timothy M. Nevius (*pro hac vice*)
Joseph A. Litman (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*
*tnevius@winston.com*
*jlitman@winston.com*

Sean D. Meenan (SBN 260466)
Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
*smeenan@winston.com*
*jparsigian@winston.com*

Counsel for *Jenkins* Plaintiffs
*Interim Class Counsel*

- 11 -

By /s/ D. Erik Albright
D. Erik Albright
SMITH MOORE LEATHERWOOD LLP
300 North Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 433-7402
erik.albright@smithmorrelaw.com

Jonathan P. Heyl
SMITH MOORE LEATHERWOOD LLP
101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2625
Facsimile: (704) 384-2625
jon.heyl@smithmoorelaw.com

Charles La Grange Coleman, III
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111-4624
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
ccoleman@hklaw.com

*Counsel for The Atlantic Coast Conference*

By /s/ Andrew S. Rosenman
Andrew S. Rosenman
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-46537
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
arosenman@mayerbrown.com
bmiller@mayerbrown.com

Richard J. Favretto
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
rfavretto@mayerbrown.com

*Counsel for The Big Ten Conference, Inc.*

By /s/ Scott P. Cooper
Scott P. Cooper (SBN 096905)
Kyle A. Casazza (SBN 254061)
Shawn S. Ledingham, Jr. (SBN 275268)
Jacquelyn N. Ferry (SBN 287798)
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
scooper@proskauer.com
kcasazza@proskauer.com
sledingham@proskauer.com
jferry@proskauer.com

*Counsel for Pac-12 Conference*

By /s/ Robert W. Fuller
Robert W. Fuller, III
Nathan C. Chase Jr.
Mark W. Merritt
Lawrence C. Moore, III
Pearlynn G. Houck
Amanda R. Pickens
ROBINSON BRADSHAW & HINSON
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
rfuller@rbh.com
nchase@rbh.com
mmerritt@rbh.com
lmoore@rbh.com
phouck@rbh.com
apickens@rbh.com

Mark J. Seifert
Robert R. Moore
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
mseifert@allenmatkins.com
rmoore@allenmatkins.com

*Counsel for Southeastern Conference*

- 12 -

By /s/ Leane K. Capps
    Leane K. Capps
    Caitlin J. Morgan
    POLSINELLI PC
    2950 N. Harwood Street, Suite 2100
    Dallas, TX 75201
    Telephone: (214) 397-0030
    lcapps@polsinelli.com

    Amy D. Fitts
    POLSINELLI PC
    120 W. 12th Street
    Kansas City, MO 64105
    Telephone: (816) 218-1255
    afitts@polsinelli.com

    Wesley D. Hurst
    POLSINELLI PC
    2049 Century Park East, Suite 2300
    Los Angeles, CA 90067
    Telephone: (310) 556-1801
    whurst@polsinelli.com

*Counsel for the Big 12 Conference, Inc.*

By /s/ J. Wesley Earnhardt
    Evan R. Chesler (admitted to N.D. Cal. on
    September 24, 1982)
    Roger G. Brooks (pro hac vice)
    J. Wesley Earnhardt (pro hac vice)
    CRAVATH, SWAINE & MOORE LLP
    Worldwide Plaza
    825 Eighth Avenue
    New York, NY 10019-7475
    Telephone: (212) 474-1000
    Facsimile: (212) 474-3700
    echesler@cravath.com
    rgbrooks@cravath.com
    wearnhardt@cravath.com

*Attorneys for intervenors ESPN, Inc., ESPN
Enterprises, Inc., and American Broadcasting
Companies, Inc.*

By /s/ David R. Singer
    Richard L. Stone (Cal. Bar No. 110022)
    rstone@jenner.com
    David R. Singer (Cal. Bar No. 204699)
    dsinger@jenner.com
    Jeffrey A. Atteberry (Cal. Bar No. 266728)
    jatteberry@jenner.com
    JENNER & BLOCK LLP
    633 West 5th Street, Suite 3600
    Los Angeles, California 90071
    Telephone: (213) 239-5100
    Facsimile: (213) 239-5199

*Counsel for intervenors Fox Broadcasting
Company, Fox Cable Networks, Inc., and Fox
International Channels (US), Inc.*

By /s/ Yehudah L. Buchweitz
    CHRISTOPHER J. COX (Bar No. 151650)
    Email: chris.cox@weil.com
    DAVID R. SINGH (Bar No. 300840)
    Email: david.singh@weil.com
    WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
    Redwood Shores, CA 94065
    Telephone: (650) 802-3000
    Facsimile: (650) 802-3100

    JAMES W. QUINN (*pro hac vice*)
    Email: james.quinn@weil.com
    YEHUDAH L. BUCHWEITZ (*pro hac vice*)
    Email: yehudah.buchweitz@weil.com
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

*Attorneys for intervenor CBS Broadcasting
Inc.*

- 13 -

1

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

2          Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in

3   the filing of this document has been obtained from the signatories above.

4

5                                                   /s/  Scott P. Cooper
                                                    SCOTT P. COOPER

6

7

8   SO ORDERED.

9

10

11  Dated: October 12, 2016



12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

**EXHIBIT A**

I, _____, state:

1.  My business address is:

2.  My present employer is:

3.  My present occupation or job description (including my title) is:

4.  My past and present business relationships with the parties to this litigation are:

5.  For experts or consultants only, a copy of my curriculum vitae is attached hereto.

6.  For experts or consultants only, in accordance with the Protective Order, First Addendum, and Second Addendum, I have provided a list of all instances in which, during the last four (4) years, I testified at trial or deposition.

7.  I have received a copy of the Stipulated Protective Order Regarding Confidentiality of Documents and Materials (the "Protective Order") entered in the case of *In re: National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation,* in the United States District Court for the Northern District of California, No. 4:14-MD-2541-CW, entered by the Court on January 15, 2015, the Stipulation and Order Regarding Addendum to Stipulated Protective Order ("First Addendum") entered by the Court on July 9, 2015, and the Stipulation and Order Regarding Second Addendum to Stipulated Protective Order ("Second Addendum") entered by the Court on [_____].

8.  I have carefully read the Protective Order, First Addendum, and Second Addendum and understand their provisions.

9.  I will comply with all the provisions of the Protective Order, First Addendum, and Second Addendum.

10.  I will hold in confidence and will not disclose to anyone not qualified under the Protective Order, First Addendum, or Second Addendum any documents designated Confidential, Highly Confidential – Counsel Only, Highly Confidential NCAA Member Financial Data – Lead Counsel Only, Conference Strictly Confidential – Outside Litigation Counsel Only Information, or Network Strictly Confidential – Outside Litigation Counsel Only, and I will use such Confidential Information and/or Highly Confidential – Counsel Only Information and/or Highly Confidential NCAA Member Financial Data and/or Network Strictly Confidential – Outside Litigation Counsel Only Information only for the allowed purposes stated in the Protective Order, First Addendum, and Second Addendum.

- 1 -

11.  I will return all documents that are designated Confidential, Highly Confidential – Counsel Only, Highly Confidential NCAA Member Financial Data – Lead Counsel Only, Conference Strictly Confidential – Outside Litigation Counsel Only Information, or Network Strictly Confidential – Outside Litigation Counsel Only, to counsel for the party from whom I obtained such documents.

12.  I will submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of the enforcement of the Protective Order, First Addendum, or Second Addendum and understand that violation of the Protective Order, First Addendum, or Second Addendum can constitute contempt of Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


SIGNED _____, 201___.


