# EXHIBIT C

Scott P. Cooper (SBN 096905)
Kyle A. Casazza (SBN 254061)
Shawn S. Ledingham, Jr. (SBN 275268)
Jacquelyn N. Ferry (SBN 287798)
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA  90067
Telephone:  (310) 557-2900
Facsimile:   (310) 557-2193
scooper@proskauer.com
kcasazza@proskauer.com
sledingham@proskauer.com
jferry@proskauer.com

*Counsel for Pac-12 Conference*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 4:14-md-02541-CW (NC)<br>Case No. 4:14-cv-02758-CW (NC)<br><br>STIPULATION AND [PROPOSED] ORDER REGARDING SECOND ADDENDUM TO STIPULATED PROTECTIVE ORDER |

All parties, by their respective counsel, hereby agree and stipulate to this proposed Second Addendum to the "Stipulated Protective Order Regarding Confidentiality of Documents and Materials" (the "Protective Order") (Dkt. 189) entered by the Court on January 15, 2015:

1.  Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Protective Order.

**ADDITIONAL CATEGORIES OF PROTECTED INFORMATION**

2.  The Protective Order will recognize a new category of discovery called Conference Strictly Confidential – Outside Litigation Counsel Only. The Protective Order will also recognize a new category of discovery called Network Strictly Confidential – Outside Litigation Counsel Only.

3.  Any party or non-party may designate as Conference Strictly Confidential – Outside Litigation Counsel Only (by stamping the relevant page or portion "Conference Strictly Confidential – Outside Litigation Counsel Only") any document, response to discovery, deposition transcript, or anything else furnished during the course of these actions that includes or concerns financial information, contractual terms, or other sensitive business information of a Conference Defendant (including summaries or analyses of such information that may identify the nature of such terms), that the Disclosing Party or their contractual counterparty considers in good faith to contain information, the disclosure of which to in-house counsel or specific individual outside counsel of another party or non-party would create a substantial risk of serious competitive, business, or financial harm ("Conference Strictly Confidential – Outside Litigation Counsel Only Information"). Where a document, response to discovery, deposition transcript, or anything else furnished during the course of these actions consists of more than one page, each page on which Conference Strictly Confidential – Outside Litigation Counsel Only Information appears shall be so designated. Conference Strictly Confidential – Outside Litigation Counsel Only Information may be disclosed only to those persons set forth in Paragraph 6 below.

4.  Any party or non-party may designate as Network Strictly Confidential – Outside Litigation Counsel Only (by stamping the relevant page or portion "Network Strictly Confidential – Outside Litigation Counsel Only") any document, response to discovery, deposition transcript, or

- 1 -

anything else furnished during the course of these actions that includes or concerns a term of any current, expired, or future media, network, or broadcasting contract, agreement, arrangement, or understanding (including summaries or analyses of such information that may identify the nature of such terms), that the Disclosing Party or their contractual counterparty considers in good faith to contain information, the disclosure of which to in-house counsel or specific individual outside counsel of another party or non-party would create a substantial risk of serious competitive, business, or financial harm ("Network Strictly Confidential – Outside Litigation Counsel Only Information").  Where a document, response to discovery, deposition transcript, or anything else furnished during the course of these actions consists of more than one page, each page on which Network Strictly Confidential – Outside Litigation Counsel Only Information appears shall be so designated.  Network Strictly Confidential – Outside Litigation Counsel Only Information may be disclosed only to those persons set forth in Paragraph 7 below.

5.     If any document, response to discovery, deposition transcript, or anything else furnished during the course of these actions is designated as Conference Strictly Confidential – Outside Litigation Counsel Only Information and then later designated (or is discovered to have been previously designated) as Network Strictly Confidential – Outside Litigation Counsel Only, it shall be treated and regarded as Network Strictly Confidential – Outside Litigation Counsel Only for all purposes.

