Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Tamarra Matthews Johnson (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com

Rahul Hari (SBN 313528)
WILKINSON STEKLOFF LLP
11601 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Telephone: (424) 291-9655
Facsimile: (202) 847-4005
rhari@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| GRANT HOUSE, et al.,<br><br>         Plaintiffs,<br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al.,<br><br>         Defendants. | No. 4:20-cv-03919-CW<br>No. 4:20-cv-04527-CW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY DISCOVERY** |
| TYMIR OLIVER, on behalf of himself and all others similarly situated,<br><br>         Plaintiffs,<br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al.,<br><br>         Defendants. | Date:    February 24, 2021<br>Time:    2:30 p.m.<br>Courtroom: Courtroom 2, 4th Floor<br>Before:   Hon. Claudia Wilken |

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  Please take notice that on February 24, 2021, at 2:30 p.m., or as soon thereafter as the matter may be

3  heard by the Court, at the courtroom of the Honorable Claudia Wilken, Courtroom 2, 4th Floor, United

4  States District Court, 1301 Clay Street, Oakland, California, Defendants National Collegiate Athletic

5  Association, Pac-12 Conference, The Big Ten Conference, The Big 12 Conference, Southeastern

6  Conference, and Atlantic Coast Conference will and hereby do move the Court for a temporary stay

7  of discovery and tolling of discovery deadlines in the *House* and *Oliver* cases.  The basis for this motion

8  is the Court's inherent power to control its own docket in the interests of judicial efficiency.

DATED: January 15, 2021                **WILKINSON STEKLOFF LLP**
                                       By:   */s/ Beth A. Wilkinson*

                                       Beth A. Wilkinson (*pro hac vice*)
                                       Rakesh N. Kilaru (*pro hac vice*)
                                       Tamarra Matthews Johnson (*pro hac vice*)
                                       Kieran Gostin (*pro hac vice*)
                                       2001 M Street NW, 10th Floor
                                       Washington, DC 20036
                                       Telephone: (202) 847-4000
                                       Facsimile: (202) 847-4005
                                       bwilkinson@wilkinsonstekloff.com
                                       rkilaru@wilkinsonstekloff.com
                                       tmatthewsjohnson@wilkinsonstekloff.com
                                       kgostin@wilkinsonstekloff.com

                                       Rahul Hari (SBN 313528)
                                       11601 Wilshire Blvd., Suite 600
                                       Los Angeles, CA 90025
                                       Los Angeles, CA 90025
                                       Telephone: (424) 291-9655
                                       Facsimile: (202) 847-4005
                                       rhari@wilkinsonstekloff.com

                                       Attorneys for Defendant
                                       NATIONAL COLLEGIATE ATHLETIC
                                       ASSOCIATION

NOTICE OF MOTION AND MOTION TO STAY                    Case No. 4:20-cv-03919-CW
                                                       Case No. 4:20-cv-04527-CW

1

Defendants respectfully request that the Court stay and toll all discovery deadlines pending this Court's resolution of Defendants' motion to dismiss (*House* ECF No. 101, *Oliver* ECF No. 35) and the Supreme Court's resolution of *NCAA v. Alston* and *American Athletic Conference v. Alston*. At the November 18, 2020 Case Management Conference, the Court announced a schedule through trial in 2023 that was predicated on the issuance of a motion to dismiss decision by December 1, 2020. As of the date of this filing, the motion to dismiss is still pending. The Supreme Court has also now granted review in *Alston* addressing whether NCAA "rules regarding compensation of student-athletes violate federal antitrust law," [NCAA Pet. for Writ of Cert.](#) at i, *NCAA v. Alston* (2020) (No. 20-512), and the appropriate standard of review that should be applied to those rules, [AAC Pet. for Writ of Cert.](#) at i, *Am. Athletic Conf. v. Alston* (2020) (No. 20-520). The Supreme Court's decision is expected by the end of June. Principles of fairness and judicial economy counsel in favor of waiting for these developments before proceeding with wide-ranging and costly discovery.

