Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone:  (202) 847-4000
Facsimile:  (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com

Rahul Hari (SBN 313528)
WILKINSON STEKLOFF LLP
11601 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Telephone:  (424) 291-9655
Facsimile:  (202) 847-4005
rhari@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| GRANT HOUSE, et al., | No. 4:20-cv-03919-CW |
| Plaintiffs, | No. 4:20-cv-04527-CW |
| v. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY** |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., | |
| Defendants. | |
| TYMIR OLIVER, on behalf of himself and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., | |
| Defendants. | |

1    As the Ninth Circuit has made clear, whether to grant a *Landis* stay turns on "the circumstances

2    of this case." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1113 (9th Cir. 2005).   The relevant

3    circumstances are as follows:   (1) Defendants' motion to dismiss the case in full remains pending;

4    (2) the Supreme Court will issue a decision within five months that, in Plaintiffs' own words, "may be

5    informative," Opp. 3; and (3) the earliest Plaintiffs could obtain any relief from this Court would be in

6    late 2023.   These undisputed facts merit a temporary stay of discovery, and Plaintiffs' Opposition

7    provides no justification for thinking otherwise.

8    As an initial matter, Plaintiffs' request for injunctive relief does not, as they suggest (Opp. 1),

9    make a *Landis* stay inappropriate.   Courts in this District routinely grant stays in cases seeking

10   injunctive relief based on alleged ongoing harm.   *See, e.g.*, *Grundstrom v. Wilco Life Ins. Co.*, 2020

11   WL 6873645, at *3–4 (N.D. Cal. Oct. 13, 2020) (granting *Landis* stay pending a decision from either

12   the Ninth Circuit or California Supreme Court in potentially informative cases); *Gustavson v. Mars,*

13   *Inc.*, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) (similar).   *Lockyer*—decided before both those

14   cases—is not to the contrary.   Indeed, the Ninth Circuit specifically noted that it did "not intend that

15   this opinion be read to restrict unduly the ability of the district court, in appropriate cases, to issue

16   *Landis* stays." 398 F.3d at 1112–13. The issue in *Lockyer* was whether to stay an enforcement action

17   by the Attorney General of California pending bankruptcy court proceedings against the defendant.

18   *Id.* at 1100.   After rejecting arguments that the automatic bankruptcy stay should apply, *id.* at 1107–

19   09, the Ninth Circuit also concluded that a *Landis* stay was "improper in the circumstances of [that]

20   case," *id.* at 1113.   In reaching that conclusion, the court did not hold that a request for injunctive relief

21   was sufficient to defeat a stay motion.   Instead, it emphasized that the case involved Clayton Act claims

22   by the Attorney General in furtherance of his "police or regulatory power," and, in that context, the

23   distinct "proceeding in the bankruptcy court [wa]s unlikely to decide, or contribute to the decision of,

24   the factual and legal issues before the district court." *Id.* at 1112–13.

25   The balance of considerations is quite different in this private-party lawsuit.   Defendants

26   maintain that their motion to dismiss can and should be granted apart from the Supreme Court's

27

28   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY          Case No. 4:20-cv-03919-CW
                                                             Case No. 4:20-cv-04527-CW

1

resolution of *Alston*, which would eliminate the need for all or at least some of the substantial discovery Plaintiffs have already sought.  But Plaintiffs do not and cannot seriously dispute that, unlike the bankruptcy court decision in *Lockyer*, the Supreme Court's decision in *Alston* could "contribute to the decision of[] the factual and legal issues before the district court," including on discovery.  *Id.* at 1113.  Among other things, the opening briefs in *Alston* asked the Supreme Court to hold that NCAA rules should be evaluated under "abbreviated deferential review" and "upheld on the pleadings," NCAA Br. 3, *NCAA v. Alston* (2020) (No. 20-512); *see* AAC Br. 13–14, *Am. Athletic Conf. v. Alston* (2020) (No. 20-520)—a ruling that would obviate or seriously curtail the scope of discovery in this case.  More broadly, the cases bear on the proper method of antitrust analysis for rules that define a joint venture's product.  That is more than enough to warrant a stay.  There is no requirement (and Plaintiffs cite no authority suggesting) that a pending decision be "dispositive of the present case," Opp. 12; *see Grundstrom*, 2020 WL 6873645, at *3 (granting stay where pending decisions could "provide 'valuable assistance to the court in resolving' [plaintiff]'s claims" (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979))); *Gustavson*, 2014 WL 6986421, at *2, *3 (granting stay where pending Ninth Circuit decision would "provide substantial guidance").

