1  [Counsel listed on signature page]

2

3

4

5

6

7

8

9

10

11

12

13          **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
            **OAKLAND DIVISION**

14

15

| | |
|---|---|
| GRANT HOUSE, et al., | Case No. 4:20-cv-03919-CW |
| Plaintiffs, | Case No. 4:20-cv-04527-CW |
| v. | **STIPULATION AND [PROPOSED] ORDER SUPPLEMENTING AND AMENDING PROTECTIVE ORDER REGARDING CONFERENCE AND NETWORK STRICTLY CONFIDENTIAL DOCUMENTS** |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., | |
| Defendants. | |
| TYMIR OLIVER, on behalf of himself and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., | |
| Defendants. | |

-1-

Stipulation and [Proposed] Order ("First Supplemental Stipulation")

On December 22, 2020, this Court entered a Stipulation and Protective Order (the "Protective Order") in *House v. National Collegiate Athletic Ass'n et. al,* and *Oliver v. National Collegiate Athletic Ass'n, et. al*, (Docket No. 137 in Case No. 4:20-cv-3919 and Docket No. 104 in Case No. 4:20-cv-4527). The Protective Order provides in part that:

> Additional documents not produced in *Alston* may also be produced in these actions pursuant to the provisions of the applicable *Alston* Protective Orders with the exception of documents that may be eligible for the designations Conference Strictly Confidential – Outside Litigation Counsel Only or Network Strictly Confidential – Outside Litigation Counsel Only. In the event that documents or information that could be designated Conference Strictly Confidential – Outside Litigation Counsel Only or Network Strictly Confidential – Outside Litigation Counsel Only under the *Alston* Protective Orders is to be produced in this litigation in the future, the parties will negotiate appropriate protections for those documents in a separate stipulation or submit any disagreements to the Court for resolution.

This Stipulation and [Proposed] Order Supplementing and Amending Protective Order Regarding Conference and Network Strictly Confidential Documents (the "First Supplemental Stipulation") reflects the agreement of the parties regarding the treatment of Conference Strictly Confidential – Outside Litigation Counsel Only and Network Strictly Confidential – Outside Litigation Counsel Only documents, as contemplated by the above-quoted language from the Protective Order. Further, this First Supplemental Stipulation (at ¶¶ 11-17 below) amends in part the Protective Order memorializing the agreement of the parties regarding the treatment of Conference Strictly Confidential – Outside Litigation Counsel Only and Network Strictly Confidential – Outside Litigation Counsel Only documents that were produced in *Alston* and have been deemed produced in these actions.

The Defendants hereby represent to the Court that they have conferred with ESPN, Inc., ESPN Enterprises, Inc., ESPN Productions, Inc., American Broadcast Companies, Inc. ("ESPN/ABC"), Fox Broadcasting Company, LLC, Fox Sports 1, LLC, Big Ten Network, LLC ("Fox Networks"),[1] CBS Broadcasting, Inc. and CSTV Networks, Inc. d/b/a CBS Sports Network

---

[1] As the result of a 2019 transaction and reorganization, the Fox Entities defined above became the successors-in-interest to, and stand in the shoes of, Fox Broadcasting Company, Fox Cable Networks, Inc., Fox International

-2-

("CBS"), Turner Broadcasting System, Inc, and NBCUniversal Media, LLC (the "Networks"), which includes certain Network Intervenors in *Alston*, and the Networks have been informed of and have raised no objection to the terms of this First Supplemental Stipulation, with express reservation of their right to make appropriate redactions to media agreements that will be newly produced in these actions, consistent with the applicable provisions in this First Supplemental Stipulation, and to submit any disagreements concerning redactions to the Court for resolution, consistent with the procedure set forth in paragraph 18.

NOW, THEREFORE, through counsel, the parties to these actions stipulate and move the Court to order that:

1. Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Protective Order.

