United States District Court
Northern District of California

1

2

3                          UNITED STATES DISTRICT COURT

4                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6    GRANT HOUSE, et al.,                      Case Nos. 4:20-cv-03919 CW
                                                         4:20-cv-04527 CW
7              Plaintiffs,
                                               ORDER DENYING WITHOUT
8         v.                                   PREJUDICE MOTION TO STAY
                                               DISCOVERY
9    NATIONAL COLLEGIATE ATHLETIC
     ASSOCIATION, et al.,
10                                             Re: Docket No. 138 in Case
               Defendants.                     No. 4:20-cv-03919 CW
11
                                               Docket No. 105 in Case No.
12                                             4:20-cv-04527 CW

13   TYMIR OLIVER,

               Plaintiff,
14

15        v.

16   NATIONAL COLLEGIATE ATHLETIC
     ASSOCIATION, et al.,
17
               Defendants.
18

19        Now before the Court are Defendants'[1] motions to stay

20   discovery in two separate actions: (1) House v. National

21   Collegiate Athletic Association, 4:20-cv-03919 (House), and (2)

22   Oliver v. National Collegiate Athletic Association, 4:20-cv-04527

23   (Oliver).  Defendants request that discovery be stayed pending

24   the Supreme Court's resolution of National Collegiate Athletic

25

26   _____

27   [1] Defendants are the National Collegiate Athletic Association
     (NCAA), Pac-12 Conference, The Big Ten Conference, The Big 12
28   Conference, Southeastern Conference, and Atlantic Coast
     Conference.

United States District Court
Northern District of California

1    Association v. Alston (No. 20-512) and American Athletic

2    Conference v. Alston (No. 20-520), and that discovery deadlines

3    be tolled.  Defendants argue that principles of fairness and

4    judicial economy counsel in favor of staying discovery pending

5    the Supreme Court's decision, which is expected by the end of

6    June 2021,[2] because it could simplify the issues in House and

7    Oliver and render some of the discovery in these actions

8    unnecessary.  Defendants further contend that Plaintiffs would

9    suffer no prejudice as a result of the stay because it would last

10   no more than five months.

11        Plaintiffs[3] oppose the motions.  They argue that a stay is

12   inappropriate where, as here, Plaintiffs seek injunctive relief

13   to prevent ongoing and future harm.  Plaintiffs contend that a

14   stay "will delay any injunctive relief, harming Plaintiffs and

15   the putative class," because it will result in the extension of

16   the case schedule.  Opp'n at 2-3.  Plaintiffs further argue that

17   Defendants have not met their burden to show that they would

18   suffer hardship if discovery is not stayed.  Lastly, Plaintiffs

19   contend that a stay would not promote judicial economy because

20   the potential impact of the Supreme Court's decision on House and

21   Oliver is unclear.

22        "A district court has discretionary power to stay

23   proceedings in its own court[.]"  Lockyer v. Mirant Corp., 398

24   F.3d 1098, 1109 (9th Cir. 2005) (citing Landis v. North American

25

26   _____

27   [2] Oral argument is scheduled for March 31, 2021.

28   [3] The named plaintiffs in House are Sedona Price and Grant House,
     and the named plaintiff in Oliver is Tymir Oliver (collectively,
     Plaintiffs).

United States District Court
Northern District of California

1   Co., 299 U.S. 248, 254 (1936)).  Courts in the Ninth Circuit

2   employ the following framework to determine whether to grant a

3   request for a stay:

4           Where it is proposed that a pending
            proceeding be stayed, the competing
5           interests which will be affected by the
            granting or refusal to grant a stay must be
6           weighed.  Among those competing interests
            are the possible damage which may result
7           from the granting of a stay, the hardship or
            inequity which a party may suffer in being
8           required to go forward, and the orderly
            course of justice measured in terms of the
9           simplifying or complicating of issues,
            proof, and questions of law which could be
10          expected to result from a stay.

11  Id. (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.

12  1962)).

13      The Court finds that, while the Supreme Court's decision

14  could affect the issues in House and Oliver, the balance of

15  hardships between the parties weighs against granting a stay at

16  this time.  Plaintiffs have shown that a stay could significantly

17  delay the injunctive relief they seek in House and Oliver, which

18  would cause them harm.  "Landis cautions that 'if there is even a

19  fair possibility that the stay . . . will work damage to some one

20  else,' the party seeking the stay 'must make out a clear case of

21  hardship or inequity.'"  Id. at 1112 (quoting Landis, 299 U.S. at

22  255).  Here, Defendants have presented no evidence showing that

23  they would suffer hardship or inequity if they are required to

24  conduct document discovery pursuant to the current discovery plan

25  while awaiting the Supreme Court's decision.[4]  In the absence of

26

27  _____

28  [4] Under the case management order currently in place, only
    document discovery is proceeding.

3

1  such evidence, the Court cannot conclude that Defendants have met

2  their burden to show that a stay would be appropriate.

3      Accordingly, the Court DENIES WITHOUT PREJUDICE Defendants'

4  request for a stay of discovery pending the Supreme Court's

5  decision.  The parties shall proceed to substantial completion of

6  production of documents on June 1, 2021, as contemplated by the

7  existing case management order.  If the legal posture of the cases

8  changes, Defendants may file a renewed motion for a stay.

9      IT IS SO ORDERED.

10 Dated: February 25, 2021

       _____
       CLAUDIA WILKEN
       United States District Judge

4