Rahul Hari (SBN 313528)
WILKINSON STEKLOFF LLP
11601 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Telephone:  (424) 291-9655
Facsimile:  (202) 847-4005
rhari@wilkinsonstekloff.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Calanthe Cope-Kasten (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone:  (202) 847-4000
Facsimile:  (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ccope-kasten@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| GRANT HOUSE, et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al.,<br><br>           Defendants. | Case No. 4:20-cv-03919-CW<br>Case No. 4:20-cv-04527-CW<br><br>**CLASS ACTION**<br><br>**DECLARATION OF RAKESH N. KILARU IN SUPPORT OF STIPULATION FOR ORDER EXTENDING CASE DEADLINES**<br><br>Hon. Claudia Wilken |
| TYMIR OLIVER, on behalf of himself and all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al.,<br><br>           Defendants. | |

**DECLARATION OF RAKESH N. KILARU IN SUPPORT OF STIPULATION FOR ORDER EXTENDING CASE DEADLINES**                             **Case No. 4:20-cv-03919-CW**
                                                                                                                              **Case No. 4:20-cv-04527-CW**

I, Rakesh N. Kilaru, declare as follows:

1. I submit this declaration in support of the parties' Stipulation for Order Extending Case Deadlines.

2. I am an attorney at Wilkinson Stekloff LLP and am licensed to practice law in the District of Columbia. I represent the National Collegiate Athletic Association in this litigation. The facts set forth herein are of my own personal knowledge and, if called to testify under oath, I could and would testify competently thereto.

3. Under the Joint Stipulated Case Management Order, the current deadline for substantial completion of production of documents is June 1, 2021. While the parties have made great progress in meeting and conferring on document-discovery related disputes, a few issues remain to be negotiated. The volume of documents to be reviewed, moreover, will be significant, and a June 1, 2021 deadline does not allow sufficient time to review and produce documents. The parties agree that an additional three months is necessary to conclude the meet and confer process and review documents.

4. Subsequent case deadlines set out in the Joint Stipulated Case Management Order are tied to the deadline for substantial completion of production of documents. For example, Plaintiffs have represented that the current deadline for their class certification motion of November 22, 2021 should be pushed back because it is too close in time to the August 31, 2021 requested deadline for substantial completion of production of documents. Accordingly, extending the deadline for substantial completion of production of documents necessitates the extension of subsequent case deadlines.

5. The parties also request modification to other case deadlines that are tied to resolution of the pending motion to dismiss, including the deadlines for Plaintiffs to add additional parties or claims or amend their complaint (including the filing of any consolidated complaint) or for Defendants to file an answer. *See* Joint Stipulated Case Management Order, *House* ECF No. 127 at n.1; *Oliver* ECF No. 94 at n.1. Because the motion has not been resolved, these events have not yet transpired.

6. There have been no prior time modifications to the June 1, 2021 deadline for substantial completion of production of documents. Nor have there been prior modifications to the deadlines for Plaintiffs to add additional parties or claims or amend their complaint (including the filing of any consolidated complaint) or for Defendants to file an answer. The prior time modifications in this case include: (a) a stipulation extending the deadline for Defendants to serve and file their answers or initial responsive pleadings, *House* ECF No. 51; (b) an order extending the response and reply deadlines for Defendants' motion to dismiss, *House* ECF No. 100; (c) a stipulation extending the deadline to serve Rule 26 initial disclosures, *House* ECF No. 114; (d) an order extending the deadline to file a proposed protective order, *House* ECF No. 133; (e) an order extending the deadline to file a supplemental proposed protective order, *House* ECF No. 144.

7. If the stipulation is granted, (a) the deadline for Plaintiffs to add additional parties or claims or amend their complaint (including the filing of any consolidated complaint) will shift to 30 days after a decision on the pending motion to dismiss and the deadline for Defendants to file an answer will shift to 60 days after a decision on the pending motion to dismiss, preserving the contemplated time periods in the Joint Stipulated Case Management Order for completion of those tasks; and (b) all subsequent case deadlines will be extended by approximately three months, as set out in detail in the stipulation that this declaration accompanies.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 24th day of May, 2021 at Washington, District of Columbia.

/s/ Rakesh N. Kilaru
Rakesh N. Kilaru