1  Mark J. Seifert (SBN 217054)
   SEIFERT ZUROMSKI LLP
2  One Market Street, 36th Floor
   San Francisco, California  941105
3  Tel.     (415)999-0901
   Fax      (415) 901-1123
4  mseifert@szllp.com

5  Robert W. Fuller (*pro hac vice*)
   Lawrence C. Moore, III (*pro hac vice*)
6  Pearlynn G. Houck (*pro hac vice*)
   Amanda P. Nitto (*pro hac vice*)
7  ROBINSON, BRADSHAW & HINSON, P.A.
   101 N. Tryon St., Suite 1900
8  Charlotte, NC 28246
   Tel.     (704) 377-2536
9  Fax      (704) 378-4000
   rfuller@robinsonbradshaw.com
10 lmoore@robinsonbradshaw.com
   phouck@robinsonbradshaw.com
11 anitto@robinsonbradshaw.com

12 Attorneys for Defendant
   SOUTHEASTERN CONFERENCE
13

14                **UNITED STATES DISTRICT COURT**

15               **NORTHERN DISTRICT OF CALIFORNIA**

16                      **OAKLAND DIVISION**

17

18 | IN RE COLLEGE ATHLETE NIL | Case No. 4:20-cv-03919-CW |
19 | LITIGATION | |

20

21 **ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT SOUTHEASTERN CONFERENCE TO CONSOLIDATED AMENDED COMPLAINT**
22

23

24

25      The Southeastern Conference ("SEC"), by and through its undersigned attorneys, hereby

26 answers and sets forth defenses to the Consolidated Amended Complaint (D.E. 164)

27 ("Complaint").

28

**PRELIMINARY STATEMENT**

Except as otherwise expressly stated below, the SEC answers and responds only to those allegations contained in the Complaint that are directed toward it. The SEC is without sufficient knowledge or information to form a belief as to the truth of the allegations in the Complaint that are directed toward other defendants. Pursuant to Federal Rule of Civil Procedure 8(b)(5), such allegations are deemed denied. In addition, the Complaint contains 195 footnotes. To the extent the contents of those footnotes are not addressed in the text of the SEC's answer to the Paragraph to which the footnote relates and/or to the extent that the content of any footnote can be read to contain factual allegations, the SEC denies the allegations set forth therein.

**RESPONSES TO NUMBERED PARAGRAPHS OF COMPLAINT**

The SEC denies any and all allegations contained in the headings of the Complaint and responds to the numbered paragraphs of the Complaint as follows:

1.      The SEC admits that Zion Williamson played basketball at Duke University in 2019 and participated in a game between Duke University and the University of North Carolina, and that his shoe appeared to fail during the game. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 1 concerning television viewers, speculation of unnamed persons about Zion Williamson's alleged knee sprain, and Nike stock value. The SEC denies the remaining allegations of Paragraph 1.

2.      The SEC admits that NCAA rules in effect in 2019 established limitations on compensation provided to student-athletes for the actual or alleged use of their names, images, and likenesses. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 2 concerning the alleged contract between Duke University and Nike and what would have occurred absent certain NCAA rules. Except as expressly admitted, the SEC denies the allegations of Paragraph 2.

3.      The SEC admits that a small number of college football and basketball programs generate positive net revenues. The SEC further admits that NCAA rules have established limitations on compensation to student-athletes for the actual or alleged use of their names,

images, and likenesses.  The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 3 concerning alleged salaries of coaches and others. Except as expressly admitted, the SEC denies the allegations of Paragraph 3.

4.     The SEC admits that the NCAA Constitution and Bylaws contain rules governing certain types of conduct of members relating to collegiate athletics, the benefits that may be provided to student-athletes, and other aspects of collegiate sports, and contain statements relating to the principles of amateurism and collegiate sports. The SEC further admits that the NCAA has previously advanced amateurism as a justification for certain of the rules set forth in the NCAA Constitution and Bylaws. Except as expressly admitted, the SEC denies the allegations of Paragraph 4.

5.     The SEC admits that Plaintiffs seek to challenge NCAA rules setting forth limitations on compensating student-athletes for use of their names, images, and likenesses. The SEC admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws. Except as expressly admitted, the SEC denies the allegations of Paragraph 5.

6.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 6 concerning unattributed comments allegedly made by the NCAA. Except as expressly admitted, the SEC denies the allegations of Paragraph 6.

7.     The SEC admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image and likeness would not be impacted by the application of certain NCAA bylaws. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 7 concerning alleged comments made by the NCAA and profits derived by unidentified companies. Except as expressly admitted, the SEC denies the allegations of Paragraph 7.

8.    The SEC admits that it is party to certain sponsorship agreements and that the NCAA, other conferences, schools and in some instances coaches have sponsorship or endorsement agreements. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations included in Paragraph 8 concerning alleged agreements between companies and persons or entities other than the SEC. Except as expressly admitted, the SEC denies the allegations of Paragraph 8.

9.    The SEC admits that the NCAA and some conferences and schools utilize certain social media platforms. The SEC admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image and likeness would not be impacted by the application of certain NCAA bylaws. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 9 concerning the financial rewards allegedly received by unidentified persons from social media. Except as expressly admitted, the SEC denies the allegations of Paragraph 9.

10.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 10 concerning alleged comments of Oliver Luck. The remaining allegations of Paragraph 10 contain conclusions of law to which no response is required; to the extent a response is required, the SEC denies the remaining allegations of Paragraph 10.

11.    The SEC specifically denies that it has violated the federal antitrust laws or common law and denies the remaining allegations of Paragraph 11.

12.    The SEC admits that NCAA rules have established limitations on compensation to student-athletes for the alleged use of their names, images, and likenesses.  The SEC further admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws. The SEC

further admits on information and belief that there have been media reports that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations and quotations included in Paragraph 12 concerning Katelyn Ohashi. Except as expressly admitted, the SEC denies the allegations of Paragraph 12.

13.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 13 concerning alleged comments of Dave Bradley, alleged comments of Nick Saban, and unidentified "recent analyses" and specifically has no knowledge as to whether press reports concerning Mr. Saban's comments are accurate, complete, or correct. The SEC denies all remaining allegations of Paragraph 13.

14.     The SEC admits on information and belief that according to unverified media reports some representatives of NCAA members have made public comments regarding possible revision of NCAA NIL rules and considerations relating to any such revisions. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 14 concerning the salaries and alleged comments of Scott Frost and Jim Harbaugh. Except as expressly admitted, the SEC denies the allegations of Paragraph 14.

15.     The SEC admits that recently enacted state statutes, some of which became effective July 1, 2021, require that institutions offer certain educational resources and services to student-athletes relating to name, image, and likeness, and that some NCAA member institutions have offered educational resources and services. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 15 concerning alleged comments of Rick George, the alleged programs of the University of Nebraska and the University of Colorado, and the NAIA. Except as expressly admitted, the SEC denies the allegations of Paragraph 15.

16.     The SEC admits on information and belief that the NCAA entered an eight-year extension of its media contract to broadcast the NCAA Division I basketball tournament. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included

1   in Paragraph 16 concerning the terms of contracts entered by other entities. Except as expressly

2   admitted, the SEC denies the allegations of Paragraph 16.

3          17.     The SEC admits that California has passed the Fair Pay to Play Act and that

4   multiple other states have introduced or passed legislation or issued executive orders relating to

5   NIL. Except as expressly admitted, the SEC denies the allegations of Paragraph 17.

6          18.     The SEC admits that, with state legislation passed and likely to be passed, the

7   NCAA and its working groups studied, issued statements regarding, and drafted proposed rules

8   for consideration related to certain NIL issues in 2019 and 2020. Except as expressly admitted,

9   the SEC denies the allegations of Paragraph 18.

10         19.     The SEC admits that defendants in *Alston* appealed the Ninth Circuit's decision to

11   the United States Supreme Court and hoped to prevail on appeal. Except as expressly admitted,

12   the SEC denies the allegations of Paragraph 19.

13         20.     The SEC admits that the NCAA's interim rule became effective on July 1, 2021,

14   and not prior thereto, and that the laws of various states were due to go into effect on July 1. The

15   SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included

16   in Paragraph 20 concerning alleged lobbying efforts of the NCAA. The SEC denies the

17   remaining allegations of Paragraph 20.

