Rahul Hari (SBN 313528)
WILKINSON STEKLOFF LLP
11601 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Telephone: (424) 291-9655
Facsimile: (202) 847-4005
rhari@wilkinsonstekloff.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Calanthe Cope-Kasten (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ccope-kasten@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919 CW |
| | **ANSWER OF DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION TO CONSOLIDATED AMENDED COMPLAINT** |

The National Collegiate Athletic Association ("NCAA"), by and through its undersigned attorneys, hereby answers and sets forth additional defenses to the Consolidated Amended Complaint ("Complaint"), ECF No. 164.

**PRELIMINARY STATEMENT**

Except as otherwise expressly stated below, the NCAA answers and responds only to those allegations contained in the Complaint that are directed toward it.  The NCAA is without sufficient knowledge or information to form a belief as to the truth of the allegations in the Complaint that are directed toward other defendants.  Pursuant to Federal Rule of Civil Procedure 8(b)(5), such allegations are deemed denied.

To the extent that Plaintiffs' allegations rely on media reports and other out-of-court statements, any response by the NCAA admitting that such reports were published or that such statements were made does not constitute an admission as to the admissibility of such reports or statements or as to the accuracy or truthfulness of their contents.

In addition, the Complaint contains 195 footnotes.  To the extent the contents of those footnotes are not addressed in the text of the NCAA's answer to the Paragraph to which the footnote relates and/or to the extent that the content of any footnote can be read to contain factual allegations, the NCAA denies the allegations set forth therein.

**RESPONSES TO NUMBERED PARAGRAPHS OF COMPLAINT**

The NCAA denies any and all allegations contained in the headings of the Complaint and responds to the numbered paragraphs of the Complaint as follows:

1.      The NCAA admits that Zion Williamson played basketball at Duke University in 2019 and participated in a game between Duke University and the University of North Carolina in which his shoe appeared to fail.  The NCAA further admits that Williamson was a Duke freshman at the time and the number one pick in the 2019 NBA draft.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 1 concerning television viewers, speculation of unnamed persons about Zion Williamson's alleged knee sprain, and Nike stock value.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 1.

2.      The NCAA admits that NCAA rules have established limitations on compensating student-athletes for the alleged use of their names, images, and likenesses.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in

Paragraph 2 concerning the alleged contract between Duke University and Nike and what would have occurred absent certain NCAA rules.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 2.

3.      The NCAA admits that some college football and basketball programs generate positive net revenues.  The NCAA further admits that NCAA rules have established limitations on compensating student-athletes for the alleged use of their names, images, and likenesses.  The NCAA further admits to the compensation alleged for NCAA employees in Paragraph 3.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 3 concerning alleged salaries of coaches.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 3.

4.      The NCAA admits that the NCAA Constitution and Bylaws contain rules governing certain types of conduct of members relating to collegiate athletics, the benefits that may be provided to student-athletes, and other aspects of collegiate sports, and contain statements relating to the principles of amateurism and collegiate sports.  The NCAA further admits that the NCAA has previously advanced amateurism as a justification for certain of the rules set forth in the NCAA Constitution and Bylaws.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 4.

5.      The NCAA admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 5 concerning the financial rewards allegedly received by unidentified persons from social media.  Paragraph 5 contains legal argument and, as such, no response is required. Except as expressly admitted, the NCAA denies the allegations of Paragraph 5.

6.      The NCAA admits that it is a member-led organization focused on cultivating an environment that emphasizes academics, fairness and well-being across college sports and that it has established limitations on compensating student-athletes for the alleged use of their names, images, and likenesses.  The NCAA lacks knowledge, information, or belief sufficient to admit or

deny the allegations included in Paragraph 6 concerning unattributed comments allegedly made by the NCAA.  Paragraph 6 also contains legal argument and, as such, no response is required. Except as expressly admitted, the NCAA denies the allegations of Paragraph 6.

7.     The NCAA admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA admits that the NCAA Task Force on Commercial Activity in Division I Intercollegiate Athletics issued a Final Report.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 7 concerning alleged spending and profits derived by unidentified companies.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 7.

8.     The NCAA admits that it is party to certain sponsorship agreements and that some conferences, schools, and in some instances coaches, have sponsorship or endorsement agreements.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations included in Paragraph 8 concerning alleged agreements between companies and persons or entities other than the NCAA.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 8.

9.     The NCAA admits that it promotes activities via social media.  The NCAA further admits that NCAA rules have established limitations on compensating student-athletes for the alleged use of their names, images, and likenesses.  The NCAA further admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 9 concerning the social media use of persons or entities other than the NCAA or the financial rewards allegedly received by unidentified persons from social media.  Paragraph 9 also contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 9.

10.     The NCAA admits former NCAA Executive Vice President of Regulatory Affairs, Oliver Luck, made the statement in Paragraph 10.  The remainder of Paragraph 10 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 10.

11.     Paragraph 11 contains legal argument and, as such, no response is required. Except as expressly admitted, the NCAA denies the allegations of Paragraph 11.

12.     The NCAA admits that NCAA rules have established limitations on compensating student-athletes.  The NCAA further admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws. The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations and quotations included in Paragraph 12 concerning Katelyn Ohashi.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 12.

13.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 13 concerning alleged comments of Dave Bradley, alleged comments of Nick Saban, and unidentified "recent analyses" and therefore such allegations are denied.  Further, the NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations regarding the value of recent agreements for student-athletes.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 13.

14.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 14 concerning the salaries and alleged comments of the specified coaches.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 14.

15.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 15 concerning alleged programs at the specified universities or conferences or comments made by the specified individuals.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 15.

1    16.    The NCAA admits that in 2016, it signed an eight-year extension of its media

2    contract for the broadcasting rights to the annual Division I men's basketball tournament.  The

3    NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations

4    included in Paragraph 16 concerning the terms of alleged "similar broadcasting and multimedia

5    deals" or the values of those agreements.  The NCAA expressly denies the additional allegations

6    regarding compensation absent the restraints at issue.  Except as expressly admitted, the NCAA

7    denies the allegations of Paragraph 16.

8        17.    The NCAA admits that California has passed the Fair Pay to Play Act and that

9    multiple other states have introduced or passed legislation or issued executive orders relating to

10   NIL.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 17.

11       18.    The NCAA admits that the NCAA and its working groups have studied, issued

12   statements regarding, and drafted proposed rules for consideration related to, certain NIL issues in

13   2019 and 2020.  The NCAA admits that it prepared legislation for consideration at its January

14   2021 meeting.  Except as expressly admitted, the NCAA denies the remaining allegations of

15   Paragraph 18.

16       19.    The NCAA admits that defendants in *Alston* appealed the Ninth Circuit's decision

17   to the United States Supreme Court.  Paragraph 19 also contains legal argument and, as such, no

18   response is required.  Except as expressly admitted, the NCAA denies the allegations of

19   Paragraph 19.

20       20.    The NCAA admits that changes to NCAA rules regarding NIL did not occur prior

21   to the Supreme Court's decision in *Alston*.  Except as expressly admitted, the NCAA denies the

22   allegations of Paragraph 20.

23       21.    The NCAA admits that on June 21, 2021 the United States Supreme Court issued

24   its opinion in *Alston*.  The NCAA further admits that on June 24, 2021 this Court issued its ruling

25   on Defendants' motion to dismiss Plaintiffs' initial complaint in this action.  Paragraph 21

26   contains legal argument and, as such, no response is required.  Except as expressly admitted, the

27   NCAA denies the allegations of Paragraph 21.

28

22.     The NCAA admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA denies the allegations in Paragraph 22 regarding the motivations for issuing the Policy or any alleged retention of rights.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 22.

