1   PROSKAUER ROSE LLP
    BART H. WILLIAMS (SBN 134009)
2       bwilliams@proskauer.com
    SCOTT P. COOPER (SBN 96905)
3       scooper@proskauer.com
    KYLE A. CASAZZA (SBN 254061)
4       kcasazza@proskauer.com
    SHAWN S. LEDINGHAM, JR. (SBN 275268)
5       sledingham@proskauer.com
    JENNIFER L. JONES (SBN 284624)
6       jljones@proskauer.com
    2029 Century Park East, 24th Floor
7   Los Angeles, CA  90067-3010
    Telephone:    310-557-2900
8   Facsimile:    310-557-2193

9

10              **IN THE UNITED STATES DISTRICT COURT**
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11                      **OAKLAND DIVISION**

12   IN RE COLLEGE ATHLETE NIL          Case No. 4:20-cv-03919 CW
     LITIGATION

13
                                        **ANSWER AND ADDITIONAL DEFENSES**
14                                      **OF DEFENDANT PAC-12 CONFERENCE**
                                        **TO THE CONSOLIDATED AMENDED**
15                                      **COMPLAINT**

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT</u>

2

<u>PAC-12 CONFERENCE</u>

3     The Pac-12 Conference ("Pac-12"), by and through its undersigned attorneys, hereby

4   answers and sets forth additional defenses to the Consolidated Amended Complaint (D.E. 164)

5   ("Complaint"), ECF No. 164.

6

<u>PRELIMINARY STATEMENT</u>

7     Except as otherwise expressly stated below, the Pac-12 answers and responds only to

8   those allegations contained in the Complaint that are directed toward it.  The Pac-12 is without

9   sufficient knowledge or information to form a belief as to the truth of the allegations in the

10  Complaint that are directed toward other defendants.  Pursuant to Federal Rule of Civil Procedure

11  8(b)(5), such allegations are deemed denied.

12    To the extent that Plaintiffs' allegations rely on media reports and other out-of-court

13  statements, any response by the Pac-12 admitting that such reports were published or that such

14  statements were made does not constitute an admission of the admissibility of such reports or

15  statements or of the accuracy or truthfulness of their contents.

16    In addition, the Complaint contains 195 footnotes.  To the extent the contents of those

17  footnotes are not addressed in the text of the Pac-12's answer to the Paragraph to which the

18  footnote relates and/or to the extent that the content of any footnote can be read to contain factual

19  allegations, the Pac-12 denies the allegations set forth therein.

20

<u>RESPONSES TO NUMBERED PARAGRAPHS OF COMPLAINT</u>

21    The Pac-12 denies any and all allegations contained in the headings of the Complaint and

22  responds to the numbered paragraphs of the Complaint as follows:

23    1.     The Pac-12 admits that Zion Williamson played basketball at Duke University in

24  2019 and participated in a game between Duke University and the University of North Carolina,

25  and that his shoe appeared to fail during the game.  The Pac-12 lacks knowledge, information, or

26  belief sufficient to admit or deny the allegations included in Paragraph 1 concerning television

27  viewers, speculation of unnamed persons about Zion Williamson's alleged knee sprain, and Nike

28  stock value.  The Pac-12 denies the remaining allegations of Paragraph 1.

2.      The Pac-12 admits that NCAA rules in effect in 2019 established limitations on compensation provided to student-athletes for the actual or alleged use of their names, images, and likenesses.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 2 concerning the alleged contract between Duke University and Nike and what would have occurred absent certain NCAA rules.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 2.

3.      The Pac-12 admits that a small number of NCAA Division I athletic departments generate positive net revenues. The Pac-12 further admits that NCAA rules include limitations on compensating student-athletes for the alleged use of their names, images, and likenesses.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 3 concerning alleged salaries of coaches and others.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 3.

4.      The Pac-12 admits that the NCAA Constitution and Bylaws contain rules governing certain types of conduct of members relating to collegiate athletics, the benefits that may be provided to student-athletes, and other aspects of collegiate sports, and contain statements relating to the principles of amateurism and collegiate sports.  The Pac-12 further admits that the NCAA has previously advanced amateurism as a justification for certain of the rules set forth in the NCAA Constitution and Bylaws.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 4.

5.      The Pac-12 admits that Plaintiffs seek to challenge NCAA rules setting forth limitations on compensation to student-athletes for use of their names, images, and likenesses. The Pac-12 further admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA Bylaws.  Further, Paragraph 5 calls for legal conclusions to which no response is required. Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 5.

6.      The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 6 concerning unattributed comments allegedly made by the NCAA.  Further, Paragraph 6 calls for legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 6.

7.      The Pac-12 admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA Bylaws.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 7 concerning alleged comments made by the NCAA and spending and profits derived by unidentified companies.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 7.

8.      The Pac-12 admits that it is party to certain sponsorship agreements.  The Pac-12 further admits on information and belief that the NCAA, some conferences, schools, and in some instances coaches have sponsorship or endorsement agreements.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations included in Paragraph 8 concerning alleged agreements between companies and persons or entities.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 8.

9.      The Pac-12 admits that the NCAA and some conferences and schools utilize certain social media platforms.  The Pac-12 further admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA Bylaws.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 9 concerning the financial rewards allegedly received by unidentified persons from social media.  Further, Paragraph 9 calls for legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 9.

10.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 10 concerning alleged comments of Oliver Luck.  The remaining allegations of Paragraph 10 calls for legal conclusions to which no response is required; to the extent a response is required, the Pac-12 denies the remaining allegations of Paragraph 10.

11.     The Pac-12 specifically denies that it has violated the federal antitrust laws or common law, specifically denies that Defendants have unjustly enriched themselves or damaged student-athletes, and denies the remaining allegations of Paragraph 11.

12.     The Pac-12 admits that NCAA rules include limitations on compensating student-athletes for the alleged use of their names, images, and likenesses.  The Pac-12 further admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA Bylaws.  The Pac-12 further admits on information and belief that there have been unverified media reports that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy.  The Pac-12 admits that in 2019, a floor routine by UCLA gymnast Katelyn Ohashi was widely shared on various internet platforms, and that Ms. Ohashi later had a video op-ed featured in the New York Times.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations and quotations included in Paragraph 12 concerning Katelyn Ohashi.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 12.

13.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 13 concerning alleged comments of Dave Bradley, alleged comments of Nick Saban, and unidentified "recent analyses," and therefore such allegations are denied.  Further, the Pac-12 lacks knowledge, information, or belief sufficient to admit or deny

the allegations regarding the value of recent agreements for student-athletes.  Except as expressly admitted, the Pac-12 denies the remaining allegations of Paragraph 13.

14.     The Pac-12 admits on information and belief that according to unverified media reports some representatives of NCAA members have made public comments regarding possible revision of NCAA NIL rules and considerations relating to any such revisions.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 14 concerning the salaries and alleged comments of Scott Frost and Jim Harbaugh. Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 14.

15.     The Pac-12 admits that some recently enacted state statutes, some of which became effective July 1, 2021, require that institutions offer certain educational resources and services to student-athletes relating to name, image, and likeness, and that some NCAA member institutions have begun to offer such educational resources and services.  Upon information and belief, the Pac-12 admits that the University of Colorado has a program related to student-athlete NIL and that Colorado Athletic Director Rick George has expressed his support for the program. The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 15 concerning the alleged programs of the University of Nebraska and the NAIA.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 15.

16.     The Pac-12 admits on information and belief that in 2016, the NCAA entered an eight-year extension of its media contract for the broadcasting rights to the annual NCAA Division I men's basketball tournament.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 16 concerning the terms of contracts entered by other entities.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 16.

17.     The Pac-12 admits that California has passed the Fair Pay to Play Act, and that multiple other states have introduced or passed legislation or issued executive orders relating to NIL.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 17.

1    18.    The Pac-12 admits that the NCAA and its working groups have studied, issued

2    statements regarding, and drafted proposed rules for consideration related to certain NIL issues in

3    2019 and 2020.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 18.

4    19.    The Pac-12 admits that defendants in *Alston* appealed the Ninth Circuit's decision

5    to the United States Supreme Court.  Paragraph 19 also calls for legal conclusions to which no

6    response is required.  Except as expressly admitted, the Pac-12 denies the allegations of

7    Paragraph 19.

8    20.    The Pac-12 admits that the NCAA's Interim NIL Policy became effective on July

9    1, 2021, and not before, and that the laws of various states were due to go into effect on July 1.

10   The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations

11   included in Paragraph 20 concerning alleged lobbying efforts of the NCAA.  The Pac-12 denies

12   the remaining allegations of Paragraph 20.

