| | |
|---|---|
| Steve W. Berman (*pro hac vice*) | Jeffrey L. Kessler (*pro hac vice*) |
| Emilee N. Sisco (*pro hac vice*) | David G. Feher (*pro hac vice*) |
| HAGENS BERMAN SOBOL SHAPIRO LLP | David L. Greenspan (*pro hac vice*) |
| 1301 Second Avenue, Suite 2000 | Adam I. Dale (*pro hac vice*) |
| Seattle, WA 98101 | WINSTON & STRAWN LLP |
| Telephone: (206) 623-7292 | 200 Park Avenue |
| Facsimile: (206) 623-0594 | New York, NY 10166-4193 |
| steve@hbsslaw.com | Telephone: (212) 294-4698 |
| emilees@hbsslaw.com | Facsimile: (212) 294-4700 |
| | jkessler@winston.com |
| Benjamin J. Siegel (SBN 256260) | dfeher@winston.com |
| HAGENS BERMAN SOBOL SHAPIRO LLP | dgreenspan@winston.com |
| 715 Hearst Avenue, Suite 202 | aidale@winston.com |
| Berkeley, CA 94710 | |
| Telephone: (510) 725-3000 | Jeanifer E. Parsigian (SBN 289001) |
| Facsimile: (510) 725-3001 | WINSTON & STRAWN LLP |
| bens@hbsslaw.com | 101 California Street, 34th Floor |
| | San Francisco, CA 94111 |
| *Counsel for Plaintiffs and the Proposed Classes* | Telephone: (415) 591-1000 |
| | Facsimile: (415) 591-1400 |
| | jparsigian@winston.com |
| | |
| | *Counsel for Plaintiffs and the Proposed Classes* |

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919 CW<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY CASE SCHEDULE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

# NOTICE OF MOTION AND MOTION

# TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiffs respectfully ask this Court, pursuant to Federal Rule of Civil Procedure 16(d) and Local Rules 6-3 and 16-2(d), for a modification to the schedule set forth in the Court's November 5, 2021 Stipulation and Order Extending Case Deadlines (ECF No. 175).

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the Proposed Order Granting Plaintiffs' Motion for to Modify Case Schedule, the Declaration of Steve W. Berman ("Decl.") filed herewith, all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as may be presented to the Court.

# I. INTRODUCTION

Partly in response to the unanimous Supreme Court decision in *Alston*, on July 1, 2021, Defendants made paradigm-altering rule changes that for the first time allowed college athletes to earn money from their NILs. As Plaintiffs have long predicted, this unleashed massive, pent-up demand leading to an explosion of NIL deals, which have been evolving and growing in the types of deals and number of athletes benefitting ever since. Meanwhile, consumer demand for college sports remains as high as ever.

From the case's outset, Plaintiffs have diligently pursued discovery. Particularly relevant here, since the July 2021 rule changes, Plaintiffs have doggedly sought discovery about this ongoing and revolutionary NIL environment to provide crucial data for their class certification experts to show how, *e.g.*, injury may be proven classwide. Similar to *Alston*, the best data about how much college athletes would have earned since 2016 in the "but for" world without unlawful restraints is the real-world NIL revolution occurring right now. So, Plaintiffs have subpoenaed approximately 150 schools and online platforms for NIL data because Defendants don't have it. But given that Defendants changed the rules of the game only nine months ago, and due to the challenges of obtaining data from so many sources, Plaintiffs need a modification to the June 22, 2022 class certification deadline so they can collect sufficient data on the new NIL environment—including data about recent deals promising widespread NIL benefits—and provide their experts with sufficient time to organize and analyze that data.

To that end, Plaintiffs requested that Defendants stipulate to an extension of the class certification deadline to October 21, 2022 (and corresponding extensions to subsequent deadlines). Defendants said that they would only agree if Plaintiffs acceded to unreasonable concessions, including agreeing not to serve additional document requests (though merits discovery does not close even under the current schedule until March 27, 2023). Defendants made no claim that the schedule modification would prejudice them. Plaintiffs declined and now seek relief from the Court.

