Rahul Hari (SBN CA 313528)
WILKINSON STEKLOFF LLP
11601 Wilshire Boulevard, Suite 600
Los Angeles, CA 90025
Telephone: (424) 291-9655
Facsimile: (202) 847-4005
rhari@wilkinsonstekloff.com

Beth Wilkinson (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Cali Cope-Kasten (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ccope-kasten@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919 CW<br><br>**OPPOSITION TO MOTION TO MODIFY CASE SCHEDULE**<br><br>Judge: Honorable Claudia Wilken<br>Trial Date: May 20, 2024 |

## I. INTRODUCTION

Plaintiffs' request for extra time should be denied. Plaintiffs filed this suit nearly two years ago, and the discovery deadlines already have been extended twice. The most recent extension came at Plaintiffs' request, and specifically was designed to allow Plaintiffs to obtain further discovery regarding the NCAA's interim name, image, and likeness ("NIL") policy implemented in July 2021. But now, having moved slowly in obtaining that discovery, Plaintiffs seek yet another extension. The Court should deny their request.

Notably, Plaintiffs do not suggest that Defendants have delayed discovery in any way. Nor could they. Defendants have complied with every one of Plaintiffs' requests for production, and have produced more than 113,000 documents to meet the agreed substantial completion of document discovery date of April 1, 2022. Kilaru Decl. ¶ 15.

The delay Plaintiffs complain about is of their own making. To date, Plaintiffs have sought third-party discovery from 153 Division I institutions, 28 individuals, 22 companies, and eight sports leagues and players associations—a total of 211 entities. Kilaru Decl. ¶ 11. Even though discovery opened on November 19, 2020, Plaintiffs waited until September 20, 2021—almost a year later, and nearly three months after the NIL rules changes—to serve any of this discovery. Kilaru Decl. ¶ 10. Even then, much of this third-party discovery was not served until months later, and some was served as recently as a few weeks ago, on March 23, 2022. Kilaru Decl. ¶ 10. And while Plaintiffs complain of a lack of compliance with their subpoenas, they have filed only a handful of motions to compel. Kilaru Decl. ¶ 12.

The "good cause" standard precludes an extension under these circumstances. It is not reasonable for Plaintiffs to continually, and gradually, issue new discovery requests and then use those requests as justification for further delay. To the extent Plaintiffs are unhappy with the pace of third-party discovery, that is due to their own delay. And to the extent Plaintiffs do not like the evidence they have obtained so far from "close to a hundred schools," the answer is not to extend the schedule to allow Plaintiffs to search for evidence to support certification of the sprawling and disparate classes pleaded in this case. Defendants respectfully request that the Court deny Plaintiffs' motion.

## II. BACKGROUND

Plaintiffs initiated this litigation nearly two years ago, on June 15, 2020. *House* ECF No. 1. On December 3, 2020, Plaintiffs agreed, in the parties' Joint Stipulated Case Management Order, to a discovery schedule that provided roughly six months of discovery before a substantial completion deadline of June 1, 2021. *House* ECF No. 127, *Oliver* ECF No. 94. Plaintiffs also served Defendants with 44 requests for production of documents covering a wide range of topics.

Plaintiffs originally opposed any extension of this schedule, on the basis that any delay would cause Plaintiffs and the putative class irreparable harm. On January 15, 2021, Defendants sought to stay discovery pending the Court's resolution of Defendants' motion to dismiss and the Supreme Court's resolution of *NCAA v. Alston*. *House* ECF No. 138, *Oliver* ECF No. 105. Plaintiffs opposed, arguing that "Plaintiffs and the class members have a clear interest in the expeditious and final resolution of this case," and would be irreparably "harmed by any delay in the resolution of their claims." *House* ECF No. 142, at 1-2, 5-10, *Oliver* ECF No. 109. The Court credited Plaintiffs' arguments and denied a stay because Plaintiffs had shown "that a stay could significantly delay the injunctive relief they seek in *House* and *Oliver*, which would cause them harm." *House* ECF No. 149, at 3-4, *Oliver* ECF No. 116.

