JENNER & BLOCK LLP
David R. Singer (SBN 204699)
dsinger@jenner.com
Elizabeth Baldridge (SBN 313390)
ebaldridge@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, California 90071-2246
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for non-parties Fox Broadcasting
Company, LLC, Fox Sports 1,
LLC (as successors-in-interest to
Fox Cable Networks, Inc. and Fox
Broadcasting Company), and Big
Ten Network, LLC

HAGENS BERMAN SOBOL SHAPIRO LLP
Benjamin J. Siegel (SBN 256260)
bens@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510 725-3001

Attorneys for Plaintiffs and the Proposed
Class

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re College Athlete NIL Litigation | Case No. 4:20-cv-03919 CW<br><br>**JOINT STIPULATION PURSUANT TO PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL NETWORK AGREEMENTS TO PLAINTIFFS' EXPERT**<br><br>[Proposed] Order filed concurrently |

## Joint Stipulation

Pursuant to the operative stipulated protective orders and amendments in place in this action dated December 22, 2020 [ECF 137] and February 8, 2021 [ECF 148] (the "Protective Orders"), non-parties Fox Broadcasting Company, LLC and Fox Sports 1 (as successors-in-interest to Fox Cable Networks, Inc. and Fox Broadcasting Company), and the Big Ten Network, LLC (collectively, "Fox"), Plaintiffs, and Plaintiffs' retained expert Ed Desser entered into an agreement (the "Agreement") concerning conditions on Mr. Desser's ability to view certain "Network Strictly Confidential" materials. At the time that Fox, Plaintiffs, and Mr. Desser entered into the Agreement, Mr. Desser had not yet been disclosed as Plaintiffs' expert in this action.

Now that Plaintiffs have disclosed Mr. Desser as their retained expert, Plaintiffs and Fox stipulate to the entry of an Order reflecting the terms of their Agreement. This stipulation is made pursuant to the February 8, 2021, Protective Order [ECF 148], ¶¶ 14-16 (governing parties' duty to disclose expert witnesses to non-party networks, networks' right to object to disclosure of confidential materials, and the Court's power to restrict such disclosure), for the following reasons:

WHEREAS, Fox manages and operates several sports networks, sites, and platforms including, but not limited to, FOX, Fox Sports 1, Fox Sports 2, and the Big Ten Network ("BTN").

WHEREAS, in connection with the management and operation of these networks, Fox has secured telecast and other media rights to certain college football and other sports games (the "telecast rights").

WHEREAS, these telecast rights are memorialized in agreements, including a set of agreements related to Big Ten Conference games and referred to herein as the "Big Ten Agreements."

WHEREAS, relevant here, the Big Ten Agreements include BIGTEN-GIA 249355 (Third Amendment to Telecast Rights Agreement between The Big Ten Conference, Inc. and Big Ten Network, LLC, dated July 13, 2015) and BIGTEN-GIA 252905 (Amended and Restated Telecast Rights Agreement between The Big Ten Conference, Inc. and Big Ten Network, LLC, dated June 30, 2017).

WHEREAS, the Big Ten Agreements were previously produced in litigation in the action captioned *In re NCAA Athletic Grant-in-Aid Cap Antitrust Litigation*, United States District Court, Northern District of California, Case Nos. 4:14-md-2541-CW and 4:14-cv-2758-CW, and subsequently deemed by the parties and the Court to have been produced in this action.

WHEREAS, the Big Ten Agreements are subject to the Protective Orders.

WHEREAS, the February 8, 2021, Protective Order [ECF 148] provides that parties to this action must disclose to non-party networks (e.g., Fox) the identities of parties' experts and consultants prior to disclosing certain "Network Strictly Confidential" materials (e.g., the Big Ten Agreements) to those experts.

WHEREAS, Fox also has the right to object, as appropriate, to party experts' ability to access confidential agreements and information under the Protective Order.

WHEREAS, the February 8, 2021, Protective Order [ECF 148] permits non-party networks such as Fox to appear in this action without the need to formally intervene for purposes of protecting their rights.

WHEREAS, Plaintiffs identified Mr. Ed Desser to Fox as Plaintiffs' retained expert.

WHEREAS, Mr. Desser is a consultant who provides valuation, negotiation, strategic planning, business development and expert witness services to sports organizations, networks, distributors, technology, and media companies.

WHEREAS, Fox timely objected to Plaintiffs' disclosure of the Big Ten Agreements to Mr. Desser.

WHEREAS, Fox and Plaintiffs reached an agreement to place conditions on the disclosure of the Big Ten Agreements to Mr. Desser, to resolve their dispute over the disclosure of the Big Ten Agreements.

NOW, THEREFORE, IT IS HEREBY JOINTLY STIPULATED AND AGREED, subject to the Court's approval that:

If Mr. Desser is given access to certain agreements designated as Network Strictly Confidential under the Protective Orders, including BIGTEN-GIA 249355 (Third Amendment to Telecast Rights Agreement between The Big Ten Conference, Inc. and Big Ten Network, LLC,

2
JOINT STIPULATION PURSUANT TO PROTECTIVE ORDER
CASE NO. 4:20-CV-03919 CW

1  dated July 13, 2015) or BIGTEN-GIA 252905 (Amended and Restated Telecast Rights Agreement
2  between The Big Ten Conference, Inc. and Big Ten Network, LLC, dated June 30, 2017), then he
3  may not serve as a consultant for (or otherwise assist) the Big 12 Conference or the Pac 12
4  Conference in connection with negotiation for any prospective telecast rights regarding college
5  football with Fox or any Fox-affiliated and controlled company from the date of this Agreement
6  until May 30, 2025.

Dated: July 11, 2022

HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____
Ben Siegel
Stephanie Verdoia
Emilee Sisco

*Attorneys for Plaintiffs and the Proposed Class*

Dated: July 11, 2022

JENNER & BLOCK LLP

By: _____
David R. Singer
Elizabeth Baldridge

*Attorneys for non-parties Fox Broadcasting Company LLC and Fox Sports 1, LLC (as successors-in-interest to Fox Cable Networks, Inc. and Fox Broadcasting Company), and Big Ten Network, LLC*

**E-FILING ATTESTATION**

I, Emilee N. Sisco, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                             */s/ Emilee N. Sisco*
                                             EMILEE N. SISCO