# EXHIBIT A

Jacob K. Danziger (SBN 278219)
ARENTFOX SCHIFF LLP
44 Montgomery Street, 38th Floor
San Francisco, CA 94104 United States
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com


Beth A. Wilkinson (*pro hac vice*)

Rakesh N. Kilaru (*pro hac vice*)

Kieran Gostin (*pro hac vice*)

Calanthe Cope-Kasten (*pro hac vice*)

WILKINSON STEKLOFF LLP

2001 M Street NW, 10th Floor

Washington, DC 20036

Telephone: (202) 847-4000

Facsimile: (202) 847-4005

bwilkinson@wilkinsonstekloff.com

rkilaru@wilkinsonstekloff.com

kgostin@wilkinsonstekloff.com

ccope-kasten@wilkinsonstekloff.com


Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW |
|---|---|
| | **STIPULATION AND [PROPOSED] ORDER RE AMENDED DEPOSITION** |

**PROTOCOL**

Judge: Hon. Claudia Wilken

WHEREAS, the parties in the above-captioned action are engaged in discovery and desire to depose witnesses as part of the discovery process;

WHEREAS, pursuant to Federal Rule of Civil Procedure 30(b)(4), "[t]he parties may stipulate . . . that a deposition be taken by telephone or other remote means";

WHEREAS, the parties recognize there may be a variety of valid reasons for taking a fact deposition in this action by remote means;

WHEREAS, the parties ~~seek to establish~~established a protocol for the conduct of in person and remote fact depositions, to the extent that any depositions in this action are taken remotely; ~~and~~

WHEREAS, the parties also ~~seek to establish~~established a protocol for the conduct of fact depositions where some attendees are in person and some are remote;

WHEREAS, the parties filed a Joint Stipulation and Proposed Order re Deposition Protocol on December 13, 2022 (ECF 211), and the Court entered the Stipulation and Order re Deposition Protocol on December 14, 2022 (ECF 213); and

WHEREAS, the parties seek to amend the Stipulation and Order re Deposition Protocol to change the deadlines for designating confidential deposition testimony and providing deposition errata. A comparison showing the proposed changes is attached as Exhibit A.

IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through their undersigned counsel, and subject to the Court's approval, that this Amended Deposition Protocol govern the procedures for conducting fact depositions in this action:

## I.    GENERAL GUIDELINES

1.    This Protocol will govern the taking of fact depositions in the above-captioned matter both in person and via remote means. The parties agree this Protocol will also govern depositions of nonparties under Federal Rule of Civil Procedure 45 and the parties shall meet and confer in good faith regarding any modifications requested by such nonparties.

STIPULATED PROTOCOL
REGARDING DEPOSITIONS

2.      All depositions taken in this action—whether in person or remote—shall be conducted using videoconference technology, and all deponents shall be recorded by both stenographic means and video recording. The court reporter may be given a copy of the video recording of the deposition and may review such video recording to improve the accuracy of the written transcript. For remote depositions, the parties waive any objection to the deposition based on the fact that the court reporter is not physically present with the deponent or, if applicable, that the court reporter is not physically present in the same state as the deponent.

3.      Testimony provided in remote depositions may be used in this action with the same force and effect as testimony provided in an in-person deposition. The parties agree not to object to the use of the deposition testimony or video recording on the basis that the deposition was taken and recorded remotely. The parties reserve the right to raise all other available objections to the use of the deposition testimony in this action.

## II.      NOTICE

4.      The party intending to notice a deposition of a party or a witness affiliated with a party shall confer with opposing counsel in a good faith attempt to identify a mutually convenient date and time for a party deposition before noticing the deposition.  Unless otherwise agreed by the noticing and defending party, the parties shall use their best efforts to notice depositions at least fourteen (14) calendar days in advance of the deposition and cross notices at least seven (7) calendar days in advance.  However, for notices or subpoenas directed to an organization under Federal Rule of Civil Procedure 30(b)(6), the parties shall use their best efforts to issue deposition notices—including a reasonably particular description of the matters of examination—at least twenty-one (21) calendar days in advance of the deposition; best efforts shall be used to issue cross notices—including a reasonably particular description of the matters of examination—fourteen (14) days in advance.

5.      When a party schedules a deposition of a non-party witness, the scheduling party shall inform opposing counsel of any deposition date agreed to by the non-party witness within

2

(1) business day of that agreement.  Nothing in this stipulation prevents opposing counsel from objecting to the date agreed to by the party and non-party witness for whatever reason.

