# EXHIBIT 1

| | |
|---|---|
| Benjamin J. Siegel (SBN 256260)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>715 Hearst Avenue, Suite 300<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000<br>Facsimile: (510) 725-3001<br>bens@hbsslaw.com | Jeanifer E. Parsigian (SBN 289001)<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, CA 94111<br>Telephone: (415) 591-1000<br>Facsimile: (415) 591-1400<br>jparsigian@winston.com |

*Counsel for Plaintiffs in Hubbard v. NCAA*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | Case No. 4:14-md-02541-CW<br><br>PLAINTIFFS' RESPONSE TO SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP |
| CHUBA HUBBARD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.*,<br><br>Defendants. | Case No. 5:23-cv-01593-BLF |
| *Putative Related Actions:*<br><br>IN RE COLLEGE ATHLETE NIL LITIGATION, Case No. 4:20-cv-03919-CW<br><br>OLIVER V. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, Case No. 4:20-cv-04527-CW<br><br>IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION, Case No. 4:09-cv-01967 CW | |

I.     INTRODUCTION

On April 5, 2023, pursuant to Civil Local Rule 3-12(c), the Honorable Beth Labson Freeman, United States District Judge, Northern District of California, in *Hubbard, et al. v. National Collegiate Athletic Association, et al.*, Case No. 5:23-cv-01593-BLF ("*Hubbard*"), issued a Sua Sponte Judicial Referral For Purpose of Determining Relationship. ECF No. 14 (the "Order"). The Order refers the case to the Honorable Claudia Wilken, United States Senior District Judge, Northern District of California, to determine whether the *Hubbard* case is related to *In Re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*, Case No. 4:14-md-02541-CW ("*GIA*")[1]; *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919-CW ("*NIL*"); and/or *Oliver v. National Collegiate Athletic Association*, Case No. 4:20-cv-04527-CW.[2]

Pursuant to Civil Local Rules 3-12(e) and 7-11, Plaintiffs in *Hubbard*—Chuba Hubbard and Keira McCarrell, on behalf of themselves and all others similarly situated—respectfully submit this response in support of designating the *Hubbard* case as related to the *GIA*, *NIL*, and *Oliver* cases. As explained herein, the *Hubbard* case is also related to *In Re NCAA Student-Athlete Name & Likeness Licensing Litigation*, Case No. 09-cv-1967-CW ("*O'Bannon*"),[3] which like *GIA* and *NIL* was presided over by Judge Wilken (*GIA*, *NIL*, and *O'Bannon*, together, the "Putative Related Cases"). This Court has already held that (1) the *O'Bannon* and *GIA* actions are related, and (2) the *GIA* and *NIL* actions are related.[4]

This Court has now presided over three similar cases—*NIL*, *O'Bannon* and *GIA*—with significant motion practice, discovery and bench trials in two of them (*O'Bannon* and *GIA*). The third case (*NIL*) is scheduled for trial in January 2025. Counsel for the *Hubbard* Plaintiffs, who were Co-

---

[1] *GIA* is a consolidated case which includes *Alston v. National Collegiate Athletic Association, et al.*, Case No. 14-cv-01011-CW.

[2] *Oliver* is one of two primary actions—along with *House v. National Collegiate Athletic Association, et al.*—which were consolidated by this Court into *NIL*. Therefore, this Response does not separately address *Oliver*.

[3] *O'Bannon* was composed of two primary actions consolidated by this Court: *Keller v. Electronic Arts, Inc., et al.*, Case No. 09-cv-1967-CW, and *O'Bannon, Jr. v. National Collegiate Athletic Association, et al.*, Case No. 09-cv-3329-CW. The NCAA was a defendant in both actions.

[4] *See* Related Case Order, *GIA*, No. 09-cv-01967-CW (Mar. 17, 2014), ECF No. 1013 (relating *Keller* and *Alston*); Related Case Order, *NIL*, No. 20-cv-03919-CW (June 23, 2020), ECF No. 15 (relating *NIL* and *GIA*).

Lead Class Counsel in *O'Bannon* and *GIA* and have applied to be Co-Lead Class Counsel in *NIL*, submit that the criteria for relating these cases under Civil Local Rule 3-12(a) is easily met. The *Hubbard* action is substantially similar to the Putative Related Cases, and this Court has a great deal of familiarly with the factual, procedural, and substantive legal issues that arose in those complex cases and are likely to arise here. It would promote judicial efficiency for this Court to preside over this action. Plaintiffs request that *Hubbard* be related to the Putative Related Cases.

## II.  RELATIONSHIP OF THE ACTIONS

Civil Local Rule 3-12(a) states that "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." These cases—the Putative Related Cases and *Hubbard*—meet the criteria set forth in Civil Local Rule 3-12(a).

