JENNER & BLOCK LLP
David R. Singer (SBN 204699)
dsinger@jenner.com
Elizabeth Baldridge (SBN 313390)
ebaldridge@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, California 90071-2246
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for non-parties Fox Broadcasting Company, LLC, Fox Sports 1, LLC (as successors-in-interest to Fox Cable Networks, Inc. and Fox Broadcasting Company), and Big Ten Network, LLC

*List of Defendants' counsel appears in signature block*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re College Athlete NIL Litigation | Case No. 4:20-cv-03919 CW<br><br>**JOINT STIPULATION PURSUANT TO PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL NETWORK AGREEMENTS TO DEFENDANTS' EXPERT**<br><br>[Proposed] Order filed concurrently |

**Joint Stipulation**

Pursuant to the operative stipulated protective orders and amendments in place in this action dated December 22, 2020 [ECF 137] and February 8, 2021 [ECF 148] (the "Protective Orders"), non-parties Fox Broadcasting Company, LLC and Fox Sports 1 (as successors-in-interest to Fox Cable Networks, Inc. and Fox Broadcasting Company), and the Big Ten Network, LLC (collectively, "Fox"), Defendants, and Defendants' retained expert Professor Catherine Tucker ("Tucker") entered into an agreement (the "Agreement") concerning conditions on Tucker's ability to view certain "Network Strictly Confidential" materials. At the time that Fox, Defendants, and Tucker entered into the Agreement, Tucker had not yet been disclosed as Defendants' expert in this action.

Now that Defendants have disclosed Tucker as their retained expert, Defendants and Fox stipulate to the entry of an Order reflecting the terms of their Agreement. This stipulation is made pursuant to the February 8, 2021, Protective Order [ECF 148], ¶¶ 14-16 (governing parties' duty to disclose expert witnesses to non-party networks, networks' right to object to disclosure of confidential materials, and the Court's power to restrict such disclosure), for the following reasons:

WHEREAS, Fox manages and operates several sports networks, sites, and platforms including, but not limited to, FOX, Fox Sports 1, Fox Sports 2, and the Big Ten Network ("BTN").

WHEREAS, in connection with the management and operation of these networks, Fox has secured telecast and other media rights to certain college football and other sports games (the "telecast rights").

WHEREAS, the telecast rights are memorialized in confidential agreements and referenced in various other confidential documents previously produced in litigation in the actions captioned *In re NCAA Athletic Grant-in-Aid Cap Antitrust Litigation*, United States District Court, Northern District of California, Case Nos. 4:14-md-2541-CW and 4:14-cv-2758-CW, and subsequently deemed by the parties and the court to have been produced in this action.

WHEREAS, Fox's confidential material produced in this action is subject to the Protective Orders, and Fox is not a party to this action but has standing to protect its confidential information pursuant to the Protective Orders.

1  WHEREAS, the February 8, 2021, Protective Order [ECF 148] provides that parties must disclose to non-party networks the identities of parties' experts and consultants prior to disclosing certain "Network Strictly Confidential" materials to those experts.

WHEREAS, Fox also has the right to object, as appropriate, to party experts' ability to access confidential agreements and information under the Protective Order.

WHEREAS, following this procedure, Defendants identified Tucker to Fox as Defendants' retained expert.

WHEREAS, Tucker is the Sloan Distinguished Professor of Management at MIT Sloan. Tucker is Defendants' retained economics expert.

WHEREAS, Fox timely asserted a qualified objection to Defendants' disclosure of Fox's Network Strictly Confidential materials to Tucker.

WHEREAS, Fox and Defendants reached an agreement to place conditions on the disclosure of Fox's Network Strictly Confidential materials to Tucker.

NOW, THEREFORE, IT IS HEREBY JOINTLY STIPULATED AND AGREED, subject to the Court's approval that:

1. If Tucker is given access to any of Fox's Network Strictly Confidential materials, she will maintain their confidentiality consistent with the Protective Orders; and

2. If Tucker is given access to Fox's Network Strictly Confidential materials, then she may not serve as a consultant for (or otherwise assist) any Defendant conference in connection with negotiation for any prospective telecast rights regarding college football with Fox or any Fox-affiliated and controlled company through May 30, 2025.

