Jacob K. Danziger (SBN 278219)
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA 94104 United States
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Cali Cope-Kasten (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone:  (202) 847-4000
Facsimile:  (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
ccope-kasten@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**STIPULATION AND [PROPOSED] ORDER SUPPLEMENTING RECORD**<br><br>Judge: Hon. Claudia Wilken |

-2-

1  Pursuant to this Court's April 7, 2023 Order Granting Stipulation and Setting Case Schedule (ECF No. 243), all Defendants submitted their Class Certification Opposition, Supporting Expert Reports, and *Daubert* Motion (the "Class Opposition Submittals") on April 28, 2023. On May 1, 2023, Defendants first obtained a sworn Declaration from a non-party witness, Jimmy Sexton. Defendants furnished the Sexton Declaration to Plaintiffs, and Plaintiffs (with reservation of rights, as noted below) have consented to Defendants' submission of the Sexton Declaration to supplement the record supporting the Class Opposition Submittals. Defendants represent to the Court that, despite diligent efforts, and as a result of circumstances outside their control, they were unable to obtain Mr. Sexton's sworn Declaration prior to May 1, 2023.

Accordingly, all parties submit the following Stipulation:

WHEREAS, the Sexton Declaration is attached hereto as Exhibit A;

WHEREAS, Defendants assert that the Sexton Declaration supports the arguments set forth at pages 8:13–9:3; 12:18–20; 24:5; 24:24–25:6, and 30:25–31:15 of Defendants' Joint Opposition to Plaintiffs' Motion for Class Certification [ECF No. 252]; and

WHEREAS, while consenting to the submission of the Sexton Declaration as a supplement to the record, Plaintiffs reserve all rights and arguments in opposition to the Class Opposition Submittals and the Sexton Declaration;

THEREFORE, THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE, SUBJECT TO COURT APPROVAL, THAT:

The Court issue an order receiving the Sexton Declaration tendered by Defendants in support of their Class Opposition Submittals as an addition to the record in this action.

Dated: May 4, 2023

Respectfully Submitted,

| WILKINSON STEKLOFF LLP | COOLEY LLP |
|---|---|
| By: /s/ Rakesh N. Kilaru<br>Beth A. Wilkinson (*pro hac vice*)<br>Rakesh N. Kilaru (*pro hac vice*)<br>Kieran Gostin (*pro hac vice*)<br>Calanthe Cope-Kasten (*pro hac vice*)<br>2001 M Street NW, 10th Floor<br>Washington, DC 20036<br>Telephone: (202) 847-4000<br>Facsimile: (202) 847-4005<br>bwilkinson@wilkinsonstekloff.com<br>rkilaru@wilkinsonstekloff.com<br>kgostin@wilkinsonstekloff.com<br>ccope-kasten@wilkinsonstekloff.com<br><br>Jacob K. Danziger (SBN 278219)<br>ARENTFOX SCHIFF LLP<br>44 Montgomery Street, 38th Floor<br>San Francisco, CA 94104<br>Telephone: (734) 222-1516<br>Facsimile: (415) 757-5501<br>jacob.danziger@afslaw.com<br><br>Attorneys for Defendant<br>NATIONAL COLLEGIATE<br>ATHLETIC ASSOCIATION | By: /s/ Whitty Somvichian<br>Whitty Somvichian (SBN 194463)<br>Kathleen R. Hartnett (SBN 314267)<br>Ashley Kemper Corkery (SBN 301380)<br>David Louk (SBN 304654)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, California 94111-4004<br>Telephone: (415) 693 2000<br>Facsimile: (415) 693 2222<br>wsomvichian@cooley.com<br>khartnett@cooley.com<br>acorkery@cooley.com<br>dlouk@cooley.com<br><br>Mark Lambert (SBN 197410)<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br>mlambert@cooley.com<br><br>Dee Bansal (*pro hac vice*)<br>1299 Pennsylvania Ave. NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone: (202) 842 7800<br>Facsimile: (202) 842 7899<br>dbansal@cooley.com<br><br>Attorneys for Defendant<br>PAC-12 CONFERENCE |

