Jacob K. Danziger (SBN 278219)
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA 94104 United States
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Beth A. Wilkinson (pro hac vice)
Rakesh N. Kilaru (pro hac vice)
Kieran Gostin (pro hac vice)
Cali Arat (pro hac vice)
Tamarra Matthews Johnson (pro hac vice)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone:  (202) 847-4000
Facsimile:  (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

[Additional Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**MOTION FOR ADMINTISTRATIVE RELIEF FOR LEAVE TO CONDUCT A SUPPLEMENTAL DEPOSITION OF DR. DANIEL RASCHER**<br><br>Judge: Hon. Claudia Wilken |

In support of their reply brief on class certification, Plaintiffs filed a second report by Dr. Daniel Rascher that includes new opinions and data analyses that far exceed the permissible bounds of a rebuttal report. *See* Rascher Class Cert. Reply Report, ECF No. 290-2 (Reply Rpt.). Defendants therefore seek the Court's leave under Civil Local Rule 7-11 and the Court's April 7, 2023 Order Granting Stipulation and Setting Case Schedule, ECF No. 243,[1] to conduct a three-hour supplemental deposition of Dr. Rascher before Friday, September 1, 2023. Plaintiffs oppose this request. *See* Declaration of Rakesh Kilaru, at 1.

The Federal Rules and this Court's precedent are clear: "[A]n expert witness's opening report must contain 'a complete statement of all opinions the witness will express and the basis and reasons for them' together with 'the facts or data considered by the witness in forming them' and 'any exhibits that will be used to summarize or support them.'" *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2014 WL 1351040, at *3 (N.D. Cal. Apr. 4, 2014) (quoting Fed. R. Civ. P. 26(a)(2)(B)(i)–(iii)). "Rebuttal disclosures of expert testimony are 'intended solely to contradict or rebut evidence on the same subject matter identified by another party' in its expert disclosures." *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). "Plaintiffs [should] not be allowed to 'sandbag' Defendants with new analysis that should have been included" in an original report. *Id.* at 12. *See also Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 5572835, at *3 (N.D. Cal. Nov. 15, 2011) (subject matter limitations on expert reply reports are "designed to forestall 'sandbagging' by a party with the burden of proof who wishes to save its best points for reply, when it will have the last word"). While exclusion is an appropriate remedy for rebuttal reports that introduce new opinions and material, *see* Federal Rule of Civil Procedure 37(c)(1), courts frequently allow a supplemental deposition of the expert to ensure the opposing party is not prejudiced. *See, e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486 PJH, 2006 WL 3462580, at *1 (N.D. Cal. Nov. 29, 2006) (a second 4-hour deposition was the "fair result" where an "expert report contain[ed] new conclusions").

---

[1] This Court's April 7, 2023 Order Granting Stipulation and Setting Case Schedule, ECF No. 243, states that "[n]o supplemental depositions shall be permitted without agreement of the parties or leave of the Court." *Id.* at 2.

Further, courts have granted supplemental depositions even where an expert's rebuttal report does not technically exceed Rule 26's limits, provided that the new report contains a "significant amount of new material" and "Defendants have had no meaningful opportunity to question [the expert] about this new material." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 3:07-md-01827-SI, 2014 WL 12639392, at *2 (N.D. Cal. Dec. 10, 2014) (granting an additional 4-hour deposition even though "there [wa]s nothing unusually or improperly new about [the expert]'s reply report that would itself justify a second deposition," because "an additional brief deposition of [the expert] would not be unreasonably duplicative, and [] the burden and expense of a further session [did] not exceed the benefit considering the needs of th[e] complex case"). *See also Glaukos Corp. v. Ivantis, Inc.*, No. 818CV00620JVSJDEX, 2020 WL 1625836, at *5 (C.D. Cal. Mar. 2, 2020) (finding that a second deposition was warranted for the key expert in a case for "for full exploration of the theories upon which the witness relies" (quoting Fed. R. Civ. P. 30 advisory committee notes to the 2000 amendment)).

