Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

*Counsel for Plaintiffs and the Proposed Classes*

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com

*Counsel for Plaintiffs and the Proposed Classes*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919 CW |
| | PLAINTIFFS' OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO CONDUCT A SUPPLEMENTAL DEPOSITION OF DR. DANIEL RASCHER |
| | Judge: Hon. Claudia Wilken |

1    Defendants' request for a second deposition of Plaintiffs' class certification economic expert,

2    Dr. Daniel Rascher, should be denied. Consistent with the Federal Rules of Civil Procedure—and

3    this Court's scheduling order—leave of the court is required to conduct a second deposition of

4    Plaintiffs' class certification experts. Courts generally will not require an additional

5    deposition "[a]bsent a showing of good cause."[1] Here, as courts have found in other cases, there is no

6    "good cause" because Dr. Rascher's reply report covers the same subject matter as the opening

7    report on which he was already deposed, contains no new opinions, and properly rebuts arguments

8    Defendants and their class certification experts raised in their opposition filings.[2] Defendants' own

9    motion supports this—in multiple places, it cites directly to portions of Dr. Tucker's report to which

10   Dr. Rascher has responded.[3] Defendants' cited case law also supports this—in *In re High Tech Emp.*

11   *Antitrust Litig.*, 2014 WL 1351040 (N.D. Cal. Apr. 4, 2014), the case Defendants rely on for the

12   standard for the proper scope of a rebuttal report, the court denied a motion to strike and request for a

13   sur-reply because plaintiffs' expert in his rebuttal report was "entitled, in direct response to

14   [defendants' expert], to explain in detail greater than [his] opening report." *Id.* at *13 & n.29. Dr.

15   Rascher's reply report contains only such proper rebuttal.

16    Defendants have had their opportunity at class certification to depose Dr. Rascher and to

17   make their opposition arguments; Plaintiffs have had their last word in reply on their class

18   certification motion. If Defendant take an additional deposition now, they are likely doing so in order

19   to subsequently move for additional briefing and/or a new expert report, to which Plaintiffs as the

20   moving party would need to respond. Indeed, when Plaintiffs' counsel posed this question to defense

---

22    [1] *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 2009 WL 861733 at *4 (S.D. Cal.
23   Mar. 25, 2009) (citing Fed. R. Civ. P. 30(a)(2(A)(ii)); *see also ProconGPS v. Skypatrol, LLC*, 2013
     WL 11261327, at *1 (N.D. Cal. May 13, 2013) (denying defendants' request for two depositions of
     plaintiff's expert).

24    [2] *See Presidio*, 2009 WL 861733, at *4-5; *In re High Tech Emp. Antitrust Litig.*, 2014 WL
25   1351040, at *13 (N.D. Cal. Apr. 4, 2014), The following class certification expert reports of Dr.
     Daniel Racher are referred to in this brief: Rascher Class Cert. Report, ECF No. 209-2 ("Rasher
26   Rep.") (Sealed) and Rascher Class Cert. Reply Report, ECF No. 290-2 ("Rascher Reply") (Sealed).

27    [3] *See, e.g.*, Mot. for Administrative Relief for Leave to Conduct a Suppl. Dep. of Daniel Rasher
     at 4:13-14, 4:28, 5:10-12, ECF No. 303 ("Mot.") (citing Tucker Class Cert. Opp'n Report, ECF No.
     254-1 ("Tucker Rep.") (Sealed)).

28   PLS.' OPP'N TO DEFS.' MOT. FOR LEAVE TO CONDUCT
     SUPPL. DEP. OF DR. DANIEL RASCHER

1    counsel during a meet-and-confer call, Defendants conceded that *for now* they only sought a

2    deposition, but they would not rule out later asking for further briefing and/or a new expert report.

3    Berman Decl. ¶ 3. Given that the class certification hearing is set for September 21, *any* further

4    briefing or reports would almost certainly disrupt a case schedule that has already been extended

5    several times (further prejudicing and delaying relief for Plaintiffs).

6         Moreover, a second deposition would be particularly unjustified here because Defendants *will*

7    have another chance to depose Dr. Rascher—after his merits expert report. That distinguishes this

8    case from *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2014 WL 12639392 (N.D. Cal. Dec. 10,

9    2014), relied on by Defendants, where the special master ordered a new deposition after a *merits*

10   rebuttal report, finding that this would "increase the chances of an efficient trial." *Id.* at *2. That is

11   not the case here. Indeed, Defendants do not cite a single case where a court ordered a new

12   deposition after a class certification rebuttal expert report. It is most efficient for Defendants to ask

13   questions about these issues in a single additional deposition, after Dr. Rascher files his merits report.

14        As described below, Defendants identify nothing in Dr. Rascher's reply report that isn't

15   proper rebuttal or otherwise warrants a second, supplemental deposition. Their motion should be

16   denied.

