Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

*Counsel for Plaintiffs and the Proposed Classes*

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com

*Counsel for Plaintiffs and the Proposed Classes*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS OF DEFENDANTS' EXPERT PROFESSOR BARBARA OSBORNE**<br><br>Date:   September 21, 2023<br>Time:   2:30 p.m.<br>Judge:  Hon. Judge Claudia Wilken<br>Courtroom: Via Zoom Video Conference |

010912-11/2328184 V1

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE
OPINIONS OF DEFENDANTS' EXPERT PROFESSOR BARBARA OSBORNE
NO. 4:20-CV-03919-CW

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 1

    A. Professor Osborne's report is replete with improper legal opinions that are inadmissible. ............................................................................................. 1

    B. Professor Osborne is not qualified to opine on the financial viability of Plaintiffs' damages model and also has applied no reliable methodology to support her opinions on this topic. .......................... 6

    C. Professor Osborne's opinions are also not relevant to the issues before the Court. ................................................................................................. 8

III. CONCLUSION .............................................................................................................. 8

- i -
REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE
OPINIONS OF DEFENDANTS' EXPERT PROFESSOR BARBARA OSBORNE
NO. 4:20-CV-03919-CW

010912-11/2328184 V1

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Bao Xuyen Le v. Reverend Dr. Martin Luther King, Jr. Cnty.*,
  2019 WL 2289681 (W.D. Wash. May 29, 2019) ............................................................... 4

*Berry v. City of Detroit*,
  25 F.3d 1342 (6th Cir. 1994) ............................................................................................. 6

*Cloud v. Pfizer Inc.*,
  198 F. Supp. 2d 1118 (D. Ariz. 2001) ............................................................................... 7

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013) ............................................................................................................ 8

*Garcia v. Cnty. of Riverside*,
  2019 WL 4282903 (C.D. Cal. June 7, 2019) .................................................................... 4

*Hangarter v. Provident Life & Accident Ins. Co.*,
  967 F. Supp. 1437 (S.D.N.Y. 1997) ......................................................................... 2, 3, 6

*Mancuso v. Consol. Edison Co. of New York, Inc.*,
  967 F. Supp. 1437 (S.D.N.Y. 1997) .................................................................................. 7

*Pogorzelska v. VanderCook Coll. of Music*,
  2023 WL 3819025 at (N.D. Ill. June 5, 2023). .................................................................. 3

*Portz v. St. Cloud State Univ.*,
  297 F. Supp. 3d 929, 953 (D. Minn. 2018). ...................................................................... 2

*Stewart Title Ins. Co. v. Credit Suisse*,
  2015 WL 4250704 (D. Idaho July 13, 2015) .................................................................... 3

*United States v. Weitzenhoff*,
  35 F.3d 1275 (9th Cir.1993) .............................................................................................. 3

### FEDERAL RULES

Fed. R. Evid. 403 ...................................................................................................................... 3

Fed. R. Evid. 701 ...................................................................................................................... 3

Fed. R. Evid. 702 ............................................................................................................. *passim*

Fed. R. Evid. 704 .................................................................................................................. 2, 3

- ii -
REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE
OPINIONS OF DEFENDANTS' EXPERT PROFESSOR BARBARA OSBORNE
NO. 4:20-CV-03919-CW

010912-11/2328184 V1

## I.    INTRODUCTION

Professor Osborne's opinions are inadmissible and should be excluded. Defendants' opposition attempts to avoid this conclusion by mischaracterizing her report. Even a cursory review of the report—discussed in Plaintiffs' motion and quoted again herein—shows that Professor Osborne offers little more than legal interpretations of Title IX and attempts to apply those erroneous interpretations of the law to her view of the facts. This is precisely the type of legal opinion testimony that courts will not admit. As for the non-legal opinions that Professor Osborne offers regarding the financial viability of Professor Rascher's damages model, they are far outside of her area of expertise and are offered without any principles or methods to support them. And, wholly apart from the above fatal defects of inadmissibility, all of Osborne's opinions on Title IX are simply irrelevant to the limited issues before the Court at class certification. Her entire report should therefore be excluded pursuant to Federal Rule of Evidence 702.

