| | |
|---|---|
| Steve W. Berman (*pro hac vice*) | Jeffrey L. Kessler (*pro hac vice*) |
| Emilee N. Sisco (*pro hac vice*) | David G. Feher (*pro hac vice*) |
| Stephanie Verdoia (*pro hac vice*) | David L. Greenspan (*pro hac vice*) |
| HAGENS BERMAN SOBOL SHAPIRO LLP | Adam I. Dale (*pro hac vice*) |
| 1301 Second Avenue, Suite 2000 | Sarah L. Viebrock (*pro hac vice*) |
| Seattle, WA 98101 | WINSTON & STRAWN LLP |
| Telephone: (206) 623-7292 | 200 Park Avenue |
| Facsimile: (206) 623-0594 | New York, NY 10166-4193 |
| steve@hbsslaw.com | Telephone: (212) 294-4698 |
| emilees@hbsslaw.com | Facsimile: (212) 294-4700 |
| stephaniev@hbsslaw.com | jkessler@winston.com |
| | dfeher@winston.com |
| Benjamin J. Siegel (SBN 256260) | dgreenspan@winston.com |
| HAGENS BERMAN SOBOL SHAPIRO LLP | aidale@winston.com |
| 715 Hearst Avenue, Suite 202 | sviebrock@winston.com |
| Berkeley, CA 94710 | |
| Telephone: (510) 725-3000 | Jeanifer E. Parsigian (SBN 289001) |
| Facsimile: (510) 725-3001 | WINSTON & STRAWN LLP |
| bens@hbsslaw.com | 101 California Street, 34th Floor |
| | San Francisco, CA 94111 |
| *Counsel for Plaintiffs and the Proposed Classes* | Telephone: (415) 591-1000 |
| | Facsimile: (415) 591-1400 |
| | jparsigian@winston.com |
| | |
| | *Counsel for Plaintiffs and the Proposed Classes* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | **Case No. 4:20-cv-03919-CW**<br><br>CLASS ACTION<br><br>**SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hon. Claudia Wilken |

Counsel for Plaintiffs Grant House, Sedona Prince, and Tymir Oliver ("Plaintiffs") in the above-referenced action submit this Supplemental Case Management Conference Statement in advance of the Case Management Conference scheduled for September 21, 2023, to update the Court that three Defendants—the Big Ten, the Atlantic Coast Conference, and the Southeastern Conference—served untimely Supplemental Initial Disclosures last week, which raise potential case management issues relating to discovery and scheduling. Plaintiffs have not yet had a chance to fully develop a response to the untimely disclosures nor to confer in good faith with Defendants to address these issues. Nonetheless, Plaintiffs want to make the Court aware of these developments because of the potential impact on case management and the case schedule.

The three Defendants' supplemental disclosures, served more than three years into this litigation and only six weeks before the close of fact discovery, identify dozens of additional individuals or categories of individuals as likely to have discoverable information that the disclosing party may use to support its claims or defenses. Plaintiffs have been prejudiced by Defendants' unjustifiable delay in making these supplemental disclosures and believe that the untimely nature of these disclosures warrants precluding Defendants' from calling any newly identified witnesses. *See e.g., Baird v. BlackRock Institutional Trust Co., N.A.*, 330 F.R.D. 241, 244–48 (N.D. Cal. 2021) (precluding witnesses in supplemental disclosure near end of fact discovery from testifying at trial); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808, 2015 WL 9900617, at *2–3 (N.D. Cal. Oct. 26, 2015) (same); *Vieste, LLC v. Hill Redwood Dev.*, No. 09-cv-04024, 2011 WL 2181200, at *2–3 (N.D. Cal. June 3, 2011) (same).

If Defendants are not precluded from relying on these witnesses, Plaintiffs will need to take additional discovery. Plaintiffs are still making determinations about additional discovery needed in light of these untimely disclosures, but preliminarily note that the disclosures raise at least the following issues, which may require Court intervention if the parties are unable to reach agreement:

1. Defendants have identified a variety of new party-individuals and non-party individuals who Plaintiffs may now need to depose. With only five weeks left in fact discovery—and with 16 depositions already set to take place during that window—Plaintiffs will likely need to depose

these individuals outside the fact discovery cutoff. However, Plaintiffs would be prejudiced if Defendants' late disclosures resulted in a delay of the case schedule, particularly the trial date, and will seek an extension of fact discovery to do so while merits expert and summary judgment briefing proceeds on the current schedule.

2. Defendants have disclosed many witnesses to speak to the issue of the impact of Plaintiffs' requested relief on college athletics, including on student-athlete opportunities, educational programs, and women's and Olympic collegiate sports. These individuals include, *inter alia*, the CEO of USA Water Polo, the CEO of USA Fencing, and "Employees of USA Swimming," and party consulting groups. Plaintiffs' position is that the potential impact of Plaintiffs' requested relief in the markets for FBS football and Division I men's and women's basketball on other sports is not a legally cognizable procompetitive justification as the Court found in *O'Bannon*. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 37 F. Supp. 3d 1126, 1151–52 (N.D. Cal. 2014). Nonetheless, Plaintiffs are entitled to an opportunity to discover all relevant facts from these individuals, including through third-party document and deposition subpoenas. Due to the timing of these disclosures, this discovery may need to take place after the current fact discovery cutoff.

3. Defendants improperly include broad categories of individuals who may have discoverable information, such as "[r]epresentatives of The Big Ten Member Institutions" and "[c]urrent and former employees of ACC member institutions." These catch-all disclosures fail to provide Plaintiffs with sufficient information to take any necessary discovery. These disclosures are improper, and Defendants should be precluded from calling any witnesses identified solely in this manner. *See e.g.*, *Elite Semiconductor v. Anchor Semiconductor*, No. 20-cv-06846, 2021 WL 4808597, at *2 (N.D. Cal. Mar. 17, 2021).

| | | |
|---|---|---|
| 1 | DATED: September 19, 2023 | Respectfully Submitted, |
| 2 | **WINSTON & STRAWN LLP** | **HAGENS BERMAN SOBOL SHAPIRO LLP** |
| 3 | By: ___/s/ Jeffrey L. Kessler___ | By: ___/s/ Steve W. Berman___ |
| 4 | JEFFREY L. KESSLER | STEVE W. BERMAN |

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com

Jeanifer E. Parsigian (SBN 289001)
101 California Street, 34th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com

Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Classes*

**E-FILING ATTESTATION**

I, Jeffrey L. Kessler, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                                     */s/ Jeffrey L. Kessler*
                                                     JEFFREY L. KESSLER