IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COLLEGE ATHLETE NIL LITIGATION | Case No. 20-cv-03919 CW<br><br>**ORDER GRANTING MOTION FOR CERTIFICATION OF INJUNCTIVE RELIEF CLASS**<br><br>(Re: Dkt. No. 209) |

Now before the Court is Plaintiffs'[1] motion for certification under Rule 23(b)(2) of a proposed injunctive relief class, and certification under Rule 23(b)(3) of three proposed damages classes. Docket No. 209. Defendants[2] oppose the motion for certification of the proposed damages classes, but they do not oppose the motion for certification of the proposed injunctive relief class. *See* Docket No. 252. For the reasons set forth below, the Court grants Plaintiffs' motion for certification of the proposed injunctive relief class under Rule 23(b)(2). The Court will resolve Plaintiffs' motion for certification under Rule 23(b)(3) of the proposed damages classes in a separate order.

---

[1] Plaintiffs are Sedona Prince, Grant House, and Tymir Oliver.

[2] Defendants are the National Collegiate Athletic Association (NCAA), Pac-12 Conference, Big Ten Conference, Big 12 Conference, Southeastern Conference, and Atlantic Coast Conference.

## I. BACKGROUND

This consolidated action began as two separate actions: (1) *House v. National Collegiate Athletic Association*, 4:20-cv-03919 (*House*); and (2) *Oliver v. National Collegiate Athletic Association*, 4:20-cv-04527 (*Oliver*). *House* was brought by named Plaintiffs Sedona Prince, a current Division I student-athlete who competes for the University of Oregon's women's basketball team, and Grant House, a current Division I student-athlete who competes for the Arizona State University's men's swimming and diving team. *Oliver* was brought by named Plaintiff Tymir Oliver, a former Division I student-athlete who competed for the University of Illinois' men's football team. In each of the two actions, Plaintiffs asserted claims against Defendants arising out of injuries they allegedly suffered as a result of certain NCAA rules, which allegedly are set and enforced by agreement of Defendants. The rules at issue restrict the compensation that student-athletes can receive in exchange for the commercial use of their names, images, and likenesses (NIL), and prohibit NCAA member conferences and schools from sharing with student-athletes the revenue they receive from third parties for the commercial use of student-athletes' NIL.[3] Plaintiffs allege that, absent the NCAA rules at issue, the NCAA and its member conferences and schools would allow student-athletes to take advantage of opportunities to profit from their NIL, and NCAA member conferences and schools would share with student-athletes the revenue they receive from third parties for the commercial use of student-athletes' NIL. The claims asserted in *House* and *Oliver* were for (1) conspiracy to fix prices in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; (2) group boycott or refusal to deal in violation of Section 1 of the Sherman Act; and (3) unjust enrichment. Plaintiffs sought an injunction restraining

---

[3] The challenged NCAA rules include those that prohibit student-athletes from receiving anything of value in exchange for the commercial use of their NIL; from endorsing any commercial product or service while they are in school, regardless of whether they receive any compensation for doing so; from receiving compensation for their NIL from outside employment; and from using their NIL to promote their own business ventures or engage in self-employment. The challenged rules also include those that preclude student-athletes from benefitting financially from their social media posts, personal brands, viral videos depicting their athletic performances, apparel sponsorships, and other opportunities related to the use of their NIL.

Defendants from enforcing the challenged NCAA rules; a judgment declaring void the challenged NCAA rules; damages; and attorneys' fees.

Defendants jointly moved to dismiss all claims in *House* and *Oliver*. On June 24, 2021, the Court granted that motion only with respect to named Plaintiff Oliver's claims for injunctive relief. *See Grant House v. Nat'l Collegiate Athletic Ass'n*, 545 F. Supp. 3d 804, 818 (N.D. Cal. 2021). The Court otherwise denied the motions. *See id.*

On July 14, 2021, the Court adopted a stipulation to consolidate *House* and *Oliver* and to permit Plaintiffs to file a consolidated complaint under the caption *In re College Athlete NIL Litigation*, Case No. 20-cv-03919. Docket No. 154.

On July 26, 2021, Plaintiffs filed the Consolidated Amended Complaint (CAC), which is the operative complaint. Docket No. 164. Defendants filed answers to the CAC on September 22, 2021. Docket Nos. 167-72.

