Jacob K. Danziger (SBN 278219)
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA 94104 United States
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Calanthe Arat (*pro hac vice*)
Tamarra Matthews Johnson (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**SUPPLEMENTAL MOTION FOR LEAVE TO SUBMIT ADDITIONAL AUTHORITY IN SUPPORT OF DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION**<br><br>**[REDACTED PUBLIC VERSION]**<br><br>Trial Date:      2025-01-27<br>Judge: Hon. Claudia Wilken |

Defendants respectfully submit this brief explaining the relevance of excerpts from Dr. Rascher's September 1, 2023 supplemental deposition to the Court's consideration of Plaintiffs' motion for class certification. *See* ECF No. 324. Defendants do not oppose Plaintiffs' request to have the full deposition in the record.

### A.   Rascher Confirmed That Competition For Student-Athletes Occurs At the School Level, Dooming His Broadcast NIL Model.

The September 1, 2023 deposition confirmed that Rascher's Broadcast NIL, or BNIL, damages model is based on a series of "unsupported assumptions" precluding certification under Rule 23(b)(3). *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 666, n. 9 (9th Cir. 2022); *see* Defendants' Opp'n (Opp'n), ECF No. 252 at 6–17, 21–33.

In order to try to conceal the many individualized issues that undermine Plaintiffs' proposed class, Rascher's BNIL damages model assumes that BNIL payments would be made directly by conferences, not schools. *See* Rascher Rpt., ECF No. 209-2 ¶ 161. As Defendants previously explained, that assumption has no real-world analog, is belied by the declarations of numerous conference and school representatives, and misunderstands the nature of competition in Plaintiffs' proposed labor market. *See* Opp'n at 13–14; 24–25. Schools, not conferences, compete with each other in recruiting, and schools, not conferences, decide what amount of scholarship aid to give to individual students. *See id.* Put simply, conferences do not compete in Plaintiff's proposed labor market, schools do.

Rascher repeatedly admitted this point in his supplemental deposition, undermining one of the core assumptions of his model. Suppl. Rascher Dep., ECF No. 321-3 75:23–78:25; *see also id.* 80:7–81:14; 85:16–86:23; 88:7–89:5. Where schools ███████████████████████████████████████ *id.* at 88:7–89:5, and where schools ██████████████████████████ to attract student athletes, *id.* at 85:16–86:23, there is no reason to assume (let alone believe) that schools—which ultimately run the conferences—will take a different approach when it comes to broadcast NIL payments. Indeed, every school declarant stated otherwise. Opp'n at 13–14. This point does not just undermine one of Rascher's assumptions—it also explains why the BNIL model is not a working economic model under Rule 23. At argument, Plaintiffs' counsel analogized to a series of antitrust cases where an expert calculates an overcharge for a series of product purchases, often of commodities. Here, by contrast,

1

Plaintiffs are trying to model what college athletics would have looked like in the Power 5 Conferences under a structure where many student athletes would receive substantial payments. A working economic model would have to take account of the intense competition for recruits between schools that Rascher recently acknowledged—and the fact that basketball players in successful non-Power 5 Conferences (as an example), would have been likely to attend a Power 5 Conference school given what Plaintiffs' but-for model would have paid them. A working model would also have to account for both basic labor economics and the real world, which instruct that star players will not accept equal amounts of any broadcast (or video game) NIL compensation. Opp'n at 31; Sexton Decl., ECF 266 ¶¶ 10–11.[1]  Rascher's model does none of these things, relying instead on jerry-rigged assumptions designed to generate positive damages for every class member. Accepting such a flimsy model would mean that all antitrust cases are certified, the opposite of what the Supreme Court instructed in *Comcast*, *Wal-Mart,* and other cases. Opp'n at 20–21, 37.

Finally, at no point in his Reply Report or the supplemental deposition did Rascher provide any explanation for the Title IX problem presented by his model, confirming once again Plaintiffs have no answer for it. Rascher's model gives 96% of any broadcast NIL payments to male student athletes. That is *his* (*and Plaintiffs'*) but-for world. At the hearing, Plaintiffs' counsel argued that schools could simply pay more to female student-athletes to offset this infirmity, but that *forward-looking* injunctive argument cannot justify the fact that Rascher's *backward looking* damages model could not exist consistent with Title IX in light of Plaintiffs' assertion that they do not challenge NCAA rules prohibiting compensation to student-athletes and cap the pool available for alleged broadcast NIL compensation (thereby "using up" 100% of broadcast NIL while allocating 96% to men). Rascher also has not even endorsed the arguments Plaintiffs' counsel tried to advance at the hearing. For that reason, there is no admissible evidence of a valid and plausible model of the but-for world justifying BNIL damages.

