ANDREW M. HUTCHISON (SBN 289315)
LOEB & LOEB LLP
ahutchison@loeb.com
Two Embarcadero Center, Suite 2510
San Francisco, CA 94111
Telephone:  415.903.3200
Facsimile:  415.903.3201

Attorneys for Non-Party
NATIONAL BASKETBALL PLAYERS INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No.: 4:20-cv-03919-CW |
|---|---|
| | **DECLARATION OF DANIEL ANYAEGBUNAM IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

22603890.2
239779-10008

DECLARATION OF DANIEL ANYAEGBUNAM IN SUPPORT OF JOINT
ADMINISTRATIVE OMNIBUS MOTION TO SEAL

I, Daniel Anyaegbunam, declare as follows:

1. I am an Associate Counsel with National Basketball Players Inc. d/b/a THINK450 ("THINK450"), a wholly-owned subsidiary of the National Basketball Players Association ("NBPA"). I have personal knowledge of the matters contained in this Declaration, and if called to do so, can testify competently to the same.

2. On behalf of THINK450, I am a Designated Party in the above-mentioned case. I have a legitimate interest in this case because THINK450 operates as an agent of the NBPA to procure licensing and sponsorship business opportunities that leverage intellectual property controlled by the NBPA. The licensing and sponsorship business opportunities are memorialized in contracts that are signed by both the NBPA and THINK450. Such contracts and related business information are the subject of the Joint Administrative Omnibus Motion to Seal (the "Joint Motion to Seal"). (*See* Dkt. 318.) The NBPA is the union for current professional basketball players in the National Basketball Association ("NBA"). The NBPA serves to protect and support the right and talents of its members. I am providing this declaration in support of the Joint Motion to Seal.

3. I have reviewed and am familiar with the information identified in Exhibit 1 to the Joint Motion to Seal. The information that the NBPA and THINK450 has designated as confidential and is requesting to be sealed is sensitive and confidential Name, Image, Likeness ("NIL") information that, if unsealed, would likely cause harm to the NBPA, its partners, and its members.

4. The NBPA and THINK450 is requesting to seal only the confidential NIL information identified in Exhibit 1 to the Joint Motion to Seal as the least restrictive means to maintain the confidentiality of such information.

5. The NBPA and THINK450 must maintain confidentiality around NIL information for the following reasons:

 (1) Protecting member privacy to prevent unwanted scrutiny or intrusion into their financial matters;

(2) By not disclosing specific NIL information, the NBPA and THINK450 can maintain a stronger negotiating position when it comes to contracts, endorsements, and other business arrangements on behalf of its members;

(3) Revealing the precise NIL values of players could potentially give competitors (teams, sponsors, etc.) an advantage in negotiations;

(4) Confidentiality can allow the NBPA to control the narrative and strategically disclose information when it best serves the interests of its members;

(5) Publicly available NIL information may attract attention from the media, fans, or others, leading to distractions or controversies that our members might want to avoid;

(6) NBPA members may have unique personal branding strategies, and disclosing NIL values could impact their efforts to manage their own image;

(7) Maintaining confidentiality ensures that all players have an equal playing field when it comes to negotiating NIL deals;

(8) Disclosing NIL values might affect players' future earning potential, as sponsors and partners may adjust their offers based on publicly available information; and

(9) There may be legal and compliance reasons for not disclosing specific financial information related to NIL agreements, especially in a complex sports legal landscape.  As a labor union, the NBPA is subject to annual public disclosure obligations codified in federal law; however, such obligations have not previously required it to make public any of the information that is subject of this motion.  It is inapposite that its confidential information would be made public in a litigation in which the NBPA is not even a party.

6. For the reasons set forth above, if the Joint Motion to Seal is denied, there is a substantial risk of direct injury.  This includes the potential harm to sensitive non-public information, privacy violations, legal non-compliance, and the practical challenges of safeguarding confidential data in a manner consistent with legal requirements and the best interest

3

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

22603890.2
239779-10008

DECLARATION OF DANIEL ANYAEGBUNAM IN SUPPORT OF JOINT
ADMINISTRATIVE OMNIBUS MOTION TO SEAL

of all parties involved. Sealing is necessary to mitigate these risks and ensure the fair and just handling of the court documents.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on September 29, 2023.

*Daniel Anyaegbunam*
_____
Daniel Anyaegbunam

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

22603890.2
239779-10008

4

DECLARATION OF DANIEL ANYAEGBUNAM IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL