# Exhibit 2
## to Declaration of Robert W. Fuller

Robin H. Jones
Chief University Counsel
The University of Alabama

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF MATTHEW SELF IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

I, Matthew Self, declare that the following is true:

1. I am the Senior Associate Athletics Director over Support Services and Special Projects at The University of Alabama ("UA"). UA is a member of the Southeastern Conference, which is a defendant in this action. I make this declaration of my own personal knowledge and, if called on to do so, could testify competently to the facts stated herein under oath.

2. I am informed that the parties in this matter are seeking to file under seal certain highly confidential and competitively sensitive information belonging to UA, as well as other documents that reference those materials. Specifically, on September 15, 2023, the parties in this matter filed a Joint Administrative Omnibus Motion to Seal (the "Motion"). UA was served with a copy of the Motion and was informed of the procedures set forth in Civil Local Rule 79-5, as modified by the Stipulation and Order Modifying Sealing Procedures in this case. *See* ECF No. 205.

3. I make this declaration in support of the sealing of certain confidential

information produced by UA pursuant to Local Rule 79-5(c) and (f)(3) of the U.S. District Court for the Northern District of California.

4. On or about September 20, 2021, Plaintiffs in this action served UA with a subpoena seeking, in part, data and documents reflecting the identity of student-athletes on various athletic teams at UA, financial aid data related to student-athletes at UA, and proposed terms of agreements that we believe student-athletes at UA have entered with third parties related to the commercial use of their name, image, or likeness ("NIL") or commercial activity related to their NIL, including the proposed financial terms of those agreements.

5. On or around December 2, 2021, February 25, 2022, April 19, 2022, September 26, 2022 and September 1, 2023, UA produced documents in this matter that included, among other things, confidential financial aid records for individual student-athletes and the proposed terms, including proposed financial terms, of NIL agreements for individual student-athletes. These materials were produced to Plaintiffs with the understanding that they would be kept confidential pursuant to the Stipulation and Protective Order entered in this action. UA marked these documents as Confidential, Highly Confidential, and Highly Confidential – Counsel Only.

6. I understand that a party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

7. UA requests that the following portions of the parties' filings containing UA's confidential information be maintained and filed under seal and can demonstrate that

compelling reasons exist to maintain these narrowly tailored redactions under seal:

| | Document and Location | Compelling Reason(s) for Sealing |
|---|---|---|
| 1. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 204, ¶ 244 & n.541. | To protect personal, private, highly confidential and/or competitively sensitive information pertaining to a UA student-athlete and that student-athlete's reported NIL transactions. |
| 2. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 209-10, ¶ 250. | To protect personal, private, highly confidential and/or competitively sensitive information pertaining to a UA student-athlete and that student-athlete's reported NIL transactions. |
| 3. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 210, n.550. | To protect personal, private, highly confidential and/or competitively sensitive information pertaining to a UA student-athlete and that student-athlete's reported NIL transactions. |
| 4. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 220, ¶ 259(c). | To protect personal, private, highly confidential and/or competitively sensitive information pertaining to a UA student-athlete and that student-athlete's reported NIL transactions. |
| 5. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 220, n. 581. | To protect personal, private, highly confidential and/or competitively sensitive information pertaining to a UA student-athlete and that student-athlete's reported NIL transactions. |
| 6. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 223, ¶ 263(a). | To protect personal, private, highly confidential and/or competitively sensitive information pertaining to a UA student-athlete and that student-athlete's reported NIL transactions. |
| 7. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 223, n. 591. | To protect personal, private, highly confidential and/or competitively sensitive information pertaining to a UA student-athlete and that student-athlete's reported NIL transactions. |
| 8. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 254, ¶ 302. | To protect personal, private, highly confidential and/or competitively sensitive information pertaining to two UA student-athletes and those student-athletes' reported NIL transactions. |

| | Document and Location | Compelling Reason(s) for Sealing |
|---|---|---|
| 9. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 254, n. 687. | To protect personal, private, highly confidential and/or competitively sensitive information pertaining to two UA student-athletes and those student-athletes' reported NIL transactions. |

8.   UA maintains the terms of the proposed NIL agreements disclosed to UA summarized above as confidential. Not all employees of UA are permitted to access these documents or the proposed agreement terms that they contain. UA also demands that recipients of those proposed agreements treat them as confidential.

9.   The Northern District of California has concluded that "compelling reasons" exist to seal confidential "license agreements, financial terms, [and] details of confidential licensing negotiations[.]" *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, at *1 (N.D. Cal. Mar. 11 ,2020) (citation and internal quotation marks omitted). For the same reasons, the agreements summarized above should remain sealed.

10.   Additionally, the documents summarized above contain and reflect confidential personal information belonging to UA's student-athletes. Under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, UA is required to keep confidential personal information belonging to its students, and, subject to narrow exceptions, may not disclose such information to the public. Federal courts have concluded that FERPA obligations should be considered when determining whether to seal information in court filings. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001). Courts in this district have sealed information that is subject to FERPA's privacy protections. *See, e.g., Abdulhadi v. Wong*, No. 18-cv-04662, 2022 WL 842588, at *11 (N.D. Cal. Mar. 4, 2022).

11.   For the foregoing reasons, UA respectfully submits that compelling reasons exist to seal the information identified above and in the Proposed Order submitted with the

Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2023.

By: _____
Matthew Self
Senior Associate Athletics Director,
Support Services and Special Projects
The University of Alabama