# Exhibit 3
## to Declaration of Robert W. Fuller

Richard Greene
Senior Associate AD/Administration
Auburn University
reg0039@auburn.edu

*Attorneys for Auburn University ("Auburn")*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF AUBURN UNIVERSITY IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

I, Richard Greene, declare that the following is true:

1. I am the Senior Associate Athletics Director for Administration of Auburn University ("Auburn"). Auburn is a member of the Southeastern Conference, which is a defendant in this action. I make this declaration of my own personal knowledge and, if called on to do so, could testify competently to the facts stated herein under oath.

2. I am informed that the parties in this matter are seeking to file under seal certain highly confidential and competitively sensitive information belonging to Auburn, as well as other documents that reference those materials. Specifically, on September 15, 2023, the parties in this matter filed a Joint Administrative Omnibus Motion to Seal (the "Motion"). Auburn was served with a copy of the Motion and was informed of the procedures set forth in Civil Local Rule 79-5, as modified by the Stipulation and Order Modifying Sealing Procedures in this case. *See* ECF No. 205.

3.   I make this declaration in support of the sealing of certain confidential information produced by Auburn pursuant to Local Rule 79-5(c) and (f)(3) of the U.S. District Court for the Northern District of California.

4.   On or around November 4, 2021, Plaintiffs in this action served Auburn with a subpoena seeking, in part, data and documents reflecting the identity of student-athletes on various athletic teams at Auburn; and/or the financial aid distributions made to student-athletes at Auburn; and/or the terms of agreements that student-athletes at Auburn have entered with third parties related to the commercial use of their name, image, or likeness ("NIL") or commercial activity related to their NIL, including the financial terms of those agreements.

5.   On November 4, 2021 and May 16, 2022, Auburn complied with the subpoena by producing documents that contained confidential financial aid records for individual student-athletes; and/or the terms, including financial terms, of NIL agreements for individual student-athletes; and/or copies of NIL agreements entered by individual student-athletes. These documents were produced to Plaintiffs with the understanding that they would be kept confidential pursuant to the Stipulation and Protective Order entered in this action. Auburn marked these documents as Highly Confidential NCAA Member Financial Material.

6.   I understand that a party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

7.   Auburn requests that the following portions of the parties' filings containing Auburn's confidential information be maintained and filed under seal and can demonstrate that

compelling reasons exist to maintain these narrowly tailored redactions under seal:

| | Document and Location | Compelling Reason(s) for Sealing |
|---|---|---|
| 1. | ECF No. 209-2, Expert Report of Daniel Rascher, p. 112, ¶ 238. | To protect highly confidential and competitively sensitive information pertaining to Auburn's squad lists, which reveal the identity of Auburn's student-athletes, as well as information about their enrollment at Auburn and the financial aid they received at Auburn for 2021-2022 specific academic years. |

8.  The documents summarized above contain and reflect confidential personal information belonging to Auburn's student-athletes. Under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, Auburn is required to keep confidential personal information belonging to its students, and, subject to narrow exceptions, may not disclose such information to the public. Federal courts have concluded that FERPA obligations should be considered when determining whether to seal information in court filings. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001). Courts in this district have sealed information that is subject to FERPA's privacy protections. *See, e.g., Abdulhadi v. Wong*, No. 18-cv-04662, 2022 WL 842588, at *11 (N.D. Cal. Mar. 4, 2022).

9.  Moreover, the disclosure of details regarding the financial aid Auburn provides to its student-athletes, as well as the specific manner in which Auburn provides such aid, would harm Auburn by revealing non-public information regarding Auburn's financial-aid decisions and distributions to NCAA members, who are Auburn's competitors. Auburn reports this financial-aid information to the NCAA, but this information is not released or otherwise made available to the public or other NCAA members on either a conference- or school- specific basis. I understand that federal courts, including the Ninth Circuit, have concluded that information, like this financial-aid data, that would harm a litigant's competitive standing if

made publicly available is properly subject to sealing.  *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

10. The limited redactions proposed above and in the Motion are narrowly tailored and seek to seal only confidential information of individual Auburn student-athletes.  The public disclosure of this information would harm Auburn and/or Auburn's student-athletes.  Disclosing these redacted portions publicly is also unnecessary in this litigation, as these student-athletes' identities, financial aid information, and/or particularized NIL agreement terms are irrelevant to the arguments in support of and against class certification in this case.

11. For the foregoing reasons, Auburn respectfully submits that compelling reasons exist to seal the information identified above and in the Proposed Order submitted with the Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2023.

By: *Richard Greene*
Richard Greene
Senior Associate AD/Administration