# Exhibit 4
## to Declaration of Robert W. Fuller

Michael W. Ford
Senior University Counsel
University of Florida
123 Tigert Hall
Gainesville, FL 32611
Telephone: (352) 292-1358
Facsimile: (352) 392-4387
mwford@ufl.edu

*Attorney for the University of Florida*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW |
| | **DECLARATION OF KIM GREEN IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

I, Kim Green, declare that the following is true:

1.      I am the Associate Athletics Director for the University of Florida's intercollegiate athletic program and an employee of The University Athletic Association, Inc.("UAA"), a separate corporate entity that is wholly controlled by the University of Florida.[1] The University of Florida is a member of the Southeastern Conference, which is a defendant in this action. I make this declaration of my own personal knowledge and, if called on to do so, could testify competently to the facts stated herein under oath.

2.      I am informed that the parties in this matter are seeking to file under seal certain

---

[1] The documents produced by the University of Florida in response to the subpoena belong to UAA. For convenience and clarity, both UAA and the University of Florida are referred to collectively in this Declaration as the "University of Florida" or the "University."

highly confidential and competitively sensitive information belonging to the University as well as other documents that reference those materials. Specifically, on September 15, 2023, the parties in this matter filed a Joint Administrative Omnibus Motion to Seal (the "Motion"). The University was served with a copy of the Motion and was informed of the procedures set forth in Civil Local Rule 79-5, as modified by the Stipulation and Order Modifying Sealing Procedures in this case. *See* ECF No. 205.

3. I make this declaration in support of the sealing of certain confidential information produced by the University pursuant to Local Rule 79-5(c) and (f)(3) of the U.S. District Court for the Northern District of California.

4. On September 23, 2021, Plaintiffs in this action served the University with a subpoena seeking, in part, data and documents reflecting the identity of student-athletes on various athletic teams at the University, the financial aid distributions made to student-athletes at the University, and certain information regarding agreements that student-athletes at the University have entered with third parties related to the commercial use of their name, image, or likeness ("NIL") or commercial activity related to their NIL, including the financial terms of those agreements.

5. On , November 1, 2012 the University complied with the subpoena by making an initial production of documents. The University made supplemental productions on November 5, 2021, December 22, 2021, July 1, 2022, May 9, 2023 and May 26, 2023. The University's productions included documents that contained confidential financial aid records for individual student-athletesand information, including financial terms, regarding NIL agreements for individual student-athletes. These documents were produced to Plaintiffs with the understanding that they would be kept confidential pursuant to the Stipulation and Protective Order entered in this action. The University marked these documents as

"Confidential."

6.      I understand that a party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

7.      The University requests that the following portions of the parties' filings containing the University's confidential information be maintained and filed under seal and can demonstrate that compelling reasons exist to maintain these narrowly tailored redactions under seal:

| | Document and Location | Compelling Reason(s) for Sealing |
|---|---|---|
| 1. | ECF No. 209-2, Expert Report of Daniel Rascher, p.112, n. 238; | To protect highly confidential and competitively sensitive information pertaining to the University's squad lists, which reveal the identity of the University's student-athletes, as well as information about their enrollment at the University and the financial aid they received at the University for specific academic years. |
| 2. | ECF No. 290-2, Reply Report of Daniel Rascher, p.17, ¶ 28 & n.36 | To protect highly confidential and competitively sensitive information pertaining to the NIL deals reported by certain of the University's student-athletes and their financial terms. |

8.      The University maintains the information pertaining to the NIL agreements summarized above and the terms thereof as confidential. Not all employees of the University are permitted to access these documents or the agreement terms that they contain. The University also demands that recipients of those documents agree to treat that information as confidential.

9.      The Northern District of California has concluded that "compelling reasons" exist to seal confidential "license agreements, financial terms, [and] details of confidential licensing negotiations[.]" *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, at *1 (N.D. Cal. Mar. 11 ,2020) (citation and internal quotation marks omitted). For the same reasons, the agreements summarized above should remain sealed.

10.     The documents summarized above also contain and reflect confidential personal information belonging to the University's student-athletes. Under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, ("FERPA") the University is required to keep confidential personal information belonging to its students, and, subject to narrow exceptions, may not disclose such information to the public. Federal courts have concluded that FERPA obligations should be considered when determining whether to seal information in court filings. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001). Courts in this district have sealed information that is subject to FERPA's privacy protections. *See, e.g., Abdulhadi v. Wong*, No. 18-cv-04662, 2022 WL 842588, at *11 (N.D. Cal. Mar. 4, 2022).

11.     Moreover, the disclosure of details regarding the financial aid the University provides to its student-athletes, as well as the specific manner in which the University provides such aid, would harm the University and its students by revealing non-public information regarding the University's financial-aid decisions and distributions to NCAA members, who are the University's competitors. The University reports this financial-aid information to the NCAA, but this information is not released or otherwise made available to the public or other NCAA members on either a conference- or school- specific basis. I understand that federal courts, including the Ninth Circuit, have concluded that information, like this financial-aid data, that would harm a litigant's competitive standing if made publicly available is properly

1   subject to sealing.  *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Ctr.*

2   *for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).]

3        12.     The limited redactions proposed above and in the Motion are narrowly tailored

4   and seek to seal only confidential information of individual University student-athletes.  The

5   public disclosure of this information would harm the University and its student-athletes.

6   Disclosing these redacted portions publicly is also unnecessary in this litigation, as these

7

8   student-athletes' identities, financial aid information, and particularized NIL agreement terms

9   are irrelevant to the arguments in support of and against class certification in this case.

10       13.     For the foregoing reasons, the University respectfully submits that compelling

11  reasons exist to seal the information identified above and in the Proposed Order submitted with

12  the Motion.

13

14       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

15  and correct.

16       Executed on September 24, 2023.

17                                    Kim Green

18                              By:  _____

19                                    Kim Green
                                     Associate Athletics Director

20

21

22

23

24

25

26

27

28