# Exhibit 5
## to Declaration of Robert W. Fuller

Will Lawler

*Deputy Athletic Director – Legal & Regulatory Affairs/Assistant General Counsel for Athletics, University of Georgia*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF THE UNIVERSITY OF GEORGIA IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

I, Will Lawler, declare that the following is true:

1. I am the Deputy Athletic Director – Legal & Regulatory Affairs/Assistant General Counsel for Athletics for the University of Georgia. The University of Georgia is a member of the Southeastern Conference, which is a defendant in this action. I make this declaration of my own personal knowledge and, if called on to do so, could testify competently to the facts stated herein under oath.

2. I am informed that the parties in this matter are seeking to file under seal certain highly confidential and competitively sensitive information belonging to a student-athlete at the University of Georgia, as well as other documents that reference those materials. Specifically, on September 15, 2023, the parties in this matter filed a Joint Administrative Omnibus Motion to Seal (the "Motion"). The University of Georgia was provided a copy of the Motion and was informed of the procedures set forth in Civil Local Rule 79-5, as modified by the Stipulation and Order Modifying Sealing Procedures in this case. *See* ECF No. 205.

3.     I make this declaration in support of the sealing of certain confidential information produced by the University of Georgia pursuant to Local Rule 79-5(c) and (f)(3) of the U.S. District Court for the Northern District of California.

4.     On September 23, 2021, Plaintiffs in this action served the University of Georgia with a subpoena ("First Subpoena") seeking, in part, data and documents reflecting the terms of agreements that student-athletes at the University of Georgia have entered with third parties related to the commercial use of their name, image, or likeness ("NIL") or commercial activity related to their NIL, including the financial terms of those agreements (the "NIL Agreements Request").

5.     On November 23, 2021, the University of Georgia complied with the First Subpoena by producing documents including, but not limited to documents that contained the terms, including financial terms, of NIL agreements for individual student-athletes and copies of NIL agreements entered by individual student-athletes. These documents were produced to Plaintiffs and were marked as "Highly Confidential – Counsel Only" pursuant to the Stipulation and Protective Order (the "Protective Order") entered in this action, and it was the University of Georgia's understanding the documents would be treated as highly confidential in accordance with the Protective Order.

6.     On July 12, 2022, at the Plaintiffs' request, the University of Georgia supplemented its response to the NIL Agreements Request in Plaintiffs' First Subpoena. The University of Georgia's supplemental production was marked as "Highly Confidential – Counsel Only" pursuant to the Protective Order, and it was the University of Georgia's understanding the documents would be treated as highly confidential in accordance with the Protective Order.

7.     On May 8, 2023, Plaintiffs in this action served the University of Georgia with a

second subpoena ("Second Subpoena") which contained the NIL Agreements Request with a modified relevant time period.

8. On July 27, 2023, the University of Georgia complied with the Second Subpoena by producing documents including documents that contained the terms, including financial terms, of NIL agreements for individual student-athletes and copies of NIL agreements entered by individual student-athletes. These documents were produced to Plaintiffs and were marked as "Highly Confidential – Counsel Only" pursuant to the Protective Order, and it was the University of Georgia's understanding the documents would be treated as highly confidential in accordance with the terms of the Protective Order.

9. I understand that a party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

10. The University of Georgia requests that the following portions of the parties' filings containing a University of Georgia student-athlete's confidential information be maintained and filed under seal and can demonstrate that compelling reasons exist to maintain these narrowly tailored redactions under seal:

|    | Document and Location | Compelling Reason(s) for Sealing |
|----|----------------------|----------------------------------|
| 1. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 215, ¶ 254 (b). | To protect highly confidential and competitively sensitive information pertaining to a student-athlete at the University of Georgia's confidential NIL agreement. |

| | Document and Location | Compelling Reason(s) for Sealing |
|---|---|---|
| 2. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 215, n. 566. | To protect highly confidential and competitively sensitive information pertaining to a student-athlete at the University of Georgia's confidential NIL agreement. |

11.  The University of Georgia maintains the terms of the NIL agreements summarized above and the terms thereof are confidential. Not all employees of the University of Georgia are permitted to access these documents or the agreement terms that they contain. The University of Georgia also demands that recipients of those agreements treat the agreements as confidential. Additionally, many of the agreements contain explicit confidentiality provisions prohibiting or limiting their public disclosure.

12.  The documents summarized above contain and reflect confidential personal information belonging to the University of Georgia's student-athletes. Under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, the University of Georgia is required to keep confidential personal information belonging to its students, and, subject to narrow exceptions, may not disclose such information to the public. Federal courts have concluded that FERPA obligations should be considered when determining whether to seal information in court filings. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001). Courts in this district have sealed information that is subject to FERPA's privacy protections. *See, e.g.*, *Abdulhadi v. Wong*, No. 18-cv-04662, 2022 WL 842588, at *11 (N.D. Cal. Mar. 4, 2022).

13.  The Northern District of California has concluded that "compelling reasons" exist to seal confidential "license agreements, financial terms, [and] details of confidential licensing negotiations[.]" *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, at *1 (N.D. Cal. Mar. 11 ,2020) (citation and internal quotation marks

omitted). For the same reasons, the agreements summarized above should remain sealed.

14. The limited redactions proposed above and in the Motion are narrowly tailored and seek to seal only confidential information of an individual University of Georgia student-athlete. The public disclosure of this information would harm the University of Georgia's student-athlete. Disclosing these redacted portions publicly is also unnecessary in this litigation, as this student-athlete's identity and particularized NIL agreement terms are irrelevant to the arguments in support of and against class certification in this case.

15. For the foregoing reasons, the University of Georgia respectfully submits that compelling reasons exist to seal the information identified above and in the Proposed Order submitted with the Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 25, 2023.

By: _____
Will Lawler
Deputy Athletic Director – Legal & Regulatory Affairs/Assistant General Counsel for Athletics