# Exhibit 6
## to Declaration of Robert W. Fuller

William E. Thro
General Counsel
Office of Legal Counsel
University of Kentucky
301 Main Building
410 Administration Drive
Lexington, Kentucky 40506-0032
(859) 257-2936

*Attorney for University of Kentucky*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF UNIVERSITY OF KENTUCKY IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

I, William E. Thro, declare that the following is true:

1.  I am the General Counsel of the University of Kentucky. The University of Kentucky is a member of the Southeastern Conference, which is a defendant in this action. I make this declaration of my own personal knowledge and, if called on to do so, could testify competently to the facts stated herein under oath.

2.  I am informed that the parties in this matter are seeking to file under seal certain highly confidential and competitively sensitive information belonging to the University of Kentucky, as well as other documents that reference those materials. Specifically, on September 15, 2023, the parties in this matter filed a Joint Administrative Omnibus Motion to Seal (the "Motion"). The University of Kentucky was served with a copy of the Motion and was informed of the procedures set forth in Civil Local Rule 79-5, as modified by the

Stipulation and Order Modifying Sealing Procedures in this case. *See* ECF No. 205.

3. I make this declaration in support of the sealing of certain confidential information produced by the University of Kentucky pursuant to Local Rule 79-5(c) and (f)(3) of the U.S. District Court for the Northern District of California.

4. On September 22, 2021, Plaintiffs in this action served the University of Kentucky with a subpoena seeking, in part, data and documents reflecting [the identity of student-athletes on various athletic teams at the University of Kentucky; and/or the financial aid distributions made to student-athletes at the University of Kentucky; and/or the terms of agreements that student-athletes at the University of Kentucky have entered with third parties related to the commercial use of their name, image, or likeness ("NIL") or commercial activity related to their NIL, including the financial terms of those agreements].

5. On March 28, 2022, the University of Kentucky complied with the by producing documents that contained confidential financial aid records for individual student-athletes; and/or the terms, including financial terms, of NIL agreements for individual student-athletes. These documents were produced to Plaintiffs with the understanding that they would be kept confidential pursuant to the Stipulation and Protective Order entered in this action. The University of Kentucky marked these documents as Highly Confidential – Counsel Only.

6. I understand that a party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

7. The University of Kentucky requests that the following portions of the parties'

filings containing the University of Kentucky's confidential information be maintained and filed under seal and can demonstrate that compelling reasons exist to maintain these narrowly tailored redactions under seal:

| | Document and Location | Compelling Reason(s) for Sealing |
|---|---|---|
| 1. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 211, ¶ 251(b), p. 211, n.555, | To protect highly confidential and competitively sensitive information pertaining to student-athlete at the University of Kentucky confidential NIL agreements. |
| 2. | ECF No. 251-1, Expert Report of Catherine Tucker, p.214, ¶ 254(a), and p.214, n. 565 | To protect highly confidential and competitively sensitive information pertaining to student-athlete at the University of Kentucky confidential NIL agreements. |

8.  The University of Kentucky maintains the terms of the NIL agreements summarized above and the terms thereof as confidential. Not all employees of the University of Kentucky are permitted to access these documents or the agreement terms that they contain. The University of Kentucky also demands that recipients of those agreements treat the agreements as confidential. Additionally, many of the agreements contain explicit confidentiality provisions prohibiting or limiting their public disclosure.

9.  The Northern District of California has concluded that "compelling reasons" exist to seal confidential "license agreements, financial terms, [and] details of confidential licensing negotiations[.]" *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, at *1 (N.D. Cal. Mar. 11 ,2020) (citation and internal quotation marks omitted). For the same reasons, the agreements summarized above should remain sealed.]

10. – The documents summarized above contain and reflect confidential personal information belonging to the University of Kentucky's student-athletes. Under the Family

Educational Rights and Privacy Act, 20 U.S.C. § 1232g, the University of Kentucky is required to keep confidential personal information belonging to its students, and, subject to narrow exceptions, may not disclose such information to the public. Federal courts have concluded that FERPA obligations should be considered when determining whether to seal information in court filings. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001). Courts in this district have sealed information that is subject to FERPA's privacy protections. *See, e.g., Abdulhadi v. Wong*, No. 18-cv-04662, 2022 WL 842588, at *11 (N.D. Cal. Mar. 4, 2022).

11. Moreover, the disclosure of details regarding the financial aid the University of Kentucky provides to its student-athletes, as well as the specific manner in which the University of Kentucky provides such aid, would harm the University of Kentucky by revealing non-public information regarding the University of Kentucky's financial-aid decisions and distributions to NCAA members, who are the University of Kentucky's competitors. The University of Kentucky reports this financial-aid information to the NCAA, but this information is not released or otherwise made available to the public or other NCAA members on either a conference- or school- specific basis. I understand that federal courts, including the Ninth Circuit, have concluded that information, like this financial-aid data, that would harm a litigant's competitive standing if made publicly available is properly subject to sealing. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).]

12. The limited redactions proposed above and in the Motion are narrowly tailored and seek to seal only confidential information of individual University of Kentucky student-athletes. The public disclosure of this information would harm [the University of Kentucky and/or the University of Kentucky's student-athletes]. Disclosing these redacted portions

publicly is also unnecessary in this litigation, as these student-athletes' identities, financial aid information, and particularized NIL agreement terms are irrelevant to the arguments in support of and against class certification in this case.

13. For the foregoing reasons, the University of Kentucky respectfully submits that compelling reasons exist to seal the information identified above and in the Proposed Order submitted with the Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 21, 2023.

By: _____
William E. Thro
General Counsel
University of Kentucky