# Exhibit 8
## to Declaration of Robert W. Fuller

1    Mark A. Menghini
     General Counsel
2    University of Missouri System
     menghinim@umsystem.edu
3
     *Attorneys for University of Missouri*
4

5                  **UNITED STATES DISTRICT COURT**

6                  **NORTHERN DISTRICT OF CALIFORNIA**

7                          **OAKLAND DIVISION**

8
     IN RE COLLEGE ATHLETE NIL          Case No. 4:20-cv-03919-CW
9    LITIGATION
                                        **DECLARATION OF NICK**
10                                      **GRUNENWALD IN SUPPORT OF JOINT**
                                        **ADMINISTRATIVE OMNIBUS MOTION**
11                                      **TO SEAL**

12

13

14

15          I, Nick Grunenwald, declare that the following is true:

16          1.      I am the Associate Athletics Director of the University of Missouri (the

17   "University"). The University is a member of the Southeastern Conference, which is a

18   defendant in this action. I make this declaration of my own personal knowledge and, if called

19   on to do so, could testify competently to the facts stated herein under oath.

20          2.      I am informed that the parties in this matter are seeking to file under seal certain

21   highly confidential and competitively sensitive information belonging to the University, as

22   well as other documents that reference those materials. Specifically, on September 15, 2023,

23   the parties in this matter filed a Joint Administrative Omnibus Motion to Seal (the "Motion").

24   The University was served with a copy of the Motion and was informed of the procedures set

25   forth in Civil Local Rule 79-5, as modified by the Stipulation and Order Modifying Sealing

26   Procedures in this case. *See* ECF No. 205.

27

28

1    3.    I make this declaration in support of the sealing of certain confidential

2   information produced by the University pursuant to Local Rule 79-5(c) and (f)(3) of the U.S.

3   District Court for the Northern District of California.

4    4.    On approximately September 20, 2021, Plaintiffs in this action served the

5   University with a subpoena seeking, in part, data and documents reflecting, among other

6   things, documents and communications relating to licensing and other commercial agreements

7

8   entered by the University relating to its men's and women's athletics programs.

9    5.    The University made several productions in response to the subpoena, including

10  a production of documents made on approximately February 4, 2022 that contained

11  confidential contract proposals that the University received from various third parties related to

12  licensing and co-brand licensing opportunities, including related to the use of the University's

13

14  trademarks in connection with student-athlete NIL activity.  These documents were produced

15  to Plaintiffs with the understanding that they would be kept confidential pursuant to the

16  Stipulation and Protective Order entered in this action.

17   6.    I understand that a party seeking to file a document under seal must "establish

18  that a document, or portions thereof, are sealable."  Civil L.R. 79-5(c).  In connection with a

19  dispositive motion, a designating party must demonstrate that "compelling reasons" exist to

20

21  protect the information from being disclosed.  *Kamakana v. City & Cnty. of Honolulu*, 447

22  F.3d 1172, 1178-79 (9th Cir. 2006).  Redactions, instead of complete removal, can be used to

23  place "limited and clear" portions of information outside the public record.  *Id.* at 1183.

24   7.    The University requests that the following portions of the parties' filings

25  containing the University's confidential information be maintained and filed under seal and can

26  demonstrate that compelling reasons exist to maintain these narrowly tailored redactions under

27

28  seal:

DECL. ISO JOINT ADMINISTRATIVE OMNIBU
MOTION TO SEA
CASE NO. 4:20-CV-03919-C\

| | Document and Location | Compelling Reason(s) for Sealing |
|---|---|---|
| 1. | ECF No. 208, Plaintiffs' Motion for Class Certification, p. 14 n.40 | To protect highly confidential and competitively sensitive information regarding the proposed terms of confidential licensing agreements and co-brand licensing opportunities presented to the University by its licensing partners related to student-athlete NIL activity. |
| 2. | ECF No. 208-1, Declaration of Steve W. Berman in Support of Plaintiffs' Motion for Class Certification, Ex. 37 | To protect highly confidential and competitively sensitive information regarding the proposed terms of and context surrounding confidential licensing agreements and co-brand licensing opportunities presented to the University by its licensing partners related to student-athlete NIL activity. |

8.      The Northern District of California has concluded that "compelling reasons" exist to seal confidential "license agreements, financial terms, [and] details of confidential licensing negotiations[.]"  *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, at *1 (N.D. Cal. Mar. 11 ,2020) (citation and internal quotation marks omitted).  For the same reasons, the documents outlining proposed licensing agreement terms and conditions provided by the University's actual and potential licensing partners should remain sealed.  If publicly disclosed, this information could be used to the University's disadvantage in future discussions or negotiations regarding the terms for licensing the University's trademarks.

9.      The limited redactions proposed above and in the Motion are narrowly tailored and seek to seal only confidential information belonging to the University regarding the proposed terms of certain licensing arrangements.  The public disclosure of this information would harm the University, as outlined above.  Disclosing these redacted portions publicly is also unnecessary in this litigation, as the proposed terms and conditions of potential licensing

1   opportunities provided to the University are irrelevant to the arguments in support of and

2   against class certification in this case.

3         10.     For the foregoing reasons, the University respectfully submits that compelling

4   reasons exist to seal the information identified above and in the Proposed Order submitted with

5   the Motion.

6

7         Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

8   and correct.

9         Executed on September 26, 2023.

10

11                                           By:   _____

12                                                  Nick Grunenwald
                                                    Associate Athletics Director - HR

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28