# Exhibit 9
## to Declaration of Robert W. Fuller

THOMAS A SILVER
State Bar No. 00784967
Managing Counsel, Litigation & Dispute Resolution
THE TEXAS A&M UNIVERSITY SYSTEM
Moore / Connally Building, 6th Floor
301 Tarrow Street
College Station, Texas 77840
(979) 458-6159 (direct)
tsilver@tamus.edu

*Attorneys for Texas A&M University*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF TEXAS A&M UNIVERSITY IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

I, Brad A. Barnes, declare that the following is true:

1. I am the Senior Associate Athletics Director for Athletics Compliance at Texas A&M University ("TAMU"). TAMU is a member of the Southeastern Conference, which is a defendant in this action. I make this declaration of my own personal knowledge and, if called on to do so, could testify competently to the facts stated herein under oath.

2. I am informed that the parties in this matter are seeking to file under seal certain highly confidential and competitively sensitive information belonging to TAMU, as well as other documents that reference those materials. Specifically, on September 15, 2023, the parties in this matter filed a Joint Administrative Omnibus Motion to Seal (the "Motion"). TAMU was served with a copy of the Motion and was informed of the procedures set forth in

1  Civil Local Rule 79-5, as modified by the Stipulation and Order Modifying Sealing Procedures
2  in this case. *See* ECF No. 205.
3     3.     I make this declaration in support of the sealing of certain confidential
4  information produced by TAMU pursuant to Local Rule 79-5(c) and (f)(3) of the U.S. District
5  Court for the Northern District of California.
6     4.     On September 22, 2021 and May 22, 2023, Plaintiffs in this action served
7  TAMU with subpoenas seeking, in part, data and documents reflecting the identity of student-
8  athletes on various athletic teams at TAMU; the financial aid distributions made to student-
9  athletes at TAMU;  the terms of agreements that student-athletes at TAMU have entered with
10 third parties related to the commercial use of their name, image, or likeness ("NIL") or
11 commercial activity related to their NIL, including the financial terms of those agreements.
12    5.     On February 9, 2022, and January 23, 2022, TAMU complied with the
13 September 22, 2021, subpoena by producing documents that contained confidential financial
14 aid records for individual student-athletes and the terms, including financial terms, of NIL
15 agreements for individual student-athletes. On June 27, 2023, TAMU complied with the May
16 22, 2023, subpoena by producing information relating to financial terms of NIL agreements for
17 individual student athletes. These documents were produced to Plaintiffs with the
18 understanding that they would be kept confidential pursuant to the Stipulation and Protective
19 Order entered in this action.
20    6.     Separately, TAMU also produced documents in response to a subpoena issued
21 to TAMU during the pendency of *In re National Collegiate Athletic Association Athletic
22 Grant-in-Aid Cap Antitrust Litigation*, No. 4:14-md-02541-CW (N.D. Cal.).  The documents
23 TAMU produced (Bates-labeled TAMU000758-TAMU000761) included information
24 regarding TAMU's distribution of funds from the NCAA's Student-Athlete Opportunity Fund

to individual student-athletes during the 2015-2016 academic year. TAMU produced these documents pursuant to a protective order in the *Grant-in-Aid* action.

7.   I understand that a party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

8.   TAMU requests that the following portions of the parties' filings containing TAMU's confidential information be maintained and filed under seal and can demonstrate that compelling reasons exist to maintain these narrowly tailored redactions under seal:

|   | **Document and Location** | **Compelling Reason(s) for Sealing** |
|---|---|---|
| 1. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 115, Fig. 7; p. 116 (Fig. 8); and p. 118 (Fig. 9) | To protect highly confidential and competitively sensitive information pertaining to the financial aid that students received at TAMU for specific academic years (2015/2016). |
| 2. | ECF No. 290-2, Expert Reply Report of Daniel Rascher, p. 18, ¶ 30 and p. 18, n. 42 | To protect highly confidential and competitively sensitive information pertaining to TAMU's student athletes' confidential NIL agreements. |

9.   TAMU maintains the terms of the NIL agreements summarized above and the terms thereof as confidential. Not all employees of TAMU are permitted to access these documents or the agreement terms that they contain; access is limited to those with an educational need to know. TAMU also demands that recipients of those agreements treat the agreements as confidential. Additionally, many of the agreements contain explicit confidentiality provisions prohibiting or limiting their public disclosure.

10. The Northern District of California has concluded that "compelling reasons" exist to seal confidential "license agreements, financial terms, [and] details of confidential licensing negotiations[.]" *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, at *1 (N.D. Cal. Mar. 11 ,2020) (citation and internal quotation marks omitted). For the same reasons, the agreements summarized above should remain sealed.

11. The documents summarized above also contain and reflect confidential personal information belonging to TAMU's student-athletes. Under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, TAMU is required to keep confidential personal information belonging to its students, and, subject to narrow exceptions, may not disclose such information to the public. Federal courts have concluded that FERPA obligations should be considered when determining whether to seal information in court filings. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001). Courts in this district have sealed information that is subject to FERPA's privacy protections. *See, e.g.*, *Abdulhadi v. Wong*, No. 18-cv-04662, 2022 WL 842588, at *11 (N.D. Cal. Mar. 4, 2022).

12. Moreover, the disclosure of details regarding the financial aid TAMU provides to its student-athletes, as well as the specific manner in which TAMU provides such aid, would harm TAMU by revealing non-public information regarding TAMU's financial-aid decisions and distributions to NCAA members, who are TAMU's competitors. TAMU reports this financial-aid information to the NCAA and the Southeastern Conference, but this information is not released or otherwise made available to the public or other NCAA members on either a conference- or school- specific basis. I understand that federal courts, including the Ninth Circuit, have concluded that information, like this financial-aid data, which would harm a litigant's competitive standing if made publicly available is properly subject to sealing. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Ctr. for Auto Safety v.*

*Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).]

13. The limited redactions proposed above and in the Motion are narrowly tailored and seek to seal only confidential information of individual TAMU student-athletes. The public disclosure of this information would harm TAMU and TAMU's student-athletes. Disclosing these redacted portions publicly is also unnecessary in this litigation, as these student-athletes' identities, financial aid information, and particularized NIL agreement terms are irrelevant to the arguments in support of and against class certification in this case.

14. For the foregoing reasons, TAMU respectfully submits that compelling reasons exist to seal the information identified above and in the Proposed Order submitted with the Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 22, 2023.

_____
By:   Brad A. Barnes
      Senior Associate Athletics Director for
      Athletics Compliance
      Texas A&M University