# Exhibit 10
## to Declaration of Robert W. Fuller

LaTonnsya Burney
*Attorney for Vanderbilt University*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF VANDERBILT UNIVERSITY IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

I, James Feeney, declare that the following is true:

1. I am the Assistant Athletic Director, Compliance of Vanderbilt University (Vanderbilt). Vanderbilt is a member of the Southeastern Conference, which is a defendant in this action. I make this declaration of my own personal knowledge and, if called on to do so, could testify competently to the facts stated herein under oath.

2. I am informed that the parties in this matter are seeking to file under seal certain highly confidential and competitively sensitive information belonging to Vanderbilt, as well as other documents that reference those materials. Specifically, on September 15, 2023, the parties in this matter filed a Joint Administrative Omnibus Motion to Seal (the "Motion"). Vanderbilt was served with a copy of the Motion and was informed of the procedures set forth in Civil Local Rule 79-5, as modified by the Stipulation and Order Modifying Sealing Procedures in this case. *See* ECF No. 205.

3. I make this declaration in support of the sealing of certain confidential information produced by Vanderbilt pursuant to Local Rule 79-5(c) and (f)(3) of the U.S.

District Court for the Northern District of California.

4. On September 23, 2021, Plaintiffs in this action served Vanderbilt with a subpoena seeking, in part, data and documents reflecting the identity of student-athletes on various athletic teams at Vanderbilt; the financial aid distributions made to student-athletes at Vanderbilt; and the terms of agreements that student-athletes at Vanderbilt have entered with third parties related to the commercial use of their name, image or likeness ("NIL") or commercial activity related to their NIL, including the financial terms of those agreements.

5. On November 5, 2021, Vanderbilt produced an initial response to the subpoena. Upon agreement with counsel, Vanderbilt submitted supplemental responses to the initial subpoena response by producing documents that contained the terms, including financial terms, of NIL agreements for individual student-athletes. These documents were produced to Plaintiffs with the understanding that they would be kept confidential pursuant to the Stipulation and Protective Order entered in this action. Vanderbilt University marked these documents as Confidential and Highly Confidential- Counsel Only.

6. I understand that a party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

7. Vanderbilt University requests that the following portions of the parties' filings containing Vanderbilt University's confidential information be maintained and filed under seal and can demonstrate that compelling reasons exist to maintain these narrowly tailored redactions under seal:

| | Document and Location | Compelling Reason(s) for Sealing |
|---|---|---|
| 1. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 251 ¶ 244 & n.541. | To protect highly confidential and competitively sensitive information pertaining to NIL transactions reported to Vanderbilt by individual student-athletes, including deal-specific information, such as consideration and value, about multiple student-athletes' confidential NIL agreements for the 2021-22 academic year. |
| 2. | ECF No. 251-1, Expert Report of Catherine Tucker, p. 219-20, ¶ 259(a) & n.579. | To protect highly confidential and competitively sensitive information pertaining to an individual Vanderbilt student-athlete's reported NIL transactions, including deal-specific information, such as consideration and value, about the student-athlete's confidential NIL agreements reported for the 2021-22 and academic year |

8. Vanderbilt maintains the terms of the NIL agreements summarized above and the terms thereof as confidential. Not all employees of Vanderbilt are permitted to access these documents or the agreement terms that they contain. Vanderbilt also demands that recipients of those agreements treat the agreements as confidential. Additionally, many of the agreements contain explicit confidentiality provisions prohibiting or limiting their public disclosure.

9. The Northern District of California has concluded that "compelling reasons" exist to seal confidential "license agreements, financial terms, [and] details of confidential licensing negotiations[.]" *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, at *1 (N.D. Cal. Mar. 11 ,2020) (citation and internal quotation marks omitted). For the same reasons, the agreements summarized above should remain sealed.

10. Additionally, he documents summarized above contain and reflect confidential personal information belonging to Vanderbilt's student-athletes. Under the Family Educational

Rights and Privacy Act, 20 U.S.C. § 1232g, Vanderbilt is required to keep confidential personal information belonging to its students, and, subject to narrow exceptions, may not disclose such information to the public. Federal courts have concluded that FERPA obligations should be considered when determining whether to seal information in court filings. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001). Courts in this district have sealed information that is subject to FERPA's privacy protections. *See, e.g.*, *Abdulhadi v. Wong*, No. 18-cv-04662, 2022 WL 842588, at *11 (N.D. Cal. Mar. 4, 2022).

11. The limited redactions proposed above and in the Motion are narrowly tailored and seek to seal only confidential information of individual Vanderbilt student-athletes. The public disclosure of this information would harm Vanderbilt and Vanderbilt's student-athletes. In particular, disclosing the financial terms of particular student-athletes' reported NIL transactions could disadvantage those student-athletes in future negotiations related to the licensing or use of their NIL. Disclosing these redacted portions publicly is also unnecessary in this litigation, as these student-athletes' identities and particularized NIL agreement terms are tangential to the arguments in support of and against class certification in this case.

12. For the foregoing reasons, Vanderbilt respectfully submits that compelling reasons exist to seal the information identified above and in the Proposed Order submitted with the Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2023.

By: _____
James Feeney
Assistant Athletic Director, Compliance