1  Christopher C. Wheeler (SBN 224872)
   cwheeler@fbm.com
2  FARELLA BRAUN + MARTEL LLP
   One Bush Street, Suite 900
3  San Francisco, California 94104
   Telephone: (415) 954-4400
4  Facsimile: (415) 954-4480

5

   CRAVATH, SWAINE & MOORE LLP
6  J. Wesley Earnhardt (*pro hac vice* application pending)
   David H. Korn (*pro hac vice* application pending)
7  Worldwide Plaza
   825 Eighth Avenue
8  New York, NY 10019-7475
   Telephone:  (212) 474-1000
9  Facsimile:  (212) 474-3700
   wearnhardt@cravath.com
10 dkorn@cravath.com

11 *Attorneys for Non-Parties ESPN, Inc. and ESPN Enterprises, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF NICK S. DAWSON IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL, FILED PURSUANT TO L.R. 79-5(e)(1)**<br><br>Trial Date:   January 27, 2025<br>Judge:          Hon. Claudia Wilken<br>Courtroom:  2 |

I, Nick S. Dawson, hereby declare:

1. I am the Senior Vice President of College Sports Programming and Acquisitions at ESPN, Inc. I make this declaration based on my personal knowledge. If called to do so, I could testify competently to the facts stated herein under oath.

2. I understand that the parties in the above-captioned matter (the "Parties") filed under seal certain highly confidential and competitively sensitive information of ESPN, Inc. and ESPN, Enterprises, Inc. (collectively, "ESPN") in connection with the class certification stage of the above-captioned matter (the "Actions").

3. ESPN owns and operates television networks that televise college sports and related programming to millions of households.

4. To obtain the rights to televise college sports programming, ESPN enters into media agreements with collegiate athletic conferences, including the Defendants in these Actions.

5. The terms of these media agreements are heavily negotiated and strictly confidential. The media agreements contain non-public terms, including non-public financial terms, such as rights fees provisions and specific monetary amounts, and non-public non-financial terms, such as future rights provisions, termination provisions, distribution obligations, scheduling requirements and game selection terms—the secrecy of which is fundamental to ESPN's business.

6. ESPN's ability to negotiate favorable terms with current and potential business partners depends, at least in part, on ESPN's ability to maintain the secrecy of these non-public financial and non-public non-financial terms. The disclosure of such information would undermine ESPN's bargaining position in future negotiations with other current and potential business partners, which could use knowledge of ESPN's terms as leverage to extract less favorable terms to ESPN than ESPN would otherwise be able to negotiate. If the confidential terms of ESPN's media agreements were disclosed, ESPN's bargaining position in future negotiations would be weakened.

7. ESPN takes the following precautions, among others, to ensure the secrecy of their media agreements: storing executed copies of their media agreements in a locked storage library in the legal department; and storing digital files on a website accessible only to legal personnel

with valid usernames and passwords.

8. ESPN has repeatedly taken steps to ensure the continued protection of its confidential information produced for litigation purposes, including litigations in which ESPN is a non-party.

9. In January 2016, ESPN and several other networks (the "Network Intervenors") moved to intervene in the action captioned *In re NCAA Athletic Grant-in-Aid Cap Antitrust Litigation* (Case Nos. 4:14-md-2541-CW and 4:14-cv-2758-CW) (herein "*Alston*") for the purposes of protecting these commercially sensitive media agreements. The Network Intervenors, Defendants and Plaintiffs spent months negotiating the terms of an addendum to the Protective Order that would ensure the Network Intervenors' commercially sensitive information was protected.

10. The only reason ESPN agreed to produce their agreements at all was to eliminate any risk that their most sensitive provisions would be disclosed. To that end, the Network Intervenors, Defendants, and Plaintiffs submitted the Stipulation and Order Regarding Second Addendum to the Stipulation Protective Order (the "Second Addendum") entered by the *Alston* court on October 12, 2016. (14-md-02541, ECF No. 512; and 14-cv-02758, ECF No. 269.) ESPN's media agreements have been designated "Network Strictly Confidential – Outside Litigation Counsel Only" ("NSC Information") pursuant to Paragraph 4 of the Second Addendum.

11. All documents produced in *Alston* are deemed to have been produced in discovery in the Actions. (*See, e.g.*, ECF No. 136.)[1] The *Alston* documents are also designated as confidential as identified in the stipulations and protective orders in these Actions (*see* ECF Nos. 136–37, 147–48, 180–81) that were applied when the materials were produced either in this case or in *In re NCAA Athletic Grant-in-Aid Cap Antitrust Litigation* (Case Nos. 4:14-md-2541-CW, 4:14-cv-2758-CW). (*See* ECF Nos. 136-3, 137, 148.)

