# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF CAROLYN A. EGAN IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

I, Carolyn A. Egan, declare as follows:

I am the Vice President for Legal Affairs and General Counsel at Florida State University. The Florida State University Board of Trustees ("Florida State University") is a member of the Atlantic Coast Conference, which is a defendant in this action. I make this Declaration based on my personal knowledge and investigation, and if called as a witness to testify, I could and would testify competently to the following facts.

1. This Declaration is being made in support of the Joint Administration Omnibus Motion to Seal ("Motion"), and pursuant to Civil Local Rules 7-11 and 79-5.

2. Florida State University moves to maintain the confidentiality of certain portions of document filed under seal by the Parties that contain or reflect confidential personal information of individual student-athletes.

3. Specifically, Florida State University requests that certain portions of the Expert Report of Daniel Racher ("Document"), as described below and as identified in the Proposed Order Regarding Joint Administrative Omnibus Motion to Seal ("Proposed Order") as entry numbers 208-1, be maintained under seal.

4. A party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(b). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & County of Honolulu*, 447 F. 3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

5. Florida State University can demonstrate that compelling reasons exist to maintain the following narrowly tailored redactions under seal.

**CONFIDENTIAL STUDENT INFORMATION**

6. Document contains and reflects confidential personal information of Florida State University's student-athletes. Florida State University is required to keep confidential student personal information, and such information may not be disclosed to the public without first

obtaining a release from the student or parent, as FERPA (Family Educational Rights and Privacy Act, 20 U.S.C. 1232g) requires. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001) ("[T]he district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate.").

7. Therefore, Florida State University supports the Parties' Motion to redact those portions of Document which contain the personal information of individual Florida State University student-athletes, as identified below and in the Proposed Order:

| Document | Entry Number | Text to be Sealed |
|---|---|---|
| Expert Report of Daniel Rascher [ECF No. 209-2] | 89 | Value of NIL deal reported in FLORIDA_STATE-000057 |

8. The limited redactions proposed above are narrowly tailored and seek to seal only individual Florida State University student-athletes' confidential information, the public disclosure of which would harm such third-party individuals. Disclosing these redacted portions publicly is also unnecessary in this litigation, as these student-athletes' specific identities are irrelevant to Plaintiffs' arguments in support of class certification.

9. For the foregoing reasons, Florida State University respectfully submits that compelling reasons exist to seal the information as identified above and in the Proposed Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 22, 2023, in Tallahassee, Florida.

_____
Carolyn A. Egan