# EXHIBIT D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW <br><br> **DECLARATION OF TODD MESIBOV IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

I, Todd Mesibov, declare as follows:

I am the Deputy Director of Athletics/Administration and Legal Affairs/Chief of Staff at Duke University ("Duke"). Duke is a member of the Atlantic Coast Conference, which is a defendant in this action. I make this Declaration based on my personal knowledge and investigation, and if called as a witness to testify, I could and would testify competently to the following facts.

1. This Declaration is being made in support of the Joint Administration Omnibus Motion to Seal ("Motion"), and pursuant to Civil Local Rules 7-11 and 79-5.

2. Duke moves to maintain the confidentiality of certain portions of a document filed under seal by the Parties that contains and reflects confidential personal information of individual student-athletes.

3. Specifically, Duke requests that portion of the "Reported NIL Transactions.xlsx" spreadsheet cited in footnotes 489 and 499 to the Declaration of Rakesh N. Kilaru (ECF No. 25-1), along with the portions of paragraph 223(c) relying on same ("Proposed Sealed Materials"), be maintained under seal.

4. This information is derived from the document bates stamped as DUKE NIL 0000200, which Duke produced in response to Plaintiffs' third-party subpoena as "Highly Confidential – Counsel Only" under the Stipulation and Protective Order. Through a meet and confer process, counsel for Plaintiffs agreed that they would "not contest" Duke's "confidentiality designations." Duke relied on this representation and the expectation that the information in DUKE NIL 0000200 would remain Highly Confidential when it produced same. This confidentiality designation has never been challenged and Duke has never waived its designation of these materials as Highly Confidential – Counsel Only.

5. A party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(b). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & County of Honolulu*, 447 F. 3d 1172, 1178-79 (9th Cir. 2006).

Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

6.  Duke can demonstrate that compelling reasons exist to maintain the following narrowly tailored redactions under seal.

7.  The Proposed Sealed Materials contain and reflect confidential personal information of Duke's student-athletes, namely the financial information for certain reported NIL transactions between the student and a third party. Duke is required to keep confidential student personal information, which includes financial information, and such information may not be disclosed to the public without first obtaining a release from the student or parent, as FERPA (Family Educational Rights and Privacy Act, 20 U.S.C. 1232g) requires. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001) ("[T]he district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate.").

8.  Indeed, this Court has already entered an order granting a Stipulation Supplementing and Amending the Protective Order Regarding Highly Confidential Counsel Only and Conference Strictly Confidential Information, providing:

> Highly Confidential – Counsel Only Information includes ***all information produced by an*** NCAA member school, college, ***university***, or institution ***that is protected by the Family Educational Rights and Privacy Act*** ("FERPA"), 20 U.S.C. § 1232g (hereinafter "FERPA-Related Information"). Any member school, college, university, or institution may designate documents that contain FERPA-Related Information as "Highly Confidential – Counsel Only" in accordance with the provisions of the Protective Order.
>
> Materials or information designated as ***FERPA-Related Information shall not be disclosed***, except in accordance with the terms of the Protective Order governing the disclosure of Highly Confidential – Counsel Only Information ***and shall be redacted from public documents and filings***, unless otherwise required by court order.

(Doc. 181) (emphasis added). Nothing has changed to alter the Court's determination that the information at issue shall be redacted from public documents and filings.

2

9.  Therefore, Duke supports the Parties' Motion to redact those portions of the "Reported NIL Transactions.xlsx" spreadsheet cited in footnotes 489 and 499 to the Declaration of Rakesh N. Kilaru (ECF No. 25-1), along with the portions of paragraph 223(c) relying on same, because they contain the personal information of individual Duke student-athletes protected by FERPA and this information was produced pursuant to the Court's Order and the Plaintiffs' agreement that such information would be produced and maintained as Highly Confidential – Counsel Only.

10.  The limited redactions proposed above are narrowly tailored, and seek to seal only individual Duke student-athletes' confidential information, the public disclosure of which would harm Duke's student-athletes. Disclosing these redacted portions publicly is also unnecessary in this litigation, as these student-athletes' specific identities are irrelevant to Plaintiffs' arguments in support of class certification.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 27, 2023, in Durham, North Carolina.

_____
Todd Mesibov