UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF SCOTT SIMON IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

I, Scott Simon, declare as follows:

1. I am the Associate Vice President for Athletic Compliance at the University of Southern California ("USC"). USC is currently a member of the Pac-12 Conference, which is a defendant in this action. I make this Declaration based on my personal knowledge and investigation, and if called as a witness to testify, I could and would testify competently to the following facts.

2. This Declaration is being made in support of the Joint Administration Omnibus Motion to Seal ("Motion"), and pursuant to Civil Local Rules 7-11 and 79-5.

3. USC moves to maintain the confidentiality of certain portions of document filed under seal by the Parties that contain or reflect: (1) confidential personal information of individual student-athletes; and (2) USC's highly sensitive, non-public, current financial information.

4. Specifically, USC requests that certain portions of the Expert Report of Catherine Tucker (Kilaru Decl. Ex. 1) and Reply Report of Daniel Rascher, as described below and as identified in the Proposed Order Regarding Joint Administrative Omnibus Motion to Seal ("Proposed Order") as entry numbers ECF No. 251-1 and ECF No. 290-2, respectively, be maintained under seal.

5. A party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(b). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & County of Honolulu*, 447 F. 3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

6. USC can demonstrate that compelling reasons exist to maintain the following narrowly tailored redactions under seal.

**CONFIDENTIAL STUDENT INFORMATION**

7. The Expert Report of Catherine Tucker (Kilaru Decl. Ex. 1) [ECF No. 251-1] contains and reflects confidential personal information of USC student-athletes. USC is required to keep confidential student personal information, and such information may not be disclosed to

the public without first obtaining a release from the student or parent, as FERPA (Family Educational Rights and Privacy Act, 20 U.S.C. 1232g) requires. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001) ("[T]he district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate.").

8. Therefore, USC's supports the Parties' Motion to redact those portions of the Expert Report of Catherine Tucker (Kilaru Decl. Ex. 1) [ECF No. 251-1] which contain the personal information of individual USC student-athletes, as identified below and in the Proposed Order:

| Document | Entry Number | Text to be Sealed |
| --- | --- | --- |
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker | ECF No. 251-1<br><br>p. 204, ¶ 244<br><br>p. 204, n.539 | Discussion of individual transaction data for a specifically identified student athlete and specifically named transaction counterparties |

9. The limited redactions proposed above are narrowly tailored, and seek to seal only an individual USC student-athlete's confidential information, the public disclosure of which would harm such third-party individual. Disclosing these redacted portions publicly is also unnecessary in this litigation, as these student-athletes' specific identities are irrelevant to Plaintiffs' arguments in support of class certification.

**CONFIDENTIAL INSTITUTIONAL FINANCIAL INFORMATION**

10. USC contains information which reflects the details of financial aid provided by USC to its student athletes as well as the specific manner in which USC awards such aid. USC would be harmed by the disclosure of such financial aid distributions, as it would reveal non-public information regarding USC's financial decisions to other NCAA members and other competitors. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

11. Therefore, USC supports the Parties' Motion to redact those portions of the Reply Report of Daniel Rascher [ECF No. 290-2] which contain USC confidential financial information, as identified below and in the Proposed Order:

| Document | Entry Number | Text to be Sealed |
|---|---|---|
| Reply Report of Daniel Rascher | ECF No. 290-2<br><br>p. 91, n. 235 | Containing specific amount of cost of attendance awards by USC |

12. For the foregoing reasons, USC respectfully submits that compelling reasons exist to seal the information as identified above and in the Proposed Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___September 29___, 2023, in Los Angeles, California

*Scott Simon*
_____
Scott Simon

**SIGNATURE CERTIFICATION**

I, Whitty Somvichian, am the CM/ECF user whose ID and password are being used to file this Declaration of Scott Simon of University of Southern California ("USC") in support of the Joint Administrative Omnibus Motion to Seal. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: September 29, 2023             COOLEY LLP


                                      By: /s/ Whitty Somvichian
                                          Whitty Somvichian

                                      Attorneys for Defendant
                                      PAC-12 CONFERENCE