# EXHIBIT 2

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF JOHN CURTIS IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

1    I, John Curtis, declare as follows:

2    I am a Staff Attorney at the University of Oklahoma ("OU"). OU is a member of the Big 12 Conference, which is a defendant in this action. I make this Declaration based on my personal knowledge and investigation, and if called as a witness to testify, I could and would testify competently to the facts set forth herein.

1.   This Declaration is being made in support of the Joint Administration Omnibus Motion to Seal ("Motion"), and pursuant to Civil Local Rules 7-11 and 79-5.

2.   OU seeks to maintain the confidentiality of certain portions of documents filed under seal by the Parties that contain or reflect confidential personal information of individual student-athletes.

3.   Specifically, OU requests that certain portions of the Expert Report of Catherine Tucker, Ph.D. ("Tucker Report"), as described below and as identified in the Proposed Order Regarding Joint Administrative Omnibus Motion to Seal ("Proposed Order") as entry numbers 476, 479, 480, 486, and 490, be maintained under seal.

4.   A party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c). A party seeking to avoid disclosure of confidential, proprietary, or otherwise protected documents must demonstrate "compelling reasons" to seal where the motion is "more than tangentially related to the merits of the case." *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Courts in this district generally regard motions for class certification as "more than tangentially related to the merits of the case" and therefore, subject to the "compelling reasons" standard. *See e.g.*, *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-cv-05286-PJH, 2021 WL 3771785, at *21 (N.D. Cal. Aug. 24, 2021). The standard is met if the designating party can "articulate compelling reasons supported by specific factual findings" for the need to seal a document. *Opperman v. Path*, No. 13-cv-00453, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006)). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Kamakana*, 447 F.3d at 1183.

1     5.    OU can demonstrate that compelling reasons exist to maintain the following narrowly tailored redactions under seal.

### CONFIDENTIAL STUDENT INFORMATION

6.    The Tucker Report (ECF No. 251-1) reflects confidential personal information of OU's student-athletes. OU is required to keep confidential personal student information, and such information may not be disclosed to the public without first obtaining a release from the student or parent, as FERPA (Family Educational Rights and Privacy Act, 20 U.S.C. 1232g) requires. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001) ("[T]he district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate.").

7.    Specifically, OU student-athletes have reported to OU information about their name, image, and likeness ("NIL") agreements, and OU produced information about those agreements in response to a subpoena in this litigation. The information that OU produced contains confidential personal student information related to student-athletes' NIL agreements. OU produced said information without objection based, in part, on the understanding that the information was subject to the Stipulation and Protective Order dated December 22, 2020 (ECF No. 137), and the Second Stipulation and Order Supplementing and Amending Protective Order Regarding Highly Confidential – Counsel Only and Conference Strictly Confidential Information (ECF No. 181) dated March 29, 2022. The Northern District of California has concluded that "compelling reasons" exist to seal confidential "license agreements, financial terms, [and] details of confidential licensing negotiations[.]" *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, at *1 (N.D. Cal. Mar. 11 ,2020) (citation and internal quotation marks omitted).

8.    Therefore, OU supports the Parties' Motion to redact those portions of the Tucker Report, which contain information derived from the personal information of OU student-athletes, as identified below and in the Proposed Order:

| Entry Number and Location | Compelling Reason(s) for Sealing |
|---|---|
| 476. p. 218 ¶ 257 (b) | To protect highly confidential and competitively sensitive information pertaining to confidential NIL agreement involving an OU student-athlete |
| 479. p. 218 n.577 | To protect highly confidential and competitively sensitive information pertaining to confidential NIL agreement involving an OU student-athlete |
| 480. p. 219 ¶ 257(b) | To protect highly confidential and competitively sensitive information pertaining to confidential NIL agreement involving an OU student-athlete |
| 486. p. 220 ¶ 259(b) | To protect highly confidential and competitively sensitive information pertaining to confidential NIL agreement involving an OU student-athlete |
| 490. p. 220 n.580 | To protect highly confidential and competitively sensitive information pertaining to confidential NIL agreement involving an OU student-athlete |

9. The limited redactions proposed above are narrowly tailored, and seek to seal confidential information derived from individual OU student-athletes' information, the public disclosure of which would be inconsistent with OU's confidentiality obligations as related to these student-athletes and would harm such third-party individuals.

10. For the foregoing reasons, OU respectfully submits that compelling reasons exist to seal the information as identified above and in the Proposed Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2023, in Norman, Oklahoma.

John C. Curtis III