# EXHIBIT 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW <br><br> **DECLARATION OF ERIC D. BENTLEY IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

1    I, Eric D. Bentley, declare as follows:

2    I am the Vice Chancellor and General Counsel at Texas Tech University ("Texas Tech").

3  Texas Tech is a member of the Big 12 Conference, which is a defendant in this action.  I make this

4  Declaration based on my personal knowledge and investigation, and if called as a witness to testify,

5  I could and would testify competently to the facts set forth herein.

6    1.    This Declaration is being made in support of the Joint Administration Omnibus

7  Motion to Seal ("Motion"), and pursuant to Civil Local Rules 7-11 and 79-5.

8    2.    Texas Tech seeks to maintain the confidentiality of certain portions of documents

9  filed under seal by the Parties that reflect Texas Tech's highly sensitive, non-public, recent

10  financial information and/or contain or reflect confidential personal information of individual

11  student-athletes.

12    3.    Specifically, Texas Tech requests that certain portions of the Expert Reply Report

13  of Daniel A. Rascher ("Rascher Reply Report") and the Expert Report of Catherine Tucker, Ph.D.

14  ("Tucker Report"), as described below and as identified in the Proposed Order Regarding Joint

15  Administrative Omnibus Motion to Seal ("Proposed Order") as entry numbers 792, 794, 795, 797,

16  and 539 be maintained under seal.

17    4.    A party seeking to file a document under seal must "establish that a document, or

18  portions thereof, are sealable." Civil L.R. 79-5(c).  A party seeking to avoid disclosure of

19  confidential, proprietary, or otherwise protected documents must demonstrate "compelling

20  reasons" to seal where the motion is "more than tangentially related to the merits of the case."

21  *Adtrader, Inc.v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar.

22  24, 2020).  Courts in this district generally regard motions for class certification as "more than

23  tangentially related to the merits of the case" and therefore, subject to the "compelling reasons"

24  standard.  *See e.g.*, *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-cv-05286-PJH, 2021

25  WL 3771785, at *21 (N.D. Cal. Aug. 24, 2021).  The standard is met if the designating party can

26  "articulate compelling reasons supported by specific factual findings" for the need to seal a

27  document.  *Opperman v. Path*, No. 13-cv-00453, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17,

28  2017) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006)).

DECLARATION IN SUPPORT OF
JOINT OMNIBUS MOTION TO SEAL
CASE NO. 4:20-CV-03919-CW

1   Redactions, instead of complete removal, can be used to place "limited and clear" portions of

2   information outside the public record. *Kamakana*, 447 F.3d at 1183.

3        5.    Texas Tech can demonstrate that compelling reasons exist to maintain the following

4   narrowly tailored redactions under seal.

5                   **CONFIDENTIAL STUDENT INFORMATION**

6        6.    The Rascher Reply Report (ECF No. 290-2) reflects confidential personal

7   information of Texas Tech's student-athletes.  Texas Tech is required to keep confidential personal

8   student information, and such information may not be disclosed to the public without first

9   obtaining a release from the student or parent, as FERPA (Family Educational Rights and Privacy

10  Act, 20 U.S.C. 1232g) requires. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123,

11  132 (4th Cir. 2001) ("[T]he district court should consider FERPA in making its determination

12  whether sealing of the documents in question is appropriate.").

13       7.    Specifically, Texas Tech student-athletes have reported to Texas Tech information

14  about their name, image, and likeness ("NIL") agreements, and Texas Tech produced information

15  about those agreements in response to a subpoena in this litigation. The information that Texas

16  Tech produced contains confidential personal student information related to student-athletes' NIL

17  agreements.

18       8.    Therefore, Texas Tech supports the Parties' Motion to redact those portions of the

19  Rascher Reply Report, which contain information derived from the personal information of Texas

20  Tech student-athletes, as identified below and in the Proposed Order:

| Entry Number | Text to be Sealed |
|---|---|
| 792. | p. 18 ¶ 30 |
| 794. | p. 18 ¶ 30 |
| 795. | p. 18 ¶ 30 |
| 797. | p. 18 n. 43 |

9.    The limited redactions proposed above are narrowly tailored, and seek to seal

confidential information derived from individual Texas Tech student-athletes' information, the

1   public disclosure of which would be inconsistent with Texas Tech's confidentiality obligations as

2   related to these student-athletes and would harm such third-party individuals.

3                    **CONFIDENTIAL INSTITUTIONAL FINANCIAL INFORMATION**

4              10.      As an NCAA member institution, Texas Tech submits certain confidential financial

5   information to the NCAA, which is collected for the purpose of informing its membership of

6   aggregate facts and trends relating to athletic revenue and expenses.  The NCAA does not publish

7   or share, nor do its member institutions publish or share, information that would permit these

8   aggregate revenue categories to be broken down further, or to be used to identify revenue trends

9   that are not aggregate (*i.e.*, revenue trends for specific conferences or schools).  This data is

10  submitted under express guarantees of confidentiality and is not released to either the public or

11  other NCAA members on a conference-specific or school-specific basis.  The NCAA's member

12  institutions provide the Confidential NCAA Member Financial Data to the NCAA in reliance on

13  the guarantee of confidentiality.

14             11.      The Tucker Report contains information that reflects the details of the proportion

15  of total revenues attributed to football, men's basketball, and women's basketball at Texas Tech.

16  Texas Tech would be harmed by the disclosure of revenue attributions, as it would reveal non-

17  public information regarding Texas Tech's financial information and decisions to other NCAA

18  members and other competitors.  *See Murphy v. Kavo Am. Corp.*, No. 4:11-CV-0410-YGR, 2012

19  WL 1497489, at *2 (N.D. Cal. Apr. 27, 2012) (A "compelling reason" exists to seal confidential

20  business information that reveals a company's "sales growth and decline," such as financial data.);

21  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

22             12.      Therefore, Texas Tech supports the Parties' Motion to redact those portions of the

23  Tucker Report, which contain Texas Tech's confidential financial information, as identified below

24  and in the Proposed Order:

| Entry Number | Text to be Sealed |
|:---:|:---|
| 539. | p. 251 (Fig. 16) |

27             13.      For the foregoing reasons, Texas Tech respectfully submits that compelling reasons

28  exist to seal the information as identified above and in the Proposed Order.

DECLARATION IN SUPPORT OF
JOINT OMNIBUS MOTION TO SEAL
CASE NO. 4:20-CV-03919-CW

1        I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.

3        Executed on September 29, 2023, in Lubbock, Texas.

_____
            Eric D. Bentley

DECLARATION IN SUPPORT OF
JOINT OMNIBUS MOTION TO SEAL
CASE NO. 4:20-CV-03919-CW