# EXHIBIT 5

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF MEGAN WALAWENDER IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

I, Megan Walawender, declare as follows:

I am the Deputy Athletic Director for Compliance and Legal Affairs at the University of Kansas ("KU"). KU is a member of the Big 12 Conference, which is a defendant in this action. I make this Declaration based on my personal knowledge and investigation, and if called as a witness to testify, I could and would testify competently to the facts set forth herein.

1. This Declaration is being made in support of the Joint Administration Omnibus Motion to Seal ("Motion"), and pursuant to Civil Local Rules 7-11 and 79-5.

2. KU seeks to maintain the confidentiality of certain portions of documents filed under seal by the Parties that reflect KU's highly sensitive, non-public, recent financial information.

3. Specifically, KU requests that certain portions of the Expert Report of Catherine Tucker, Ph.D. ("Tucker Report"), as described below and as identified in the Proposed Order Regarding Joint Administrative Omnibus Motion to Seal ("Proposed Order") as entry numbers 371, 373, 375, and 378, be maintained under seal.

4. KU does not seek to maintain confidentiality of entry numbers 233 and 377 in the Proposed Order. These entries, redacted provisionally by the Parties, do not contain any information that KU seeks to maintain under seal.

5. I understand that a party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable," Civil L.R. 79-5(c), and that a party seeking to avoid disclosure of confidential, proprietary, or otherwise protected documents must demonstrate "compelling reasons" to seal where the motion is "more than tangentially related to the merits of the case." *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). I also understand that courts in this district generally regard motions for class certification as "more than tangentially related to the merits of the case" and therefore, subject to the "compelling reasons" standard. *See e.g.*, *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-cv-05286-PJH, 2021 WL 3771785, at *21 (N.D. Cal. Aug. 24, 2021). The standard is met if the designating party can "articulate compelling reasons supported by specific factual findings" for the need to seal a document. *Opperman v. Path*, No. 13-cv-00453, 2017 WL 1036652, at *1

1  (N.D. Cal. Mar. 17, 2017) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006)). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Kamakana*, 447 F.3d at 1183.

6. KU can demonstrate that compelling reasons exist to maintain the following narrowly tailored redactions under seal.

**CONFIDENTIAL INSTITUTIONAL FINANCIAL INFORMATION**

7. The Tucker Report contains information that reflects the details of financial aid provided by KU to its student athletes, as well as the specific manner in which that aid is awarded. KU would be harmed by the disclosure of such financial aid distributions and revenue, as it would reveal non-public information regarding KU's financial information and decisions to other NCAA members and other competitors. *See Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, *1 (N.D. Cal. Mar. 11, 2020) (A "compelling reason" exists to seal confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies"); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

8. The redacted information contains confidential information regarding KU's distribution of aid to student athletes, which information is not available to the public, other conferences, or NCAA member institutions at a conference- or school-specific level.

9. Therefore, KU supports the Parties' Motion to redact those portions of the Tucker Report, which contain KU's confidential financial information, including how aid is distributed to its student athletes, as identified below and in the Proposed Order:

| Document | Entry Number | Text to be Sealed |
|---|---|---|
| Tucker Report | 371. | p. 115 (Fig. 7) |
| Tucker Report | 373. | p. 116 (Fig. 8) |
| Tucker Report | 375. | p. 117, ¶ 130 |
| Tucker Report | 378. | p. 118 (Fig. 9) |

1      10.    For the foregoing reasons, KU respectfully submits that compelling reasons exist to seal the information as identified above and in the Proposed Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 29, 2023, in Lawrence, Kansas.

                                            */s/ Megan Walawender*
                                              Megan Walawender