# EXHIBIT 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF JASON L. JOHNSON FOR COLORADO STATE UNIVERSITY IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |
|---|---|

I, Jason L. Johnson, declare as follows:

I am the General Counsel for the Colorado State University System and represent the interests of Colorado State University. Colorado State University is a member of the Mountain West Conference. I make this Declaration based on my personal knowledge and investigation, and if called as a witness to testify, I could and would testify competently to the following facts.

1. This Declaration is being made in support of the Joint Administration Omnibus Motion to Seal ("Motion"), and pursuant to Civil Local Rules 7-11 and 79-5.

2. Colorado State University moves to maintain the confidentiality of certain portions of the Document referenced below that was filed under seal by the Parties that contains confidential personal and personally identifiable education record information of individual student-athletes of Colorado State University.

3. Specifically, Colorado State University requests that certain portions of the Document, as described below and as identified in the Proposed Order Regarding Joint Administrative Omnibus Motion to Seal ("Proposed Order") or any other documents or information that Colorado State University has produced and marked as confidential in response to a subpoena in this case and that has been or is subsequently filed with this Court be maintained under seal.

4. A party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(b). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & County of Honolulu*, 447 F. 3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

5. Colorado State University can demonstrate that compelling reasons exist to maintain the following narrowly tailored redactions under seal.

**CONFIDENTIAL STUDENT INFORMATION**

6. The Document identified below contains and reflects confidential personal information of Colorado State University student-athletes. In accordance with federal law, Colorado State University is required to keep confidential student personal information, and such information may not be disclosed to the public without first obtaining a release from the student or parent, as FERPA (Family Educational Rights and Privacy Act, 20 U.S.C. 1232g) requires. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001) ("[T]he district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate.").

7. Therefore, Colorado State University supports the Parties' Motion to redact those portions of the Document, which contain the personal information of individual Colorado State University student-athletes, as identified below and in the Proposed Order:

| Document | Page and Entry Number | Text to be Sealed |
|---|---|---|
| ECF No. 251-1 Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker | Entry Numbers 494 and 496; Page Numbers pp. 223-24 Â¶ 263 (b) | [confidential; may be provided to counsel] |
| ECF No. 251-1 Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker | Entry Numbers 498 and 499; Page Number 224 n.592-93 | [confidential; may be provided to counsel] |

8. The limited redactions proposed above are narrowly tailored and seek to seal only individual Colorado State University student-athletes' confidential information, the public disclosure of which would harm such third-party individuals. Disclosing these redacted portions publicly is also unnecessary in this litigation, as these student-athletes' specific identities are irrelevant to Plaintiffs' arguments in support of class certification.

9. For the foregoing reasons, Colorado State University respectfully submits that compelling reasons exist to seal the information as identified above and in the Proposed Order.

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct.

4   Executed on September 29, 2023, in Denver, Colorado.

Jason L. Johnson
General Counsel
Colorado State University System