# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF BRYAN L. PERRY IN SUPPORT OF REDACTED AND SEALED RECORDS UNDER THE JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL**<br><br>Trial Date: 2025-01-27<br>Judge: Hon. Claudia Wilken |

I, Bryan L. Perry, declare as follows:

1. I am the General Counsel for the Northern Illinois University.

2. Pursuant to Local Rule 79-5(f), as modified by the Stipulation and Order Modifying Sealing Procedures, Northern Illinois University ("University" or "NIU") submits this Declaration in Support of Redacted and Sealed Records under the Joint Administrative Omnibus Motion to Seal.

3. Counsel for Party NCAA ("NCAA Counsel") informed NIU of materials that were provisionally filed by the parties in redacted form and under seal, and which includes information from NIU that was designated as Counsel Only confidential during discovery. During discovery, NIU responded to a subpoena for records of name, image and likeness (NIL) agreements for its student athletes. The University complied with the subpoena and produced copies of the NIL agreements. According to NCAA Counsel, portions of that production were used in "Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker [ECF No. 251-1], on p. 224 n. 594, and designated for Counsel Only confidentiality. In particular, NCAA Counsel informed NIU that the following information was redacted and filed under seal at Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker [ECF No. 251-1], p. 224 Par. 263 (c) and designated for Counsel Only confidentiality:

38
39     [SENTENCE REDACTED].594  [REDACTED] did not report his earnings with
40     this deal, but this deal is assigned a value of $1 in the Rascher Report. Evaluating
41     whether this deal would have existed, and if so the value of this deal in the before
42     period would require, among other factors, to be able to estimate the value of the
43     commission [REDACTED] would have been willing to pay in the before period
44     and the number of [REDACTED] that would have been sold, which in turn would
45     depend on the popularity of both [REDACTED] at the time and on their efforts to
46     promote the [REDACTED].
47
48
49  4.     The redacted and sealed information identified above represents NIU's confidential
50  materials ("Materials") in this matter.  NIU is a non-party designating party that seeks to keep its
51  "Materials" redacted and under seal, as provisionally done by the parties earlier in this case.  But
52  for this litigation, these NIU Materials would not be subject to public disclosure under federal
53  and/or state law, as described below.
54  5.     NIU's Materials qualify as "education records" under the federal Family Educational
55  Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, and its implementing regulations at 34
56  CFR Part 99).  FERPA defines "education records" as "those records that are: (1) Directly related
57  to a student; and (2) Maintained by an educational agency or institution or by a party acting for the
58  agency or institution." 34 CFR 99.3.  In summary, FERPA protects the privacy of student education
59  records and prohibits unauthorized disclosure of education records and/or the information
60  contained therein to the public.
61  6.     The Illinois Student Athlete Endorsement Rights Act (110 ILCS 190/1, *et seq.*) governs a
62  collegiate student-athlete's right and ability to "earn compensation, commensurate with market
63  value, for the use of the name, image, likeness, or voice of the student-athlete while enrolled at a
64  postsecondary educational institution and obtain and retain an agent for any matter or activity
65  relating to such compensation." 110 ILCS 190/10(a).  NIU student athletes who enter into NIL
66  agreements equal to or exceeding $500 in value, or agent representation agreements, are required
67  to provide NIU with copies of these agreements under this Illinois law.  110 ILCS 190/20(c); 110
68  ILCS 110 ILCS 190/15(f).  Since the University maintains these NIL agreements under Illinois
69  law, and these agreements are directly related to student athletes, they meet the definition of
70  "education records" under FERPA and are protected from disclosure to the public under that
71  federal law.

7. In addition, public requests for copies of these NIL agreements under the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1, *et seq.*) have been denied by the University. In summary, Illinois FOIA requires public institutions of higher education (and other "public bodies") to release "public records" to the public upon request. The Illinois FOIA law defines "public record" as "all records, …, recorded information and all other documentary materials pertaining to the transaction of public business, regardless of physical form or characteristics, having been prepared by or for, or having been or being used by, received by, in the possession of, or under the control of any public body." 5 ILCS 140/2(c). However, Illinois FOIA at 5 ILCS 140/7(1)(c) also exempts the following from public disclosure:

> Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. "Unwarranted invasion of personal privacy" means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy.

8. Since NIL agreements are a business arrangement between a student athlete and an outside entity that does not involve NIU, the University has denied public requests for copies of student athlete NIL agreements because (1) they do not pertain to the transaction of public business and (2) the personal privacy interests of the student athlete in reaching that agreement outweighs any legitimate public interest in obtaining that information. Therefore, NIU does not release student athlete NIL agreements publicly and would request that such information not be released publicly through this litigation, which is a loophole to the protection of the student personal privacy interests that is recognized under federal law (FERPA) and Illinois state law (FOIA).

9. These are personal arrangements that are made by individual student athletes with their new-found rights to seek compensation for the use of their name, image and likeness, not related to the school they attend. If redaction and sealing is denied, the personal financial information of

3

NIU student athletes will be subjected to unwarranted exposure and public scrutiny, when these student athletes and the institution they attend (Northern Illinois University) are not parties to this litigation. There will be a chilling effect on student athletes to enter into NIL agreements if those arrangements are suddenly publicly accessible through discovery in litigation that they did not initiate or participate in directly.

10. Continuing to keep this information redacted and sealed is the least restrictive means for protecting this information. This allows the parties to use the information for purposes of the case, but does not unnecessarily expose the personal financial information of student athletes who are not a part of the case to the public. A less restrictive alternative is not immediately known to NIU.

11. For the reasons stated above in this Declaration in Support of Redacted and Sealed Records under the Joint Administrative Omnibus Motion to Seal, Northern Illinois University requests that this Honorable Court continue to redact and seal NIU Materials identified above as provisionally filed by the parties earlier in this case.

Executed this 29th day of September 2023 in DeKalb, Illinois.

s/ Bryan L. Perry
Bryan L. Perry (ARDC #6337343)
General Counsel
OFFICE OF GENERAL COUNSEL
Northern Illinois University
330 Altgeld Hall
DeKalb, IL 60115
(815) 753-1774
bperry3@niu.edu