# EXHIBIT 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

15
16
17
18

| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF JOEL LONDRIGAN IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |
|---|---|

19
20
21
22
23
24
25
26
27
28

I, Joel Londrigan, declare as follows:

I am a Senior Associate General Counsel at the University of South Florida. The University of South Florida is a member of the American Athletic Conference, which is a defendant in this action. I make this Declaration based on my personal knowledge and investigation, and if called as a witness to testify, I could and would testify competently to the following facts.

1. This Declaration is being made in support of the Joint Administration Omnibus Motion to Seal ("Motion"), and pursuant to Civil Local Rules 7-11 and 79-5.

2. The University of South Florida moves to maintain the confidentiality of certain portions of document filed under seal by the Parties that contain or reflect confidential personal information of individual student-athletes.

3. Specifically, the University of South Florida requests that certain portions of the Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker, as described below and as identified in the Proposed Order Regarding Joint Administrative Omnibus Motion to Seal ("Proposed Order") as entry numbers ECF No. 251-1, be maintained under seal.

4. A party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(b). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & County of Honolulu*, 447 F. 3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

5. The University of South Florida can demonstrate that compelling reasons exist to maintain the following narrowly tailored redactions under seal.

**CONFIDENTIAL STUDENT INFORMATION**

6. Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker contains and reflects confidential personal information of the University of South Florida's student-athletes. The University of South Florida is required to keep confidential student personal information, and such

information may not be disclosed to the public without first obtaining a release from the student or parent, as FERPA (Family Educational Rights and Privacy Act, 20 U.S.C. 1232g) requires. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001) ("[T]he district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate.").

7. Therefore, the University of South Florida supports the Parties' Motion to redact those portions of Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker which contain the personal information of individual student-athletes of the University of South Florida, as identified below and in the Proposed Order:

| Document | Entry Number | Text to be Sealed |
|---|---|---|
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker | ECF No. 251-1 | p. 225 Â¶ 264 (b) |
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker | ECF No. 251-1 | p. . 225 n.597 |
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker | ECF No. 251-1 | p. . 226 Â¶ 264 (b) |
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker | ECF No. 251-1 | p. 226 n.598 |
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker | ECF No. 251-1 | p. 226 n.599 |

8. The limited redactions proposed above are narrowly tailored, and seek to seal only individual student-athletes' confidential information, the public disclosure of which would harm such third-party individuals. Disclosing these redacted portions publicly is also unnecessary in this litigation, as these student-athletes' specific identities are irrelevant to Plaintiffs' arguments in support of class certification.

9. For the foregoing reasons, the University of South Florida respectfully submits that compelling reasons exist to seal the information as identified above and in the Proposed Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 29, 2023, in Tampa, Florida.

_____
Joel Londrigan