# EXHIBIT 7

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

OAKLAND DIVISION

13

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW |
| | **DECLARATION OF LILLY STONECIPHER IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    I, Lilly Stonecipher, declare as follows:

2    I am the Records Manager at Utah State University (USU).  USU is a member of the

3  Mountain West Conference, which is a defendant in this action.  I make this Declaration based on

4  my personal knowledge and investigation, and if called as a witness to testify, I could and would

5  testify competently to the following facts.

6    1.    This Declaration is being made in support of the Joint Administration Omnibus

7  Motion to Seal ("Motion"), and pursuant to Civil Local Rules 7-11 and 79-5.

8    2.    USU moves to maintain the confidentiality of certain portions of document filed

9  under seal by the Parties that reflect USU's highly sensitive, non-public, current financial

10  information and contain or reflect confidential personal information of individual student-athletes.

11  Specifically, USU requests that certain portions of the Kilaru Declaration Ex. 1, Expert Report of

12  Catherine Tucker, as described below and as identified in the Proposed Order Regarding Joint

13  Administrative Omnibus Motion to Seal ("Proposed Order") as entry number ECF No. 251-1, be

14  maintained under seal.

15    3.    A party seeking to file a document under seal must "establish that a document, or

16  portions thereof, are sealable." Civil L.R. 79-5(b).  In connection with a dispositive motion, a

17  designating party must demonstrate that "compelling reasons" exist to protect the information from

18  being disclosed.  *Kamakana v. City & County of Honolulu*, 447 F. 3d 1172, 1178-79 (9th Cir.

19  2006).  Redactions, instead of complete removal, can be used to place "limited and clear" portions

20  of information outside the public record. *Id.* at 1183.

21    4.    USU can demonstrate that compelling reasons exist to maintain the following

22  narrowly tailored redactions under seal.

23    **CONFIDENTIAL STUDENT INFORMATION**

24    5.    USU subpoena productions contains and reflects confidential personal information

25  of USU student-athletes.  USU is required to keep confidential student personal information, and

26  such information may not be disclosed to the public without first obtaining a release from the

27  student or parent, as FERPA (Family Educational Rights and Privacy Act, 20 U.S.C. 1232g)

28  requires.  *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001)

("[T]he district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate.").

6.      Therefore, USU supports the Parties' Motion to redact those portions of Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker, which contain the personal information of individual USU student-athletes, as identified below and in the Proposed Order:

| Document | Entry Number | Text to be Sealed |
|---|---|---|
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker | **ECF No. 251-1** | p. . 226 ¶ 264 (c) |
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker | **ECF No. 251-1** | p. 226 n.600 |

7.      The limited redactions proposed above are narrowly tailored, and seek to seal only individual USU student-athletes' confidential information, the public disclosure of which would harm such third-party individuals.  Disclosing these redacted portions publicly is also unnecessary in this litigation, as these student-athletes' specific identities are irrelevant to Plaintiffs' arguments in support of class certification.

8.      For the foregoing reasons, USU respectfully submits that compelling reasons exist to seal the information as identified above and in the Proposed Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 29, 2023, in Logan, Utah.

_____

Lilly Stonecipher