# EXHIBIT 1

1

**MAYER BROWN LLP**
BRITT M. MILLER (*pro hac vice*)
bmiller@mayerbrown.com
DANIEL T. FENSKE (*pro hac vice*)
dfenske@mayerbrown.com
71 S. Wacker Dr.
Chicago, IL, 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

2

3

4

5

6

7

CHRISTOPHER J. KELLY (SBN 276312)
cjkelly@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

8

9

10

11

12

*Attorneys for Defendant The Big Ten Conference, Inc.*

13

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

14

15

16  IN RE COLLEGE ATHLETE NIL
    LITIGATION

Case No. 4:20-cv-03919-CW

17

**DECLARATION OF KERRY KENNY IN
SUPPORT OF JOINT ADMINISTRATIVE
OMNIBUS MOTION TO SEAL, FILED
PURSUANT TO L.R. 79-5(d)(1)**

18

19

20

21

22

23

24

25

26

27

28

1.     I am the Chief Operating Officer of The Big Ten Conference, Inc. ("The Big Ten"). I make this declaration of my own personal knowledge and, if called on to do so, could testify competently to the facts stated herein under oath.

2.     I have been employed by The Big Ten in various capacities since 2009. From July 2009 to June 2016, I served the Compliance department in various capacities, including Assistant Director (2009 – 2012), Associate Director (2012 – 2014), and Director (2014 – 2016). From 2016 to 2021, I served as the Assistant Commissioner of Public Affairs. From 2021 to 2023, I served as the Senior Vice President for Television, Media Analytics, and Emerging Platforms. I then became the Chief Operating Officer in June of 2023.

3.     I understand that The Big Ten is a defendant in the litigation that is captioned *In re: College Athlete NIL Litigation*, Case No. 4:20-cv-03919-CW, along with the National Collegiate Athletic Association ("NCAA") and the other four other members of the Autonomy Five Conferences (hereinafter "Conference Defendants").

4.     I submit this declaration pursuant to Local Rule 79-5(d)(1) in support of the parties' Joint Administrative Omnibus Motion to Seal (ECF No. 318), filed on September 15, 2023 (the "Motion"), and as contemplated by the October 21, 2022 Stipulation and Order as Modified Modifying Sealing Procedures Relating to Class Certification Briefing and Related Documents (ECF No. 207).

## I.   <u>MATERIALS REQUESTED TO BE SEALED</u>

5.     I understand that a party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c). In connection with class certification motions, I understand that courts generally require a designating party to demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2009); *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-cv-05286-PJH, 2021 WL 3771785, at *21 (N.D. Cal. Aug. 24, 2021).

6.     The Big Ten considers certain information included in the parties' various filings in support of and in opposition to the Plaintiffs' motion for class certification and related expert materials to be highly competitive,  proprietary and sensitive information belonging to The Big

Ten. Consistent with the Court's October 21, 2022 Stipulation and Order (ECF No. 207), Attachment A itemizes the portions of the parties' filings containing The Big Ten's confidential information to be maintained and filed under seal.

7.     The information that The Big Ten is requesting that the Court maintain and file under seal is narrowly tailored and redacted, and The Big Ten can demonstrate that compelling reasons exist to maintain these narrowly tailored redactions under seal. The information that The Big Ten seeks to seal generally falls into the following categories:

i.     Highly competitive, proprietary and sensitive terms and provisions of The Big Ten's broadcast media agreements, which are highly negotiated and, to the best of my knowledge, unique to The Big Ten;

ii.     Highly competitive, proprietary and sensitive terms and provisions of The Big Ten's actual or potential contractual relationships with third-party commercial entities, such as licensing and sponsorship agreements, which are highly negotiated and, to the best of my knowledge, unique to The Big Ten; and

iii.     Confidential and competitively sensitive business and financial information that would harm The Big Ten's competitive standing if made publicly available.

## II.   <u>**MEDIA RIGHTS AND SPONSORSHIP CONTRACTS**</u>

8.     The Big Ten is a party to several media agreements with certain television networks, and several sponsorship and licensing agreements with certain corporate sponsors.  I understand that The Big Ten's broadcast media agreements and sponsorship contracts produced in this case are subject to confidentiality protections through the Stipulated Protective Order (ECF No. 137), as supplemented and amended (ECF No. 148) (together, the "Protective Order"), entered in this case and have been designated "Network Strictly Confidential – Outside Litigation Counsel Only" pursuant to that Protective Order to preserve their confidentiality.

9.     The Big Ten considers the terms of these agreements to be strictly confidential, in part because other conferences and the NCAA compete with The Big Ten for similar agreements. The Big Ten's media agreements include extensively negotiated provisions that include highly competitive, proprietary and sensitive information.  For example, The Big Ten's media rights

agreements include non-public financial details about topics such as rights fees, renewal rights, license fees, rights restrictions, termination provisions, distribution obligations, scheduling and programming, and other confidential, heavily-negotiated considerations and terms.

