# Exhibit 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF ROB LICHTEN IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |
|---|---|

I, Rob Lichten, declare as follows:

I am the Senior Associate Athletic Director for Business and the Chief Financial Officer of the Athletics Department at Northwestern University ("Northwestern"). Northwestern is a member of The Big Ten Conference, which is a defendant in this action. I make this Declaration based on my personal knowledge and investigation, and if called as a witness to testify, I could and would testify competently to the following facts.

1. This Declaration is being made in support of the Joint Administration Omnibus Motion to Seal ("Motion"), and pursuant to Civil Local Rules 7-11 and 79-5.

2. Northwestern moves to maintain the confidentiality of certain portions of documents filed under seal by the Parties that reflect Northwestern's highly sensitive, non-public, current financial information.

3. Specifically, Northwestern requests that certain portions of the Kilaru Declaration, Ex. 1 (Expert Report of Catherine Tucker), as described below and as identified in the Proposed Order Regarding Joint Administrative Omnibus Motion to Seal ("Proposed Order") as entry numbers 530-33 and 535, be maintained under seal.

4. A party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(b). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & County of Honolulu*, 447 F. 3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

5. Northwestern can demonstrate that compelling reasons exist to maintain the following narrowly tailored redactions under seal.

**CONFIDENTIAL INSTITUTIONAL FINANCIAL INFORMATION**

6. The Expert Report of Catherine Tucker contains information which reflects confidential financial information regarding Northwestern's revenue sources, which is information that is not available to the public, other conferences, or NCAA member institutions at a conference- or school-specific level.

7. Northwestern would be harmed by the disclosure of such financial information, as it would reveal non-public information regarding Northwestern's financial decisions to other NCAA members and other competitors. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

8. Therefore, Northwestern supports the Parties' Motion to redact those portions of the Expert Report of Catherine Tucker which contain Northwestern's confidential financial information, as identified below and in the Proposed Order:

| Document | Entry Number | Text to be Sealed |
|---|---|---|
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker [ECF No. 251-1] | 530 | p. 244 ¶ 290 |
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker [ECF No. 251-1] | 531 | p. 244 n.669 |
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker [ECF No. 251-1] | 532 | p. 245 (Table 17) |
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker [ECF No. 251-1] | 533 | p. 245 n.670 |
| Kilaru Decl. Ex. 1, Expert Report of Catherine Tucker [ECF No. 251-1] | 535 | p. 246 ¶ 291 |

9. For the foregoing reasons, Northwestern respectfully submits that compelling reasons exist to seal the information as identified above and in the Proposed Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 27, 2023, in Evanston, Illinois.

_____
Rob Lichten