# Exhibit 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW <br><br> **DECLARATION OF RYAN SQUIRE IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |
|---|---|

1  I, Ryan Squire, declare as follows:

2  I am the Executive Senior Associate Athletic Director/Chief Integrity Officer at the University of Illinois Urbana-Champaign ("the University of Illinois").  The University of Illinois is a member of The Big Ten Conference, which is a defendant in this action.  I make this Declaration based on my personal knowledge and investigation, and if called as a witness to testify, I could and would testify competently to the following facts.

    1.  This Declaration is being made in support of the Joint Administration Omnibus Motion to Seal ("Motion"), and pursuant to Civil Local Rules 7-11 and 79-5.

    2.  The University of Illinois moves to maintain the confidentiality of certain portions of the Expert Report of Catherine Tucker (Doc. 251-1) filed under seal by the Parties that reflect the University of Illinois' highly sensitive, non-public, current financial information.

    3.  Specifically, the University of Illinois requests that certain portions of the Report, as described below and as identified in the Proposed Order Regarding Joint Administrative Omnibus Motion to Seal ("Proposed Order") as entry numbers 371, 373, and 378, be maintained under seal.

    4.  A party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(b).  In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed.  *Kamakana v. City & County of Honolulu*, 447 F. 3d 1172, 1178-79 (9th Cir. 2006).  Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record.  *Id.* at 1183.

    5.  The University of Illinois can demonstrate that compelling reasons exist to maintain the following narrowly tailored redactions under seal.

**CONFIDENTIAL INSTITUTIONAL FINANCIAL INFORMATION**

    6.  The Report contains information which reflects the details of financial aid provided by the University of Illinois to its student athletes as well as the specific manner in which the University of Illinois awards such aid.  The University of Illinois would be harmed by the disclosure of such financial aid distributions, as it would reveal non-public information regarding

1  the University of Illinois' financial decisions to other NCAA members and other competitors. *See*
2  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

3      7.    Therefore, the University of Illinois supports the Parties' Motion to redact those
4  portions of the Report which contain the University of Illinois' confidential financial information,
5  as identified below and in the Proposed Order:

| Document | Entry Number | Text to be Sealed |
|---|---|---|
| Expert Report of Catherine Tucker [ECF No. 251-1] | 371 | p. 115, Figure 7 |
| Expert Report of Catherine Tucker [ECF No. 251-1] | 373 | p. 116, Figure 8 |
| Expert Report of Catherine Tucker [ECF No. 251-1] | 378 | p. 118 Figure 9 |

    8.    For the foregoing reasons, the University of Illinois respectfully submits that compelling reasons exist to seal the information as identified above and in the Proposed Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2023, in Champaign, Illinois.

*[Signature: Ryan Squire]*

Ryan Squire