# EXHIBIT 6

1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF MATTHEW POTTORFF IN SUPPORT OF JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL** |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Matthew Pottorff, declare as follows:

I am the Deputy Athletic Director for Risk Management and Chief Compliance Officer at Rutgers, the State University of New Jersey ("Rutgers"). Rutgers is a member of The Big Ten Conference, which is a defendant in this action. I make this Declaration based on my personal knowledge and investigation, and if called as a witness to testify, I could and would testify competently to the following facts.

1. This Declaration is being made in support of the Joint Administration Omnibus Motion to Seal ("Motion"), and pursuant to Civil Local Rules 7-11 and 79-5.

2. Rutgers moves to maintain the confidentiality of certain portions of documents filed under seal by the Parties (as defined in the Motion) that reflect Rutgers' highly sensitive, non-public, current financial information and/or contain or reflect confidential personal information of individual student-athletes.

3. Specifically, Rutgers requests that certain portions of the Expert Report of Catherine Tucker, Ph.D. (ECF No. 251-1, "Tucker Report") as described below and as identified in the Proposed Order Regarding Joint Administrative Omnibus Motion to Seal ("Proposed Order") as entry number 394, be maintained under seal.

4. Rutgers further requests that any portions of documents filed by the Parties that contain or reflect documents that Rutgers has produced to date in connection with the above-captioned action remain under seal, as the documents Rutgers has produced reflect confidential student information and NCAA Member Squad List Data (as defined below).

5. A party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(b). In connection with a dispositive motion, a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & County of Honolulu*, 447 F. 3d 1172, 1178-79 (9th Cir. 2006). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Id.* at 1183.

6. Rutgers can demonstrate that compelling reasons exist to maintain the following narrowly tailored redactions under seal.

**CONFIDENTIAL INSTITUTIONAL FINANCIAL INFORMATION**

7. The Tucker Report contains information which reflects confidential financial information regarding Rutgers' revenue sources, which is information that is not available to the public, other conferences, or NCAA member institutions at a conference- or school-specific level.

8. Rutgers would be harmed by the disclosure of such financial information, as it would reveal non-public information regarding Rutgers' financial decisions to other NCAA members and other competitors. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

9. Therefore, Rutgers supports the Parties' Motion to redact those portions of the Tucker Report which contain Rutgers' confidential financial information, as identified below and in the Proposed Order:

| Document | Entry Number | Text to be Sealed |
|---|---|---|
| Expert Report of Catherine Tucker, ECF No. 251-1 | 394 | p. 136 ¶ 151 |

10. For the foregoing reasons, Rutgers respectfully submits that compelling reasons exist to seal the information as identified above and in the Proposed Order.

**CONFIDENTIAL STUDENT INFORMATION**

11. Rutgers is required to keep confidential student personal information, and such information may not be disclosed to the public without first obtaining a release from the student or parent, as FERPA (Family Educational Rights and Privacy Act, 20 U.S.C. 1232g) requires. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001) ("[T]he district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate.").

12. Therefore, Rutgers supports the Parties' Motion to redact any portions of the Parties' filings which contain the personal information of individual Rutgers student-athletes.

13. The limited redactions proposed above are narrowly tailored, and seek to seal only individual Rutgers student-athletes' confidential information, the public disclosure of which would harm such third-party individuals. Disclosing these redacted portions publicly is also unnecessary in this litigation, as these student-athletes' specific identities are irrelevant to Plaintiffs' arguments in support of class certification.

**CONFIDENTIAL NCAA MEMBER INFORMATION**

14. The NCAA's member institutions submit certain information to the NCAA ("NCAA Member Squad List Data"), which contains information regarding the member institutions' financial aid distributions to student-athletes. The NCAA Member Squad List Data reflects confidential information concerning the member institutions' finances and financial decisions. This data is submitted under express guarantees of confidentiality and is not released to either the public or other NCAA members on a conference-specific or school-specific basis. The NCAA's member institutions provide the NCAA Member Squad List Data to the NCAA in reliance on the NCAA's guarantee of confidentiality. The NCAA produced the NCAA Member Squad List Data in *In re NCAA Athletic Grant-in-Aid Cap Antitrust Litigation* (Case Nos. 4:14-md-2541-CW, 4:14-cv-2758-CW) ("*Alston*") pursuant to an agreement with Plaintiffs in that case to treat such data under the Protective Order as "Counsel Only."

15. Rutgers would be harmed by revealing their highly confidential, non-public financial information to other NCAA members and other competitors. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

16. Therefore, Rutgers supports the Parties' Motion to redact any portions of the Parties' filings which contain Rutgers' highly sensitive NCAA Member Squad List Data.

17. The limited redactions proposed above are narrowly tailored, and seek to seal only highly sensitive and confidential information, the public disclosure of which would harm Rutgers. Disclosing these redacted portions would publicly harm Rutgers by revealing their highly confidential, current financial data to other NCAA members and other competitors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 29, 2023, in New Brunswick, New Jersey.

DocuSigned by:

*Matthew Pottorff*

48490C80300F4AB...

Matthew Pottorff