William E. Thro
General Counsel
Office of Legal Counsel
University of Kentucky
301 Main Building
410 Administration Drive
Lexington, Kentucky 40506-0032
(859) 257-2936

*Attorney for University of Kentucky*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF UNIVERSITY OF KENTUCKY IN SUPPORT OF THE PARTIES' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER MATERIAL SHOULD BE SEALED** |

I, William E. Thro, declare that the following is true:

1. I am the General Counsel of the University of Kentucky. The University of Kentucky is a member of the Southeastern Conference, which is a defendant in this action. I make this declaration of my own personal knowledge and, if called on to do so, could testify competently to the facts stated herein under oath.

2. I am informed that the Defendants in this matter are seeking to file under seal limited portions of a document that references highly confidential and competitively sensitive information belonging to the University of Kentucky. Specifically, on September 25, 2023, the Defendants in this matter filed a Supplemental Motion for Leave to Submit Additional Authority in Support of Defendants' Opposition to Class Certification (ECF No. 332) (the "Motion"), as well as an accompanying Administrative Motion to Consider Whether Plaintiffs'

Material Should Be Sealed in Support of Defendants' Supplemental Motion for Leave to Submit Additional Authority in Support of Defendants' Opposition to Class Certification (ECF No. 333) (the "Defendants' Administrative Motion"). The University of Kentucky was served with a copy of the Motion and was informed of the procedures set forth in Civil Local Rule 79-5.

3. I have also been informed that the Plaintiffs in this matter filed a Response to Defendants' Supplemental Motion for Leave to Submit Additional Authority in Support of Opposition to Class Certification (ECF No. 335) (the "Response"), as well as an accompanying Administrative Motion to File Under Seal Portions of Plaintiffs' Response to Defendants' Supplemental Motion for Leave to Submit Additional Authority in Support of Defendants' Opposition to Class Certification (ECF No. 336) (the "Plaintiffs' Administrative Motion"). Counsel for the Southeastern Conference provided me with a copy of the Response and Plaintiffs' Administrative Motion. I understand that the Response makes reference to and the Plaintiffs' Administrative Motion seeks to seal the same highly confidential and competitively sensitive information belonging to the University of Kentucky that is referenced in the Motion.

4. I make this declaration in support of the sealing of certain confidential information produced by the University of Kentucky pursuant to Local Rule 79-5(c) and (f)(3) of the U.S. District Court for the Northern District of California and included in both the Motion and the Response.

5. On September 22, 2021, Plaintiffs in this action served the University of Kentucky with a subpoena seeking, in part, data and documents reflecting the terms of agreements that student-athletes at the University of Kentucky have entered with third parties related to the commercial use of their name, image, or likeness ("NIL") or commercial activity related to their NIL, including the financial terms of those agreements.

6. On March 28, 2022, the University of Kentucky complied with the subpoena by producing documents that contained the terms, including financial terms, of NIL agreements for individual student-athletes. These documents were produced to Plaintiffs with the understanding that they would be kept confidential pursuant to the Stipulation and Protective Order entered in this action. The University of Kentucky marked these documents as Highly Confidential – Counsel Only.

7. I understand that a party seeking to file a document under seal must "establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c). In connection with class certification motions, I understand that a designating party must demonstrate that "compelling reasons" exist to protect the information from being disclosed. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-cv-05286-PJH, 2021 WL 3771785, at *21 (N.D. Cal. Aug. 24, 2021). Redactions, instead of complete removal, can be used to place "limited and clear" portions of information outside the public record. *Kamakana*, 447 F.3d at 1183.

8. The University of Kentucky requests that the following portions of the Defendants' Motion and the Plaintiffs' Response containing the University of Kentucky's confidential information be maintained and filed under seal and can demonstrate that compelling reasons exist to maintain these narrowly tailored redactions under seal:

| | Citation | Compelling Reason(s) for Sealing |
|---|---|---|
| 1. | ECF No. 332, Defendants' Supplemental Motion for Leave to Submit Additional Authority in Support of Defendants' Opposition to Class Certification, p. 3:6 and 3:8 | To protect highly confidential and competitively sensitive information pertaining to the financial value of confidential NIL agreements reported to the University of Kentucky by an individual student-athlete. |

|   | Citation | Compelling Reason(s) for Sealing |
|---|---|---|
| 2. | ECF No. 335, Plaintiffs' Response to Defendants' Supplemental Motion for Leave to Submit Additional Authority in Support of Defendants' Opposition to Class Certification, p. 3:18 and 3:20 | To protect highly confidential and competitively sensitive information pertaining to the financial value of confidential NIL agreements reported to the University of Kentucky by an individual student-athlete. |

9.  The University of Kentucky maintains the terms of the NIL agreements referenced above and reported to the University by its student-athletes as confidential. Not all employees of the University of Kentucky are permitted to access these documents or the agreement terms that they contain. The University of Kentucky also demands that recipients of those agreements or their terms treat the documents and information as confidential. Additionally, many of the agreements contain explicit confidentiality provisions prohibiting or limiting their public disclosure.

10. The Northern District of California has concluded that "compelling reasons" exist to seal confidential "license agreements, financial terms, [and] details of confidential licensing negotiations[.]" *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, at *1 (N.D. Cal. Mar. 11, 2020) (citation and internal quotation marks omitted). For the same reasons, the agreements summarized above should remain sealed.

11. The document from which the information summarized above is derived also contains and reflects confidential personal information belonging to the University of Kentucky's student-athletes. Under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, the University of Kentucky is required to keep confidential personal information belonging to its students, and, subject to narrow exceptions, may not disclose such information to the public. Federal courts have concluded that FERPA obligations should be considered when determining whether to seal information in court filings. *See Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001). Courts in this district have sealed

information that is subject to FERPA's privacy protections. *See, e.g., Abdulhadi v. Wong*, No. 18-cv-04662, 2022 WL 842588, at *11 (N.D. Cal. Mar. 4, 2022).

12. The limited redactions proposed above and in the Motion and Response are narrowly tailored and seek to seal only confidential information concerning individual University of Kentucky student-athletes and the financial value of their reported NIL transactions. The public disclosure of this information would harm the University of Kentucky and its student-athletes, including by potentially prejudicing the student-athlete at issue in negotiations or renegotiations concerning the financial terms or value of his NIL deals.

13. For the foregoing reasons, the University of Kentucky respectfully submits that compelling reasons exist to seal the information identified above and in the Proposed Orders submitted with the Defendants' and Plaintiffs' Administrative Motions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2023.

By: /s/ William E. Thro
William E. Thro
General Counsel
University of Kentucky