# EXHIBIT A

```
                                              Pages 1 - 74

              UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Claudia Wilken, Judge


IN RE COLLEGE ATHLETE NIL     )
LITIGATION                    )   NO. 4:20-CV-03919 CW
                              )
_____)

                              Oakland, California
                              Thursday, September 21, 2023
```

**TRANSCRIPT OF REMOTE ZOOM VIDEO CONFERENCE PROCEEDINGS**

**APPEARANCES VIA ZOOM**:

For Plaintiffs:
           HAGENS BERMAN SOBOL SHAPIRO LLP
           1301 Second Avenue, Suite 2000
           Seattle, Washington 98101
   BY:  **STEVE W. BERMAN, ATTORNEY AT LAW**

           HAGENS BERMAN SOBOL SHAPIRO LLP
           715 Hearst Avenue, Suite 202
           Berkeley, California 94710
   BY:  **BENJAMIN J. SIEGEL, ATTORNEY AT LAW**

           WINSTON & STRAWN LLP
           200 Park Avenue
           New York, New York 10166
   BY:  **JEFFREY L. KESSLER, ATTORNEY AT LAW**
        **DAVID L. GREENSPAN, ATTORNEY AT LAW**


**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


REPORTED REMOTELY BY: Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
                    CSR No. 7445, Official U.S. Reporter

**APPEARANCES VIA ZOOM**:   (CONTINUED)

For Plaintiffs:
    WINSTON & STRAWN LLP
    101 California Street, Suite 3900
    San Francisco, California 94111
    BY:   **JEANIFER E. PARSIGIAN, ATTORNEY AT LAW**
         **DREW H. WASHINGTON, ATTORNEY AT LAW**

For Defendant National Collegiate Athletic Association:
    WILKINSON STEKLOFF
    2001 M Street, NW
    Washington, D.C. 20036
    BY:   **RAKESH KILARU, ATTORNEY AT LAW**

For Defendant Pac-12 Conference:
    COOLEY LLP
    101 California Street, Fifth Floor
    San Francisco, California 94111
    BY:   **WHITTY SOMVICHIAN, ATTORNEY AT LAW**

For Defendant The Big Ten Conference, Inc.:
    MAYER BROWN LLP
    71 South Wacker Drive
    Chicago, Illinois 60606-4637
    BY:   **BRITT M. MILLER, ATTORNEY AT LAW**

For Defendant The Big Twelve Conference, Inc.:
    SIDLEY AUSTIN LLP
    2021 McKinney Avenue, Suite 2000
    Dallas, Texas 75201
    BY:   **NATALI WYSON, ATTORNEY AT LAW**

For Defendant Southeastern Conference:
    ROBINSON, BRADSHAW & HINSON, P.A.
    101 North Tryon Street, Suite 1900
    Charlotte, North Carolina 28246
    BY:   **ROBERT W. FULLER, ATTORNEY AT LAW**

For Defendant Atlantic Coast Conference:
    LATHAM & WATKINS LLP
    505 Montgomery Street, Suite 2000
    San Francisco, California 94111
    BY:   **CHRISTOPHER S. YATES, ATTORNEY AT LAW**

1  case management conference.
2         So why don't we start with the, sort of, housekeeping
3  matters.  We have a request by defendants to add to the record
4  or do something with additional pages from the additional
5  deposition that was taken of the plaintiffs' expert
6  Dr. Rascher.
7         And I can't remember now whether we have a response.
8  Yeah, I guess we have a response.
9         I guess what I would consider doing or would throw out
10 there is letting the defendants file a five-page brief on
11 Monday morning, explaining what it is they think the
12 supplemental deposition does to help them with their class cert
13 motion, and have the plaintiffs respond to that with their
14 five pages two days after that.
15         How does that sound?
16         **MR. KILARU:**  Your Honor, we're not --
17         **THE COURT:**  Hearing no objection, I'll assume everyone
18 thinks it's a great idea.
19         And we'll move on to the matter raised by plaintiffs
20 which is a claim that defendants have suddenly disclosed a lot
21 of people and things that hadn't been disclosed before or in a
22 timely fashion, and plaintiffs think that those people or
23 things should be -- should not be admitted because of the late
24 disclosure.
25         I haven't seen, I don't think, any response on that.

