UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 20-cv-03919 CW (NC) <br><br> **ORDER RESOLVING DISCOVERY DISPUTE ABOUT DEFENDANTS' SUPPLEMENTAL INITIAL DISCLOSURES** <br><br> Re: ECF 372-2 |

The parties jointly present a discovery dispute about defendants' supplemental initial disclosures under Federal Rules of Civil Procedure 26(a)(1) and 26(e)(1). ECF 372-2. The presiding judge, District Judge Claudia Wilken, referred the dispute to me for decision. ECF 373. Because time is of the essence (the fact discovery deadline is October 27, 2023, and expert disclosures and discovery start soon after) and sufficient information is provided, I resolve the dispute in this order without need for a hearing.

A party is required in its initial disclosures to provide to the other parties the name and other information of individuals "likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). The disclosure is based on information "reasonably available" to a party. Fed. R. Civ. P. 26(a)(1)(E). Of course, in life and litigation, parties often learn new things and identify new witnesses as time goes by. Rule 26(e) provides a rule for supplementing the initial disclosures. A party must supplement or correct its response "in a ***timely manner*** if the party learns that in some material respect the disclosure or response

is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known . . ." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added).

The remedy for a failure to disclose or supplement is set forth in Fed. R. Civ. P. 37(c). If a party fails to provide information or identify a witness, then the party is not allowed to use that information or witness to supply evidence, unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court may also award payment of expenses including attorney's fees; inform the jury; and impose other sanctions listed in Rule 37(b)(2)(A)(i)-(vi).

In the joint discovery brief, Plaintiffs challenge the Defendants' supplemental disclosure of 37 witnesses in the home stretch before fact discovery ends on October 27, 2023. ECF 372-2. In football terms, Defendants are flooding the zone with so much new information at the last minute that Plaintiffs cannot fairly cover and process the information before needing to use it for expert disclosures, pretrial motions, and trial. It is not that the Defendants have failed to disclose the witnesses. They have disclosed them, but there are so many and it is so late in the litigation game that the Plaintiffs will be prejudiced if the Defendants are allowed to use all this evidence. Plaintiffs ask the Court to exclude most of these newly-disclosed witnesses under Rules 26 and 37. Defendants, on the other hand, contend that the witnesses were timely disclosed and that there is enough time for Plaintiffs to depose and oppose these witnesses and their information.

The brief categorizes the 37 newly-disclosed witnesses into four groups. This order will use the same organizational structure. ECF 372-2

- ***Unopposed Witnesses (3)***. Plaintiffs do not seek to exclude three conference witnesses as long as they are given an extension of time to depose them until trial: Jim Phillips (ACC); George Kliavkoff (Pac-12/2); Kerry Kenny (Big 10). These witnesses will be permitted. Any depositions of these witnesses must be completed by November 30, 2023.
- ***April 2023 Declarants (10).*** The ten witnesses first disclosed through their April 2023 declarations will be permitted. Any depositions of these witnesses must be

2

completed by November 30, 2023.

- ***Categorical Disclosures (12).*** I find that the Defendants' initial "categorical disclosures" were so vague as to be meaningless. For example, the Big 12 initially disclosed "current and former employees of Big 12 member institutions," and specifically identified "presidents, coaches, administrators, and athletic directors." ECF 372-2 at p. 5. Now Defendants would like to supplement with specifically identified persons within these broad categories. This evades the purpose of "initial" disclosures and in the aggregate is not a timely supplementation. On the other hand, if there were only a few new witnesses then the prejudice would be mitigated. I will allow Defendants to disclose to Plaintiffs by October 13, 2023, four witnesses from among this group of twelve. The other eight witnesses will be excluded under Rule 37 as not timely disclosed. Any depositions of these witnesses must be completed by November 30, 2023.

- ***Newly Relevant (12).*** Finally, Defendants newly identify twelve more witnesses that they say have become "newly relevant." For example, they say six of the witnesses submitted comments around April 2023 to the California legislature opposing a bill that would require revenue-sharing with student athletes. As with the "categorical disclosures" analysis, the problem is both the number (many) and timing (near the end of discovery) of these new witnesses. I will allow Defendants to disclose to Plaintiffs by October 13, 2023, four witnesses from among this group of twelve. The other eight witnesses will be excluded under Rule 37 as not timely disclosed. Any depositions of these witnesses must be completed by November 30, 2023.

In summary, I am permitting 21 and excluding 16 of the newly disclosed witnesses as not timely disclosed. The Defendants must report to the Plaintiffs by October 13 which of the witnesses in the "categorical disclosures" and "newly relevant" categories they will use. Any depositions of the permitted witnesses must be completed by November 30, 2023. I expect the attorneys to cooperate on scheduling. No fees or costs or other remedies are awarded.

3

**IT IS SO ORDERED.**

Dated:  October 7, 2023

_____
NATHANAEL M. COUSINS
United States Magistrate Judge