KEKER, VAN NEST & PETERS LLP
R. JAMES SLAUGHTER - # 192813
rslaughter@keker.com
LUKE APFELD - # 327029
lapfeld@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Non-Party Electronic Arts, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN RE COLLEGE ATHLETE NIL LITIGATION, | Case No. 4:20-cv-03919-CW <br><br> **NON-PARTY ELECTRONIC ARTS INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' AND DEFENDANTS' JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL [ECF NO. 318]** <br><br> Judge:     Hon. Claudia Wilken |
|---|---|

NON-PARTY ELECTRONIC ARTS INC.'S  STATEMENT IN SUPPORT OF PLAINTIFFS' AND
DEFENDANTS' JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL [ECF NO. 318]
Case No. 4:20-cv-03919-CW

2375632

## I.   INTRODUCTION

Non-Party Electronic Arts Inc. ("EA") produced highly confidential business information in response to subpoenas served by Plaintiffs and Defendants (the "Parties") in the above-captioned action, dated January 5, 2022 and January 11, 2023, respectively. EA designated portions of its productions "Highly Confidential – Counsel Only" pursuant to the operative Protective Order in this case because the material produced included EA's highly confidential business information. *See* ECF No. 135. The Parties describe, cite, or include EA's highly confidential business material in their respective class certification submissions, including Plaintiffs' Class Certification Motion (ECF No. 208), the Berman Declaration ISO Class Certification (ECF No. 208-1), Defendants' Opposition to Class Certification (ECF No. 249), Plaintiffs' Reply ISO Class Certification (ECF No. 289), the expert reports of Daniel Rascher (ECF No. 290-2), Edwin Dresser (ECF No. 290-3), Catherine Tucker (ECF No. 251-1), Bob Thompson (ECF No. 251-2), Barbara Osborne (ECF No. 251-3), and in various other declaration exhibits (ECF Nos. 251-7, ECF Nos. 251-11 through 22).

On September 15, 2023, the Parties filed a Joint Administrative Omnibus Motion to Seal. ECF No. 318. Pursuant to Court Orders (*see* ECF Nos. 207, 227), Defendants provided notice to EA that its highly confidential business information is contained within the Parties' class certification briefing, expert reports, supporting documents, and related briefing. Defendants also provided EA with a chart identifying all EA-related excerpts and documents from the Parties' respective submissions in an unredacted and summarized form.

EA has carefully reviewed the excerpts identified by the Parties that contain its highly confidential business information. As set forth in Civil Local Rule 79-5(f)(3), EA submits this statement and the accompanying declaration of Betsy Contro in support of the Parties' Joint

1
NON-PARTY ELECTRONIC ARTS INC.'S  STATEMENT IN SUPPORT OF PLAINTIFFS' AND DEFENDANTS' JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL [ECF NO. 318]
Case No. 4:20-cv-03919-CW

2375632

Administrative Omnibus Motion to Seal.[1] EA respectfully requests that the Court maintain under seal EA's confidential business information as identified in **Exhibit A**, attached to the declaration of Betsy Contro. Maintaining this information under seal is critical to protecting EA's legitimate confidentiality interests and competitive standing.

## II.     THERE ARE COMPELLING REASONS TO SEAL EA'S HIGHLY CONFIDENTIAL BUSINESS INFORMATION

While courts recognize "a general right to inspect and copy public records and documents," that right is "not absolute." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). For instance, a showing of "compelling reasons" by a party or non-party may overcome the court's presumption in favor of public access to judicial records. *See Adtrader, Inc. v. Google LLC*, 17-cv-07082-BLF, 2020 WL 6391210, at *1 (N.D. Cal. Mar. 24, 2020). In other words, a party seeking to seal records must articulate "compelling reasons supported by factual findings" and demonstrate that those reasons "outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Courts typically apply the "compelling reasons" standard when evaluating motions to seal materials at the class-certification stage. *Day v. GEICO Casualty Co.*, 2022 WL 6584451, at *1 (N.D. Cal. Sept. 28, 2022). "[T]he [compelling reasons] standard is more lenient when the information concerns third parties." *See Epic Games, Inc. v. Apple Inc*., 2021 WL 1925460, at *1 (N.D. Cal. April 30, 2021)

