| | |
|---|---|
| Jeffrey L. Kessler (*pro hac vice*) <br> David G. Feher (*pro hac vice*) <br> David L. Greenspan (*pro hac vice*) <br> Adam I. Dale (*pro hac vice*) <br> Sarah L. Viebrock (*pro hac vice*) <br> Neha Vyas (*pro hac vice*) <br> WINSTON & STRAWN LLP <br> 200 Park Avenue <br> New York, NY 10166-4193 <br> Telephone: (212) 294-4698 <br> Facsimile: (212) 294-4700 <br> jkessler@winston.com <br> dfeher@winston.com <br> dgreenspan@winston.com <br> aidale@winston.com <br> sviebrock@winston.com <br> nvyas@winston.com <br><br> Jeanifer E. Parsigian (SBN 289001) <br> WINSTON & STRAWN LLP <br> 101 California Street, 34th Floor <br> San Francisco, CA 94111 <br> Telephone: (415) 591-1000 <br> Facsimile: (415) 591-1400 <br> jparsigian@winston.com <br><br> *Counsel for Plaintiffs and the Proposed Classes* | Steve W. Berman (*pro hac vice*) <br> Emilee N. Sisco (*pro hac vice*) <br> Stephanie Verdoia (*pro hac vice*) <br> HAGENS BERMAN SOBOL SHAPIRO LLP <br> 1301 Second Avenue, Suite 2000 <br> Seattle, WA 98101 <br> Telephone: (206) 623-7292 <br> Facsimile: (206) 623-0594 <br> steve@hbsslaw.com <br> emilees@hbsslaw.com <br> stephaniev@hbsslaw.com <br><br> Benjamin J. Siegel (SBN 256260) <br> HAGENS BERMAN SOBOL SHAPIRO LLP <br> 715 Hearst Avenue, Suite 202 <br> Berkeley, CA 94710 <br> Telephone: (510) 725-3000 <br> Facsimile: (510) 725-3001 <br> bens@hbsslaw.com <br><br> *Counsel for Plaintiffs and the Proposed Classes* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-NC <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO CLARIFY ORDER RESOLVING DISCOVERY DISPUTE ABOUT DEFENDANTS' SUPPLEMENTAL INITIAL DISCLOSURES (L.R. 7-11)** |

Plaintiffs hereby move this Court pursuant to L.R. 7-11 for an order clarifying that Defendants may not circumvent the Court's Order Resolving Discovery Dispute About Defendants' Supplemental Initial Disclosures, ECF No. 374 ("Order"), by seeking documents from two entities that the Court excluded. The Court held, among other things, that from Defendants' list of twelve "newly relevant" witnesses, Defendants could select four of them to include on their supplemental initial disclosures, and the other eight would be "excluded under Rule 37 as not timely disclosed." Order at 3. Pursuant to the Order, on October 13, Defendants disclosed four witnesses—Phil Andrews, Frank Busch, Rocky Harris, and Morgan Fuller Kolsrud (the "Selected Witnesses")—as their "newly relevant" witnesses.

However, Defendants have also issued document subpoenas to *two additional entities*—Huron Consulting Group and Deloitte—that were listed among Defendants' twelve original "newly relevant" witnesses but were not chosen as Selected Witnesses. These subpoenas contain return dates after the close of fact discovery. Plaintiffs objected to Defendants' effort to obtain discovery from *six* of the twelve newly relevant witnesses as exceeding this Court's Order, which limited Defendants' untimely disclosures from this category to four in order to mitigate the prejudice to Plaintiffs. Defendants refused to withdraw their new document subpoenas, stating that this Court's order "related to *witness disclosures*, not document discovery." *See* Attachment A (Parties' Email Correspondence) (emphasis in original).[1]

Plaintiffs now seek clarification that this Court's Order limits Defendants to relying on a total of four of the "newly relevant" disclosures for documents or witness testimony. Under Rule 26(a)(1)(i), Defendants were required to disclose sources of "discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." The disclosure requirement is not limited to witness testimony; it includes *all discoverable information*, including documents. Further, the parties' joint letter brief specifically referenced Huron Consulting Group and Deloitte as among the twelve "newly relevant" witnesses, and Plaintiffs cited evidence that Defendants were aware for well over a year that each entity might have discoverable information. ECF No. 372-2 at 2, 5 n.12. As the Court noted in

---

[1] Defendants initially sought document productions and 30(b)6) testimony from Huron Consulting Group and Deloitte, but agreed to withdraw the deposition subpoenas after Plaintiffs' objection.

its Order, the "problem" with Defendants' late disclosures "is both the number (many) and timing (near the end of discovery) of these new witnesses." Order at 3.

