Jacob K. Danziger (SBN 278219)
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA 94104 United States
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Calanthe Arat (*pro hac vice*)
Tamarra Matthews Johnson (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW |
| | **DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CLARIFY ORDER RESOLVING DISCOVERY DISPUTE ABOUT DEFENDANTS' SUPPLEMENTAL INITIAL DISCLOSURE (CIV. L.R. 7-11)** |
| | Trial Date:     2025-01-27 |
| | Judge: Hon. Claudia Wilken |

Plaintiffs' Administrative Motion, ECF No. 380 ("Motion") makes an extraordinary request to preclude Defendants from receiving documents in response to subpoenas to third parties *served within the discovery period*. Plaintiffs could have raised this issue in their original motion regarding depositions, but did not, and they offer no justification for raising this new issue in the guise of a clarification. Plaintiffs' arguments are in any event meritless and unfounded. So is their proposed one-sided and patently unfair solution of allowing only them to take depositions and seek additional documents that could then be included in their *rebuttal* expert reports, which would limit Defendants' efforts to respond and surely prompt further motion practice about new and undisclosed opinions.

First, Plaintiffs omit key facts about the discovery at issue. Defendants issued the document subpoenas in question to Deloitte Consulting LLP ("Deloitte") and Huron Consulting Group Inc. ("Huron") on October 3, 2023, almost a full *month before* the close of fact discovery and *before* Plaintiffs filed their Notice of Dispute Re Defendants' Supplemental Initial Disclosures, ECF No. 372 (the "Dispute"). Both Plaintiffs and Defendants have subpoenaed third parties seeking documents within the discovery period—and are continuing to receive documents from third parties. In fact, Plaintiffs produced documents received from third parties pursuant to subpoena just days ago. *See* ECF No. 380-1 at 1.

Second, Plaintiffs misrepresent the facts when they suggest this issue implicates this Court's Order, ECF No. 374 ("Order") regarding depositions. Prior to filing the present Motion, Plaintiffs never once argued to the Court that Defendants' document subpoenas to Deloitte or Huron should be excluded, even though the document subpoenas were served before the Dispute was briefed. Accordingly, the Court's Order ruled on witness disclosures, not document discovery. *See* Order at 2 ("Plaintiffs challenge the Defendants' supplemental disclosure of *37 witnesses*[.]") (emphasis added); *id*. at 3 ("I am permitting 21 and excluding 16 of the *newly disclosed witnesses*[.]") (emphasis added). And after this Court issued its order, Defendants withdrew their 30(b)(6) deposition subpoenas to Deloitte and Huron. *See* ECF No. 380-1 at 4. Plaintiffs' effort to read into the Order a ruling on an issue that was never briefed is unavailing.

Third, Plaintiffs' claims of prejudice ring hollow, given their continued pursuit of document discovery. Throughout the discovery period, Plaintiffs have continually sought productions of

1

documents from dozens of entities they never listed in their initial disclosures, and those parties have produced—and continue to produce—documents in response to Plaintiffs' subpoenas.  Plaintiffs produced documents received from non-parties to Defendants as recently as October 20, 2023, *see* ECF No. 380-1 at 1, and document subpoenas remain outstanding.  Defendants plainly will not have the opportunity to depose witnesses about the contents of those documents or seek additional documents or depositions based on the October 20 production or any other productions; there is no reason why Plaintiffs should be treated any differently.

Moreover, despite their claims in this Motion that document production at this juncture would cause prejudice, Plaintiffs continue to request supplemental productions from Defendants that they could have requested months ago.  For example, on October 20, 2023, Plaintiffs asked Defendants to supplement their productions with "communications between Defendants and Congress related to 'Days on the Hill,' new legislation, and documents specifically given to Congress by NCAA Staff and President Charlie Baker from March 1, 2023 to the present."  *See* Exhibit A.  Given the late timing of Plaintiffs' requests, any documents Defendants produce in response to Plaintiffs' requests will necessarily be served after the close of fact discovery.  And while this present dispute concerns documents, not depositions, it bears noting that despite their strenuous claims of prejudice from Defendants' disclosure of new witnesses during the discovery period, Plaintiffs themselves issued another deposition subpoena to a third party witness who is not listed on their initial disclosures, President John DeGioia of Georgetown, just last week.  What's permitted for Plaintiffs should be permitted for Defendants as well.

