Jennifer S. Coleman (SBN 213210)
Jedidiah L. Dooley (SBN 240105)
**SPENCER FANE LLP**
225 West Santa Clara St., Suite 1500
San Jose, California 95113
Telephone: (408) 286-5100
Facsimile: (408) 286-5722
jcoleman@spencerfane.com
jdooley@spencerfane.com

James Sears Bryant (DC Bar No. 402796)
W. Lance Conn (DC Bar No. 447446)
Ryan Eitzmann (OBA No. 22556)
**NATIONAL LITIGATION LAW GROUP**
401 West Broadway Avenue
Enid, Oklahoma 73701
Telephone: (202) 413-1855
Facsimile: (405) 835-6244
jbryant@nationlit.com
*PRO HAC VICE APPLICATIONS
FORTHCOMING*

[Additional Counsel on Signature Page]

Attorneys for Intervenor
HOUSTON CHRISTIAN UNIVERSITY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| GRANT HOUSE, et al., | CASE NO.: 4:20-CV-03919-CW |
| *Plaintiffs*, | |
| v. | **HOUSTON CHRISTIAN UNIVERSITY'S NOTICE OF MOTION AND MOTION TO INTERVENE** |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., | Date:     TBD |
| *Defendants*. | Time:     TBD |
| | Dept:     TBD |
| | Judge:     Hon. Claudia Wilken |

**NOTICE OF MOTION AND MOTION**

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on [_____, at ___:___ __.m. *Court to insert date/time if it deems a hearing is necessary on this Motion*], before the Honorable Claudia Wilken, [Remotely, or in Courtroom ___, 1301 Clay Street, Oakland, CA 94612], Intervenor Houston Christian University ("HCU") will and hereby does move the Court for an order intervening in the above-captioned action.

HCU's Motion to Intervene ("Motion") is brought on the grounds that it must intervene, whether such intervention is mandatory or permissive, in this action to protect its rights and interest relating to the property or transaction that is the subject of the action because the existing parties in this action do not adequately represent HCU's interest – despite their statements to the contrary.  Fed. R. Civ. P. 24(a) and (b).

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, all pleadings, records and papers on file in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this Motion.

**REQUESTED RELIEF**

HCU respectfully requests that the Court allow it to intervene in the above-captioned action so that it can represent its interests in the action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Intervenor, Houston Christian University ("HCU"), pursuant to Rule 24(a)(2), Fed. R. Civ. Proc. (and in the alternative, Fed. R. Civ. P. 24(b)(1)), moves to intervene in this action as a matter of right to protect its rights and interests relating to the property or transaction that is the subject of the action.  HCU is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest.  Existing parties do not adequately represent HCU's interest.  Houston Christian University's Complaint in Intervention, "a pleading that sets out the claim … for which intervention is sought," Rule 24(c), Fed. R. Civ. Proc., is attached hereto as **Exhibit 1**.

///

I.    **BACKGROUND AND PROCEDURAL HISTORY**

On June 21, 2021, Plaintiffs filed their Consolidated Amended Complaint against Defendants, National Collegiate Athletic Association ("NCAA"), PAC-12 Conference ("PAC-12"), Big Ten Conference ("Big Ten"), Big Twelve Conference ("Big 12"), and Atlantic Coast Conference ("ACC").  ECF No. 164.  On or about May 30, 2024, Plaintiffs and Defendants filed a document entitled "Joint Stipulation and [Proposed] Order Staying Action Pending Settlement Approval," in which they announced that they "have agreed to the principal terms on which the Parties will settle this litigation."  ECF No. 420, p. 2, ll. 8-11.  The parties claim that "the terms of the settlement were jointly agreed to after arms-length negotiations."  *Id.*, p. 2, l. 12. In response, the Court signed the proposed order.  ECF. No 421.  Pursuant to the Order, the case is currently stayed pending the filing of a long form settlement agreement and a motion for preliminary approval of the settlement.  *Id*.

II.    **LEGAL ARGUMENT**

A.  **Federal Rule of Civil Procedure 24**

Pursuant to Fed. R. Civ. Proc. 24(a), a movant has the right to intervene in an action when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Proc. 24(a)(2).

Intervention under Rule 24(a)(2) is appropriate upon satisfaction of a four-factor test: (1) the applicant must assert a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (2) the applicant's interest must be represented inadequately by the parties to the action; (3) the applicant must be situated such that disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's motion must be timely. Fed. R. Civ. P. 24(a); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citing *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997)).

A movant has a "significantly protectable" interest if that asserted interest is protected under some law and is related to the plaintiff's claims. *California ex rel. Lockyer v. United States*, 450

F.3d 436, 441 (9th Cir. 2006) (citing Donnelly, 159 F.3d at 409). When evaluating a proposed intervenor's alleged interest, the Ninth Circuit has made clear that Rule 24(a)(2) does not require a specific legal or equitable interest. *Fresno Cty. v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). Rather, "a party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Lockyer*, 450 F.3d at 441.

In addition, Fed. R. Civ. P. 24(b) allows a movant permissive intervention upon a timely motion, if the movant is given a conditional right to intervene by a federal statute, or has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. Proc. 24(b)(1).

As this Motion shows, HCU meets all of the criteria for a right of intervention under Fed. R. Civ. P. 24(a).  In the alternative, HCU also meets all of the criteria for permissive intervention under Fed. R. Civ. P. 24(b)(1). This Motion was timely made.  The proposed settlement will adversely affect HCU. None of the parties, particularly the Defendants, has consulted with - much less taken any step to protect - HCU's interests. Neither HCU nor its conference were parties to this litigation, had a seat at the negotiating table, or had any input into any resolution of this matter, including the proposed settlement.

