# EXHIBIT 1

Jennifer S. Coleman (SBN 213210)
Jedidiah L. Dooley (SBN 240105)
**SPENCER FANE LLP**
225 West Santa Clara St., Suite 1500
San Jose, California 95113
Telephone: (408) 286-5100
Facsimile: (408) 286-5722
jcoleman@spencerfane.com
jdooley@spencerfane.com

James Sears Bryant (DC Bar No. 402796)
W. Lance Conn (DC Bar No. 447446)
Ryan Eitzmann (OBA No. 22556)
**NATIONAL LITIGATION LAW GROUP**
401 West Broadway Avenue
Enid, Oklahoma 73701
Telephone: (202) 413-1855
Facsimile: (405) 835-6244
jbryant@nationlit.com
*PRO HAC VICE APPLICATIONS*
*FORTHCOMING*

[Additional Counsel on Signature Page]

Attorneys for Intervenor
HOUSTON CHRISTIAN UNIVERSITY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| GRANT HOUSE, et al., | CASE NO.: 4:20-CV-03919-CW |
| *Plaintiffs*, | **COMPLAINT IN INTERVENTION OF HOUSTON CHRISTIAN UNIVERSITY FOR DECLARATORY RELIEF** |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., | |
| *Defendants*. | |

**COMPLAINT IN INTERVENTION OF HOUSTON CHRISTIAN UNIVERSITY**

Intervenor, Houston Christian University ("HCU"), for its claim in intervention, alleges:

**PARTIES**

1.      HCU is a Texas non-profit corporation with its principal place of business located in Houston, Texas.

2.      On June 15, 2020, the first of these claims were brought against Defendants, National Collegiate Athletic Association ("NCAA"), PAC-12 Conference ("PAC-12"), Big Ten Conference ("Big Ten"), Big Twelve Conference ("Big 12"), and Atlantic Coast Conference ("ACC"). *See* Doc. No. 1.

3.      On June 21, 2021, Plaintiffs filed their Consolidated Amended Complaint (Doc. No. 164).

**JURISDICTION AND VENUE**

4.      As alleged in Paragraph 39 of the Consolidated Amended Complaint, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(d), and 1337, and under 15 U.S.C. § 1, 15(a), and 26.

5.      Additionally, this Court has jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201, *et seq.*, determining the rights and obligations of HCU and the parties under their agreements and the proposed settlement. It also has jurisdiction under Rule 23, Fed. R. Civ. Proc., to approve or disapprove the proposed settlement.

6.      Additionally, pursuant to Rule 24, Fed. R. Civ. Proc., HCU has the right to intervene in this action because HCU has and claims an interest relating to the transaction that is the subject of this action and is so situated that disposing of the action will, as a practical matter, impair or impede HCU's ability to protect its interest, and none of the existing parties can or will be able to adequately represent HCU's interest. HCU also has a claim or defense that shares with the main action a common question of law or fact.

7.      As alleged in Paragraph 40 of the Consolidated Amended Complaint, venue in this District is proper because Defendants reside, are found, have agents, and transact business in this District as provided in 28 U.S.C. § 1391 and in 15 U.S.C. §§ 15 and 22.

8.      As alleged in Paragraph 41 of the Consolidated Amended Complaint, this Court has personal jurisdiction over each of the Defendants because, *inter alia*, they (a) transacted business throughout the United States, including in this District, (b) participated in organizing intercollegiate athletics contests, and/or licensing or selling merchandise throughout the United States, including in this District, (c) had substantial contacts throughout the United States, including in this District, and (d) were engaged in conduct having an effect on persons residing in, located in, or doing business throughout the United States, including in this District.

## FACTUAL BACKGROUND

9.      On or about May 30, 2024, Plaintiffs and Defendants filed a document entitled "Joint Stipulation and [Proposed] Order Staying Action Pending Settlement Approval" ("Joint Stipulation") (Doc. No. 420), in which they announced that they "have agreed to the principal terms on which the Parties will settle this litigation." *See* Doc. No. 420, p. 2, ll. 8-11.

10.     In that same document, they asserted that "the terms of the settlement were jointly agreed to after arms-length negotiations." *See* Doc. No. 420, l. 12.

11.     Also on May 30, 2024, the Court struck through the word "[Proposed]" and signed the submitted proposed order. Doc. No. 421.

12.     HCU was created on November 15, 1960, as a Christian college of the highest order in Houston, Texas, that stresses quality of life as well as quality of learning.

13.     HCU offers an intimate college environment in the heart of Houston, Texas, one of the most vibrant and diverse cities in the United States.

14.     The stated mission of HCU is "to provide a learning experience that instills in students a passion for academic, spiritual, and professional excellence[.]"

15.     HCU has a very diverse student body, with an ethnic composition similar to that of America's fourth-largest city.

16.     HCU has 2,300 undergraduate students, 95% of whom receive financial aid.

17.     Although HCU is a Christian institution, a number of other world religions are represented within the student body, adding to the institution's diversity.

///

18.     HCU has 17 NCAA Division 1 sports teams and is a member of the Southland Conference.

19.     The proposed settlement adversely affects HCU and other similarly situated institutions in numerous ways.

20.     The proposed settlement will cause HCU and other similarly situated institutions and their officers and trustees to be in violation of their fiduciary duties.

