Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
Meredith Simons (SBN 320229)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

*Class Counsel for Plaintiffs*

[Additional counsel on signature page]

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
Neha Vyas (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com
nvyas@winston.com

Jeanifer E. Parsigian (SBN 289001)
Drew H. Washington (SBN 350107)
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com
dwashington@winston.com

*Class Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**PLAINTIFFS' OPPOSITION TO HOUSTON CHRISTIAN UNIVERSITY'S MOTION TO INTERVENE** |

## I. INTRODUCTION

Plaintiffs oppose Houston Christian University's ("HCU" or the "University"), Motion to Intervene ("Motion") (ECF No. 423)—which takes aim at the parties' not-yet-filed settlement agreement and motion for preliminary approval of the settlement—because it is both premature and meritless under Federal Rule of Civil Procedure 24.

It would only waste judicial resources to litigate this attempted intervention now because it makes speculative, unsupported claims about the settlement terms—which are not yet before the Court—and their purported impact. The Court should deny the Motion for this reason alone. But even if it were not premature, HCU's Motion fails to make a convincing case that intervention is necessary or appropriate. HCU does not show that it has standing to intervene or establish any interest that requires protection, much less an interest that is not adequately represented. As a result, its Motion must be denied.

## II. INTERVENTION SHOULD BE DENIED

### A. HCU's Motion to Intervene Should Be Denied as Premature

HCU's hypothetical fears are no grounds for intervention, and the Motion is thus premature. Indeed, courts routinely reject attempts to intervene to oppose a settlement before the court has preliminary approved the settlement. *See, e.g.*, *Lane v. Facebook, Inc.*, 2009 WL 3458198, at *5–6 (N.D. Cal. Oct. 23, 2009) (denying motion to intervene because proposed intervenors "failed to establish any significantly protectable interest incumbent in an opportunity to object to preliminary approval as opposed to the right to object to final approval"); *Gonzalez v. CoreCivic of Tenn., LLC*, 2018 WL 3689564, at *5 (E.D. Cal. Aug. 1, 2018) (denying motion to intervene because "[t]o the extent the motion [] registers objections to the proposed settlement of th[e] action, the objections are premature as no settlement ha[d] yet been preliminarily approved"); *Chi v. Univ. of S. Cal.*, 2019 WL 3064457, at *6 (C.D. Cal. Apr. 18, 2019) ("[A]ll objections to [a] settlement agreement are contemplated to be lodged after preliminary approval and before final approval."). And here, the preliminary approval motion has not even been filed.

HCU's Motion is emblematic of why this rule exists: there is no preliminary approval motion or settlement agreement before the Court.[1] HCU's claims about the settlement terms and their impact are mere conjecture, and the Court, without having the proposed settlement agreement before it, has no means at this point to assess the legitimacy of those claims. At the least, this assessment can only be made after the parties finalize their settlement agreement, file the motion for preliminary approval, and put the terms of the settlement before the Court. Even then—as the foregoing cases explain—intervention would be inappropriate before the Court grants preliminary approval of the settlement.[2] In any event, that issue does not need to be decided now because no motion has even been filed with a finalized settlement agreement.

### B. HCU's Motion to Intervene Is Meritless

In any event, HCU fails to show that it is entitled to intervene. As a threshold matter, HCU, an unnamed coconspirator, does not have standing to object to the settlement—its sole purpose for seeking intervention. *See Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 2010 WL 2228531, at *8 (N.D. Cal. June 2, 2010) (a party that "does not profess to represent any class members [] lacks standing to object" to settlement).

That aside, while HCU correctly articulates the requirements for intervention under Rule 24, the University does not meaningfully engage with any of them. Instead, it indulges in a speculative parade of horribles based on its assumptions about the terms of the final settlement between the parties. To intervene as of right, HCU bears the burden of proving "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede [HCU's] ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent [HCU's] interest." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citation and internal quotation marks omitted). "Failure to satisfy any one of the requirements is fatal to [an] application" to intervene. *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). Permissive intervention is a matter of judicial discretion, but is frequently

---

[1] Pursuant to the Joint Stipulation Staying Action Pending Settlement Approval filed and entered on May 30, 2024 (ECF Nos. 420–21), Plaintiffs intend to file a motion for preliminary approval of the settlement no later than July 15, 2024.