_____
               Signature

_____
               Printed Name

- 2 -

# EXHIBIT D

Steve W. Berman (*pro hac vice*)
Craig R. Spiegel (SBN 122000)
Ashley A. Bede (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
*steve@hbsslaw.com*
*craigs@hbsslaw.com*
*ashleyb@hbsslaw.com*

Bruce L. Simon (SBN 96241)
Aaron M. Sheanin (SBN 214472)
Benjamin E. Shiftan (SBN 265767)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
*bsimon@pswlaw.com*
*asheanin@pswlaw.com*
*bshiftan@pswlaw.com*

*Class Counsel for Jenkins and Consolidated Action Plaintiffs*

[Additional counsel listed on signature page]

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Jennifer M. Stewart (*pro hac vice*)
Joseph A. Litman (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*
*jstewart@winston.com*
*jlitman@winston.com*

Sean D. Meenan (SBN 260466)
Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
*smeenan@winston.com*
*jparsigian@winston.com*

*Class Counsel for Jenkins and Consolidated Action Plaintiffs*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 4:14-md-02541-CW<br>Case No. 4:14-cv-02758-CW<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING THIRD ADDENDUM TO STIPULATED PROTECTIVE ORDER** |

871859.1

All parties, by their respective counsel, hereby agree and stipulate to this proposed Third Addendum to the "Stipulated Protective Order Regarding Confidentiality of Documents and Materials" (the "Protective Order") (Dkt. 189) entered by the Court on January 15, 2015:

1.    The Second Addendum to Stipulated Protective Order (Dkt. 508) was negotiated and signed between Plaintiffs and only five of the Conference Defendants in the Consolidated Action: (1) Atlantic Coast Conference; (2) The Big Ten Conference, Inc.; (3) The Big 12 Conference, Inc.; (4) Pac-12 Conference; and (5) Southeastern Conference.  The parties now wish for the Court to order this stipulated addendum such that the Second Addendum to Stipulated Protective Order applies to the six other Conference Defendants in the Consolidated Action and the National Collegiate Athletic Association ("NCAA").  The six other Conference Defendants in the Consolidated Action are: (1) the American Athletic Conference; (2) Conference USA; (3) the Mid-American Conference; (4) the Mountain West Conference; (5) the Sun Belt Conference; and (6) the Western Athletic Conference (collectively, the "Six Conferences").

2.    By way of this stipulation, the Six Conferences in the Consolidated Actions and the NCAA shall have the same rights and obligations under the Second Addendum to Stipulated Protective Order as the Conference Defendants who negotiated and signed the Second Addendum to Stipulated Protective Order, and Plaintiffs will have the same rights and obligations with regard to the Six Conferences and the NCAA as they do with regard to the Conference Defendants who negotiated and signed the Second Addendum to the Stipulated Protective Order.

3.    The Second Addendum to Stipulated Protective Order was signed by certain media networks that formally intervened into this litigation: (1) ESPN entities (ESPN, Inc., ESPN Enterprises, Inc., and American Broadcasting Companies, Inc.); (2) Fox entities (Fox Broadcasting Company, Fox Cable Networks, Inc., and Fox International Channels (US), Inc.); and (3) CBS Broadcasting Inc. (collectively, the "Network Intervenors").  By way of this stipulation, the rights and obligations of the Network Intervenors under the Second Addendum to Stipulated Protective Order will apply not just to the Network Intervenors but to all media networks (including their various entities, affiliates and assigns) that are partners of any of the eleven Conference Defendants in this litigation or the NCAA, and which have an interest in the litigation, regardless of whether

each has formally intervened in this litigation. Each such media network will be considered by the parties to be—and will receive the same treatment as—a Network Intervenor solely for purposes of the Second Addendum to Stipulated Protective Order and shall not otherwise be treated as having intervened in this litigation absent a formal motion to intervene by such network. However, nothing in this stipulation shall prevent any media network or any other party from intervening in this litigation.

IT IS SO STIPULATED.

Dated: November 11, 2016                                  Respectfully submitted,

By /s/ Steve W. Berman                                   By /s/ Jeffrey L. Kessler
    Steve W. Berman (*pro hac vice*)                       Jeffrey L. Kessler (*pro hac vice*)
    Craig R. Spiegel (SBN 122000)                         David G. Feher (*pro hac vice*)
    Ashley A. Bede (*pro hac vice*)                        David L. Greenspan (*pro hac vice*)
    HAGENS BERMAN SOBOL SHAPIRO                           Jennifer M. Stewart (*pro hac vice*)
    LLP                                                   Joseph A. Litman (*pro hac vice*)
    1918 Eighth Avenue, Suite 3300                        WINSTON & STRAWN LLP
    Seattle, WA 98101                                     200 Park Avenue
    Telephone: (206) 623-7292                             New York, NY 10166-4193
    Facsimile: (206) 623-0594                             Telephone: (212) 294-6700
    *steve@hbsslaw.com*                                    Facsimile: (212) 294-4700
    *craigs@hbsslaw.com*                                   *jkessler@winston.com*
    *ashleyb@hbsslaw.com*                                  *dfeher@winston.com*
                                                           *dgreenspan@winston.com*
    Jeff D. Friedman (SBN 173886)                         *jstewart@winston.com*
    HAGENS BERMAN SOBOL SHAPIRO                           *jlitman@winston.com*
    LLP
    715 Hearst Avenue, Suite 202                          Sean D. Meenan (SBN 260466)
    Berkeley, CA 94710                                    Jeanifer E. Parsigian (SBN 289001)
    Telephone: (510) 725-3000                             WINSTON & STRAWN LLP
    Facsimile: (510) 725-3001                             101 California Street
    *jefff@hbsslaw.com*                                    San Francisco, CA 94111
                                                           Telephone: (415) 591-1000
By /s/ Bruce L. Simon                                        Facsimile: (415) 591-1400
    Bruce L. Simon (SBN 96241)                            *smeenan@winston.com*
    Aaron M. Sheanin (SBN 214472)                         *jparsigian@winston.com*
    Benjamin E. Shiftan (SBN 265767)
    PEARSON, SIMON & WARSHAW, LLP                     *Class Counsel for Jenkins and Consolidated*
    44 Montgomery Street, Suite 2450                  *Action Plaintiffs*
    San Francisco, CA 94104
    Telephone: (415) 433-9000
    Facsimile: (415) 433-9008
    *bsimon@pswlaw.com*
    *asheanin@pswlaw.com*
    *bshiftan@pswlaw.com*

*Class Counsel for Jenkins and Consolidated*
*Action Plaintiffs*

Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Bethany L. Caracuzzo (SBN 190687)
Shiho Yamamoto (SBN 264741)
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, California 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

*Additional Class Counsel*

**POLSINELLI PC**

By:    /s/ Leane K. Capps
     Leane K. Capps (*pro hac vice*)
     Caitlin J. Morgan (*pro hac vice*)
     2950 N. Harwood, Suite 2100
     Dallas, TX 75201
     Telephone: (214) 397-0030
     Facsimile: (214) 397-0033
     Email: lcapps@polsinelli.com
     Email: cmorgan@polsinelli.com

     Mit S. Winter (SBN 238515)
     Amy D. Fitts (*pro hac vice*)
     900 W. 48th Place
     Kansas City, MO 64112
     Telephone: (816) 753-1000
     Facsimile: (816) 753-1536
     Email: mwinter@polsinelli.com
     Email: afitts@polsinelli.com