**PERMISSIBLE DISCLOSURES OF INFORMATION
CONFERENCE STRICTLY CONFIDENTIAL – OUTSIDE
LITIGATION COUNSEL ONLY**

6.     Conference Strictly Confidential – Outside Litigation Counsel Only Information (that is designated as such in accordance with the terms of the Protective Order and this Second Addendum) shall not be disclosed, except to the following persons, and then only to the extent necessary to litigate these actions:

a.     Plaintiffs' Interim Co-Lead Class Counsel as appointed by the court (namely, Winston & Strawn LLP, Hagens Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw LLP) (Dkt. 82);

- 2 -

b. Outside litigation counsel of record for Defendants in this litigation, including those law firms' paralegals, assistants, and other employed staff;

c. Consultants or expert witnesses retained for the prosecution or defense of these actions, as well as members of said consultants' or expert witnesses' staffs assisting them in connection with these actions, provided that each such person shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Conference Strictly Confidential – Outside Litigation Counsel Only Information;

d. The original author, addressees, or recipients of the Conference Strictly Confidential – Outside Litigation Counsel Only Information;

e. The Court, court personnel and court reporters;

f. Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Conference Strictly Confidential – Outside Litigation Counsel Only Information; and

g. Witnesses (other than persons described in Paragraph 6(c) above) who testify at deposition or at trial, provided that (1) the Receiving Party has a good faith belief that such witness previously had access to or otherwise had obtained knowledge of the Conference Strictly Confidential – Outside Litigation Counsel Only Information; and (2) such witnesses shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Conference Strictly Confidential – Outside Litigation Counsel Only Information.

**PERMISSIBLE DISCLOSURES OF INFORMATION NETWORK STRICTLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY**

7. ESPN, Inc., ESPN Enterprises, Inc., American Broadcast Companies, Inc. ("ESPN/ABC"), Fox Broadcasting Company, Fox Cable Networks, Inc., Fox International Channels, Fox Sports Net, Inc., Big Ten Network, LLC ("Fox Networks"), CBS Broadcasting Inc., CSTV

Networks, Inc. d/b/a CBS Sports Network ("CBS"), or any future affiliates that move to intervene are hereby referred to as the "Network Intervenors". Network Strictly Confidential – Outside Litigation Counsel Only Information (that is designated as such in accordance with the terms of the Protective Order and this Second Addendum) shall not be disclosed, except to the following persons, and then only to the extent necessary to litigate these actions:

    a. Defendants' outside litigation counsel of record, including lawyers and other members and employees of those law firms assisting with litigation-related tasks in this case ("Authorized Outside Litigation Counsel"), provided that (1) absent written permission from each Network Intervenor, no individual attorney who has in the past been involved directly or indirectly in negotiating any media, network, or broadcasting contract, agreement, arrangement or understanding with any Network Intervenor may review Network Strictly Confidential – Outside Litigation Counsel Only Information to which such attorney did not have access prior to production of such Information in this action; and (2) any individual attorney who reviews Network Strictly Confidential – Outside Litigation Counsel Only Information of a Network Intervenor to which such attorney did not have access prior to production of such Information in this action may not, absent written permission from such Network Intervenor, participate directly or indirectly on or before March 31, 2021 in negotiating any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor, except that nothing in this Addendum shall be construed to require a Network Intervenor's permission for any individual attorney's participation in negotiating any agreements, arrangements, or understandings pertaining to discovery, motion practice, or other litigation-related matters in this lawsuit pertaining to Network Strictly Confidential – Outside Litigation Counsel Only Information of a Network Intervenor.

    i. Defendants' law firms acting as outside litigation counsel of record in these actions shall erect and maintain ethical walls limiting access to Network Strictly Confidential – Outside Litigation Counsel Only Information to Authorized Outside Litigation Counsel.

    ii. Absent a good faith basis for belief that any attorney other than Authorized Outside Litigation Counsel has reviewed Network Strictly Confidential – Outside

STIPULATION AND ORDER REGARDING SECOND ADDENDUM TO STIPULATED PROTECTIVE ORDER
CASE NOS. 4:14-MD-02541-CW (NC); 4:14-CV-02758-CW (NC)

Litigation Counsel Only Information, no Network Intervenor will assert the provisions of this Addendum as a basis to bar such attorney from engaging in future negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor.  In the event a Network Intervenor asserts the provisions of this sub-paragraph as a basis to bar an attorney from engaging in negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor, that Network Intervenor will withdraw its invocation of this sub-paragraph upon the subject attorney proffering an affidavit or declaration, subject to penalty of perjury, that he/she has not reviewed Network Strictly Confidential – Outside Litigation Counsel Only Information.