There can be no real dispute that the Court's ruling on the motion to dismiss will provide guidance to the parties concerning the scope of discovery. Defendants submit that their motion to dismiss should be granted even if the Supreme Court affirms in *Alston*; Defendants' motion assumed the continuing validity of that decision and did not rely on any potential modification by the Supreme Court. But the pendency of the *Alston* appeal also weighs heavily in favor of a stay because "'it would prove to be an extraordinary waste of time and money' to continue litigating this case 'only to have to do it all again because . . . the parties and the Court were proceeding under a legal framework that the [Supreme Court] determined did not apply.'" *Robledo v. Randstad US L.P.*, 2017 WL 4934205 at *5 (N.D. Cal. Nov. 1, 2017) (quoting *Meijer, Inc. v. Abbott Labs.*, 2009 WL 723882, at *4 (N.D. Cal. Mar. 18, 2009) (Wilken, J.)). These complaints involve broad challenges to NCAA "rules regarding compensation of student-athletes," NCAA Pet. at i, and the scope of discovery is potentially massive—encompassing, to date, 44 pending requests for documents spanning up to a decade on top of hundreds of thousands of documents produced in prior litigation. With trial currently set over two years from now, there is no downside to waiting for this Court's and the Supreme Court's soon-forthcoming

1  guidance on whether any of Plaintiffs' claims can survive Rule 12 "before allowing a potentially
2  massive factual controversy to proceed." *Bell Atl. v. Twombly*, 550 U.S. 544, 558 (2007).

3  Defendants have met and conferred with Plaintiffs on this motion. During those discussions,
4  Defendants offered to continue to meet and confer on Plaintiffs' Requests for Production to ensure the
5  case continues to move forward. Plaintiffs indicated that they oppose a stay of discovery, but during
6  the negotiations, did not articulate how they would be prejudiced by a brief stay.

## ARGUMENT

District courts possess considerable discretion to stay proceedings, including based on "independent proceedings which bear upon the case." *Robledo*, 2017 WL 4934205 at *2 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts may issue a "*Landis* stay" upon consideration of three factors: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Saunders v. Sunrun, Inc.*, 2020 WL 6342937, at *1 (N.D. Cal. Oct. 29, 2020) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). As this Court has previously concluded, a stay is warranted where a pending decision "will have at least some bearing on these cases" and "may even be case-dispositive." *Meijer*, 2009 WL 723882 at *3. Though the party seeking a stay need not satisfy all three factors, Defendants do so here.

**I.    Plaintiffs Will Not Be Harmed by a Stay.**

The short duration of the requested stay and the potential efficiencies gained by the brief pause in discovery preclude Plaintiffs from establishing prejudice. A party generally cannot demonstrate prejudice where a case is in its early stages and no injunctive relief is expected to be imposed before the stay would conclude. *See Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *5 (N.D. Cal. Dec. 10, 2014) (no more than "minimal" prejudice where "action is at an early stage of litigation" and "any prospective injunctive relief is unlikely to be addressed by this Court or a jury before [the higher court] issues a decision"); *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 2015 WL 1006582, at *2 (N.D. Cal.

1  Mar. 6, 2015) (no meaningful prejudice where "very little substantive work has been done in this case,
2  and there are no immediately pressing deadlines or trial dates").