More importantly, the decision in *Alston* almost certainly will be issued within the next five months.  The Supreme Court has scheduled oral argument for March 31, 2021, *see NCAA v. Alston*, No. 20-512 (docket order entered Feb. 1, 2021), and has historically issued all decisions in cases argued during a Term by the end of June.  That fact alone distinguishes Plaintiffs' remaining authorities, which involved potentially indefinite stays.  *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (vacating "indefinite" stay that could last "perhaps for years"); *Lathrop v. Uber Techs., Inc.*, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (denying stay that "would extend for an indeterminate length of time").

The short duration of the requested stay—less than five months—also tilts the balance of harms in favor of Defendants.  Notwithstanding their claims of ongoing harm, *see* Opp. 5–6, Plaintiffs agreed to a schedule under which trial would not occur (and relief could not be granted) until at least late 2023, almost three years from now.  In the meantime, Plaintiffs have propounded only requests

1    for production on Defendants, who are preserving potentially relevant documents and who responded

2    to those requests on January 19, 2021, without any further follow-up from Plaintiffs, notwithstanding

3    Defendants' offer to meet and confer on the requests.  These facts belie Plaintiffs' assertions about the

4    urgency of their claims, and common sense suggests that there will not be any material loss of

5    memories or other evidence from the temporary stay Defendants seek.  There is accordingly no

6    "evidence that [plaintiffs] will be harmed by a stay."  *Grundstrom*, 2020 WL 6873645, at *3 (internal

7    quotation marks omitted).  On the other hand, the actual collection, review, and production of

8    documents is an expensive, time-consuming, and resource-draining burden on Defendants.  *Id.*  It has

9    not proved necessary to date in light of the pace of discovery pursued by Plaintiffs, and Defendants

10   respectfully submit that it can and should wait pending potentially case-ending or case-narrowing

11   decisions by the Supreme Court and this Court.

12                                              **CONCLUSION**

13        The Court should stay discovery in *House* and *Oliver* pending this Court's resolution of

14   Defendants' motion to dismiss and the United States Supreme Court's decision in *Alston*.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY                Case No. 4:20-cv-03919-CW
                                                             Case No. 4:20-cv-04527-CW

1    DATED:  February 5, 2021                    Respectfully submitted.

2

3    **WILKINSON STEKLOFF LLP**                   **PROSKAUER ROSE LLP**

4    By:  ___/s/ Beth A. Wilkinson___            By:  ___/s/ Scott P. Cooper___

5    Beth A. Wilkinson (*pro hac vice*)           Bart H. Williams (SBN 134009)
     Rakesh N. Kilaru (*pro hac vice*)            Scott P. Cooper (SBN 96905)
6    Kieran Gostin (*pro hac vice*)               Kyle A. Casazza (SBN 254061)
     2001 M Street NW, 10th Floor                 Shawn S. Ledingham, Jr. (SBN 275268)
7    Washington, DC 20036                         Jennifer L. Jones (SBN 284624)
     Telephone: (202) 847-4000                    2029 Century Park East, Suite 2400
8    Facsimile: (202) 847-4005                    Los Angeles, CA 90067
     bwilkinson@wilkinsonstekloff.com             Telephone: (310) 557-2900
9    rkilaru@wilkinsonstekloff.com                Facsimile: (310) 557-2193
     kgostin@wilkinsonstekloff.com                bwilliams@proskauer.com
10                                                scooper@proskauer.com
                                                  kcasazza@proskauer.com
11   Rahul Hari (SBN 313528)                      sledingham@proskauer.com
     11601 Wilshire Blvd., Suite 600              jljones@proskauer.com
12   Los Angeles, CA 90025
     Telephone: (424) 291-9655                    Attorneys for Defendant
13   Facsimile: (202) 847-4005                    PAC-12 CONFERENCE
     rhari@wilkinsonstekloff.com
14