2. Except as further set forth in Paragraphs 11-17 below, this First Supplemental Stipulation applies to documents that (i) were not produced in *Alston*, (ii) may be produced in these actions, and (iii) if they had been in existence and produced in *Alston*, would have been eligible for the designations Conference Strictly Confidential – Outside Litigation Counsel Only or Network Strictly Confidential – Outside Litigation Counsel Only under the *Alston* Protective Orders. This First Supplemental Stipulation shall govern production and treatment of such documents, which shall be referred to herein and may be designated by the parties as "House CSC[2] – Outside Litigation Counsel Only" or "House NSC[3] – Outside Litigation Counsel Only" to distinguish such documents from the documents previously produced in *Alston* and designated "Conference Strictly Confidential – Outside Litigation Counsel Only" or "Network Strictly Confidential – Outside Litigation Counsel Only."

---

Channels, Fox Sports Net, Inc., and Big Ten Network, LLC, the entities that are named in the pertinent agreements and that were subject to the *Alston* Protective Order.

[2] "CSC" as used herein and in any document designation pursuant to this First Supplemental Stipulation is an abbreviation for Conference Strictly Confidential.

[3] "NSC" as used herein and in any document designation pursuant to this First Supplemental Stipulation is an abbreviation for Network Strictly Confidential.

**DESIGNATION OF DOCUMENTS AS
HOUSE CSC – OUTSIDE LITIGATION COUNSEL ONLY**

3. Any party or non-party may designate as House CSC – Outside Litigation Counsel Only (by stamping the relevant page or portion "House CSC – Outside Litigation Counsel Only") any document, response to discovery, deposition transcript, or anything else furnished during the course of these actions that includes or concerns financial information, contractual terms, or other sensitive business information of a Conference Defendant in these actions (including summaries or analyses of such information that may identify the nature of such terms), that the Disclosing Party or their contractual counterparty considers in good faith to contain information, the disclosure of which to in-house counsel or specific individual outside counsel of another party or non-party would create a substantial risk of serious competitive, business, or financial harm to such designating party or to a party or non-party to which such designating party has a confidentiality obligation ("House CSC – Outside Litigation Counsel Only Information"). Where a document, response to discovery, deposition transcript, or anything else furnished during the course of these actions consists of more than one page, each page on which House CSC – Outside Litigation Counsel Only Information appears shall be so designated. House CSC – Outside Litigation Counsel Only Information may be disclosed only to those persons set forth in Paragraph 4 below.

4. House CSC – Outside Litigation Counsel Only Information (that is designated as such in accordance with the terms of the Protective Order and this First Supplemental Stipulation) shall not be disclosed, except to the following persons, and then only to the extent necessary to litigate these actions:

    a. Outside litigation counsel of record for Plaintiffs in this litigation, including those law firms' paralegals, assistants, and other employed staff;

    b. Outside litigation counsel of record for Defendants in this litigation, including those law firms' paralegals, assistants, and other employed staff;

    c. Consultants or expert witnesses retained for the prosecution or defense of these actions, as well as members of said consultants' or expert witnesses' staffs assisting

them in connection with these actions, provided that prior to being shown or given any House CSC – Outside Litigation Counsel Only Information, each such person shall execute a copy of the certification annexed as Exhibit A to Exhibit C to the Protective Order, as modified in the Protective Order (herein the "Certification");

      d.    The original author, addressees, or recipients of the House CSC – Outside Litigation Counsel Only Information;

      e.    The Court, court personnel and court reporters;

      f.    Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; reviewing, organizing, storing, retrieving data or other information in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the Certification before being shown or given any House CSC – Outside Litigation Counsel Only Information; and

      g.    Witnesses (other than persons described in Paragraph 4(c) above) who testify at deposition or at trial, provided that (1) the Receiving Party has a good faith belief that such witness previously had access to or otherwise had obtained knowledge of the House CSC – Outside Litigation Counsel Only Information; and (2) such witnesses shall execute a copy of the Certification before being shown or given any House CSC – Outside Litigation Counsel Only Information.