18         21.     The SEC admits that on June 21, 2021 the United States Supreme Court issued its

19   opinion in *Alston*. The SEC further admits that on June 24, 2021 this Court issued its ruling on

20   Defendants' motion to dismiss Plaintiffs' initial complaint in this action. Except as expressly

21   admitted, the SEC denies the allegations of Paragraph 21.

22         22.     The SEC admits that the NCAA issued an Interim NIL Policy (along with

23   accompanying materials) effective July 1, 2021 (the date that certain state laws and executive

24   orders addressing NIL were effective or soon to be effective), with the result that certain

25   activities relating to name, image and likeness would not be impacted by the application of

26   certain NCAA bylaws. Except as expressly admitted, the SEC denies the allegations of

27   Paragraph 22.

28

23.     The SEC admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image and likeness would not be impacted by the application of certain NCAA bylaws. Except as expressly admitted, the SEC denies the allegations of Paragraph 23.

24.     The SEC admits that according to unverified media reports certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 24 concerning the University of Florida, the University of Michigan, and the industry affiliations of entities allegedly entering agreements with student-athletes. The SEC further admits that according to unverified media reports the University of North Carolina and Brandr Group announced a program in July 2021 addressing licensing of marks in certain circumstances; the SEC lacks knowledge, information, or belief sufficient to admit or deny additional allegations about the terms of the program. Except as expressly admitted, the SEC denies the allegations of Paragraph 24.

25.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 25.

26.     The SEC admits that Coach Saban made public comments concerning earnings by or expected by the Alabama quarterback, but lacks knowledge, information, or belief sufficient to admit or deny whether the public reports were accurate, complete, or correct and also lacks knowledge, information or belief sufficient to admit or deny the remaining allegations of Paragraph 26.

27.     The SEC admits that state laws and the interim policy of the NCAA opened opportunities for student-athletes to license NIL rights. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 27.

28.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 28.

29.     The SEC admits that recently enacted state statutes, some of which became effective July 1, 2021, require that institutions offer certain educational resources and services to student-athletes relating to name, image, and likeness, and that some NCAA member institutions have offered educational resources and services. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 29.

30.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 30 concerning alleged comments of unidentified schools across the country. The SEC denies the remaining allegations of Paragraph 30.

31.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 31 concerning alleged surveys and consumer sentiment. Except as expressly admitted, the SEC denies the allegations of Paragraph 31.

32.     The SEC denies the allegations of Paragraph 32.

33.     The SEC admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image and likeness would not be impacted by the application of certain NCAA bylaws. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 33 concerning alleged comments of Mark Emmert. Except as expressly admitted, the SEC denies that any such injunction would be appropriate or justified legally and denies the allegations of Paragraph 33.

34.     The SEC denies that any such injunction would be appropriate or justified legally and denies allegations of Paragraph 34.

35.     The SEC admits that Plaintiffs request an injunction; the SEC denies that Plaintiffs are entitled to an injunction. The SEC specifically denies that it has engaged in unlawful or anticompetitive conduct. Except as expressly admitted, the SEC denies the allegations of Paragraph 35.

36.     The SEC admits that Plaintiffs seek the relief stated in Paragraph 36; the SEC denies that Plaintiffs are entitled to such relief. The SEC specifically denies that it has engaged in unlawful or anticompetitive conduct. Except as expressly admitted, the SEC denies the allegations of Paragraph 36.

37.     The SEC admits that Plaintiffs seek the relief stated in Paragraph 37; the SEC denies that Plaintiffs are entitled to such relief. The SEC specifically denies that it has engaged in unlawful or anticompetitive conduct. Except as expressly admitted, the SEC denies the allegations of Paragraph 37.

38.     The SEC admits that Plaintiffs seek the relief stated in Paragraph 38; the SEC denies that Plaintiffs are entitled to such relief. The SEC specifically denies that it has engaged in unlawful or anticompetitive conduct. Except as expressly admitted, the SEC denies the allegations of Paragraph 38.

39.     The allegations of paragraph 39 call for legal conclusions to which no response is required. To the extent any response is necessary, the SEC admits that Plaintiffs purport to allege subject matter jurisdiction under the statutes cited in Paragraph 39, but denies that Plaintiffs or purported class members are entitled to any relief sought. Except as expressly admitted, the SEC denies the allegations of Paragraph 39.

40.     The SEC denies the allegations of Paragraph 40 but has not challenged venue in this action.

41.     The SEC admits that the defendants have transacted business (as that term is used in venue statutes) throughout the United States and that the University of California –Berkeley, Stanford University, Santa Clara University, the University of San Francisco, and St. Mary's College are located in the Northern District of California. Except as expressly admitted, the SEC denies the allegations of Paragraph 41 but does not challenge personal jurisdiction in this action.

42.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 42.

43.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 43.

44.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 44.

45.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 45.

46.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 46.

47.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 47.

48.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 48.

49.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 49.

50.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 50.

51.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 51.

52.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 52.

53.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 53.

54.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 54.

55.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 55.

56.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 56.

57.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 57.

1       58.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

2   allegations of Paragraph 58.

3       59.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

4   allegations of Paragraph 59.

5       60.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

6   allegations of Paragraph 60.

7       61.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

8   allegations of Paragraph 61.

9       62.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

10  allegations of Paragraph 62.

11      63.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

12  allegations of Paragraph 63.

13      64.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

14  allegations of Paragraph 64.

15      65.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

16  allegations of Paragraph 65.

17      66.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

18  allegations of Paragraph 66.

19      67.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

20  allegations of Paragraph 67.

21      68.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

22  allegations of Paragraph 68.

23      69.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

24  allegations of Paragraph 69.

25      70.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

26  allegations of Paragraph 70.

27      71.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

28  allegations of Paragraph 71.

72.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 72.

73.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 73.

74.     The SEC admits that the NCAA is an unincorporated not-for-profit educational organization founded in 1906 with its principal offices in Indianapolis, Indiana. The SEC further admits that the NCAA has more than 1,200 colleges, universities, and athletic conferences, including the Conference Defendants, as members, which are located throughout the United States. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 74 concerning comments the NCAA has allegedly made about whether it speaks and acts for colleges and universities on athletic matters at a national level. Except as expressly admitted, the SEC denies the allegations of Paragraph 74.

75.     The SEC admits that the NCAA and its members have adopted a Constitution and Bylaws, which set forth procedures for amendments thereto. The SEC further admits that the NCAA enforces compliance with its Bylaws and may impose penalties for noncompliance in some instances. Except as expressly admitted, the SEC denies the allegations of Paragraph 75.

76.     The SEC admits that the NCAA includes numerous member institutions organized in three divisions and that some institutions sponsor football teams. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 76 concerning the specific number of institutions in different divisions or that sponsor football programs. Except as expressly admitted, the SEC denies the allegations of Paragraph 76.

77.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 77.

78.     Upon information and belief, the SEC admits that the Pac-12 is an unincorporated association with its principal offices located in California, that it is a multi-sport collegiate athletic conference, and a formal "conference member" of NCAA Division I. Upon information and belief, the SEC further admits that the Pac-12 is an IRS § 501(c)(3) entity. The SEC lacks

knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 78.

79.     The SEC admits that the Pac-12's current members are the institutions identified in Paragraph 79. Except as expressly admitted, the SEC denies the allegations of Paragraph 79.

80.     The SEC denies the allegations of Paragraph 80.

81.     Upon information and belief, the SEC admits that the Big Ten is a nonprofit corporation with its principal offices located in Illinois, and that it is a multi-sport collegiate athletic conference and a formal "conference member" of NCAA Division I. Upon information and belief, the SEC further admits that the Big Ten is an IRS § 501(c)(3) entity. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 81.

82.     The SEC admits that the Big Ten's current members are the institutions identified in Paragraph 82, and that all of its football members are in the Football Bowl Subdivision. Except as expressly admitted, the SEC denies the allegations of Paragraph 82.