23.     The NCAA admits that the Interim NIL Policy prohibits "NIL compensation contingent upon enrollment at a particular school" or "Compensation for athletic participation or achievement."  The NCAA also admits it prohibits "[i]nstitutions providing compensation in exchange for the use of a student-athlete's name, image or likeness."  Paragraph 23 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 23.

24.     The NCAA admits on information and belief that there have been media reports that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the use of their names, images, and likenesses since July 1, 2021.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations included in Paragraph 24.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 24.

25.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 25.

26.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 26.

27.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 27.

28.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 28.

29.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 29.

30.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 30 concerning alleged comments of unidentified schools across the country.  Further, Paragraph 30 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the remaining allegations of Paragraph 30.

31.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 31 concerning alleged surveys and consumer sentiment.  Further, Paragraph 31 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 31.

32.     Paragraph 32 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 32.

33.     The NCAA admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA further admits that NCAA President Mark Emmert has spoken publicly about the governance needs of the NCAA.  Further, Paragraph 33 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 33.

34.     Paragraph 34 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 34.

35.     The NCAA admits that Plaintiffs request an injunction; the NCAA denies that Plaintiffs are entitled to an injunction.  The NCAA specifically denies that it has engaged in unlawful or anticompetitive conduct.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 35.

36.     The NCAA admits that Plaintiffs seek the relief stated in Paragraph 36 and denies that Plaintiffs are entitled to such relief.  The NCAA specifically denies that it has engaged in unlawful or anticompetitive conduct.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 36.

37.     The NCAA admits that Plaintiffs seek the relief stated in Paragraph 37 and denies that Plaintiffs are entitled to such relief.  The NCAA specifically denies that it has engaged in

unlawful or anticompetitive conduct.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 37.

38.     The NCAA admits that Plaintiffs seek the relief stated in Paragraph 38 and denies that Plaintiffs are entitled to such relief.  The NCAA specifically denies that it has engaged in unlawful or anticompetitive conduct.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 38.

39.     Paragraph 39 contains legal argument and, as such, no response is required.  To the extent any response is necessary, the NCAA admits that Plaintiffs purport to allege subject matter jurisdiction under the statutes cited in Paragraph 39, but denies that Plaintiffs or purported class members are entitled to any relief sought.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 39.

40.     Paragraph 40 contains legal argument and, as such, no response is required.  To the extent any response is necessary, the NCAA admits that it has transacted business in the Northern District of California.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 40.

41.     Paragraph 41 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA admits the defendants have transacted business (as that term is used in venue statutes) throughout the United States and that the University of California–Berkeley, Stanford University, Santa Clara University, the University of San Francisco, and St. Mary's College are located in the Northern District of California.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 41.

42.     The NCAA admits on information and belief that Mr. House is a member of the Arizona State University men's swimming and diving team.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 42.

43.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 43.

44.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 44.

45.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 45.

46.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 46.

47.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 47.

48.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 48.

49.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 49.

50.     The NCAA admits on information and belief that Mr. House is a member of the Arizona State University men's swimming and diving team.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 50.

51.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 51.

52.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 52.

53.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 53.

54.     The NCAA admits on information and belief that Ms. Prince is currently a member of the University of Oregon women's basketball team.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 54.

55.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 55.

56.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 56.

57.     The NCAA admits on information and belief that Ms. Prince was a member of the University of Texas women's basketball team.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 57.

58.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 58.

59.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 59.

60.     The NCAA admits that Ms. Prince made a request to be immediately eligible to participate in the 2019-20 college basketball season and that this request was denied.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 60.

61.     The NCAA admits that Ms. Prince's eligibility request was denied.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 61.

62.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 62.

63.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 63.

64.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 64.

65.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 65.

66.     The NCAA admits Ms. Prince made public comments and social media posts about alleged disparities between the Division I men's and women's basketball championship tournaments.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 66.

67.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 67.

1    68.    The NCAA admits on information and belief that Mr. Oliver was a member of the

2   University of Illinois men's football team.  The NCAA lacks knowledge, information, or belief

3   sufficient to admit or deny the remaining allegations of Paragraph 68.

4    69.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

5   allegations of Paragraph 69.

6    70.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

7   allegations of Paragraph 70.

8    71.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

9   allegations of Paragraph 71.

10    72.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

11   allegations of Paragraph 72.

12    73.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

13   allegations of Paragraph 73.

14    74.    The NCAA admits that it is a voluntary, unincorporated, non-profit association of

15   more than 1,200 member colleges, universities and athletic conferences, and that its national

16   headquarters are located at 700 W. Washington St., Indianapolis, Indiana.  The NCAA lacks

17   knowledge, information, or belief sufficient to admit or deny the remaining allegations included

18   in Paragraph 74.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 74.

19    75.    The NCAA admits that the NCAA Constitution and Bylaws contain rules

20   governing certain types of conduct of members relating to collegiate athletics, the benefits that

21   may be provided to student-athletes, and other aspects of collegiate sports, and contain statements

22   relating to the principles of amateurism and collegiate sports.  The NCAA further admits that it

23   enforces compliance with its bylaws and may impose penalties for noncompliance in some

24   instances.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 75.

25    76.    The NCAA admits that for the 2021-22 year, it has 1,082 active member schools

26   organized into three divisions and that some of these member schools sponsor football teams.

27   The NCAA further admits that Division I includes 350 schools.  Except as expressly admitted, the

28   NCAA denies the allegations of Paragraph 76.

1    77.    The NCAA admits that it publishes yearly Consolidated Financial Statements.

2    78.    Upon information and belief, the NCAA admits that the Pac-12 is an

3    unincorporated association with its principal offices located in California, that it is a multi-sport

4    collegiate athletic conference, and a formal "conference member" of NCAA Division I.  Upon

5    information and belief, the NCAA further admits that the Pac-12 is an IRS § 501(c)(3) entity.

6    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining

7    allegations of Paragraph 78.

8    79.    The NCAA admits that the Pac-12's current members are the institutions identified

9    in Paragraph 79.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 79.

10    80.    Paragraph 80 contains legal argument and, as such, no response is required.  To the

11    extent a response is required, the NCAA denies the allegations in Paragraph 80.

12    81.    Upon information and belief, the NCAA admits that the Big Ten is a nonprofit

13    corporation with its principal offices located in Illinois, that it is a multi-sport collegiate athletic

14    conference, and a formal "conference member" of NCAA Division I.  Upon information and

15    belief, the NCAA further admits that the Big Ten is an IRS § 501(c)(3) entity.  The NCAA lacks

16    knowledge, information, or belief sufficient to admit or deny the remaining allegations of

17    Paragraph 81.

18    82.    The NCAA admits that the Big Ten's current members are the institutions

19    identified in Paragraph 82, and that all of its football members are in the Football Bowl

20    Subdivision.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 82.

21    83.    Paragraph 83 contains legal argument and, as such, no response is required.  To the

22    extent a response is required, the NCAA denies the allegations in Paragraph 83.

23    84.    Upon information and belief, the NCAA admits that the Big 12 is a nonprofit

24    corporation with its principal offices located in Texas, that it is a multi-sport collegiate athletic

25    conference, and a formal "conference member" of NCAA Division I.  Upon information and

26    belief, the NCAA further admits that the Big 12 is an IRS § 501(c)(3) entity.  The NCAA lacks

27    knowledge, information, or belief sufficient to admit or deny the remaining allegations of

28    Paragraph 84.

85.     The NCAA admits that the Big 12's current members are the institutions identified in Paragraph 85, and that all of its football members are in the Football Bowl Subdivision. Except as expressly admitted, the NCAA denies the allegations of Paragraph 85.