13   21.    The Pac-12 admits that on June 21, 2021 the United States Supreme Court issued

14   its opinion in *Alston*.  The Pac-12 further admits that on June 24, 2021 this Court issued its ruling

15   on Defendants' motion to dismiss Plaintiffs' initial complaint in this action.  Further, Paragraph

16   21 calls for legal conclusions to which no response is required.  Except as expressly admitted, the

17   Pac-12 denies the allegations of Paragraph 21.

18   22.    The Pac-12 admits that the NCAA issued an Interim NIL Policy (along with

19   accompanying materials) effective July 1, 2021 (the date that certain state laws and executive

20   orders addressing NIL were effective or soon to be effective), with the result that certain activities

21   relating to name, image, and likeness would not be impacted by the application of certain NCAA

22   Bylaws.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 22.

23   23.    The Pac-12 admits that the NCAA issued an Interim NIL Policy (along with

24   accompanying materials) effective July 1, 2021 (the date that certain state laws and executive

25   orders addressing NIL were effective or soon to be effective), with the result that certain activities

26   relating to name, image, and likeness would not be impacted by the application of certain NCAA

27   Bylaws.  Paragraph 23 calls for legal conclusions to which no response is required.  Except as

28   expressly admitted, the Pac-12 denies the allegations of Paragraph 23.

24.     The Pac-12 admits on information and belief that according to unverified media reports certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 24 concerning the University of Florida, the University of Michigan, the University of North Carolina, and the industry affiliations of entities allegedly entering agreements with student-athletes.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 24.

25.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 25.

26.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 26.

27.     The Pac-12 admits that that state laws and the Interim NIL Policy have opened opportunities for student-athletes to license NIL rights.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 27.

28.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 28.

29.     The Pac-12 admits that some recently enacted state statutes, some of which became effective July 1, 2021, require that institutions offer certain educational resources and services to student-athletes relating to name, image, and likeness, and that some NCAA member institutions have begun to offer such educational resources and services.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 29.

30.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 30 concerning alleged comments of unidentified schools across the country.  Further, Paragraph 30 calls for legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies the remaining allegations of Paragraph 30.

1    31.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

2    allegations included in Paragraph 31 concerning alleged surveys and consumer sentiment.

3    Further, Paragraph 31 calls for legal conclusions to which no response is required.  Except as

4    expressly admitted, the Pac-12 denies the allegations of Paragraph 31.

5    32.    Paragraph 32 calls for legal conclusions to which no response is required.

6    To the extent a response is required, the Pac-12 denies the allegations of Paragraph 32.

7    33.    The Pac-12 admits that the NCAA issued an Interim NIL Policy (along with

8    accompanying materials) effective July 1, 2021 (the date that certain state laws and executive

9    orders addressing NIL were effective or soon to be effective), with the result that certain activities

10   relating to name, image, and likeness would not be impacted by the application of certain NCAA

11   Bylaws.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

12   allegations included in Paragraph 33 concerning alleged comments of Mark Emmert.  The Pac-12

13   denies that an injunction as described in Paragraph 33 would be appropriate or legally justified.

14   Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 33.

15   34.    The Pac-12 denies that an injunction as described in Paragraph 34 would be

16   appropriate or legally justified and denies the allegations of Paragraph 34.

17   35.    The Pac-12 admits that Plaintiffs request an injunction; the Pac-12 denies that

18   Plaintiffs are entitled to an injunction. The Pac-12 specifically denies that it has engaged in

19   unlawful or anticompetitive conduct.  Except as expressly admitted, the Pac-12 denies the

20   allegations of Paragraph 35.

21   36.    The Pac-12 admits that Plaintiffs seek the relief stated in Paragraph 36; the Pac-12

22   denies that Plaintiffs are entitled to such relief.  The Pac-12 specifically denies that it has engaged

23   in unlawful or anticompetitive conduct.  Except as expressly admitted, the Pac-12 denies the

24   allegations of Paragraph 36.

25   37.    The Pac-12 admits that Plaintiffs seek the relief stated in Paragraph 37; the Pac-12

26   denies that Plaintiffs are entitled to such relief.  The Pac-12 specifically denies that it has engaged

27   in unlawful or anticompetitive conduct.  Except as expressly admitted, the Pac-12 denies the

28   allegations of Paragraph 37.

38.     The Pac-12 admits that Plaintiffs seek the relief stated in Paragraph 38; the Pac-12 denies that Plaintiffs are entitled to such relief.  The Pac-12 specifically denies that it has engaged in unlawful or anticompetitive conduct.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 38.

39.     The allegations of paragraph 39 call for legal conclusions to which no response is required.  To the extent any response is necessary, the Pac-12 admits that Plaintiffs purport to allege subject matter jurisdiction under the statutes cited in Paragraph 39, but denies that Plaintiffs or purported class members are entitled to any relief sought.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 39.

40.     The allegations of paragraph 40 call for legal conclusions to which no response is required.  To the extent any response is necessary, the Pac-12 admits that it has transacted business in the Northern District of California.  Except as expressly admitted, the NCAA denies the allegations of Paragraph 40.

41.     Paragraph 41 calls for legal conclusions to which no response is required.  To the extent any response is required, the Pac-12 admits that it has transacted business (as that term is used in venue statutes) throughout the United States and that the University of California – Berkeley, Stanford University, Santa Clara University, the University of San Francisco, and St. Mary's College are located in the Northern District of California.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 41.

42.     The Pac-12 admits that Plaintiff Grant House is a current Division I athlete who competes for the Arizona State University ("ASU") men's swimming and diving team.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 42.

43.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 43.

44.     The Pac-12 admits that House committed to swim and attend school at ASU in the fall of 2016 and enrolled at ASU in the fall of 2017.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 44.

45.     The Pac-12 admits that at the 2018 Pac-12 Championships, House earned a podium finish (3rd) in the 200yd free, placed 11th in the 500yd free and 12th in the 100yd free, and he helped his team to a 2nd place finish in the 4x200yd free relay.  Upon information and belief, the Pac-12 admits that at the 2018 NCAA Championships, he finished 10th in nation in the 4x200yd free relay and 14th in the 200yd free, earning two NCAA All-American honorable mentions.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 45.

46.     The Pac-12 admits that at the 2019 Pac-12 Championships, House was on the Sun Devils' 4th place 4x200yd free relay team, and placed 2nd in the 200yd free, 4th in the 200yd individual medley, and 10th in the 200yd breaststroke.  Upon information and belief, the Pac-12 admits that at the 2019 NCAA Championships, his relay team placed 8th in the 4x100yd free and 9th in the 4x200yd free, he finished 10th individually in the 200yd breaststroke, and that he earned two more NCAA All-American honorable mentions as well as his first All-American honor.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 46.

47.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 47.

48.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 48.

49.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 49.

50.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 50.

51.     The Pac-12 admits that House was previously a member of both the Pac-12 Student-Athlete Advisory Committee and Pac-12 Student-Athlete Leadership Team.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 51.

1    52.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

2    allegations of Paragraph 52.

3    53.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

4    allegations of Paragraph 53.

5    54.    The Pac-12 admits that Plaintiff Sedona Prince is a current Division I athlete who

6    competes for the University of Oregon ("UO") women's basketball team.  The Pac-12 lacks

7    knowledge, information, or belief sufficient to admit or deny the remaining allegations of

8    Paragraph 54.

9    55.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

10   allegations of Paragraph 55.

11   56.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

12   allegations of Paragraph 56.

13   57.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

14   allegations of Paragraph 57.

15   58.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

16   allegations of Paragraph 58.

17   59.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

18   allegations of Paragraph 59.

19   60.    The Pac-12 admits that Prince transferred to UO in 2019, and was ineligible for

20   competition in the 2019-20 season as a result of NCAA transfer rules.  The Pac-12 lacks

21   knowledge, information, or belief sufficient to admit or deny the remaining allegations of

22   Paragraph 60.

23   61.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

24   allegations of Paragraph 61.

25   62.    The Pac-12 admits that in the 2020-21 women's basketball season, Prince

26   competed for UO as a redshirt sophomore, and UO reached the NCAA Championship

27   Tournament Sweet Sixteen.  The Pac-12 lacks knowledge, information, or belief sufficient to

28   admit or deny the remaining allegations of Paragraph 62.

63.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 63.

64.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 64.

65.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 65.

66.     The Pac-12 admits that Prince has posted about gender equity issues in NCAA college sports on social media.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 66.

67.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 67.

68.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 68.

69.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 69.

70.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 70.

71.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 71.

72.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 72.

73.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 73.

74.     The Pac-12 admits that the NCAA is a voluntary, unincorporated non-profit educational association of more than 1,200 member colleges, universities, and athletic conferences, including the Conference Defendants, as members, which are located throughout the United States.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 74 concerning comments the NCAA has allegedly made about

whether it speaks and acts for colleges and universities on athletic matters at a national level. Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 74.

75.    The Pac-12 admits that the NCAA Constitution and Bylaws contain rules governing certain types of conduct of members relating to collegiate athletics, the benefits that may be provided to student-athletes, and other aspects of collegiate sports, and contain statements relating to the principles of amateurism and collegiate sports.  The Pac-12 further admits that the NCAA enforces compliance with its Bylaws and may impose penalties for noncompliance in some instances.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 75.

76.    The Pac-12 admits that the NCAA includes numerous member institutions organized in three divisions and that some institutions sponsor football teams.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 76 concerning the specific number of institutions in different divisions or that sponsor football programs.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 76.

77.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 77.

78.    The Pac-12 admits that it is an unincorporated association with its principal offices located in San Francisco, California, that it is a multi-sport collegiate athletic conference, and a formal "conference member" of NCAA Division I.  The Pac-12 further admits that it is an IRS § 501(c)(3) entity and that it filed a 2017 IRS Form 990.  The Pac-12 further admits that the 2018-19 Pac-12 Handbook contains the language excerpted in Paragraph 78.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 78.