# II. STATEMENT OF RELEVANT FACTS

Plaintiffs have diligently pursued discovery from the beginning of the case. Less than two weeks after written discovery commenced, on December 2, 2020, Plaintiffs served 44 document

requests on each of the six Defendants. *See* Declaration of Steve W. Berman ("Decl."), concurrently filed herewith, ¶ 3. The parties then engaged in lengthy meet-and-confers in spring 2021. When Defendants requested a three-month extension to the deadline to substantially complete production of these documents, Plaintiffs stipulated to move the deadline to August 31, 2021 (and to extend subsequent deadlines correspondingly). *Id.* ¶ 4; *see* ECF Nos. 150, 151.

In the meantime, following the Supreme Court's June 21, 2021 decision in *NCAA v. Alston*, 141 S. Ct. 2141 (2021), affirming this Court's trial order, and the Court's June 24, 2021 order in this case largely denying Defendants' motion to dismiss (ECF No. 152), Defendants announced monumental (albeit "interim") changes to their NIL rules commencing July 1, 2021. Following years of enforcing rules that completely forbid college athletes from receiving anything of value for the commercial use of their NILs—and asserting that allowing *any* NIL compensation would be disastrous for college sports—the NCAA adopted an interim NIL policy stating that, *inter alia*, college athletes would now be permitted to receive many forms of NIL compensation. *See* Consolidated Amended Complaint ("Complaint" or "Compl.") ¶¶ 4, 9, 19, 21-22, 259 (ECF No. 164). Plaintiffs then filed their amended Complaint on July 26, 2021, with Defendants answering on September 22, after Plaintiffs stipulated to a one-month extension. *See* ECF Nos. 164-172.

To understand what precipitated the NIL rule changes, why Defendants persist with certain restraints, and to discover information about recently announced potentially seismic changes to the NCAA governing structure (including a newly formed Constitution Committee), Plaintiffs requested that Defendants supplement their production of documents in response to the first set of requests and served a second set of document requests on September 1, 2021. Decl. ¶ 6. After meeting and conferring, the parties stipulated to substantial completion of these documents' production (and Plaintiffs' supplemental production) by April 1, 2022, to move the class certification deadline to June 22, 2022, and to extend subsequent deadlines by similar amounts of time. ECF Nos. 174, 175.

Most relevant here, Plaintiffs have sought data and documents about the ongoing NIL payments from third parties, which is necessary to show how this case can proceed as a class action. Because Defendants do not systematically collect NIL data, Plaintiffs have subpoenaed numerous third parties (more than 200), including approximately 150 NCAA schools, many of whom are

required to keep records of NIL deals by state law or school policy. Decl. ¶ 8. Plaintiffs started the process quickly, issuing subpoenas to schools in September 2021, but it has been an arduous and complex undertaking, involving over a hundred individual negotiations with schools that never previously collected NIL data. Plaintiffs have been working with these schools through, *inter alia*, confidentiality protections, such as the Family Educational Rights and Privacy Act (FERPA, given the sensitive nature of student-specific and commercial data), and understanding how the data is relevant and may be collected and produced (some schools are collecting themselves, others are using third party platforms). This required, *inter alia*, guiding nearly all schools through the lengthy FERPA notice process, modifying the protective orders for nearly a dozen schools, and moving to compel production from schools that refused to produce. Though close to a hundred schools have produced *some* documents, many have yet to produce the seminal NIL deal data. Plaintiffs are negotiating with them to produce that data via initial or supplemental productions to capture as much of the academic year as possible. That is critical to gathering information about the NIL deals for winter ('21-'22) and spring ('22) sport athletes and more generally about the rapidly developing NIL marketplace, with recent deals involving ever broader groups of students. *Id*. ¶ 9.