Three months later, on May 24, 2021, Plaintiffs dropped their irreparable-harm arguments and agreed with Defendants that more time was needed to gather the extensive discovery Plaintiffs sought. The parties stipulated to a three-month extension of the date for substantial completion of document production, and a corresponding extension of other case deadlines. *House* ECF No. 150, *Oliver* ECF No. 117. The Court endorsed this extended schedule (*House* ECF No. 151, *Oliver* ECF No. 118), and Defendants subsequently complied with their obligations.

Just as Defendants were completing their productions, Plaintiffs sought a second extension of the discovery schedule. Plaintiffs argued that additional discovery was warranted because on July 1, 2021, the NCAA had implemented its interim NIL policy. Kilaru Decl. ¶¶ 8-9. Plaintiffs demanded that Defendants supplement their document productions and respond to a second set of requests for production of documents. *See* ECF No. 174. Plaintiffs also asked Defendants to modify the scheduling order to accommodate this additional discovery and to ensure Plaintiffs had

the benefit of information from the full 2021-2022 academic year. *Id.* Defendants agreed to do all of this. *Id.* Accordingly, on November 5, 2021, the discovery deadlines were shifted again as requested by Plaintiffs, this time by an additional seven months to a substantial document production completion date of April 1, 2022 and a class certification deadline of June 22, 2022. *See* ECF No. 175. Again, Defendants abided by the extended timeline and met the agreed-upon April 1, 2022 substantial completion date.

Plaintiffs now seek to extend discovery for a third time, and Defendants oppose.

### III. LEGAL STANDARD

A case management schedule "shall not be modified except upon a showing of good cause and by leave of the district judge." *McGrath v. Cirrus Design Corp.*, No. C 05-1542 CW, 2007 WL 4370924, at *2 (N.D. Cal. Dec. 12, 2007); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). This standard sets a high bar: "As the Ninth Circuit has held, '[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *McGrath*, 2007 WL 4370924, at *2 (quoting *Johnson*, 975 F.2d at 610). A district court may modify the pretrial schedule only "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "If that party was not diligent, the inquiry should end," "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Id.*

### IV. ARGUMENT

**A. Plaintiffs Have Not Demonstrated Good Cause For A Third Extension Of Discovery.**

Defendants have already agreed to nearly an extra year for Plaintiffs to obtain discovery prior to filing their class certification motion, and to date have expended significant time and effort to meet their discovery obligations in this matter. Defendants are prepared to complete class discovery according to the current schedule. To the extent Plaintiffs are not, that is a result of their own strategic choices, rather than good cause for modifying the scheduling order.

After the NCAA adopted its interim NIL policy on July 1, 2021, Defendants agreed to extend the discovery schedule for a second time to afford Plaintiffs more time for discovery related

-3-

to the policy change.  Plaintiffs proposed a schedule designed to give them adequate time to collect and analyze information regarding the NIL policy change, and nothing material has happened since then to justify any additional delay.

Plaintiffs' brief confirms the point, by highlighting that they simply failed to make use of the extra time they were provided.  Plaintiffs inexplicably delayed serving third-party subpoenas.  Kilaru Decl. ¶ 10.  Plaintiffs then waited until the eve of the parties' agreed-upon substantial completion date to complain that they had not yet received responses to some number of these third-party subpoenas.  Kilaru Decl. ¶ 13.  But the proper remedy in that instance is a motion to compel subpoena responses—not an extension of the scheduling order—and Plaintiffs filed only a handful of such motions.  *Id.*  Plaintiffs are not entitled to extend discovery to accommodate their own failure to act.

Further, some of the third-party discovery Plaintiffs mention in their brief was issued just two weeks ago, rather than in the initial batch of subpoenas issued last fall.  Kilaru Decl. ¶ 10.  Plaintiffs give no reason for why these subpoenas were issued so late.  A party should not be permitted to issue new discovery late in the discovery period and then complain about the lack of an immediate response.