6.      Deposition notices may be served electronically on all parties.

7.      The decision to take a deposition remotely shall, subject to the terms of this Protocol, belong to the party noticing the deposition.

8.      If a party notices a deposition to occur in person, but another party believes circumstances warrant taking the deposition remotely, or vice versa, the parties shall confer in good faith to resolve the issue. Disputes that cannot be resolved through the meet and confer process or within a reasonable timeframe shall be decided by the Court.

9.      If a party intends to cross-notice a deposition of a nonparty and disagrees with the noticing party's election to proceed remotely or in person, the parties shall confer in good faith to resolve the issue. Not all parties need be present in person if either of the parties elects to proceed with a cross-noticed deposition of a nonparty in person. To the extent any party elects to proceed remotely for a deposition of a nonparty, that party must comply with the applicable technological provisions set out in Part IV.

10.     All notices of deposition and nonparty deposition subpoenas served in this matter for remote depositions shall describe the remote means of taking the deposition, including (a) that the deposition will be taken by remote means; (b) the court reporting service the party plans to use to record the deposition (the "Designated Court Reporting Service"); (c) the videoconference platform the party plans to use for the deposition (i.e., Zoom or a platform with similar functionality); and (d) that the deposition will be recorded by stenographic means and video recording.  If any of information identified in (a) through (d) is accidentally omitted from a deposition notice or deposition subpoena, this shall not be cause to render the notice or subpoena ineffective.  The deposition notices and nonparty deposition subpoenas must also otherwise comply with the notice requirements of Federal Rules of Civil Procedure 30(b) and 45 (when applicable).

STIPULATED AMENDED PROTOCOL
                                                                                                                      REGARDING DEPOSITIONS

11.     The noticing party shall provide any non-party deponent with a copy of this Protocol with the notice of deposition or subpoena for any deposition, whether in person or remote.

12.     The parties are not required to cross-notice the deposition of their own current or former employees, or of any employees or former employees of their respective co-plaintiffs or co-defendants.

13.     In the event of an in-person deposition, unless otherwise agreed, depositions will occur in a city chosen by the deponent, reasonably located at counsel's office or within 100 miles of where the deponent resides, is employed, or regularly transacts business in person.

14.     Unless the deposition occurs remotely, the party noticing the deposition shall secure a room for the deposition that will accommodate the deponent, the court reporter, the videographer, counsel for the parties, and counsel representing the deponent.  The noticing party shall also secure two "breakout rooms" of reasonable size for the noticing party and the defending party.

### III.     COURT REPORTER AND ADMINISTRATION OF THE OATH

15.     For all depositions—whether in-person or remote—the party taking the deposition shall ensure that other parties are able to observe the deposition via a video conference platform. The party taking the deposition will ensure that information regarding how to access the video conference platform (e.g., hyperlink to Zoom conference room) is provided to all parties within a reasonable amount of time prior to the deposition (but not less than 24 hours).

16.     The Designated Court Reporting Service will be the host of the videoconference for each deposition whether in-person or remote.

17.     It will be the responsibility of the party noticing the deposition to ensure that the Designated Court Reporting Service is aware of, capable of complying with, and agrees to comply with this Protocol.

18.     The court reporter shall be permitted to administer the oath and record the deposition, and the parties waive any objection to the qualifications of the court reporter before whom the deposition is taken, so long as the court reporter is qualified to administer the oath and record depositions in federal court within the district in which the court reporter is physically located at the time of the deposition.

19.     The party noticing the deposition bears the costs of the Designated Court Reporting Service, with the exception of copies of transcripts or video recordings.

### IV.     TECHNOLOGY AND SETTING

20.     Any deposition shall use a platform and system(s) that comply with all requirements of this Protocol, including the ability to provide high-quality and reliable video and audio streaming to all participants.

21.     To host a deposition, a deposition vendor must have implemented adequate security measures to ensure the confidentiality of the deposition. These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition.

22.     If another party raises concerns with the platform and system(s) selected by the noticing party for any deposition, the parties agree to meet and confer in good faith to resolve those concerns. The noticing party shall bear the costs of the deposition vendor.

23.     If requested, the Designated Court Reporting Service shall provide a demonstration of the technology being used for the deposition to the deponent and their counsel. To the extent a cost is incurred for such demonstration, the party requesting the demonstration shall bear the cost. If such a demonstration is not requested and a deponent or the deponent's counsel encounters issues that reasonably could have been covered in such a demonstration, any time spent resolving the issue shall not count as time on the record for purposes of any time limitations on the deposition.