*First*, the actions "concern substantially the same parties, property, transaction or event." Civil L.R. 3-12(a)(1). All of these cases are nationwide class actions brought on behalf of similar—albeit not identical—groups of current and former college student-athletes who competed in Division I athletics pursuant to the rules of the National Collegiate Athletic Association ("NCAA"). The identified actions also involve substantially the same defendants. All of the Putative Related Cases name the NCAA as a primary defendant, and the NCAA's five dominant athletic conferences (the "Power Five Conferences") are defendants in *Hubbard*, *NIL*, and *GIA*.

All of these cases allege similar misconduct and injury to athletes, and they assert similar causes of action. Each of the cases plead causes of action for violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, on behalf of a group of NCAA college athletes who contend as a class or putative class that the NCAA and its members have abridged their economic rights by operation of the NCAA's anticompetitive and unlawfully restrictive rules. *Hubbard* challenges NCAA rules restricting the education-related compensation that can be paid to athletes, which were held unlawful in *GIA*. Indeed, the *Hubbard* Plaintiffs assert that this Court's *GIA* decision has preclusive effect on many of the issues in the *Hubbard* case under principles of collateral estoppel. Because the cases involve

similar parties and issues of law and fact, and call for resolution of substantially similar liability questions and claims, they should be related.

***Second***, it is "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). Relating the above-listed actions will greatly promote efficiency and judicial economy. Since 2009 Judge Wilken has presided over the *O'Bannon* and *GIA* actions—two highly complex cases that concluded with lengthy bench trials and resulted in published Ninth Circuit decisions and, in the case of *GIA*, a unanimous Supreme Court affirmance. Judge Wilken is currently presiding over the *NIL* action. Judge Wilken's intimate knowledge of the NCAA's byzantine rules and regulations governing college athletics, the development of the relevant facts over the past eleven years (and the decades that came before), and the governing law supports relating these cases. Judge Wilken's familiarity with the factual and legal record in *GIA* would be particularly useful in resolving the Section 1 antitrust claims in *Hubbard* given the extensive overlap between the two cases and the *Hubbard* Plaintiffs' invocation of principles of collateral estoppel. Moreover, Judge Wilken is best positioned to evaluate the *Hubbard* Plaintiffs' alternative argument that even if collateral estoppel is inapplicable, the federal judiciary now has sufficient experience with the restraint at issue in *Hubbard* that it can be condemned as either *per se* illegal or upon a "quick look."

Failure to relate the *Hubbard* action to these cases could result in "an unduly burdensome duplication of labor and expense," whereas relating the cases would provide for adjudication by a judge who is already deeply versed in the underlying facts and legal theories. Conducting the *Hubbard* case in front of Judge Wilken also will reduce the risk of conflicting results and promote the just and efficient resolution of the actions.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court designate the *Hubbard* action related to the above-listed actions.

| | | |
|---|---|---|
| 1 | Dated: April 6, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | HAGENS BERMAN SOBOL SHAPIRO LLP | WINSTON & STRAWN LLP |
| 4 | By: */s/ Benjamin J. Siegel*<br>Benjamin J. Siegel (SBN 256260) | By: */s/ Jeanifer E. Parsigian*<br>Jeanifer E. Parsigian (SBN 289001) |
| 5 | 715 Hearst Avenue, Suite 300<br>Berkeley, CA 94710 | 101 California Street<br>San Francisco, CA 94111 |
| 6 | Telephone: (510) 725-3000<br>Facsimile: (510) 725-3001 | Telephone: (415) 591-1000<br>Facsimile: (415) 591-1400 |
| 7 | bens@hbsslaw.com | jparsigian@winston.com |
| 8 | Steve W. Berman (*pro hac vice* forthcoming) | Jeffrey L. Kessler (*pro hac vice* submitted) |
| 9 | Emilee N. Sisco (*pro hac vice* forthcoming)<br>Stephanie Verdoia (*pro hac vice* forthcoming) | David L. Greenspan (*pro hac vice* submitted)<br>Adam I. Dale (*pro hac vice* submitted) |
| 10 | 1301 Second Avenue, Suite 2000<br>Seattle, WA 98101 | 200 Park Avenue<br>New York, NY 10166-4193 |
| 11 | Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594 | Telephone: (212) 294-4698<br>Facsimile: (212) 294-4700 |
| 12 | steve@hbsslaw.com<br>emilees@hbsslaw.com | jkessler@winston.com<br>dgreenspan@winston.com |
| 13 | stephaniev@hbsslaw.com | aidale@winston.com |

*Counsel for Plaintiffs in Hubbard v. NCAA*