Dated: January 19, 2023               *Defendant Atlantic Coast Conference*

                                      By:  [signature]

                                      FOX ROTHSCHILD LLP

                                      On behalf of Defendant Atlantic Coast Conference

Dated: January __, 2023               *Defendant The Big Ten Conference, Inc.*

|   |   |
|---|---|
|   | By: */s/ Britt M. Miller* |
|   | Britt Miller |
|   | Daniel Fenske |
|   | MAYER BROWN LLP |
|   | On behalf of Defendant The Big Ten Conference, Inc. |

Dated: January __, 2023              *Defendant The Big Twelve Conference, Inc.*

By:

POLSINELLI PC

On behalf of Defendant The Big Twelve Conference, Inc.

Dated: January 18, 2023              *Defendant National Collegiate Athletic Association*

By: */s/*

WILKINSON STEKLOFF LLP

On behalf of Defendant National Collegiate Athletic Association

Dated: January __, 2023              *Defendant Pac-12 Conference*

By:

COOLEY LLP

On behalf of Defendant Pac-12 Conference

Dated: January __, 2023              *Defendant Southeastern Conference*

|   |   |   |
|---|---|---|
| 1 | | By: |
| 2 | | Britt Miller<br>Daniel Fenske |
| 3 | | MAYER BROWN LLP |
| 4 | | On behalf of Defendant The Big Ten Conference, Inc. |
| 5 | | |
| 6 | Dated: January __, 2023 | *Defendant The Big Twelve Conference, Inc.* |
| 7 | | By: *[signature] Capps* |
| 8 | | POLSINELLI PC |
| 9 | | On behalf of Defendant The Big Twelve Conference, Inc. |
| 10 | | |
| 11 | Dated: January 18, 2023 | *Defendant National Collegiate Athletic Association* |
| 12 | | |
| 13 | | By: *[signature]* |
| 14 | | WILKINSON STEKLOFF LLP |
| 15 | | On behalf of Defendant National Collegiate Athletic Association |
| 16 | | |
| 17 | Dated: January __, 2023 | *Defendant Pac-12 Conference* |
| 18 | | |
| 19 | | By: |
| 20 | | COOLEY LLP |
| 21 | | On behalf of Defendant Pac-12 Conference |
| 27 | Dated: January __, 2023 | *Defendant Southeastern Conference* |

| | | |
|---|---|---|
| | By: | Britt Miller<br>Daniel Fenske |
| | | MAYER BROWN LLP |
| | | On behalf of Defendant The Big Ten Conference, Inc. |

Dated: January __, 2023                                 *Defendant The Big Twelve Conference, Inc.*

                                                By:

                                                        POLSINELLI PC

                                                        On behalf of Defendant The Big Twelve Conference, Inc.

Dated: January 18, 2023                                 *Defendant National Collegiate Athletic Association*

                                                By: [signature]

                                                        WILKINSON STEKLOFF LLP

                                                        On behalf of Defendant National Collegiate Athletic Association

Dated: January <u>20</u>, 2023                          *Defendant Pac-12 Conference*

                                                By: [signature]

                                                        COOLEY LLP

                                                        On behalf of Defendant Pac-12 Conference

Dated: January __, 2023                                 *Defendant Southeastern Conference*

By: _____
ROBINSON BRADSHAW & HINSON, P.A.

On behalf of Defendant Southeastern Conference

Dated: January 18, 2023

*Professor Catherine Tucker*

By: _____
Catherine Tucker

Dated: January 26, 2023

*Fox Broadcasting Company LLC and Fox Sports 1, LLC (as successors-in-interest to Fox Cable Networks, Inc. and Fox Broadcasting Company), and Big Ten Network, LLC*

By: _____
David R. Singer
Elizabeth Baldridge

JENNER & BLOCK LLP