| | |
|---|---|
| **MAYER BROWN LLP** | **POLSINELLI PC** |
| By: /s/ Britt M. Miller | By: /s/ Leane K. Capps |
| Britt M. Miller (*pro hac vice*) | Leane K. Capps (*pro hac vice*) |
| Daniel T. Fenske (*pro hac vice*) | 2950 N. Harwood Street |
| 71 South Wacker Drive | Suite 2100 |
| Chicago, IL 60606 | Dallas, TX 75201 |
| Telephone:  (312) 782-0600 | Telephone:  (214) 397-0030 |
| Facsimile:  (312) 701-7711 | lcapps@polsinelli.com |
| bmiller@mayerbrown.com | |
| dfenske@mayerbrown.com | Phillip Zeeck (*pro hac vice*) |
| | Amy D. Fitts (*pro hac vice*) |
| Christopher J. Kelly (SBN 276312) | 120 W. 12th Street |
| Two Palo Alto Square, Suite 300 | Kansas City, MO 64105 |
| 3000 El Camino Real | Telephone: (816) 218-1255 |
| Palo Alto, CA 94306 | pzeeck@polsinelli.com |
| Telephone: (650) 331-2000 | afitts@polsinelli.com |
| Facsimile: (650) 331-2060 | |
| cjkelly@mayerbrown.com | Wesley D. Hurst (SBN 127564) |
| | 2049 Century Park East, Suite 2300 |
| Attorneys for Defendant | Los Angeles, CA 90067 |
| THE BIG TEN CONFERENCE, INC. | Telephone:  (310) 556-1801 |
| | whurst@polsinelli.com |
| | |
| | Attorneys for Defendant |
| | THE BIG 12 CONFERENCE, INC. |

| | |
|---|---|
| **ROBINSON, BRADSHAW & HINSON, P.A.** | **LATHAM & WATKINS LLP** |
| By: /s/Robert W. Fuller | By: /s/ Christopher S. Yates |
| Robert W. Fuller, III (*pro hac vice*) | Christopher S. Yates (SBN 161273) |
| Lawrence C. Moore, III (*pro hac vice*) | Aaron T. Chiu (SBN 287788) |
| Amanda P. Nitto (*pro hac vice*) | 505 Montgomery Street, Suite 2000 |
| Travis S. Hinman (*pro hac vice*) | San Francisco, CA 94111 |
| 101 N. Tryon St., Suite 1900 | Telephone: (415) 391-0600 |
| Charlotte, NC 28246 | Facsimile: (415) 395-8095 |
| Telephone: (704) 377-2536 | chris.yates@lw.com |
| Facsimile: (704) 378-4000 | aaron.chiu@lw.com |
| rfuller@robinsonbradshaw.com | |
| lmoore@robinsonbradshaw.com | Anna M. Rathbun (SBN 273787) |
| anitto@robinsonbradshaw.com | 555 Eleventh Street, NW, Suite 1000 |
| thinman@robinsonbradshaw.com | Washington, DC 20004 |
| | Telephone: (202) 637-1061 |
| Mark J. Seifert (SBN 217054) | Facsimile: (202) 637-2201 |
| SEIFERT ZUROMSKI LLP | anna.rathbun@lw.com |
| 100 Pine Street, Suite 1250 | |
| San Francisco, California 94111 | **FOX ROTHSCHILD LLP** |
| Telephone: (415) 999-0901 | |
| Facsimile: (415) 901-1123 | By: /s/ D. Erik Albright |
| mseifert@szllp.com | D. Erik Albright (*pro hac vice*) |
| | Jonathan P. Heyl (*pro hac vice*) |
| | Gregory G. Holland (*pro hac vice*) |
| Attorneys for Defendant | 230 North Elm Street, Suite 1200 |
| SOUTHEASTERN CONFERENCE | Greensboro, NC 27401 |
| | Telephone: (336) 378-5368 |
| | Facsimile: (336) 378-5400 |
| | ealbright@foxrothschild.com |
| | jheyl@foxrothschild.com |
| | gholland@foxrothschild.com |
| | |
| | Attorneys for Defendant |
| | THE ATLANTIC COAST CONFERENCE |

| | |
|---|---|
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **WINSTON & STRAWN LLP** |
| By: /s/ Steve W. Berman | By: /s/ Jeffrey L, Kessler |
| Steve W. Berman (*pro hac vice*) | Jeffrey L. Kessler (*pro hac vice*) |
| Emilee N. Sisco (*pro hac vice*) | David G. Feher (*pro hac vice*) |
| 1301 Second Avenue, Suite 2000 | David L. Greenspan (*pro hac vice*) |
| Seattle, WA 98101 | Adam I. Dale (*pro hac vice*) |
| Telephone: (206) 623-7292 | 200 Park Avenue |
| Facsimile: (206) 623-0594 | New York, NY 10166-4193 |
| steve@hbsslaw.com | Telephone: (212) 294-6700 |
| emilees@hbsslaw.com | Facsimile: (212) 294-4700 |
| | jkessler@winston.com |
| | dfeher@winston.com |
| Benjamin J. Siegel (SBN 256260) | dgreenspan@winston.com |
| 715 Hearst Avenue, Suite 202 | aidale@winston.com |
| Berkeley, CA 94710 | |
| Telephone: (510) 725-3000 | Jeanifer E. Parsigian (SBN 289001) |
| Facsimile: (510) 725-3001 | 101 California Street |
| bens@hbsslaw.com | San Francisco, CA 94111 |
| | Telephone: (415) 591-1000 |
| **SPECTOR, ROSEMAN, KODROFF & WILLS, PC** | Facsimile: (415) 591-1400 |
| | jparsigian@winston.com |
| By: /s/ Jeffrey L. Kodroff | |
| Jeffrey L. Kodroff (*pro hac vice*) | |
| Eugene A. Spector (*pro hac vice*) | |
| 2001 Market Street, Suite 3420 | |
| Philadelphia, PA 19103 | |
| Telephone: (215) 496-0300 | |
| Facsimile: (215) 496-6611 | |
| jkodroff@srkattorneys.com | |
| espector@srkattorneys.com | |