Under these well-established standards, a supplemental deposition is warranted. Instead of limiting his rebuttal report to addressing Dr. Tucker's opinions, Dr. Rascher advances new theories, utilizes new economic principles, and marshals new evidence that is untethered to Dr. Tucker's report and amounts to affirmative opinions that should have been disclosed in his opening report. At minimum, Defendants should be entitled to a limited additional deposition of Dr. Rascher because of the "significant amount of new material" in his report, particularly given "the needs of th[is] complex case" where Plaintiffs seek over $1 billion in damages pre-trebling. *See Flat Panel*, 2014 WL 12639392, at *2.

The new material in Dr. Rascher's report warranting an additional deposition includes:

- **Dr. Rascher introduces ten pages of new analysis to support Plaintiffs' unfounded argument that a lost opportunity alone may constitute an antitrust injury.**

Dr. Rascher impermissibly introduces for the first time an extensive analysis supporting Plaintiffs' claim that mere lost opportunities can constitute proof of class wide antitrust injury. *See* Reply Rpt. at 14–19. To be clear, Defendants fundamentally disagree with this claim. *See* Defendants' Joint Opp. to Plaintiffs' Mot. for Class Certification ("Joint Opp."), ECF No. 252, at

2

37–38. But for present purposes, the relevant point is that Dr. Rascher addressed this issue only in passing in his first report, *see* Rascher Class Cert. Opening Report ("Opening Rpt.") at 48, and now expands on it considerably. First, Dr. Rascher introduces the idea that "the relevant concept for economic injury related to the possibility for compensation is expected value: the average amount that a given class member would reasonably expect to have earned through NIL transactions." Reply Rpt. at 15. Dr. Rascher never once mentioned "expected value" in his Opening Report and, as such, Dr. Tucker did not have the opportunity to address it.

Second, Dr. Rascher posits that the challenged rules prevented student-athletes from obtaining "market information about the value of their NIL" and that this alone constitutes an "economic injury." *Id.* at 18. Again, Dr. Rascher's Opening Report did not discuss deprivation of "market information" as an economic injury, much less one sufficient to satisfy the requirement for antitrust injury for a purported class for which Plaintiffs seek more than $1 billion in damages.

Defendants should have the opportunity to explore these extended invocations of new economic concepts on what is apparently a key aspect of Plaintiffs' effort to satisfy Rule 23.

- **Dr. Rascher introduces new data, statistical concepts, and new adjustments for his third-party NIL injury and damages methodology**.

Dr. Rascher also for the first time applies previously existing data and economic theories, and implements new adjustments, to his third-party NIL analysis. Reply Rpt. at 70–81. In his initial report, Dr. Rascher laid out, but did not perform, potential adjustments to existing data on third-party NIL transactions to try to minimize the obvious imprecision and speculation involved in assuming that post-2021 transactions can be ported into the past. At his deposition, Dr. Rascher could not provide any explanation for his failure to perform these adjustments. *See* Deposition Transcript of Daniel A. Rascher, 246:7–248:21. Now that Dr. Tucker has submitted her report, Dr. Rascher purports to implement these adjustments, including new econometric tools, *see* Reply Rpt. at 74–76, in ways that go far beyond the generic descriptions in his original report.

Rascher also applies for the first time adjustments for: "event participation," *id.* at 72–77; transfers, *id.* at 77–80; and women's gymnastics, baseball, and softball, *id.* at 80–81. These adjustments were never applied in Dr. Rascher's initial methodology, and his decision to

3

implement them runs directly contrary to his initial conclusion that "[a]n adjustment for the athlete's role on the team may be needed for [only] the two very high revenue, high interest sports of football and basketball."  Opening Rpt. at 99–100.

These conclusions and analyses – presented for the first time in a reply that follows Dr. Tucker's report and deprives Defendants' of the opportunity to respond – is classic sandbagging justifying a new deposition.  *See In re High-Tech Emp. Antitrust Litig.*, 2014 WL 1351040, at *13.