17        **Substitution effects.** Dr. Rascher addresses the potential substitution effects of college

18   athletes choosing to stay in school rather than turn professional if they received more money in the

19   but-for world. Rascher Rep. at 117-121. In her report, Dr. Tucker dedicated close to sixty pages to

20   not only discussing this potential substitution effect, but also introducing a different one (as

21   Defendants concede—*see* Mot. at 4): her claim that BNIL money would have caused athletes who

22   chose non-Power 5 schools to choose Power 5 schools in the but-for world, causing "ripple"

23   substitution effects. *E.g.*, Tucker Rep. at 26 (summarizing argument). It was proper rebuttal for Dr.

24   Rascher to respond directly to Dr. Tucker's *new* argument, including to critique how Dr. Tucker used

25   the 247Sports scholarship data she relied on in her report. For example, Dr. Rascher's rebuttal

26   pointed out the flaw in her assumption that every scholarship reported in the 247Sports data was

27   actually available for each position on a team, with Dr. Rascher explaining that Dr. Tucker ignored

28

1    "position availability" information on the website, which is just a succinct way to describe a

2    consideration Dr. Tucker overlooked, not a new "variable," as Defendants claim. *See* Rascher Reply

3    at 99-100; *compare* Mot. at 4:21. While Defendants cite this as a justification to pursue another

4    deposition, it is a direct, proper rebuttal to Dr. Tucker's analysis. In addition, Dr. Rascher's reference

5    to "revealed preference" in a footnote (at 95 n.240) does not transform his rebuttal into a new

6    opinion.

7             **Lost opportunity as economic injury.** Defendants also argue they should get a second

8    deposition because in his reply report, Dr. Rascher supposedly introduces new and extensive analysis

9    supporting the idea that lost opportunity constitutes economic injury. Specifically, they argue that he

10   discussed the issue only "in passing" in his opening report and inclusion of terms such "loss of

11   market information" in his reply introduced "new economic concepts." Mot. at 3. To the contrary,

12   this issue and these concepts were discussed in several places in his opening report (Defendants cite

13   only one page), and Defendants had the opportunity to question Dr. Rascher about them at his first

14   deposition.[4] Moreover, "expected value" is used in response to Dr. Tucker's critique that class

15   members lacked a non-*de minimis* expectation of economic value from NIL in the but-for world.

16   Rascher Reply at 15 (citing Tucker). Specifically, it frames the arguments and examples of large-

17   scale NIL deals *from the opening report*, which indicate (among other things) that absent the

18   challenged NIL rules, athletes had more than a *de minimis* expectation for economic compensation

19   for the use of their NILs. *See* Rascher Reply at 15-17 (citing deals and arguments from opening

20   report).

21

22

23   ───────────────

24   [4] *See, e.g.*, Rascher Rep. at 19-20 ("Importantly, this lost opportunity to participate in a
     competitive market to seek NIL transactions from third parties caused a common economic injury to
     each class member, as members of the proposed classes were deprived of this competitive market

25   opportunity."); 48 ("As the Court has already observed: the 'loss of an opportunity may constitute
     injury, even though it is not certain that any benefit would have been realized if the opportunity had

26   been accorded.' *This lost opportunity to participate in a competitive market by itself adversely affects
     all class members*." (emphasis added)); 101 ("The NIL marketplace itself will also continue to grow

27   as *transactions inform market participants* how best to match the NIL supply with demand free of
     the past restraints previously imposed on them." (emphasis added)).

28   PLS.' OPP'N TO DEFS.' MOT. FOR LEAVE TO CONDUCT
     SUPPL. DEP. OF DR. DANIEL RASCHER

1    **Discussion of conference-level BNIL payments.** Despite questioning Dr. Rascher at length

2    about conference-level payments in his first deposition (Berman Decl., Ex. 1 (Rascher Dep.) at 14-

3    17), Defendants contend they need a new deposition on this topic because after his rationale was

4    supposedly debunked by Dr. Tucker, he "pivots" to arguing that these payments promote

5    "'efficiency'" as a part of a "'competitive economic equilibrium'" and would be "'cost-effective.'"

6    Mot. at 5. This is an odd argument because, among other things, in his opening report Dr. Rascher

7    described conference-level payments as "rationally chosen," adding the "most value," and "limit[ing]

8    transaction costs." Rascher Rep. at 75-77. Dr. Rascher's reply arguments are perfectly in line with

9    his opening report opinion and arguments about conference-level BNIL payments, and they are also

10   directly responsive to Dr. Tucker's argument that he fails to model a credible competitive economic

11   response. *See* Rascher Reply at 47-51 (responding to Tucker Rep. at 126-29).

12   **Discussion of model for third-party NIL injury and damages.** In his opening report, Dr.

13   Rascher thoroughly described his class-wide damages model for estimating lost third-party NIL

14   opportunities, and how particular data could be used to make adjustments to his model at the merits

15   stage, including, contrary to Defendants' argument, for number of football "snaps" (a measure of

16   event participation) and "transfers." Rascher Rep. at 94-117. That was more than enough to satisfy

17   the class certification requirement that a damages model be "consistent with [plaintiffs'] liability

18   case" and "capable of measurement [of damages] on a classwide basis." *Comcast Corp. v. Behrend*,

19   569 U.S. 27, 34-35 (2013). In his rebuttal, Dr. Rascher refuted Dr. Tucker's arguments that his

20   methodology and adjustments were "vague" and "insufficient" (Tucker Rep. at 189-90), by

21   implementing the adjustments for a subset of class members, including showing how data could be

22   used on the merits to test if adjustments are necessary for women's gymnastics, baseball, and

23   softball. Rascher Reply at 69-82. This responsive testimony, consistent with his initial opinion on the

24   same subject matter, was proper rebuttal. *See High Tech*, 2014 WL 1351040, at *13; *Presidio*, 2009

25   WL 861733, at *5.

26   **Dr. Rascher's analysis of institution's athletic revenues.** Defendants complain that Dr.