## II.    ARGUMENT

**A.    Professor Osborne's report is replete with improper legal opinions that are inadmissible.**

The Court should reject Defendants' request to permit an attorney and law professor to testify about her view of the legal requirements of Title IX—and then apply those interpretations of the statute and its regulations to her view of the underlying facts of this case—under the guise of expert testimony. Courts in the Ninth Circuit have repeatedly prohibited experts from testifying about what federal and state statutes require, or from opining about whether a statutory violation occurred. Defendants attempt to re-frame Professor Osborne's report as consisting solely of testimony "regarding industry practices and standards and the history and context of Title IX . . . ."[1] In doing so, Defendants flatly mischaracterize the substance of Professor Osborne's report and opinions, as well as the applicable case law.

None of the cases cited by Defendants supports the admissibility of the type of legal opinions offered by Professor Osborne. To the contrary, these cases excluded testimony that is nearly identical

---

[1] Defs.' Joint Opp'n to Pls.' Mot. to Exclude the Opinions of Defs.' Expert Professor Barbara Osborne ("Defs.' Opp'n"), filed Aug. 11, 2023 (ECF No. 305) at 4.

- 1 -
REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE
OPINIONS OF DEFENDANTS' EXPERT PROFESSOR BARBARA OSBORNE
No. 4:20-CV-03919-CW

010912-11/2328184 V1

to Osborne's testimony. For example, Defendants attempt to analogize Professor Osborne's report to testimony found admissible in *Pogorzelska v. VanderCook College of Music*. But the court in that case was clear that "[e]xpert witnesses may not testify to legal conclusions, which are the province of the court." 2023 WL 3819025 at *7 (N.D. Ill. June 5, 2023). And while the *Pogorzelska* court permitted limited expert testimony about industry standards and the reasonableness of defendant's response to the plaintiff's harassment allegations, it excluded other parts of the expert's testimony that "purport[ed] to provide an overview of the 'clearly unreasonable' standard as well as the significance of industry practices in evaluating whether this standard has been met." *Id.* at *8. Just like Osborne here, the expert in *Pogorzelska* "ma[d]e several statements of law that reflect her own understanding of how the standard operates. . . . This statement and others like it are problematic, both because they provide an editorialized gloss on the operative standard without citing binding case law, and because they infringe on the role of the court to instruct the jury on what the law is." *Id.* Here, too, Osborne offered erroneous interpretations of Title IX with no supporting case law (as she admitted at her deposition).[2] The court in *Portz v. St. Cloud State University* excluded similar testimony on the grounds that allowing an expert to opine on the requirements of the law "would give the jury the appearance that the Court is shifting to [the expert] the responsibility to decide the case." 297 F. Supp. 3d 929, 953 (D. Minn. 2018).

Defendants rely on a portion of the opinion in *Hangarter v. Provident Life & Accident Insurance Company* where the court noted that "expert testimony that is 'otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.'" 373 F.3d 998, 1016 (9th Cir. 2004) (quoting Fed. R. Evid. 704(a)).[3] And they also argue that Professor Osborne's opinions are admissible because they "are not on the ultimate legal issue of antitrust liability in this case."[4] But contrary to Defendants' assertion, Rule 704(a)'s statement that an expert opinion that "embraces an ultimate issue" is not "automatically objectionable" does not salvage Osborne's improper legal opinions. While opinion testimony concerning an ultimate *factual* issue may be

---

[2] Decl. of Steve W. Berman in Further Support of Pls.' Mot. to Exclude the Opinions of Defs.' Expert Professor Barbara Osborne ("Berman Decl."), Ex. 74 (Osborne Dep. Tr.) at 119:9-15; 123:15-20; 167:7-19 (filed concurrently herewith).
[3] Defs.' Opp'n at 6.
[4] *Id.* at 1.

admitted under Rule 704(a), there is no basis for admitting legal opinions by an expert, whether or not they embrace an ultimate issue in the case.[5] In *Hangarter*, for example, the expert's testimony was found admissible because the expert opined that the defendants had "deviated from industry standards," a factual—not legal—question. *Id.* at 1016. The *Hangarter* court was clear that "an expert witness cannot give an opinion as to her *legal conclusion*." *Id.* (explaining that experts cannot "instruct[] the jury as to the applicable law"); *see also United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir.1993) ("Resolving doubtful questions of law is the distinct and exclusive province of the trial judge."). Simply put, although Professor Osborne may provide testimony about relevant industry standards or customs, she is not permitted to offer legal opinions under the guise of "inform[ing] the Court regarding Title IX practices, standards, and individualized assessment considerations that would be implicated by the but-for world contemplated by Plaintiffs' BNIL damages model." Defs.' Opp'n at 8; *see Stewart Title Ins. Co. v. Credit Suisse*, 2015 WL 4250704 at *14 (D. Idaho July 13, 2015) ("While Nielsen prefaces his opinions with reference to industry custom, they are often nothing more than legal conclusions.").