In the CAC, Plaintiffs challenge the same NCAA rules and assert the same claims against the same Defendants named in the original complaints in *House* and *Oliver*. However, Plaintiffs added new allegations to the CAC regarding the NCAA's new "interim" NIL policy, which became effective on July 1, 2021. Pursuant to that policy, all Division I student-athletes may engage in certain activities to earn NIL compensation from third parties "without violating NCAA rules related to name, image and likeness." CAC ¶ 22. The NCAA allegedly has not repealed the challenged NIL rules that prohibit student-athletes from receiving anything in value in exchange for the commercial use of their NIL but has simply suspended the enforcement of some of those rules for an indeterminate period of time. *See id.* The rules whose enforcement has been suspended include those that prohibit student-athletes from using their NIL to promote products related to the student-athletes' sport and to promote their own businesses. *Id.* ¶¶ 101-02. The NCAA has not suspended the enforcement of NCAA rules that prohibit NCAA institutions from compensating student-athletes for the use of their NILs and that prohibit NIL compensation contingent upon athletic participation or performance, or enrollment at a particular school. *Id.* ¶ 5. The NCAA has allegedly "proclaimed the right to reinstate all of its suspended NIL restraints at any time[.]" *Id.* ¶ 22.

3

Plaintiffs allege that the challenged NCAA rules, whether they have been suspended as part of the "interim" policy or not, are anticompetitive and violative of Section 1 of the Sherman Act because they are agreements in restraint of trade that artificially fix or depress the prices paid to student-athletes for the use of their NIL. Plaintiffs aver, "Absent these nationwide restraints, Division I conferences and schools would compete amongst each other by allowing their athletes to take full advantage of opportunities to utilize, license, and profit from their NILs in commercial business ventures and promotional activities and to share in the conferences' and schools' commercial benefits received from exploiting student-athletes' names, images, and likenesses." *Id.* ¶ 112. Additionally, absent the challenged rules, "conferences and schools would also compete for recruits by redirecting money that they currently spend on extravagant facilities and coaching salaries to marketing programs and educational resources designed to help their NCAA athletes develop and grow their personal brand value and would seek out opportunities to co-market their athletes' NIL in conjunction with the school's own marks." *Id.* ¶ 113.

In the CAC, Plaintiffs seek the same relief they sought in the original complaints in *House* and *Oliver*, including an injunction, a declaratory judgment, damages, and attorneys' fees.

## II.  LEGAL STANDARD

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quotation marks omitted). "Before certifying a class, the trial court must conduct a rigorous analysis to determine whether the party seeking certification has met the prerequisites of Rule 23." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012), *overruled on other grounds in Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022) (en banc). A party moving for certification must establish "that the prerequisites of Rule 23 are satisfied by a preponderance of the evidence." *Olean*, 31 F.4th at 665.

The party moving for certification first must show that the four requirements of Rule 23(a) are met. Specifically, Rule 23(a) requires a showing that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

4

and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The party moving for certification also must show that the class can be certified based on at least one of the grounds in Rule 23(b). *See* Fed. R. Civ. P. 23(b). As relevant here, certification under Rule 23(b)(2) is appropriate if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

### III. DISCUSSION

Plaintiffs move for certification of the proposed "Injunctive Relief Class" under Rule 23(b)(2) with respect to their claims under Section 1 of the Sherman Act.[4] The proposed class is defined as follows:

> **Injunctive Relief Class**: All college athletes who compete on, competed on, or will compete on a Division I athletic team at any time between June 15, 2020 and the date of judgment in this matter. This Class excludes the officers, directors, and employees of Defendants. This Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

Plaintiffs also request that the Court appoint named Plaintiffs Sedona Prince and Grant House as representatives of, and Hagens Berman Sobol Shapiro LLP and Winston & Strawn LLP as Co-Lead Class Counsel for, the Injunctive Relief Class.

#### A. Rule 23(a)

##### 1. Numerosity

The requirement of numerosity looks to whether the proposed class is "so numerous that joinder of all members individually is impracticable." Fed. R. Civ. P. 23(a)(1). "Although there is no exact number, some courts have held that numerosity may be presumed when the class

---

[4] In their motion for class certification, Plaintiffs do not address their claim for unjust enrichment. Defendants contend that, by failing to mention their unjust enrichment claim in their motion for class certification, Plaintiffs have "abandoned certification on that claim." Docket No. 252 at 39. Plaintiffs do not respond to this argument in their reply. *See generally* Docket No. 290. In light of Plaintiffs' failure to address their unjust enrichment claim in their motion for certification, the Court construes the motion as requesting certification of their claims under Section 1 of the Sherman Act only.