---

[1] Star players such as Heisman Trophy winner/USC quarterback Caleb Williams recently confirmed this point.  https://www.on3.com/nil/news/usc-trojans-quarterback-caleb-williams-ea-sports-college-football-video-game-payout/ ("It's like if you go to school and you are a straight-A student and there's another kid whose strong suit isn't school and he gets B's or B-minuses. How fair would it be if you get the same grade as him? That never works in school and it doesn't make sense. That's how I look at that game with the situation with the $500.")

SUPPL. MOT. FOR LEAVE TO SUBMIT ADDITIONAL
AUTHORITY ISO DEFS.' OPP'N TO CLASS CERT.

Case No. 4:20-cv-03919-CW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.      Rascher's Third Party NIL Model Reaches Implausible Outcomes**

At his supplemental deposition, Defendants confronted Rascher with examples demonstrating that his "before and after" model of third-party NIL damages cannot support certification. An example from the supplemental deposition illustrates the point.

C.J. Frederick is a basketball player at the University of Kentucky who is reported to have earned ███████ in NIL compensation for the 2021–22 season. *See* Suppl. Rascher Dep. 136:3–10. Because Rascher's model *assumes* that student-athletes would earn *identical* NIL compensation in earlier years, Rascher calculates that Frederick would have also earned ███████ of NIL compensation in the 2018-19 season. But that makes no sense. Fredrick entered the 2021–22 season at Kentucky as "the nation's leading returner in career 3-point field-goal percentage," who won the 2021 Big Blue Madness 3-point contest."[2]   By contrast, the 2018-19 season was Frederick's freshman year at a different school (Iowa), where he redshirted (was not on the playing roster). Suppl. Rascher Dep. 136:3–139:15. Rascher's justification for this absurd outcome is that Fredrick was injured just before the 2021–22 season and so had the same minutes (zero) in 2021–22 as he had in 2018–19.[3]   Rascher Suppl. Dep. 136:3–139:15. But Frederick's reported NIL compensation for the 2021–22 season—the "after" in Rascher's model—is based on deals that occurred between August and October 2021, *before* his season-ending surgery was announced and while there was an expectation he would compete in the 2021–22 season.

This example illustrates three fundamental problems with Rascher's third party NIL model and Plaintiffs' bid for class certification. *First*, it demonstrates that Rascher's model is built to *assume* positive injury for everyone in the class, even where those class members had zero hours of playing time in the before period. *Id*. Indeed, Rascher's model is incapable of assigning a $0 valuation for *any* athlete in the before period, even though he acknowledges it is possible that some student-athletes who got deals after July 1, 2021 would not have received them before. *See id.* 114:21–116:8. The law does not permit this. Opp'n at 23; *Van v. LLR, Inc.*, 61 F.4th 1053, 1068–69 (9th Cir. 2023) (overturning

---

[2] CJ Frederick to Undergo Surgery, Likely to Miss 2021–22 Season, *available at* https://ukathletics.com/news/2021/11/13/fredrick-injury/.
[3] CJ Frederick, UKAthletics, available at https://ukathletics.com/sports/mbball/roster/player/cj-fredrick/.

class certification based on defense evidence of potentially no injury for eighteen of 13,680 class members, which was not "de minimis"). *Second*, the example shows just how much individualized evidence Dr. Rascher's model fails to address that Defendants have a right to present at trial consistent with the Rules Enabling Act. Opp'n at 35–36; *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 367 (2011). *Third,* it confirms that damages cannot be calculated formulaically for each class member, precluding certification. *See Bowerman v. Field Asset Servs., Inc.*, 39 F.4th 652, 663 (9th Cir. 2022) ("[B]ecause [plaintiffs] have not presented a method of calculating damages that is not excessively difficult, they have failed to satisfy *Comcast*'s simple command that the case be 'susceptible to awarding damages on a class-wide basis.'") (*quoting Comcast Corp. v. Behrend*, 569 U.S. 27, 32 n.4 (2013), *amended by* 60 F.4th 459 (9th Cir. 2023).