12. On September 6, 2023, Defendants in the above-captioned matter notified counsel

---

[1] The *Alston* documents deemed to have been produced in discovery in these actions include documents produced in *In re Student-Athlete Name and Likeness Licensing Litigation* (Case Nos. C 09-1967-CW and C 09-3329-CW) (herein "*O'Bannon*").

for ESPN that Plaintiffs and Defendants in the above-captioned matter (collectively, the "Parties") filed under seal certain highly confidential and competitively sensitive information of ESPN. On September 7, 2023, Defendants' counsel provided descriptions of the instances in which the highly sensitive and strictly confidential terms of ESPN's agreements are reflected in the Parties' class certification filings, as well as copies of the Parties' class certification filings containing ESPN's confidential information. I, along with ESPN's counsel, have reviewed the ESPN confidential information contained in the following documents:

- (i) Plaintiffs' Motion for Class Certification (ECF No. 208) 8:17-20;
- (ii) Expert Report of Daniel A. Rascher (ECF No. 209-2) 76 ¶ 156, 77 ¶ 156, 77 n.174, 77 n. 175, 84 n.195, 88 ¶ 175, 88 n.202, 90 Ex. 9, 90 n.208, 91 n. 208, 92 Ex. 10, 93 Ex. 11, 94 Ex. 12, Appx Ex. C.4, C.5, C.6, C.7, C.8;
- (iii) Expert Report of Edwin S. Desser (ECF No. 209-3) 23 Sec. 6.4, 23 n. 22, 23 n. 23, 23 n. 24, 24 Sec. 6.4, 24 Sec. 6.5, 24 n. 25, 24 n. 26, 25 Sec. 6.7, 25 n. 30, 25 n. 31, 26 n. 32, 26 n. 33, 32 n. 39, 47 Sec. 10.2, 47 n. 51, 48 Sec. 10.4, 48 n. 56;
- (iv) Defendants' Joint Opposition to Plaintiffs' Motion for Class Certification (ECF No. 249) 15:6-7, 15:10;
- (v) Declaration of Greg Sankey (ECF No. 249-1) 12:23-24, 13:2-3, 13:12-15, 13:19-22, 14:5-9;
- (vi) Declaration of George Kliavkoff (ECF No. 249-3) 6:19-28, 8:8-12, 8:13-17, 8:22-26;
- (vii) Declaration of Ben Tario (ECF No. 249-6) 11 ¶ 29a, 11 ¶ 29b, 12 ¶ 31, 13 ¶ 35, 14 ¶ 35;
- (viii) Defendants' Memorandum of Points and Authorities in Support Thereof to Exclude the Opinions, Reports and Testimony of Edwin Desser and Daniel Rascher (ECF No. 250) 4:22-26, 13:5-10;
- (ix) Expert Report of Catherine Tucker (ECF No. 251-1) 138 ¶ 154;
- (x) Expert Report of Bob Thompson (ECF No. 251-2) 9, 9, n.25, 10, 11 (1), 11 (2), 11 n.30, 11-12 (3), 12 (4), 12 n.36, 12-13 (5), 13, 14, 15 n.48, 16, 16 n.50, 16 n.51, 16 n.52, 16-17, 17, 18, 18 n.58, 18-19, 18-19 n.59, 19-20 n.62, 20-21 n.63, 21 n.64, 21 n.66, 22 n.68, 22 n.69, 23 n.70, 23 n.71, 23 n.72, 24 n.76, 25, 26 n.85, 48, 51(b), 52, 53;
- (xi) Expert Report of Barbara Osborne (ECF No. 251-3) 54 ¶ 134(a);
- (xii) Deposition of Edwin Desser (ECF No. 251-6) 37:6-12, 39:4-8, 45:10-46:14, 50:6-11, 94:25-95:12, 96:13-16, 97:3-5, 97:25-99:17, 99:25-100:2, 100:6-10, 101:2-13, 101:20-22, 114:13-119:19;
- (xiii) The Transcript of the Deposition of Daniel Rascher (ECF No. 251-7) 67:2-5, 67:6-9, 68:7-8, 68:8-13, 68:21-23, 69:2-3, 69:4-5, 69:6-16, 72:18-20, 72:25-73:2, 122:21-123:11, 126:16-20, 127:20-24, 128:16-19, 129:18-20, 133:8-10, 133:16-17, 135:9-139:15, 146:13-25, 156:2-157:2, 159:12-160:12, 191:10-23, 192:14-18, 193:24-194:9, 194:23-195:22, 196:21-24, 197:14-17, 201:17-202:4, 202:9-11, 202:12-16, 202:17-18;

- (xiv) Reply Report of Edwin S. Desser (ECF No. 289-2) 24, 32;
- (xv) Plaintiffs' Opposition to Defendants' Motion to Exclude the Opinions, Reports and Testimony of Edwin Desser and Dr. Daniel Rascher (ECF No. 291) 14:11-14.

13. The redacted portions of the above documents reflect non-public information regarding ESPN's confidential media agreements, including terms and provisions relating to rights, monetary amounts, sponsorships, and sources of revenue. The limited redactions to the class certification filings identified above are crucial to ESPN's legitimate private interest in its own competitive position. These redactions are essential to avoid weakening ESPN's bargaining position in media agreement negotiations with current and future business partners. There is no less restrictive alternative that would suffice to avoid causing ESPN competitive harm. The removal of any of these redactions would jeopardize the secrecy of sensitive commercial in ESPN's media agreements that ESPN has diligently worked to protect in the interest of successfully operating its business.

14. Pursuant to the Stipulation and Order Modifying Sealing Procedures and Local Rule 79-5(f)(3), I submit this declaration on behalf of ESPN and in support of Joint Administrative Omnibus Motion to Seal.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2023.

By _____

Nick S. Dawson
Senior Vice President
College Sports Programming and Acquisitions
ESPN, Inc.

## ATTESTATION

In compliance with Civil L.R. Rule 5-1, I hereby attest that the signatory above has concurred in the filing of this Declaration.

Dated: September 29, 2023                    FARELLA BRAUN + MARTEL LLP

By: _____
Christopher C. Wheeler