10.     The Big Ten treats and maintains these agreements as strictly confidential, and takes steps to prevent access to the public. Access to the agreements and to the terms therein is limited within The Big Ten's office to those employees who have a legitimate business need to know the terms of the agreements.  These agreements also are not provided to Big Ten member schools.  In addition, The Big Ten's agreements with its media partners and sponsors contain express or implied non-disclosure provisions that require that the terms of the agreements and related non-public materials be kept confidential.

11.     Any disclosure, even at a highly generalized level, of the terms and conditions of The Big Ten's media agreements to the public, to other television networks (including the network intervenors), or to other competitors (including the NCAA and/or the Conference Defendants) would trigger immediate and long-lasting competitive harm to The Big Ten, including with respect to its ability to effectively and fairly negotiate in the future.  For example, if any television network in negotiations with The Big Ten were to become aware of the terms or structure of The Big Ten's current media agreements with other entities, including through communications with The Big Ten's competitors, it could use that information to its advantage—and to The Big Ten's disadvantage—by benchmarking the negotiations against the terms, conditions, or structure of The Big Ten's agreements with other entities.  Similarly, other Conference Defendants and/or the NCAA could use the terms of The Big Ten's contracts to their own advantage, and The Big Ten's disadvantage, in future agreements.

12.     Further evidencing the confidential nature of the media rights agreements, I also am aware, and find it particularly noteworthy, that The Big Ten's contractual counterparties with respect to the media rights agreements referenced above, including ESPN, FOX, and the Big Ten Network, among others, each have filed declarations in support of sealing the media rights agreements discussed above and their other related agreements, for many of the same reasons set forth herein.

13.     Sealing these documents is the only way to protect The Big Ten's (and its contracting partners') confidential and proprietary information.  The Big Ten's compelling interests in these financially and competitively sensitive documents strongly outweigh the public's interest in accessing redacted contractual terms.

**III.     PROJECTIONS AND FINANCIAL ANALYSES**

14.     I further understand that The Big Ten's financial documents, including its annual audited financial statements, produced in this case are similarly subject to confidentiality protections through the Protective Order and have been designated "Network Strictly Confidential – Outside Litigation Counsel Only" pursuant to that Protective Order, again to preserve their confidentiality.

15.     Negotiation concerns, similar as to those with respect to the media agreements, warrant maintaining The Big Ten's financial information under seal. The financial information identified in Attachment A are highly detailed and reflect financial projections and analyses that reference the financial terms of The Big Ten's contractual entitlements, including from media, sponsorship and licensing agreements.  For this reason, any disclosure, even at a highly generalized level, of The Big Ten's financial projections or analyses to other competitors or television networks while negotiations for new media agreements remain ongoing would irreparably harm The Big Ten's ability to effectively and fairly negotiate.

16.     The Big Ten treats the information summarized above and set forth in detail in Attachment A as highly confidential. Not all employees of The Big Ten are permitted to access these documents or the material they contain. The Big Ten does not share these documents with third parties or the public. Moreover, The Big Ten's broadcast media agreements and, often, its other commercial contracts include explicit confidentiality provisions prohibiting or significantly limiting their public disclosure.

17.     I understand that the Northern District of California has concluded that "compelling reasons" exist to seal confidential "license agreements, financial terms, [and] details of confidential licensing negotiations[.]"  *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, at *1 (N.D. Cal. Mar. 11 ,2020) (citation and internal quotation marks

1  omitted).  I also understand that federal courts, including the Ninth Circuit, have concluded that

2  information, like financial information, that would harm a litigant's competitive standing if made

3  publicly available is properly subject to sealing.  *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435

4  U.S. 589, 598 (1978); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir.

5  2016).  For the same reasons, the agreements and documents summarized above and set forth in

6  Attachment A should remain sealed.

7       18.     For the foregoing reasons, as well as those set forth in Attachment A, The Big Ten

8  respectfully submits that compelling reasons exist to seal the information identified above, in

9  Attachment A to this Declaration, and in the Proposed Order submitted with the Motion.

10      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

11  and correct.

12      Executed on **September 29**, 2023, in Chicago, Illinois.

13

14

15                                Kerry Kenny

16

17

18

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT A

| Plaintiffs' Motion for Class Certification, ECF No. 208 | | | | |
|---|---|---|---|---|
| **Mot. to Seal Ex. 1 Entry Number** | **Page/Line** | **Confidentiality Level** | **Description** | **Compelling Basis for Sealing** |
| 4 | p. 5:7-8 | NSC | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 8 | p. 8:17-20 | NSC | The redacted text refers to the content of the representations and warranties and indemnification provisions in The Big Ten's broadcast media agreements. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
| 19 | p. 13:14-16 | NSC | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 24 | p. 23:14-15 | NSC | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 25 | p. 30:11-17 | NSC | The redacted text refers to the content of the representations and warranties and indemnification provisions in The Big Ten's broadcast media agreements. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or |