1  There was some hope that perhaps some sort of meet and confer
2  could be done to resolve that.  I don't want to argue it now
3  because I don't know what the facts are.
4          But if someone could give me a brief, one- or
5  two-sentence description of the state of the problem, then I
6  can maybe think of something to do about that also.
7          **MR. KILARU:**  Sure, Your Honor.  I'm happy --
8          **THE COURT:**  Mr. Kilaru, maybe you'd like to tell us
9  what's up with that.
10         **MR. KILARU:**  Yes, I'm happy to, Your Honor.
11         The close of discovery isn't for, I believe, a month.
12 As we're continuing to prepare the defense of the case, we have
13 some additional witnesses that we believe have information that
14 bears on the case.  We wanted to disclose these witnesses
15 during discovery as opposed to after discovery.  There was a
16 little bit of a skirmish about that in the last case, and we
17 think it's proper for us to do so within discovery.
18         And we're happy to take depositions out of time of
19 these individuals and work with plaintiffs, as we've done on a
20 number of other occasions, including party witnesses, to do so.
21         **THE COURT:**  Have you made a complete list of all such
22 things and why you need them and why you didn't tell us about
23 them earlier?
24         **MR. KILARU:**  We're in the process of doing that,
25 Your Honor.  I believe two conferences have filed theirs.  The

1  rest will file ours -- NCAA will file ours promptly.  It just
2  relates to our continued investigation of the claims and the
3  continued evolution of the claims as we hear about the theories
4  plaintiffs are developing, including through their reply
5  briefs.
6           **THE COURT:**  Okay.  Well, I guess maybe what we could
7  do, then, is have you also on Monday morning, maybe not file
8  but submit to plaintiffs your proposal as to the new people
9  that you want to now disclose and why you want them and why you
10 didn't tell them earlier, and then have a meet and confer and
11 see if you can agree on any of them.
12          And if you can't, then I guess we'll have to have some
13 sort of brief motion practice, which I'd probably refer to
14 Judge Cousins, and in which I would ask Judge Cousins to
15 consider the reason for late disclosures and compare it with
16 the importance to the interests of justice of allowing the
17 witnesses and making decisions based on that sort of
18 calculation.
19          So how does that sound?
20          **MR. KILARU:**  Your Honor, we're happy to do that.
21          The only thing I would note is that, at least just
22 from our perspective, these aren't late disclosures.  Discovery
23 is still open and the plaintiffs are still serving subpoenas
24 and we're serving subpoenas.  The discovery period doesn't
25 close for a month.  So this isn't a situation where fact

1  discovery is closed and we're coming in afterwards and trying
2  to expand the record.  The record is still being developed.
3        **THE COURT:**  Right.  And I don't know who these people
4  are or what, but there are certain things that are subject to
5  initial disclosures and certain things that are subject
6  probably to answers to interrogatories and that sort of thing.
7  And it may -- I'm just guessing here, based on prior
8  experience, that there might be some argument that these people
9  should have been disclosed earlier in some other format.
10       So if there isn't, then great, we don't have a
11 problem; but if there is, then we will be balancing the
12 importance of the testimony against the reasons for the
13 disclosure at the time that it was disclosed.
14       Does this sound all right to the plaintiffs?
15       **MS. PARSIGIAN:**  Yes, Your Honor.  We will accept
16 whatever they submit to us on Monday and meet and confer and
17 then get back to the Court if there is a continuing issue.
18       **THE COURT:**  Okay.  Now, these things aren't going to
19 impact my preparation of the class cert order, which I don't
20 want to delay, but -- so I don't feel the need to set an
21 aggressive schedule for resolving that.  I'll just trust you
22 all to resolve it as quickly as you can.  And to the extent
23 more discovery is required, keep in mind that I don't want it
24 to interfere with the continued progress of the case or with
25 the trial.