Utilizing the "compelling reasons" standard, Courts are granted broad discretion to prevent disclosure of "many types of information, including but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002). Additionally, when publicly

---

[1] Due to EA's counsel's preexisting travel plans, on September 5, 2023, the Parties and EA filed a Stipulation and [Proposed] Order to Extend Non-Party Electronic Arts Inc.'s Time to File a Declaration in Support of Sealing. ECF No. 313. EA also submitted the Declaration of R. James Slaughter in Support of Stipulation to Extend Non-Party Electronic Arts Inc.'s Time to File a Declaration in Support of Sealing. ECF No. 313-1. On September 6, 2023, the Court granted the Parties' stipulation extending EA's deadline to file a declaration or statement in support of sealing to October 13, 2023. ECF No. 315.

filing material or "business information that might harm a litigant's competitive standing," a "compelling reason" to seal exists. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Such business information could include "marketing strategies [and] product development plans," disclosure of which could allow a competitor to "circumvent the time and resources necessary in developing their own practices and strategies." *Adtrader, Inc.*, 2020 WL 6391210, at *1. Moreover, courts have found that confidential financial information such as "license agreements, financial terms, details of confidential licensing negotiations, and business strategies," *In re Qualcomm Antitrust Litigation*, 2022 WL 4137580, at *2 (N.D. Cal. Aug. 26, 2022), along with "licensing terms, royalties paid or owed under license agreements," and other pricing terms, *In re Qualcomm Litigation*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017), and information revealing "sales growth and decline," *Murphy v. Kavo Am. Corp.*, No. 4:11-CV-0410-YGR, 2012 WL 1497489, at *2 (N.D. Cal. Apr. 27, 2012), warrant sealing under the "compelling reasons" standard. *See In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

### III.  THE COMPELLING REASONS TO SEAL OUTWEIGH ANY PUBLC INTEREST IN THE SEALED MATERIAL

The highly confidential business material and information EA seeks to seal is limited to three categories: (1) contract negotiations, licensing, and terms of EA agreements; (2) EA's competitive financial information; and (3) internal assessments, projections, and development discussions regarding an unreleased EA College Football video game. EA's request to maintain this information under seal represents a good-faith effort to only seal business material that is confidential, commercially sensitive, competitively sensitive, and that cannot be protected from public disclosure through less restrictive means. The prejudice EA could face if the above-referenced highly confidential business material and information were publicly disclosed outweighs any public interest in the public disclosure of such business material. This is especially true as EA, a non-party, "did not voluntarily put" its business material and information "at issue in this litigation." *United States v. Bazaarvoice, Inc.*, 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014). Courts typically afford greater deference to third parties attempting

3

NON-PARTY ELECTRONIC ARTS INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' AND DEFENDANTS' JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL [ECF NO. 318]
Case No. 4:20-cv-03919-CW

2375632

to keep documents under seal so as to avoid "chill[ing] investigations in the future where third party documents are essential. *Id*.

## IV. CONCLUSION

For the aforementioned reasons, EA respectfully requests that the Court grant the Joint Administrative Omnibus Motion to Seal (ECF No. 318) as it pertains to EA's highly confidential business information, as identified in the chart attached as **Exhibit A** to the accompanying declaration of Betsy Contro.

Dated: October 13, 2023                          KEKER, VAN NEST & PETERS LLP

                                                 By: /s/ *R. James Slaughter*
                                                     R. JAMES SLAUGHTER
                                                     LUKE APFELD

                                                     Attorneys for Non-Party Electronic Arts, Inc.

4

NON-PARTY ELECTRONIC ARTS INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' AND DEFENDANTS' JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL [ECF NO. 318]
Case No. 4:20-cv-03919-CW

2375632