The prejudice to Plaintiffs is no less for document productions from untimely disclosed sources than it is for testimony. Indeed, document productions coming after the close of discovery may inflict *more* prejudice because Plaintiffs will not have sufficient opportunity to review the documents or seek additional documents or depositions in advance of their merits expert disclosures on December 1. Nor will Plaintiffs have the opportunity to ask party witnesses about the contents of these new documents. Defendants should not be permitted to evade this Court's Order by offering testimony from their four Selected Witnesses while simultaneously securing documents from two additional ones. Plaintiffs ask that the Court issue an order clarifying that Defendants are limited to discovery from four total "newly relevant" disclosed sources and excluding any discovery, including document productions, from the other eight.

However, if the Court is inclined to allow Defendants to obtain and use documents from these two additional sources, Plaintiffs should be permitted to seek additional document discovery and depositions from them, and to take targeted supplemental depositions of previously deposed Defendant witnesses to question them about new information obtained from these new sources. To allow Plaintiffs proper time to consider the documents, determine the necessary additional discovery, and to keep the case schedule on track, Plaintiffs should be allowed to take this discovery up until the deadline for their merits expert reply, February 23, 2024.

DATED: October 24, 2023

**WINSTON & STRAWN LLP**

By: */s/ Jeanifer E. Parsigian*
Jeanifer E. Parsigian (SBN 289001)
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)

| | |
|---|---|
| 1 | Adam I. Dale (*pro hac vice*) |
| 2 | Sarah L. Viebrock (*pro hac vice*) |
|   | Neha Vyas (*pro hac vice*) |
| 3 | WINSTON & STRAWN LLP |
|   | 200 Park Avenue |
| 4 | New York, NY 10166-4193 |
|   | Telephone: (212) 294-4698 |
| 5 | Facsimile: (212) 294-4700 |
|   | jkessler@winston.com |
| 6 | dfeher@winston.com |
| 7 | dgreenspan@winston.com |
|   | aidale@winston.com |
| 8 | sviebrock@winston.com |
|   | nvyas@winston.com |
| 9 |   |
| 10 | Steve W. Berman (*pro hac vice*) |
|   | Emilee N. Sisco (*pro hac vice*) |
| 11 | Stephanie Verdoia (*pro hac vice*) |
|   | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 12 | 1301 Second Avenue, Suite 2000 |
|   | Seattle, WA 98101 |
| 13 | Telephone: (206) 623-7292 |
|   | Facsimile: (206) 623-0594 |
| 14 | steve@hbsslaw.com |
| 15 | emilees@hbsslaw.com |
|   | stephaniev@hbsslaw.com |
| 16 |   |
|   | Benjamin J. Siegel (SBN 256260) |
| 17 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 18 | 715 Hearst Avenue, Suite 202 |
|   | Berkeley, CA 94710 |
| 19 | Telephone: (510) 725-3000 |
|   | Facsimile: (510) 725-3001 |
| 20 | bens@hbsslaw.com |
| 21 |   |
|   | Jeffrey L. Kodroff (*pro hac vice*) |
| 22 | Eugene A. Spector (*pro hac vice*) |
|   | SPECTOR ROSEMAN KODROFF |
| 23 | & WILLS, PC |
|   | 2001 Market Street, Suite 3420 |
| 24 | Philadelphia, PA 19103 |
|   | Telephone: (215) 496-0300 |
| 25 | Facsimile: (215) 496-6611 |
| 26 | jkodroff@srkattorneys.com |
|   | espector@srkattorneys.com |
| 27 |   |
|   | *Counsel for Plaintiffs and the Proposed Classes* |
| 28 |   |

- 4 -

PLAINTIFFS' ADMIN MOTION TO CLARIFY ORDER RESOLVING DISCOVERY DISPUTE RE SUPPLEMENTAL INITIAL
DISCLOSURES -- CASE NO. 4:20-CV-03919-NC