Plaintiffs' proposed remedy highlights what this Motion is really all about.  Plaintiffs request that the Court in essence allow a one-way modification of the Scheduling Order to allow Plaintiffs additional discovery, including document requests and supplemental depositions of Defendants' witnesses, until the deadline for Plaintiffs' merits expert reply on February 23, 2024, with no reciprocal benefit to Defendants.  Nothing in the rules or sound discovery practice warrants creating a fundamentally skewed playing field.  Both sides will have sufficient time and opportunity to address any documents produced by Deloitte or Huron (as well as additional documents produced by other third parties and Defendants to subpoenas issued during the discovery period).  That is all the rules

require.   Moreover, allowing Plaintiffs to conduct additional discovery up to their rebuttal reports would undermine the expert process by significantly raising the risk that Plaintiffs' experts attempt to present new, undisclosed opinions in reply instead of merely responding to Defendants' expert reports, in violation of Federal Rule 26(a)(2)(B)(i).

Defendants respectfully request that the Court deny Plaintiffs' Motion.

**DEFS' RESPONSE TO PLTFS' ADMIN MTN TO CLARIFY ORDER RESOLVING DISCOVERY DISPUTE**    Case No. 4:20-cv-03919-CW

Dated:  October 27, 2023                          Respectfully Submitted,


**WILKINSON STEKLOFF LLP**                        **COOLEY LLP**

By: /s/ Rakesh N. Kilaru                          By: /s/ Whitty Somvichian
Beth A. Wilkinson (*pro hac vice*)                Whitty Somvichian (SBN 194463)
Rakesh N. Kilaru (*pro hac vice*)                 Kathleen R. Hartnett (SBN 314267)
Kieran Gostin (*pro hac vice*)                    Ashley Kemper Corkery (SBN 301380)
Calanthe Arat (*pro hac vice*)                    3 Embarcadero Center, 20th Floor
Tamarra Matthews Johnson (*pro hac vice*)         San Francisco, California 94111-4004
Matthew R. Skanchy (*pro hac vice*)               Telephone:  (415) 693 2000
2001 M Street NW, 10th Floor                      Facsimile:  (415) 693 2222
Washington, DC 20036                              wsomvichian@cooley.com
Telephone:  (202) 847-4000                        khartnett@cooley.com
Facsimile:  (202) 847-4005                        acorkery@cooley.com
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com                     Mark Lambert (SBN 197410)
kgostin@wilkinsonstekloff.com                     3175 Hanover Street
carat@wilkinsonstekloff.com                       Palo Alto, CA  94304-1130
tmatthewsjohnson@wilkinsonstekloff.com            Telephone:  (650) 843-5000
mskanchy@wilkinsonstekloff.com                    Facsimile:  (650) 849-7400
                                                  mlambert@cooley.com
Jacob K. Danziger (SBN 278219)
ARENTFOX SCHIFF LLP                               Dee Bansal (*pro hac vice*)
44 Montgomery Street, 38th Floor                  1299 Pennsylvania Ave. NW, Suite 700
San Francisco, CA 94104                           Washington, DC 20004-2400
Telephone: (734) 222-1516                         Telephone:  (202) 842 7800
Facsimile: (415) 757-5501                         Facsimile:  (202) 842 7899
jacob.danziger@afslaw.com                         dbansal@cooley.com

Attorneys for Defendant                           Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC                      PAC-12 CONFERENCE
ASSOCIATION

1

**MAYER BROWN LLP**

2

By: /s/ Britt M. Miller

3

Britt M. Miller (*pro hac vice*)
Daniel T. Fenske (*pro hac vice*)

4

71 South Wacker Drive
Chicago, IL 60606

5

Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711

6

bmiller@mayerbrown.com

7

dfenske@mayerbrown.com

8

Christopher J. Kelly (SBN 276312)
Two Palo Alto Square, Suite 300

9

3000 El Camino Real
Palo Alto, CA 94306

10

Telephone: (650) 331-2000
Facsimile: (650) 331-2060

11

cjkelly@mayerbrown.com

12

Attorneys for Defendant

13

THE BIG TEN CONFERENCE, INC.