**B.  Houston Christian University, its Diverse Student Body, and its Mission**

Founded in 1960, HCU is a Christian college of the highest order and is located in Houston, Texas, one of the largest, most vibrant, and most diverse cities in the United States. The school stresses quality of life as well as quality of learning. It offers an intimate college environment in the heart of America's fourth-largest city. According to its mission statement, HCU "provide[s] a learning experience that instills in students a passion for academic, spiritual, and professional excellence[.]" It has one of the most diverse student bodies in the country, with an ethnic composition similar to that of Houston itself. It has 2,300 undergraduate students, 95% of whom receive financial aid.

**C.  The Proposed Settlement Adversely Affects HCU**

The proposed settlement adversely affects HCU and other similarly situated institutions of higher education in numerous ways. Moreover, although HCU has 17 NCAA Division 1 sports

teams and is a member of the Southland Conference, none of the Defendants is adequately representing HCU's interests, much less the interests of those whom HCU serves. To the contrary, as they allege in ECF No. 420, the Defendants have presented the proposed settlement to HCU and other institutions as a fait accompli, without any regard to the adverse impact to these institutions.

### a. The Proposed Settlement Will Divert Funds from Academics to Athletics and thereby Institutionalize a Breach of Fiduciary Duty of Colleges and their Trustees

The proposed settlement will cause HCU and other similarly situated institutions and their officers and trustees to be in violation of their fiduciary duties. This is no small matter, for a fiduciary duty is the highest duty recognized by law.

HCU, like most if not all institutions of higher education, has academics – the education of students and the conduct of research – as its core mission. The proposed settlement will cause the diversion of funds away from the basic academic mission of HCU and other similarly situated institutions at the expense of the core educational functions of educating students and conducting research. Even now, without the proposed settlement, NCAA member institutions annually lose untold millions of dollars by participating in Division I sports. Only a select few ever generate enough revenue from athletics to cover their expenses.

The proposed settlement institutionalizes the diversion of money that would otherwise inure to the member institutions for the core mission of education and research, by requiring them to pay damages for athletes' name, image, and likeness and establishing a continuing formula for doing so on a go-forward basis. Moreover, by formally institutionalizing the schools' involvement in name, image, and likeness fundraising, the proposed settlement mandates that institutions divert development efforts away from core academic missions and reallocate funds to athletics programs already deeply in debt.

### b. The Proposed Settlement Will Divert Higher Education Dollars from Marginalized and Underserved Populations of Students

This is why the proposed settlement will have such a devastating effect on HCU. The proposed settlement will have numerous pernicious effects. It will cause the diversion of funds

1    from the core mission of research and education, and thereby raise costs for students and reduce

2    institutions' investment in higher education. That will reduce educational accessibility and lower

3    educational opportunity, particularly for marginalized and underserved populations.

4            This is especially egregious, coming as it does at a time when the cost of higher education

5    has risen dramatically. Students, especially from underserved and marginalized populations,

6    struggle to pay for educational expenses. They often require a longer number of years to complete

7    their degree requirements and incur more and more debt. At a school like HCU, with its

8    exceptionally diverse student population, virtually all of whom receive financial aid, the blow will

9    be crushing. Because of the diversion of funds from academics to athletics, many of the most

10   vulnerable, most underserved students will be forced to forego their dream of obtaining a higher

11   education.

12           In sum, the proposed settlement will privilege the pursuit of big-money college sports over

13   the needs of ordinary students whom institutions like HCU serve. It will conflict directly with the

14   stated purpose of virtually every institution of higher education in America, which is to educate

15   students. It forces the trustees and administrators of HCU and other similarly situated institutions

16   to confront a Hobson's Choice; it is a coercive take-it-or-leave-it offer that disregards the fiduciary

17   duties trustees and others have to their institutions and stakeholders. It will divert funds from a

18   university's core academic mission in favor of big-time sports entertainment.

19                                    **III.    <u>CONCLUSION</u>**

20           For the foregoing reasons, Houston Christian University requests that the Court issue an

21   order allowing it to intervene as of right under Rule 24(a)(2), Fed. R. Civ. Proc. Alternatively, the

22   Court should order that HCU may intervene permissively under Rule 24(b)(1).

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Dated:  June 20, 2024

Respectfully submitted,

By:  *Jennifer S. Coleman*

Jennifer S. Coleman
Jedidiah L. Dooley
SPENCER FANE, LLP
225 West Santa Clara St.
Suite 1500
San Jose, California 95113

Andrew W. Lester (OBA No. 5388)
Mariana Pitts (OBA No. 34989)
SPENCER FANE LLP
9400 N. Broadway Extension, Suite 600
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
mpitts@spencerfane.com
*PRO HAC VICE APPLICATIONS*
*FORTHCOMING*

C. Peter Goplerud, Colo. Bar No.21255
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Telephone: (904) 502-9515
pgoplerud@spencerfane.com
*PRO HAC VICE APPLICATION*
*FORTHCOMING*

James Sears Bryant (DC Bar No. 402796)
W. Lance Conn (DC Bar No. 447446)
Ryan Eitzmann (OBA No. 22556)
NATIONAL LITIGATION LAW GROUP
401 West Broadway Avenue
Enid, Oklahoma 73701
*PRO HAC VICE APPLICATIONS*
*FORTHCOMING*

Attorneys for Intervenor
HOUSTON CHRISTIAN UNIVERSITY