21.     A fiduciary duty is the highest duty recognized by law.

22.     The proposed settlement will cause the diversion of funds away from the basic academic mission of HCU and other similarly situated institutions, at the expense of the core educational functions of educating students and conducting research.

23.     Even before the proposed settlement, the member institutions of the NCAA lose untold millions of dollars each year by participating in Division I sports.

24.     Even before the proposed settlement, only a select few institutions of higher education ever generate enough revenue from athletics to cover their expenses.

25.     Every year, the vast majority of NCAA Division 1 schools consistently lose significant amounts of money in Division I sports.

26.     The proposed settlement institutionalizes the diversion of money that would otherwise inure to the member institutions by requiring them to pay damages for athletes' name, image, and likeness and establishing a continuing formula for doing so on a go-forward basis.

27.     By formally institutionalizing the schools' involvement in name, image and likeness fundraising, the proposed settlement mandates that institutions divert development efforts away from core academic missions and reallocate funds to athletics programs already deeply in debt.

28.     This too will inure to the detriment of institutions' core academic mission of research and the education of students.

29.     This is happening at a time when the cost of higher education has risen dramatically.

30.     Students continue to struggle to pay for educational expenses and continue to incur rapidly escalating amounts of student debt.

///

COMPLAINT IN INTERVENTION OF HOUSTON CHRISTIAN UNIVERSITY FOR DECLARATORY RELIEF     CASE NO.: 4:20-CV-03919-CW

31.     As a result, students often require a longer number of years before completing their degree, or they cease to pursue a higher education degree altogether.

### FIRST CAUSE OF ACTOIN

### (CLAIM FOR DECLARATORY RELIEF)

32.     HCU incorporates by reference paragraphs 1 through 31.

33.     A dispute currently exists between HCU and Defendants regarding the ability of the Defendants to approve and enter into the proposed settlement in this action.

34. The diversion of funds from the core mission of research and education, which the proposed settlement will cause, will raise costs for students and reduce institutions' investment in higher education, thereby reducing its availability and lowering educational opportunity, particularly for marginalized and underserved populations.

35.     The proposed settlement will also divert the value of the institutions' own name and likeness to student-athletes who have in many instances never established a market value separate from their attendance at member institutions.

36.     As a result of all of the above, the proposed settlement will privilege the pursuit of big-money college sports over the needs of ordinary students and conflict directly with the stated purpose of virtually every institution of higher education in America – none of which (upon information or belief) mentions athletics in its institutional mission statement.

37.     Upon information and belief, the proposed settlement is being or has been approved by the NCAA in violation of the NCAA's constitution, bylaws, and rules.  Additionally, the proposed settlement would cause HCU, and other similarly situated institutions of higher education (as well as their trustees), to breach their respective fiduciary duties.

36.     HCU is entitled to declaratory relief against the Defendants, declaring that the proposed settlement should be and is void, is of no effect, is not approved, and cannot be executed by Defendants.

///

///

///

SPENCER FANE LLP SAN JOSE

**PRAYER FOR RELIEF**

WHEREFORE, HCU respectfully requests that the Court:

1.      Enter a declaratory judgment stating that the proposed settlement is not approved, and is void and of no effect; and

2.      Grant HCU such other and further relief as the Court deems just and proper.

Dated:  June 20, 2024                              Respectfully submitted,


                                                  By: _Jennifer S. Coleman_____
                                                  Jennifer S. Coleman
                                                  Jedidiah L. Dooley
                                                  SPENCER FANE, LLP
                                                  225 West Santa Clara St.
                                                  Suite 1500
                                                  San Jose, California 95113

                                                  Andrew W. Lester (OBA No. 5388)
                                                  Mariana Pitts (OBA No. 34989)
                                                  SPENCER FANE LLP
                                                  9400 N. Broadway Extension, Suite 600
                                                  Telephone: (405) 844-9900
                                                  Facsimile: (405) 844-9958
                                                  alester@spencerfane.com
                                                  mpitts@spencerfane.com
                                                  *PRO HAC VICE APPLICATIONS
                                                  FORTHCOMING*

                                                  C. Peter Goplerud, Colo. Bar No.21255
                                                  SPENCER FANE LLP
                                                  1700 Lincoln Street, Suite 2000
                                                  Denver, CO 80203
                                                  Telephone: (904) 502-9515
                                                  pgoplerud@spencerfane.com
                                                  *PRO HAC VICE APPLICATION
                                                  FORTHCOMING*

                                                  James Sears Bryant (DC Bar No. 402796)
                                                  W. Lance Conn (DC Bar No. 447446)
                                                  Ryan Eitzmann (OBA No. 22556)
                                                  NATIONAL LITIGATION LAW GROUP
                                                  401 West Broadway Avenue
                                                  Enid, Oklahoma 73701
                                                  *PRO HAC VICE APPLICATIONS
                                                  FORTHCOMING*

                                                  Attorneys for Intervenor
                                                  HOUSTON CHRISTIAN UNIVERSITY