[2] Plaintiffs reserve the right to challenge HCU's standing to object to the settlement if it files a renewed motion to intervene or an objection after the filing or grant of preliminary approval.

denied when the movant fails to satisfy the requirements to intervene as of right. *See Viet Bui v. Sprint Corp.*, 2015 WL 3828424, at *3 (E.D. Cal. June 19, 2015) (collecting cases). HCU fails to show that it meets *any* of the requirements for intervention or that discretionary permissive intervention is appropriate.

*First*, HCU's vague (and uninformed) claim that the settlement would divert funds from academics is not a sufficiently concrete interest to warrant intervention. *See Alisal Water Corp.*, 370 F.3d at 920 n.3 ("A mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself."). Any related (and hypothetical) fear that the settlement would impair the NCAA's ability to sustain HCU sports economically is similarly defunct. *See Davies v. GetFugu, Inc.*, 2010 WL 11597376, at *4 (C.D. Cal. June 2, 2010) ("[T]he Ninth Circuit [has] explained that a mere economic interest in the assets of a defendant . . . is insufficient to establish a right to intervention.") (citing *Haw.-Pac. Venture Cap. Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977)).

*Second*, HCU offers no concrete explanation for how its interests would practically be impaired. *See Forsyth v. HP Inc.*, 2020 WL 4923965, at *3–4 (N.D. Cal. Aug. 21, 2020) (denying motion to intervene where "speculative settlement agreement d[id] not rise to the level of concreteness necessary to demonstrate that the disposition of th[e] action would impair [its] interests"); *Fisher v. Arizona*, 594 F. App'x 917, 919–20 (9th Cir. 2014) (affirming denial of intervention motion in part because an "intervenor cannot rely on [an] interest that is remote and speculative"). HCU baldly asserts that the settlement would require "the diversion of funds from academics to athletics" (*see* Mot. at 6), but that is pure speculation given that no final settlement has been filed. Contrary to HCU's speculation, under the proposed settlement, all potential future payments from universities to college athletes would be voluntary—just like universities' participation in Division I sports and the NCAA. *Third*, as described above, HCU's Motion—which seeks to file a complaint for a "declaratory judgment stating that the proposed settlement is not approved and is void and of no effect" (ECF No. 423-1 at 6)—is premature because there is currently no proposed settlement for this Court to evaluate.

*Fourth*, HCU's claimed interest is adequately protected by existing parties that have identical interests. In cases "[w]here parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003); *see also*

*Perry*, 587 F.3d at 954. This rule applies with particular force here, where the NCAA—an organization comprised of member schools—"speaks for its members," including HCU. *See* MARY KAY KANE, 7C FED. PRAC. & PROC. CIV. § 1909 (WRIGHT & MILLER) (3d ed. 2024). The NCAA did not just "speak for its members"—its Board of Governors, a body that is designed to be representative of college athletics, voted on the broad contours of the settlement. HCU's *post hoc* disagreement with the outcome of that vote is no grounds for intervention. Indeed, it would unduly prejudice the parties and risk derailing the final settlement. *See Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (denying motion to intervene that "was filed after four years of ongoing litigation, on the eve of settlement, and threatened to prejudice settling parties by potentially derailing settlement talks"); *see also Cody v. SoulCycle, Inc.*, 2017 WL 8811114, at *2 (C.D. Cal. Sept. 20, 2017).[3]

HCU's arguments also smack of insincerity given that for years HCU has voluntarily been a member of the NCAA and operated Division I sports teams without compensating athletes for their NIL. It is only now that it faces the prospect of paying athletes for the value they generate that HCU objects to the NCAA speaking for it.