     Wesley D. Hurst (SBN 127564)
     2049 Century Park East, Suite 2300
     Los Angeles, CA 90067
     Telephone: (310) 556-1801
     Facsimile: (310) 556-1802
     Email: whurst@polsinelli.com

     Attorneys for Defendant
     CONFERENCE USA

**COVINGTON & BURLING LLP**

By:    /s/ Benjamin C. Block
     Benjamin C. Block (*pro hac vice*)
     One CityCenter
     850 Tenth Street, N.W.
     Washington, DC 20001-4956
     Telephone: (202) 662-5205
     Facsimile: (202) 778-5205
     bblock@cov.com

     Rebecca A. Jacobs (SBN 294430)
     One Front Street
     San Francisco, CA 94111-5356
     Telephone: (415) 591-6000
     Facsimile: (415) 591-6091
     rjacobs@cov.com

     Attorneys for Defendant
     AMERICAN ATHLETIC
     CONFERENCE

1

**WALTER HAVERFIELD LLP**                    **BRYAN CAVE LLP**

2
By:   /s/ R. Todd Hunt                       By:   /s/ Adam Brezine
3        R. Todd Hunt (*pro hac vice*)              Adam Brezine (SBN 220852)
         The Tower at Erieview                      560 Mission Street, 25th Floor
4        1301 E. 9th Street, Suite 3500             San Francisco, CA 94105
         Cleveland, OH 44114-1821                   Telephone: (415) 674-3400
5        Telephone: (216) 928-2935                  Facsimile: (415) 675-3434
         Facsimile: (216) 916-2372                  adam.brezine@bryancave.com
6        rthunt@walterhav.com
                                                    Richard Young (*pro hac vice*)
7        Attorneys for Defendant                    Brent Rychener (*pro hac vice*)
         MID-AMERICAN CONFERENCE                    90 South Cascade Avenue, Suite 1300
8                                                   Colorado Springs, CO 80903
                                                    Telephone: (719) 473-3800
9                                                   Facsimile: (719) 633-1518
                                                    richard.young@bryancave.com
10                                                  brent.rychener@bryancave.com

11                                                  Attorneys for Defendant
                                                    MOUNTAIN WEST CONFERENCE
12
**JONES WALKER LLP**                         **SKADDEN, ARPS, SLATE, MEAGHER &**
13                                           **FLOM LLP**

14
By:   /s/ Mark A. Cunningham                 By:   /s/ Karen Hoffman Lent
15       Mark A. Cunningham (*pro hac vice*)        Karen Hoffman Lent (*pro hac vice*)
         201 St. Charles Avenue                     Jeffrey A. Mishkin (*pro hac vice*)
16       New Orleans, LA 70170-5100                 Four Times Square
         Telephone: (504) 582-8536                  New York, NY 10036
17       Facsimile: (504) 589-8536                  Telephone: (212) 735-3000
         mcunningham@joneswalker.com                Facsimile: (212) 735-2000
18                                                  jeffrey.mishkin@skadden.com
         Attorneys for Defendant                    karen.lent@skadden.com
19       SUN BELT CONFERENCE
                                                    Raoul D. Kennedy (SBN 40892)
20                                                  525 University Avenue, Suite 1100
                                                    Palo Alto, CA 94301
21                                                  Telephone: (650) 470-4500
                                                    Facsimile: (650) 470-4570
22                                                  raoul.kennedy@skadden.com

23                                                  Attorneys for Defendants
                                                    NATIONAL COLLEGIATE ATHLETIC
24                                                  ASSOCIATION
                                                    and
25                                                  WESTERN ATHLETIC CONFERENCE

26

27

28

STIPULATION AND [PROPOSED] ORDER REGARDING THIRD ADDENDUM TO STIPULATED PROTECTIVE
ORDER- CASE NOS. 4:14-MD-02541-CW; 4:14-CV-02758-CW

# ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatory above.

/s/ Jeffrey L. Kessler
Jeffrey L. Kessler

871859.1

5

STIPULATION AND [PROPOSED] ORDER REGARDING THIRD ADDENDUM TO STIPULATED PROTECTIVE ORDER- CASE NOS. 4:14-MD-02541-CW; 4:14-CV-02758-CW

1    IT IS SO ORDERED.

2

3    Dated:

4                                          _____
                                           THE HON. NATHANAEL COUSINS
5                                          UNITED STATES DISTRICT COURT FOR THE
                                           NORTHERN DISTRICT OF CALIFORNIA
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER REGARDING THIRD ADDENDUM TO STIPULATED PROTECTIVE
ORDER- CASE NOS. 4:14-MD-02541-CW; 4:14-CV-02758-CW

| 11/11/2016 | 540 | **Order granting [539](#) Stipulation entered by Magistrate Judge Nathanael M. Cousins. (This is a text-only entry generated by the court. There is no document associated with this entry.) (Entered: 11/11/2016)** |

# EXHIBIT E

1  Sean Eskovitz (SBN 241877)
2  WILKINSON WALSH + ESKOVITZ LLP
   11726 San Vicente Blvd., Ste. 600
3  Los Angeles, CA 90049
   Telephone: (424) 316-4000
4  Facsimile: (202) 847-4005
   *seskovitz@wilkinsonwalsh.com*
5
6  Beth A. Wilkinson (*pro hac vice*)
   Alexandra M. Walsh (*pro hac vice*)
7  Brian L. Stekloff (*pro hac vice*)
   Rakesh N. Kilaru (*pro hac vice*)
8  WILKINSON WALSH + ESKOVITZ LLP
   2001 M Street NW, 10th Floor
9  Washington, DC 20036
   Telephone: (202) 847-4000
10 Facsimile: (202) 847-4005
   *bwilkinson@wilkinsonwalsh.com*
11 *awalsh@wilkinsonwalsh.com*
   *bstekloff@wilkinsonwalsh.com*
12 *rkilaru@wilksinsonwalsh.com*
13
14 Jeffrey A. Mishkin (*pro hac vice*)
   Karen Hoffman Lent (*pro hac vice*)
15 SKADDEN ARPS SLATE MEAGHER &
   FLOM LLP
16 Four Times Square
   New York, NY 10036
17 Telephone: (212) 735-3000
   Facsimile (212) 735-2000
18 *jeffrey.mishkin@skadden.com*
   *karen.lent@skadden.com*
19 *Counsel for Defendant NCAA*
   [Additional counsel listed on signature page]
20

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO
LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
*steve@hbsslaw.com*

Bruce L. Simon (SBN 96241)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
*bsimon@pswlaw.com*

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*

*Class Counsel for Jenkins and Consolidated
Action Plaintiffs*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

21
22
23 IN RE NATIONAL COLLEGIATE
   ATHLETIC ASSOCIATION ATHLETIC
24 GRANT-IN-AID CAP ANTITRUST
   LITIGATION
25
26 THIS DOCUMENT RELATES TO:
27 ALL ACTIONS.
28

Case No. 4:14-md-02541-CW
~~Case No. 14-cv-02758-CW~~

**STIPULATION AND [~~PROPOSED~~] ORDER
REGARDING SECOND ADDENDUM TO
STIPULATED PROTECTIVE ORDER**

Judge: Hon. Claudia Wilken

All parties and Network Intervenors, by and through their respective counsel, hereby agree and stipulate to the below as it relates to the Second Addendum to the "Stipulated Protective Order Regarding Confidentiality of Documents and Materials" (the "Second Addendum") (Dkt. 512) entered by the Court on October 12, 2016:

1.      The Second Addendum was negotiated and signed between Plaintiffs and only five of the Conference Defendants in the Consolidated Action: (1) Atlantic Coast Conference; (2) The Big Ten Conference, Inc.; (3) The Big 12 Conference, Inc.; (4) Pac-12 Conference; and (5) Southeastern Conference. (Dkt. 508.)