                iii.   No Network Intervenor shall assert that the provisions of this Addendum are a basis to bar an entire law firm from engaging in future negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor on the basis that the firm acted as outside litigation counsel of record in these actions;

        b.   Plaintiffs' Interim Co-Lead Class Counsel as appointed by the court (namely, Winston & Strawn LLP, Hagens Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw LLP) (Dkt. 82) and employees of such counsel;

        c.   Consultants or expert witnesses retained for the prosecution or defense of these actions, as well as members of said consultants' or expert witnesses' staffs assisting them in connection with these actions, subject to the provisions of Paragraphs 10-15 herein, and who have executed a copy of the certification annexed to this Second Addendum as Exhibit A before being shown or given any Network Strictly Confidential – Outside Litigation Counsel Only Information, provided that such individuals will not be involved directly or indirectly in negotiating any media, network, or broadcasting contract, agreement, arrangement, or understanding with any Network Intervenor, on or before January 1, 2021 (for the sake of clarity, subject to his/her compliance with this Protective Order, this Protective Order shall not preclude any such individuals from negotiating and/or entering into any contract or other arrangement or understanding with a Network Intervenor

- 5 -

STIPULATION AND ORDER REGARDING SECOND ADDENDUM TO STIPULATED PROTECTIVE ORDER
CASE NOS. 4:14-MD-02541-CW (NC); 4:14-CV-02758-CW (NC)

solely on his or her own behalf, including but not limited to any agreement to appear on any programming of a Network Intervenor);

        d. The original authors or recipients of the Network Strictly Confidential – Outside Litigation Counsel Only Information and in circumstances where the Network Strictly Confidential – Outside Counsel Only Information is an executed agreement, the parties to the agreement and their respective employees with access to such agreement in the ordinary course of business;

        e. The Court, court personnel and court reporters; and

        f. Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the certification annexed to this Second Addendum as Exhibit A before being shown or given any Network Strictly Confidential – Outside Litigation Counsel Only Information.

### FILING DOCUMENTS UNDER SEAL

8. No Network Strictly Confidential – Outside Litigation Counsel Only Information shall be filed in the public record without either the written permission of each Network Intervenor discussed or referenced therein, or a court order denying an Administrative Motion to File Under Seal such Network Strictly Confidential – Outside Litigation Counsel Only Information, provided that in the event any Administrative Motion to File Under Seal such Network Strictly Confidential – Outside Litigation Counsel Only Information is denied, the Network and the filing party agree to meet and confer within three (3) calendar days to discuss in good faith alternatives to filing the Network Strictly Confidential – Outside Litigation Counsel Only Information on the public record. The Network Intervenors preserve their rights to seek a writ of mandamus from the Ninth Circuit and/or a stay of any order denying an Administrative Motion to File Under Seal. No party may file such Network Strictly Confidential – Outside Litigation Counsel Only Information until seven (7) calendar days after the denial of any Administrative Motion to File Under Seal. At least five (5)

- 6 -

STIPULATION AND ORDER REGARDING SECOND ADDENDUM TO STIPULATED PROTECTIVE ORDER
CASE NOS. 4:14-MD-02541-CW (NC); 4:14-CV-02758-CW (NC)

business days in advance of the date or deadline on which any party or non-party seeks to file an Administrative Motion to File Under Seal regarding any Network Strictly Confidential – Outside Litigation Counsel Only Information, the filing entity shall provide written notice to each Network Intervenor discussed or referenced therein, as well as one (1) redacted copy and one (1) unredacted copy of the Information so designated.  However, if multiple Network Intervenors are discussed or referenced in the same document, no unredacted copies shall be provided to the Network Intervenors unless each of the applicable Network Intervenors discussed or referenced individually consent.  The parties shall otherwise comply with the applicable court rules (*e.g.*, N.D. Cal. Civil L.R. 79-5) regarding filing of documents under seal. Copies of any pleading, brief, or other document containing Network Strictly Confidential – Outside Litigation Counsel Only Information which is served on opposing counsel shall be stamped **"NETWORK STRICTLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY INFORMATION PURSUANT TO PROTECTIVE ORDER"**, shall be transmitted via email or cover letter and envelope bearing similar designation, and shall be treated in accordance with the provisions of the Protective Order, as amended.