3        That is exactly the case here.  There is no dispute that this case is in its early stages, with
4  discovery having started less than two months ago and slated to run through 2022.  The potential stay
5  would last no more than six months:  This Court envisioned a quick ruling on the motion to dismiss,
6  and the Supreme Court's decision in *Alston* is expected by the end of June.  *See Larroque v. First*
7  *Advantage Lns Screening Sols., Inc.*, 2016 WL 39787, at *2 (N.D. Cal. Jan. 4, 2016) (noting that six-
8  month stay pending a Supreme Court decision amounted to "possible . . . minimal" prejudice).  And
9  under the current schedule proposed by the parties and adopted by the Court, Plaintiffs cannot obtain
10 injunctive relief until at least the end of 2023, almost three years from today, when these cases may go
11 to trial.  Plaintiffs simply cannot establish prejudice from an at-most six-month stay of discovery under
12 these circumstances.[1]

13 **II.    Defendants Face Hardship If a Stay Is Not Granted.**

14       Because there is no "fair possibility that the stay . . . will work damage to [Plaintiffs],"
15 Defendants need not "make out a clear case of hardship or inequity in being required to go forward."
16 *See Landis*, 299 U.S. at 255.  But, even so, the hardship is clear in this case.  The court ordered the
17 substantial completion of document production by June 1, 2021, six months after the anticipated
18 motion to dismiss ruling.  The scope of discovery sought based on the current complaints is extensive.
19 Unlike the preceding cases, the class here spans all Division I athletes.  And Plaintiffs' first set of
20 requests for production, served on December 2, 2020, includes 44 separate document requests.  Those
21 requests seek documents dating back a full decade in some cases, and, as drafted, relating to an
22 extraordinarily broad set of issues.  The collection, review, and production process will thus be
23 expensive, time-consuming, and resource-draining.  But the volume of information that needs to be

---

[1] In the event that a stay is granted and their motion to dismiss is denied in whole or in part, Defendants will be prepared to hit the ground running on discovery whenever a Supreme Court decision is issued and a stay is lifted. In addition to meeting and conferring with Plaintiffs on a stay motion, Defendants have been diligently working to respond to Plaintiffs' requests for production and intend to serve their responses by the January 19, 2021 deadline.

NOTICE OF MOTION AND MOTION TO STAY       Case No. 4:20-cv-03919-CW
      Case No. 4:20-cv-04527-CW

4

produced—and the amount of resources that need be expended—may be substantially narrowed, or rendered altogether unnecessary, depending on this Court and the Supreme Court's pending rulings.

In *Larroque*, a court in this District held, in similar circumstances, that the defendant would "suffer significant hardship if the case is not stayed because it will be required to defend a large putative class action—engaging in expansive discovery and possibly class certification briefing—that may be rendered moot and unnecessary within in the next six months." 2016 WL 39787, at *2; *see also Erceg v. LendingClub Corp.*, 2020 WL 4340173, at *5 (N.D. Cal. July 28, 2020) (granting a stay pending the California Supreme Court's ruling on a related appeal where the stay would "result in minimal harm to the parties and w[ould] eliminate a potential hardship by not requiring the parties to go forward with premature discovery"); *Nguyen v. Marketsource, Inc.*, 2018 WL 2182633, at *6 (S.D. Cal. May 11, 2018) (crediting the "concrete harms [the defendant would] suffer if the stay is denied," where those harms comprise that the defendant "would have to engage in collective and class action discovery, which would be a waste of time and resources pending the outcome of [the Supreme Court's decision in a related case]").

There is no basis for a different outcome here. By proceeding with discovery while the motion to dismiss and a Supreme Court case remain pending, the parties "would all face risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary." *Larson v. Trans Union, LLC*, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015); *see also Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (granting stay of discovery pending motion to dismiss because it would conserve resources); *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (granting a three-month discovery stay pending hearing on motion to dismiss where the hearing would "provide significant guidance to the parties about the scope of the pleadings that will be allowed to go forward"). When considered against the comparative lack of harm to Plaintiffs from a short stay of discovery, the harm to Defendants of engaging in broad-ranging discovery related to multiple sub-classes and legal claims under an uncertain legal framework weighs in favor of a stay.