15   Attorneys for Defendant
     NATIONAL COLLEGIATE ATHLETIC
16   ASSOCIATION

17

18

19

20

21

22

23

24

25

26

27

28

1

**MAYER BROWN LLP**

**ROBINSON BRADSHAW & HINSON, P.A.**

2

By: ____/s/ Britt M. Miller_____

By: ____/s/ Robert W. Fuller_____

3

Britt M. Miller (*pro hac vice*)
Matthew D. Provance (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Christopher J. Kelly (SBN 276312)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
cjkelly@mayerbrown.com

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

Robert W. Fuller, III (*pro hac vice*)
Lawrence C. Moore, III (*pro hac vice*)
Pearlynn G. Houck (*pro hac vice*)
Amanda P. Nitto (*pro hac vice*)
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
rfuller@robinsonbradshaw.com
lmoore@robinsonbradshaw.com
phouck@robinsonbradshaw.com
anitto@robinsonbradshaw.com

Mark J. Seifert (SBN 217054)
Seifert Law Firm
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 999-0901
Facsimile: (415) 901-1123
mseifert@seifertfirm.com

Attorneys for Defendant
SOUTHEASTERN CONFERENCE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**POLSINELLI PC**                          **FOX ROTHSCHILD LLP**

2

By: _____/s/ Leane K. Capps_____          By: _____/s/ D. Erik Albright_____

3

Leane K. Capps (*pro hac vice*)            D. Erik Albright (*pro hac vice*)
Caitlin J. Morgan (*pro hac vice*)         Gregory G. Holland (*pro hac vice*)

4

D. Rockwell Bower (*pro hac vice*)         230 North Elm Street, Suite 1200
2950 N. Harwood Street, Suite 2100         Greensboro, NC 27401

5

Dallas, TX 75201                           Telephone: (336) 378-5368
Telephone: (214) 397-0030                  Facsimile: (336) 378-5400

6

lcapps@polsinelli.com                      ealbright@foxrothschild.com
cmorgan@polsinelli.com                     gholland@foxrothschild.com

7

rbower@polsinelli.com

8

Amy D. Fitts (*pro hac vice*)              Jonathan P. Heyl (*pro hac vice*)
120 W. 12th Street                         101 N. Tryon Street, Suite 1300

9

Kansas City, MO 64105                      Charlotte, NC 28246
Telephone: (816) 218-1255                  Telephone: (704) 384-2625

10

afitts@polsinelli.com                      Facsimile: (704) 384-2800
                                           jheyl@foxrothschild.com

11

Wesley D. Hurst (SBN 127564)               Alexander Hernaez (SBN 201441)
2049 Century Park East, Suite 2300         345 California Street, Suite 2200

12

Los Angeles, CA 90067                      San Francisco, CA 94104-2670
Telephone: (310) 556-1801                  Telephone: (415) 364-5540

13

whurst@polsinelli.com                      Facsimile: (415) 391-4436
                                           ahernaez@foxrothschild.com

14

Attorneys for Defendant
THE BIG 12 CONFERENCE, INC.                Attorneys for Defendant

15

                                           ATLANTIC COAST CONFERENCE

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY          Case No. 4:20-cv-03919-CW
                                                        Case No. 4:20-cv-04527-CW

1

2

**E-FILING ATTESTATION**

3

    I, Beth A. Wilkinson, am the ECF User whose ID and password are being used to file this

4

document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories

5

identified above has concurred in this filing.

6

7

8

_____
    */s/ Beth A. Wilkinson*
    BETH A. WILKINSON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28