**DESIGNATION OF DOCUMENTS AS**
**HOUSE NSC – OUTSIDE LITIGATION COUNSEL ONLY**

5.    Any party or non-party may designate as House NSC – Outside Litigation Counsel Only (by stamping the relevant page or portion "House NSC – Outside Litigation Counsel Only") any document, response to discovery, deposition transcript, or anything else furnished during the course of these actions that includes or concerns a term of any current, expired, or future media, network, or broadcasting contract, agreement, arrangement, or understanding (including summaries or analyses of such information that may identify the nature of such terms, all herein referred to as "Media Agreement Document(s)"), that the designating party or its contractual counterparty considers in good faith to contain information, the disclosure of which to in-house

-5-

Stipulation and [Proposed] Order ("First Supplemental Stipulation")

counsel or specific individual outside counsel of another party or non-party would create a substantial risk of serious competitive, business, or financial harm to such designating party or its contractual counterparty ("House NSC – Outside Litigation Counsel Only Information"). Where a document, response to discovery, deposition transcript, or anything else furnished during the course of these actions consists of more than one page, each page on which House NSC – Outside Litigation Counsel Only Information appears shall be so designated. House NSC – Outside Litigation Counsel Only Information may be disclosed only to those persons set forth in Paragraph 6 below.

6. House NSC – Outside Litigation Counsel Only Information (that is designated as such in accordance with the terms of the Protective Order and this First Supplemental Stipulation) shall not be disclosed, except to the following persons, and then only during the course and scope of and to the extent necessary to litigate these actions:

a. Outside litigation counsel of record for Plaintiffs and for Defendants, including lawyers and other members and employees of those law firms assisting with litigation-related tasks in this case ("Authorized Outside Litigation Counsel"), provided that any individual attorney who reviews House NSC – Outside Litigation Counsel Only Information to which such attorney did not have access prior to production of such Information in these actions may not negotiate on or before March 31, 2024 any media, network, or broadcasting contract, agreement, arrangement, or understanding with a Network without prior permission from such Network, except that nothing in this First Supplemental Stipulation shall be construed to require a Network's permission (1) if permission has previously been granted as contemplated and provided for in paragraph 7(a) of Exhibit C to the Protective Order, or (2) for any individual attorney to negotiate any agreements, arrangements, or understandings pertaining to discovery, motion practice, or other litigation-related matters in this lawsuit pertaining to House NSC – Outside Litigation Counsel Only Information of a Network.

i. Defendants' law firms acting as outside litigation counsel of record in these actions shall erect and maintain ethical walls to limit access to House NSC

– Outside Litigation Counsel Only Information to Authorized Outside Litigation Counsel.

      ii.    Absent a good faith basis for belief that any attorney other than Authorized Outside Litigation Counsel has reviewed House NSC – Outside Litigation Counsel Only Information, no Network will assert the provisions of this First Supplemental Stipulation as a basis to bar such attorney from engaging in future negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network. In the event a Network asserts the provisions of this sub-paragraph as a basis to bar an attorney from engaging in negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network, that Network will withdraw its invocation of this sub-paragraph upon the subject attorney proffering an affidavit or declaration, subject to penalty of perjury, that he/she has not reviewed any House NSC – Outside Litigation Counsel Only Information that he/she did not have access to prior to production.

      iii.    No Network shall assert that the provisions of this First Supplemental Stipulation are a basis to bar an entire law firm from engaging in future negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network on the basis that the firm acted as outside litigation counsel of record in these actions;

b.    Consultants or expert witnesses retained for the prosecution or defense of these actions, as well as members of said consultants' or expert witnesses' staffs assisting them in connection with these actions, subject to the provisions of Paragraphs 11-17 herein, and who have executed a copy of the Certification before being shown or given any House NSC – Outside Litigation Counsel Only Information;

c.    The original authors or recipients of the House NSC – Outside Litigation Counsel Only Information and in circumstances where the Network Strictly Confidential – Outside Counsel Only Information is an executed agreement, the parties to the agreement

and their respective employees and attorneys with access to such agreement in the ordinary course of business;

   d. The Court, court personnel and court reporters; and

   e. Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; reviewing, organizing, storing, retrieving data or other information in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the Certification before being shown or given any House NSC – Outside Litigation Counsel Only Information.