83.     The SEC denies the allegations of Paragraph 83.

84.     Upon information and belief, the SEC admits that the Big 12 is a nonprofit corporation with its principal offices located in Texas, that it is a multi-sport collegiate athletic conference, and a formal "conference member" of NCAA Division I. Upon information and belief, the SEC further admits that the Big 12 is an IRS § 501(c)(3) entity. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 84.

85.     The SEC admits that the Big 12's current members are the institutions identified in Paragraph 85, and that all of its football members are in the Football Bowl Subdivision. Except as expressly admitted, the SEC denies the allegations of Paragraph 85.

86.     The SEC denies the allegations of Paragraph 86.

87.     The SEC admits that it is an unincorporated association with its principal offices located in Alabama, and that it is a multi-sport collegiate athletic conference and a formal "conference member" of NCAA Division I. The SEC further admits that it is an IRS § 501(c)(3)

entity and that its tax return for the fiscal year ending on August 31, 2018 showed revenues of over $659 million, the overwhelming percentage of which were distributed to SEC member institutions, which incurred the direct costs of operating their respective athletic programs. Except as expressly admitted, the SEC denies the allegations of Paragraph 87.

88.     The SEC admits the allegations of paragraph 88.

89.     The SEC denies the allegations of Paragraph 89.

90.     Upon information and belief, the SEC admits that the ACC is an unincorporated association with its principal offices located in Greensboro, North Carolina, and that it is a multi-sport collegiate athletic conference and a formal "conference member" of NCAA Division I. Upon information and belief, the SEC further admits that the ACC is an IRS § 501(c)(3) entity. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 90.

91.     The SEC admits that the ACC has 15 member institutions. Upon information and belief, the SEC further admits that Notre Dame generally participates in all sports except football and hockey, with exceptions. Except as expressly admitted, the SEC denies the allegations of Paragraph 91.

92.     The SEC denies the allegations of Paragraph 92.

93.     The SEC denies the characterization and therefore denies the allegations of Paragraph 93.

94.     The SEC will respond separately to the various allegations in other Paragraphs of the Complaint and, except as expressly admitted in responses to such other allegations, denies the allegations of Paragraph 94.

95.     The SEC denies the allegations of Paragraph 95.

96.     The SEC admits that Plaintiffs seek to challenge NCAA rules that have established limitations on compensating student-athletes, including for the alleged use of their names, images, and likenesses. Except as expressly admitted, the SEC denies the allegations of Paragraph 96.

97. The SEC admits that the NCAA Manual contains the provisions quoted in part from NCAA Bylaw 12.5.2.1 in Paragraph 97. The SEC further admits that the NCAA Manual sets forth NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. Except as expressly admitted, the SEC denies the allegations of Paragraph 97.

98. The SEC admits that the NCAA Manual contains the provisions quoted in part from NCAA Bylaw 12.5.2.2 in Paragraph 98. The SEC further admits that the NCAA Manual sets forth NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. Except as expressly admitted, the SEC denies the allegations of Paragraph 98.

99. The SEC admits that NCAA rules have established limitations on compensation to student-athletes, including for the alleged use of their names, images, and likenesses, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. Except as expressly admitted, the SEC denies the allegations of Paragraph 99.

100. The SEC admits that the NCAA Manual contains the provisions quoted in part from NCAA Bylaws 12.4.1 and 12.4.1.1 in Paragraph 100. The SEC further admits that the NCAA Manual sets forth NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. Except as expressly admitted, the SEC denies the allegations of Paragraph 100.

101. The SEC admits that the NCAA Manual contains the provisions quoted in part from NCAA Bylaw 12.4.2.3 in Paragraph 101. The SEC further admits that the NCAA Manual sets forth NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. Except as expressly admitted, the SEC denies the allegations of Paragraph 101.

102. The SEC admits that the NCAA Manual contains the provisions quoted in part from NCAA Bylaw 12.4.4 in Paragraph 102. The SEC further admits that the NCAA Manual sets forth NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA

guidance and interpretations, and state laws. Except as expressly admitted, the SEC denies the allegations of Paragraph 102.

103.     The SEC admits that the NCAA can enforce compliance with its bylaws and may impose various penalties for noncompliance in some instances as set forth in its bylaws. Except as expressly admitted, the SEC denies the allegations of Paragraph 103.

104.     The SEC admits that the NCAA Manual sets forth current NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 104 concerning what sponsors could or may do. Except as expressly admitted, the SEC denies the allegations of Paragraph 104.

105.     The SEC denies the allegations of Paragraph 105.

106.     The SEC denies the allegations of Paragraph 106.

107.     The SEC admits that the NCAA Manual sets forth current NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. Except as expressly admitted, the SEC denies the allegations of Paragraph 107.

108.     The SEC admits that NCAA rules have established limitations on compensation to student-athletes, including for the use or alleged use of their names, images, and likenesses, and rules governing student-athlete eligibility and certain conduct, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. Except as expressly admitted, the SEC denies the allegations of Paragraph 108.

109.     The SEC admits on information and belief that schools in NCAA Divisions II and III offer fewer scholarships than those in Division I, and that collective bargaining agreements of the NFL and the NBA include restrictions on which individuals are eligible to play in those leagues and the timing of when they are eligible. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 109 concerning NAIA, NCCAA, and USCAA schools, and the allegations concerning whether recruits "rarely forego" opportunities to play Division I sports in order to play professionally. Except as expressly admitted, the SEC denies the allegations of Paragraph 109.

110.    The SEC admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws. Except as expressly admitted, the SEC denies the allegations of Paragraph 110.

111.    The SEC denies the allegations of Paragraph 111.

112.    The SEC admits on information and belief that there have been media reports that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations in paragraph 112 concerning whether or not any NCAA member institutions have paid NIL compensation to student-athletes.  The SEC further lacks knowledge, information, or belief sufficient to admit or deny the allegations in paragraph 112 concerning Plaintiffs' awareness, or lack thereof, of NCAA member institutions' or conferences' NIL policies.  Except as expressly admitted, the SEC denies the allegations of Paragraph 112.

113.    The SEC admits that recently enacted state statutes, some of which became effective July 1, 2021, require that institutions offer certain educational resources and services to student-athletes relating to name, image, and likeness, and that some NCAA member institutions have offered educational resources and services. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations included in Paragraph 113 concerning NIL initiative partnering and the specific NIL initiatives of Michigan State, the University of Michigan, Ohio State, Stanford, and UC Berkeley. Except as expressly admitted, the SEC denies the allegations of Paragraph 113.

114.    The SEC admits unverified media sources report that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of

the Interim NIL Policy. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 114 concerning Olivia Dunne and the alleged value of NIL rights. Except as expressly admitted, the SEC denies the allegations of Paragraph 114.

115.    The SEC admits unverified media sources report that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy. Except as expressly admitted, the SEC denies the allegations of Paragraph 115.

116.    The SEC denies the allegations of Paragraph 116.

117.    The SEC denies the allegations of Paragraph 117.

118.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 118 concerning the policies that various educational institutions may have relating to students other than student-athletes, and concerning alleged comments of Brian Freeman, CEO of HeartBeat. Except as expressly admitted, the SEC denies the allegations of Paragraph 118.

119.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 119 concerning the practices of various educational institutions relating to students other than student-athletes, and concerning a YouTube channel at Colorado State University. Except as expressly admitted, the SEC denies the allegations of Paragraph 119.

120.    The SEC admits that NCAA rules have established limitations on compensation to student-athletes, including for the alleged use of their names, images, and likenesses. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 120 concerning Breana Dodd. Except as expressly admitted, the SEC denies the allegations of Paragraph 120.

121.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 121 concerning alleged comments of Mark Emmert. The SEC denies the remaining allegations of Paragraph 121.

122.    The SEC denies the allegations of Paragraph 122.

123.    Upon information and belief, the SEC admits that former NCAA Executive Director Walter Byers wrote a book titled Unsportsmanlike Conduct:   Exploiting College Athletes, published in 1995. Except as expressly admitted, the SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 123.

124.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 124 concerning any alleged website content and regarding reported statements made about or by the NCAA. Except as expressly admitted, the SEC denies the allegations of Paragraph 124.

125.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 125.

126.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 126.

127.    The SEC admits that Article I of the NCAA Constitution contains the language quoted in Paragraph 127.

128.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 128.