86.     Paragraph 86 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 86.

87.     Upon information and belief, the NCAA admits that the SEC is an unincorporated association with its principal offices located in Alabama, that it is a multi-sport collegiate athletic conference, and a formal "conference member" of NCAA Division I.  Upon information and belief, the NCAA further admits that the SEC is an IRS § 501(c)(3) entity. The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 87.

88.     The NCAA admits that the SEC's current members are the institutions identified in Paragraph 88, and that all of its football members are in the Football Bowl Subdivision. Except as expressly admitted, the NCAA denies the allegations of Paragraph 88.

89.     Paragraph 89 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 89.

90.     Upon information and belief, the NCAA admits that the ACC is an unincorporated association with its principal offices located in North Carolina, that it is a multi-sport collegiate athletic conference, and a formal "conference member" of NCAA Division I.  Upon information and belief, the NCAA further admits that the ACC is an IRS § 501(c)(3) entity.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 90.

91.     The NCAA admits that the ACC's current members are the institutions identified in Paragraph 91, and that all of its football members are in the Football Bowl Subdivision. Except as expressly admitted, the NCAA denies the allegations of Paragraph 91.

92.     Paragraph 92 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 92.

1        93.     The NCAA denies the characterization and therefore denies the allegations of

2   Paragraph 93.

3        94.     The NCAA will respond separately to the various allegations in other Paragraphs

4   of the Complaint and, except as expressly admitted in responses to such other allegations, denies

5   the allegations of Paragraph 94.

6        95.     Paragraph 95 contains legal argument and, as such, no response is required.  To the

7   extent a response is required, the NCAA denies the allegations in Paragraph 95.

8        96.     The NCAA admits that Plaintiffs seek to challenge NCAA rules that have

9   established limitations on compensating student-athletes, including for the use of their names,

10  images, and likenesses.  Except as expressly admitted, the NCAA denies the allegations of

11  Paragraph 96.

12       97.     The NCAA admits that the provisions in Paragraph 97 are excerpted from the

13  NCAA's 2016 Manual, Bylaw 12.5.2.1.  The NCAA further admits that the NCAA Manual sets

14  forth NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA

15  guidance and interpretations, and state laws.  Except as expressly admitted, the NCAA denies the

16  allegations of Paragraph 97.

17       98.     The NCAA admits that the provisions in Paragraph 98 are excerpted from the

18  NCAA's 2016 Manual, Bylaw 12.5.2.2.  The NCAA further admits that the NCAA Manual sets

19  forth NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA

20  guidance and interpretations, and state laws.  Except as expressly admitted, the NCAA denies the

21  allegations of Paragraph 98.

22       99.     The allegations in Paragraph 99 are unclear and vague in that they make

23  categorical statements about unspecified alleged NCAA rules.  The NCAA therefore denies the

24  allegations of Paragraph 99.

25       100.    The NCAA admits that the provisions in Paragraph 100 are excerpted from the

26  NCAA's 2016 Manual, Bylaws 12.4.1 and 12.4.1.1.  The NCAA further admits that the NCAA

27  Manual sets forth NCAA rules, subject to the changes effected by the Interim NIL Policy, other

28

1    NCAA guidance and interpretations, and state laws.  Except as expressly admitted, the NCAA

2    denies the allegations of Paragraph 100.

3          101.    The NCAA admits that the NCAA Manual contains the provisions excerpted from

4    NCAA Bylaw 12.4.2.3 in Paragraph 101.  The NCAA further admits that the NCAA Manual sets

5    forth NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA

6    guidance and interpretations, and state laws.  Except as expressly admitted, the NCAA denies the

7    allegations of Paragraph 101.

8          102.    The NCAA admits that the NCAA Manual contains the provisions excerpted from

9    NCAA Bylaw 12.4.4 in Paragraph 102.  The NCAA further admits that the NCAA Manual sets

10   forth NCAA rules, subject to the changes effected by the Interim NIL Policy, other NCAA

11   guidance and interpretations, and state laws.  Except as expressly admitted, the NCAA denies the

12   allegations of Paragraph 102.

13         103.    The NCAA admits that it can enforce compliance with its bylaws and may impose

14   penalties for noncompliance as set forth in its bylaws.  Except as expressly admitted, the NCAA

15   denies the allegations of Paragraph 103.

16         104.    The NCAA admits that the Interim NIL Policy prohibits "NIL compensation

17   contingent upon enrollment at a particular school" and prohibits "[i]nstitutions providing

18   compensation in exchange for the use of a student-athlete's name, image or likeness."  The

19   NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations

20   included in Paragraph 104 concerning what sponsors could or may do.  Except as expressly

21   admitted, the NCAA denies the allegations of Paragraph 104.

22         105.    Paragraph 105 contains legal argument and, as such, no response is required.  To

23   the extent a response is required, the NCAA denies the allegations in Paragraph 105.

24         106.    Paragraph 106 contains legal argument and, as such, no response is required.  To

25   the extent a response is required, the NCAA denies the allegations in Paragraph 106.

26         107.    The NCAA admits that the NCAA Manual sets forth current NCAA rules subject

27   to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and

28   state laws.  Further, Paragraph 107 contains legal argument and, as such, no response is required.

1    Except as expressly admitted, the NCAA denies the allegations of Paragraph 107.

2        108.    The NCAA admits that NCAA rules have established limitations on compensating

3    student-athletes, including for the use of their names, images, and likenesses, and rules governing

4    student-athlete eligibility and certain conduct.  The NCAA lacks knowledge, information, or

5    belief sufficient to admit or deny the allegations included in Paragraph 108 concerning what

6    choices student-athletes might make.  Further, Paragraph 108 contains legal argument and, as

7    such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of

8    Paragraph 108.

9        109.    The NCAA admits that schools in NCAA Divisions II and III offer fewer

10   scholarships than those in Division I.  The NCAA admits on information and belief that collective

11   bargaining agreements of the NFL and the NBA include restrictions on which individuals are

12   eligible to play in those leagues and the timing of when they are eligible.  The NCAA lacks

13   knowledge, information, or belief sufficient to admit or deny the allegations included in

14   Paragraph 109 concerning NAIA, NCCAA, and USCAA schools, and the allegations concerning

15   whether recruits "forego" opportunities to play Division I sports in order to play professionally.

16   Paragraph 109 contains legal argument and, as such, no response is required.  Except as expressly

17   admitted, the NCAA denies the allegations of Paragraph 109.

18       110.    The NCAA admits that it issued an Interim NIL Policy (along with accompanying

19   materials) effective July 1, 2021, with the result that certain activities relating to name, image,

20   and likeness would not be impacted by the application of certain NCAA bylaws.  Paragraph 110

21   contains legal argument and, as such, no response is required.  Except as expressly admitted, the

22   NCAA denies the allegations of Paragraph 110.

23       111.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

24   allegations included in Paragraph 111 concerning whether or not any NCAA member institutions

25   have paid NIL compensation to student-athletes.  Paragraph 111 contains legal argument and, as

26   such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of

27   Paragraph 111.

28

112.    The NCAA admits on information and belief that unverified media sources report that certain student-athletes in some sports have been offered and/or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy.  Paragraph 112 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 112.