79.    The Pac-12 admits that the Pac-12's current members are the institutions identified in Paragraph 79.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 79.

80.    Paragraph 80 contains legal argument and, as such, no response is required.  To the extent a response is required, the Pac-12 denies the allegations of Paragraph 80.

81.     Upon information and belief, the Pac-12 admits that the Big Ten is a nonprofit corporation with its principal offices located in Illinois, that it is a multi-sport collegiate athletic conference, and a formal "conference member" of NCAA Division I.  Upon information and belief, the Pac-12 further admits that the Big Ten is an IRS § 501(c)(3) entity.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 81.

82.     The Pac-12 admits that the Big Ten's current members are the institutions identified in Paragraph 82, and that all of its football members are in the Football Bowl Subdivision.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 82.

83.     Paragraph 83 contains legal argument and, as such, no response is required.  To the extent a response is required, the Pac-12 denies the allegations of Paragraph 83.

84.     Upon information and belief, the Pac-12 admits that the Big 12 is a nonprofit corporation with its principal offices located in Texas, that it is a multi-sport collegiate athletic conference, and a formal "conference member" of NCAA Division I.  Upon information and belief, the Pac-12 further admits that the Big 12 is an IRS § 501(c)(3) entity.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 84.

85.     The Pac-12 admits that the Big 12's current members are the institutions identified in Paragraph 85, and that all of its football members are in the Football Bowl Subdivision. Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 85.

86.     Paragraph 86 contains legal argument and, as such, no response is required.  To the extent a response is required, the Pac-12 denies the allegations of Paragraph 86.

87.     Upon information and belief, the Pac-12 admits that the SEC is an unincorporated association with its principal offices located in Alabama, that it is a multi-sport collegiate athletic conference, and a formal "conference member" of NCAA Division I.  Upon information and belief, the Pac-12 further admits that the SEC is an IRS § 501(c)(3) entity.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 87.

88.     The Pac-12 admits that the SEC's current members are the institutions identified in Paragraph 88, and that all of its football members are in the Football Bowl Subdivision.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 88.

89.     Paragraph 89 contains legal argument and, as such, no response is required.  To the extent a response is required, the Pac-12 denies the allegations of Paragraph 89.

90.     Upon information and belief, the Pac-12 admits that the ACC is an unincorporated association with its principal offices located in North Carolina, that it is a multi-sport collegiate athletic conference, and a formal "conference member" of NCAA Division I.  Upon information and belief, the Pac-12 further admits that the ACC is an IRS § 501(c)(3) entity.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 90.

91.     The Pac-12 admits that the ACC has 15 member institutions.  Upon information and belief, the Pac-12 further admits that Notre Dame generally participates in all sports except football and hockey, with exceptions.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 91.

92.     Paragraph 92 contains legal argument and, as such, no response is required.  To the extent a response is required, the Pac-12 denies the allegations of Paragraph 92.

93.     The Pac-12 admits that Plaintiffs purport to give the terms identified in Paragraph 93 the definitions set forth therein but denies that said definitions are accurate or appropriate for any purpose in this matter, and denies the remaining allegations of Paragraph 93.

94.     The Pac-12 will respond separately to the various allegations in other Paragraphs of the Complaint and, except as expressly admitted in responses to such other allegations, denies the allegations of Paragraph 94.

95.     Paragraph 95 contains legal argument and, as such, no response is required.  To the extent a response is required, the Pac-12 denies the allegations of Paragraph 95.

96.     The Pac-12 admits that Plaintiffs seek to challenge NCAA rules that include limitations on compensating student-athletes, including for the alleged use of their names, images, and likenesses.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 96.

97.     The Pac-12 admits that the provisions in Paragraph 97 are excerpted from the NCAA's 2016 Manual, Bylaw 12.5.2.1.  The Pac-12 further admits that the NCAA Manual sets forth the NCAA rules, subject to the changes in application effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 97.

98.     The Pac-12 admits that the provisions in Paragraph 98 are excerpted from the NCAA's 2016 Manual, Bylaw 12.5.2.2.  The Pac-12 further admits that the NCAA Manual sets forth the NCAA rules, subject to the changes in application effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 98.

99.     The Pac-12 admits that NCAA rules have established limitations on compensating student-athletes, including for the alleged use of their names, images, and likenesses, subject to the changes in application effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws.  Except as expressly admitted, the Pac-12 therefore denies the allegations of Paragraph 99.

100.    The Pac-12 admits that the provisions in Paragraph 100 are excerpted from the NCAA's 2016 Manual, Bylaws 12.4.1 and 12.4.1.1.  The Pac-12 further admits that the NCAA Manual sets forth the NCAA rules, subject to the changes in application effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 100.

101.    The Pac-12 admits that the NCAA Manual contains the provisions excerpted from NCAA Bylaw 12.4.2.3 in Paragraph 101.  The Pac-12 further admits that the NCAA Manual sets forth the NCAA rules, subject to the changes in application effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 101.

102.    The Pac-12 admits that the NCAA Manual contains the provisions excerpted from NCAA Bylaw 12.4.4 in Paragraph 102.  The Pac-12 further admits that the NCAA Manual sets forth the NCAA rules, subject to the changes in application effected by the Interim NIL Policy,

1   other NCAA guidance and interpretations, and state laws.  Except as expressly admitted, the Pac-

2   12 denies the allegations of Paragraph 102.

3      103. The Pac-12 admits that the NCAA can enforce compliance with its Bylaws and

4   may impose various penalties for noncompliance in some instances as set forth in its Bylaws.

5   Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 103.

6      104. The Pac-12 admits that the NCAA Manual sets forth NCAA rules, subject to the

7   changes in application effected by the Interim NIL Policy, other NCAA guidance and

8   interpretations, and state laws.  The Pac-12 lacks knowledge, information, or belief sufficient to

9   admit or deny the allegations included in Paragraph 104 concerning what sponsors could or may

10  do.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 104.

11     105. Paragraph 105 contains legal argument and, as such, no response is required.  To

12  the extent a response is required, the Pac-12 denies the allegations of Paragraph 105.

13     106. Paragraph 106 contains legal argument and, as such, no response is required.  To

14  the extent a response is required, the Pac-12 denies the allegations of Paragraph 106.

15     107. The Pac-12 admits that the NCAA Manual sets forth current NCAA rules, subject

16  to the changes in application effected by the Interim NIL Policy, other NCAA guidance and

17  interpretations, and state laws.  Further, Paragraph 107 calls for legal conclusions to which no

18  response is required.  Except as expressly admitted, the Pac-12 denies the allegations of

19  Paragraph 107.

20     108. The Pac-12 admits that NCAA rules include limitations on compensating student-

21  athletes, including for the use or alleged use of their names, images, and likenesses, and rules

22  governing student-athlete eligibility and certain conduct, subject to the changes in application

23  effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws.

24  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations

25  included in Paragraph 108 concerning what choices student-athletes might make.  Further,

26  Paragraph 108 calls for legal conclusions to which no response is required.  Except as expressly

27  admitted, the Pac-12 denies the allegations of Paragraph 108.

28

ANSWER OF DEFENDANT
PAC-12 CONFERENCE

18

4:20-CV-03919 CW

1    109.   The Pac-12 admits on information and belief that schools in NCAA Divisions II

2    and III offer fewer scholarships than those in Division I, and on information and belief that

3    collective bargaining agreements between the NFL and the NBA and their respective players'

4    unions include restrictions on which individuals are eligible to play in those leagues and the

5    timing of when they are eligible.  The Pac-12 lacks knowledge, information, or belief sufficient to

6    admit or deny the allegations included in Paragraph 109 concerning NAIA, NCCAA, and

7    USCAA schools, and the allegations concerning whether recruits "rarely forego" opportunities to

8    play Division I sports in order to play professionally.  Further, Paragraph 109 calls for legal

9    conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies

10   the allegations of Paragraph 109.

11   110.   The Pac-12 admits that the NCAA issued an Interim NIL Policy (along with

12   accompanying materials) effective July 1, 2021 (the date that certain state laws and executive

13   orders addressing NIL were effective or soon to be effective), with the result that certain activities

14   relating to name, image, and likeness would not be impacted by the application of certain NCAA

15   Bylaws.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 110.

16   111.   The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

17   allegations included in paragraph 111 concerning whether or not any NCAA member institutions

18   have paid NIL compensation to student-athletes.  Paragraph 111 calls for legal conclusions to

19   which no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of

20   Paragraph 111.

21   112.   The Pac-12 admits on information and belief that unverified media sources report

22   that certain student-athletes in some sports have been offered or accepted compensation for the

23   alleged use of their names, images, and likenesses following the passage of state NIL laws and

24   issuance of the Interim NIL Policy.  The Pac-12 lacks knowledge, information, or belief sufficient

25   to admit or deny the allegations included in Paragraph 112 concerning whether or not any NCAA

26   member institutions have paid NIL compensation to student-athletes.  The Pac-12 further lacks

27   knowledge, information, or belief sufficient to admit or deny the allegations in Paragraph 112

28   concerning Plaintiffs' awareness, or lack thereof, of NCAA member institutions' or conferences'

NIL policies.  Further, Paragraph 112 calls for legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 112.