Indeed, since Defendants' rule changes only nine months ago, there has been an explosion of NIL deals involving thousands of college athletes. For example, Built Brands, LLC announced a deal that will provide NIL compensation to every member of the BYU football team, including tuition reimbursement for all walk-on players. In February 2022, it was reported that Grambling State University has plans for a deal that will provide NIL compensation to all of the school's scholarship athletes. Only a few weeks ago (on March 23, 2022), Adidas announced a new NIL network that will enable any college athlete at a NCAA Division I Adidas-sponsored school—covering more than 50,000 students across 23 sports at 109 schools—to become a paid spokesperson for the brand. And this is just the tip of the iceberg. *See* Decl. ¶¶ 10-16, Exs. A-F.

In light of these facts, Plaintiffs request a four-month extension of the class certification deadline, from June 22 to October 21, 2022. That will permit Plaintiffs to obtain data from schools and third parties for as close to a full year after Defendants' rule changes as possible, to capture data about the recently announced NIL deals, and to then have Plaintiffs' experts assemble and assess

what will be a massive dataset for their reports. As soon as Plaintiffs realized this, months in advance of the June deadline, they requested that Defendants stipulate to an extension. Defendants refused, unless Plaintiffs would make concessions that are unacceptable to the classes: "Defendants oppose a 4-month delay in class certification briefing at this time. We would, however, be willing to agree to Plaintiffs' request under the following two conditions: (1) Plaintiffs agree not to seek a further extension in class certification briefing beyond these 4 additional months; and (2) Plaintiffs agree not to serve any further RFPs on Defendants." Decl. ¶ 19, Ex. G.

### III. ARGUMENT

"Federal Rule of Civil Procedure 16(b) provides that a case management schedule can be modified upon a showing of good cause and by leave of the district judge." *Centrify Corp. v. Quest Software, Inc.*, 2011 WL 6303362, at *2 (N.D. Cal. Dec. 16, 2011) (Wilken, J.). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted).[1]

Plaintiffs have diligently pursued discovery from Defendants and third parties, including efforts to negotiate productions of NIL data from approximately 150 schools, which have been understandably lengthy and complex, given the novelty of the data and confidentiality issues implicated. Important NIL deals also have materialized in connection with winter ('21-'22) and spring ('22) sports—including in relation to March Madness—and the related data can't be produced until after those months pass. The evolving NIL market makes clear that Plaintiffs' experts will benefit from having as close to a year's worth of data as possible before moving for class certification. Granting the extension would also permit Plaintiffs to obtain discovery regarding the large-scale NIL deals that have only recently been made public, including about Adidas's "NIL network," announced on March 23, 2022, which will create NIL opportunities for more than 50,000

---

[1] *See also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 4954634, at *2 (N.D. Cal. Oct. 1, 2014) ("[C]entering the good cause analysis on the moving party's diligence prevents parties from profiting from carelessness, unreasonability, or gamesmanship, while also not punishing parties for circumstances outside their control.").

MOTION TO MODIFY CASE SCHEDULE
Case No. 4:20-cv-03919-CW                - 4 -
010912-11/1863116 V1

student-athletes. Analyzing all of that data will then take the experts several months. It would be inefficient for the Court to have class certification briefed before this data is obtained, which could cause a need for supplemental class certification briefing in the future.

This Court has explained that the focus of the inquiry when a schedule modification is requested should be the reasons for seeking the modification, but that potential prejudice to the party opposing the motion may also be relevant. *See Centrify Corp.*, 2011 WL 6303362, at *2. Plaintiffs submit that the June 22 class certification deadline cannot be reasonably met, and that an extension to October 22, 2022 is justified. *See Olberg v. Allstate Ins. Co.*, 2020 U.S. Dist. LEXIS 46229, at *3-*5 (W.D. Wash. Mar. 17, 2020) (granting extension to class certification deadline to allow plaintiffs to conduct discovery "to properly support their motion for class certification," which "will in turn enable the Court to perform its 'rigorous analysis' of Plaintiffs' motion for class certification").