Notwithstanding these long delays, Plaintiffs admit that they have received abundant discovery to date. In addition to Defendants' substantial productions of documents, Plaintiffs have received documents from "close to a hundred schools."  Plaintiffs do not explain why those documents are insufficient to allow them to meet the existing deadline for their class certification brief.  To the extent Plaintiffs are dissatisfied with what those documents show or hope that the evidence will improve with more discovery, that is not a basis for justifying another extension.  The schedule Plaintiffs proposed in November 2021 gave them ample time to complete discovery through diligent action.  *See Johnson*, 975 F.2d at 609.  Plaintiffs have not shown that good cause exists to modify the scheduling order.

**B. Defendants Would Be Prejudiced By A Third Extension Of Discovery.**

The Court should further deny Plaintiffs' request because it would prejudice Defendants.  When Plaintiffs sought a second extension of the schedule, Defendants did not oppose that request

but rather worked with Plaintiffs to devise a schedule that was fair to both parties. Defendants have been diligently complying with their discovery obligations for a year and a half and recently met the agreed-upon April 1, 2022 substantial document production completion date, having produced more than 113,000 documents to date. Kilaru Decl. ¶ 15. This process has been time-consuming and expensive. To allow further discovery now would require Defendants to expend additional time and money, effectively penalizing Defendants for Plaintiffs' lack of diligence.

Plaintiffs contend that Defendants "made no claim that the schedule modification would prejudice them," but that misconstrues the parties' communications. Defendants made clear they would not object to Plaintiffs' extension request if Plaintiffs agreed to certain limitations on future discovery. Specifically, Defendants requested that Plaintiffs agree not to seek a further extension in class certification briefing beyond these four additional months and not to serve any further requests for production.[1] Kilaru Decl. ¶ 14. Both requests were designed to mitigate the prejudice that an additional four-month extension would impose on Defendants. Plaintiffs rejected this offer, continued serving subpoenas, and now troublingly indicate that they intend to keep the door open to additional delay "given the potential need to discover additional information about the rapidly evolving NIL rules and marketplace and NCAA governance structure." Discovery without end is prejudicial and unreasonable, and should not be permitted.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Modify the Case Schedule in this matter, and maintain the deadlines already ordered on November 5, 2021, as outlined in ECF No. 175. In the alternative, should this Court be inclined to allow an extension, to minimize prejudice this Court should prohibit Plaintiffs from seeking any further extension in class certification briefing and should prohibit Plaintiffs from serving any further requests for production on Defendants until after a ruling on class certification.

---

[1] Defendants' condition would not leave Plaintiffs without additional discovery updates. Defendants have already agreed to produce one additional supplemental production in response to Plaintiffs' First and Second Sets of Requests for Production to the extent it is appropriate and necessary after April 1, 2022. *See* ECF No. 174.

Dated:   April 7, 2022

Respectfully Submitted,

**WILKINSON STEKLOFF LLP**

By: /s/ Rakesh N. Kilaru
Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Calanthe Cope-Kasten (*pro hac vice*)
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone:  (202) 847-4000
Facsimile:  (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ccope-kasten@wilkinsonstekloff.com

Rahul Hari (SBN 313528)
11601 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Telephone:  (424) 291-9655
Facsimile:  (202) 847-4005
rhari@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION

**COOLEY LLP**

By: /s/ Whitty Somvichian
Whitty Somvichian (SBN 194463)
Kathleen R. Hartnett (SBN 314267)
Ashley Kemper Corkery (SBN 301380)
David Louk (SBN 304654)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  (415) 693 2000
Facsimile:  (415) 693 2222
wsomvichian@cooley.com
khartnett@cooley.com
acorkery@cooley.com
dlouk@cooley.com

DEE BANSAL (*pro hac vice*)
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842 7800
Facsimile:  (202) 842 7899
dbansal@cooley.com