24. At the beginning of any remote deposition, the court reporter must confirm: (a) that they can hear all participants; (b) that all participants can hear each other and the court reporter; and (c) that the platform being used to share exhibits is functioning and all participants can see any documents shown. The time spent on such confirmations will not be on the record.

25. The parties will work cooperatively to address and troubleshoot technological (including audio or video) issues that arise during the deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any party to proceed with a deposition where the participants are unable to hear or understand each other. Time spent dealing with technical difficulties will not be counted against any applicable time limits for the deposition. If technical difficulties arise during the taking of a remote deposition, and there is no technical specialist available during the deposition, counsel for the parties must meet and confer as soon as is practicable, by telephone or other means, to determine whether the remote deposition can proceed or should be continued to a future date. If technical difficulties arise that make the completion of a remote deposition impracticable, counsel for parties and the deponent shall resume the remote deposition at a mutually convenient opportunity within a reasonable period of time.

26. For remote depositions, the deponent is responsible for locating a private, quiet space in which to participate in the deposition without interruption. All the deponent's communication devices, including mobile phones, other than the device hosting the video conferencing platform used by the Designated Court Reporting Service for that deposition, must be turned off or removed from the location of the deposition. The parties agree that no person shall be permitted to be physically present in the room with the deponent, other than counsel for the deponent or counsel for the parties.

27. It shall be the responsibility of the deponent and their counsel to ensure that the deponent has adequate equipment (e.g., computer, webcam, microphone), internet access, and bandwidth necessary to participate in a video deposition without interruption. Other than the

6

STIPULATED AMENDED PROTOCOL
REGARDING DEPOSITIONS

applications required to conduct the deposition and view exhibits, the deponent shall not have any other applications open or running on the electronic device being used for the deposition.

28. Any public chat function available on the video conference platform will be enabled, but any private chat functions shall not be used and shall be disabled, if technically possible.

## V.   ATTENDANCE AND COMMUNICATIONS WITH COUNSEL

29. The deponent, court reporter, videographer, counsel for the parties, party representatives, and counsel representing the deponent may attend depositions. Counsel not examining the deponent and party representatives shall have the option to attend for observational purposes remotely, even for depositions that are otherwise in person.

30. Attendees of any in-person deposition shall use their best efforts to advise the party providing or arranging the deposition space of their intention to attend an in-person deposition at least seven (7) calendar days before the deposition is scheduled to take place. In particular, if a party wants to have an individual attend a deposition, and that individual does not have permission to view certain categories of confidential documents under the protective order in this case, that party will use its best efforts to inform the party taking the deposition of this fact as soon as possible prior to the deposition.

31. At the start of a remote deposition, all individuals in the same room as the deponent shall identify themselves on the record. If another person enters the room where the deponent is located, the deponent or the deponent's counsel shall immediately notify the deposing counsel of the additional persons in the room.

32. For remote depositions, the deponent, court reporter, counsel examining the deponent, and counsel representing the deponent shall be visible to all other participants and their statements shall be audible to all participants at all times while on the record. If the video or audio feed of these persons is lost, the deposition will be suspended and go off the record until resolved. All other remote participants shall make their presence known to all other participants,

but they shall keep their microphones on mute and video turned off unless and until they wish to speak and, after having spoken, they shall go back on mute with video turned off.

33.     No individual shall engage in a private communication, including through text message, electronic mail, handwritten notes, hand gestures, or the chat feature in the videoconferencing system, with the deponent while the deposition is on the record.  In the event counsel intends to initiate a private communication with any deponent for the purpose of determining whether a privilege should be asserted, counsel shall state their intention on the record before initiating such communication and then the deposition shall go off the record while the private communication regarding privilege is undertaken.  Nothing in this paragraph is intended to alter any local or federal rules governing communications with witnesses during a deposition.

34.     For remote depositions, the official video record of the deposition will be of the deponent's video feed only.  The video feeds of any other participant will not be part of the official record, nor used for any purpose at trial.  However, a video record of any attorney questioning the deponent and any attorney representing the deponent in person at the same location as the deponent shall be maintained by the Designated Court Reporting Service for not less than 12 months and may be requested and used in any proceeding concerning alleged interference or impropriety in the deposition.  No video recordings of any other participant shall be made.