*Counsel for Plaintiffs and the Proposed Class*

-7-

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(h)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

                                                  */s/ Rakesh Kilaru*
                                                  Rakesh Kilaru

-8-

1 **[PROPOSED] ORDER**

2  PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

5                                             THE HONORABLE CLAUDIA WILKEN

6                                             United States District Court Judge

# Exhibit A

Mark J. Seifert (SBN 217054)
SEIFERT LAW FIRM
50 California Street, Suite 1500
San Francisco, California 94111
Tel.   (415) 999-0901
Fax   (415) 901-1123
mseifert@seifertfirm.com

Robert W. Fuller (*pro hac vice*)
Lawrence C. Moore, III (*pro hac vice*)
Pearlynn G. Houck (*pro hac vice*)
Amanda P. Nitto (*pro hac vice*)
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Tel.   (704) 377-2536
Fax   (704) 378-4000
rfuller@robinsonbradshaw.com
lmoore@robinsonbradshaw.com
phouck@robinsonbradshaw.com
anitto@robinsonbradshaw.com

Attorneys for Defendant
SOUTHEASTERN CONFERENCE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| In re College-Athlete NIL Litigation | Case No. 4:20-cv-03919-CW |
|---|---|
| | **DECLARATION OF JAMES E. "JIMMY" SEXTON, II** |

1. I am a sports agent, representing players and coaches in contract negotiations. I am the Co-Head of the Football division and Head of the Coaching division at CAA Sports, a division of the Creative Artists Agency. I make this declaration of my own personal knowledge and, if called on to do so, could testify competently to the facts stated herein under oath.

2. Creative Artists Agency describes its business on LinkedIn as follows:

> Creative Artists Agency (CAA) is the leading entertainment and sports agency, with global expertise in film and live entertainment, digital media, publishing, sponsorship sales and endorsements, media finance, consumer investing, fashion, trademark licensing, and philanthropy. Distinguished by its culture of collaboration and exceptional client service, CAA's diverse workforce identifies, innovates, and amplifies opportunities for the people and organizations that shape culture and inspire the world. The trailblazer of the agency business, CAA was the first to build a sports business, create an investment bank, launch a venture fund, found technology start-up companies, establish a philanthropic arm, build a business in China, and form a brand marketing services division, among other innovations. Named Most Valuable Sports Agency by Forbes for eight consecutive years, CAA represents more than 2,000 of the world's top athletes in football, baseball, basketball, hockey, soccer, in addition to coaches, on-air broadcasters, and sports personalities and works in the areas of broadcast rights, corporate marketing initiatives, social impact, and sports properties for sales and sponsorship opportunities. Founded in 1975, CAA is headquartered in Los Angeles, and has offices in New York, Nashville, Memphis, Chicago, Miami, London, Munich, Geneva, Stockholm, Shanghai, and Beijing, among other locations globally. For more information, please visit www.caa.com.

CAA Sports manages contracts with a combined value of over $8.46 billion. Forbes has repeatedly ranked CAA Sports as the #1 sports agency.

3. I graduated from the University of Tennessee in 1986 and was licensed as an NFL Players Association ("NFLPA") certified contract advisor ("agent") in 1987. I was one of the youngest agents ever to be licensed by the NFLPA. My first client as an agent was Reggie White, who at one point in time became the NFL's highest paid defensive player and was ultimately elected to the Hall of Fame.