- **Dr. Rascher relies on new evidence and arguments in his much more extensive discussion of substitution effects.**

Dr. Rascher initially barely addressed the concept of substitution effects and limited his conclusions to the substitution effects between Division I and professional sports.  *See* Opening Rpt. at 117–21.  Dr. Tucker has since explained that substitution effects are even more of a problem here than in *O'Bannon*, as Plaintiffs have (1) proposed far greater payments than in *O'Bannon*, and (2) limited their BNIL damages class to the Autonomy 5 Conferences.  *See* Expert Report of Catherine Tucker, ECF No. 251-1, ("Tucker Rpt.") at 21–78.  *See also* Joint Opp. at 25–28.  Dr. Rascher now attempts to minimize the flaws in his initial analysis in a far reaching discussion.  *See* Reply Rpt. at 82–101.  For example, he asserts with minimal support that the substitution effect is a non-issue because a student-athlete at a non-A5 school would receive comparable benefits in the but-for world to a student-athlete in an A5 school, *see id.* at 83, and relies on new sources of evidence that were previously available, *see id.* at 100.  Dr. Rascher also again introduces entirely new economic principles, including those about "revealed preference," *see id.* at 94–95 n. 240, and new variables, like "position availability," *see id.* at 99–100.  Defendants are entitled to test the evidentiary basis for these newfound assertions and conclusions.

- **Dr. Rascher attempts to defend his BNIL model with reference to new economic concepts that he could have addressed before.**

Dr. Rascher originally opined with only cursory analysis that conferences, rather than schools, would make payments to student-athletes.  *See* Opening Rpt. at 75–78.  This assumption was debunked in both Defendants' opposition to class certification, *see* Joint Opp. at 13–14, and Dr. Tucker's report, *see* Tucker Rpt. at 126–32.  As a result, Dr. Rascher pivots to a completely

4

new concept and argues that "one feature of a competitive economic equilibrium is efficiency" and that consequently, conference-level payments would be the most "cost-effective" outcome. Reply Rpt. at 47–51. This newly-introduced economic concept is at odds with other opinions Dr. Rascher made in this case, and Defendants should be allowed to explore these inconsistencies in a deposition.

- **Dr. Rascher's attempt to defend his BNIL methodology with a new analysis of institutions' athletic revenues**.

Dr. Rascher originally contended that broadcasts of football and basketball competitions involve a use of the student-athletes' NIL that represents 10% of the value of each Autonomy 5 conference's media rights agreements. *See* Opening Rpt. at 6, 84–87. Dr. Tucker explained why this methodology is not economically sound or capable of application on a class-wide basis. *See* Tucker Rpt. at 78–81; 243–48. In his Reply, Dr. Rascher introduces an entirely new analysis examining the compound annual growth rate of athletic broadcast revenues. *See* Reply Rpt. at 22. Dr. Rascher could have performed this analysis originally, and chose not to – Defendants should be permitted to find out why.

*   *   *   *

Dr. Rascher's report exceeds the permissible bounds of a reply report and introduces voluminous new arguments in support of Plaintiffs' certification motion with the hearing imminent. Defendants respectfully request that this Court grant Defendants leave to conduct a three-hour supplemental deposition of Dr. Rascher no later than Friday, September 1, 2023. While these opinions should properly be excluded, *see High-Tech*, 2014 WL 1351040, at *3; *Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183, 189 (S.D. Cal. 2020), Defendants are only requesting the opportunity to depose Dr. Rascher on these new opinions. And even if this Court finds that none of the issues identified above are impermissible in a reply report, the complexity of the issues involved and fundamental principles of fairness are separate reasons why this Court should allow a limited supplemental deposition. *See Glaukos Corp.,* 2020 WL 1625836, at *3. Allowing this reply report without affording Defendants the opportunity to question Dr. Rascher would unfairly prejudice the Defense at a critical stage in the litigation.

| | |
|---|---|
| Dated:  August 9, 2023 | Respectfully Submitted. |

**WILKINSON STEKLOFF LLP**

By: /s/ Rakesh N. Kilaru
Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Calanthe Arat (*pro hac vice*)
Tamarra Matthews Johnson (*pro hac vice*)
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone:  (202) 847-4000
Facsimile:  (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com

Jacob K. Danziger (SBN 278219)
ARENTFOX SCHIFF LLP
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

**COOLEY LLP**

By: /s/ Whitty Somvichian
Whitty Somvichian (SBN 194463)
Kathleen R. Hartnett (SBN 314267)
Ashley Kemper Corkery (SBN 301380)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  (415) 693 2000
Facsimile:  (415) 693 2222
wsomvichian@cooley.com
khartnett@cooley.com
acorkery@cooley.com