27   Rascher "defend[ed] his BNIL methodology with a new analysis of institutions' athletic revenues."

28

1   Mot. at 5. But, as Defendants apparently concede (*id.*, citing Tucker), Dr. Rascher was again

2   responding directly to Dr. Tucker's criticism: she speculates that some sports might be at risk due to

3   the financial impacts of BNIL payments under Dr. Rascher's model. Rascher Reply at 22-23. Dr.

4   Rascher was not required to anticipate and preemptively respond to every narrow criticism of his

5   model in his opening report. *See High Tech*, 2014 WL 1351040, at *13 (so holding).

6                           *       *       *

7        Because Dr. Rascher has offered no new opinions in his class certification reply report, but

8   rather only proper rebuttal in response to Dr. Tucker's arguments, Defendants' request for a second,

9   supplemental deposition of Dr. Rascher should be denied. *See Presidio*, 2009 WL 861733, at *4-5;

10  *see also High Tech*, 2014 WL 135040, at *9-13 (describing proper scope of rebuttal testimony under

11  Rule 26). Moreover, in the absence of improper rebuttal testimony, under the facts of this case—

12  including where Plaintiffs have the burden of proof on their class certification motion and

13  Defendants will have a chance to depose Dr. Rascher again on the merits before trial—it would be an

14  unfair and unjustified expense and burden to permit a second, supplemental class certification

15  deposition, which could disrupt the already elongated class certification schedule in this case, further

16  prejudicing Plaintiffs.

17       In the alternative, if the Court permits a supplemental deposition, the Court should limit the

18  deposition to two hours and restrict the scope to only those specific areas where the Court finds that

19  Dr. Rascher's reply report went beyond the scope of proper rebuttal. To prevent further disruption to

20  the schedule, including the class certification hearing, the Court should also limit Defendants to the

21  relief requested in their motion and order that no additional briefing or expert reports be permitted at

22  the class certification stage.

23

24

25

26

27

28

1

Dated: August 14, 2023                                  Respectfully submitted,

2

HAGENS BERMAN SOBOL SHAPIRO LLP          WINSTON & STRAWN LLP

3

By:   */s/ Steve W. Berman*                        By:   */s/ Jeffrey L. Kessler*

4

      Steve W. Berman (*pro hac vice*)                    Jeffrey L. Kessler (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)                   David G. Feher (*pro hac vice*)

5

Stephanie Verdoia (*pro hac vice*)                 David L. Greenspan (*pro hac vice*)
1301 Second Avenue, Suite 2000                 Adam I. Dale (*pro hac vice*)

6

Seattle, WA 98101                              Sarah L. Viebrock (*pro hac vice*)
Telephone: (206) 623-7292                      200 Park Avenue

7

Facsimile: (206) 623-0594                      New York, NY 10166-4193
steve@hbsslaw.com                              Telephone: (212) 294-4698

8

emilees@hbsslaw.com                            Facsimile: (212) 294-4700

9

stephaniev@hbsslaw.com                         jkessler@winston.com
dfeher@winston.com

10

Benjamin J. Siegel (SBN 256260)                dgreenspan@winston.com

11

715 Hearst Avenue, Suite 202                   aidale@winston.com
Berkeley, CA 94710                             sviebrock@winston.com

12

Telephone: (510) 725-3000
Facsimile: (510) 725-3001                      Jeanifer E. Parsigian (SBN 289001)

13

bens@hbsslaw.com                               101 California Street, 34th Floor
San Francisco, CA 94111

14

Jeffrey L. Kodroff                             Telephone: (415) 591-1000

15

SPECTOR ROSEMAN & KODROFF PC                   Facsimile: (415) 591-1400
Two Commerce Square                            jparsigian@winston.com

16

2001 Market Street, Suite 3420
Philadelphia, PA 19103

17

Telephone: (215) 496 0300                      *Counsel for Plaintiffs and the Proposed Classes*
Facsimile: (215) 496 6611

18

jkodroff@srkattorneys.com

19

*Counsel for Plaintiffs and the Proposed Classes*

20

21

22

23

24

25

26

27

28

1

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

2

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the

3

filing of this document has been obtained from the signatories above.

4

Dated this 14th day of August 2023.

5

_/s/ Steve W. Berman_

6

STEVE W. BERMAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLS.' OPP'N TO DEFS.' MOT. FOR LEAVE TO CONDUCT
SUPPL. DEP. OF DR. DANIEL RASCHER

Case No. 4:20-cv-03919-CW                                          - 7 -
010912-11/2322613 V1