Professor Osborne goes far beyond testifying about Title IX practices and standards. She instead seeks to instruct the Court as to the legal requirements of Title IX and offer her opinions on whether and how Title IX would apply to the but-for world contemplated by Plaintiffs' proposed damages model. Unlike the expert witness in *Hangarter* who merely made passing "references" to legal provisions and never actually "reached a legal conclusion,"[6] Professor Osborne offers her own legal interpretations of Title IX, her legal opinion on which specific provisions of the law apply to the facts of this case, and her legal opinion on how those specific provisions have been (and should be)

---

[5] *See* Advisory Committee Note to FRE 704 ("The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").

[6] *Hangarter*, 373 F.3d at 1016-1017.

interpreted, so that she can ultimately offer the over-arching legal opinion that schools would violate Title IX if they made the broadcast NIL payments that Plaintiffs' experts have modeled.[7]

While Osborne admitted during her deposition that her appropriate role in this case was "not to offer a legal opinion,"[8] and Defendants insist that her opinions are "not legal conclusions,"[9] this is impossible to square with the plain text of her report. For example, the heading of a large section of Professor Osborne's report boldly summarizes her legal opinion that "**V. PLAINTIFFS' BROADCAST MODEL VIOLATES TITLE IX**."[10] But this is just the tip of the legal iceberg. Osborne's report is filled with legal conclusions and instructions on how Title IX should be applied to the facts of this case, as illustrated by the following examples:

- "I would advise that providing benefits to select teams in such a lopsided manner along sex-based lines would violate Title IX."[11]

- "Plaintiffs' Broadcast Model would require the Court to disregard clear legislative history and rewrite established Title IX law."[12]

- "Institutional Title IX obligations apply to the broadcast revenue the Conferences distribute to their member schools."[13]

- "I would flag Plaintiffs' Broadcast Model as a violation of the Title IX regulations and Policy Interpretation sections governing the provision of financial assistance."[14]

- "The regulatory provision on financial assistance is broader in scope than the provision on the award of athletic scholarships and would prohibit the disparate payments posited in Plaintiffs' Broadcast Model, even if those payments were made by the Conferences."[15]

---

[7] Defendants' other cases also support excluding this type of legal opinion testimony. *See Garcia v. Cnty. of Riverside*, 2019 WL 4282903 (C.D. Cal. June 7, 2019) (permitting expert's testimony regarding "his experience with jail management and the practical problems that jail guards face when dealing with difficult inmates" but precluding expert from offering any opinion on the legal question of whether the defendant used "reasonable force"); *Bao Xuyen Le v. Reverend Dr. Martin Luther King, Jr. Cnty.*, 2019 WL 2289681 (W.D. Wash. May 29, 2019) (permitting expert testimony about "law enforcement practices, tactics, techniques, and training" generally, but precluding experts from offering their "legal conclusions" regarding the reasonableness of the defendant's conduct.).
[8] Berman Decl., Ex. 74 (Osborne Dep. Tr.) at 54:18–24.
[9] Defs.' Opp'n at 7.
[10] Expert Report of Barabara Osborne ("Osborne Rep."), filed Apr. 28, 2023 (ECF No. 251-3 (Redacted) and 254-3 (Sealed)), Part V, at p. 39 (heading).
[11] *Id.* at ¶ 28.
[12] *Id.* at ¶ 29.
[13] *Id.* at ¶ 30.
[14] *Id.* at ¶ 31.
[15] *Id.* at ¶ 31.