5

comprises forty or more members." *See Krzesniak v. Cendant Corp.*, No. 05-05156, 2007 WL 1795703, at *7 (N.D. Cal. June 20, 2007) (citations omitted).

Here, Plaintiffs assert, and Defendants do not dispute, that the Injunctive Relief Class includes at least 184,000 members. *See* Rascher Rep. ¶ 11(e), Docket No. 209-2.[5]

Because it is undisputed that the Injunctive Relief Class is comprised of thousands of student-athletes, and it would be impracticable to join them, the Court finds that the numerosity requirement is satisfied. *See In re Nat'l Collegiate Athletic Ass'n Athletic Grant-In-Aid Cap Antitrust Litig.*, 311 F.R.D. 532, 539 (N.D. Cal. 2015) (finding that the numerosity requirement was met because "the proposed classes comprise thousands of potential members").

### 2. Commonality

Commonality requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy the commonality requirement, "[e]ven a single [common] question will do." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). The common question must be of "such nature that it is capable of class-wide resolution—which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." *Id.* at 350. The requirements of Rule 23(a)(2) have been construed "permissively." *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (citation omitted).

Here, the commonality requirement is satisfied because several questions of law and fact are common to members of the Injunctive Relief Class and can be resolved via common proof, including (1) whether the challenged NCAA rules constitute a horizontal contract, agreement, or conspiracy under Section 1 of the Sherman Act; (2) whether Defendants' procompetitive justifications for the challenged NCAA rules are valid; and (3) whether any procompetitive justifications for the challenged NCAA rules can be achieved via less restrictive alternatives. *See*

---

[5] Defendants move to exclude certain opinions by Plaintiffs' economics expert, Dr. Daniel A. Rascher. Docket No. 253. The opinions by Dr. Rascher that Defendants seek to exclude pertain to Plaintiffs' proposed damages classes and are not relevant to the resolution of Plaintiffs' motion for certification of the Injunctive Relief Class. The Court will resolve Defendants' motion to exclude Dr. Rascher's opinions in a separate order.

Rascher Rep. ¶¶ 85-95. Defendants do not dispute that the commonality requirement is met with respect to the Injunctive Relief Class.[6]

Accordingly, the Court finds that the commonality requirement is satisfied.

### 3. Typicality

The typicality requirement looks to whether the claims or defenses of the representative parties are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citation and quotation marks omitted). "In the antitrust context, generally, typicality will be established by plaintiffs and all class members alleging the same antitrust violation by defendants." *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-In-Aid Cap Antitrust Litig.*, 311 F.R.D. at 539 (citation and internal quotation marks omitted).

Here, Plaintiffs argue, and Defendants do not dispute, that the claims of named Plaintiffs Grant House and Sedona Prince are typical of those of the Injunctive Relief Class because both are Division I athletes and allege the same antitrust violations as the members of the Injunctive Relief Class, namely that the challenged NIL restrictions are anticompetitive and caused them cognizable antitrust injuries by depriving them of the opportunity to receive NIL compensation.

The Court finds that the typicality requirement is satisfied.

### 4. Adequacy of Representation

The requirement of adequate representation requires a showing that the representative parties "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requires inquiry into whether the representatives (i) have any conflicts of interest with class members and (ii) will prosecute the action vigorously on behalf of the class. *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Rule 23(g)(2) imposes a similar adequacy requirement on class counsel. *See* Fed. R. Civ. P. 23(g)(2) (providing that the court may appoint class counsel if

---

[6] Defendants argue that Plaintiffs cannot satisfy the commonality requirement "as to their damages classes." *See* Docket No. 252 at 38 n.24. That argument is irrelevant to the determination of whether the Injunctive Relief Class can be certified.

7

counsel will fairly and adequately represent the interests of the class based on factors that include the work of counsel, their experience in handling the types of claims asserted in the action, their knowledge of the applicable law, and the resources they will commit to the class).