The examples from the supplemental deposition also underscore why it is not enough under Rule 23 for Plaintiffs' counsel to assert that Rascher used an accepted model. *Olean* confirms Plaintiffs are wrong on the law (*Olean*, 31 F.4th at 666, n.9), and another court in this District recently decertified a class where an expert employed a commonly-accepted model, but based his analysis on "wholly speculative assumptions" not supported by the evidence. *In re Google Play Store Antitrust Litig.*, No. 21-md-02981-JD, 2023 WL 5532128, at *8–9 (N.D. Cal. Aug. 28, 2023) (excluding expert's model that could not be "reliably used" because it was "based on assumptions . . . not supported by the evidence"); *see also In re Google Play Store Antitrust Litig.*, No. 21-md-02981-JD, 2023 WL 5602143, at *1 (N.D. Cal. Aug. 28, 2023) ("The Court has now excluded Dr. Singer's pass-through formula and his opinions based on the application of that formula in this litigation . . . Consequently, the order granting certification should be vacated."). The same outcome is warranted here. *See, e.g.*, *Ward v. Apple Inc.*, No. 12-cv-05404-YGR, 2018 WL 934544, at *3 (N.D. Cal. Feb. 16, 2018) aff'd 784 F. App'x 539, 540 (9th Cir. 2019) (experts' "failure to provide 'properly analyzed, reliable evidence that a common method of proof exists to prove impact on a class-wide basis' is fatal" (simplified)); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 807 (9th Cir. 1988) (a model resting on "unsupported assumptions and unsound extrapolation" cannot support certification).

C.     **"Lost Opportunity" Is Insufficient**

The supplemental deposition also undermined Rascher's unfounded opinion that lost opportunity alone may constitute an antitrust injury. Rascher introduced in his Reply extensive argument that mere lost opportunities can constitute proof of class wide antitrust injury. *See* Reply Rpt., ECF No. 290-2 at 14–19. If a lost opportunity were sufficient (as Rascher and Plaintiffs' claim in reply), then all antitrust damages classes would be certified. Setting that aside, there are multiple problems with Rascher's new lost opportunity theory. *First*, it is entirely disconnected from his damages model. Rascher admitted in deposition that his model does not, in fact, calculate the economic value of a lost opportunity to earn NIL compensation. Suppl. Rascher Dep. 28:13-30:5; *see also id.* at 51:13–54:14. Lost opportunity cannot, therefore, be the basis for certification. *Comcast*, 569 U.S. at 35. And, *second*, the premise that *all* student-athletes would have had the opportunity to enter into a NIL transaction is entirely unsupported. The reality is that not all student-athletes have NIL value, as the record confirms. *See* Opp'n at 5. Indeed, even Rascher agrees that a student-athlete who does not consummate a NIL transaction (even if one is actually offered) would have suffered $0 financial damages. Suppl. Rascher Dep. 26:7–28:5.

Rascher has attempted to use "lost opportunity" and other devices to try to assume commonality before—and courts properly rejected those efforts. *E.g., Shields v. FINA*, 18-cv-07393-JSC, 2022 WL 425359 (N.D. Cal. Feb. 11, 2022); *Rock v. Nat'l Collegiate Athletic Ass'n*, 1:12-cv-01019-TWP-DKL, 2016 WL 1270087, at *13-14 (S.D. Ind. Mar. 31, 2016). The Court should do the same here and should grant Defendants' requests to supplement the record.

Dated:  September 25, 2023

Respectfully Submitted,

**WILKINSON STEKLOFF LLP**

**COOLEY LLP**

By: /s/ Rakesh N. Kilaru
Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Calanthe Arat (*pro hac vice*)
Tamarra Matthews Johnson (*pro hac vice*)
Matthew R. Skanchy (*pro hac vice*)
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone:  (202) 847-4000
Facsimile:  (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

By: /s/ Whitty Somvichian
Whitty Somvichian (SBN 194463)
Kathleen R. Hartnett (SBN 314267)
Ashley Kemper Corkery (SBN 301380)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  (415) 693 2000
Facsimile:  (415) 693 2222
wsomvichian@cooley.com
khartnett@cooley.com
acorkery@cooley.com

Mark Lambert (SBN 197410)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:  (650) 843-5000
Facsimile:  (650) 849-7400
mlambert@cooley.com

Jacob K. Danziger (SBN 278219)
ARENTFOX SCHIFF LLP
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Dee Bansal (*pro hac vice*)
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842 7800
Facsimile:  (202) 842 7899
dbansal@cooley.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION

Attorneys for Defendant
PAC-12 CONFERENCE

SUPPL. MOT. FOR LEAVE TO SUBMIT ADDITIONAL
AUTHORITY ISO DEFS.' OPP'N TO CLASS CERT.