1

|  |  |  |  | renegotiate its current or future broadcast agreements. |
|---|---|---|---|---|
| **Berman Declaration In Support of Plaintiffs' Motion for Class Certification, ECF No. 208-1** | | | | |
| **Mot. to Seal Ex. 1 Entry Number** | **Page/Line** | **Confidentiality Level** | **Description** | **Reason for Sealing** |
| 37 | Ex. 7 | Highly Confidential | This exhibit, filed by Plaintiffs under seal, reflects a summary of proprietary and highly confidential information regarding The Big Ten's current affairs and future plans, the disclosure of which may cause The Big Ten competitive harm. | Reveals proprietary and competitively sensitive information relating to The Big Ten's assessment of current affairs, future plans and agreements with third-parties. |
| 40 | Ex. 11 | NSC | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 57 | Ex. 50 | NSC | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| **Expert Report of Daniel A. Rascher, ECF No. 209-2** | | | | |
| **Mot. to Seal Ex. 1 Entry Number** | **Page/Line** | **Confidentiality Level** | **Description** | **Reason for Sealing** |
| 61 and 62 | p. 24 ¶ 48 & n.38 | Confidential | The redacted text reflects the existence of confidential negotiations between a Big Ten member school and third-party that would reveal competitively valuable and confidential information concerning the substance of the negotiations. | Reveals the existence of confidential negotiations between a Big Ten member school and third-party, which, if revealed, could harm the Big Ten member school's ability to negotiate with third parties. |

2

| 150, 151 and 152 | p. 76-77 ¶ 156 & n. 174 | NSC | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
|---|---|---|---|---|
| 153 | p. 77, n.175 | NSC | The redacted text quotes a provision of The Big Ten's media agreement with ESPN regarding the promotional use of student-athlete NIL, revealing the substance of the confidential terms of that agreement. | Reveals the terms of The Big Ten's media agreement with ESPN, which are highly negotiated, confidential, and competitively sensitive. These provisions are unique to The Big Ten and their public disclosure of these provisions would The Big Ten's cause prejudice to The Big Tn in future negotiations with broadcast entities. |
| 177, 178, and 179 | p. 90-91, Ex. 9 & n.208 | NSC | Chart purports to show the total annual broadcast media revenue generated by The Big Ten through its broadcast agreement, as well as its participation in the CFP, bowl games, and NCAA tournament events. | Reveals in detail the revenue The Big Ten derives from specific broadcast media agreements and broadcast events. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in |

3

| | | | | | future negotiations with broadcast entities. |
|---|---|---|---|---|---|
| 180 | p. 91, n.210 | NSC | | Reveals confidential information regarding The Big Ten's member schools' revenue sources, which information is not available to the public, other conferences, or NCAA member institutions at a conference- or school-specific level. | Reveals confidential information regarding The Big Ten's member schools' revenue sources, the disclosure of which can cause competitive harm to the Big Ten and its member schools. In particular, disclosure of such information may place The Big Ten and its member schools at a competitive disadvantage against competing conferences and schools. |
| 181 | p. 92, Ex. 10 | NSC | | The redacted portions of the chart show Plaintiffs' alleged BNIL damages by conference and by sport, which information could be used in connection with publicly available information to reveal the financial terms of specific Big Ten broadcast media agreements. | When reviewed in conjunction with publicly available information, the information in this chart reveals in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |

| 182 | p. 93, Ex. 11 | NSC | The redacted portions of the chart show the number of putative class members by conference and by sport, which could be used in connection with other redacted information to reveal the financial terms of specific Big Ten broadcast media agreements. | When reviewed in conjunction with other redacted information, the information in this chart could reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 183 | p. 94, Ex. 12 | NSC | The redacted portions of the chart show alleged BNIL damages by conference, by sport, and per player, which, in the aggregate and in connection with publicly available information, could reveal the financial terms of specific Big Ten broadcast media agreements. | When reviewed in conjunction with publicly available information, the information in this chart could reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. The information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to |

5

| | | | | prevent being prejudiced in future negotiations with broadcast entities. |
|---|---|---|---|---|
| 194 | Appx Ex. C.5. | NSC | The redacted portions of the chart show the financial terms of and revenue derived from specific Big Ten broadcast media agreements, bowl agreements, College Football Playoff agreements, and NCAA tournament agreements. | Reveals in detail the revenue The Big Ten derives from specific broadcast media agreements and broadcast events. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |

| **Expert Report of Edwin Desser, ECF No. 209-3** | | | | |
|---|---|---|---|---|
| **Mot. to Seal Ex. 1 Entry Number** | **Page/Line** | **Confidentiality Level** | **Description** | **Reason for Sealing** |
| 206 | p. 23, n.21 | NSC | The redacted text quotes a provision of The Big Ten's media agreement with BTN regarding the scope of telecast rights, revealing the | Reveals the terms of The Big Ten's media agreement with BTN, which are highly negotiated, confidential, and competitively sensitive. These |