**SIDLEY AUSTIN LLP**

By:  /s/ Angela C. Zambrano
David L. Anderson (SBN 149604)
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7412
dlanderson@sidley.com

Angela C. Zambrano (*pro hac vice*)
Natali Wyson (*pro hac vice*)
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 969-3529
Facsimile: (214) 969-3558
angela.zambrano@sidley.com
nwyson@sidley.com

Chad Hummel (SBN 139055)
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 595-9505
Facsimile: (310) 595-9501
chummel@sidley.com

Attorneys for Defendant
THE BIG 12 CONFERENCE, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ROBINSON, BRADSHAW & HINSON, P.A.**

**LATHAM & WATKINS LLP**

2

3   By: /s/ Robert W. Fuller

By: /s/ Christopher S. Yates

Robert W. Fuller, III (*pro hac vice*)

Christopher S. Yates (SBN 161273)

4   Lawrence C. Moore, III (*pro hac vice*)

Aaron T. Chiu (SBN 287788)

Amanda P. Nitto (*pro hac vice*)

505 Montgomery Street, Suite 2000

5   Travis S. Hinman (*pro hac vice*)

San Francisco, CA  94111

Patrick H. Hill (*pro hac vice*)

Telephone:  (415) 391-0600

6   101 N. Tryon St., Suite 1900

Facsimile:  (415) 395-8095

Charlotte, NC 28246

chris.yates@lw.com

7   Telephone:  (704) 377-2536

aaron.chiu@lw.com

8   Facsimile:  (704) 378-4000

rfuller@robinsonbradshaw.com

Anna M. Rathbun (SBN 273787)

9   lmoore@robinsonbradshaw.com

555 Eleventh Street, NW, Suite 1000

anitto@robinsonbradshaw.com

Washington, DC  20004

10  thinman@robinsonbradshaw.com

Telephone:  (202) 637-1061

phill@robinsonbradshaw.com

Facsimile:  (202) 637-2201

11

anna.rathbun@lw.com

12  Mark J. Seifert (SBN 217054)

**FOX ROTHSCHILD LLP**

SEIFERT ZUROMSKI LLP

13  One Market Street, 36th Floor

By: /s/ D. Erik Albright

San Francisco, California 941105

D. Erik Albright (*pro hac vice*)

14  Telephone:  (415) 999-0901

Jonathan P. Heyl (*pro hac vice*)

Facsimile:  (415) 901-1123

Gregory G. Holland (*pro hac vice*)

15  mseifert@szllp.com

230 North Elm Street, Suite 1200

Greensboro, NC 27401

16

Telephone:  (336) 378-5368

Attorneys for Defendant

Facsimile:  (336) 378-5400

17  SOUTHEASTERN CONFERENCE

ealbright@foxrothschild.com

jheyl@foxrothschild.com

18

gholland@foxrothschild.com

19

20

Attorneys for Defendant

THE ATLANTIC COAST

21

CONFERENCE

22

23

24

25

26

27

28

DEFS' RESPONSE TO PLTFS' ADMIN MTN TO CLARIFY
ORDER RESOLVING DISCOVERY DISPUTE

Case No. 4:20-cv-03919-CW

1

## SIGNATURE ATTESTATION

2         I, Rakesh N. Kilaru, am the CM/ECF user whose ID and password are being used to file this

3   Defendants' Response to Plaintiffs' Administrative Motion to Clarify Order Resolving Discovery

4   Dispute About Defendants' Supplemental Initial Disclosure (Civ. L.R. 7-11).   In compliance with

5   Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained

6   from each of the other signatories.

7   Dated:  October 27, 2023                                  Respectfully submitted,

8                                                             **WILKINSON STEKLOFF LLP**

9

10                                                            By:   /s/ Rakesh N. Kilaru
                                                                    Rakesh N. Kilaru
11                                                                  Attorneys for Defendant
                                                                    National Collegiate Athletic Association
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28