**III. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny HCU's Motion to Intervene.

---

[3] HCU has long had notice of this litigation—filed in June 2020—and its potential impact on Division I sports. Its interest in the litigation is the same as it has been all along. If, as HCU claims, it was not adequately represented by the Defendants, it should have (and could have) intervened long ago. The timeliness requirement exists for this very reason—to prevent parties from intervening only to sabotage a settlement. *See Orange Cnty. v. Air Cal.*, 799 F.2d 535, 538 (9th Cir. 1986) (intervenor cannot wait to intervene until there is a settlement that is not "entirely to its liking"); *Abdurahman v. Alltran Fin., LP*, 330 F.R.D. 276, 279 (S.D. Cal. 2018) ("[T]he 'rationale underlying [the timeliness] requirement' is to prevent parties from intervening 'only after the original parties have reached an acceptable settlement' because such an intervention would 'cause substantial prejudice to the original parties.'") (quoting *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995)); *see also Cody*, 2017 WL 8811114, at *3 (rejecting proposed intervenor's explanation for his delayed participation—*i.e.*, "he moved to intervene as soon as the proposed terms of the Settlement Agreement became public"—because "the length of time for which th[e] action ha[d] been pending, and the extensive national press coverage it [] received over the years" made it "highly unlikely that the [p]roposed [i]ntervenor was not on notice for a substantial period of time that his interests ***could*** be impacted by the . . . action") (emphasis in original).

| | | |
|---|---|---|
| 1 | Dated: July 5, 2024 | Respectfully submitted, |
| 2 | By  */s/ Steve W. Berman* | By  */s/ Jeffrey L. Kessler* |
| 3 | Steve W. Berman (*Pro hac vice*) | Jeffrey L. Kessler *(pro hac vice)* |
|   | Emilee N. Sisco (*pro hac vice*) | David G. Feher *(pro hac vice)* |
| 4 | Stephanie Verdoia (*pro hac vice*) | David L. Greenspan *(pro hac vice)* |
|   | Meredith Simons (SBN 320229) | Adam I. Dale *(pro hac vice)* |
| 5 | HAGENS BERMAN SOBOL SHAPIRO LLP | Sarah L. Viebrock *(pro hac vice)* |
|   | 1301 Second Avenue, Suite 2000 | Neha Vyas *(pro hac vice)* |
| 6 | Seattle, WA 98101 | WINSTON & STRAWN LLP |
| 7 | Telephone: (206) 623-7292 | 200 Park Avenue |
|   | Facsimile: (206) 623-0594 | New York, NY 10166-4193 |
| 8 | steve@hbsslaw.com | Telephone: (212) 294-6700 |
|   | emilees@hbsslaw.com | Facsimile: (212) 294-4700 |
| 9 | stephaniev@hbsslaw.com | jkessler@winston.com |
|   | merediths@hbsslaw.com | dfeher@winston.com |
| 10 | | dgreenspan@winston.com |
| 11 | Benjamin J. Siegel (SBN 256260) | aidale@winston.com |
|   | HAGENS BERMAN SOBOL SHAPIRO LLP | sviebrock@winston.com |
| 12 | 715 Hearst Avenue, Suite 300 | nvyas@winston.com |
|   | Berkeley, CA 94710 | |
| 13 | Telephone: (510) 725-3000 | Jeanifer E. Parsigian (SBN 289001) |
| 14 | Facsimile: (510) 725-3001 | Drew H. Washington (SBN 350107) |
|   | bens@hbsslaw.com | WINSTON & STRAWN LLP |
| 15 | | 101 California Street, 35th Floor |
|   | Jeffrey L. Kodroff (*pro hac vice*) | San Francisco, CA 94111 |
| 16 | Eugene A. Spector (*pro hac vice*) | Telephone: (415) 591-1000 |
|   | SPECTOR ROSEMAN & KODROFF, PC | Facsimile: (415) 591-1400 |
| 17 | 2001 Market Street, Suite 3420 | jparsigian@winston.com |
| 18 | Philadelphia, PA 19103 | dwashington@winston.com |
|   | Telephone: (215) 496-0300 | |
| 19 | Facsimile: (215) 496-6611 | *Class Counsel for Plaintiffs* |
|   | jkodroff@srkattorneys.com | |
| 20 | espector@srkattorneys.com | |
| 21 | *Class Counsel for Plaintiffs* | |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

By: /s/ *Jeffrey L. Kessler*
*Jeffrey L. Kessler*