2.      On November 11, 2016, Magistrate Judge Nathaniel M. Cousins entered via minute entry (Dkt. 540) the Third Addendum to the Stipulated Protective Order (Dkt. 539) (the "Third Addendum"). The Third Addendum was signed and entered for the purpose of applying the terms of the Second Addendum to the six other Conference Defendants in the Consolidated Action and the National Collegiate Athletic Association ("NCAA"). The six other Conference Defendants in the Consolidated Action are: (1) the American Athletic Conference; (2) Conference USA; (3) the Mid-American Conference; (4) the Mountain West Conference; (5) the Sun Belt Conference; and (6) the Western Athletic Conference (collectively, the "Six Conferences").

3.      The Second Addendum was also signed by certain media networks that formally intervened in this litigation: (1) ESPN entities (ESPN, Inc., ESPN Enterprises, Inc., and American Broadcasting Companies, Inc.); (2) Fox entities (Fox Broadcasting Company, Fox Cable Networks, Inc., and Fox International Channels (US), Inc.); and (3) CBS Broadcasting Inc. (collectively, the "Network Intervenors"). By way of the Third Addendum, the rights and obligations of the Network Intervenors under the Second Addendum were extended to apply not just to the Network Intervenors, but to all media networks (including their various entities, affiliates and assigns) that are partners of any of the eleven Conference Defendants in this litigation or the NCAA, and which have an interest in the litigation, regardless of whether each has formally intervened in this litigation.

4.      Absent Network Intervenor permission, the Second Addendum and Third Addendum limit the involvement of defense counsel who receive information that is designated "Network Strictly Confidential – Outside Litigation Counsel Only" ("NSC"), which is defined in Paragraph 4 of the

Second Addendum.  Specifically, Paragraph 7(a)(2) of the Second Addendum provides:

> [A]ny individual attorney who reviews Network Strictly Confidential – Outside Litigation Counsel Only Information of a Network Intervenor to which such attorney did not have access prior to production of such Information in this action may not, absent written permission from such Network Intervenor, participate directly or indirectly on or before March 31, 2021 in negotiating any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor, except that nothing in this Addendum shall be construed to require a Network Intervenor's permission for any individual attorney's participation in negotiating any agreements, arrangements, or understandings pertaining to discovery, motion practice, or other litigation-related matters in this lawsuit pertaining to Network Strictly Confidential – Outside Litigation Counsel Only Information of a Network Intervenor.

5.     Trial of this matter is scheduled to begin on September 4, 2018.  The parties' pretrial filings identify as proposed exhibits and testimony for trial certain information that is designated NSC pursuant to the Second Addendum.  A number of defense counsel implicated by the terms of Paragraph 7(a)(2) of the Second Addendum intend to attend the trial, in whole or in part.  Counsel for the Network Intervenors may also attend the trial, in whole or in part.

6.     The parties and Network Intervenors therefore stipulate and agree that the restriction imposed by Paragraph 7(a)(2) of the Second Addendum be modified as follows for purposes of the forthcoming trial only:  to the extent NSC information is inadvertently revealed at trial by any exhibit, witness, the Court, or oral presentation by counsel, defense counsel and counsel for the Network Intervenors shall not, solely as a result of such disclosure, be barred from future negotiations under Paragraph 7(a)(2) of the Second Addendum.  To the extent NSC Information is permissibly used at trial, including over the objection of a Network Intervenor, and regardless of whether the information is later sealed, then defense counsel and counsel for the Network Intervenors shall not, solely as a result of such disclosure, be barred from future negotiations under Paragraph 7(a)(2) of the Second Addendum.

IT IS SO STIPULATED.

Dated: September 4, 2018

Respectfully submitted,

By /s/ Steve W. Berman
    Steve W. Berman (*pro hac vice*)
    Craig Spiegel (SBN122000)
    HAGENS BERMAN SOBOL SHAPIRO
    LLP
    1918 Eighth Avenue, Suite 3300
    Seattle, WA 98101
    Telephone: (206) 623-7292
    Facsimile:  (206) 623-0594
    *steve@hbsslaw.com*
    *craigs@hbsslaw.com*

    Jeff D. Friedman (SBN 173886)
    HAGENS BERMAN SOBOL SHAPIRO
    LLP
    715 Hearst Avenue, Suite 202
    Berkeley, CA 94710
    Telephone: (510) 725-3000
    Facsimile: (510) 725-3001
    *jefff@hbsslaw.com*

By /s/ Bruce L. Simon
    Bruce L. Simon (SBN 96241)
    Benjamin E. Shiftan (SBN 265767)
    PEARSON, SIMON & WARSHAW, LLP
    44 Montgomery Street, Suite 2450
    San Francisco, CA 94104
    Telephone:  (415) 433-9000
    Facsimile:  (415) 433-9008
    *bsimon@pswlaw.com*
    *bshiftan@pswlaw.com*

*Class Counsel for Jenkins and Consolidated
Action Plaintiffs*

By /s/ Jeffrey L. Kessler
    Jeffrey L. Kessler (*pro hac vice*)
    David G. Feher (*pro hac vice*)
    David L. Greenspan (*pro hac vice*)
    Jennifer M. Stewart (*pro hac vice*)
    Joseph A. Litman (*pro hac vice*)
    WINSTON & STRAWN LLP
    200 Park Avenue
    New York, NY 10166-4193
    Telephone: (212) 294-6700
    Facsimile: (212) 294-4700
    *jkessler@winston.com*
    *dfeher@winston.com*
    *dgreenspan@winston.com*
    *jstewart@winston.com*
    *jlitman@winston.com*

    Sean D. Meenan (SBN 260466)
    Jeanifer E. Parsigian (SBN 289001)
    WINSTON & STRAWN LLP
    101 California Street
    San Francisco, CA 94111
    Telephone: (415) 591-1000
    Facsimile: (415) 591-1400
    *smeenan@winston.com*
    *jparsigian@winston.com*

*Class Counsel for Jenkins and Consolidated
Action Plaintiffs*

By  /s/ Elizabeth C. Pritzker
    Elizabeth C. Pritzker (SBN 146267)
    Jonathan K. Levine (SBN 220289)
    Bethany L. Caracuzzo (SBN 190687)
    PRITZKER LEVINE LLP
    180 Grand Avenue, Suite 1390
    Oakland, California 94612
    Telephone:  (415) 692-0772
    Facsimile:  (415) 366-6110

*Additional Class Counsel*

STIPULATION AND [PROPOSED] ORDER REGARDING SECOND
ADDENDUM TO STIPULATED PROTECTIVE ORDER

MDL No. 14-md-02541-CW
Case No. 14-cv-02758-CW

By: /s/ Beth A. Wilkinson
    Beth A. Wilkinson (*pro hac vice*)
    Alexandra M Walsh (*pro hac vice*)
    Brian L. Stekloff (*pro hac vice*)
    Rakesh N. Kilaru (*pro hac vice*)
    WILKINSON WALSH + ESKOVITZ LLP
    2001 M Street NW, 10th Floor
    Washington, DC 20036
    Telephone: (202) 847-4000
    Facsimile: (202) 847-4005
    *bwilkinson@wilkinsonwalsh.com*
    *awalsh@wilkinsonwalsh.com*
    *bstekloff@wilkinsonwalsh.com*
    *rkilaru@wilkinsonwalsh.com*