### INCORPORATION OF PROTECTIVE ORDER

9. Except as set forth herein, for purposes of all Paragraphs of the Protective Order except Paragraph 13, both Conference Strictly Confidential – Outside Litigation Counsel Only Information and Network Strictly Confidential – Outside Litigation Counsel Only Information will receive the same treatment under each such Paragraph as Highly Confidential – Counsel Only Information.  Except as set forth herein, any challenges or objections concerning the designation of information as Conference Strictly Confidential – Outside Litigation Counsel Only Information or Network Strictly Confidential – Outside Litigation Counsel Only Information shall be made pursuant to Paragraph 14 of the Protective Order.

- 7 -

STIPULATION AND ORDER REGARDING SECOND ADDENDUM TO STIPULATED PROTECTIVE ORDER
CASE NOS. 4:14-MD-02541-CW (NC); 4:14-CV-02758-CW (NC)

**DISCLOSURE TO CONSULTANTS AND EXPERT WITNESSES**

10.     Information designated Conference Strictly Confidential – Outside Litigation Counsel Only Information or Network Strictly Confidential – Outside Litigation Counsel Only may be furnished and disclosed to the receiving party's consultants and expert witnesses and their necessary support personnel as is reasonably necessary for maintaining, defending or evaluating these actions. The terms "consultants" and "expert witnesses" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult and whom (with respect to information designated Network Strictly Confidential – Outside Litigation Counsel Only) complies with Paragraph 11.

11.     No disclosure of Conference Strictly Confidential – Outside Litigation Counsel Only Information or Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness or their necessary support personnel shall occur until that person has accurately completed and signed the certification annexed to this Second Addendum as Exhibit A, and a signed copy has been provided to the Disclosing Party; and to the extent there has been an objection under Paragraph 13 with respect to Network Strictly Confidential – Outside Litigation Counsel Only Information, that objection is resolved as discussed below.  A separate certification annexed to this Second Addendum as Exhibit A shall not be required for staff members working under the supervision of an individual signing the certification annexed hereto as Exhibit A.  An individual signing the certification annexed to this Second Addendum as Exhibit A, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with the terms of this Second Addendum.

12.     A party desiring to disclose Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness shall give prior written notice to the Disclosing Party as applicable, who shall have ten (10) business days after such notice is given to object in writing. The party desiring to disclose Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness must provide the following information for each consultant or expert witness:  the name, title, business address, residence state and country,

- 8 -

present occupation (or job description), past and present business relationships with the party retaining them or other party to the litigation, curriculum vitae, a list of all instances in which, during the last four (4) years, the consultant or expert witness testified by trial or deposition, and a certification annexed to this Second Addendum as Exhibit A signed by such consultant or expert witness.  No Network Strictly Confidential – Outside Litigation Counsel Only Information shall be disclosed to such consultant or expert witness until after the expiration of the foregoing ten (10) days' notice period.

13. A party objecting to disclosure of Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness shall state with particularity the ground(s) of the objection. The objecting party's consent to the disclosure of Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness shall not be unreasonably withheld.

14. The applicable parties shall meet and confer to attempt to resolve the dispute/objection within seven (7) days from the date of electronic delivery of the objection.  If the parties cannot resolve the dispute, the party seeking disclosure may move the Court for an order that access to Network Strictly Confidential – Outside Litigation Counsel Only Information be provided to the designated consultant or expert witness.  If the parties cannot resolve the dispute and the party seeking disclosure does not make such a motion within ten (10) business days of the electronic delivery of the objection, disclosure of Network Strictly Confidential – Outside Litigation Counsel Only Information shall not be made to the designated consultant or expert witness.  The parties agree to cooperate in good faith to shorten the time frames set forth in this Paragraph if necessary to abide by any discovery or briefing schedules.  If a motion is made by the party seeking disclosure, it shall be the burden of the party seeking disclosure to demonstrate by a preponderance of the evidence that Network Strictly Confidential – Outside Litigation Counsel Only Information should be allowed to be disclosed to the consultant or expert witness.

15. Failure to object to a consultant or expert witness shall not preclude the non-objecting party from later objecting to continued access by that consultant or expert witness where facts

- 9 -

suggesting a basis for objection could not have been discovered by the objecting party or its counsel, exercising due diligence, within the period for making a timely objection.  A later objection to a consultant or expert witness cannot be made on the basis of information disclosed pursuant to Paragraph 12, except to the extent that said disclosure contained a material omission or misrepresentation.