### III. Judicial Economy Will Be Served by a Stay.

Undertaking premature discovery will not only burden Defendants, it also risks wasting judicial resources. Even at a stage of litigation where the only pending activity in the case is discovery, "[j]udicial resources also may be unnecessarily expended . . . resolving discovery disputes" that arise between the parties. *Larroque*, 2016 WL 39787, at *2; *see also Stone v. Sterling Infosys., Inc.*, 2015 WL 4602968, at *2 (E.D. Cal. July 29, 2015). Notwithstanding the parties' best efforts, such disputes are likely given the scope and nature of the requests so far. And some of those disputes may be avoidable depending on this Court's and the Supreme Court's forthcoming decisions.

Plaintiffs seek discovery in these cases on the premise that their claims are not duplicative of previous challenges and that the NCAA's student-athlete eligibility and compensation rules, and the justifications for those rules, should be subject to additional detailed factual scrutiny. As in other similar cases, "[a]lthough the Supreme Court's ruling in [*Alston*] may not resolve *all* of the claims in this lawsuit, it will undoubtedly provide the Court significant guidance in deciding the merits and will therefore 'simplify[ ] . . . issues, proof, and questions of law. *CMAX*, 300 F.2d at 268. Under these circumstances, judicial economy and the orderly course of justice are best served by staying this matter pending the Supreme Court's decision." *Yohn v. Cal. Teachers Ass'n*, 2017 WL 10439829, at *3 (C.D. Cal. Nov. 13, 2017); *see also Robledo*, 2017 WL 4934205, at *5 ("[I]t would prove to be an extraordinary waste of time and money to continue litigating this case only to have to do it all again because . . . the parties and the Court were proceeding under a legal framework that the Supreme Court determined did not apply.").

### CONCLUSION

The Court should stay discovery in *House* and *Oliver* pending this Court's resolution of Defendants' motion to dismiss and the United States Supreme Court's decision in *Alston*.

DATED: January 15, 2021                                          Respectfully submitted.

| | |
|---|---|
| **WILKINSON STEKLOFF LLP** | **PROSKAUER ROSE LLP** |
| By: ___*/s/ Beth A. Wilkinson*___ | By: ___*/s/ Scott P. Cooper*___ |
| Beth A. Wilkinson (*pro hac vice*)<br>Rakesh N. Kilaru (*pro hac vice*)<br>Tamarra Matthews Johnson (*pro hac vice*)<br>Kieran Gostin (*pro hac vice*)<br>2001 M Street NW, 10th Floor<br>Washington, DC 20036<br>Telephone: (202) 847-4000<br>Facsimile: (202) 847-4005<br>bwilkinson@wilkinsonstekloff.com<br>rkilaru@wilkinsonstekloff.com<br>tmatthewsjohnson@wilkinsonstekloff.com<br>kgostin@wilkinsonstekloff.com<br><br>Rahul Hari (SBN 313528)<br>11601 Wilshire Blvd., Suite 600<br>Los Angeles, CA 90025<br>Telephone: (424) 291-9655<br>Facsimile: (202) 847-4005<br>rhari@wilkinsonstekloff.com<br><br>Attorneys for Defendant<br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION | Bart H. Williams (SBN 134009)<br>Scott P. Cooper (SBN 96905)<br>Kyle A. Casazza (SBN 254061)<br>Shawn S. Ledingham, Jr. (SBN 275268)<br>Jennifer L. Jones (SBN 284624)<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Telephone: (310) 557-2900<br>Facsimile: (310) 557-2193<br>bwilliams@proskauer.com<br>scooper@proskauer.com<br>kcasazza@proskauer.com<br>sledingham@proskauer.com<br>jljones@proskauer.com<br><br>Attorneys for Defendant<br>PAC-12 CONFERENCE |