  7. Any Media Agreement Document that is produced or to be produced with the designation House NSC – Outside Litigation Counsel Only may be redacted. If an agreement cannot be reached concerning redactions, counsel for the producing party or non-party, the Network(s) that are parties to the Media Agreement Document, and Authorized Outside Litigation Counsel for Plaintiff may present their dispute to the Court for resolution as set forth in paragraph 18, furnishing in camera an unredacted copy of the Media Agreement Document, identifying the provisions that are in dispute.

  8. If any document, response to discovery, deposition transcript, or anything else furnished during the course of these actions is designated as House CSC – Outside Litigation Counsel Only and then later designated (or is discovered to have been previously designated) as House NSC – Outside Litigation Counsel Only, it shall be treated and regarded as House NSC – Outside Litigation Counsel Only for all purposes.

### FILING DOCUMENTS UNDER SEAL

  9. No House NSC – Outside Litigation Counsel Only Information shall be filed in the public record without either the written permission of each Network discussed or referenced therein, or a court order denying an Administrative Motion to File Under Seal such House NSC – Outside Litigation Counsel Only Information, provided that in the event any Administrative Motion to File Under Seal such House NSC – Outside Litigation Counsel Only Information is denied, the Network and the filing party agree to meet and confer within three (3) calendar days

to discuss in good faith alternatives to filing the House NSC – Outside Litigation Counsel Only Information on the public record. The Networks preserve their rights to seek a writ of mandamus from the Ninth Circuit and/or a stay of any order denying an Administrative Motion to File Under Seal. No party may file such House NSC – Outside Litigation Counsel Only Information until seven (7) calendar days after the denial of any Administrative Motion to File Under Seal. At least five (5) business days in advance of the date or deadline on which any party or non-party seeks to file an Administrative Motion to File Under Seal regarding any House NSC – Outside Litigation Counsel Only Information, the filing entity shall provide written notice to each Network discussed or referenced therein, as well as one (1) redacted copy of the document to be filed and one (1) unredacted copy of the Information so designated as produced during discovery in these actions, excluding any Information to which such Network is not privy. However, if multiple Networks are discussed or referenced in the same Media Agreement Document, no unredacted copies shall be provided to the Networks unless each of the applicable Networks discussed or referenced individually consent. The parties shall otherwise comply with the applicable court rules (e.g., N.D. Cal. Civil L.R. 79-5) regarding filing of documents under seal. Copies of any pleading, brief, or other document containing House NSC – Outside Litigation Counsel Only Information which is served on opposing counsel shall be stamped "HOUSE NSC – OUTSIDE LITIGATION COUNSEL ONLY INFORMATION PURSUANT TO PROTECTIVE ORDER," shall be transmitted via email or cover letter and envelope bearing similar designation, and shall be treated in accordance with the provisions of the Protective Order, as amended.

### INCORPORATION OF PROTECTIVE ORDER

10.   Except as set forth or modified herein, for purposes of all Paragraphs of Exhibit A to the Protective Order except Paragraph 13 of such Exhibit A, both House CSC – Outside Litigation Counsel Only Information and House NSC – Outside Litigation Counsel Only Information will receive the same treatment under each such paragraph as Highly Confidential – Counsel Only Information. Except as set forth herein, any challenges or objections concerning the designation of information as House CSC – Outside Litigation Counsel Only Information or House

NSC – Outside Litigation Counsel Only Information shall be made pursuant to Paragraph 14 of Exhibit A to the Protective Order.