129.    The SEC admits that the NCAA is a voluntary organization and otherwise lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 129.

130.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 130.

131.    The SEC admits that the NCAA Manual contains the provisions quoted in part from NCAA Constitution Article 3.02.3 in Paragraph 131. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 131.

132.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 132.

133.    The SEC admits that the NCAA legislative system involves boards, councils, and numerous committees, groups, and structures. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 133 concerning reported

comments made by the NCAA. Except as expressly admitted, the SEC denies the allegations of Paragraph 133.

134.    The SEC admits that the NCAA and its members have adopted a Constitution and Bylaws as set forth in the NCAA Manual, which is published annually and updated periodically. Except as expressly admitted, the SEC denies the allegations of Paragraph 134.

135.    The SEC admits that the method of adoption of NCAA rules and amendments thereto is set forth in the NCAA Manual. The SEC further admits that the NCAA Manual contains the provisions quoted in part from NCAA Bylaw 5.2.2 in Paragraph 135. Except as expressly admitted, the SEC denies the allegations of Paragraph 135.

136.    The SEC admits that the NCAA Manual sets forth the NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. The SEC further admits that the NCAA Manual contains the provisions quoted in part from Article 1.3.2 and Article 2.8.1 in Paragraph 136. Except as expressly admitted, the SEC denies the allegations of Paragraph 136.

137.    The SEC admits that the NCAA Manual sets forth the NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. The SEC further admits that the NCAA Manual contains the provisions quoted in part from Article 3.1 and Article 3.2.1.2 in Paragraph 137. Except as expressly admitted, the SEC denies the allegations of Paragraph 137.

138.    The SEC admits that the NCAA Manual sets forth the NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. The SEC further admits that the NCAA Manual contains the provisions quoted in part from Article 3.2.4 and Article 3.2.4.4 in Paragraph 138. The SEC specifically denies that it has engaged in price-fixing activity. Except as expressly admitted, the SEC denies the allegations of Paragraph 138.

139.    The SEC admits that the NCAA Manual sets forth the NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state

laws. The SEC specifically denies that it has engaged in price-fixing activity. Except as expressly admitted, the SEC denies the allegations of Paragraph 139.

140.   The SEC admits that the NCAA Manual sets forth the NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. The SEC further admits that the NCAA Manual contains the provisions quoted in part from Articles 2.8.3, 3.2.5.1, 3.01.4, and 3.2.5.1.1 in Paragraph 140. Except as expressly admitted, the SEC denies the allegations of Paragraph 140.

141.   The SEC admits that member conferences assist with compliance with NCAA rules. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 141 concerning the Pac-12 handbook and the statements therein. Except as expressly admitted, the SEC denies the allegations of Paragraph 141.

142.   The SEC admits that the NCAA Manual sets forth the NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. The SEC further admits that the NCAA Manual contains the provisions quoted in part from Bylaw 14.01.3 in Paragraph 142. Except as expressly admitted, the SEC denies the allegations of Paragraph 142.

143.   The SEC denies the allegations of Paragraph 143.

144.   The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 144 concerning alleged comments of Mark Lewis. The SEC denies the remaining allegations of Paragraph 144.

145.   The SEC admits that very few college football and basketball programs generate positive net revenues after (as is appropriate) the expenses incurred by the institutions are offset against revenue generated by institutions and distributed to the institutions by the NCAA and conferences. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 145 concerning alleged revenues of the NCAA. Except as expressly admitted, the SEC denies the allegations of Paragraph 145.

146.   The SEC denies the allegations of Paragraph 146.

147.   The SEC admits that it is party to broadcast licensing agreements. The SEC further admits upon information and belief that the NCAA and other conferences are parties to broadcast licensing agreements. The SEC further admits that in 2016 the NCAA announced a new eight-year agreement with CBS and Turner Sports for the rights to broadcast the NCAA Division I basketball tournament on television and that the license fee has been publicly reported to be approximately $8.8 billion over the eight-year term of the agreement. The SEC further admits that the NCAA distributes net revenues from the broadcast licenses to its members, which funds are used to support educational programs. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 147 concerning alleged terms of broadcast licensing agreements of other entities. Except as expressly admitted, the SEC denies the allegations of Paragraph 147.

148.   The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 148 concerning alleged advertising revenue at various events. The SEC denies the remaining allegations of Paragraph 148.

149.   The SEC admits that it is party to certain sponsorship agreements. The SEC further admits on information and belief that the NCAA, other conferences, and NCAA member institutions are parties to certain sponsorship agreements. Except as expressly admitted, the SEC denies the allegations of Paragraph 149.

150.   The SEC admits that Senator Murphy published a report with certain statements as set forth therein. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 150 concerning alleged NCAA contractual agreements. The SEC denies the remaining allegations of Paragraph 150.

151.   The SEC admits on information and belief that some NCAA member institutions have contracts with apparel companies. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 151 concerning specifics of alleged apparel agreements. Except as expressly admitted, the SEC denies the allegations of Paragraph 151.

152.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 152 concerning alleged apparel agreements. The SEC denies the remaining allegations of Paragraph 152.

153.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 153 concerning alleged apparel agreements. The SEC denies the remaining allegations of Paragraph 153.

154.     The SEC admits that apparel companies, through involvement in AAU basketball, might influence the selection of colleges by some high school students. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 154 concerning the AAU and alleged apparel agreements. The SEC denies the remaining allegations of Paragraph 154.

155.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 155 concerning the percentage of prospects who attend a college or remain affiliated with merchandise brands in the NBA. The SEC denies the remaining allegations of Paragraph 155.

156.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 156 concerning alleged actions and comments of Sabrina Ionescu. The SEC denies the remaining allegations of Paragraph 156.

157.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 157 concerning alleged apparel agreements and alleged comments of Rick Pitino. Except as expressly admitted, the SEC denies the allegations of Paragraph 157.

158.     The SEC admits that in 2017 the FBI announced the results of an investigation into certain identified issues and persons relating to college basketball, that complaints were filed, and that certain persons were indicted. Except as expressly admitted, the SEC denies the allegations of Paragraph 158.

159.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 159 concerning alleged comments of Sonny Vaccaro. The SEC denies the remaining allegations of Paragraph 159.

160.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 160 concerning alleged social media agreements. The SEC denies the remaining allegations of Paragraph 160.

161.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 161 concerning the University of Southern California and alleged comments of unidentified persons at Fox Sports. The SEC denies the remaining allegations of Paragraph 161.

162.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 162 concerning alleged social media agreements. The SEC denies the remaining allegations of Paragraph 162.

163.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 163.

164.     The SEC admits on information and belief that Division I members invest funds for a variety of purposes, including but not limited to coaching contracts (which in many instances provide superior coaching for the benefit of student-athletes) and playing, training, and other facilities, which are beneficial and desirable to student-athletes. Except as expressly admitted, the SEC denies the allegations of Paragraph 164.

165.     The SEC admits that institutions invest in facilities for various purposes, including but not limited to playing, training, and other facilities, which are beneficial and desirable to student-athletes. The SEC further admits on information and belief that Clemson and South Carolina each completed a facility in 2018 with various features that are beneficial and desirable to student-athletes. Except as expressly admitted, the SEC denies the allegations of Paragraph 165.

166.     The SEC admits that NCAA member institutions pay the salaries and benefits of their administrators and coaches. The SEC lacks knowledge, information, or belief sufficient to

admit or deny the allegations included in Paragraph 166 concerning the alleged salary information of coaches and administrators. Except as expressly admitted, the SEC denies the allegations of Paragraph 166.

167.   The SEC admits that NCAA member institutions pay the salaries and benefits of their administrators and coaches. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 167 concerning alleged salary, benefit, and endorsement information of the identified individuals. Except as expressly admitted, the SEC denies the allegations of Paragraph 167.

168.   The SEC admits on information and belief that some coaches enter commercial agreements with various entities. Except as expressly admitted, the SEC denies the allegations of Paragraph 168.

169.   The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 169.

170.   The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 170.

171.   The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 171.

172.   The SEC admits that NCAA rules have established limitations on compensation to student-athletes and that coaches are not subject to the student-athlete compensation rules. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 172 concerning Dabo Swinney. Except as expressly admitted, the SEC denies the allegations of Paragraph 172.