113.    The NCAA admits on information and belief that recently enacted state statutes, some of which became effective July 1, 2021, require that institutions offer certain educational resources and services to student-athletes relating to name, image, and likeness, and that some NCAA member institutions have offered educational resources and services.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations included in Paragraph 113 regarding NIL initiative partnering and the specific NIL initiatives of the institutions described in Paragraph 113.  Paragraph 113 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 113.

114.    The NCAA admits on information and belief that there have been media reports that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations in Paragraph 114, including those concerning Olivia Dunne.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 114.

115.    The NCAA admits on information and belief that there have been media reports that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy.  Further, Paragraph 115 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 115.

116.    Paragraph 116 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 116.

117.    Paragraph 117 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 117.

118.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 118 concerning the policies that various educational institutions may have relating to students other than student-athletes, and concerning alleged comments of Brian Freeman, CEO of HeartBeat.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 118.

119.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 119 concerning the practices of various educational institutions relating to students other than student-athletes, and concerning a YouTube channel at Colorado State University.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 119.

120.    The NCAA admits that NCAA rules have established limitations on compensating student-athletes, including for the alleged use of their names, images, and likenesses.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 120 concerning Breana Dodd.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 120.

121.    The NCAA admits that President Emmert has given the interview statements excerpted in Paragraph 121.  Further, Paragraph 121 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 121.

122.    Paragraph 122 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 122.

123.    Upon information and belief, the NCAA admits that former NCAA Executive Director Walter Byers wrote a book titled Unsportsmanlike Conduct:  Exploiting College

Athletes, published in 1995.  Except as expressly admitted, the NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 123.

124.    The NCAA admits that it was founded in 1906.  The NCAA further admits that its members are responsible for formulating certain standards and regulations for the conduct of intercollegiate athletics.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 124.

125.    The NCAA admits that its first national championship was conducted in 1921 and that additional championships were created in later years.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 125.

126.    The NCAA admits that its members created divisions in 1973 and started administering women's athletics programs in 1980.  The Complaint does not identify the source of the alleged quote in the first sentence of Paragraph 126 and the NCAA cannot either.  Except as expressly admitted, the NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 126.

127.    The NCAA admits that Article 1 of the NCAA Constitution contains substantially the language excerpted in Paragraph 127.

128.    The NCAA admits that the NCAA's 2018 IRS Form 990 contains substantially the language excerpted in Paragraph 128.

129.    The NCAA admits that it is a voluntary, unincorporated, non-profit association of more than 1,200 member colleges, universities and athletic conferences.  The NCAA publishes yearly Consolidated Financial Statements and IRS tax returns.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 129.

130.    The NCAA admits it oversees numerous championships in numerous sports for a large number of college athletes competing in three divisions at over 1,000 colleges and universities.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 130.

131.     The NCAA admits that the NCAA Manual contains the provisions excerpted from NCAA Bylaw 3.02.3 in Paragraph 131.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 131.

132.     The NCAA admits that each division may have different rules and that every program is affiliated with one of the three divisions.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 132.

133.     The NCAA admits that it operates through a governance structure and that it publishes yearly Consolidated Financial Statements.  Except as expressly admitted, the NCAA denies the remaining allegations of Paragraph 133.

134.     The NCAA admits that its members have adopted a Constitution and Bylaws as set forth in the NCAA Manual which is published annually and updated periodically.  Except as expressly admitted, the NCAA denies the remaining allegations of Paragraph 134.

135.     The NCAA admits that the method of adoption of NCAA rules and amendments thereto is set forth in the NCAA Manual.  The NCAA further admits that the NCAA Manual contains the excerpts from NCAA Bylaw 5.2.2 in Paragraph 135.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 135.

136.     The NCAA admits that the NCAA Manual sets forth the NCAA rules subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws.  The NCAA further admits that the NCAA Manual contains the excerpts from Article 1.3.2 and Article 2.8.1 in Paragraph 136.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 136.

137.     The NCAA admits that the NCAA Manual contains the excerpts from Article 3.1 and Article 3.2.1.2 in Paragraph 137.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 137.

138.     The NCAA admits that the NCAA Manual contains the excerpts from Article 3.2.4 and Article 3.2.4.4 in Paragraph 138.  The NCAA specifically denies that it has engaged in price-fixing activity.  Further, Paragraph 138 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 138.

139.   The NCAA admits that the NCAA Manual contains the excerpts from Article 3.2.4.11 in Paragraph 139.  The NCAA specifically denies that it has engaged in price-fixing activity or that it "mandates a collective boycott."  Further, Paragraph 139 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 139

140.   The NCAA further admits that the NCAA Manual contains the excerpts from Articles 2.8.3, 3.2.5.1, 3.01.4, and 3.2.5.1.1 in Paragraph 140.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 140.

141.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 141 concerning the Pac-12 handbook and the statements therein.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 141.

142.   The NCAA admits that the NCAA Manual sets forth the NCAA rules subject to the changes effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws.  The NCAA further admits that the NCAA Manual contains the provisions excerpted from Bylaw 14.01.3 in Paragraph 142.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 142.

143.   The NCAA denies the allegations of Paragraph 143.

144.   The NCAA admits former NCAA Vice President of Championships, Mark Lewis was quoted in the article cited in Paragraph 144.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 144.

145.   The NCAA admits that it publishes yearly Consolidated Financial Statements. The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations regarding total revenues for Division I college sports.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 145.

146.   The NCAA denies the allegations of Paragraph 146.

147.   The NCAA admits that in 2016, it signed an eight-year extension of its media contract for the broadcasting rights to the annual Division I men's basketball tournament.  The NCAA further admits upon information and belief that conferences are parties to broadcast

licensing agreements.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 147 concerning alleged terms of broadcast licensing agreements of other entities.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 147.

148.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 148 concerning alleged advertising revenue at various events. Paragraph 148 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 148.

149.     The NCAA admits that it is a party to sponsorship agreements.  The NCAA further admits on information and belief that some conferences and NCAA member institutions are also parties to sponsorship agreements.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 149.

150.     The NCAA admits that Senator Murphy published a report with certain statements as set forth therein.  The NCAA admits it works with corporate champions and partners.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations included in Paragraph 150.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 150.

151.     The NCAA admits on information and belief that some NCAA member institutions have contracts with apparel companies.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 151 concerning specific alleged agreements.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 151.

152.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 152 concerning alleged apparel agreements or the definition of Division I programs.  Except as expressly admitted, the NCAA denies the remaining allegations of Paragraph 152.

153.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 153 concerning alleged apparel agreements.  Except as expressly admitted, the NCAA denies the remaining allegations of Paragraph 153.

154.    The NCAA admits on information and belief that apparel companies, through involvement in AAU basketball, might influence the selection of colleges by some high school students.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 154 concerning the AAU and alleged apparel agreements. Except as expressly admitted, the NCAA denies the allegations of Paragraph 154.

155.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 155 concerning the percentage of prospects who attend a college or remain affiliated with merchandise brands in the NBA.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 155.

156.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 156 concerning alleged actions and comments of Sabrina Ionescu.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 156.

157.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 157 concerning alleged apparel agreements and alleged comments of Rick Pitino.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 157.

158.    The NCAA admits that in 2017 the FBI announced the results of an investigation into certain identified issues and persons relating to college basketball, that complaints were filed, and that certain persons were indicted.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 158.

159.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 159 concerning alleged comments of Sonny Vaccaro.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 159.

160.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 160 concerning alleged social media agreements or a "school's quest."  Except as expressly admitted, the NCAA denies the allegations of Paragraph 160.

161.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 161 concerning the University of Southern California and alleged comments of unidentified persons at Fox Sports.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 161.