113.    The Pac-12 admits on information and belief that some recently enacted state statutes, some of which became effective July 1, 2021, require that institutions offer certain educational resources and services to student-athletes relating to name, image, and likeness, and that some NCAA member institutions have begun to offer such educational resources and services.  Upon information and belief, the Pac-12 admits that Stanford and UC Berkeley have programs related to student-athlete NIL.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations included in Paragraph 113 regarding NIL initiative partnering and the specific NIL initiatives of Michigan State, the University of Michigan, and Ohio State.  Further, Paragraph 113 calls for legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 113.

114.    The Pac-12 admits on information and belief that unverified media sources report that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations included in Paragraph 114, including those concerning Olivia Dunne and the alleged value of NIL rights.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 114.

115.    The Pac-12 admits on information and belief that unverified media sources report that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 115.

116.    Paragraph 116 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 116.

117.    Paragraph 116 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 117.

118.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 118 concerning the policies that various educational institutions may have relating to students other than student-athletes, and concerning alleged comments of Brian Freeman, CEO of HeartBeat.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 118.

119.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 119 concerning the practices of various educational institutions relating to students other than student-athletes, and concerning a YouTube channel at Colorado State University.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 119.

120.    The Pac-12 admits that NCAA rules include limitations on compensating student-athletes, including for the alleged use of their names, images, and likenesses.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 120 concerning Breana Dodd.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 120.

121.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 121 concerning alleged comments of Mark Emmert.  Further, Paragraph 121 contains legal argument and, as such, no response is required.  Except as expressly admitted, the Pac-12 denies the remaining allegations of Paragraph 121.

122.    Paragraph 122 contains legal argument and, as such, no response is required.  To the extent a response is required, the Pac-12 denies the allegations of Paragraph 122.

123.    Upon information and belief, the Pac-12 admits that former NCAA Executive Director Walter Byers wrote a book titled Unsportsmanlike Conduct:  Exploiting College Athletes, published in 1995.  Except as expressly admitted, the Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 123.

124.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 124 concerning any alleged website content and regarding reported statements made about or by the NCAA.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 124.

125.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 125.

126.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 126.

127.     The Pac-12 admits that Article I of the NCAA Constitution contains substantially the language excerpted in the last sentence of Paragraph 127.

128.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 128.

129.     The Pac-12 admits that the NCAA is a voluntary, unincorporated, non-profit educational association of more than 1,200 member colleges, universities and athletic conferences, and otherwise lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 129.

130.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 130.

131.     The Pac-12 admits that the NCAA Manual contains the provisions excerpted from NCAA Bylaw 3.02.3 in Paragraph 131.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 131.

132.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 132.

133.     The Pac-12 admits that the NCAA legislative system involves boards, councils, and numerous committees, groups, and structures.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 133 concerning reported comments made by the NCAA.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 133.

134.    The Pac-12 admits that the NCAA and its members have adopted a Constitution and Bylaws as set forth in the NCAA Manual which is published annually and updated periodically.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 134.

135.    The Pac-12 admits that the method of adoption of NCAA rules and amendments thereto is set forth in the NCAA Manual.  The Pac-12 further admits that the NCAA Manual contains the excerpts from NCAA Bylaw 5.2.2 in Paragraph 135.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 135.

136.    The Pac-12 admits that the NCAA Manual sets forth the NCAA rules, subject to the changes in application effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws.  The Pac-12 further admits that the NCAA Manual contains the provisions excerpted from Article 1.3.2 and Article 2.8.1 in Paragraph 136.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 136.

137.    The Pac-12 admits that the NCAA Manual sets forth the NCAA rules, subject to the changes in application effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws.  The Pac-12 further admits that the NCAA Manual contains the provisions quoted in part from Article 3.1 and Article 3.2.1.2 in Paragraph 137.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 137.

138.    The Pac-12 admits that the NCAA Manual sets forth the NCAA rules, subject to the changes in application effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws.  The Pac-12 further admits that the NCAA Manual contains the provisions excerpted from Article 3.2.4 and Article 3.2.4.4 in Paragraph 138.  The Pac-12 specifically denies that it has engaged in price-fixing activity.  Further, Paragraph 138 calls for legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 138.

139.    The Pac-12 admits that the NCAA Manual contains the provisions excerpted from Article 3.2.4.11 in Paragraph 139.  The Pac-12 specifically denies that it has engaged in price-fixing activity or a collective boycott.  Further, Paragraph 139 calls for legal conclusions to which

1   no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of

2   Paragraph 139.

3        140.    The Pac-12 admits that the NCAA Manual contains the provisions excerpted from

4   Articles 2.8.3, 3.2.5.1, 3.01.4, and 3.2.5.1.1 in Paragraph 140.  Except as expressly admitted, the

5   Pac-12 denies the allegations of Paragraph 140.

6        141.    The Pac-12 admits that member conferences assist with compliance with NCAA

7   rules.  The Pac-12 further admits that the 2018-19 Pac-12 Handbook contains substantially the

8   language quoted in paragraph 141.  Except as expressly admitted, the Pac-12 denies the

9   allegations of Paragraph 141.

10       142.    The Pac-12 admits that the NCAA Manual sets forth the NCAA rules, subject to

11  the changes in application effected by the Interim NIL Policy, other NCAA guidance and

12  interpretations, and state laws.  The Pac-12 further admits that the NCAA Manual contains the

13  provisions excerpted from Bylaw 14.01.3 in Paragraph 142.  Except as expressly admitted, the

14  Pac-12 denies the allegations of Paragraph 142.

15       143.    The Pac-12 denies the allegations of Paragraph 143.

16       144.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

17  allegations included in Paragraph 144 concerning alleged comments of Mark Lewis.  The Pac-12

18  denies the remaining allegations of Paragraph 144.

19       145.    The Pac-12 admits that a small number of NCAA Division I athletic departments

20  generate positive net revenues after (as is appropriate) the expenses incurred by the institutions

21  are offset against revenue generated by institutions and distributed to the institutions by the

22  NCAA and conferences.  The Pac-12 lacks knowledge, information, or belief sufficient to admit

23  or deny the allegations included in Paragraph 145 concerning alleged revenues of the NCAA,

24  conferences, and individual athletic programs.  Except as expressly admitted, the Pac-12 denies

25  the allegations of Paragraph 145.

26       146.    The Pac-12 denies the allegations of Paragraph 146.

27       147.    The Pac-12 admits that it is party to a broadcast licensing agreement.  The Pac-12

28  further admits upon information and belief that the NCAA and other conferences are parties to

ANSWER OF DEFENDANT
PAC-12 CONFERENCE                              24                        4:20-CV-03919 CW

1   broadcast licensing agreements.  The Pac-12 further admits that in 2016 the NCAA announced a

2   new eight-year agreement with CBS and Turner Sports for the rights to broadcast the NCAA

3   Division I basketball tournament on television and that the license fee has been publicly reported

4   to be approximately $8.8 billion over the eight-year term of the agreement.  The Pac-12 lacks

5   knowledge, information, or belief sufficient to admit or deny the allegations included in

6   Paragraph 147 concerning alleged terms of broadcast licensing agreements of other entities.

7   Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 147.

8            148.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

9   allegations included in Paragraph 148 concerning alleged advertising revenue at various events

10  and unnamed reports of advertising spending.  Paragraph 148 calls for legal conclusions to which

11  no response is required.  Except as previously admitted, the Pac-12 denies the remaining

12  allegations of Paragraph 148.

13           149.    The Pac-12 admits that it is party to certain sponsorship agreements.  The Pac-12

14  further admits on information and belief that the NCAA, other conferences, and NCAA member

15  institutions are parties to certain sponsorship agreements. Except as expressly admitted, the Pac-

16  12 denies the allegations of Paragraph 149.

17           150.    The Pac-12 admits that Senator Murphy published a report with certain statements

18  as set forth therein.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or

19  deny the allegations included in Paragraph 150 concerning alleged NCAA contractual

20  agreements.  The Pac-12 denies the remaining allegations of Paragraph 150.

21           151.    The Pac-12 admits on information and belief that some NCAA member

22  institutions have contracts with apparel companies.  The Pac-12 lacks knowledge, information, or

23  belief sufficient to admit or deny the allegations included in Paragraph 151 concerning specific

24  alleged agreements.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph

25  151.

26           152.    Upon information and belief, the Pac-12 admits that UCLA had an apparel

27  sponsorship deal with Under Armour.  The Pac-12 lacks knowledge, information, or belief

28

sufficient to admit or deny the remaining allegations included in Paragraph 152 concerning alleged apparel agreements. The Pac-12 denies the remaining allegations of Paragraph 152.

153. The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 153 concerning alleged apparel agreements. The Pac-12 denies the remaining allegations of Paragraph 153.

154. The Pac-12 admits on information and belief that apparel companies, through involvement in AAU basketball, might influence the selection of colleges by some high school students. The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 154 concerning the AAU and alleged apparel agreements. Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 154.

155. The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 155 concerning the percentage of prospects who attend a college or remain affiliated with merchandise brands in the NBA. The Pac-12 denies the remaining allegations of Paragraph 155.