Conversely, Defendants would not be prejudiced. In fact, they could actually benefit from having a more complete record for Plaintiffs' *and* Defendants' experts to analyze at class certification. Defendants' tacit acknowledgement that they would not be prejudiced is shown by their March 28 email, wherein they say they would agree to the four-month extension, as long as they can extract two unreasonable concessions from Plaintiffs. Indeed, even though under the *current* schedule fact discovery does not close until March 27, 2023, Defendants demand that Plaintiffs agree not to serve additional document requests, which is particularly unreasonable given the potential need to discover additional information about the rapidly evolving NIL rules and marketplace and NCAA governance structure. And while Plaintiffs have no plans to seek a further class certification extension, they cannot foreclose that possibility either, for the same reasons. Defendants remain free, in any event, to oppose any additional requests for discovery or extensions of time.

## IV. CONCLUSION

For the foregoing reasons, pursuant to Federal Rule of Civil Procedure 16(d) and Local Rules 6-3 and 16-2(d), Plaintiffs respectfully request that the Court extend the class certification deadline from June 22 to October 21, 2022, and modify all subsequent deadlines by the same amount of time, as identified in the attached Proposed Order.

MOTION TO MODIFY CASE SCHEDULE
Case No. 4:20-cv-03919-CW - 5 -
010912-11/1863116 V1

| | | |
|---|---|---|
| 1 | DATED: April 4, 2022 | Respectfully submitted, |
| 2 | HAGENS BERMAN SOBOL SHAPIRO LLP | WINSTON & STRAWN LLP |

1  DATED: April 4, 2022                                   Respectfully submitted,

2  HAGENS BERMAN SOBOL SHAPIRO LLP          WINSTON & STRAWN LLP

3  By:   */s/ Steve W. Berman*                By:   */s/ Jeffrey L. Kessler (with permission)*
          Steve W. Berman (*pro hac vice*)            Jeffrey L. Kessler (*pro hac vice*)
   Emilee N. Sisco (*pro hac vice*)           David G. Feher (*pro hac vice*)
   1301 Second Avenue, Suite 2000             David L. Greenspan (*pro hac vice*)
   Seattle, WA 98101                          Adam I. Dale (*pro hac vice*)
   Telephone: (206) 623-7292                  200 Park Avenue
   Facsimile: (206) 623-0594                  New York, NY 10166-4193
   steve@hbsslaw.com                          Telephone: (212) 294-4698
   emilees@hbsslaw.com                        Facsimile: (212) 294-4700
                                              jkessler@winston.com
   Benjamin J. Siegel (SBN 256260)            dfeher@winston.com
   715 Hearst Avenue, Suite 202               dgreenspan@winston.com
   Berkeley, CA 94710                         aidale@winston.com
   Telephone: (510) 725-3000
   Facsimile: (510) 725-3001                  Jeanifer E. Parsigian (SBN 289001)
   bens@hbsslaw.com                           101 California Street, 34th Floor
                                              San Francisco, CA 94111
   Jeffrey L. Kodroff                         Telephone: (415) 591-1000
   SPECTOR ROSEMAN & KODROFF PC               Facsimile: (415) 591-1400
   Two Commerce Square                        jparsigian@winston.com
   2001 Market Street, Suite 3420
   Philadelphia, PA 19103
   Telephone: (215) 496 0300                  *Counsel for Plaintiffs and the Proposed Classes*
   Facsimile: (215) 496 6611
   jkodroff@srkattorneys.com

   *Counsel for Plaintiffs and the Proposed Classes*

MOTION TO MODIFY CASE SCHEDULE
Case No. 4:20-cv-03919-CW                      - 6 -
010912-11/1863116 V1