Attorneys for Defendant
PAC-12 CONFERENCE

-6-

Case No. 4:20-cv-03919 CW

OPPOSITION TO MOTION TO MODIFY CASE SCHEDULE

| | |
|---|---|
| **MAYER BROWN LLP** | **POLSINELLI PC** |
| By: /s/ Britt M. Miller | By: /s/ Leane K. Capps |
| Britt M. Miller (*pro hac vice*) | Leane K. Capps (*pro hac vice*) |
| Matthew D. Provance (*pro hac vice*) | Caitlin J. Morgan (*pro hac vice*) |
| 71 South Wacker Drive | D. Rockwell Bower (*pro hac vice*) |
| Chicago, IL 60606 | 2950 N. Harwood Street |
| Telephone: (312) 782-0600 | Suite 2100 |
| Facsimile: (312) 701-7711 | Dallas, TX 75201 |
| bmiller@mayerbrown.com | Telephone: (214) 397-0030 |
| mprovance@mayerbrown.com | lcapps@polsinelli.com |
| | cmorgan@polsinelli.com |
| | rbower@polsinelli.com |
| Christopher J. Kelly (SBN 276312) | |
| Two Palo Alto Square, Suite 300 | Amy D. Fitts (*pro hac vice*) |
| 3000 El Camino Real | 120 W. 12th Street |
| Palo Alto, CA 94306 | Kansas City, MO 64105 |
| Telephone: (650) 331-2000 | Telephone: (816) 218-1255 |
| Facsimile: (650) 331-2060 | afitts@polsinelli.com |
| cjkelly@mayerbrown.com | |
| | Wesley D. Hurst (SBN 127564) |
| | 2049 Century Park East, Suite 2300 |
| Attorneys for Defendant | Los Angeles, CA 90067 |
| THE BIG TEN CONFERENCE, INC. | Telephone: (310) 556-1801 |
| | whurst@polsinelli.com |
| | |
| | Attorneys for Defendant |
| | THE BIG 12 CONFERENCE, INC. |

| | |
|---|---|
| **ROBINSON BRADSHAW & HINSON, P.A.**<br><br>By: /s/Robert W. Fuller<br>Robert W. Fuller, III (*pro hac vice*)<br>Lawrence C. Moore, III (*pro hac vice*)<br>Pearlynn G. Houck (*pro hac vice*)<br>Amanda P. Nitto (*pro hac vice*)<br>101 N. Tryon St., Suite 1900<br>Charlotte, NC 28246<br>Telephone:  (704) 377-2536<br>Facsimile:  (704) 378-4000<br>rfuller@robinsonbradshaw.com<br>lmoore@robinsonbradshaw.com<br>phouck@robinsonbradshaw.com<br>apickens@robinsonbradshaw.com<br><br>Mark J. Seifert (SBN 217054)<br>SEIFERT ZUROMSKI LLP<br>One Market Street, 36th Floor<br>San Francisco, California 941105<br>Telephone:  (415) 999-0901<br>Facsimile:  (415) 901-1123<br>mseifert@szllp.com<br><br>Attorneys for Defendant<br>SOUTHEASTERN CONFERENCE | **FOX ROTHSCHILD LLP**<br><br>By: /s/ D. Erik Albright<br>D. Erik Albright (*pro hac vice*)<br>Gregory G. Holland (*pro hac vice*)<br>230 North Elm Street, Suite 1200<br>Greensboro, NC 27401<br>Telephone:  (336) 378-5368<br>Facsimile:  (336) 378-5400<br>ealbright@foxrothschild.com<br>gholland@foxrothschild.com<br><br>Jonathan P. Heyl (*pro hac vice*)<br>101 N. Tryon Street, Suite 1300<br>Charlotte, NC 28246<br>Telephone:  (704) 384-2625<br>Facsimile:  (704) 384-2800<br>jheyl@foxrothschild.com<br><br>Alexander Hernaez (SBN 201441)<br>345 California Street, Suite 2200<br>San Francisco, CA 94104-2670<br>Telephone:  (415) 364-5540<br>Facsimile:  (415) 391-4436<br>ahernaez@foxrothschild.com<br><br>Attorneys for Defendant<br>THE ATLANTIC COAST CONFERENCE |