35.     During breaks in a remote deposition, the parties may use virtual breakout rooms provided by the Designated Court Reporting Service.  The noticing party shall make all reasonable efforts to select a Designated Court Reporting Service that provides breakout rooms and shall, if necessary, hire a technician to facilitate with breakout room assignments.  Conversations in the breakout rooms shall not be recorded.  The breakout rooms shall be established by the Designated Court Reporting Service prior to the deposition and shall be controlled by the Designated Court Reporting Service.  If, due to a technological issue, mistake,

or any other reason, a participant has been placed in the breakout room of an opposing party, that participant shall immediately identify themself and leave the breakout room.

36.     The employees of the Designated Reporting Service may attend the deposition for which they are designated to prepare a transcript of the deposition, video record the deposition, troubleshoot any technological issues that may arise, administer virtual breakout rooms, assist in displaying or providing exhibits, or any other reason reasonably related to the conduct of the deposition.

## VI.     EXHIBITS

37.     For in-person depositions, deposing counsel shall supply hard copies of all exhibits they intend to use during the deposition, including exhibits that were previously designated in prior depositions.  Deposing counsel shall have sufficient copies of each exhibit to provide a copy to (i) the deponent; (ii) defending counsel; (iii) the court reporter; and (iv) counsel for all other parties who have timely notified noticing counsel of their intent to attend the deposition in person, but in no event shall deposing counsel be required to provide more than nine (9) copies of any exhibit.  Unless otherwise agreed by the parties, no exhibit-sharing platform shall be required for an in-person deposition. However, for in-person depositions where some counsel are participating remotely, the examining counsel shall clearly identify the exhibit when it is first shown to the deponent and read the beginning bates number when available.

38.     For remote depositions, deposing counsel may supply hard copies or transmit exhibits through an exhibit sharing platform provided by the Designated Court Reporting Service or via the public chat feature of the deposition videoconferencing platform.

39.     For remote depositions where deposing counsel elects to supply hard copies, deposing counsel shall send physical copies of the documents that may be used as exhibits during the deposition in sealed packages to (i) the witness; (ii) defending counsel; and (iii) the court reporter. The deposing counsel shall make all efforts to have the documents arrive to the recipients at least 24 hours prior to the start of the deposition. All counsel receiving the

documents shall send deposing counsel an email confirming their receipt of the package. For remote depositions where deposing counsel elects to transmit exhibits through an exhibit sharing platform (as described in paragraph 38), the deponent and their counsel must then be provided with a reasonable opportunity to print those documents (time that will not be counted on the record) before they are used in the deposition, if they elect to do so.  If they elect to do so, the deponent and their counsel should not discuss the document before the deponent is asked questions about it on the record, and the deponent should not review the document off the record without the agreement of deposing counsel.

40.     If deposing counsel elects to transmit exhibits through an exhibit sharing platform, the exhibits need not be provided to the deponent or counsel for all parties before they are shown to the deponent. The method used to share the documents must allow the deponent and counsel for all parties to review the exhibits independently and in their entirety after they are introduced.

41.     All documents marked as exhibits shall be attached to the original transcript and retained with the original transcript. Copies of exhibits may be attached to copies of the transcript where the party ordering the transcript pays for the costs of copying those exhibits.

42.     If a deponent desires to take notes during the deposition, it will be handwritten on paper provided by the deponent. If the deposing counsel desires to have those notes made an exhibit to the deposition record, they will be shown via video on the record to deposing counsel for examination and questioning and then electronically scanned and emailed to (a) defending counsel; (b) the court reporter for inclusion in the record; and (c) counsel for any other parties attending the deposition (including deposing counsel) before the conclusion of the deposition. The time spent scanning and emailing the notes will not be on the record.

43.     If defending counsel is not counsel for a party in this action, they shall return all hard copies of documents marked at any level of confidentiality that originated from deposing counsel for purposes of the deposition to deposing counsel at the conclusion of an in-person

deposition or, for a remote deposition, within seven (7) calendar days following the deposition. For a remote deposition, if the deposing counsel elects to supply hard copies pursuant to paragraph 39, deposing counsel shall include a pre-paid return shipping label in the package of documents sent to defending counsel of any nonparty prior to the deposition to facilitate the return of the documents.