4. In my career as an agent, I have represented a significant number of NFL and NBA star players, including Scottie Pippen (played college basketball at Central Arkansas; 17

year NBA career; starting small forward on the Chicago Bulls team who won the NBA championship six times; Olympic gold medal winner), Isaac Bruce (played college football at Memphis State University; 16 year career as NFL wide receiver; Super Bowl Champion; Pro Football Hall of Fame), Sam Darnold (played college football at the University of Southern California; currently quarterback of the San Francisco 49ers), Julio Jones (played college football at the University of Alabama; started his NFL career in 2011 with the Atlanta Falcons; as a wide receiver with the Tampa Bay Buccaneers won a Super Bowl), Derrick Henry (played college football at the University of Alabama; running back since 2016 with the Tennessee Titans; 2020 NFL Offensive Player of the Year), and Josh Allen (played collegiately at the University of Wyoming; starting quarterback for the Buffalo Bills; first player in the history of the National Football League to have three seasons with at least 25 passing touchdowns and 5 rushing touchdowns). I also represent a large number of NFL and college coaches. In addition, CAA Sports' marketing agents who report to me represent college players in the name, image, and likeness ("NIL") marketplace.

      5.      For each of my clients who is (or becomes) an NFL player, I negotiate the compensation terms in their employment contracts. As a result, I am intimately familiar with the standard NFL Player Contract and have deep knowledge and experience about the factors that are important in determining the compensation that will be paid to an NFL player by the NFL team (referred to in the contract as a "Club") employing the player.

      6.      Negotiation of the Player Contract for any individual player focuses on: (a) amount of compensation (salary), (b) the term and termination/opt-out provisions of the contract, and (c) the amount of any bonus(es) or incentive payments to be made by the Club to the player.

7. Included amongst the factors and considerations that Clubs take into account, and that are important in the negotiation of the Player Contract, are: (a) past performance and playing ability and projected future performance and playing ability of the player on the field of play; (b) expected career longevity of the player; (c) physical fitness of the player and history of injuries; (d) whether the player will "fit" in the locker room and relate well and in a positive manner to other players on the team, and to coaches; (e) compensation/salary of other players who play the same position on the field, and who are of comparative talent and ability; (f) the needs of the Club (a Club that needs a quarterback may offer much more favorable terms than a Club with an established and talented quarterback, for example); (g) the player's attitude, personal characteristics, and any off-field positive (e.g., public service) or negative (e.g., criminal history) conduct that may reflect on the Club; and (h) the factors addressed in the next paragraph.

8. Parameters and restrictions established by the terms of the NFLPA Collective Bargaining Agreement come into play when negotiating the terms of the Player Contract. For example, the Collective Bargaining Agreement establishes a minimum salary, specifies the permissible size of the roster for each Club, and sets a limit on the total amount of compensation that can be provided to all players at a single Club (but for most players does not set an upper limit on an individual player's compensation). There are specified NFL Club compensation ranges for NFL players who fall into various categories (new players, certain free agents, etc.) Even with these restrictions and provisions, the compensation paid to players by Clubs varies widely. In the fall of 2022, the NFL minimum salary, pursuant to the Collective Bargaining Agreement, for any player on a Club's active or inactive list was $705,000, and the highest NFL player salary exceeded $50 million. (Some NFL players are paid the minimum salary.)

9. The Player Contract includes provisions that authorize the Club and the NFL to use the player's name, image and likeness for certain specified and limited promotional purposes and confirming the player and the NFLPA will not contest the exclusive rights of the NFL and its Clubs to broadcast NFL games. In my years of experience as a sports agent, however, I have never known these provisions to have any material impact on or to have been a factor or negotiating point with respect to the compensation, bonuses, or term of the player's contract. Clubs and a player's agent focus on the factors and considerations summarized in paragraphs 7 and 8 when negotiating compensation, bonuses, and the term of the player's contract.

10. I understand that plaintiffs in this action have suggested that if a portion of broadcast revenues were shared with student-athletes, each conference would share the same percentage of its broadcast revenues, so that student-athletes in a conference with higher broadcast revenues would receive larger payments (in absolute dollar terms) than student-athletes in conferences with lower broadcast revenues. I also understand that the plaintiffs in this action have suggested that each scholarship student-athlete on a team would be paid the same amount (i.e., all football players on a team with an athletics scholarship would be paid the same amount, whether the player is a strong contributor or a star, or a bench-warmer). From the perspective of an agent who represents professional athletes, in my opinion, if broadcast revenues were shared with student-athletes, the market would not develop as plaintiffs suggest for the reasons outlined below.

11. If broadcast revenue sharing is permitted in college athletics, agents representing star football and basketball players would not advise their player clients to accept the same payment as a player of less talent, ability, and value on the field of play – and star football and basketball players would almost certainly refuse to enter into such a payment structure. I would

anticipate a significant amount of litigation ensuing from star players who would not want to participate in such a revenue sharing process.

    I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

    Executed on April 30th, 2023.

                                                                      James E. "Jimmy" Sexton, II