Mark Lambert (SBN 197410)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:  (650) 843-5000
Facsimile:  (650) 849-7400
mlambert@cooley.com

Dee Bansal (*pro hac vice*)
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842 7800
Facsimile:  (202) 842 7899
dbansal@cooley.com

Attorneys for Defendant
PAC-12 CONFERENCE

| | |
|---|---|
| **MAYER BROWN LLP** | **SIDLEY AUSTIN LLP** |
| By: /s/ Britt M. Miller<br>Britt M. Miller (*pro hac vice*)<br>Daniel T. Fenske (*pro hac vice*)<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Telephone:  (312) 782-0600<br>Facsimile:  (312) 701-7711<br>bmiller@mayerbrown.com<br>dfenske@mayerbrown.com<br><br>Christopher J. Kelly (SBN 276312)<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>Telephone: (650) 331-2000<br>Facsimile: (650) 331-2060<br>cjkelly@mayerbrown.com<br><br>Attorneys for Defendant<br>THE BIG TEN CONFERENCE, INC. | By: /s/ Angela C. Zambrano<br>David L. Anderson (SBN 149604)<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 772-1200<br>Facsimile: (415) 772-7412<br>dlanderson@sidley.com<br><br>Angela C. Zambrano (*pro hac vice*)<br>Natali Wyson (*pro hac vice*)<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 75201<br>Telephone: (214) 969-3529<br>Facsimile: (214) 969-3558<br>angela.zambrano@sidley.com<br>nwyson@sidley.com<br><br>Chad Hummel (SBN 139055)<br>1999 Avenue of the Stars, Suite 1700<br>Los Angeles, CA 90067<br>Telephone: (310) 595-9505<br>Facsimile: (310) 595-9501<br>chummel@sidley.com<br><br>Attorneys for Defendant<br>THE BIG 12 CONFERENCE, INC. |

| | |
|---|---|
| **ROBINSON, BRADSHAW & HINSON, P.A.**<br><br>By: /s/ Robert W. Fuller<br>Robert W. Fuller, III (*pro hac vice*)<br>Lawrence C. Moore, III (*pro hac vice*)<br>Amanda P. Nitto (*pro hac vice*)<br>Travis S. Hinman (*pro hac vice*)<br>Patrick H. Hill (*pro hac vice*)<br>101 N. Tryon St., Suite 1900<br>Charlotte, NC 28246<br>Telephone: (704) 377-2536<br>Facsimile: (704) 378-4000<br>rfuller@robinsonbradshaw.com<br>lmoore@robinsonbradshaw.com<br>anitto@robinsonbradshaw.com<br>thinman@robinsonbradshaw.com<br>phill@robinsonbradshaw.com<br><br>Mark J. Seifert (SBN 217054)<br>SEIFERT ZUROMSKI LLP<br>One Market Street, 36th Floor<br>San Francisco, California 941105<br>Telephone: (415) 999-0901<br>Facsimile: (415) 901-1123<br>mseifert@szllp.com<br><br>Attorneys for Defendant<br>SOUTHEASTERN CONFERENCE | **LATHAM & WATKINS LLP**<br><br>By: /s/ Christopher S. Yates<br><br>Christopher S. Yates (SBN 161273)<br>Aaron T. Chiu (SBN 287788)<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: (415) 391-0600<br>Facsimile: (415) 395-8095<br>chris.yates@lw.com<br>aaron.chiu@lw.com<br><br>Anna M. Rathbun (SBN 273787)<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004<br>Telephone: (202) 637-1061<br>Facsimile: (202) 637-2201<br>anna.rathbun@lw.com<br><br>**FOX ROTHSCHILD LLP**<br><br>By: /s/ D. Erik Albright<br>D. Erik Albright (*pro hac vice*)<br>Jonathan P. Heyl (*pro hac vice*)<br>Gregory G. Holland (*pro hac vice*)<br>230 North Elm Street, Suite 1200<br>Greensboro, NC 27401<br>Telephone: (336) 378-5368<br>Facsimile: (336) 378-5400<br>ealbright@foxrothschild.com<br>jheyl@foxrothschild.com<br>gholland@foxrothschild.com<br><br>Attorneys for Defendant<br>THE ATLANTIC COAST CONFERENCE |