- "I would flag the payment scheme as a violation of Title IX."[16]

- "[T]he contemplated broadcast revenue share payments are not compatible with Title IX, and in particular, Title IX's financial assistance provisions, equal opportunities provision, and equal treatment provision."[17]

- "Although Plaintiffs propose that the Conferences—which are not subject to Title IX—make payments to student-athletes, the Broadcast Model still implicates Title IX."[18]

- "[E]ven if the Conference bylaws could somehow be amended to permit Conferences to distribute broadcast revenue without member institutions' direct involvement, the Broadcast Model revenue payments still would implicate Title IX even if they are not made by the schools directly."[19]

- "Section 106.31(b)(6) of the Title IX Regulations prohibits educational institutions from perpetuating discrimination by providing significant assistance to an entity that discriminates on the basis of sex in the course of providing any financial assistance to students. In my opinion, providing personal information for student athletes to facilitate the disparate payments Plaintiffs propose constitutes 'significant assistance,' and I would advise any institution for which I was conducting an audit that such facilitation of disproportionate financial assistance along gender lines would be at odds with Title IX."[20]

- "[M]y opinion is that Plaintiffs' Broadcast Model violates Title IX."[21]

- "I would have to conclude that the Broadcast Model violates Title IX."[22]

- "The Regulations' provisions on athletic scholarships are distinct from the Regulations' provisions on general 'financial assistance' but are instructive as to how Title IX compliance would be measured for the Broadcast Model payments."[23]

- "Under Plaintiffs' Broadcast Model, institutions would need to find an equivalent amount of funding to provide equitable financial support for women's athletics programs in order to comply with Title IX."[24]

---

[16] *Id*. at ¶ 32.
[17] *Id*. at ¶ 33.
[18] *Id*. at ¶ 78.
[19] *Id*. at ¶ 94.
[20] *Id*. at ¶ 94.
[21] *Id*. at ¶ 95.
[22] *Id*. at ¶ 96.
[23] *Id*. at ¶ 110.
[24] *Id*. at ¶ 134. Notably, as explained in Plaintiffs' motion, Professor Osborne also admitted several times during her deposition that she reached the conclusions in her report by applying her own interpretation of Title IX (the law) to the facts of this case. *See e.g.,* Berman Decl., Ex. 74 (Osborne Dep. Tr.) at 57:10-11 ("I'm providing my opinion about how I would apply the law"); *Id*. at 165:2-5 ("I looked at the broadcast model and applied Title IX, and so I offered my opinion as whether or not Title IX would be implicated by that model.").

- 5 -
REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE
OPINIONS OF DEFENDANTS' EXPERT PROFESSOR BARBARA OSBORNE
NO. 4:20-CV-03919-CW

010912-11/2328184 V1

1   These legal opinions are clearly impermissible under Rule 702.

2   **B.    Professor Osborne is not qualified to opine on the financial viability of Plaintiffs'
3          damages model and also has applied no reliable methodology to support her opinions
           on this topic.**

4   In her report, Professor Osborne opines that "it would be virtually impossible to locate
5   sufficient additional funds to ensure some form of compensation for female student-athletes
6   proportional to the significant amounts that Plaintiffs contemplate for male student-athletes under the
7   Broadcast Model."[25] Simply put, Professor Osborne—who is not an economist, or an accountant or
8   even an administrator familiar with college athletics budgets—is not qualified to offer this opinion.
9   Moreover, she does not identify any reliable principles or methods to support her conclusions about
10  college finances.

11  Defendants argue that Professor Osborne is qualified to offer opinions regarding the financial
12  viability of Plaintiffs' damages model because of her "years of experience as an athletics administrator
13  and Title IX auditor." But they offer no evidence or explanation about how this experience provided
14  her with any expertise on the finances of college athletics. Defendants cite the court's statement in
15  *Hangarter* that Rule 702 "contemplates a broad conception of expert qualifications." Defs.' Opp'n at
16  20. But the expert in *Hangarter* had 25 years working in the insurance industry and offered general,
17  "non scientific" and non-technical testimony about insurance industry standards. 373 F.3d at 1017. By
18  contrast, Professor Osborne offers highly technical testimony about the financial inner-workings of
19  collegiate sports at the Division I level without demonstrating that she has any experience with such
20  financial matters. Aside from her Title IX consulting work, Osborne never worked within any Division
21  I school or conference,[26] nor did she conduct any analysis of Division I school budgets.[27] "The issue
22  with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those
23  qualifications provide a foundation for a witness to answer a specific question." *Berry v. City of
24  Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994). Thus, while Osborne may have expertise relating to
25  certain non-financial aspects of Title IX compliance in athletic programs, there has been no showing
26  made that she has any expertise to opine on the financial management of Division I athletics programs

---

[25] Osborne Rep., ¶ 133.
[26] *See* Berman Decl., Ex. 74 (Osborne Dep. Tr.) at 30:20-24.
[27] *See id.* at 197:5-12.

or the financial ability of Division I schools to reallocate their resources to comply with any Title IX issues.