Here, Plaintiffs contend, and Defendants do not dispute[7], that named Plaintiffs House and Prince are adequate representatives for the Injunctive Relief Class because their interests are aligned with members of that class in challenging the lawfulness of the challenged NCAA rules and in seeking injunctive and declaratory relief as to those rules. Further, it is undisputed that House and Prince have both significantly aided the prosecution of this litigation to date; each has responded to interrogatories, searched for responsive documents, and consulted with counsel about case strategy and discovery. *See* Prince Decl. ¶¶ 13-15; House Decl. ¶¶ 9-10. Plaintiffs also argue, and Defendants do not dispute, that Hagens Berman Sobol Shapiro LLP and Winston & Strawn LLP satisfy the adequacy requirement and the requirements for appointment as class counsel for the Injunctive Relief Class because both were previously appointed lead counsel for NCAA student-athletes in complex antitrust actions and have achieved significant success in that role.

Because there is no evidence that Sedona Prince, Grant House, Hagens Berman Sobol Shapiro LLP, or Winston & Strawn LLP have any conflict of interest with members of the Injunctive Relief Class, and because it is undisputed that each of them will prosecute the action vigorously and fairly on behalf of that class, the Court finds that the requirements of Rule 23(a)(4) are met. The Court designates Prince and House as representatives of the Injunctive Relief Class and appoints Hagens Berman Sobol Shapiro LLP and Winston & Strawn LLP as Co-Lead Class Counsel for that class.

---

[7] Defendants argue that intra-class conflicts exist among members of the proposed damages classes as a result of Plaintiffs' proffered methodology for calculating broadcasting damages and the fact that Plaintiffs abandoned certain claims they could have asserted on behalf of members of one of the proposed damages classes. *See* Docket No. 252 at 29-30; 38. Those arguments have no bearing on whether the adequacy requirement is met with respect to the proposed Injunctive Relief Class.

### B. Rule 23(b)(2)

Rule 23(b)(2) permits certification of a class when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Ninth Circuit has explained that the Rule 23(b)(2) requirements "are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014) (citation omitted). "That inquiry does not require an examination of the viability or bases of the class members' claims for relief, does not require that the issues common to the class satisfy a Rule 23(b)(3)-like predominance test, and does not require a finding that all members of the class have suffered identical injuries." *Id.* (footnote omitted). "Rather, as the text of the rule makes clear, this inquiry asks only whether 'the party opposing the class has acted or refused to act on grounds that apply generally to the class.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(2)).

Here, the requirements of Rule 23(b)(2) are met because it is undisputed that the challenged NIL rules apply, and have applied in the past, in a uniform manner to all members of the Injunctive Relief Class. The injunctive and declaratory relief that Plaintiffs seek in the CAC, which would enjoin the enforcement of the challenged NCAA rules and would declare the challenged rules as void, respectively, would provide uniform relief to all members of the proposed class.

Defendants do not argue that the requirements of Rule 23(b)(2) are not satisfied. The arguments that Defendants advance in their opposition are limited to certification of the proposed damages classes under Rule 23(b)(3); those arguments are irrelevant to the determination of whether the requirements of Rule 23(b)(2) are met. *See Shields v. Fed'n Internationale de Natation*, No. 18-CV-07393-JSC, 2022 WL 425359, at *15 (N.D. Cal. Feb. 11, 2022) ("The

individualized questions relevant to the Rule 23(b)(3) analysis present no problem under Rule 23(b)(2).") (citations omitted).

Accordingly, the Court finds that the proposed Injunctive Relief Class may be certified under Rule 23(b)(2). *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2013 WL 5979327, at *7 (N.D. Cal. Nov. 8, 2013) ("Because an injunction would offer all class members 'uniform relief' from this harm . . . class certification is appropriate under Rule 23 (b)(2).") (internal citation omitted).

### IV. CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiffs' motion for certification of the Injunctive Relief Class under Rule 23(b)(2). The Court will resolve Plaintiffs' motion for certification under Rule 23(b)(3) of the proposed damages classes in a separate order. The Injunctive Relief Class is defined as follows:

> **Injunctive Relief Class**: All college athletes who compete on, competed on, or will compete on a Division I athletic team at any time between June 15, 2020 and the date of judgment in this matter. This Class excludes the officers, directors, and employees of Defendants. This Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

The Court appoints Hagens Berman Sobol Shapiro LLP and Winston & Strawn LLP as Co-Lead Class Counsel, and named Plaintiffs Sedona Prince and Grant House as representatives, for the Injunctive Relief Class.

IT IS SO ORDERED.

Dated: September 22, 2023

CLAUDIA WILKEN
United States District Judge