Case No. 4:20-cv-03919-CW

1

**MAYER BROWN LLP**

2

By: /s/ Britt M. Miller

3
Britt M. Miller (*pro hac vice*)
Daniel T. Fenske (*pro hac vice*)

4
71 South Wacker Drive
Chicago, IL 60606

5
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711

6
bmiller@mayerbrown.com

7
dfenske@mayerbrown.com

8
Christopher J. Kelly (SBN 276312)
Two Palo Alto Square, Suite 300

9
3000 El Camino Real
Palo Alto, CA 94306

10
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

11
cjkelly@mayerbrown.com

12

Attorneys for Defendant

13
THE BIG TEN CONFERENCE, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIDLEY AUSTIN LLP**

By:  /s/ Angela C. Zambrano
David L. Anderson (SBN 149604)
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7412
dlanderson@sidley.com

Angela C. Zambrano (*pro hac vice*)
Natali Wyson (*pro hac vice*)
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 969-3529
Facsimile: (214) 969-3558
angela.zambrano@sidley.com
nwyson@sidley.com

Chad Hummel (SBN 139055)
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 595-9505
Facsimile: (310) 595-9501
chummel@sidley.com

Attorneys for Defendant
THE BIG 12 CONFERENCE, INC.

SUPPL. MOT. FOR LEAVE TO SUBMIT ADDITIONAL
AUTHORITY ISO DEFS.' OPP'N TO CLASS CERT.

Case No. 4:20-cv-03919-CW

1

2

**ROBINSON, BRADSHAW & HINSON, P.A.**

3

By: /s/ Robert W. Fuller
Robert W. Fuller, III (*pro hac vice*)

4

Lawrence C. Moore, III (*pro hac vice*)
Amanda P. Nitto (*pro hac vice*)

5

Travis S. Hinman (*pro hac vice*)
Patrick H. Hill (*pro hac vice*)

6

101 N. Tryon St., Suite 1900

7

Charlotte, NC 28246
Telephone:  (704) 377-2536

8

Facsimile:  (704) 378-4000
rfuller@robinsonbradshaw.com

9

lmoore@robinsonbradshaw.com
anitto@robinsonbradshaw.com

10

thinman@robinsonbradshaw.com

11

phill@robinsonbradshaw.com

12

Mark J. Seifert (SBN 217054)

13

SEIFERT ZUROMSKI LLP
One Market Street, 36th Floor

14

San Francisco, California 941105
Telephone:  (415) 999-0901

15

Facsimile:  (415) 901-1123
mseifert@szllp.com

16

17

Attorneys for Defendant
SOUTHEASTERN CONFERENCE

18

19

20

21

22

23

24

25

26

27

28

**LATHAM & WATKINS LLP**

By: /s/ Christopher S. Yates
Christopher S. Yates (SBN 161273)
Aaron T. Chiu (SBN 287788)
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095
chris.yates@lw.com
aaron.chiu@lw.com

Anna M. Rathbun (SBN 273787)
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
Telephone:  (202) 637-1061
Facsimile:  (202) 637-2201
anna.rathbun@lw.com

**FOX ROTHSCHILD LLP**

By: /s/ D. Erik Albright
D. Erik Albright (*pro hac vice*)
Jonathan P. Heyl (*pro hac vice*)
Gregory G. Holland (*pro hac vice*)
230 North Elm Street, Suite 1200
Greensboro, NC 27401
Telephone:  (336) 378-5368
Facsimile:  (336) 378-5400
ealbright@foxrothschild.com
jheyl@foxrothschild.com
gholland@foxrothschild.com

Attorneys for Defendant
THE ATLANTIC COAST
CONFERENCE

8