6

| | | | substance of the confidential terms of that agreement. | provisions are unique to The Big Ten and public disclosure would cause prejudice to The Big Ten in future negotiations with broadcast entities. |
|---|---|---|---|---|
| 210, 213, and 214 | p. 24, Sec. 6.4 and n.25-26 | NSC | The redacted text reveals the substance of provisions of The Big Ten's media agreements with Fox and ESPN/ABC regarding certain representations and warranties, revealing the confidential terms of that agreement. | Reveals the terms of The Big Ten's media agreement with ESPN/ABC, which are highly negotiated, confidential, and competitively sensitive. These provisions are unique to The Big Ten and public disclosure would cause prejudice to The Big Ten in future negotiations with broadcast entities. |
| 215 and 217 | p. 25, Sec. 6.7 & n.31 | NSC | The redacted text describes a provision of The  Big Ten media agreement with the Big Ten Network regarding promotional use of student-athlete NIL, revealing the substance of the confidential terms of that agreement. | Reveals the terms of The Big Ten's media agreement with the Big Ten Network, which is highly negotiated, confidential, and competitively sensitive. These provisions are unique to The Big Ten and their public disclosure would cause prejudice to The Big Ten in future negotiations with broadcast entities. |
| 218 and 221 | p. 26-27, Sec. 6.7 | NSC | The redacted text describes a provision of The Big Ten media agreements, specifically from the representations and warranties section, revealing the substance of the confidential terms of those agreements. | Reveals the terms of Big Ten media agreements, which are highly negotiated, confidential, and competitively sensitive. These provisions are unique to The Big Ten and their public disclosure would cause |

7

| | | | | prejudice to The Big Ten in future negotiations with broadcast entities. |
|---|---|---|---|---|
| 223 | p. 31 Sec. 7.2 & n. 36-38 | NSC | The redacted text describes provisions of The Big Ten media agreements, specifically from the representations and warranties section, revealing the substance of the confidential terms of those agreements. | Reveals the terms of Big Ten media agreements, which are highly negotiated, confidential, and competitively sensitive. These provisions are unique to The Big Ten and their public disclosure would cause prejudice to The Big Ten in future negotiations with broadcast entities. |
| 234 | p. 47, n.49 | NSC | The redacted text quotes a portion of The Big Ten's 2019 audited financial statement, which reveals the financial terms of and revenue that The Big Ten derives from its broadcast media agreements, as well as the Conference's allocation of those revenue to its member institutions, revealing the confidential financial terms of The Big Ten's media agreements. | Reveals in detail The Big Ten's revenue derived from its broadcast media agreements, as well as financial and accounting allocations related to those agreements, which are confidential and competitively sensitive. The Big Ten does not make its financial statements available to the public, and disclosure of The Big Ten's broadcast revenue and valuation of its offerings for accounting purposes could prejudice The Big Ten in future media rights negotiations with broadcast entities. |

8

| Defs.' Opp. to Pls.' Mot. for Class Certification, ECF No. 249 | | | | |
|---|---|---|---|---|
| Mot. to Seal Ex. 1 Entry Number | Page/Line | Confidentiality Level | Description | Reason for Sealing |
| 258 | p. 7:13 | NSC | The redacted text conceals the identity of each A5 conference associated with the plaintiffs' per-player BNIL damages numbers by sport, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten broadcast media agreements. | When reviewed in conjunction with publicly available information, the information in this chart reveals in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 260 | p. 12:24 | NSC | The redacted text conceals information associated with the plaintiffs' per-player BNIL damages numbers for men's basketball players, which can be used in connection with publicly available information to reveal the financial | When reviewed in conjunction with publicly available information, the information in this chart reveals in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly |

9

| | | | | terms of specific Big Ten media agreements. | confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| --- | --- | --- | --- | --- | --- |
| 263 | p. 13:2 | | NSC | The redacted text conceals information associated with the plaintiffs' per-player BNIL damages numbers for men's basketball players, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten media agreements. | When reviewed in conjunction with publicly available information, the information in this chart reveals in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |

| 282 | p. 36:22 | NSC | The redacted text conceals information associated with the plaintiffs' per-player BNIL damages numbers for men's basketball players, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten media agreements. | When reviewed in conjunction with publicly available information, the information in this chart reveals in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| --- | --- | --- | --- | --- |
| **Defs.' Daubert Mot. to Exclude Rascher and Desser, ECF No. 250** | | | | |
| **Mot. to Seal Ex. 1 Entry Number** | **Page/Line** | **Confidentiality Level** | **Description** | **Reason for Sealing** |
| 313 | p. 16:24 | NSC | The redacted text  conceals information associated with the plaintiffs' per-player BNIL damages numbers for men's basketball players, which can be used in connection with publicly available information to reveal the financial | When reviewed in conjunction with publicly available information, the information in this chart reveals in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly |

| | | | terms of specific Big Ten media agreements. | confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |

| **Expert Report of Catherine Tucker, ECF No. 251-1** | | | | |
| **Mot. to Seal Ex. 1 Entry Number** | **Page/Line** | **Confidentiality Level** | **Description** | **Reason for Sealing** |
|---|---|---|---|---|
| 333 | p. 16 ¶ 25(e) | NSC | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 337 | p. 44, n.101 | NSC | The redacted text  conceals information associated with the plaintiffs' per-player BNIL damages numbers for men's basketball players, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten media agreements. | When reviewed in conjunction with publicly available information and other redacted information, the information in this chart reveals in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line- |