    Sean Eskovitz (SBN 241877)
    WILKINSON WALSH + ESKOVITZ LLP
    11726 San Vicente Blvd., Suite 600
    Los Angeles, CA 90049
    Telephone: (424) 316-4000
    Facsimile: (202) 847-4005
    *seskovitz@wilkinsonwalsh.com*

*Attorneys for Defendant National Collegiate Athletic Association*

By: /s/ Bart H. Williams
    Bart H. Williams (SBN 134009)
    Scott P. Cooper (SBN 96905)
    Kyle A. Casazza (SBN 254061)
    Jennifer L. Jones (SBN 284624)
    Shawn S. Ledingham, Jr. (SBN 275268)
    Jacquelyn N. Crawley (SBN 287798)
    PROSKAUER ROSE LLP
    2049 Century Park East, Suite 3200
    Los Angeles, CA 90067
    Telephone: (310) 557-2900
    Facsimile: (310) 557-2193
    bwilliams@proskauer.com
    scooper@proskauer.com
    kcasazza@proskauer.com
    jljones@proskauer.com
    sledingham@proskauer.com
    jcrawley@proskauer.com

*Attorneys for Defendant*
*Pac-12 Conference*

By: /s/ Jeffrey A. Mishkin
    Jeffrey A. Mishkin (*pro hac vice*)
    Karen Hoffman Lent (*pro hac vice*)
    SKADDEN ARPS SLATE MEAGHER
    & FLOM LLP
    Four Times Square
    New York, NY 10036
    Telephone: (212) 735-3000
    Facsimile (212) 735-2000
    *jeffrey.mishkin@skadden.com*
    *karen.lent@skadden.com*

    Raoul D. Kennedy (SBN 40892)
    SKADDEN ARPS SLATE MEAGHER
    & FLOM LLP
    525 University Avenue, Suite 1100
    Palo Alto, California 94301
    Telephone: (650) 470-4500
    Facsimile: (650) 470-4570
    *raoul.kennedy@skadden.com*

*Attorneys for Defendant National Collegiate Athletic Association and Western Athletic Conference*

By: /s/ Britt M. Miller
    Andrew S. Rosenman (SBN 253764)
    Britt M. Miller (*pro hac vice*)
    MAYER BROWN LLP
    71 South Wacker Drive
    Chicago, IL 60606
    Telephone: (312) 782-0600
    Facsimile: (312) 701-7711
    arosenman@mayerbrown.com
    bmiller@mayerbrown.com

    Richard J. Favretto (*pro hac vice*)
    MAYER BROWN LLP
    1999 K Street, N.W.
    Washington, DC 20006
    Telephone: (202) 263-3000
    Facsimile: (202) 263-3300
    rfavretto@mayerbrown.com

*Attorneys for Defendant*
*The Big Ten Conference, Inc.*

By: _____/s/ Leane K. Capps_____
Leane K. Capps (*pro hac vice*)
Caitlin J. Morgan (*pro hac vice*)
POLSINELLI PC
2950 N. Harwood Street
Suite 2100
Dallas, TX 75201
Telephone:  (214) 397-0030
lcapps@polsinelli.com
cmorgan@polsinelli.com

Amy D. Fitts (*pro hac vice*)
Mit Winter (SBN 238515)
POLSINELLI PC
120 W. 12th Street
Kansas City, MO 64105
Telephone: (816) 218-1255
afitts@polsinelli.com
mwinter@polsinelli.com

Wesley D. Hurst (SBN 127564)
POLSINELLI PC
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:  (310) 556-1801
whurst@polsinelli.com

*Attorneys for Defendants*
*The Big 12 Conference, Inc. and*
*Conference USA, Inc.*

By: _____/s/ Robert W. Fuller_____
Robert W. Fuller, III (*pro hac vice*)
Nathan C. Chase Jr. (SBN 247526)
Lawrence C. Moore, III (*pro hac vice*)
Pearlynn G. Houck (*pro hac vice*)
Amanda R. Pickens (*pro hac vice*)
ROBINSON BRADSHAW & HINSON
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone:  (704) 377-2536
Facsimile:  (704) 378-4000
rfuller@rbh.com
nchase@rbh.com
lmoore@rbh.com
phouck@rbh.com
apickens@rbh.com

Mark J. Seifert (SBN 217054)
SEIFERT LAW FIRM
425 Market Street, Suite 2200
San Francisco, CA 94105
Telephone:  (415) 999-0901
Facsimile:  (415) 901-1123
mseifert@seifertfirm.com

*Attorneys for Defendant*
*Southeastern Conference*

- 5 -

By: _____/s/ D. Erik Albright_____
D. Erik Albright (*pro hac vice*)
Gregory G. Holland (*pro hac vice*)
SMITH MOORE LEATHERWOOD
LLP 300 North Greene Street, Suite
1400
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 433-7402
erik.albright@smithmoorelaw.com
greg.holland@smithmoorelaw.com

Jonathan P. Heyl (*pro hac vice*)
SMITH MOORE LEATHERWOOD
LLP 101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2625
Facsimile: (704) 384-2909
jon.heyl@smithmoorelaw.com

Charles LaGrange Coleman, III (SBN
65496)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111-4624
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
ccoleman@hklaw.com

*Attorneys for Defendant*
*the Atlantic Coast Conference*

By: _____/s/ R. Todd Hunt_____
R. Todd Hunt (*pro hac vice*)
Benjamin G. Chojnacki (*pro hac vice*)
WALTER HAVERFIELD LLP
The Tower at Erieview
1301 E. 9th Street, Suite 3500
Cleveland, OH 44114-1821
Telephone: (216) 928-2935
Facsimile: (216) 916-2372
rthunt@walterhav.com
bchojnacki@walterhav.com

*Attorneys for Defendant Mid-American*
*Conference*

By: _____/s/ Benjamin C. Block_____
Benjamin C. Block (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001-4956
Telephone: (202) 662-5205
Facsimile: (202) 778-5205
bblock@cov.com

Rebecca A. Jacobs (SBN 294430)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
rjacobs@cov.com

*Attorneys for Defendant*
*American Athletic Conference*

By: _____/s/ Meryl Macklin_____
Meryl Macklin (SBN 115053)
BRYAN CAVE LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 268-1981
Facsimile: (415) 430-4381
meryl.macklin@bryancave.com

Richard Young (*pro hac vice*)
Brent Rychener (*pro hac vice*)
BRYAN CAVE LLP
90 South Cascade Avenue, Suite 1300
Colorado Springs, CO 80903
Telephone: (719) 473-3800
Facsimile: (719) 633-1518
richard.young@bryancave.com
brent.rychener@bryancave.com

*Attorneys for Defendant Mountain West*
*Conference*

STIPULATION AND [PROPOSED] ORDER REGARDING SECOND
ADDENDUM TO STIPULATED PROTECTIVE ORDER

MDL No. 14-md-02541-CW
Case No. 14-cv-02758-CW

By: _____/s/ Mark A. Cunningham_____
Mark A. Cunningham (*pro hac vice*)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, LA 70170-5100
Telephone: (504) 582-8536
Facsimile: (504) 589-8536
mcunningham@joneswalker.com

*Attorneys for Defendant*
*Sun Belt Conference*

By: _____/s/ Yehudah L. Buchweitz_____
Christopher J. Cox (Bar No. 151650)
Email: chris.cox@weil.com
David R. Singh (Bar No. 300840)
Email: david.singh@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, Ca 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