      IT IS SO STIPULATED.

- 10 -

STIPULATION AND ORDER REGARDING SECOND ADDENDUM TO STIPULATED PROTECTIVE ORDER
CASE NOS. 4:14-MD-02541-CW (NC); 4:14-CV-02758-CW (NC)

Dated: October 6, 2016                                          Respectfully submitted,

By /s/ *Steve W. Berman*                                        By /s/ *David G. Feher*
    Steve W. Berman (*pro hac vice*)                                   Jeffrey L. Kessler (*pro hac vice*)
    Ashley Bede (*pro hac vice*)                                        David G. Feher (*pro hac vice*)
    HAGENS BERMAN SOBOL SHAPIRO                                         David L. Greenspan (*pro hac vice*)
    LLP                                                                 Timothy M. Nevius (*pro hac vice*)
    1918 Eighth Avenue, Suite 3300                                      Joseph A. Litman (*pro hac vice*)
    Seattle, WA 98101                                                   WINSTON & STRAWN LLP
    Telephone: (206) 623-7292                                           200 Park Avenue
    Facsimile:  (206) 623-0594                                          New York, NY 10166-4193
    *steve@hbsslaw.com*                                                 Telephone: (212) 294-6700
    *ashleyb@hbsslaw.com*                                               Facsimile: (212) 294-4700
                                                                        *jkessler@winston.com*
    Jeff D. Friedman (173886)                                           *dfeher@winston.com*
    Jon T. King (205073)                                                *dgreenspan@winston.com*
    HAGENS BERMAN SOBOL SHAPIRO                                         *tnevius@winston.com*
    LLP                                                                 *jlitman@winston.com*
    715 Hearst Avenue, Suite 202
    Berkeley, CA 94710                                                  Sean D. Meenan (SBN 260466)
    Telephone: (510) 725-3000                                           Jeanifer E. Parsigian (SBN 289001)
    Facsimile: (510) 725-3001                                           WINSTON & STRAWN LLP
    *jonk@hbsslaw.com*                                                  101 California Street
    *jefff@hbsslaw.com*                                                 San Francisco, CA 94111
                                                                        Telephone: (415) 591-1000
By /s/ *Bruce L. Simon*                                         Facsimile: (415) 591-1400
    Bruce L. Simon (96241)                                              *smeenan@winston.com*
    Aaron M. Sheanin (214472)                                           *jparsigian@winston.com*
    Benjamin E. Shiftan (265767)
    PEARSON, SIMON & WARSHAW, LLP                                       Counsel for *Jenkins* Plaintiffs
    44 Montgomery Street, Suite 2450                                    *Interim Class Counsel*
    San Francisco, CA 94104
    Telephone:  (415) 433-9000
    Facsimile:   (415) 433-9008
    *bsimon@pswlaw.com*
    *asheanin@pswlaw.com*
    *bshiftan@pswlaw.com*

    Counsel for *Consolidated Plaintiffs*
    *Interim Co-Lead Class Counsel*

- 11 -

STIPULATION AND ORDER REGARDING SECOND ADDENDUM TO STIPULATED PROTECTIVE ORDER
CASE NOS. 4:14-MD-02541-CW (NC); 4:14-CV-02758-CW (NC)