| | |
|---|---|
| **MAYER BROWN LLP** | **ROBINSON BRADSHAW & HINSON, P.A.** |
| By: ___/s/ Britt M. Miller___ | By: ___/s/ Robert W. Fuller___ |
| Britt M. Miller (*pro hac vice*)<br>Matthew D. Provance (*pro hac vice*)<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 782-0600<br>Facsimile: (312) 701-7711<br>bmiller@mayerbrown.com<br>mprovance@mayerbrown.com<br><br>Christopher J. Kelly (SBN 276312)<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>Telephone: (650) 331-2000<br>Facsimile: (650) 331-2060<br>cjkelly@mayerbrown.com<br><br>Attorneys for Defendant<br>THE BIG TEN CONFERENCE, INC. | Robert W. Fuller, III (*pro hac vice*)<br>Lawrence C. Moore, III (*pro hac vice*)<br>Pearlynn G. Houck (*pro hac vice*)<br>Amanda P. Nitto (*pro hac vice*)<br>101 N. Tryon St., Suite 1900<br>Charlotte, NC 28246<br>Telephone: (704) 377-2536<br>Facsimile: (704) 378-4000<br>rfuller@robinsonbradshaw.com<br>lmoore@robinsonbradshaw.com<br>phouck@robinsonbradshaw.com<br>apickens@robinsonbradshaw.com<br><br>Mark J. Seifert (SBN 217054)<br>Seifert Law Firm<br>50 California Street, Suite 1500<br>San Francisco, CA 94111<br>Telephone: (415) 999-0901<br>Facsimile: (415) 901-1123<br>mseifert@seifertfirm.com<br><br>Attorneys for Defendant<br>SOUTHEASTERN CONFERENCE |

| | | |
|---|---|---|
| 1 | **POLSINELLI PC** | **FOX ROTHSCHILD LLP** |
| 2 | By:  /s/ Leane K. Capps | By:  /s/ D. Erik Albright |
| 3 | Leane K. Capps (*pro hac vice*) | D. Erik Albright (*pro hac vice*) |
| | Caitlin J. Morgan (*pro hac vice*) | Gregory G. Holland (*pro hac vice*) |
| 4 | D. Rockwell Bower (*pro hac vice*) | 230 North Elm Street, Suite 1200 |
| | 2950 N. Harwood Street, Suite 2100 | Greensboro, NC 27401 |
| 5 | Dallas, TX 75201 | Telephone: (336) 378-5368 |
| | Telephone: (214) 397-0030 | Facsimile: (336) 378-5400 |
| 6 | lcapps@polsinelli.com | ealbright@foxrothschild.com |
| | cmorgan@polsinelli.com | gholland@foxrothschild.com |
| 7 | rbower@polsinelli.com | |
| | | Jonathan P. Heyl (*pro hac vice*) |
| 8 | Amy D. Fitts (*pro hac vice*) | 101 N. Tryon Street, Suite 1300 |
| | 120 W. 12th Street | Charlotte, NC 28246 |
| 9 | Kansas City, MO 64105 | Telephone: (704) 384-2625 |
| | Telephone: (816) 218-1255 | Facsimile: (704) 384-2800 |
| 10 | afitts@polsinelli.com | jheyl@foxrothschild.com |
| 11 | Wesley D. Hurst (SBN 127564) | Alexander Hernaez (SBN 201441) |
| | 2049 Century Park East, Suite 2300 | 345 California Street, Suite 2200 |
| 12 | Los Angeles, CA 90067 | San Francisco, CA 94104-2670 |
| | Telephone: (310) 556-1801 | Telephone: (415) 364-5540 |
| 13 | whurst@polsinelli.com | Facsimile: (415) 391-4436 |
| | | ahernaez@foxrothschild.com |
| 14 | Attorneys for Defendant | |
| | THE BIG 12 CONFERENCE, INC. | Attorneys for Defendant |
| 15 | | ATLANTIC COAST CONFERENCE |

**E-FILING ATTESTATION**

I, Beth A. Wilkinson, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                            */s/ Beth A. Wilkinson*
                                            BETH A. WILKINSON