**DISCLOSURE OF CSC AND NSC INFORMATION TO CONSULTANTS AND EXPERTS RETAINED FOR PURPOSES OF THESE MATTERS**

11. The following provisions shall apply for purposes of these actions to (1) Conference Strictly Confidential – Outside Litigation Counsel Only Information ("*Alston* CSC Information") and Network Strictly Confidential – Outside Litigation Counsel Only Information ("*Alston* NSC Information") produced in *Alston* by the Defendants in these actions; and (2) House CSC – Outside Litigation Counsel Only Information and House NSC – Outside Litigation Counsel Only Information newly produced in these actions.  To the extent the terms reflected in the Protective Order are inconsistent with the terms set forth below, the below provisions shall control.  For the avoidance of doubt, the below provisions shall not apply to documents produced in *Alston* by the Six Conferences who are not defendants in these actions.

12. *Alston* CSC Information, *Alston* NSC Information, House CSC – Outside Litigation Counsel Only Information and House NSC – Outside Litigation Counsel Only Information may be furnished and disclosed to the Receiving Party's consultants and expert witnesses and their necessary support personnel only as is reasonably necessary for maintaining, defending or evaluating these actions. The terms "consultants" and "expert witnesses" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult and who (with respect to *Alston* NSC Information and House NSC – Outside Litigation Counsel Only Information) complies with Paragraph 13 herein.

13. No disclosure of *Alston* CSC Information, *Alston* NSC Information, House CSC – Outside Litigation Counsel Only Information or House NSC – Outside Litigation Counsel Only Information to a Receiving Party's consultant or expert witness or their necessary support personnel shall occur until that person has completed and signed the Certification and, if and to the extent there has been an objection under Paragraph 15 with respect to *Alston* NSC Information and House NSC – Outside Litigation Counsel Only Information, that objection is resolved as set forth below. A separate Certification shall not be required for staff members working under the supervision of an individual signing the Certification. An individual signing the Certification,

however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with the terms of this First Supplemental Stipulation.

14. A party desiring to disclose *Alston* NSC Information and/or House NSC – Outside Litigation Counsel Only Information to a consultant or expert witness shall give prior written notice to the applicable Network(s) referenced in the document, and such Network(s) shall have ten (10) business days after such notice is given to object in writing, by electronic delivery of the objection, if there is a basis for objection to such disclosure. The party desiring to disclose *Alston* NSC Information and/or House NSC – Outside Litigation Counsel Only Information to a consultant or expert witness must provide the following information for each consultant or expert witness: the name, title, business address, residence state and country, present occupation (or job description), curriculum vitae, a list of all instances in which, during the last four (4) years, the consultant or expert witness testified by trial or deposition, and the Certification signed by such consultant or expert witness.. No *Alston* NSC Information or House NSC – Outside Litigation Counsel Only Information shall be disclosed to such consultant or expert witness until after the expiration of the ten (10) days' notice period.

15. A Network objecting to disclosure of *Alston* NSC Information and/or House NSC – Outside Litigation Counsel Only Information to a consultant or expert witness shall state with particularity the ground(s) of the objection. The objecting Network's consent to the disclosure of *Alston* NSC Information and/or House NSC – Outside Litigation Counsel Only Information to a consultant or expert witness shall not be unreasonably withheld.

16. The applicable parties (including any applicable Network(s)) shall meet and confer to attempt to resolve the dispute/objection within seven (7) days from the date of electronic delivery of the objection. If the parties cannot resolve the dispute, the party seeking to limit disclosure may move the Court for an order that access to *Alston* NSC Information and/or House NSC – Outside Litigation Counsel Only Information not be provided to the designated consultant or expert witness. If the parties cannot resolve the dispute and the party seeking to limit disclosure does not make such a motion within ten (10) business days of the electronic delivery of the objection, disclosure of *Alston* NSC Information and/or House NSC – Outside Litigation Counsel

Only Information may be made to the designated consultant or expert witness. The parties agree to cooperate in good faith to shorten the time frames set forth in this Paragraph if necessary to abide by any discovery or briefing schedules. If a motion is made by the party seeking to limit disclosure, it shall be the burden of the party seeking to limit disclosure to demonstrate by a preponderance of the evidence that *Alston* NSC Information and/or House NSC – Outside Litigation Counsel Only Information may not be disclosed to the consultant or expert witness.