173.   The SEC admits that NCAA rules have established limitations on compensation to student-athletes and that the media have published reports concerning alleged payments by Texas A&M boosters regarding seats at athletics banquets. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 173 concerning offers allegedly made to student-athletes. Except as expressly admitted, the SEC denies the allegations of Paragraph 173.

174.     The SEC admits that NCAA rules have established limitations on compensation to student-athletes. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 174 concerning alleged reporting of ESPN and alleged comments of Kevin Lennon. Except as expressly admitted, the SEC denies the allegations of Paragraph 174.

175.     The SEC denies the allegations of Paragraph 175.

176.     The SEC admits on information and belief that EA Sports produced video games utilizing collegiate marks under licensing agreement with the NCAA and various schools and conferences until 2014. The SEC further admits that the parties filed pleadings and the court issued rulings in the *Keller* case. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 176.

177.     The SEC admits that EA Sports announced that it may revive its college sports games. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 177.

178.     The SEC denies the allegations of Paragraph 178.

179.     The SEC denies the allegations of Paragraph 179.

180.     The SEC admits that the United States Supreme Court issued its opinion in *NCAA v. Board of Regents* in 1984. The SEC further admits that a relatively small percentage of college football and basketball programs generate positive net revenues, and that consumers demand collegiate sports. Except as expressly admitted, the SEC denies the allegations of Paragraph 180.

181.     The SEC admits that the United States Court of Appeals for the 10th Circuit decided *Law v. NCAA*. The SEC further admits that consumers demand collegiate sports. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 181 concerning alleged salaries of assistant coaches. Except as expressly admitted, the SEC denies the allegations of Paragraph 181.

182.     The SEC admits that the NCAA argued its legal positions in *White v. NCAA*. The SEC further admits that consumers demand collegiate sports and that COA grants-in-aid have

been permitted and granted since 2015. Except as expressly admitted, the SEC denies the allegations of Paragraph 182.

183. The SEC admits that the District Court and the United States Court of Appeals for the Ninth Circuit issued opinions in *O'Bannon v. NCAA* and *In re NCAA Athletic Grant-in-Aid Antitrust Litigation*. The SEC further admits that consumers demand collegiate sports and that COA grants-in-aid have been permitted and granted since 2015. Except as expressly admitted, the SEC denies the allegations of Paragraph 183.

184. The SEC admits that the United States Court of Appeals for the Ninth Circuit issued an opinion in *In re NCAA Athletic Grant-in-Aid Antitrust Litigation*. Except as expressly admitted, the SEC denies the allegations of Paragraph 184.

185. The SEC admits that the United States Court of Appeals for the Ninth Circuit issued an opinion in *In re NCAA Athletic Grant-in-Aid Antitrust Litigation*. Except as expressly admitted, the SEC denies the allegations of Paragraph 185.

186. The SEC admits that the opinion in *NCAA v. Alston*, 141 S. Ct. 2141 (2021), was issued on June 21, 2021. Except as expressly admitted, the SEC denies the allegations of Paragraph 186.

187. The SEC admits that on June 24, 2021 this Court issued its ruling on Defendants' motion to dismiss Plaintiffs' initial complaint in this action. Except as expressly admitted, the SEC denies the allegations of Paragraph 187.

188. The SEC admits on information and belief that several state laws and executive orders relating to student-athlete NIL went into effect on or about July 1, 2021. The various state laws establish various permissions and prohibitions, and will have to be interpreted by courts of the various states to the extent that such laws can be subject to various interpretations or are unclear or vague. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 188 concerning the specific states that had legislation or executive orders in effect as of July 1, 2021. Except as expressly admitted, the SEC denies the allegations of Paragraph 188.

1        189.    The SEC admits that the NCAA issued an Interim NIL Policy (along with

2   accompanying materials) effective July 1, 2021 (the date that certain state laws and executive

3   orders addressing NIL were effective or soon to be effective), with the result that certain

4   activities relating to name, image, and likeness would not be impacted by the application of

5   certain NCAA bylaws. Except as expressly admitted, the SEC denies the allegations of

6   paragraph 189.

7        190.    The SEC admits that the NCAA issued an Interim NIL Policy (along with

8   accompanying materials) effective July 1, 2021 (the date that certain state laws and executive

9   orders addressing NIL were effective or soon to be effective), with the result that certain

10  activities relating to name, image, and likeness would not be impacted by the application of

11  certain NCAA bylaws. The SEC further admits on information and belief that there have been

12  media reports that certain student-athletes at some schools and in some sports have been offered

13  or accepted compensation for the alleged use of their names, images, and likenesses following

14  the passage of state NIL laws and issuance of the Interim NIL Policy. The SEC lacks knowledge,

15  information, or belief sufficient to admit or deny the allegations included in Paragraph 190

16  concerning the alleged comments of Mark Emmert, Mike Bobinski, Bob Bowlsby, and

17  unidentified representatives of Defendants. Except as expressly admitted, the SEC denies the

18  allegations of Paragraph 190.

19       191.    The SEC denies the allegations of Paragraph 191.

20       192.    The SEC denies the allegations of Paragraph 192.

21       193.    The SEC admits that Defendants' procompetitive benefits in past litigation have

22  included, among other things, consumer demand for the collegiate sports model. Except as

23  expressly admitted, the SEC denies the allegations of Paragraph 193.

24       194.    The SEC admits that the United States Court of Appeals for the Ninth Circuit

25  issued an opinion in the *NCAA GIA* litigation. Except as expressly admitted, the SEC denies the

26  allegations of Paragraph 194.

195.    The SEC admits that the United States District Court for the Northern District of California issued an opinion in *In re NCAA Athletic Grant-in-Aid Antitrust Litigation*. Except as expressly admitted, the SEC denies the allegations of Paragraph 195.

196.    The SEC denies the allegations of Paragraph 196.

197.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 197 concerning alleged unattributed surveys. The SEC specifically denies that it has engaged in any unlawful or anticompetitive conduct and denies the remaining allegations of Paragraph 197.

198.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 198.

199.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 199.

200.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 200 concerning alleged polling and what such polls might indicate. The SEC denies the remaining allegations of Paragraph 200.

201.    The SEC admits that the United States Court of Appeals for the Ninth Circuit issued an opinion in the *NCAA GIA* litigation.  Except as expressly admitted, the SEC denies the allegations of Paragraph 201.

202.    The SEC admits that the NCAA issued a Final Report and Recommendations on April 17, 2020 that contains the language quoted in Paragraph 202. Except as expressly admitted, the SEC denies the allegations of Paragraph 202.

203.    The SEC admits that NCAA rules include limitations on compensating student-athletes, and that there are provisions in the rules allowing for limited, non-monetary athletic participation mementos and awards, pre-matriculation tennis awards, and awards presented by Olympic governing bodies to the few student-athletes who compete in the Olympics. The SEC further admits upon information and belief that some Division I members have used Student Assistance Funds to purchase loss-of-value insurance policies to enable student-athletes to

remain in college and compete in collegiate athletics. Except as expressly admitted, the SEC denies the allegations of Paragraph 203.

204.    The SEC admits that the United States Court of Appeals for the Ninth Circuit issued an opinion in the *NCAA GIA* litigation.  Except as expressly admitted, the SEC denies the allegations of Paragraph 204.

205.    The SEC admits that the NCAA has consistently sought to expand benefits available to student-athletes within its conception, and consistent with its principles, of amateurism. The SEC further admits that the NCAA began allowing full COA athletic grants-in-aid in 2015, which naturally increased the number of student-athletes who might receive above-COA total assistance. The SEC further admits that consumers demand collegiate sports and that a minority of college football and basketball programs generate positive net revenues. Except as expressly admitted, the SEC denies the allegations of Paragraph 205.

206.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 206 concerning alleged amounts received by certain individuals, including Kyler Murray. The SEC admits that consumers demand collegiate sports. Except as expressly admitted, the SEC denies the allegations of Paragraph 206.

207.    The SEC admits that Plaintiffs do not purport to challenge NCAA rules requiring student-athletes to be enrolled in their institutions and to meet academic eligibility standards. The SEC admits that recently enacted state statutes, some of which became effective July 1, 2021, require that institutions offer certain educational resources and services to student-athletes relating to name, image, and likeness, and that some NCAA member institutions have offered educational resources and services. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 207.