162.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 162 concerning alleged social media agreements.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 162.

163.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 163.

164.   The NCAA admits on information and belief that Division I members invest funds for a variety of purposes, including but not limited to coaching contracts (which in many instances provide superior coaching for the benefit of student-athletes) and playing, training, and other facilities, which are beneficial and desirable to student-athletes.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 164.

165.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 165.

166.   The NCAA admits that NCAA member institutions pay the salaries and benefits of their administrators and coaches.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 166 concerning the alleged salary information of coaches and administrators.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 166.

167.   The NCAA admits that NCAA member institutions pay the salaries and benefits of their administrators and coaches.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 167 concerning alleged salary, benefit, and

endorsement information of the identified individuals.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 167.

168.     The NCAA admits on information and belief that some coaches enter commercial agreements with various entities.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 168.

169.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 169.

170.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 170.

171.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 171.

172.     The NCAA admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 172 concerning Dabo Swinney.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 172.

173.     The NCAA admits that NCAA rules have established limitations on compensating student-athletes for the alleged use of their names, images, and likenesses and that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 173 concerning offers allegedly made to student-athletes.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 173.

174.     The NCAA admits that NCAA rules have established limitations on compensating student-athletes for the alleged use of their names, images, and likenesses and that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result

that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA admits that Kevin Lennon was quoted in the article cited in Paragraph 174.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 174 concerning offers allegedly made to student-athletes.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 174.

175.    The NCAA denies the allegations of Paragraph 175.

176.    The NCAA admits on information and belief that EA Sports produced video games utilizing collegiate marks under licensing agreements with the NCAA and various schools and conferences until 2014.  The NCAA further admits that the parties filed pleadings and the court issued rulings in the *Keller* case.  Further, Paragraph 176 contains legal argument and, as such, no response is required.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 176.

177.    The NCAA admits on information and belief that EA made the statements excerpted in Paragraph 177.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 177.

178.    Paragraph 178 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 178.

179.    Paragraph 179 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 179.

180.    The NCAA admits that the parties filed pleadings and the Supreme Court issued rulings in *NCAA v. Board of Regents*.  The NCAA further admits that some college football and basketball programs generate positive net revenues, and that consumers demand collegiate sports.  Further, Paragraph 180 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 180.

181.    The NCAA admits that the parties filed pleadings and the court issued rulings in *Law v. NCAA*.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 181 concerning alleged salaries of assistant coaches.  The

1   NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations

2   included in Paragraph 181 concerning impacts on consumer demand.  Further, Paragraph 181

3   contains legal argument and, as such, no response is required.  Except as expressly admitted, the

4   NCAA denies the allegations of Paragraph 181.

5          182.    NCAA admits that the parties filed pleadings and the court issued rulings in *White*

6   *v. NCAA*.  The NCAA further admits that COA grants-in-aid have been permitted and granted

7   since 2015.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

8   allegations included in Paragraph 182 concerning impacts on consumer demand.  Except as

9   expressly admitted, the NCAA denies the allegations of Paragraph 182.

10         183.    The NCAA admits that the parties filed pleadings and the court issued rulings in

11  *O'Bannon v. NCAA* and *In re NCAA Athletic Grant-in-Aid Antitrust Litigation*.  The NCAA

12  further admits that consumers demand collegiate sports and that cost of attendance grants-in-aid

13  have been permitted and granted since 2015.  The NCAA lacks knowledge, information, or belief

14  sufficient to admit or deny the allegations included in Paragraph 183 concerning impacts on

15  consumer demand.  Except as expressly admitted, the NCAA denies the allegations of Paragraph

16  183.

17         184.    The NCAA admits that the parties filed pleadings and the court issued rulings in *In*

18  *re NCAA Athletic Grant-in-Aid Antitrust Litigation*.  Except as expressly admitted, the NCAA

19  denies the allegations of Paragraph 184.

20         185.    The NCAA admits that the opinion issued by the United States Court of Appeals

21  for the Ninth Circuit in *In re NCAA Athletic Grant-in-Aid Antitrust Litigation* contains

22  substantially the language excerpted in Paragraph 185.  Except as expressly admitted, the NCAA

23  denies the allegations of Paragraph 185.

24         186.    The NCAA admits that the opinion in *NCAA v. Alston*, 141 S. Ct. 2141 (2021),

25  issued on June 21, 2021, contains substantially the language excerpted in Paragraph 186.  Except

26  as expressly admitted, the NCAA denies the allegations of Paragraph 186.

27

28

187.    The NCAA admits that on June 24, 2021 this Court issued its ruling on Defendants' motion to dismiss Plaintiffs' initial complaint in this action.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 187.

188.    The NCAA admits on information and belief that several state laws and executive orders relating to student-athlete NIL went into effect on or about July 1, 2021.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 188 concerning the specific states that had legislation or executive orders in effect as of July 1, 2021.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 188.

189.    The NCAA admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 189.

190.    The NCAA admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA further admits on information and belief that there have been media reports that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy.  The NCAA admits President Mark Emmert was interviewed on the adoption of the Interim NIL Policy.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations included in Paragraph 190 concerning the alleged comments of Mike Bobinski, Bob Bowlsby, and unidentified representatives of Defendants.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 190.

191.    Paragraph 191 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 191.

192.    Paragraph 192 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 192.

193.    The NCAA admits that Defendants' procompetitive benefits in past litigation have included, among other things, consumer demand for the collegiate sports model.  Paragraph 193 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 193.

194.    The NCAA admits that the opinion of the United States Court of Appeals for the Ninth Circuit in *NCAA GIA* contains the language excerpted in Paragraph 194.  Paragraph 194 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 194.

195.    The NCAA admits that the United States District Court for the Northern District of California in *In re NCAA Athletic Grant-in-Aid Antitrust Litigation* issued an opinion.  Paragraph 195 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 195.

196.    The NCAA denies the allegations of Paragraph 196.

197.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 197 concerning alleged unattributed surveys.  The NCAA specifically denies that it has engaged in any unlawful or anticompetitive conduct and denies the remaining allegations of Paragraph 197.

198.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 198.

199.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 199.

200.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 200 concerning alleged polling and what such polls might indicate.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 200.

201.    The NCAA admits that the United States Court of Appeals for the Ninth Circuit in *NCAA GIA* issued an opinion that contains the language excerpted in Paragraph 201.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 201.

202.    The NCAA admits the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020, that contains the language excerpted in Paragraph 202.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 202.

203.    The NCAA admits that NCAA rules include limitations on compensating student-athletes, and that there are provisions in the rules allowing for limited, non-monetary athletic participation mementos and awards, pre-matriculation tennis awards, and awards presented by Olympic governing bodies to the few student-athletes who compete in the Olympics.  The NCAA further admits upon information and belief that some Division I members have used Student Assistance Funds to purchase loss-of-value insurance policies to enable student-athletes to remain in college and compete in collegiate athletics.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 203.

204.    The NCAA admits that the United States Court of Appeals for the Ninth Circuit in *NCAA GIA* issued an opinion that contains the language excerpted in Paragraph 204.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 204.

205.    The NCAA admits that it has expanded some benefits available to student-athletes within its conception, and consistent with its principles, of amateurism.  The NCAA further admits that it began allowing full COA athletic grants-in-aid in 2015, which increased the number of student-athletes who might receive above-COA total assistance.  The NCAA further admits that consumers demand collegiate sports and that some college football and basketball programs generate positive net revenues.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 205.

206.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 206 concerning alleged amounts received by certain individuals, including Kyler Murray.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 206.