156. The Pac-12 admits that former Oregon women's basketball player Sabrina Ionescu was the number one pick in the 2020 WNBA draft, had been the NCAA women's basketball national player of the year, and had been a teammate of Plaintiff Sedona Price. Upon information and belief, the Pac-12 admits that Ms. Ionescu signed an endorsement deal with Nike and that Nike co-founder Phil Knight has donated money to the University of Oregon athletics program. The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations included in Paragraph 156 concerning alleged actions and comments of Sabrina Ionescu. The Pac-12 denies the remaining allegations of Paragraph 156.

157. The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 157 concerning alleged apparel agreements and alleged comments of Rick Pitino. Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 157.

158. The Pac-12 admits that in 2017 the FBI announced the results of an investigation into certain identified issues and persons relating to college basketball, that complaints were filed,

1    and that certain persons were indicted.  Except as expressly admitted, the Pac-12 denies the

2    allegations of Paragraph 158.

3         159.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

4    allegations included in Paragraph 159 concerning alleged comments of Sonny Vaccaro.  The Pac-

5    12 denies the remaining allegations of Paragraph 159.

6         160.    The Pac-12 admits on information and belief that the NCAA, other conferences,

7    and NCAA member institutions are parties to certain social media agreements.  The Pac-12 lacks

8    knowledge, information, or belief sufficient to admit or deny the remaining allegations of

9    Paragraph 160.

10        161.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

11   allegations included in Paragraph 161 concerning the University of Southern California and

12   alleged comments of unidentified persons at Fox Sports.  The Pac-12 denies the remaining

13   allegations of Paragraph 161.

14        162.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

15   allegations included in Paragraph 162 concerning alleged social media agreements.  The Pac-12

16   denies the remaining allegations of Paragraph 162.

17        163.    The Pac-12 admits on information and belief that the NCAA, other conferences,

18   and NCAA member institutions are parties to certain sponsorship agreements.  The Pac-12 denies

19   the allegations in Paragraph 163 concerning its alleged revenues from corporate sponsorship,

20   advertising, and licensing.  The Pac-12 lacks knowledge, information, or belief sufficient to admit

21   or deny the remaining allegations of Paragraph 163.

22        164.    The Pac-12 admits on information and belief that Division I members invest funds

23   for a variety of purposes, including but not limited to coaching contracts (which in many

24   instances provide superior coaching for the benefit of student-athletes) and playing, training, and

25   other facilities, which are beneficial and desirable to student-athletes.  Except as expressly

26   admitted, the Pac-12 denies the allegations of Paragraph 164.

27        165.    The Pac-12 admits that institutions for various purposes invest in facilities,

28   including but not limited to playing, training, and other facilities, which are beneficial and

desirable to student-athletes.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 165 concerning facilities completed by the University of South Carolina and Clemson University.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 165.

166.    The Pac-12 admits that NCAA member institutions pay salaries and provide benefits to their administrators and coaches.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 166 concerning the alleged salary information of coaches and administrators.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 166.

167.    The Pac-12 admits that NCAA member institutions pay salaries and provide benefits to their administrators and coaches.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 167 concerning alleged salary, benefit, and endorsement information of the identified individuals.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 167.

168.    The Pac-12 admits on information and belief that some coaches enter commercial agreements with various entities.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 168.

169.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 169.

170.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 170.

171.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 171.

172.    The Pac-12 admits that NCAA rules include limitations on compensating student-athletes, and that coaches are not subject to any student-athlete compensation limits.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 172 concerning Dabo Swinney.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 172.

173.     The Pac-12 admits that NCAA rules include limitations on compensating student-athletes, and that coaches are not subject to the student-athlete compensation rules.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 173 concerning offers allegedly made to student-athletes.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 173.

174.     The Pac-12 admits that NCAA rules include limitations on compensating student-athletes.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 174 concerning alleged reporting of ESPN and alleged comments of Kevin Lennon.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 174.

175.     The Pac-12 denies the allegations of Paragraph 175.

176.     The Pac-12 admits on information and belief that EA Sports produced video games utilizing collegiate marks under licensing agreement with the NCAA and various schools and conferences until 2014.  The Pac-12 further admits that the parties filed pleadings and the court issued rulings in the *Keller* case.  Further, Paragraph 176 calls for legal conclusions to which no response is required.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 176.

177.     The Pac-12 admits that in 2021, EA announced its intention to revive its college sports games.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 177.

178.     Paragraph 178 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 178.

179.     Paragraph 179 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 179.

180.     The Pac-12 admits that the United States Supreme Court issued its opinion in *NCAA v. Board of Regents* in 1984.  The Pac-12 further admits that a small number of NCAA Division I athletic departments generate positive net revenues, and that there is consumer demand

1    for collegiate sports.  Further, Paragraph 180 calls for legal conclusions to which no response is

2    required.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 180.

3         181.    The Pac-12 admits that the United States Court of Appeals for the Tenth Circuit

4    decided *Law v. NCAA*.  The Pac-12 further admits that there is consumer demand for collegiate

5    sports.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

6    allegations included in Paragraph 181 concerning alleged salaries of assistant coaches.  Further,

7    Paragraph 181 calls for legal conclusions to which no response is required.  Except as expressly

8    admitted, the Pac-12 denies the allegations of Paragraph 181.

9         182.    The Pac-12 denies Plaintiffs' characterizations of the filings in *White v. NCAA*.

10   The Pac-12 admits that there is consumer demand for collegiate sports and that COA grants-in-

11   aid have been permitted and granted since 2015.  Except as expressly admitted, the Pac-12 denies

12   the allegations of Paragraph 182.

13        183.    The Pac-12 admits that the District Court and the United States Court of Appeals

14   for the Ninth Circuit in *O'Bannon v. NCAA* and *In re NCAA Athletic Grant-in-Aid Antitrust*

15   *Litigation* issued opinions.  The Pac-12 denies Plaintiffs' characterizations of those opinions. The

16   Pac-12 further admits that there is consumer demand for collegiate sports and that COA grants-in-

17   aid have been permitted and granted since 2015.  Except as expressly admitted, the Pac-12 denies

18   the allegations of Paragraph 183.

19        184.    The Pac-12 admits that the United States Court of Appeals for the Ninth Circuit

20   issued an opinion in *In re NCAA Athletic Grant-in-Aid Antitrust Litigation* on May 18, 2020.

21   Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 184.

22        185.    The Pac-12 admits that the opinion issued by the United States Court of Appeals

23   for the Ninth Circuit in *In re NCAA Athletic Grant-in-Aid Antitrust Litigation* contains

24   substantially the language excerpted in paragraph 185.  Except as expressly admitted, the Pac-12

25   denies the allegations of Paragraph 185.

26        186.    The Pac-12 admits that the majority opinion and concurring opinion in *NCAA v.*

27   *Alston*, 141 S. Ct. 2141 (2021), were issued on June 21, 2021, and contain substantially the

28

ANSWER OF DEFENDANT                          30                    4:20-CV-03919 CW
PAC-12 CONFERENCE

language excerpted in Paragraph 186.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 186.

187.    The Pac-12 admits that on June 24, 2021 this Court issued its ruling on Defendants' motion to dismiss Plaintiffs' initial complaint in this action.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 187.

188.    The Pac-12 admits on information and belief that several state laws and executive orders relating to student-athlete NIL went into effect on or about July 1, 2021.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 188.

189.    The Pac-12 admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA Bylaws.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 189.

190.    The Pac-12 admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA Bylaws.  The Pac-12 further admits on information and belief that there have been unverified media reports that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 190 concerning the alleged comments of Mark Emmert, Mike Bobinski, Bob Bowlsby, and unidentified representatives of Defendants.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 190.

191.    Paragraph 191 contains legal argument and, as such, no response is required.  To the extent a response is required, the Pac-12 denies the allegations of Paragraph 191.

192.     Paragraph 192 contains legal argument and, as such, no response is required.  To the extent a response is required, the Pac-12 denies the allegations of Paragraph 192.

193.     The Pac-12 admits that Defendants' procompetitive benefits in past litigation have included, among other things, consumer demand for the collegiate sports model.  Paragraph 193 calls for legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 193.

194.     The Pac-12 admits that the opinion of the United States Court of Appeals for the Ninth Circuit in the *NCAA GIA* case contains the language excerpted in Paragraph 194. Paragraph 194 calls for legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 194.

195.     The Pac-12 admits that the opinion issued by the United States District Court for the Northern District of California in *In re NCAA Athletic Grant-in-Aid Antitrust Litigation* contains the language excerpted in Paragraph 195.  Paragraph 195 calls for legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 195.

196.     The Pac-12 denies the allegations of Paragraph 196.

197.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 197 concerning alleged unattributed surveys.  The Pac-12 specifically denies that it has engaged in any unlawful or anticompetitive conduct and denies the remaining allegations of Paragraph 197.

198.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 198.

199.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 199.

200.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 200 concerning alleged polling and what such polls might indicate.  The Pac-12 denies the remaining allegations of Paragraph 200.

201.    The Pac-12 admits that the opinion issued by the United States Court of Appeals for the Ninth Circuit in the *NCAA GIA* litigation contains the language excerpted in Paragraph 201.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 201.