44. For a remote deposition, deposing counsel may elect to provide documents to each recipient in multiple sealed envelopes, organized in a manner as they see fit. If so, the recipients shall not open any sealed envelope until instructed to do so during the deposition. Such envelopes shall be marked in some manner to facilitate recognizing which envelope to open (e.g., numbers, letters, descriptive terms). Any sealed envelopes that were not opened during the deposition shall be returned, including by defending counsel for a party in this action, to deposing counsel within seven (7) calendar days after the conclusion of the deposition in their unopened and sealed state.

45. To the extent possible, counsel for the parties agree to number deposition exhibits consecutively from deposition to deposition taken by a party. For example, if plaintiffs use Exhibits 1 to 5 in their first deposition, then the second deposition taken by plaintiffs may begin with Exhibit 6.

46. In accordance with Local Rule 30-2(b)(3), to the extent practicable, any exhibit which is an exact duplicate of an exhibit previously numbered must bear the same exhibit number, regardless of which Party is using the exhibit. Any new document, or any version of any exhibit which is not an exact duplicate, must be marked and treated as a different exhibit bearing a new exhibit number.

47. All depositions, including remote depositions, are subject to the terms of the Protective Order (ECF 137), the Supplemental Stipulation and Order (ECF 148), and the Second Supplemental Stipulation and Order (ECF 181).

STIPULATED AMENDED PROTOCOL
                                                                          REGARDING DEPOSITIONS

## VII.   TIME

48.     All deposition limitations on time may be modified by agreement.

49.     The party noticing the deposition may reserve a portion of their allocated time to conduct redirect examination, which can be used only if time is used by counsel for the deponent or counsel for co-plaintiffs or co-defendants and may cover only the topics discussed during the deposition by counsel for the deponent or examining counsel other than those for the party noticing the deposition.

50.     The Defendants may split their allotted time at their discretion.

51.     The court reporter or videographer shall maintain a total running time of the actual deposition.

## VIII.   CONFIDENTIALITY

49.     If information or documents that are subject to a confidentiality designation that limits access to outside counsel only or to a subset of outside counsel only is raised during the deposition, the examining attorney shall state the confidentiality status of the information for the record in advance and confirm that all persons who are not permitted to see or know that information be removed from the proceedings, whether in person or remote, for the duration of that discussion.

50.     Absent agreement to the contrary or a showing of good cause, deposition transcripts will temporarily be treated as Network Strictly Confidential Discovery Material for ~~twenty-one~~forty-five (~~21~~45) calendar days after the ~~court reporter finalizes the transcript and exhibits~~deposition.  Such temporary treatment shall not prevent deposing counsel, the deponent, or defending counsel from reviewing the transcript during such ~~twenty-one-day~~forty-five-day period, except for such portions of the transcript where such individual was not permitted to participate in the deposition pursuant to the Protective Order.  A party may designate a portion of the transcript as Confidential, Highly Confidential, Highly Confidential NCAA Member Financial Data, Highly Confidential Billing Records, Conference Strictly Confidential, Network

Strictly Confidential Discovery Material or any other confidentiality designation permitted under the Protective Order (or any future amendments thereto) (a) on the record during the deposition or (b) within the applicable ~~twenty-one~~forty-five (~~21~~45) calendar day period, by written notice to all parties, specifying the page and line numbers of the deposition transcript that are subject to the designation.  To the extent this 45-day period ends on a weekend or holiday, any confidentiality designations shall be due on the next business day.  To the extent that a court-filing deadline falls between the date of a deposition and the ending date of this 45-day period, the parties will meet and confer regarding the appropriate timing for the forwarding of any confidentiality designations (i) the parties; and (ii) the court reporter. A party may challenge another party's designation pursuant to the Protective Order.

51.     Upon receipt of errata and confidentiality designations, the court reporter shall reproduce the final transcript to indicate which pages include testimony that has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—COUNSEL ONLY," "HIGHLY CONFIDENTIAL NCAA MEMBER FINANCIAL DATA—LEAD COUNSEL ONLY," "HIGHLY CONFIDENTIAL BILLING RECORDS—OUTSIDE COUNSEL ONLY," "HOUSE CSC – OUTSIDE LITIGATION COUNSEL ONLY," or "HOUSE NSC – OUTSIDE LITIGATION COUNSEL ONLY."

## IX.     OTHER MATTERS

52.     An objection by one party or, in depositions of third parties, by deponent's counsel is sufficient to preserve the objection for all parties and counsel shall avoid repeating objections already preserved.