Additionally, while Defendants attempt to bolster Professor Osborne's credibility by pointing out that she reviewed an "NCAA finances database" in the course of preparing her report, a witness may not become qualified as an expert simply because he or she conducts a selective review of literature in the relevant field for the purpose of educating his or herself on the relevant topics in order to offer expert testimony. *See, e.g.*, *Mancuso v. Consol. Edison Co. of New York, Inc.*, 967 F. Supp. 1437, 1443 (S.D.N.Y. 1997) ("We cannot help but conclude that Dr. Schwartz was not in fact an expert in PCBs when he was hired by plaintiffs, but that he subsequently attempted, with dubious success, to qualify himself as such by a selective review of the relevant literature.").

Moreover, Professor Osborne's opinions regarding the financial viability of Plaintiffs' damages model are technical, economic-based opinions that require empirical or other reliable methods in support. But she admits that she has not conducted any such analysis. Osborne testified that she did not conduct any independent studies or economic analyses to determine the financial impact of Dr. Rascher's damages model on athletic department budgets, rendering her opinions on the issue nothing more than rank speculation.[28] Rule 702 requires that expert testimony be "based on sufficient facts or data" and must be the product of the expert's application of "reliable principles and methods" to the facts of the case. Fed. R. Evid. 702.  Reliance on anecdotal evidence alone does not suffice. *Cloud v. Pfizer Inc.*, 198 F. Supp. 2d 1118, 1133-34 (D. Ariz. 2001) (reliance on compilations of occurrences do not satisfy Rule 702 or *Daubert I* (citing *Jones v. United States*, 933 F. Supp. 894, 899-900 (N.D. Cal. 1996), *aff'd* 127 F.3d 1154 (9th Cir.1997), *cert. denied* 524 U.S. 946 (1998))). Because Professor Osborne offers no principles or methods, empirically based or otherwise, to support her opinions about the financial viability of Dr. Rascher's damages model, her opinions must be excluded for this reason as well.[29]

---

[28] *See id*. at 179:2-10.
[29] Osborne Rep., ¶ 133.

- 7 -
REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE
OPINIONS OF DEFENDANTS' EXPERT PROFESSOR BARBARA OSBORNE
NO. 4:20-CV-03919-CW

010912-11/2328184 V1

**C.   Professor Osborne's opinions are also not relevant to the issues before the Court.**

As explained in Plaintiffs' motion (*see* pages 12-13), Osborne's testimony should be excluded for the independent reason that her opinions are also irrelevant to the only issue presently before the Court: whether Plaintiffs' damages classes can be certified. More specifically, whether Dr. Rascher's proposed broadcast damages model is consistent with Plaintiffs' theory of liability and whether damages can be determined by the jury on a class-wide basis. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 34-35 (2013). None of Professor Osborne's opinions about Title IX have anything to do with this class certification inquiry. Indeed, the application (or inapplicability) of Title IX is a common legal issue for the merits—not class certification—for all class members. Her opinions should be excluded for this reason too.

### III.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Professor Osborne's report and testimony be excluded.

Dated: September 1, 2023

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

WINSTON & STRAWN LLP

By:  */s/ Steve W. Berman*
     Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

By:  */s/ Jeffrey L. Kessler*
     Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com
Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000

- 8 -
REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE
OPINIONS OF DEFENDANTS' EXPERT PROFESSOR BARBARA OSBORNE
NO. 4:20-CV-03919-CW

010912-11/2328184 V1

Facsimile: (415) 591-1400
jparsigian@winston.com

*Counsel for Plaintiffs and the Proposed Classes*

Jeffrey L. Kodroff
SPECTOR ROSEMAN & KODROFF PC
Two Commerce Square
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496 0300
Facsimile: (215) 496 6611
jkodroff@srkattorneys.com

*Counsel for Plaintiffs and the Proposed Classes*

- 9 -
REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE
OPINIONS OF DEFENDANTS' EXPERT PROFESSOR BARBARA OSBORNE
NO. 4:20-CV-03919-CW

010912-11/2328184 V1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

/s/ *Steve W. Berman*
STEVE W. BERMAN