| | | | | | item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
|---|---|---|---|---|---|
| 339 | p. 46 ¶ 56 | | NSC | The redacted text conceals information associated with the plaintiffs' per-player BNIL damages numbers for men's basketball players, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten media agreements. | When reviewed in conjunction with publicly available information and other redacted information, the information in this chart reveals in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 341 | p. 47 (Table 2) | | NSC | The redacted information in the table conceals the plaintiffs' per-player BNIL damages amount for a Big Ten men's basketball student-athlete, as well as the value of that per-player | When reviewed in conjunction with publicly available information, the information in this chart reveals in detail the revenue and value The Big Ten |

13

| | | | amount compared to amounts potentially available from other A5 and non-A5 conferences, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten broadcast media agreements. | derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
|---|---|---|---|---|
| 342 and 343 | p. 54 ¶ 63 & fig. 3 | Confidential | See NCAA Declaration. | See NCAA Declaration. |
| 348 and 349 | p. 67, tbl. 5, n.153 | Confidential | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 351, 352, and 353 | p. 68 ¶ 76, tbl. 6 & n.154 | Confidential | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |

| 355 | p. 71, tbl. 7 | Highly Confidential | See NCAA Declaration. | See NCAA Declaration. |
|---|---|---|---|---|
| 360 and 361 | p. 102, tbl. 8 & note 1 | NSC | The redacted information conceals the dollar amount of the maximum proposed BNIL payments for Big Ten member schools, which can be used in connection with publicly disclosed information to reveal the financial terms of specific Big Ten broadcast media agreements. | When reviewed in conjunction with publicly available information, the information in this chart reveals in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 371, 372, and 373 | p. 115-16 figs. 7 & 8, with notes | Confidential | See University of Illinois and Ohio State Declarations. | See University of Illinois and Ohio State Declarations. |
| 378 | p. 118 (Fig. 9) | Confidential | See University of Illinois and Ohio State Declarations. | See University of Illinois and Ohio State Declarations. |

| 392 and 393 | p. 129 ¶ 146, n. 328 | NSC | The redacted text conceals information associated with the plaintiffs' per-player BNIL damages numbers for football players, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten media agreements. | When reviewed in conjunction with publicly available information, the information in this chart reveals in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 394 | p. 136 ¶ 151 | NSC | The redacted text conceals information reveals the relative financial value or total revenue of The Big Ten's broadcast media agreements compared to other A5 conferences. | When reviewed in conjunction with publicly available information, the information in this chart reveals in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, |

ATTACHMENT A TO DECL. OF KERRY KENNY
IN SUPPORT OF JOINT OMNIBUS MOTION TO SEAL CASE NO. 4:20-cv-03919-CW

| | | | | which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
|---|---|---|---|---|
| 399 | p. 139 (Table 9) | Confidential | See NCAA Declaration. | See NCAA Declaration. |
| 403 | p. 144, n.363 | NSC | The redacted material reveals the relative financial value or total revenue of The Big Ten's broadcast media agreements compared to other A5 conferences. | This statement reveals information about the terms of The Big Ten's broadcast agreements relative to the agreements of other conferences, which is competitively sensitive and could be used to The Big Ten's detriment in future contract negotiations. |
| 409, 410, 411, and 412 | p. 151-52 ¶¶ 168(a), (b), & nn. 386, 389 | Highly Confidential | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 430 | p. 186 ¶ 222 (d) | Highly Confidential | See University of Minnesota Declaration. | See University of Minnesota Declaration. |

17

| 431 | p. 186 n. 487 | Highly Confidential | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
|---|---|---|---|---|
| 444 and 445 | p. 201 tbl. 13 & n.530 | Highly Confidential | See NCAA Declaration. | See NCAA Declaration. |
| 446 | p. 202 ¶ 243 | Highly Confidential | See NCAA Declaration. | See NCAA Declaration. |
| 456 | p. 204 ¶ 245 | Highly Confidential | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 474 & 477 | p. 218 ¶ 257 & n.575 | Highly Confidential | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 483 | p. 219 ¶ 259 | Highly Confidential | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 488 and 492 | p. 220 tbl. 15 & n.582 | Highly Confidential | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 508 | p. 226 ¶ 265 | Highly Confidential | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |

| 512 and 513 | p. 227 tbl. 16 & n. 603 | Highly Confidential | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
|---|---|---|---|---|
| 525 | p. 240, n.662 | Confidential | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 530 and 531 | p. 244 ¶ 290 & n.669 | Highly Confidential | Reveals confidential information regarding The Big Ten's member schools' revenue sources, which information is not available to the public, other conferences, or NCAA member institutions at a conference- or school-specific level. | Reveals confidential information regarding The Big Ten's member schools' revenue sources, the disclosure of which can cause competitive harm to the Big Ten and its member schools. In particular, disclosure of such information may place The Big Ten and its member schools at a competitive disadvantage against competing conferences and schools. |
| 532, 533 and 534 | p. 245-46 tbl. 17, n.670 with notes | Highly Confidential | Reveals confidential information regarding The Big Ten's member schools' revenue sources, which information is not available to the public, other conferences, or NCAA member institutions at a conference- or school-specific level. | Reveals confidential information regarding The Big Ten's member schools' revenue sources, the disclosure of which can cause competitive harm to the Big Ten and its member schools. In particular, disclosure of such information may place The Big Ten and its member schools at a competitive disadvantage against competing conferences and schools. |