James W. Quinn (pro hac vice)
Email: james.quinn@weil.com
Yehudah L. Buchweitz (pro hac vice)
Email: yehudah.buchweitz@weil.com
WEIL, GOTSHAL & MANGES LLP 7
67 Fifth Avenue New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for intervenor CBS*
*Broadcasting Inc.*

By: _____/s/ David R. Singer_____
Richard L. Stone (Cal. Bar No. 110022)
rstone@jenner.com
David R. Singer (Cal. Bar No. 204699)
dsinger@jenner.com
Jeffrey A. Atteberry (Cal. Bar No. 266728)
jatteberry@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

*Counsel for intervenors Fox Broadcasting*
*Company, Fox Cable Networks, Inc., and*
*Fox International Channels (US), Inc.*

By: _____/s/ David Kumagai_____
Evan R. Chesler (admitted to N.D. Cal. on
September 24, 1982)
J. Wesley Earnhardt (pro hac vice)
David Kumagai (pro hac vice)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue New York, NY 10019-
7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
echesler@cravath.com
wearnhardt@cravath.com
dkumagai@cravath.com

*Attorneys for intervenors ESPN, Inc.,*
*ESPN Enterprises, Inc., and American*
*Broadcasting Companies, Inc.*

**SO ORDERED**

Dated: _____September 4, 2018_____

The Honorable ~~Claudia Wilken~~
United States District Court Judge

*IT IS SO ORDERED*
Judge Claudia Wilken

STIPULATION AND [PROPOSED] ORDER REGARDING SECOND
ADDENDUM TO STIPULATED PROTECTIVE ORDER

MDL No. 14-md-02541-CW
~~Case No. 14-cv-02758-CW~~

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

/s/ Jennifer L. Jones
JENNIFER L. JONES

# EXHIBIT F

| | |
|---|---|
| 1 | Steve W. Berman (*pro hac vice*) |
| | Craig R. Spiegel (SBN 122000) |
| 2 | Emilee N. Sisco (*pro hac vice*) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | 1918 Eighth Avenue, Suite 3300 |
| | Seattle, WA 98101 |
| 4 | Telephone: (206) 623-7292 |
| | Facsimile: (206) 623-0594 |
| 5 | *steveb@hbsslaw.com* |
| | *craigs@hbsslaw.com* |
| 6 | *emilees@hbsslaw.com* |

Steve W. Berman (*pro hac vice*)
Craig R. Spiegel (SBN 122000)
Emilee N. Sisco (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
*steveb@hbsslaw.com*
*craigs@hbsslaw.com*
*emilees@hbsslaw.com*

Jeff D. Friedman (SBN 173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
*jefff@hbsslaw.com*

Bruce L. Simon (SBN 96241)
Benjamin E. Shiftan (SBN 265767)
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
*bsimon@pswlaw.com*
*bshiftan@pswlaw.com*

*Class Counsel for Jenkins and Consolidated
Action Plaintiffs*

[Additional counsel listed on signature page]

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Joseph A. Litman (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*
*jlitman@winston.com*

Sean D. Meenan (SBN 260466)
Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
*smeenan@winston.com*
*jparsigian@winston.com*

*Class Counsel for Jenkins and Consolidated
Action Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | **Case Nos. 4:14-md-2541-CW (NC)** **4:14-cv-02758-CW (NC)** |
| | **STIPULATION AND [PROPOSED] ORDER REGARDING FOURTH ADDENDUM TO STIPULATED PROTECTIVE ORDER** |
| This Document Relates to: ALL ACTIONS | |

1      All parties, by their respective counsel, hereby agree and stipulate to this proposed Fourth

2  Addendum to the "Stipulated Protective Order Regarding Confidentiality of Documents and

3  Materials" (the "Protective Order") (Dkt. 189) entered by the Court on January 15, 2015:

4      1.    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed

5  to such terms in the Protective Order.

6        **ORDER REGARDING PRODUCTION OF BILLING RECORDS**

7      2.    On August 21, 2019, the Court held a hearing on the following motions:  Plaintiffs'

8  Motion for Attorney Fees, Expenses and Service Awards (Dkt. 1169) ("Plaintiffs' Motion for Fees and

9  Costs"); Joint Statement of Discovery Dispute Regarding Plaintiffs' Motion for Attorney Fees (Dkt.

10  1184) (the "Discovery Dispute"); Motion for Review of Clerk's Taxation of Costs (Dkt. 1193); and

11  Administrative Motion to Vacate Taxed Costs Order (Dkt. 1194).

12      3.    As to the Discovery Dispute (Dkt. 1184), the Court ordered Plaintiffs to produce the

13  billing records underlying Plaintiffs' Motion for Fees and Costs to enable Defendants to review time

14  entries for tasks, if any, that Defendants contend are non-compensable, and not for any other purpose.[1]

15      4.    The Court did not compel waiver of privilege and ordered the parties to meet and confer

16  regarding a protective order.

17        **ADDITIONAL CATEGORY OF PROTECTED INFORMATION**

18      5.    The Protective Order will recognize a new category of discovery called "Highly

19  Confidential Billing Records – Outside Counsel Only."  Any party or non-party may designate as

20  "Highly Confidential Billing Records – Outside Counsel Only" any document, production, filing, or

21  anything else furnished during the course of these actions that includes or concerns information in any

22  party or non-party's billing records (by stating on the first page or in an accompanying letter that it is

23  "Highly Confidential Billing Records – Outside Counsel Only").  Highly Confidential Billing Records

24  – Outside Counsel Only Information may be disclosed only to those persons set forth in Paragraph 6

25  below.

26

27    
_____

28  [1] The parties reserve all rights with respect to potential disputes related to (1) the scope of challenges Defendants are permitted to make; and (2) the production of expense reports.

1

**PERMISSIBLE DISCLOSURES AND USES OF INFORMATION**

2   6.   Highly Confidential Billing Records – Outside Counsel Only Information (that is

3   designated as such in accordance with the terms of the Protective Order and this Fourth Addendum)

4   shall not be disclosed or used, except to the following persons, and then only to the extent necessary

5   to litigate Plaintiffs' Motion for Fees and Costs:

6   a.   Defendants' outside litigation counsel of record, including lawyers and other

7   members and employees of those law firms assisting with litigation-related tasks in this case;

8   b.   The Court, court personnel and court reporters; and

9   c.   Persons or entities that provide litigation support services (e.g., photocopying;

10   videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in

11   any form or medium; etc.) and their employees and subcontractors, provided that such persons or

12   entities shall execute a copy of the certification annexed to this Addendum as Exhibit A before being

13   shown or given any Highly Confidential Billing Records – Outside Counsel Only Information.

14

**FILING DOCUMENTS UNDER SEAL**

15   7.   No Highly Confidential Billing Records – Outside Counsel Only Information shall be

16   filed in the public record without either the written permission of Plaintiffs' counsel or a court order

17   denying an Administrative Motion to File Under Seal such Highly Confidential Billing Records –

18   Outside Counsel Only Information, provided that in the event any Administrative Motion to file Under

19   Seal such Highly Confidential Billing Records – Outside Counsel Only Information is denied, the

20   Plaintiffs and the filing party agree to meet and confer within three (3) calendar days to discuss in good

21   faith alternatives to filing the Highly Confidential Billing Records – Outside Counsel Only Information

22   on the public record.  Plaintiffs preserve their rights to seek a writ of mandamus from the Ninth Circuit

23   and/or a stay of any order denying an Administrative Motion to File Under Seal.  The parties shall

24   otherwise comply with the applicable court rules (*e.g.*, N.D. Cal. Civil L.R. 79-5) regarding filing of

25   documents under seal.   Copies of any pleading, brief, or other document containing Highly

26   Confidential Billing Records – Outside Counsel Only Information which is served on opposing counsel

27   shall be stamped "HIGHLY CONFIDENTIAL BILLING RECORDS – OUTSIDE COUNSEL ONLY

28

INFORMATION PURSUANT TO PROTECTIVE ORDER", shall be transmitted via email or cover letter and envelope bearing similar designation, and shall be treated in accordance with the provisions of the Protective Order, as amended. Defendants agree not to oppose a motion to seal Highly Confidential Billing Records – Outside Counsel Only Information.