| | |
|---|---|
| By /s/ *D. Erik Albright*<br>    D. Erik Albright<br>    SMITH MOORE LEATHERWOOD LLP<br>    300 North Greene Street, Suite 1400<br>    Greensboro, NC  27401<br>    Telephone:  (336) 378-5368<br>    Facsimile:   (336) 433-7402<br>    erik.albright@smithmorrelaw.com<br><br>    Jonathan P. Heyl<br>    SMITH MOORE LEATHERWOOD LLP<br>    101 N. Tryon Street, Suite 1300<br>    Charlotte, NC 28246<br>    Telephone: (704) 384-2625<br>    Facsimile: (704) 384-2625<br>    jon.heyl@smithmoorelaw.com<br><br>    Charles La Grange Coleman, III<br>    HOLLAND & KNIGHT LLP<br>    50 California Street, Suite 2800<br>    San Francisco, CA  94111-4624<br>    Telephone:  (415) 743-6900<br>    Facsimile:  (415) 743-6910<br>    ccoleman@hklaw.com<br><br>    *Counsel for The Atlantic Coast Conference*<br><br>By  /s/ *Andrew S. Rosenman*<br>    Andrew S. Rosenman<br>    Britt M. Miller<br>    MAYER BROWN LLP<br>    71 South Wacker Drive<br>    Chicago, IL  60606-46537<br>    Telephone:  (312) 782-0600<br>    Facsimile:   (312) 701-7711<br>    arosenman@mayerbrown.com<br>    bmiller@mayerbrown.com<br><br>    Richard J. Favretto<br>    MAYER BROWN LLP<br>    1999 K Street, N.W.<br>    Washington, D.C.  20006-1101<br>    Telephone:  (202) 263-3000<br>    Facsimile:   (202) 263-3300<br>    rfavretto@mayerbrown.com<br><br>    *Counsel for The Big Ten Conference, Inc.* | By /s/ *Scott P. Cooper*<br>    Scott P. Cooper (SBN 096905)<br>    Kyle A. Casazza (SBN 254061)<br>    Shawn S. Ledingham, Jr. (SBN 275268)<br>    Jacquelyn N. Ferry (SBN 287798)<br>    PROSKAUER ROSE LLP<br>    2049 Century Park East, Suite 3200<br>    Los Angeles, CA  90067<br>    Telephone:  (310) 557-2900<br>    Facsimile:   (310) 557-2193<br>    scooper@proskauer.com<br>    kcasazza@proskauer.com<br>    sledingham@proskauer.com<br>    jferry@proskauer.com<br><br>    *Counsel for Pac-12 Conference*<br><br>By /s/ *Robert W. Fuller*<br>    Robert W. Fuller, III<br>    Nathan C. Chase Jr.<br>    Mark W. Merritt<br>    Lawrence C. Moore, III<br>    Pearlynn G. Houck<br>    Amanda R. Pickens<br>    ROBINSON BRADSHAW & HINSON<br>    101 N. Tryon St., Suite 1900<br>    Charlotte, NC  28246<br>    Telephone:  (704) 377-2536<br>    Facsimile:   (704) 378-4000<br>    rfuller@rbh.com<br>    nchase@rbh.com<br>    mmerritt@rbh.com<br>    lmoore@rbh.com<br>    phouck@rbh.com<br>    apickens@rbh.com<br><br>    Mark J. Seifert<br>    Robert R. Moore<br>    ALLEN MATKINS LECK GAMBLE<br>    MALLORY & NATSIS LLP<br>    Three Embarcadero Center, 12th Floor<br>    San Francisco, CA  94111<br>    Telephone:  (415) 837-1515<br>    Facsimile:  (415) 837-1516<br>    mseifert@allenmatkins.com<br>    rmoore@allenmatkins.com<br><br>    *Counsel for Southeastern Conference* |