17. Except as required in the event of a dispute submitted to the Court pursuant to paragraph 16: (a) the identity of any consultant or expert witness or their necessary support personnel provided to such Network(s) pursuant to this First Supplemental Stipulation by the Plaintiff shall not be disclosed by such Network(s) to the Defendants, and (b) the identity of any consultant or expert witness or their necessary support personnel provided to such Network(s) pursuant to this First Supplemental Stipulation by the Defendants shall not be disclosed by such Network(s) to the Plaintiff. Neither the parties in this action nor their counsel shall seek information regarding the identity of any consultant or expert witness or their necessary support personnel that is provided to any Network(s) pursuant to this First Supplemental Stipulation. If a party or its counsel learns the identity of any consultant or expert witness or their necessary support personnel from any Network(s), that party's counsel shall inform the party who retained the consultant or expert witness of the disclosure.

**REDACTION PROCEDURES**

18. Any Media Agreement Document that is produced or to be produced with the designation House NSC – Outside Litigation Counsel Only may be redacted pursuant to the following procedures:

    a. After conferring with the applicable Network(s), the Defendant or third party producing the Media Agreement Document shall provide a proposed redacted copy of the Media Agreement Document to Authorized Outside Litigation Counsel for Plaintiff for review; provided that each Defendant agrees not to redact the categories of provisions that it expressly agreed not to redact in the Stipulation and Letter Agreements entered by

the Court in *Alston* to resolve plaintiffs' motion to compel (*Alston*, ECF Nos. 392, 457, 469, 473, 499, 503) without limiting the other categories of provisions each Defendant and/or Network may seek to redact in a Media Agreement Document. Redactions shall be made consistent with the goals of not preventing the discovery of relevant information and protecting highly confidential information

      b.      Within five (5) business days following the production of any redacted Media Agreement Document, the applicable Defendant and/or Network requesting redaction agree(s) to provide to Plaintiffs, in a communication that does not include other Defendants or Networks who are not signatories to such Media Agreement Document, a reasonable identification of the subject matter of each redaction that is not apparent from the face of the Media Agreement Document.  If the applicable Defendant and/or Network does not provide a subject matter identification of a redaction pursuant to the previous sentence, and Plaintiffs are unable to ascertain, from the face of the Media Agreement Document, the subject matter of the redaction for which the applicable Defendant or Network did not provide a subject matter identification, Plaintiffs may request a reasonable identification of the subject matter of the redaction and the applicable Defendant and/or Network requesting redaction agree(s) to respond to Plaintiffs' request within ten (10) business days in a communication that does not include other Defendants or Networks who are not signatories to such Media Agreement Document. Plaintiffs shall not share or reveal at any time any such reasonable identifications of the subject matter of the redaction(s) to Defendants and Networks who are not signatories to such Media Agreement Document.

      c.      If after receiving the reasonable identifications described in Paragraph 18(b), Plaintiffs take exception to redactions to any Media Agreement Document, Plaintiffs shall provide written notice to the applicable Networks and Defendants, and simultaneously provide a complete list of the redactions to which they take exception.

      d.      The Defendant or third party, along with the Network(s) that is party(ies) to the Media Agreement at issue or referenced in the Media Agreement Document at issue, and Authorized Outside Litigation Counsel for Plaintiff shall attempt in good faith to reach

agreement with respect to the redactions. (Counsel for Defendant or the third party shall not be required to share Media Agreement Document(s) with a Network if and to the extent that a Media Agreement Document includes confidential information to which the Network is not privy.)

      e.    If an agreement cannot be reached, counsel for the Defendant or third party, the Network(s) that is party(ies) to the Media Agreement, and Authorized Outside Litigation Counsel for Plaintiff may present their dispute to the Court for resolution, setting forth their respective positions in a joint letter to the Court, and furnishing in camera an unredacted copy of the provisions of the Media Agreement Document that are in dispute. The parties agree to cooperate in good faith to shorten any of the time frames set forth in this Paragraph should that be necessary to abide by any discovery or briefing schedules.