208.    The SEC admits that there is a trial record and that the District Court and the United States Court of Appeals for the Ninth Circuit in the *NCAA GIA* litigation issued opinions. Except as expressly admitted, the SEC denies the allegations of Paragraph 208.

209.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 209 concerning alleged comments by unidentified critics. The

SEC admits that in 2017 the FBI announced the results of an investigation into certain identified issues and persons relating to college basketball, that the FBI filed complaints, and that certain persons were indicted. Except as expressly admitted, the SEC denies the allegations of Paragraph 209.

210.    The SEC admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws. The SEC further admits on information and belief that there have been media reports that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 210 concerning alleged evidence of the interests of consumers and sponsors. Except as expressly admitted, the SEC denies the allegations of Paragraph 210.

211.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 211 concerning alleged comments of Mark Emmert. The SEC admits that the NCAA issued an Interim NIL Policy effective July 1, 2021 and accompanying materials providing that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws and allowing conferences to adopt additional policies consistent with the Interim NIL Policy. The SEC admits that the United States Court of Appeals for the Ninth Circuit issued an opinion in the *NCAA GIA* litigation. Except as expressly admitted, the SEC denies the allegations of Paragraph 211.

212.    Paragraph 212 does not contain allegations of fact and therefore no response is required. To the extent a response is required, the SEC denies the allegations of Paragraph 212.

213.    The SEC admits that integration of student-athletes is a procompetitive justification for various rules that have been challenged in litigation. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 213

concerning alleged comments by unidentified NCAA personnel. Except as expressly admitted, the SEC denies the allegations of Paragraph 213.

214.    The SEC denies the allegations of Paragraph 214.

215.    The SEC admits that the United States Court of Appeals for the Ninth Circuit issued an opinion in the *NCAA GIA* litigation. Except as expressly admitted, the SEC denies the allegations of Paragraph 215.

216.    The SEC admits on information and belief that students at college campuses have varying access to income or wealth. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 216 concerning the alleged impact on wealthier students. Except as expressly admitted, the SEC denies the allegations of Paragraph 216.

217.    The SEC admits on information and belief that some college students in America are employed and compensated. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 217.

218.    The SEC admits that the District Court and the United States Court of Appeals for the Ninth Circuit issued opinions in the *NCAA GIA* litigation. Except as expressly admitted, the SEC denies the allegations of Paragraph 218.

219.    The SEC admits that NCAA rules have established limitations on compensation to student-athletes for the use of their names, images, and likenesses. The SEC further admits that the NCAA issued a Final Report and Recommendations on April 17, 2020 that contains substantially the language quoted in Paragraph 219. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 219 concerning the policies that various educational institutions may have relating to students other than student-athletes. Except as expressly admitted, the SEC denies the allegations of Paragraph 219.

220.    The SEC admits that Plaintiffs do not purport to challenge NCAA rules requiring student-athletes to be enrolled in their institutions and to meet academic eligibility standards. The SEC further admits that recently enacted state statutes, some of which became effective July 1, 2021, require that institutions offer certain educational resources and services to student-

athletes relating to name, image, and likeness, and that some NCAA member institutions have offered educational resources and services. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 220.

221.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 221.

222.    The SEC denies the allegations of Paragraph 222.

223.    The SEC denies the allegations of Paragraph 223.

224.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 224 concerning the alleged comments of John Shoop. Except as expressly admitted, the SEC denies the allegations of Paragraph 224.

225.    The SEC admits that NCAA rules have established limitations on compensation to student-athletes for the alleged use of their names, images, and likenesses, which limitations have recently been altered by state laws and by the NCAA's Interim Guidance. Except as expressly admitted, the SEC denies the allegations of Paragraph 225.

226.    The SEC denies the allegations of Paragraph 226.

227.    The SEC denies the allegations of Paragraph 227.

228.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 228.

229.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 229.

230.    The SEC admits on information and belief that the NCAA's largest source of revenue is derived from media rights and attendance related to the NCAA Division I basketball tournament, and that the NCAA distributes a large portion of those funds to member institutions. Except as expressly admitted, the SEC denies the allegations of Paragraph 230.

231.    The SEC admits that the NCAA makes payments to schools, which fund both men's and women's sports. The SEC denies the allegations included in Paragraph 231 characterizing the alleged financial value associated with or derived from women's basketball, television viewership, and attendance. The SEC denies that the NCAA makes any payments to

either men's teams or women's teams. Except as expressly admitted, the SEC denies the allegations of Paragraph 231.

232.    The SEC admits on information and belief that there have been media reports that some administrators, legislators, and members of the public support various concepts of student-athletes having the opportunity to seek compensation for the use of NIL. Except as expressly admitted, the SEC denies the allegations of Paragraph 232.

233.    The SEC admits that California has passed the Fair Pay to Play Act ("SB 206"), set to take effect in 2023, and that other states have passed and/or introduced legislation relating to NIL. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 233 concerning efforts to change the effective date of SB 206. Except as expressly admitted, the SEC denies the allegations of Paragraph 233.

234.    The SEC admits that SB 206 permits certain NIL compensation or benefits as provided in the statute. The SEC lacks knowledge, information, or belief sufficient to admit or deny all of the allegations concerning the future effect of SB 206. If and to the extent that Paragraph 234 misstates the effect of or provisions of SB 206, the SEC denies the allegations of Paragraph 234.

235.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 235.

236.    The SEC admits that numerous states have considered or passed legislation relating to student-athletes and NIL. The various state laws speak for themselves, to the extent that the laws establish clear and definite permissions and prohibitions, and will have to be interpreted by courts of the various states to the extent that such laws can be subject to various interpretations or are unclear or vague. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 236.

237.    The SEC admits on information and belief that the NCAA opposed certain aspects of SB 206 and communicated certain concerns to Governor Newsom regarding certain aspects.   The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 237.

1    238.    The SEC denies the allegations of Paragraph 238.

2    239.    The SEC admits unverified media reports indicate that NCAA and NCAA

3    members have made public comments regarding possible revision of NCAA NIL rules and

4    considerations relating to any such revisions. The SEC further admits that the NCAA and its

5    working groups have studied, issued statements regarding, and drafted proposed rules for

6    consideration related to NIL in 2019 and 2020. The SEC admits that the United States Supreme

7    Court issued an opinion in *Alston* and this Court's ruled on Defendants' motion to dismiss

8    Plaintiffs' initial complaint. The SEC admits that the NCAA issued an Interim NIL Policy (along

9    with accompanying materials) effective July 1, 2021 (the date that certain state laws and

10   executive orders addressing NIL were effective or soon to be effective), with the result that

11   certain activities relating to name, image, and likeness would not be impacted by the application

12   of certain NCAA bylaws. Except as expressly admitted, the SEC denies the allegations of

13   Paragraph 239.

14   240.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

15   allegations of Paragraph 240.

16   241.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

17   allegations of Paragraph 241.

18   242.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

19   allegations of Paragraph 242.

20   243.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

21   allegations included in Paragraph 243 concerning the alleged comments of Warde Manuel. The

22   SEC denies the remaining allegations of Paragraph 243.

23   244.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

24   allegations included in Paragraph 244 concerning the alleged comments of Jack Swarbrick. The

25   SEC denies the remaining allegations of Paragraph 244.

26   245.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the

27   allegations included in Paragraph 245 concerning the alleged comments of Kyle Kallander. The

28   SEC denies the remaining allegations of Paragraph 245.

246.     The SEC admits that some representatives of the NCAA and NCAA members have been reported to have made public comments regarding possible revision of NCAA rules and considerations relating to any such revisions. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 246 concerning the alleged comments of Scott Frost and Garrett Klassy. Except as expressly admitted, the SEC denies the allegations of Paragraph 246.

247.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 247 concerning the alleged comments of Jim Harbaugh and alleged revenues of the University of Michigan. The SEC denies the remaining allegations of Paragraph 247.

248.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 248 concerning the alleged comments of Chris Holtmann. The SEC denies the remaining allegations of Paragraph 248.

249.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 249.