207.    The NCAA admits that Plaintiffs do not purport to challenge NCAA rules requiring student-athletes to be enrolled in their institutions and to meet academic eligibility

standards.  The NCAA admits that recently enacted state statutes, some of which became effective July 1, 2021, require that institutions offer certain educational resources and services to student-athletes relating to name, image, and likeness, and that some NCAA member institutions have offered educational resources and services.  The NCAA admits that President Mark Emmert was interviewed regarding NIL opportunities.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 207.

208.    The NCAA admits that there is a trial record and that the District Court and the United States Court of Appeals for the Ninth Circuit in *NCAA GIA* issued opinions.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 208.

209.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 209 concerning alleged comments by unidentified critics.  The NCAA admits that in 2017 the FBI announced the results of an investigation into certain identified issues and persons relating to college basketball, that the FBI filed complaints, and that certain persons were indicted.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 209.

210.    The NCAA admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA further admits on information and belief that there have been media reports that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 210 concerning alleged evidence of the interests of consumers and sponsors.  Paragraph 210 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 210.

211.    While Paragraph 211 does not purport to quote President Mark Emmert, the NCAA admits he has made materially similar statements in interviews.  The NCAA further

admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA admits that the United States Court of Appeals for the Ninth Circuit in *O'Bannon v. NCAA* issued an opinion.  Further, Paragraph 211 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 211.

212.    Paragraph 212 does not contain allegations of fact and therefore no response is required.  To the extent a response is required, the NCAA denies the allegations of Paragraph 212.

213.    The NCAA admits that integration of student-athletes is a procompetitive justification for various rules that have been challenged in litigation.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 213 concerning alleged comments by unidentified people.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 213.

214.    Paragraph 214 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 214.

215.    The NCAA admits that the United States Court of Appeals for the Ninth Circuit in *O'Bannon v. NCAA* issued an opinion that contains the language excerpted in Paragraph 215.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 215.

216.    The NCAA admits on information and belief that students at college campuses have varying access to income or wealth.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 216 concerning the alleged impact on wealthier students.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 216.

217.    The NCAA admits on information and belief that some college students in America are employed and compensated.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 217.

218.    The NCAA admits that the opinions issued by the District Court and the United States Court of Appeals for the Ninth Circuit in *NCAA GIA* contain substantially the language excerpted in Paragraph 218.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 218.

219.    The NCAA admits that NCAA rules have established limitations on compensating student-athletes for the alleged use of their names, images, and likenesses and that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA admits the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020, that contains the language excerpted in Paragraph 219.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 219 concerning the policies that various educational institutions may have relating to students other than student-athletes.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 219.

220.    The NCAA admits that Plaintiffs do not purport to challenge NCAA rules requiring student-athletes to be enrolled in their institutions and to meet academic eligibility standards.  The NCAA further admits that recently enacted state statutes, some of which became effective July 1, 2021, require that institutions offer certain educational resources and services to student-athletes relating to name, image, and likeness, and that some NCAA member institutions have offered educational resources and services.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 220.

221.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 221 concerning alleged comments by unidentified people.

222.    Paragraph 222 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 222.

223.    The NCAA denies the allegations of Paragraph 223.

224.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 224 concerning the alleged comments of John Shoop.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 224.

225.    The NCAA admits that NCAA rules have established limitations on compensating student-athletes for the alleged use of their names, images, and likenesses and that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 225.

226.    The NCAA admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA denies the remaining allegations of Paragraph 226.

227.    The NCAA admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  The NCAA denies the remaining allegations of Paragraph 227.

228.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 228.

229.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 229.

230.    The NCAA admits that it makes money from selling tickets and TV revenue for the NCAA men's basketball tournament and that the NCAA distributes a large portion of those funds to member institutions.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 230.

231.    The NCAA admits that it makes payments to schools, which fund both men's and women's sports.  The NCAA denies the allegations included in Paragraph 231 characterizing the alleged financial value associated with or derived from women's basketball, television

viewership, and attendance.  The NCAA denies that it makes any payments to either men's teams or women's teams.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 231 concerning the characterization of the alleged degree of popularity of women's basketball, television viewership, and attendance.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 231.

232.    The NCAA admits on information and belief that there have been media reports that some administrators, legislators, and members of the public support various concepts of student-athletes having the opportunity to seek compensation for the use of NIL.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 232.

233.    The NCAA admits that California has passed the Fair Pay to Play Act ("SB 206"), set to take effect in 2023, and that other states have passed and/or introduced legislation relating to NIL.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 233 concerning efforts to change the effective date of SB 206.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 233.

234.    The NCAA admits that SB 206 permits certain NIL compensation or benefits as provided in the statute.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations concerning the future effect of SB 206.  If and to the extent that Paragraph 234 misstates the effect of or provisions of SB 206, the NCAA denies the allegations of Paragraph 234.

235.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 235.

236.    The NCAA admits that SB 206 permits certain NIL compensation or benefits as provided in the statute.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 236.

237.    The NCAA admits on information and belief that the NCAA opposed certain aspects of SB 206 and communicated certain concerns to Governor Newsom regarding certain aspects.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 237.

238.    The NCAA admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 238.

239.    The NCAA admits the NCAA and its members have made public comments regarding possible revision of NCAA NIL rules and considerations relating to any such revisions. The NCAA further admits that the NCAA and its working groups have studied, issued statements regarding, and drafted proposed rules for consideration related to NIL in 2019 and 2020.  The NCAA further admits that the United States Supreme Court issued an opinion in *Alston* and that this Court issued a ruling on Defendants' motion to dismiss Plaintiffs' initial complaint in this action.  The NCAA further admits that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 239.

240.    The NCAA admits that former NCAA Vice President for Regulatory Affairs Oliver Luck was quoted regarding NIL as excerpted in Paragraph 240.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 240.

241.    The NCAA admits that President Mark Emmert was quoted regarding NIL as excerpted in Paragraph 241.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 241.

242.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 242.

243.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 243 concerning the alleged comments of Warde Manuel. Except as expressly admitted, the NCAA denies the allegations of Paragraph 243.

244.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 244 concerning the alleged comments of Jack Swarbrick. Except as expressly admitted, the NCAA denies the allegations of Paragraph 244.

245.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 245 concerning the alleged comments of Kyle Kallander. Except as expressly admitted, the NCAA denies the allegations of Paragraph 245.

246.    The NCAA admits that some NCAA members have been reported to have made public comments regarding possible revision of NCAA rules.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 246 concerning the alleged comments of Scott Frost and Garrett Klassy.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 246.

247.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 247 concerning the alleged comments of Jim Harbaugh and alleged revenues of the University of Michigan.  The NCAA denies the remaining allegations of Paragraph 247.

248.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 248 concerning the alleged comments of Chris Holtmann. Except as expressly admitted, the NCAA denies the allegations of Paragraph 248.

249.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 249 concerning the alleged comments of Bruce Pearl.

250.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 250 concerning the alleged comments of Terry Tumey.

251.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 251 concerning the alleged comments of Bernadette McGlade.

252.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 252 concerning the alleged comments of Kristin Williams.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 252.

253.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 253 concerning the alleged comments of Kyle Kallander.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 253.

254.    The NCAA admits that it made the announcement excerpted in Paragraph 254.

255.     The NCAA admits that it issued a Report of the NCAA Board of Governors on October 29, 2019 that contains the language excerpted in Paragraph 255.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 255.

256.     The NCAA admits that the NCAA issued a Report of the NCAA Board of Governors on October 29, 2019 that contains the language excerpted in Paragraph 256.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 256.