202.    The Pac-12 admits that the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020 that contains the language excerpted in Paragraph 202.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 202.

203.    The Pac-12 admits that NCAA rules include limitations on compensating student-athletes, and that there are provisions in the rules allowing for limited, non-monetary athletic participation mementos and awards, pre-matriculation tennis awards, and awards presented by Olympic governing bodies to the relatively few student-athletes who compete in the Olympics. The Pac-12 further admits upon information and belief that some Division I members have used Student Assistance Funds to purchase loss-of-value insurance policies to enable student-athletes to remain in college and compete in collegiate athletics.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 203.

204.    The Pac-12 admits that the opinion issued by the United States Court of Appeals for the Ninth Circuit in the *NCAA GIA* litigation contains the language excerpted in Paragraph 204.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 204.

205.    The Pac-12 admits that the NCAA has expanded some benefits available to student-athletes within its conception, and consistent with its principles, of amateurism.  The Pac-12 further admits that the NCAA began allowing full COA athletic grants-in-aid in 2015, which naturally increased the number of student-athletes who might receive above-COA total assistance. The Pac-12 further admits that there is consumer demand for collegiate sports and that a small number of NCAA Division I athletic departments generate positive net revenues.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 205.

206.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 206 concerning alleged amounts received by certain individuals, including Kyler Murray.  The Pac-12 admits that there is consumer demand for

1
2
collegiate sports.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph
206.

3
4
5
6
7
8
9
207.    The Pac-12 admits that Plaintiffs do not purport to challenge NCAA rules
requiring student-athletes to be enrolled in their institutions and to meet academic eligibility
standards.  The Pac-12 admits that some recently enacted state statutes, some of which became
effective July 1, 2021, require that institutions offer certain educational resources and services to
student-athletes relating to name, image, and likeness, and that some NCAA member institutions
have begun to offer such educational resources and services.  The Pac-12 lacks knowledge,
information, or belief sufficient to admit or deny the remaining allegations of Paragraph 207.

10
11
12
208.    The Pac-12 admits that there is a trial record and that the District Court and the
United States Court of Appeals for the Ninth Circuit in the *NCAA GIA* litigation issued opinions.
Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 208.

13
14
15
16
17
18
209.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the
allegations included in Paragraph 209 concerning alleged comments by unidentified critics.  The
Pac-12 admits that in 2017 the FBI announced the results of an investigation into certain
identified issues and persons relating to college basketball, that the FBI filed complaints, and that
certain persons were indicted.  Except as expressly admitted, the Pac-12 denies the allegations of
Paragraph 209.

19
20
21
22
23
24
25
26
27
28
210.    The Pac-12 admits that the NCAA issued an Interim NIL Policy (along with
accompanying materials) effective July 1, 2021 (the date that certain state laws and executive
orders addressing NIL were effective or soon to be effective), with the result that certain activities
relating to name, image, and likeness would not be impacted by the application of certain NCAA
Bylaws.  The Pac-12 further admits on information and belief that there have been unverified
media reports that certain student-athletes at some schools and in some sports have been offered
or accepted compensation for the alleged use of their names, images, and likenesses following the
passage of state NIL laws and issuance of the Interim NIL Policy.  The Pac-12 lacks knowledge,
information, or belief sufficient to admit or deny the allegations included in Paragraph 210
concerning alleged evidence of the interests of consumers and sponsors.  Paragraph 210 calls for

legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12

denies the allegations of Paragraph 210.

211.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

allegations included in Paragraph 211 concerning alleged comments of Mark Emmert.  The Pac-

12 admits that the NCAA issued an Interim NIL Policy (along with accompanying materials)

effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were

effective or soon to be effective), with the result that certain activities relating to name, image,

and likeness would not be impacted by the application of certain NCAA Bylaws.  The Pac-12

admits that the opinion issued by the United States Court of Appeals for the Ninth Circuit in

*O'Bannon v. NCAA* contains the language quoted in Paragraph 211.  The Pac-12 denies that the

alleged less restrictive alternatives proffered in Paragraph 211 would be appropriate or legally

justified.  Further, Paragraph 211 calls for legal conclusions to which no response is required.

Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 211.

212.    Paragraph 212 does not contain allegations of fact and therefore no response is

required.  To the extent a response is required, the Pac-12 denies the allegations of Paragraph 212.

213.    The Pac-12 admits that integration of student-athletes with their academic

communities is a procompetitive justification for various rules that have been challenged in

litigation.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

allegations included in Paragraph 213 concerning alleged comments by unidentified NCAA

personnel.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 213.

214.    Paragraph 214 contains legal argument and, as such, no response is required.  To

the extent a response is required, the Pac-12 denies the allegations of Paragraph 214.

215.    The Pac-12 admits that the opinion issued by the United States Court of Appeals

for the Ninth Circuit in *O'Bannon v. NCAA* contains the language quoted in Paragraph 215.

Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 215.

216.    The Pac-12 admits on information and belief that students at college campuses

have varying access to income and wealth.  The Pac-12 lacks knowledge, information, or belief

sufficient to admit or deny the allegations included in Paragraph 216 concerning the alleged

impact on wealthier students.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 216.

217.     The Pac-12 admits on information and belief that some college students in America are employed and compensated.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 217.

218.     The Pac-12 admits that the District Court and the United States Court of Appeals for the Ninth Circuit in the *NCAA GIA* litigation issued opinions.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 218.

219.      The Pac-12 admits that NCAA rules include limitations on compensating student-athletes for the alleged use of their names, images, and likenesses.  The Pac-12 further admits that the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020 that contains the language excerpted in Paragraph 219.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 219 concerning the policies that various educational institutions may have relating to students other than student-athletes.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 219.

220.     The Pac-12 admits that Plaintiffs do not purport to challenge NCAA rules requiring student-athletes to be enrolled in their institutions and to meet academic eligibility standards.  The Pac-12 further admits that some recently enacted state statutes, some of which became effective July 1, 2021, require that institutions offer certain educational resources and services to student-athletes relating to name, image, and likeness, and that some NCAA member institutions have begun to offer such educational resources and services.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 220.

221.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 221.

222.     Paragraph 222 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 222.

1    223.    The Pac-12 denies the allegations of Paragraph 223.

2    224.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

3    allegations included in Paragraph 224 concerning the alleged comments of John Shoop.  Except

4    as expressly admitted, the Pac-12 denies the allegations of Paragraph 224.

5    225.    The Pac-12 admits that NCAA rules include limitations on compensating student-

6    athletes for the alleged use of their names, images, and likenesses, which have recently been

7    altered in application by state laws and the Interim NIL Policy.  Except as expressly admitted, the

8    Pac-12 denies the allegations of Paragraph 225.

9    226.    The Pac-12 denies the allegations of Paragraph 226.

10    227.    The Pac-12 denies the allegations of Paragraph 227.

11    228.    The Pac-12 admits that Hayley Hodson played volleyball for Stanford University.

12    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of

13    Paragraph 228.

14    229.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

15    allegations of Paragraph 229.

16    230.    The Pac-12 admits on information and belief that the NCAA's largest source of

17    revenue is derived from media rights and attendance related to the NCAA Division I men's

18    basketball tournament, and that the NCAA distributes a large portion of those funds to member

19    conferences.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 230.

20    231.    The Pac-12 admits that the NCAA makes payments to conferences, who provide

21    payments to member institutions which fund both men's and women's sports.  The Pac-12 denies

22    the allegations included in Paragraph 231 characterizing the alleged financial value associated

23    with or derived from women's basketball, television viewership.  The Pac-12 denies that the

24    NCAA makes any payments to either men's teams or women's teams.  Except as expressly

25    admitted, the Pac-12 denies the allegations of Paragraph 231.

26    232.    The Pac-12 admits on information and belief that there have been unverified media

27    reports that some administrators, legislators, and members of the public support various concepts

28

of student-athletes having the opportunity to seek compensation for the use of NIL.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 232.

233.    The Pac-12 admits that California has passed the Fair Pay to Play Act ("SB 206"), and that other states have passed and/or introduced legislation relating to NIL.  Upon information and belief, the Pac-12 admits that SB 206 has an effective date of September 1, 2021.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 233 concerning efforts to change the effective date of SB 206.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 233.

234.    The Pac-12 admits that SB 206 permits certain NIL compensation or benefits as provided in the statute.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 234 concerning the future effects of SB 206.  If and to the extent that Paragraph 234 misstates the effect of or provisions of SB 206, the Pac-12 denies the allegations of Paragraph 234.

235.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 235.

236.    The Pac-12 admits that numerous states have considered or passed legislation, or issued executive orders, relating to student-athletes and NIL.  The various state laws establish various permissions and prohibitions, and will have to be interpreted by courts of the various states to the extent that such laws can be subject to various interpretations or are unclear or vague.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 236.

237.    The Pac-12 admits on information and belief that the NCAA opposed certain aspects of SB 206 and communicated certain concerns to Governor Newsom regarding certain aspects.   The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 237.