53.     All parties shall abide by the applicable federal and local rules and precedents regarding objections.

54.     Each party is responsible for ordering from the court reporter any desired transcripts or video recordings of depositions. All parties shall bear their own costs for such transcripts or video recordings.

STIPULATED AMENDED PROTOCOL
                                                                        REGARDING DEPOSITIONS

55.     Absent an agreement to the contrary or upon good cause shown, within ~~thirty~~forty-five (~~30~~45) calendar days of ~~receipt~~the date of the ~~final transcript~~deposition, the deponent or the deponent's counsel shall forward any errata to (i) the parties; and (ii) the court reporter, who will promptly notify all counsel of its receipt.  To the extent this 45-day period ends on a weekend or holiday, any errata shall be due on the next business day.  To the extent that a court-filing deadline falls between the date of a deposition and the ending date of this 45-day period, the parties will meet and confer regarding the appropriate timing for the forwarding of any errata to (i) the parties; and (ii) the court reporter.

56.     The Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, and any other governing laws control all matters not expressly addressed herein.

57.     The parties may agree on ad hoc modifications to this Protocol to accommodate the needs of a particular deponent or to resolve any issues that arise regarding a particular deposition. Such modifications may be agreed in writing or memorialized on the record at the deposition.

1  Dated:  ~~December 13, 2022~~February
   [X], 2023

2

3  **WILKINSON STEKLOFF LLP**

4  By: /s/ Rakesh N. Kilaru
   Beth A. Wilkinson (*pro hac vice*)

5  Rakesh N. Kilaru (*pro hac vice*)
   Kieran Gostin (*pro hac vice*)

6  Calanthe Cope-Kasten (*pro hac vice*)
   2001 M Street NW, 10th Floor

7  Washington, DC 20036
   Telephone:  (202) 847-4000

8  Facsimile:  (202) 847-4005
   bwilkinson@wilkinsonstekloff.com

9  rkilaru@wilkinsonstekloff.com
   kgostin@wilkinsonstekloff.com

10 ccope-kasten@wilkinsonstekloff.com

11

12 Jacob K. Danziger (SBN 278219)

13 ARENTFOX SCHIFF LLP

14 44 Montgomery Street, 38th Floor

15 San Francisco, CA 94104

16 Telephone: (734) 222-1516

17 Facsimile: (415) 757-5501
   jacob.danziger@afslaw.com

18

19 Attorneys for Defendant
   NATIONAL COLLEGIATE

20 ATHLETIC ASSOCIATION

21

22

23

24

25

26

27

28

Respectfully Submitted,

**COOLEY LLP**

By: /s/ Whitty Somvichian
Whitty Somvichian (SBN 194463)
Kathleen R. Hartnett (SBN 314267)
Ashley Kemper Corkery (SBN 301380)
David Louk (SBN 304654)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  (415) 693 2000
Facsimile:  (415) 693 2222
wsomvichian@cooley.com
khartnett@cooley.com
acorkery@cooley.com
dlouk@cooley.com

Dee Bansal (*pro hac vice*)
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842 7800
Facsimile:  (202) 842 7899
dbansal@cooley.com

Attorneys for Defendant
PAC-12 CONFERENCE

15

STIPULATED AMENDED PROTOCOL
REGARDING DEPOSITIONS

1

**MAYER BROWN LLP**                    **POLSINELLI PC**

2
By: /s/ Britt M. Miller                By: /s/ Leane K. Capps
3    Britt M. Miller (*pro hac vice*)       Leane K. Capps (*pro hac vice*)
     Matthew D. Provance (*pro hac vice*)   ~~Caitlin~~Phillip J. ~~Morgan~~R. Zeeck (*pro hac vice*)
4    71 South Wacker Drive                  ~~D. Rockwell Bower (*pro hac vice*)~~
     Chicago, IL 60606                      2950 N. Harwood Street
5    Telephone:  (312) 782-0600             Suite 2100
     Facsimile:  (312) 701-7711             Dallas, TX 75201
6    bmiller@mayerbrown.com                 Telephone:  (214) 397-0030
7    mprovance@mayerbrown.com               lcapps@polsinelli.com
                                            ~~emorgan~~pzeeck@polsinelli.com
8    Christopher J. Kelly (SBN 276312)      ~~rbower@polsinelli.com~~
     Two Palo Alto Square, Suite 300
9    3000 El Camino Real                    Amy D. Fitts (*pro hac vice*)
     Palo Alto, CA 94306                    120 W. 12th Street
10   Telephone: (650) 331-2000              Kansas City, MO 64105
     Facsimile: (650) 331-2060              Telephone: (816) 218-1255
11   cjkelly@mayerbrown.com                 afitts@polsinelli.com