19

| 535 | p. 246 ¶ 291 | Highly Confidential | Reveals confidential information regarding The Big Ten's member schools' revenue sources, which information is not available to the public, other conferences, or NCAA member institutions at a conference- or school-specific level. | Reveals confidential information regarding The Big Ten's member schools' revenue sources, the disclosure of which can cause competitive harm to the Big Ten and its member schools. In particular, disclosure of such information may place The Big Ten and its member schools at a competitive disadvantage against competing conferences and schools. |
| --- | --- | --- | --- | --- |
| 539 | p. 251 fig 16 | Highly Confidential | See NCAA Declaration. | See NCAA Declaration. |
| 542 and 544 | p. 252 ¶ 300 7 n. 682 | Confidential | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |
| 543 | p. 252, n.680 | Highly Confidential | The redacted portions of the referenced exhibit-chart show Plaintiffs' alleged BNIL damages by conference and by sport, , which information could be used in connection with publicly available information to reveal the financial terms of specific Big Ten broadcast media agreements | When reviewed in conjunction with publicly available information, the information in this chart reveals in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. The Big Ten does not make available detailed line-item information about the financial aspects of its |

20

| Mot. to Seal Ex. 1 Entry Number | Page/Line | Confidentiality Level | Description | Reason for Sealing |
|---|---|---|---|---|
| | | | | broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 545 and 546 | p. 254 ¶ 302 & n.687 | Confidential | See University of Maryland Declaration. | See University of Maryland Declaration. |
| 548 | p. 255, n.689 | Confidential | See Pac-12 Declaration; See NCAA Declaration. | See Pac-12 Declaration; See NCAA Declaration. |

**Expert Report of Bob Thompson, ECF No. 251-2**

| Mot. to Seal Ex. 1 Entry Number | Page/Line | Confidentiality Level | Description | Reason for Sealing |
|---|---|---|---|---|
| 551, 553, and 555 | p. 9 & n.25 | NSC | The redacted text relates to substantive terms of The Big Ten's broadcast media agreement with Fox and the Big Ten Network, the disclosure of which would reveal confidential, competitively valuable information about the obligations imposed by that agreement. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
| 556 | p. 10 | NSC | The redacted information concerns the broadcast rights and related broadcast media agreements between the Big Ten, other FBS conferences, and ESPN for the | Reveals the substance of terms in the CFP broadcast agreements, to which The Big Ten is a party, and which are highly negotiated, confidential, |

21

| | | | College Football Playoff games, the disclosure of which would reveal competitively sensitive and confidential information about the terms and operation of the CFP broadcast agreement. | and competitively sensitive.  If provisions or portions of those agreements were disclosed publicly, The Big Ten would be prejudiced when attempting to negotiate or renegotiate its CFP-related agreements |
|---|---|---|---|---|
| 559, 564, 565, 566, 567, and 570 | p. 11-12(3), nn.31-35 | NSC | The redacted text relates to substantive terms of The Big Ten's broadcast media agreements with Fox, ESPN, CBS, and the Big Ten Network concerning the licensing of broadcast rights,  the disclosure of which would reveal competitively sensitive and confidential information about the terms of The Big Ten's media agreements. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
| 584 | p. 15, n.48 | NSC | The redacted material discloses trademark licensing terms of The Big Ten's broadcast media agreement relating to The Big Ten Network. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
| 585 | p. 15, n.49 | NSC | The redacted material discloses confidential information about provisions of The Big Ten's media rights agreements governing data rights. | In combination with publicly disclosed information, the redacted material would reveal confidential and competitively sensitive information about The Big Ten's media rights |

| | | | | agreements, which are highly negotiated and unique to the Big Ten. If provisions or portions of those agreements were disclosed publicly, The Big Ten would be prejudiced when attempting to negotiate or renegotiate its broadcast agreements, which are unique to the Big Ten, in the future. |
|---|---|---|---|---|
| 590 | p. 16, n.52 | NSC | The redacted material discloses substantive terms of The Big Ten's media broadcast agreements with FOX, ESPN, CBS, and the Big Ten Network concerning the licensing of broadcast rights, the disclosure of which would reveal competitively sensitive and confidential information about the terms of The Big Ten's media agreements. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
| 600 | p. 19 & n.61 | NSC | The redacted material discloses substantive terms of The Big Ten's media broadcast agreements with FOX, ESPN, CBS, and the Big Ten Network concerning the licensing of broadcast rights, the disclosure of which would reveal competitively sensitive and confidential information about the terms of The Big Ten's media agreements. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
| 604 | p. 20-21, n.63 | NSC | The redacted text provides detailed information about the terms and scope of the advertising provisions | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly |

ATTACHMENT A TO DECL. OF KERRY KENNY
IN SUPPORT OF JOINT OMNIBUS MOTION TO SEAL CASE NO. 4:20-cv-03919-CW

| | | | | in The Big Ten's broadcast media rights agreements with ESPN, the disclosure of which would reveal competitively sensitive and confidential information about the terms of those agreements. | negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
|---|---|---|---|---|---|
| 609 | p. 22, n.69 | | NSC | The redacted text provides detailed information regarding the game window provision of The Big Ten's broadcast media agreements with ESPN, the disclosure of which would reveal competitively sensitive and confidential information about the terms of those agreements. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
| 612 | p. 23, n.71 | | NSC | The redacted text quotes a provision of The Big Ten's media agreement with ESPN regarding game scheduling, revealing the substance of the confidential terms of the agreement. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
| 615 | p. 24, n.74 | | NSC | The redacted text provides detailed information regarding a provision of The Big Ten's broadcast media agreements with the network entities regarding length of agreement, | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions |

| | | | | revealing the substance of confidential terms of the agreement. | would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
|---|---|---|---|---|---|
| 616 | p. 24, n.76 | | NSC | The redacted text provides detailed information about the network rights provisions of The Big Ten's broadcast media agreement with Fox, the disclosure of which would reveal competitively sensitive and confidential information about the terms of those agreements. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
| 621 | p. 25 | | NSC | The redacted text provides detailed information about the game broadcasting provisions of The Big Ten's broadcast media agreements with ESPN and FOX, the disclosure of which would reveal competitively sensitive and confidential information about the terms of those agreements. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
| 626a | p. 25, n. 83 | | NSC | The redacted text provides detailed information about the game broadcasting provisions of The Big Ten's broadcast media agreements with ESPN and FOX, the disclosure of which would reveal competitively sensitive and confidential information about the terms of those agreements. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or |

25

| Mot. to Seal Ex. 1 Entry Number | Page/Line | Confidentiality Level | Description | Reason for Sealing |
|---|---|---|---|---|
| | | | | renegotiate its current or future broadcast agreements. |
| 645, 646, 647, and -648 | p. 48 & nn.154-55 | NSC | The redacted text discloses information about the game broadcasting provisions of The Big Ten's broadcast media agreement with ESPN and FOX, the disclosure of which would reveal competitively sensitive and confidential information about the terms of those agreements. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
| **Expert Report of Barbara Osborne, ECF No. 251-3** | | | | |
| **Mot. to Seal Ex. 1 Entry Number** | **Page/Line** | **Confidentiality Level** | **Description** | **Reason for Sealing** |
| 664a | p. 12, ¶ 25 | NSC | The redacted text conceals the identity of each A5 conference associated with the plaintiffs' per-player broadcast NIL damages numbers by sport, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten broadcast media agreements. | In connection with publicly disclosed information, reveals in detail the revenue The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed.  It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party.  The Big Ten does not make available detailed line-item information about the financial aspects of its |

ATTACHMENT A TO DECL. OF KERRY KENNY
IN SUPPORT OF JOINT OMNIBUS MOTION TO SEAL CASE NO. 4:20-cv-03919-CW

| | | | | broadcast media agreements, which are unique to The Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |

| January 10, 2023 Deposition of Daniel Rascher, ECF No. 251-7 | | | | |
| --- | --- | --- | --- | --- |
| **Mot. to Seal Ex. 1 Entry Number** | **Page/Line** | **Confidentiality Level** | **Description** | **Reason for Sealing** |
| 689 | p. 68:24-69:1 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten football student-athlete, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten broadcast media agreements. | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future |

| | | | | negotiations with broadcast entities. |
|---|---|---|---|---|
| 692 | p. 69:6-16 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten football student-athlete, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten broadcast media agreements. | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 694 | p. 72:21-24 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten football student-athlete, which can be used in connection with publicly available information to reveal the financial | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is |

| | | | | terms of specific Big Ten broadcast media agreements. | highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
|---|---|---|---|---|---|
| 696 | p. 73:3-13 | | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten football student-athlete, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten broadcast media agreements. | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big |

29

| | | | | |
|---|---|---|---|---|
| | | | | Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 697 | p. 91:23-92:8 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten basketball student-athlete, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten broadcast media agreements. | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 698 | p. 93:4-15 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten basketball student-athlete, which can be used in connection with publicly available information to reveal the financial | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is |

| | | | | terms of specific Big Ten broadcast media agreements. | highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
|---|---|---|---|---|---|
| 699 | p. 94:3-5 | | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten basketball student-athlete, which can be used in connection with publicly available information to reveal the financial terms of specific Big Ten broadcast media agreements. | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big |