### NO WAIVER

8. While Plaintiffs reserve the right to redact billing records and Defendants reserve the right to challenge Plaintiffs' redaction of such records, the production of billing records, regardless of content, shall not be deemed to waive any applicable privilege or work product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Pursuant to the Court's authority under Federal Rule of Evidence 502 and any other applicable law, rule, or legal principal, the inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity shall not waive the privilege or immunity if a request for the return of such documents or information is made promptly after the Disclosing Party learns of its inadvertent production.

### INCORPORATION OF PROTECTIVE ORDER

9. Except as set forth herein, for purposes of all Paragraphs of the Protective Order except Paragraph 13, Highly Confidential Billing Records – Outside Counsel Only Information will receive the same treatment under each such Paragraph as Highly Confidential – Counsel Only Information.

10. Except as set forth herein, any challenges or objections concerning the designation of information as Highly Confidential Billing Records – Outside Counsel Only Information shall be made pursuant to the procedures set forth in Paragraph 14 of the Protective Order.

11. Except as set forth herein, the Protective Order, including but not limited to all provisions related to the nondisclosure of protected information, and the return or destruction of protected information after the final termination of the litigation, are expressly incorporated into this Fourth Addendum and remain in full force and effect.

IT IS SO STIPULATED.

3

STIPULATION AND [PROPOSED] ORDER REGARDING FOURTH ADDENDUM TO STIPULATED PROTECTIVE ORDER - CASE NOS. 4:14-MD-02541-CW (NC) / CASE NO. 4:14-CV-02758-CW (NC)

1      Dated: September 13, 2019               Respectfully submitted,

2      HAGENS BERMAN SOBOL SHAPIRO LLP     WINSTON & STRAWN LLP

3      By    */s/ Steve W. Berman*             By    */s/ Jeffrey L. Kessler*   
     STEVE W. BERMAN (*pro hac vice*)             JEFFREY L. KESSLER (*pro hac vice*)

4

5      Craig R. Spiegel (SBN 122000)           David G. Feher (*pro hac vice*)
     Emilee N. Sisco (*pro hac vice*)            David L. Greenspan (*pro hac vice*)
     1918 Eighth Avenue, Suite 3300          Joseph A. Litman (*pro hac vice*)
6      Seattle, WA 98101                    200 Park Avenue
     Telephone: (206) 623-7292             New York, NY 10166-4193
7      Facsimile: (206) 623-0594             Telephone: (212) 294-6700
     *steveb@hbsslaw.com*                 Facsimile: (212) 294-4700
8      *craigs@hbsslaw.com*                 *jkessler@winston.com*
     *emilees@hbsslaw.com*                *dfeher@winston.com*
9                                      *dgreenspan@winston.com*
     Jeff D. Friedman (SBN 173886)          *jlitman@winston.com*
10      HAGENS BERMAN SOBOL SHAPIRO LLP
     715 Hearst Avenue, Suite 202          Sean D. Meenan (SBN 260466)
11      Berkeley, CA 94710                  Jeanifer E. Parsigian (SBN 289001)
     Telephone: (510) 725-3000             WINSTON & STRAWN LLP
12      Facsimile: (510) 725-3001             101 California Street
     *jefff@hbsslaw.com*                   San Francisco, CA 94111
13                                      Telephone: (415) 591-1000
     PEARSON, SIMON & WARSHAW, LLP      Facsimile: (415) 591-1400
14                                      *smeenan@winston.com*
     By    */s/ Bruce L. Simon*              *jparsigian@winston.com*
15      BRUCE L. SIMON (SBN 96241)
     Benjamin E. Shiftan (SBN 265767)
16      350 Sansome Street, Suite 680          *Class Counsel for Jenkins and Consolidated*
     San Francisco, CA 94104              *Action Plaintiffs*
17      Telephone: (415) 433-9000
     Facsimile: (415) 433-9008
18      *bsimon@pswlaw.com*
     *bshiftan@pswlaw.com*
19

20      *Class Counsel for Jenkins and Consolidated*
     *Action Plaintiffs*

21      By   */s/ Elizabeth C. Pritzker*   
     Elizabeth C. Pritzker (SBN 146267)
22      Jonathan K. Levine (SBN 220289)
     Bethany L. Caracuzzo (SBN 190687)
23      PRITZKER LEVINE LLP
     180 Grand Avenue, Suite 1390
24      Oakland, California 94612
     Telephone: (415) 692-0772
25      Facsimile: (415) 366-6110

26      *Additional Class Counsel*

27

28

4

STIPULATION AND [PROPOSED] ORDER REGARDING FOURTH ADDENDUM TO STIPULATED
PROTECTIVE ORDER - CASE NOS. 4:14-MD-02541-CW (NC) / CASE NO. 4:14-CV-02758-CW (NC)

| | |
|---|---|
| **WILKINSON WALSH + ESKOVITZ LLP** | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |

By: _____/s/ Beth A. Wilkinson_____
    Beth A. Wilkinson (*pro hac vice*)
    Brant W. Bishop, P.C. (*pro hac vice*)
    James Rosenthal (*pro hac vice*)
    2001 M Street NW, 10th Floor
    Washington, DC 20036
    Telephone: (202) 847-4000
    Facsimile: (202) 847-4005
    bwilkinson@wilkinsonwalsh.com
    bbishop@wilkinsonwalsh.com
    jrosenthal@wilkinsonwalsh.com

    Sean Eskovitz (SBN 241877)
    11601 Wilshire Boulevard, Suite 600
    Los Angeles, CA 90025
    Telephone: (424) 316-4000
    Facsimile: (202) 847-4005
    seskovitz@wilkinsonwalsh.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

By: _____/s/ Jeffrey A. Mishkin_____
    Jeffrey A. Mishkin (*pro hac vice*)
    Karen Hoffman Lent (*pro hac vice*)
    Four Times Square
    New York, NY 10036
    Telephone: (212) 735-3000
    Facsimile: (212) 735-2000
    jeffrey.mishkin@skadden.com
    karen.lent@skadden.com

    Patrick Hammon (SBN 255047)
    525 University Avenue, Suite 1100
    Palo Alto, CA 94301
    Telephone: (650) 470-4500
    Facsimile: (650) 470-4570
    patrick.hammon@skadden.com

Attorneys for Defendants
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and WESTERN ATHLETIC CONFERENCE

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **MAYER BROWN LLP** |

By: _____/s/ Bart H. Williams_____
    Bart H. Williams (SBN 134009)
    Scott P. Cooper (SBN 96905)
    Kyle A. Casazza (SBN 254061)
    Jennifer L. Jones (SBN 284624)
    Shawn S. Ledingham, Jr. (SBN 275268)