| | |
|---|---|
| By /s/ *Leane K. Capps*<br>Leane K. Capps<br>Caitlin J. Morgan<br>POLSINELLI PC<br>2950 N. Harwood Street, Suite 2100<br>Dallas, TX  75201<br>Telephone:  (214) 397-0030<br>lcapps@polsinelli.com<br><br>Amy D. Fitts<br>POLSINELLI PC<br>120 W. 12th Street<br>Kansas City, MO 64105<br>Telephone:  (816) 218-1255<br>afitts@polsinelli.com<br><br>Wesley D. Hurst<br>POLSINELLI PC<br>2049 Century Park East, Suite 2300<br>Los Angeles, CA  90067<br>Telephone:  (310) 556-1801<br>whurst@polsinelli.com<br><br>*Counsel for the Big 12 Conference, Inc.* | By /s/ *J. Wesley Earnhardt*<br>Evan R. Chesler (admitted to N.D. Cal. on September 24, 1982)<br>Roger G. Brooks (pro hac vice)<br>J. Wesley Earnhardt (pro hac vice)<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>Telephone: (212) 474-1000<br>Facsimile:  (212) 474-3700<br>echesler@cravath.com<br>rgbrooks@cravath.com<br>wearnhardt@cravath.com<br><br>*Attorneys for intervenors ESPN, Inc., ESPN Enterprises, Inc., and American Broadcasting Companies, Inc.* |
| By /s/ *David R. Singer*<br>Richard L. Stone (Cal. Bar No. 110022)<br>rstone@jenner.com<br>David R. Singer (Cal. Bar No. 204699)<br>dsinger@jenner.com<br>Jeffrey A. Atteberry (Cal. Bar No. 266728)<br>jatteberry@jenner.com<br>JENNER & BLOCK LLP<br>633 West 5th Street, Suite 3600<br>Los Angeles, California 90071<br>Telephone: (213) 239-5100<br>Facsimile: (213) 239-5199<br><br>*Counsel for intervenors Fox Broadcasting Company, Fox Cable Networks, Inc., and Fox International Channels (US), Inc.* | By /s/ *Yehudah L. Buchweitz*<br>CHRISTOPHER J. COX (Bar No. 151650)<br>Email: chris.cox@weil.com<br>DAVID R. SINGH (Bar No. 300840)<br>Email: david.singh@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Telephone: (650) 802-3000<br>Facsimile: (650) 802-3100<br><br>JAMES W. QUINN (*pro hac vice*)<br>Email: james.quinn@weil.com<br>YEHUDAH L. BUCHWEITZ (*pro hac vice*)<br>Email: yehudah.buchweitz@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for intervenor CBS Broadcasting Inc.* |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

/s/ *Scott P. Cooper*
SCOTT P. COOPER

SO ORDERED.

Dated: October 12, 2016

The Honorable
United States Magistrate Judge



**EXHIBIT A**

I, _____, state:

1. My business address is:

2. My present employer is:

3. My present occupation or job description (including my title) is:

4. My past and present business relationships with the parties to this litigation are:

5. For experts or consultants only, a copy of my curriculum vitae is attached hereto.

6. For experts or consultants only, in accordance with the Protective Order, First Addendum, and Second Addendum, I have provided a list of all instances in which, during the last four (4) years, I testified at trial or deposition.

7. I have received a copy of the Stipulated Protective Order Regarding Confidentiality of Documents and Materials (the "Protective Order") entered in the case of *In re: National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation,* in the United States District Court for the Northern District of California, No. 4:14-MD-2541-CW, entered by the Court on January 15, 2015, the Stipulation and Order Regarding Addendum to Stipulated Protective Order ("First Addendum") entered by the Court on July 9, 2015, and the Stipulation and Order Regarding Second Addendum to Stipulated Protective Order ("Second Addendum") entered by the Court on [_____].

8. I have carefully read the Protective Order, First Addendum, and Second Addendum and understand their provisions.

9. I will comply with all the provisions of the Protective Order, First Addendum, and Second Addendum.

10. I will hold in confidence and will not disclose to anyone not qualified under the Protective Order, First Addendum, or Second Addendum any documents designated Confidential, Highly Confidential – Counsel Only, Highly Confidential NCAA Member Financial Data – Lead Counsel Only, Conference Strictly Confidential – Outside Litigation Counsel Only Information, or Network Strictly Confidential – Outside Litigation Counsel Only, and I will use such Confidential Information and/or Highly Confidential – Counsel Only Information and/or Highly Confidential NCAA Member Financial Data and/or Network Strictly Confidential – Outside Litigation Counsel Only Information only for the allowed purposes stated in the Protective Order, First Addendum, and Second Addendum.

    11.  I will return all documents that are designated Confidential, Highly Confidential – Counsel Only, Highly Confidential NCAA Member Financial Data – Lead Counsel Only, Conference Strictly Confidential – Outside Litigation Counsel Only Information, or Network Strictly Confidential – Outside Litigation Counsel Only, to counsel for the party from whom I obtained such documents.

    12.  I will submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of the enforcement of the Protective Order, First Addendum, or Second Addendum and understand that violation of the Protective Order, First Addendum, or Second Addendum can constitute contempt of Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

SIGNED _____, 201\_\_\_.

_____
            Signature

_____
           Printed Name

- 2 -

STIPULATION AND ORDER REGARDING SECOND ADDENDUM TO STIPULATED PROTECTIVE ORDER
CASE NOS. 4:14-MD-02541-CW (NC); 4:14-CV-02758-CW (NC)