## LIMITED INTERVENTION OF NETWORKS

19.    Consistent with certain Networks' limited intervention in *Alston*, the parties agree and stipulate that the Networks have the same grounds to intervene in these actions as in *Alston*, and shall be deemed to have intervened in these actions pursuant to Federal Rule of Civil Procedure 24 for the limited purpose of enforcing their rights, as set forth in the Protective Order and this First Supplemental Stipulation.

## USE OF NETWORK INFORMATION AT TRIAL

20.    The parties agree to meet and confer in good faith with the Networks at least thirty (30) calendar days in advance of any trial in these actions to discuss a stipulation to govern the potential use of any House NSC – Outside Litigation Counsel Only Information at trial.

## RESERVATION OF RIGHTS

21.    By entering into this Stipulation, no party or non-party concedes or agrees, or otherwise compromises its position, concerning whether any documents are (a) discoverable or admissible in evidence, (b) properly deemed to be confidential and/or subject to enhanced confidentiality treatment pursuant to the provisions of any of the *Alston* Protective Orders, or (c) properly redacted, in light of the issues in these actions.

1   IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  February 5, 2020 | Respectfully submitted, |
| **WILKINSON STEKLOFF LLP** | **HAGENS BERMAN SOBOL SHAPIRO LLP** |
| By:         /s/ Beth A. Wilkinson | By:         /s/ Steve W. Berman |
| Beth A. Wilkinson (*pro hac vice*)<br>Rakesh N. Kilaru (*pro hac vice*)<br>Tamarra Matthews Johnson (*pro hac vice*)<br>Kieran Gostin (*pro hac vice*)<br>Calanthe Cope-Kasten (*pro hac vice*)<br>2001 M Street NW, 10th Floor<br>Washington, DC 20036<br>Telephone:  (202) 847-4000<br>Facsimile:  (202) 847-4005<br>bwilkinson@wilkinsonstekloff.com<br>rkilaru@wilkinsonstekloff.com<br>tmatthewsjohnson@wilkinsonstekloff.com<br>kgostin@wilkinsonstekloff.com<br>ccope-kasten@wilkinsonstekloff.com<br><br>Rahul Hari (SBN 313528)<br>11601 Wilshire Blvd., Suite 600<br>Los Angeles, CA 90025<br>Telephone:  (424) 291-9655<br>Facsimile:  (202) 847-4005<br>rhari@wilkinsonstekloff.com<br><br>Attorneys for Defendant<br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION | Steve W. Berman (*pro hac vice*)<br>Emilee N. Sisco (*pro hac vice*)<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Telephone:  (206) 623-7292<br>Facsimile:  (206) 623-0594<br>steve@hbsslaw.com<br>emilees@hbsslaw.com<br><br>Benjamin J. Siegel (SBN 256260)<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>Telephone:  (510) 725-3000<br>Facsimile:  (510) 725-3001<br>bens@hbsslaw.com<br><br>Attorneys for Plaintiffs and the Proposed Classes |