250.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 250.

251.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 251.

252.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 252 concerning the alleged comments of Kristin Williams. The SEC denies the remaining allegations of Paragraph 252.

253.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 253 concerning the alleged comments of Kyle Kallander. The SEC denies the remaining allegations of Paragraph 253.

254.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 254.

255.     The SEC admits that the NCAA issued a Report of the NCAA Board of Governors on October 29, 2019 that contains the language quoted in Paragraph 255. Except as expressly admitted, the SEC denies the allegations of Paragraph 255.

256.     The SEC admits that the NCAA issued a Report of the NCAA Board of Governors on October 29, 2019 that contains the language quoted in Paragraph 256. Except as expressly admitted, the SEC denies the allegations of Paragraph 256.

257.     The SEC admits that the NCAA issued a Final Report and Recommendations on April 17, 2020 that contains substantially the language quoted in Paragraph 257. Except as expressly admitted, the SEC denies the allegations of Paragraph 257.

258.     The SEC admits that the NCAA issued a Final Report and Recommendations on April 17, 2020 that contains the language quoted in the last sentence of Paragraph 258. Except as expressly admitted, the SEC denies the allegations of Paragraph 258.

259.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 259 concerning the alleged comments of the NCAA. The SEC denies the remaining allegations of Paragraph 259.

260.     The SEC admits that the NCAA issued a Final Report and Recommendations on April 17, 2020 that contains substantially the language quoted in Paragraph 260. The SEC further admits that the NCAA sought proposals from the three divisions. Except as expressly admitted, the SEC denies the allegations of Paragraph 260.

261.     The SEC admits that the NCAA issued a Final Report and Recommendations on April 17, 2020 that contains the language quoted in part in Paragraph 261. Except as expressly admitted, the SEC denies the allegations of Paragraph 261.

262.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 262 concerning the alleged comments of the Associated Press and alleged expenditures of other entities.

263.     The SEC admits that the conferences that are parties to this action sent a letter to congressional leaders on May 23, 2020 regarding potential federal NIL legislation. Except as expressly admitted, the SEC denies the allegations of Paragraph 263.

264.    The SEC admits that the NCAA and its working groups have studied, issued statements regarding, and drafted proposed rules for consideration related to NIL in 2019 and 2020. The SEC further admits that in or about January 2021 the United States Department of Justice sent the NCAA a letter. Except as expressly admitted, the SEC denies the allegations of Paragraph 264.

265.    The SEC admits unverified media reports indicate that NCAA and NCAA members have made public comments regarding possible revision of NCAA NIL rules and considerations relating to any such revisions. The SEC further admits on information and belief that Rebecca Blank testified before the Senate Committee on Health, Education, Labor & Pensions in 2020. The SEC lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 265.

266.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 266 concerning the alleged comments of Allen Greene. Except as expressly admitted, the SEC denies the allegations of Paragraph 266.

267.    The SEC admits that Mark Emmert testified before the Senate Commerce Committee in June 2021. Except as expressly admitted, the SEC denies the allegations of Paragraph 267.

268.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 268.

269.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 269 concerning an alleged undated Knight Commission report. The SEC denies the remaining allegations of Paragraph 269.

270.    The SEC admits on information and belief that the Knight Commission has issued statements concerning student-athlete NIL. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 270 concerning the alleged comments of the Knight Commission. Except as expressly admitted, the SEC denies the allegations of Paragraph 270.

271.    The SEC admits that the NCAA has a process for accepting applications for waivers from student-athletes relating to the use of their NIL. The SEC further admits that the NCAA issued a Final Report and Recommendations on April 17, 2020 that contains the language quoted in part in Paragraph 271. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 271 concerning the number of waiver applications submitted and approved and concerning the alleged comments of Bernadette McGlade. Except as expressly admitted, the SEC denies the allegations of Paragraph 271.

272.    The SEC admits that the NCAA issued a Final Report and Recommendations on April 17, 2020. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 272 concerning the characterizations of the content and waivers allegedly granted. Except as expressly admitted, the SEC denies the allegations of Paragraph 272.

273.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 273 concerning Arike Ogunbowale. Except as expressly admitted, the SEC denies the allegations of Paragraph 273.

274.    The SEC denies the allegations of Paragraph 274.

275.    The SEC admits that NCAA rules have established limitations on compensation to student-athletes for the alleged use of their names, images, and likenesses. Except as expressly admitted, the SEC denies the allegations of Paragraph 275.

276.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 276.

277.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 277.

278.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 278.

279.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 279.

280.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 280.

281.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 281.

282.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 282 concerning an alleged Axios.com report on Opendorse. The SEC denies the remaining allegations of Paragraph 282.

283.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 283 concerning an alleged fivethirtyeight.com report on Opendorse. The SEC denies the remaining allegations of Paragraph 283.

284.    The SEC admits unverified media reports indicate that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy. The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 284 concerning the alleged comments of Mark Emmert, the alleged interests of consumers, and the alleged beliefs of companies. Except as expressly admitted, the SEC denies the allegations of Paragraph 284.

285.    The SEC denies the allegations of Paragraph 285.

286.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 286 concerning the alleged views of unidentified business leaders and senior executives. The SEC denies the remaining allegations of Paragraph 286.

287.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 287.

288.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 288.

289.    The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 289.

290.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 290 concerning the alleged comments of Matt Micheli. The SEC denies the remaining allegations of Paragraph 290.

291.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 291.

292.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 292.

293.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 293.

294.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 294 concerning the alleged comments of Blake Lawrence. The SEC specifically denies that it has engaged in any unlawful conduct and denies the remaining allegations of Paragraph 294.

295.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 295.

296.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 296 concerning the alleged comments of Terry Tumey. The SEC denies the remaining allegations of Paragraph 296.

297.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 297.

298.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 298.

299.     The SEC lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 299.

300.     The SEC admits that Plaintiffs seek to bring this action on behalf of the putative class identified in Paragraph 300 but denies that such class is properly defined or that this action can be maintained as a class action. Except as expressly admitted, the SEC denies the allegations of Paragraph 300.

301.    The SEC admits that Plaintiffs seek to bring this action on behalf of the putative sub-class identified in Paragraph 301 but denies that such sub-class is properly defined or that this action can be maintained as a class action. Except as expressly admitted, the SEC denies the allegations of Paragraph 301.

302.    The SEC admits that Plaintiffs seek damages from defendants relating to NCAA rules establishing limitations on compensating student-athletes for the alleged use of their names, images, and likenesses. The SEC denies that Plaintiffs are entitled to damages. The SEC specifically denies that it has engaged in any unlawful conduct. Except as expressly admitted, the SEC denies the allegations of Paragraph 302.

303.    The SEC admits that Plaintiffs seek to bring this action on behalf of the putative sub-class identified in Paragraph 303 but denies that such sub-class is properly defined or that this action can be maintained as a class action. Except as expressly admitted, the SEC denies the allegations of Paragraph 303.

304.    The SEC admits that Plaintiffs seek damages from defendants relating to NCAA rules establishing limitations on compensating student-athletes for the alleged use of their names, images, and likenesses. The SEC denies that Plaintiffs are entitled to damages. The SEC specifically denies that it has engaged in any unlawful conduct. Except as expressly admitted, the SEC denies the allegations of Paragraph 304.

305.    The SEC admits that Plaintiffs seek to bring this action on behalf of the putative sub-class identified in Paragraph 305 but denies that such sub-class is properly defined or that this action can be maintained as a class action. Except as expressly admitted, the SEC denies the allegations of Paragraph 305.

306.    The SEC admits that Plaintiffs seek damages from defendants relating to NCAA rules establishing limitations on compensating student-athletes for the alleged use of their names, images, and likenesses. The SEC denies that Plaintiffs are entitled to damages. The SEC specifically denies that it has engaged in any unlawful conduct. Except as expressly admitted, the SEC denies the allegations of Paragraph 306.

307.    The SEC admits that Plaintiffs refer in the Complaint to the putative class and sub-classes identified in Paragraphs in 300, 301, 303, and 305 as "the Classes."   Except as expressly admitted, the SEC denies the allegations of Paragraph 307.