257.     The NCAA admits that the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020, that contains substantially the language excerpted in Paragraph 257.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 257.

258.     The NCAA admits that the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020, that contains the language excerpted in Paragraph 258.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 258.

259.     The NCAA admits that the parties filed pleadings and the court issued rulings in *O'Bannon v. NCAA* and *In re NCAA Athletic Grant-in-Aid Antitrust Litigation*.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 259.

260.     The NCAA admits the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020, that contains substantially the language excerpted in Paragraph 260.  The NCAA further admits that it sought proposals from the three divisions.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 260.

261.     The NCAA admits that the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020, that contains the language excerpted in Paragraph 261.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 261.

262.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 262 concerning the alleged comments of the Associated Press and alleged expenditures and therefore such allegations are denied.

263.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 263 concerning the alleged letter to congressional leaders regarding potential NIL legislation.  Further, Paragraph 263 contains legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 263.

264.    The NCAA admits that the NCAA and its working groups have studied, issued statements regarding, and drafted proposed rules for consideration related to NIL in 2019 and 2020.  The NCAA further admits that in or about January 2021 the United States Department of Justice sent the NCAA a letter.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 264.

265.    The NCAA admits on information and belief that there have been media reports that some representatives of NCAA members have made public comments regarding possible revision of NCAA NIL rules and considerations relating to any such revisions.  The NCAA further admits on information and belief that Rebecca Blank testified before the Senate Committee on Health, Education, Labor & Pensions in 2020.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 265.

266.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 266 concerning the alleged comments of Allen Greene.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 266.

267.    The NCAA admits that Mark Emmert testified before the Senate Commerce Committee in June 2021 and made the statements excerpted in Paragraph 267.  The NCAA denies the allegation that it hopes to act without antitrust scrutiny.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 267.

268.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 268.

269.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 269 concerning an alleged undated Knight Commission report. Except as expressly admitted, the NCAA denies the remaining allegations of Paragraph 269.

270.     The NCAA admits on information and belief that the Knight Commission has issued statements concerning student-athlete NIL.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 270 concerning the alleged comments of the Knight Commission.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 270.

271.     The NCAA admits that it has a process for processing waiver applications from student-athletes relating to the use of their NIL.  The NCAA admits the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020, that contains the language excerpted in the last sentence of Paragraph 271.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 271 concerning the number of waiver applications submitted and the specific percentage of waiver applications that have been approved or the alleged comments of Bernadette McGlade.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 271.

272.     The NCAA admits the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020, that contains substantially the language excerpted in Paragraph 272.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 272.

273.     The NCAA admits that Arike Ogunbowale was granted a waiver to participate in *Dancing with the Stars* and that the NCAA issued the statement containing substantially the language excerpted in the second sentence of Paragraph 273.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 273 concerning why Ms. Ogunbowale was selected for the show.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 273.

274.     The NCAA denies the allegations of Paragraph 274.

275.    The NCAA admits that NCAA rules have established limitations on compensating student-athletes for the alleged use of their names, images, and likenesses and that it issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA bylaws.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 275.

276.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 276.

277.    The NCAA denies that it arbitrarily made decisions regarding Lilly King's Olympic bonuses.  The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 277.

278.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 278.

279.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 279.

280.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 280.

281.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 281.

282.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 282 concerning an alleged Axios.com report on Opendorse.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 282.

283.    The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 283 concerning an alleged fivethirtyeight.com report on Opendorse.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 283.

284.    The NCAA admits on information and belief that there have been media reports that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of

1  state NIL laws and issuance of the Interim NIL Policy.  The NCAA further admits that it issued

2  an Interim NIL Policy (along with accompanying materials) effective July 1, 2021, with the result

3  that certain activities relating to name, image, and likeness would not be impacted by the

4  application of certain NCAA bylaws.  The NCAA admits President Mark Emmert was

5  interviewed on this topic.  Further, Paragraph 284 contains legal argument and, as such, no

6  response is required.  Except as expressly admitted, the NCAA denies the allegations of

7  Paragraph 284.

8       285.   Paragraph 285 contains legal argument and, as such, no response is required.  To

9  the extent a response is required, the NCAA denies the allegations in Paragraph 285.

10      286.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

11 allegations included in Paragraph 286 concerning the alleged views of unidentified business

12 leaders and senior executives.  Except as expressly admitted, the NCAA denies the allegations of

13 Paragraph 286.

14      287.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

15 allegations of Paragraph 287.

16      288.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

17 allegations of Paragraph 288.

18      289.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

19 allegations of Paragraph 289.

20      290.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

21 allegations included in Paragraph 290 concerning the alleged comments of Matt Micheli.  Except

22 as expressly admitted, the NCAA denies the allegations of Paragraph 290.

23      291.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

24 allegations of Paragraph 291.

25      292.   The NCAA lacks knowledge, information, or belief sufficient to admit or deny the

26 allegations included in Paragraph 292 concerning alleged programs at specified universities.  The

27 NCAA lacks knowledge, information, or belief sufficient to admit or deny the remaining

28 allegations of Paragraph 292.

293.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 293 concerning the alleged comments of Blake Lawrence.

294.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 294 concerning the alleged comments of Blake Lawrence.  The NCAA specifically denies that it has engaged in any unlawful conduct and denies the remaining allegations of Paragraph 294.

295.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 295.

296.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 296 concerning the alleged comments of Terry Tumey.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 296.

297.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 297.

298.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 298.

299.     The NCAA lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 299.

300.     The NCAA admits that Plaintiffs seek to bring this action on behalf of the putative class identified in Paragraph 300 but denies that such class is properly defined or that this action can be maintained as a class action.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 300.

301.     The NCAA admits that Plaintiffs seek to bring this action on behalf of the putative sub-class identified in Paragraph 301 but denies that such sub-class is properly defined or that this action can be maintained as a class action.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 301.

302.     The NCAA admits that Plaintiffs seek damages from defendants relating to NCAA rules establishing limitations on compensating student-athletes for the alleged use of their names, images, and likenesses.  The NCAA denies that Plaintiffs are entitled to damages.  The NCAA

1    specifically denies that it has engaged in any unlawful conduct.  Further, Paragraph 302 contains

2    legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA

3    denies the allegations of Paragraph 302.

4         303.    The NCAA admits that Plaintiffs seek to bring this action on behalf of the putative

5    sub-class identified in Paragraph 303 but denies that such sub-class is properly defined or that this

6    action can be maintained as a class action.  Except as expressly admitted, the NCAA denies the

7    allegations of Paragraph 303.

8         304.    The NCAA admits that Plaintiffs seek damages from defendants relating to NCAA

9    rules establishing limitations on compensating student-athletes for the alleged use of their names,

10   images, and likenesses.  The NCAA denies that Plaintiffs are entitled to damages.  The NCAA

11   specifically denies that it has engaged in any unlawful conduct.  Further, Paragraph 304 contains

12   legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA

13   denies the allegations of Paragraph 304.

14        305.    The NCAA admits that Plaintiffs seek to bring this action on behalf of the putative

15   sub-class identified in Paragraph 305 but denies that such sub-class is properly defined or that this

16   action can be maintained as a class action.  Except as expressly admitted, the NCAA denies the

17   allegations of Paragraph 305.

18        306.    The NCAA admits that Plaintiffs seek damages from defendants relating to NCAA

19   rules establishing limitations on compensating student-athletes for the alleged use of their names,

20   images, and likenesses.  The NCAA denies that Plaintiffs are entitled to damages.  The NCAA

21   specifically denies that it has engaged in any unlawful conduct.  Further, Paragraph 306 contains

22   legal argument and, as such, no response is required.  Except as expressly admitted, the NCAA

23   denies the allegations of Paragraph 306.