238.    The Pac-12 denies the allegations of Paragraph 238.

239.    The Pac-12 admits that unverified media sources report that the NCAA and some NCAA members have made public comments regarding possible revision of NCAA NIL rules

and considerations relating to any such revisions.  The Pac-12 further admits that the NCAA and its working groups have studied, issued statements regarding, and drafted proposed rules for consideration related to NIL in 2019 and 2020.  The Pac-12 admits that the United States Supreme Court issued an opinion in *Alston* and that this Court issued a ruling on Defendants' motion to dismiss Plaintiffs' initial complaint in this action.  The Pac-12 further admits that the NCAA issued an Interim NIL Policy (along with accompanying materials) effective July 1, 2021 (the date that certain state laws and executive orders addressing NIL were effective or soon to be effective), with the result that certain activities relating to name, image, and likeness would not be impacted by the application of certain NCAA Bylaws.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 239.

240.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 240.

241.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 241.

242.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 242.

243.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 243 concerning the alleged comments of Warde Manuel.  The Pac-12 denies the remaining allegations of Paragraph 243.

244.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 244 concerning the alleged comments of Jack Swarbrick.  The Pac-12 denies the remaining allegations of Paragraph 244.

245.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 245 concerning the alleged comments of Kyle Kallander.  The Pac-12 denies the remaining allegations of Paragraph 245.

246.    The Pac-12 admits that unverified media sources report that the NCAA and some NCAA members have made public comments regarding possible revision of NCAA NIL rules and considerations relating to any such revisions.  The Pac-12 lacks knowledge, information, or

belief sufficient to admit or deny the allegations included in Paragraph 246 concerning the alleged comments of Scott Frost and Garrett Klassy.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 246.

247.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 247 concerning the alleged comments of Jim Harbaugh and alleged revenues of the University of Michigan.  The Pac-12 denies the remaining allegations of Paragraph 247.

248.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 248 concerning the alleged comments of Chris Holtmann.  The Pac-12 denies the remaining allegations of Paragraph 248.

249.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 249.

250.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 250.

251.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 251.

252.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 252 concerning the alleged comments of Kristin Williams.  The Pac-12 denies the remaining allegations of Paragraph 252.

253.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 253 concerning the alleged comments of Kyle Kallander.  The Pac-12 denies the remaining allegations of Paragraph 253.

254.    The Pac-12 admits that the NCAA issued an announcement in October 2019 that contains the language quoted in Paragraph 254.   Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 254.

255.    The Pac-12 admits that the NCAA issued a Report of the NCAA Board of Governors on October 29, 2019 that contains the language quoted in Paragraph 255.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 255.

256.     The Pac-12 admits that the NCAA issued a Report of the NCAA Board of Governors on October 29, 2019 that contains the language quoted in Paragraph 256.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 256.

257.     The Pac-12 admits that the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020 that contains substantially the language excerpted in Paragraph 257.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 257.

258.     The Pac-12 admits that the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020 that contains the language excerpted in the last sentence of Paragraph 258.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 258.

259.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 259 concerning the alleged comments of the NCAA.  The Pac-12 denies the remaining allegations of Paragraph 259.

260.     The Pac-12 admits that the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020 that contains substantially the language excerpted in Paragraph 260.  The Pac-12 further admits that the NCAA sought proposals from the three divisions.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 260.

261.     The Pac-12 admits that the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020 that contains the language excerpted in Paragraph 261.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 261.

262.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 262 concerning the alleged comments of the Associated Press and alleged expenditures of other entities.

263.     The Pac-12 admits that the conferences that are parties to this action sent a letter to congressional leaders on May 23, 2020 regarding potential federal NIL legislation.  Further,

Paragraph 262 calls for legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 263.

264.    The Pac-12 admits that the NCAA and its working groups have studied, issued statements regarding, and drafted proposed rules for consideration related to NIL in 2019 and 2020.  The Pac-12 further admits that in or about January 2021 the United States Department of Justice sent the NCAA a letter.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 264.

265.    The Pac-12 admits that unverified media sources report that the NCAA and some NCAA members have made public comments regarding possible revision of NCAA NIL rules and considerations relating to any such revisions.  The Pac-12 further admits on information and belief that Rebecca Blank testified before the Senate Committee on Health, Education, Labor & Pensions in 2020 and at the *Alston* trial.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 265.

266.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 266 concerning the alleged comments of Allen Greene.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 266.

267.    The Pac-12 admits that Mark Emmert testified before the Senate Commerce Committee in June 2021.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 267.

268.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 268.

269.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 269 concerning an alleged Knight Commission report.  The Pac-12 denies the remaining allegations of Paragraph 269.

270.    The Pac-12 admits on information and belief that the Knight Commission has issued statements concerning student-athlete NIL.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 270 concerning the alleged

comments of the Knight Commission.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 270.

271.    The Pac-12 admits that the NCAA has a process for processing waiver applications from student-athletes relating to the use of their NIL.  The Pac-12 further admits that the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020 that contains the language excerpted in the last sentence of Paragraph 271.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 271 concerning the number of waiver applications submitted and approved and concerning the alleged comments of Bernadette McGlade.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 271.

272.    The Pac-12 admits that the NCAA Board of Governors Federal and State Legislation Working Group issued a Final Report and Recommendations on April 17, 2020.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 272 concerning the characterizations of the content and waivers allegedly granted.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 272.

273.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 273 concerning Arike Ogunbowale.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 273.

274.    The Pac-12 denies the allegations of Paragraph 274.

275.    The Pac-12 admits that NCAA rules include limitations on compensating student-athletes for the alleged use of their names, images, and likenesses.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 275.

276.    The Pac-12 admits that on or around October 9, 2019, Katelyn Ohashi had a video op-ed featured in the New York Times.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 276.

277.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 277.

278.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 278.

279.     The Pac-12 admits that Katie Ledecky swam for Stanford University after competition in the 2016 Olympic Games, admits that Simone Manuel also swam for Stanford University, and admits upon information and belief that Manuel won 14 NCAA championships during her collegiate career at Stanford.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the remaining allegations of Paragraph 279.

280.     The Pac-12 admits that former Oregon women's basketball player Sabrina Ionescu had been a teammate of Plaintiff Sedona Price.  Upon information and belief, the Pac-12 admits that Ms. Ionescu signed an endorsement deal with Nike.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 280.

281.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 281.

282.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 282 concerning an alleged Axios.com report on Opendorse.  The Pac-12 denies the remaining allegations of Paragraph 282.

283.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 283 concerning an alleged fivethirtyeight.com report on Opendorse.  The Pac-12 denies the remaining allegations of Paragraph 283.

284.     The Pac-12 admits that unverified media sources report that certain student-athletes at some schools and in some sports have been offered or accepted compensation for the alleged use of their names, images, and likenesses following the passage of state NIL laws and issuance of the Interim NIL Policy.  The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 284 concerning the alleged comments of Mark Emmert, the alleged interests of consumers, and the alleged beliefs of companies.  Further, Paragraph 284 calls for legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 284.

285.     Paragraph 285 contains legal argument and, as such, no response is required.  To the extent a response is required, the Pac-12 denies the allegations of Paragraph 285.

286.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 286 concerning the alleged views of unidentified business leaders and senior executives.  The Pac-12 denies the remaining allegations of Paragraph 286.

287.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 287.

288.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 288.

289.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 289.

290.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 290 concerning the alleged comments of Matt Micheli.  The Pac-12 denies the remaining allegations of Paragraph 290.

291.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 291.

292.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 292.

293.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 293.

294.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations included in Paragraph 294 concerning the alleged comments of Blake Lawrence.  The Pac-12 specifically denies that it has engaged in any unlawful conduct and denies the remaining allegations of Paragraph 294.

295.     The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the allegations of Paragraph 295.

1    296.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

2    allegations included in Paragraph 296 concerning the alleged comments of Terry Tumey.  The

3    Pac-12 denies the remaining allegations of Paragraph 296.

4    297.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

5    allegations of Paragraph 297.

6    298.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

7    allegations of Paragraph 298.

8    299.    The Pac-12 lacks knowledge, information, or belief sufficient to admit or deny the

9    allegations of Paragraph 299.

10    300.    The Pac-12 admits that Plaintiffs seek to bring this action on behalf of the putative

11    class identified in Paragraph 300 but denies that such class is properly defined or that this action

12    can be maintained as a class action.  Except as expressly admitted, the Pac-12 denies the

13    allegations of Paragraph 300.

14    301.    The Pac-12 admits that Plaintiffs seek to bring this action on behalf of the putative

15    sub-class identified in Paragraph 301 but denies that such sub-class is properly defined or that this

16    action can be maintained as a class action.  Except as expressly admitted, the Pac-12 denies the

17    allegations of Paragraph 301.

18    302.    The Pac-12 admits that Plaintiffs seek damages from defendants relating to NCAA

19    rules establishing limitations on compensating student-athletes for the alleged use of their names,

20    images, and likenesses.  The Pac-12 denies that Plaintiffs are entitled to damages.  The Pac-12

21    specifically denies that it has engaged in any unlawful conduct.  Further, Paragraph 302 calls for

22    legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12

23    denies the allegations of Paragraph 302.

24    303.    The Pac-12 admits that Plaintiffs seek to bring this action on behalf of the putative

25    sub-class identified in Paragraph 303 but denies that such sub-class is properly defined or that this

26    action can be maintained as a class action.  Except as expressly admitted, the Pac-12 denies the

27    allegations of Paragraph 303.