12
Attorneys for Defendant                Wesley D. Hurst (SBN 127564)
13   THE BIG TEN CONFERENCE, INC.           2049 Century Park East, Suite 2300
                                            Los Angeles, CA 90067
14                                          Telephone:  (310) 556-1801
                                            whurst@polsinelli.com
15
16                                          Attorneys for Defendant
                                            THE BIG 12 CONFERENCE, INC.
17

18

19

20

21

22

23

24

25

26

27

28

16

1

**ROBINSON BRADSHAW &**　　　　　　**FOX ROTHSCHILD LLP**
**HINSON, P.A.**

2

3　By: /s/Robert W. Fuller　　　　　　　By: /s/ D. Erik Albright
　　Robert W. Fuller, III (*pro hac vice*)　　D. Erik Albright (*pro hac vice*)

4　Lawrence C. Moore, III (*pro hac vice*)　Gregory G. Holland (*pro hac vice*)
　　Pearlynn G. Houck (*pro hac vice*)　　230 North Elm Street, Suite 1200

5　Amanda P. Nitto (*pro hac vice*)　　　Greensboro, NC 27401
　　101 N. Tryon St., Suite 1900　　　　　Telephone:  (336) 378-5368

6　Charlotte, NC 28246　　　　　　　　Facsimile:  (336) 378-5400
　　Telephone:  (704) 377-2536　　　　　ealbright@foxrothschild.com

7　Facsimile:  (704) 378-4000　　　　　gholland@foxrothschild.com
　　rfuller@robinsonbradshaw.com

8　lmoore@robinsonbradshaw.com　　　Jonathan P. Heyl (*pro hac vice*)

9　phouck@robinsonbradshaw.com　　　101 N. Tryon Street, Suite 1300
　　apickens@robinsonbradshaw.com　　Charlotte, NC 28246

10　　　　　　　　　　　　　　　　　Telephone:  (704) 384-2625

11　Mark J. Seifert (SBN 217054)　　　　Facsimile:  (704) 384-2800
　　SEIFERT ZUROMSKI LLP　　　　　jheyl@foxrothschild.com

12　One Market Street, 36th Floor
　　San Francisco, California 941105　　　Alexander Hernaez (SBN 201441)

13　Telephone:  (415) 999-0901　　　　　345 California Street, Suite 2200
　　Facsimile:  (415) 901-1123　　　　　San Francisco, CA 94104-2670

14　mseifert@szllp.com　　　　　　　　Telephone:  (415) 364-5540
　　　　　　　　　　　　　　　　　　Facsimile:  (415) 391-4436

15　Attorneys for Defendant　　　　　　ahernaez@foxrothschild.com
　　SOUTHEASTERN CONFERENCE

16　　　　　　　　　　　　　　　　　Attorneys for Defendant

17　　　　　　　　　　　　　　　　　THE ATLANTIC COAST CONFERENCE

18

19

20

21

22

23

24

25

26

27

28

Case No. 4:20-cv-03919-CW　　　　　　　STIPULATED AMENDED PROTOCOL
　　　　　　　　　　　　　　　　　　　　REGARDING DEPOSITIONS

1

**HAGENS BERMAN SOBOL**
**SHAPIRO LLP**

2

By: /s/ Steve W. Berman
Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

**SPECTOR, ROSEMAN,**
**KODROFF & WILLS, PC**

By: /s/ Jeffrey L. Kodroff
Jeffrey L. Kodroff (*pro hac vice*)
Eugene A. Spector (*pro hac vice*)
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
jkodroff@srkattorneys.com
espector@srkattorneys.com

**WINSTON & STRAWN LLP**

By: /s/ Jeffrey L. Kessler
Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com

Jeanifer E. Parsigian (SBN 289001)
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com

*Counsel for Plaintiffs and the Proposed Class*

18

| Summary report: Litera Compare for Word 11.2.0.54 Document comparison done on 2/27/2023 11:48:34 AM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://worksite.rbh.local/WSACTIVE/15843855/1 | |
| **Modified DMS:** iw://worksite.rbh.local/WSACTIVE/15843855/4 | |
| **Changes:** | |
| Add | 24 |
| Delete | 19 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 43 |