31

| | | | | Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
|---|---|---|---|---|
| 712 | p. 144:2-22 | Highly Confidential | Reveals confidential information regarding The Big Ten's member schools' revenue sources, which information is not available to the public, other conferences, or NCAA member institutions at a conference- or school-specific level. | Reveals confidential information regarding The Big Ten's member schools' revenue sources, the disclosure of which can cause competitive harm to the Big Ten and its member schools. In particular, disclosure of such information may place The Big Ten and its member schools at a competitive disadvantage against competing conferences and schools. |
| 718 | p. 157:3-158:1 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten football student-athlete, which can be used in connection with publicly available information to reveal the financial terms or specific Big Ten broadcast media agreements. | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its |

| | | | | broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
|---|---|---|---|---|
| 722 | p. 188:18-189:15 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten basketball student-athlete, which can be used in connection with publicly available information to reveal the financial terms or specific Big Ten broadcast media agreements. | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 723 | p. 191:10-23 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten basketball student-athlete, which can be used in connection with publicly available | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from |

| | | | | information to reveal the financial terms or specific Big Ten broadcast media agreements. | specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 724 | p. 192:14-18 | | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten basketball student-athlete, which can be used in connection with publicly available information to reveal the financial terms or specific Big Ten broadcast media agreements. | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its |

| | | | | broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
|---|---|---|---|---|
| 725 | p. 193:24-194:9 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten basketball student-athlete, which can be used in connection with publicly available information to reveal the financial terms or specific Big Ten broadcast media agreements. | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 726 | p. 194:23-195:22 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten basketball student-athlete, which can be used in connection with publicly available | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from |

35

| | | | | information to reveal the financial terms or specific Big Ten broadcast media agreements. | specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 727 | p. 196:21-24 | | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten basketball student-athlete, which can be used in connection with publicly available information to reveal the financial terms or specific Big Ten broadcast media agreements. | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its |

ATTACHMENT A TO DECL. OF KERRY KENNY
IN SUPPORT OF JOINT OMNIBUS MOTION TO SEAL CASE NO. 4:20-cv-03919-CW

| | | | | |
|---|---|---|---|---|
| | | | | broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 728 | p. 197:14-17 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten basketball student-athlete, which can be used in connection with publicly available information to reveal the financial terms or specific Big Ten broadcast media agreements. | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| 730 | p. 202:5-202:8 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten basketball student-athlete, which can be used in connection with publicly available | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from |

| | | | information to reveal the financial terms or specific Big Ten broadcast media agreements. | specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
|---|---|---|---|---|
| 734 | p. 207:11-22 | NSC | The redacted text conceals the plaintiffs' per-player BNIL damages amount for a Big Ten basketball student-athlete, which can be used in connection with publicly available information to reveal the financial terms or specific Big Ten broadcast media agreements. | In combination with publicly disclosed information, the redacted material would reveal in detail the revenue and value The Big Ten derives from specific broadcast media agreements. This information is highly confidential and not publicly disclosed. It could be used to derive the total financial value of specific broadcast media agreements to which The Big Ten is a party. The Big Ten does not make available detailed line-item information about the financial aspects of its |

ATTACHMENT A TO DECL. OF KERRY KENNY
IN SUPPORT OF JOINT OMNIBUS MOTION TO SEAL CASE NO. 4:20-cv-03919-CW

| | | | | broadcast media agreements, which are unique to the Big Ten, to prevent being prejudiced in future negotiations with broadcast entities. |
| --- | --- | --- | --- | --- |

| **Pls.' Reply Mem. In Support of Mot. for Class Certification, ECF No. 289** | | | | |
| --- | --- | --- | --- | --- |
| **Mot. to Seal Ex. 1 Entry Number** | **Page/Line** | **Confidentiality Level** | **Description** | **Reason for Sealing** |
| 750 | 6:17-18 | NSC | The redacted text refers to the content of the representations and warranties and indemnification provisions in The Big Ten's broadcast media agreements. | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
| 751 | p. 9:8-10 | NSC | The Big Ten is not requesting that this information be maintained under seal. | The Big Ten is not requesting that this information be maintained under seal. |

| **Berman Decl. In Further Support of Pls.' Mot. for Class Certification, ECF No. 289-1** | | | | |
| --- | --- | --- | --- | --- |
| **Mot. to Seal Ex. 1 Entry Number** | **Page/Line** | **Confidentiality Level** | **Description** | **Reason for Sealing** |
| 757 | Ex. 58, p. 49:1-21 | NSC | The redacted text describes a provision of The Big Ten media agreements, specifically from the representations and warranties section, revealing the | Reveals the substance of terms in The Big Ten's broadcast agreements, which are highly negotiated, confidential, and competitively sensitive. |

39

| | | | substance of the confidential terms of those agreements. | Disclosure of these provisions would harm The Big Ten's ability to negotiate or renegotiate its current or future broadcast agreements. |
|---|---|---|---|---|

ATTACHMENT A TO DECL. OF KERRY KENNY
IN SUPPORT OF JOINT OMNIBUS MOTION TO SEAL CASE NO. 4:20-cv-03919-CW