    2029 Century Park East, Suite 2400
    Los Angeles, CA 90067
    Telephone: (310) 557-2900
    Facsimile: (310) 557-2193
    scooper@proskauer.com
    bwilliams@proskauer.com
    kcasazza@proskauer.com
    jljones@proskauer.com
    sledingham@proskauer.com
    jcrawley@proskauer.com

Attorneys for Defendant
PAC-12 CONFERENCE

By: _____/s/ Britt M. Miller_____
    Andrew S. Rosenman (SBN 253764)
    Britt M. Miller (*pro hac vice*)
    71 South Wacker Drive
    Chicago, IL 60606
    Telephone: (312) 782-0600
    Facsimile: (312) 701-7711
    arosenman@mayerbrown.com
    bmiller@mayerbrown.com

    Richard J. Favretto (*pro hac vice*)
    1999 K Street, N.W.
    Washington, DC 20006
    Telephone: (202) 263-3000
    Facsimile: (202) 263-3300
    rfavretto@mayerbrown.com

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

5

STIPULATION AND [PROPOSED] ORDER REGARDING FOURTH ADDENDUM TO STIPULATED
PROTECTIVE ORDER - CASE NOS. 4:14-MD-02541-CW (NC) / CASE NO. 4:14-CV-02758-CW (NC)

1

2

**POLSINELLI PC**

**ROBINSON BRADSHAW & HINSON**

3

By: _____ /s/ Leane K. Capps

By: _____ /s/ Robert W. Fuller

Leane K. Capps (*pro hac vice*)

Robert W. Fuller, III (*pro hac vice*)

4

Caitlin J. Morgan (*pro hac vice*)

Nathan C. Chase Jr. (SBN 247526)

2950 N. Harwood Street

Lawrence C. Moore, III (*pro hac vice*)

5

Suite 2100

Pearlynn G. Houck (*pro hac vice*)

Dallas, TX 75201

Amanda R. Pickens (*pro hac vice*)

6

Telephone:  (214) 397-0030

101 N. Tryon St., Suite 1900

lcapps@polsinelli.com

Charlotte, NC 28246

cmorgan@polsinelli.com

Telephone:  (704) 377-2536

7

Facsimile:  (704) 378-4000

Amy D. Fitts (*pro hac vice*)

rfuller@rbh.com

8

120 W. 12th Street

nchase@rbh.com

Kansas City, MO 64105

lmoore@rbh.com

9

Telephone: (816) 218-1255

phouck@rbh.com

afitts@polsinelli.com

apickens@rbh.com

10

mwinter@polsinelli.com

Mark J. Seifert (SBN 217054)

11

Wesley D. Hurst (SBN 127564)

Seifert Law Firm

2049 Century Park East, Suite 2300

425 Market Street, Suite 2200

12

Los Angeles, CA 90067

San Francisco, CA 94105

Telephone:  (310) 556-1801

Telephone:  (415) 999-0901

13

whurst@polsinelli.com

Facsimile:  (415) 901-1123

mseifert@seifertfirm.com

14

Attorneys for Defendants

THE BIG 12 CONFERENCE, INC. and

Attorneys for Defendant

15

CONFERENCE USA, INC.

SOUTHEASTERN CONFERENCE

16

17

18

19

20

21

22

23

24

25

26

27

28

6

**FOX ROTHSCHILD LLP**

By: _____ */s/ D. Erik Albright*
      D. Erik Albright (*pro hac vice*)
      Gregory G. Holland (*pro hac vice*)
      300 N. Greene Street, Suite 1400
      Greensboro, NC 27401
      Telephone:  (336) 378-5200
      Facsimile:  (336) 378-5400
      ealbright@foxrothschild.com
      gholland@foxrothschild.com

      Jonathan P. Heyl (*pro hac vice*)
      101 N. Tryon Street, Suite 1300
      Charlotte, NC 28246
      Telephone:  (704) 384-2600
      Facsimile:  (704) 384-2800
      jheyl@foxrothschild.com

Charles LaGrange Coleman, III (SBN 65496)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111-4624
Telephone:  (415) 743-6970
Facsimile:  (415) 743-6910
ccoleman@hklaw.com

Attorneys for Defendant
THE ATLANTIC COAST CONFERENCE

**COVINGTON & BURLING LLP**

By: _____ */s/ Benjamin C. Block*
      Benjamin C. Block (*pro hac vice*)
      One CityCenter
      850 Tenth Street, N.W.
      Washington, DC 20001-4956
      Telephone:  (202) 662-5205
      Facsimile:  (202) 778-5205
      bblock@cov.com

      Rebecca A. Jacobs (SBN 294430)
      One Front Street
      San Francisco, CA 94111-5356
      Telephone:  (415) 591-6000
      Facsimile:  (415) 591-6091
      rjacobs@cov.com

Attorneys for Defendant
AMERICAN ATHLETIC CONFERENCE

7

**WALTER HAVERFIELD LLP**

By:      */s/ R. Todd Hunt*
R. Todd Hunt (*pro hac vice*)
Benjamin G. Chojnacki (*pro hac vice*)
The Tower at Erieview
1301 E. 9th Street, Suite 3500
Cleveland, OH 44114-1821
Telephone: (216) 928-2935
Facsimile: (216) 916-2372
rthunt@walterhav.com
bchojnacki@walterhav.com

Attorneys for Defendant
MID-AMERICAN CONFERENCE

**BRYAN CAVE LEIGHTON PAISNER LLP**

By:      */s/ Meryl Macklin*
Meryl Macklin (SBN 115053)
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 268-1981
Facsimile: (415) 430-4381
meryl.macklin@bryancave.com

Richard Young (*pro hac vice*)
Brent Rychener (*pro hac vice*)
90 South Cascade Avenue, Suite 1300
Colorado Springs, CO 80903
Telephone: (719) 473-3800
Facsimile: (719) 633-1518
richard.young@bryancave.com
brent.rychener@bryancave.com

Attorneys for Defendant
MOUNTAIN WEST CONFERENCE

**JONES WALKER LLP**

By:      */s/ Mark A. Cunningham*
Mark A. Cunningham (*pro hac vice*)
201 St. Charles Avenue
New Orleans, LA 70170-5100
Telephone: (504) 582-8536
Facsimile: (504) 589-8536
mcunningham@joneswalker.com

Attorneys for Defendant
SUN BELT CONFERENCE

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.


*/s/ Jeffrey L. Kessler*
Jeffrey L. Kessler

STIPULATION AND [PROPOSED] ORDER REGARDING FOURTH ADDENDUM TO STIPULATED
PROTECTIVE ORDER - CASE NOS. 4:14-MD-02541-CW (NC) / CASE NO. 4:14-CV-02758-CW (NC)

1

**[PROPOSED] ORDER**

2

**PURSUANT TO THE FOREGOING STIPULATION OF THE PARTIES,**

3

4

 **IT IS SO ORDERED.**

5

Dated: _____

6

_____

7

The Honorable Claudia Wilken
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re:

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION

Case No. 14-md-02541 CW (NC)
Case No. 14-cv-02758 CW (NC)

**ORDER GRANTING STIPULATION ON FOURTH ADDENDUM TO PROTECTIVE ORDER**

Dkt. No. 1237

For good cause shown, the Court GRANTS ECF 1237, the stipulation regarding the fourth addendum to the protective order. For purposes of clarity, this order does not modify the standards or procedural requirements for filing materials under seal under N.D. Cal. Civil Local Rule 79-5. The parties must comply with Local Rule 79-5 if they seek to file materials under seal.

IT IS SO ORDERED.

Date: September 13, 2019

Nathanael M. Cousins
United States Magistrate Judge