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **MAYER BROWN LLP** |
| By:  /s/ Scott P. Cooper | By:  /s/ Britt M. Miller |
| Scott P. Cooper (SBN 96905)<br>Bart H. Williams (SBN 134009)<br>Kyle A. Casazza (SBN 254061)<br>Shawn S. Ledingham, Jr. (SBN 275268)<br>Jennifer L. Jones (SBN 284624)<br>Kelly M. Curtis (SBN 313581)<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Telephone:  (310) 557-2900<br>Facsimile:  (310) 557-2193<br>scooper@proskauer.com<br>bwilliams@proskauer.com<br>kcasazza@proskauer.com<br>sledingham@proskauer.com<br>jljones@proskauer.com<br>kcurtis@proskauer.com<br><br>Attorneys for Defendant<br>PAC-12 CONFERENCE | Britt M. Miller (*pro hac vice*)<br>Matthew D. Provance (*pro hac vice*)<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Telephone:  (312) 782-0600<br>Facsimile:  (312) 701-7711<br>bmiller@mayerbrown.com<br>mprovance@mayerbrown.com<br><br>Christopher J. Kelly (SBN 276312)<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>Telephone: (650) 331-2000<br>Facsimile: (650) 331-2060<br>cjkelly@mayerbrown.com<br><br>Attorneys for Defendant<br>THE BIG TEN CONFERENCE, INC. |

| | |
|---|---|
| **POLSINELLI PC**<br><br>By:        /s/ Leane K. Capps<br><br>Leane K. Capps (*pro hac vice*)<br>Caitlin J. Morgan (*pro hac vice*)<br>D. Rockwell Bower (*pro hac vice*)<br>2950 N. Harwood Street<br>Suite 2100<br>Dallas, TX 75201<br>Telephone:  (214) 397-0030<br>lcapps@polsinelli.com<br>cmorgan@polsinelli.com<br>rbower@polsinelli.com<br><br>Amy D. Fitts (*pro hac vice*)<br>120 W. 12th Street<br>Kansas City, MO 64105<br>Telephone: (816) 218-1255<br>afitts@polsinelli.com<br><br>Wesley D. Hurst (SBN 127564)<br>2049 Century Park East, Suite 2300<br>Los Angeles, CA 90067<br>Telephone:  (310) 556-1801<br>whurst@polsinelli.com<br><br>Attorneys for Defendant<br>THE BIG 12 CONFERENCE, INC. | **ROBINSON BRADSHAW & HINSON, P.A.**<br><br>By:        /s/Robert W. Fuller<br><br>Robert W. Fuller, III (*pro hac vice*)<br>Lawrence C. Moore, III (*pro hac vice*)<br>Pearlynn G. Houck (*pro hac vice*)<br>Amanda P. Nitto (*pro hac vice*)<br>101 N. Tryon St., Suite 1900<br>Charlotte, NC 28246<br>Telephone: (704) 377-2536<br>Facsimile: (704) 378-4000<br>rfuller@robinsonbradshaw.com<br>lmoore@robinsonbradshaw.com<br>phouck@robinsonbradshaw.com<br>anitto@robinsonbradshaw.com<br><br>Mark J. Seifert (SBN 217054)<br>Seifert Law Firm<br>50 California Street, Suite 1500<br>San Francisco, CA 94111<br>Telephone: (415) 999-0901<br>Facsimile: (415) 901-1123<br>mseifert@seifertfirm.com<br><br>Attorneys for Defendant<br>SOUTHEASTERN CONFERENCE |

FOX ROTHSCHILD LLP

By:     /s/ D. Erik Albright

D. Erik Albright (*pro hac vice*)
Gregory G. Holland (*pro hac vice*)
230 North Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 378-5400
ealbright@foxrothschild.com
gholland@foxrothschild.com

Jonathan P. Heyl (*pro hac vice*)
101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2625
Facsimile: (704) 384-2800
jheyl@foxrothschild.com

Alexander Hernaez (SBN 201441)
345 California Street, Suite 2200
San Francisco, CA 94104-2670
Telephone: (415) 364-5540
Facsimile: (415) 391-4436
ahernaez@foxrothschild.com

Attorneys for Defendant
THE ATLANTIC COAST CONFERENCE

**PURSANT TO STIPULATION, IT IS SO ORDERED,**

DATED: February ___, 2021

_____
The Hon. Claudia Wilken
UNITED STATES DISTRICT JUDGE

**E-FILER'S ATTESTATION**

I, Beth A. Wilkinson, am the ECF user whose identification and password are being used to file the Proposed Stipulated Case Schedule. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

/s/ Beth A. Wilkinson