308.    The SEC admits that Plaintiffs seek to bring this action on behalf of the putative class identified in Paragraph 308 but denies that such class is properly defined or that this action can be maintained as a class action. Except as expressly admitted, the SEC denies the allegations of Paragraph 308.

309.    The SEC denies the allegations of Paragraph 309.

310.    The SEC denies the allegations of Paragraph 310.

311.    The SEC denies the allegations of Paragraph 311.

312.    The SEC denies the allegations of Paragraph 312.

313.    The SEC denies the allegations of Paragraph 313.

314.    The SEC denies the allegations of Paragraph 314.

315.    The SEC denies the allegations of Paragraph 315.

316.    The SEC denies the allegations of Paragraph 316.

317.    The SEC denies the allegations of Paragraph 317.

318.    The SEC denies the allegations of Paragraph 318.

319.    The SEC denies the allegations of Paragraph 319.

320.    The SEC denies the allegations of Paragraph 320.

321.    The SEC denies the allegations of Paragraph 321.

322.    The SEC repeats and re-alleges its responses to paragraphs 1-321 of the Amended Complaint.

323.    The SEC denies the allegation of Paragraph 323.

324.    The SEC denies the allegation of Paragraph 324.

325.    The SEC denies the allegation of Paragraph 325.

326.    The SEC denies the allegation of Paragraph 326.

327.    The SEC denies the allegation of Paragraph 327.

328.    The SEC denies the allegation of Paragraph 328.

329.   The SEC denies the allegation of Paragraph 329.

330.   The SEC denies the allegation of Paragraph 330.

331.   The SEC denies the allegation of Paragraph 331.

332.   The SEC denies the allegation of Paragraph 332.

333.   The SEC repeats and re-alleges its responses to paragraphs 1-333 of the Amended Complaint.

334.   The SEC denies the allegation of Paragraph 334.

335.   The SEC denies the allegation of Paragraph 335.

336.   The SEC denies the allegation of Paragraph 336.

337.   The SEC denies the allegation of Paragraph 337.

338.   The SEC denies the allegation of Paragraph 338.

339.   The SEC denies the allegation of Paragraph 339.

340.   The SEC denies the allegation of Paragraph 340.

341.   The SEC denies the allegation of Paragraph 341.

342.   The SEC denies the allegation of Paragraph 342.

343.   The SEC denies the allegation of Paragraph 343.

344.   The SEC denies the allegation of Paragraph 344.

345.   The SEC repeats and re-alleges its responses to paragraphs 1-344 of the Amended Complaint.

346.   The SEC denies the allegation of Paragraph 346.

347.   The SEC denies the allegation of Paragraph 347.

## ADDITIONAL DEFENSES

The SEC reserves the right to assert any and all applicable defenses to the Plaintiffs' claims.  The SEC reserves the right to amend this Answer to add, supplement, or modify defenses based upon further developments in this litigation, including new factual developments or legal theories that may be or will be divulged through clarification of the Amended Complaint, through discovery, or through further factual or legal analysis of Plaintiffs' allegations, contentions, and positions in this litigation.  Without limiting the generality of the

foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth in this Answer or assuming any burden of proof that it would not otherwise bear, the SEC states as follows:

## FIRST ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, by the doctrine of mootness to the extent that Plaintiffs seek injunctive relief for student-athletes who are no longer participating in NCAA athletics and to the extent that the NCAA bylaws that Plaintiffs seek to enjoin are no longer in effect.

## SECOND ADDITIONAL DEFENSE

The claims of the Plaintiffs and others claimed to be members of the putative class, classes, or sub-classes are barred because their alleged damages are speculative and conjectural and are not capable of calculation with a reasonable degree of certainty.

## THIRD ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, by stare decisis and also by res judicata to the extent that Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*, 141 S. Ct. 2141 (2021), *O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015), or *Marshall v. ESPN*, 668 Fed. App'x 155 (6th Cir. 2016), or to the extent they are adjudicated in any other litigation brought by members of the Plaintiffs' putative classes against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

## FOURTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and others claimed to be members of the putative class, classes, or sub-classes are barred, in whole or in part, by collateral estoppel to the extent that the Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*, 141 S. Ct. 2141 (2021), *O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015), or *Marshall v. ESPN*, 668 Fed. App'x 155 (6th Cir. 2016), or to the extent they are adjudicated in any other litigation brought by members

of the Plaintiffs' putative classes and sub-classes against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

## FIFTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, because the Complaint fails to state a claim for relief under the doctrine established by the United States Supreme Court's decision in *Texaco Inc. v. Dagher*, 547 U.S. 1 (2006). Specifically, the conduct alleged constitutes decisions made regarding the core activities of a legitimate venture that are not unlawful restraints of trade under the antitrust laws.

## SEVENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required or has been approved by any order, award, directive or similar action of any court, arbitral body, or government agency.

## EIGHTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, because the actions of defendants do not unreasonably restrain trade, but are lawful, justified, and pro-competitive by preserving the distinction between college and professional sports.

1

2

### NINTH ADDITIONAL DEFENSE

3

4        The claims of the Plaintiffs and alleged members of the putative class and sub-classes are

barred, in whole or in part, because the actions of defendants do not unreasonably restrain trade,

5

but are lawful, justified, and pro-competitive given the need for institutional members of the

6

NCAA to prevent pay-for-play and improper recruiting inducements, including by imposing

7

uniform rules of national competition regarding financial incentives for student-athletes to attend

8

particular schools.

9

### TENTH ADDITIONAL DEFENSE

10

11        The claims of the Plaintiffs and alleged members of the putative class and sub-classes are

12    barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue

13    is required to comply with state or federal laws or regulations and to the extent that the relief

14    demanded by Plaintiffs is inconsistent with or prohibited by applicable state or federal laws or

15    regulations.

16

### ELEVENTH ADDITIONAL DEFENSE

17

18        The claims of the Plaintiffs and alleged members of the putative class and sub-classes are

19    barred, in whole or in part, to the extent that they were not injured by, or have been enriched by,

20    the rules being challenged here, which preserve institutions' ability to offer a broad set of

21    athletics offerings and, thus, opportunities to student-athletes.

22

23

### TWELFTH ADDITIONAL DEFENSE

24        The claims of the Plaintiffs and alleged members of the putative class and sub-classes are

25    barred, in whole or in part, and the actions of defendants are justified by the provisions of the

26    United States Constitution that guarantee free speech and the right to petition the government for

27    redress of grievances, under the *Noerr-Pennington* doctrine.

28

1

2

### THIRTEENTH ADDITIONAL DEFENSE

3      The claims of certain named plaintiffs and members of the putative classes and sub-

4   classes are barred, in whole or in part, by the settlement and release finally approved by the

5   Court in In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust

6   Litigation, Case No. 14-md-02541 (N.D. Cal).

7

8

### PRAYER FOR RELIEF

9      **WHEREFORE**, the SEC prays that this Court deny the relief requested by Plaintiffs,

10   dismiss this action with prejudice, enter judgment that Plaintiffs have and recover no relief from

11   the SEC, tax costs and attorneys' fees against the Plaintiffs, and afford the SEC such other and

12   further relief as may be just and proper.

13                          Dated:  September 22, 2021

14

15

16                          ROBINSON, BRADSHAW & HINSON, P.A.

17

18                    By:    /s/ Robert W. Fuller
                             Robert W. Fuller (admitted *pro hac vice*)
19                           Lawrence C. Moore, III (*pro hac vice*)
                             Pearlynn G. Houck (*pro hac vice*)
20                           Amanda P. Nitto (*pro hac vice*)
                             101 N. Tryon St., Suite 1900
21                           Charlotte, NC 28246
                             Tel.    (704) 377-2536
22                           Fax     (704) 378-4000
                             rfuller@robinsonbradshaw.com
23                           lmoore@robinsonbradshaw.com
                             phouck@robinsonbradshaw.com
24                           anitto@robinsonbradshaw.com

25                           Mark J. Seifert (SBN 217054)
26                           SEIFERT ZUROMSKI LLP
                             One Market Street, 36th Floor
27                           San Francisco, CA 94105
                             P  (415) 999-0901
28                           F  (415) 901-1123

mseifert@szllp.com

Attorneys for Defendant
SOUTHEASTERN CONFERENCE