24        307.    The NCAA admits that Plaintiffs refer in the Complaint to the putative class and

25   sub-classes identified in Paragraphs in 300, 301, 303, and 305 as "the Classes."  Except as

26   expressly admitted, the NCAA denies the allegations of Paragraph 307.

27        308.    The NCAA admits that Plaintiffs seek to bring this action on behalf of the putative

28   class identified in Paragraph 308 but denies that such class is properly defined or that this action

can be maintained as a class action.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 308.

309.    Paragraph 309 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 309.

310.    Paragraph 310 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 310.

311.    Paragraph 311 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 311.

312.    Paragraph 312 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 312.

313.    Paragraph 313 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 313.

314.    Paragraph 314 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 314.

315.    Paragraph 315 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 315.

316.    Paragraph 316 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 316.

317.    Paragraph 317 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 317.

318.    Paragraph 318 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 318.

319.    Paragraph 319 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 319.

320.    Paragraph 320 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 320.

321.    Paragraph 321 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 321.

322.    The NCAA reincorporates and realleges by reference its response to the allegations set forth in all preceding paragraphs of the Complaint as if fully set forth herein.

323.    Paragraph 323 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 323.

324.    Paragraph 324 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 324.

325.    Paragraph 325 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 325.

326.    Paragraph 326 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 326.

327.    Paragraph 327 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 327.

328.    Paragraph 328 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 328.

329.    Paragraph 329 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 329.

330.    Paragraph 330 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 330.

331.    Paragraph 331 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 331.

332.    Paragraph 332 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 332.

333.    Paragraph 333 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 333.

334.    Paragraph 334 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 334.

335.    Paragraph 335 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 335.

336.    Paragraph 336 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 336.

337.    Paragraph 337 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 337.

338.    Paragraph 338 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 338.

339.    Paragraph 339 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 339.

340.    Paragraph 340 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 340.

341.    Paragraph 341 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 341.

342.    Paragraph 342 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 342.

343.    Paragraph 343 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 343.

344.    Paragraph 344 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 344.

345.    The NCAA reincorporates and realleges by reference its response to the allegations set forth in all preceding paragraphs of the Complaint as if fully set forth herein.

346.    Paragraph 346 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 346.

347.    Paragraph 347 contains legal argument and, as such, no response is required.  To the extent a response is required, the NCAA denies the allegations in Paragraph 347.

## **ADDITIONAL DEFENSES**

The NCAA reserves the right to assert any and all applicable defenses to the Plaintiffs' claims.  The NCAA reserves the right to amend this Answer to add, supplement, or modify defenses based upon further developments in this litigation, including new factual developments or legal

theories that may be or will be divulged through clarification of the Amended Complaint, through discovery, or through further factual or legal analysis of Plaintiffs' allegations, contentions, and positions in this litigation.  Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth in this Answer or assuming any burden of proof that it would not otherwise bear, the NCAA states as follows:

## FIRST ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, by the doctrine of mootness to the extent that Plaintiffs seek injunctive relief for student-athletes who are no longer participating in NCAA athletics and to the extent that the NCAA bylaws that Plaintiffs seek to enjoin are no longer in effect.

## SECOND ADDITIONAL DEFENSE

The claims of the Plaintiffs and others claimed to be members of the putative class, classes, or sub-classes are barred because their alleged damages are speculative and conjectural and are not capable of calculation with a reasonable degree of certainty.

## THIRD ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, by stare decisis and also by res judicata to the extent that Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*, 141 S. Ct. 2141 (2021), *O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015), or *Marshall v. ESPN*, 668 Fed. App'x 155 (6th Cir. 2016), or to the extent they are adjudicated in any other litigation brought by members of the Plaintiffs' putative classes against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

## FOURTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and others claimed to be members of the putative class, classes, or sub-classes are barred, in whole or in part, by collateral estoppel to the extent that the Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*, 141 S. Ct. 2141 (2021), *O'Bannon v. NCAA*,

802 F.3d 1049 (9th Cir. 2015), or *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016), or to the extent they are adjudicated in any other litigation brought by members of the Plaintiffs' putative classes and sub-classes against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

## FIFTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, because the Complaint fails to state a claim for relief under the doctrine established by the United States Supreme Court's decision in *Texaco Inc. v. Dagher*, 547 U.S. 1 (2006).  Specifically, the conduct alleged constitutes decisions made regarding the core activities of a legitimate venture that are not unlawful restraints of trade under the antitrust laws.

## SEVENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required or has been approved by any order, award, directive or similar action of any court, arbitral body, or government agency.

## EIGHTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, because the actions of defendants do not unreasonably restrain trade, but are lawful, justified, and pro-competitive by preserving the distinction between college and professional sports.

## NINTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, because the actions of defendants do not unreasonably restrain trade, but are lawful, justified, and pro-competitive given the need for institutional members of the NCAA to prevent pay-for-play and improper recruiting inducements, including by imposing uniform rules

of national competition regarding financial incentives for student-athletes to attend particular schools.

## TENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required to comply with state or federal laws or regulations and to the extent that the relief demanded by Plaintiffs is inconsistent with or prohibited by applicable state or federal laws or regulations.

## ELEVENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, to the extent that they were not injured by, or have been enriched by, the rules being challenged here, which preserve institutions' ability to offer a broad set of athletics offerings and, thus, opportunities to student-athletes.

## TWELFTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, and the actions of defendants are justified by the provisions of the United States Constitution that guarantee free speech and the right to petition the government for redress of grievances, under the *Noerr-Pennington* doctrine.

## THIRTEENTH ADDITIONAL DEFENSE

The claims of certain named plaintiffs and members of the putative classes and sub-classes are barred, in whole or in part, by the settlement and release finally approved by the Court in In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation, Case No. 14-md-02541 (N.D. Cal).

## PRAYER FOR RELIEF

WHEREFORE, the NCAA prays that this Court deny the relief requested by Plaintiffs, dismiss this action with prejudice, enter judgment that Plaintiffs have and recover no relief from the NCAA, tax costs and attorneys' fees against the Plaintiffs, and afford the NCAA such other and further relief as may be just and proper.

1    DATED:  September 22, 2021          **WILKINSON STEKLOFF LLP**

2
                                         */s/ Beth A. Wilkinson*
3                                        _____

4                                        Beth A. Wilkinson (*pro hac vice*)
                                         Rakesh N. Kilaru (*pro hac vice*)
5                                        Kieran Gostin (*pro hac vice*)
                                         Calanthe Cope-Kasten (*pro hac vice*)
6                                        2001 M Street NW, 10th Floor
                                         Washington, DC 20036
7                                        Telephone: (202) 847-4000
                                         Facsimile: (202) 847-4005
8                                        bwilkinson@wilkinsonstekloff.com
                                         rkilaru@wilkinsonstekloff.com
9                                        kgostin@wilkinsonstekloff.com
                                         ccope-kasten@wilkinsonstekloff.com
10

11                                       Rahul Hari (SBN 313528)
                                         11601 Wilshire Blvd., Suite 600
12                                       Los Angeles, CA 90025
                                         Telephone: (424) 291-9655
13                                       Facsimile: (202) 847-4005
                                         rhari@wilkinsonstekloff.com
14

15                                       Attorneys for Defendant
                                         NATIONAL COLLEGIATE ATHLETIC
16                                       ASSOCIATION

17

18

19

20

21

22

23

24

25

26

27

28