28

304.    The Pac-12 admits that Plaintiffs seek damages from defendants relating to NCAA rules establishing limitations on compensating student-athletes for the alleged use of their names, images, and likenesses.  The Pac-12 denies that Plaintiffs are entitled to damages.  The Pac-12 specifically denies that it has engaged in any unlawful conduct.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 304.

305.    The Pac-12 admits that Plaintiffs seek to bring this action on behalf of the putative sub-class identified in Paragraph 305 but denies that such sub-class is properly defined or that this action can be maintained as a class action.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 305.

306.    The Pac-12 admits that Plaintiffs seek damages from defendants relating to NCAA rules establishing limitations on compensating student-athletes for the alleged use of their names, images, and likenesses.  The Pac-12 denies that Plaintiffs are entitled to damages.  The Pac-12 specifically denies that it has engaged in any unlawful conduct.  Further, Paragraph 306 calls for legal conclusions to which no response is required.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 306.

307.    The Pac-12 admits that Plaintiffs refer in the Complaint to the putative class and sub-classes identified in Paragraphs in 300, 301, 303, and 305 as "the Classes."  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 307.

308.    The Pac-12 admits that Plaintiffs seek to bring this action on behalf of the putative class identified in Paragraph 308 but denies that such class is properly defined or that this action can be maintained as a class action.  Except as expressly admitted, the Pac-12 denies the allegations of Paragraph 308.

309.    Paragraph 309 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 309.

310.    Paragraph 310 contains legal argument and, as such, no response is required. To the extent a response is required, thePac-12 denies the allegations of Paragraph 310.

311.    Paragraph 311 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 311.

312.    Paragraph 312 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 312.

313.    Paragraph 313 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 313.

314.    Paragraph 314 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 314.

315.    Paragraph 315 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 315.

316.    Paragraph 316 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 316.

317.    Paragraph 317 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 317.

318.    Paragraph 318 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 318.

319.    Paragraph 319 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 319.

320.    Paragraph 320 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 320.

321.    Paragraph 321 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 321.

322.    The Pac-12 reincorporates and realleges by reference its response to the allegations set forth in all preceding paragraphs of the Complaint as if fully set forth herein.

323.    Paragraph 323 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 323.

324.    Paragraph 324 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 324.

325.    Paragraph 325 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 325.

326.   Paragraph 326 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 326.

327.   Paragraph 327 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 327.

328.   Paragraph 328 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 328.

329.   Paragraph 329 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 329.

330.   Paragraph 330 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 330.

331.   Paragraph 331 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 331.

332.   Paragraph 332 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 332.

333.   The Pac-12 reincorporates and realleges by reference its response to the allegations set forth in all preceding paragraphs of the Complaint as if fully set forth herein.

334.   Paragraph 334 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 334.

335.   Paragraph 335 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 335.

336.   Paragraph 336 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 336.

337.   Paragraph 337 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 337.

338.   Paragraph 338 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 338.

339.   Paragraph 339 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 339.

340.     Paragraph 340 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 340.

341.     Paragraph 341 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 341.

342.     Paragraph 342 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 342.

343.     Paragraph 343 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 343.

344.     Paragraph 344 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 344.

345.     The Pac-12 reincorporates and realleges by reference its response to the allegations set forth in all preceding paragraphs of the Complaint as if fully set forth herein.

346.     Paragraph 345 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 346.

347.     Paragraph 346 contains legal argument and, as such, no response is required. To the extent a response is required, the Pac-12 denies the allegations of Paragraph 347.

## **ADDITIONAL DEFENSES**

The Pac-12 reserves the right to assert any and all applicable defenses to the Plaintiffs' claims. The Pac-12 reserves the right to amend this Answer to add, supplement, or modify defenses based upon further developments in this litigation, including new factual developments or legal theories that may be or will be divulged through clarification of the Amended Complaint, through discovery, or through further factual or legal analysis of Plaintiffs' allegations, contentions, and positions in this litigation. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth in this Answer or assuming any burden of proof that it would not otherwise bear, the Pac-12 states as follows:

**FIRST ADDITIONAL DEFENSE**

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, by the doctrine of mootness to the extent that Plaintiffs seek injunctive relief for student-athletes who are no longer participating in NCAA athletics and to the extent that the NCAA bylaws that Plaintiffs seek to enjoin are no longer in effect.

**SECOND ADDITIONAL DEFENSE**

The claims of the Plaintiffs and others claimed to be members of the putative class, classes, or sub-classes are barred because their alleged damages are speculative and conjectural and are not capable of calculation with a reasonable degree of certainty.

**THIRD ADDITIONAL DEFENSE**

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, by stare decisis and also by res judicata to the extent that Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*, 141 S. Ct. 2141 (2021), *O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015), or *Marshall v. ESPN*, 668 Fed. App'x 155 (6th Cir. 2016), or to the extent they are adjudicated in any other litigation brought by members of the Plaintiffs' putative classes against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

**FOURTH ADDITIONAL DEFENSE**

The claims of the Plaintiffs and others claimed to be members of the putative class, classes, or sub-classes are barred, in whole or in part, by collateral estoppel to the extent that the Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*, 141 S. Ct. 2141 (2021), *O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015), or *Marshall v. ESPN*, 668 Fed. App'x 155 (6th Cir. 2016), or to the extent they are adjudicated in any other litigation brought by members of the Plaintiffs' putative classes and sub-classes against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

**FIFTH ADDITIONAL DEFENSE**

The claims of the Plaintiffs and alleged members of the putative class and sub-classes are barred, in whole or in part, by the applicable statute of limitations.

1

**SIXTH ADDITIONAL DEFENSE**

2      The claims of the Plaintiffs and alleged members of the putative class and sub-classes are

3  barred, in whole or in part, because the Complaint fails to state a claim for relief under the

4  doctrine established by the United States Supreme Court's decision in *Texaco Inc. v. Dagher*, 547

5  U.S. 1 (2006).  Specifically, the conduct alleged constitutes decisions made regarding the core

6  activities of a legitimate venture that are not unlawful restraints of trade under the antitrust laws.

7

**SEVENTH ADDITIONAL DEFENSE**

8      The claims of the Plaintiffs and alleged members of the putative class and sub-classes are

9  barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue

10  is required or has been approved by any order, award, directive or similar action of any court,

11  arbitral body, or government agency.

12

**EIGHTH ADDITIONAL DEFENSE**

13      The claims of the Plaintiffs and alleged members of the putative class and sub-classes are

14  barred, in whole or in part, because the actions of defendants do not unreasonably restrain trade,

15  but are lawful, justified, and pro-competitive by preserving the distinction between college and

16  professional sports.

17

**NINTH ADDITIONAL DEFENSE**

18      The claims of the Plaintiffs and alleged members of the putative class and sub-classes are

19  barred, in whole or in part, because the actions of defendants do not unreasonably restrain trade,

20  but are lawful, justified, and pro-competitive given the need for institutional members of the

21  NCAA to prevent pay-for-play and improper recruiting inducements, including by imposing

22  uniform rules of national competition regarding financial incentives for student-athletes to attend

23  particular schools.

24

**TENTH ADDITIONAL DEFENSE**

25      The claims of the Plaintiffs and alleged members of the putative class and sub-classes are

26  barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue

27  is required to comply with state or federal laws or regulations and to the extent that the relief

28  demanded by Plaintiffs is inconsistent with or prohibited by applicable state or federal laws or

1   regulations.

2   **ELEVENTH ADDITIONAL DEFENSE**

3         The claims of the Plaintiffs and alleged members of the putative class and sub-classes are

4   barred, in whole or in part, to the extent that they were not injured by, or have been enriched by,

5   the rules being challenged here, which preserve institutions' ability to offer a broad set of

6   athletics offerings and, thus, opportunities to student-athletes.

7   **TWELFTH ADDITIONAL DEFENSE**

8         The claims of the Plaintiffs and alleged members of the putative class and sub-classes are

9   barred, in whole or in part, and the actions of defendants are justified by the provisions of the

10  United States Constitution that guarantee free speech and the right to petition the government for

11  redress of grievances, under the *Noerr-Pennington* doctrine.

12  **THIRTEENTH ADDITIONAL DEFENSE**

13        The claims of certain named plaintiffs and members of the putative classes and sub-

14  classes are barred, in whole or in part, by the settlement and release finally approved by the Court

15  in *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*,

16  Case No. 14-md-02541 (N.D. Cal.).

17  **PRAYER FOR RELIEF**

18        WHEREFORE, the Pac-12 prays that this Court deny the relief requested by Plaintiffs,

19  dismiss this action with prejudice, enter judgment that Plaintiffs have and recover no relief from

20  the Pac-12, tax costs and attorneys' fees against the Plaintiffs, and afford the Pac-12 such other

21  and further relief as may be just and proper.

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: September 22, 2021          Respectfully Submitted,

                                   **PROSKAUER ROSE LLP**

                                   BART H. WILLIAMS
                                   SCOTT P. COOPER
                                   KYLE A. CASAZZA
                                   SHAWN S. LEDINGHAM, JR.
                                   JENNIFER L. JONES


                                   By:    _/s/    Scott P. Cooper_
                                              Scott P. Cooper

                                   Attorneys for Defendant
                                   PAC-12 CONFERENCE