1  Jacob K. Danziger (SBN 278219)
   **ARENTFOX SCHIFF LLP**
2  44 Montgomery Street, 38th Floor
3  San Francisco, CA 94104 United States
   Telephone: (734) 222-1516
4  Facsimile: (415) 757-5501
   jacob.danziger@afslaw.com
5
6  Beth A. Wilkinson (*pro hac vice*)
   Rakesh N. Kilaru (*pro hac vice*)
7  Kieran Gostin (*pro hac vice*)
   Calanthe Arat (SBN 349086)
8  Tamarra Matthews Johnson (*pro hac vice*)
   **WILKINSON STEKLOFF LLP**
9  2001 M Street NW, 10th Floor
   Washington, DC 20036
10 Telephone: (202) 847-4000
   Facsimile: (202) 847-4005
11 bwilkinson@wilkinsonstekloff.com
12 rkilaru@wilkinsonstekloff.com
   kgostin@wilkinsonstekloff.com
13 carat@wilkinsonstekloff.com
   tmatthewsjohnson@wilkinsonstekloff.com
14
15 Attorneys for Defendant
   NATIONAL COLLEGIATE ATHLETIC ASSOCIATION
16
17 [Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW <br><br> **DEFENDANTS' JOINT OPPOSITION TO HOUSTON CHRISTIAN UNIVERSITY'S MOTION TO INTERVENE** <br><br> Judge: Hon. Claudia Wilken |

## I. INTRODUCTION

Houston Christian University ("HCU") seeks to intervene in the above-captioned action so that it may object to a non-final, proposed settlement that spans three litigations, that has yet to be submitted for approval by this Court, and that HCU has not even reviewed.[1] Defendants National Collegiate Athletic Association ("NCAA"), Pac-12 Conference ("Pac-12"), Big Ten Conference, Inc. ("Big Ten"), The Big 12 Conference, Inc. ("Big 12"), Southeastern Conference ("SEC"), and the Atlantic Coast Conference ("ACC") (collectively, "Defendants") respectfully submit that HCU's Motion to Intervene ("Motion" or "Mot.") should be denied.

Since June 2020, four highly-publicized class actions related to student-athlete compensation have been filed against Defendants, adding to a long list of college athletics lawsuits filed over the last decade. Three of those cases were filed in this district by the same Plaintiffs' counsel.[2] After complex, arms-length negotiations, with the assistance of a highly-experienced mediator, the parties reached agreement on a settlement in principle in May 2024. On May 30, 2024, this Court granted a stay of all case deadlines pending its ruling on Plaintiffs' forthcoming motion to preliminarily approve the proposed settlement. *See* Joint Stipulation and Order Staying Action Pending Settlement Approval, ECF No. 421.[3] HCU now seeks to intervene to oppose the eventual settlement. But HCU has no viable basis for doing so for three reasons:

*First*, HCU's Motion to Intervene amounts to a premature objection to the proposed settlement. Plaintiffs have yet to file a motion for preliminary approval, which is the necessary precursor to the proposed settlement being preliminarily approved and the time for objections being set (and objections then filed). Because the settlement process remains at a stage where the

---

[1] The proposed settlement in question encompasses *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW (N.D. Cal.), *Hubbard v. National Collegiate Athletic Association*, No. 4:23-cv-01593-CW (N.D. Cal.), and *Carter v. National Collegiate Athletic Association*, No. 3:23-cv-06325-RS (N.D. Cal.).

[2] The fourth case, *Fontenot v. National Collegiate Athletic Association*, No. 1:23-cv-03076-CNS-STV (D. Colo.), was filed by separate counsel in the District of Colorado on November 20, 2023.

[3] *See also Carter* Joint Stipulation and Order re Extension of Case Deadlines in Light of Settlement, ECF No. 100; *Hubbard* Joint Stipulation and Order Staying Action Pending Settlement Approval, ECF No. 197.

-1-

CASE NO. 4:20-CV-03919-CW

DEFS' JOINT OPP'N TO HCU'S
MOTION TO INTERVENE

underlying proposed agreement has not been submitted to the Court for approval, HCU has no way to know whether it may be adversely impacted by the proposed settlement and whether an objection is appropriate.  Even if the Court views this as a true intervention motion, it should be denied as untimely.  HCU seeks to intervene for the first time on the eve of settlement with no justification for delay.  Its last-minute bid to be heard in the case severely prejudices the parties, all of whom have been working diligently towards a good faith resolution of these cases for several years.

*Second*, in light of the relief HCU purports to seek, its Motion fails to meet the standards for mandatory or permissive intervention under Federal Rule of Civil Procedure 24.  HCU has no protectable interest at risk of impairment because (1) the antitrust laws protect competition, not competitors, (2) HCU's purported interest is tenuous at best, and (3) the proposed settlement has not yet been submitted to the Court for approval.  HCU's claims are also diametrically opposed to Plaintiffs', which further undermines HCU's argument for permissive intervention.

*Third*, as a non-party, HCU lacks standing to object to a class action settlement.  Because its motion for intervention is really an objection to the proposed settlement, it should be dismissed on this basis alone.

For these reasons, the Court should deny HCU's motion to intervene.

## II.     ARGUMENT

### A.     HCU's Motion Is Premature and Otherwise Untimely

HCU's intervention motion is a disguised objection to an as-yet unfiled settlement.  *See, e.g.*, Mot. at 4 ("The proposed settlement will adversely affect HCU.").[4]  Any objections to the proposed settlement are premature because the underlying proposed settlement has not been submitted to the Court for preliminary approval.  Objections at this stage, before the approval

---

[4] *See also* HCU's Proposed Compl. ¶ 19, ECF No. 423-1 ("The proposed settlement adversely affects HCU[.]"); *id*. ¶ 20 ("The proposed settlement will cause HCU and other similarly situated institutions and their officers and trustees to be in violation of their fiduciary duties."); *id*. ¶ 22 ("The proposed settlement will cause the diversion of funds[.]"); *id*. ¶ 35 ("The proposed settlement will also divert the value of the institutions' own name and likeness to student-athletes[.]").

process is even under way, are impermissible.  *See, e.g.*, *Gonzalez v. CoreCivic of Tenn., LLC*, No. 16-cv-01891-DAD-JLT, 2018 WL 3689564, at *5 (E.D. Cal. Aug. 1, 2018) ("To the extent the motion to intervene registers objections to the proposed settlement of this action, the objections are premature as no settlement has yet been preliminarily approved.").  And understandably so—any would-be objectors have not even had a chance to review the proposed settlement agreement and understand its impact, if any, upon them.  Without having seen the underlying proposed settlement, HCU has no basis to lodge objections now, and certainly not in the guise of a premature motion to intervene.

Even treating HCU's Motion as a pure motion to intervene and not an objection to the proposed settlement, it is untimely.  Timeliness is a "threshold requirement" for intervention as of right under Rule 24.  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citation omitted).  Courts evaluate three factors to determine whether a motion to intervene is timely:  "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."  *Cohorst v. BRE Props., Inc.*, No. 10-cv-02666 JM(BGS), 2011 WL 3475274, at *4 (S.D. Cal. Aug. 5, 2011) (quoting *League of United Latin Am. Citizens*, 131 F.3d at 1302); *Cnty. of Orange v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986).

The Ninth Circuit regularly denies as untimely and prejudicial motions like HCU's that are filed on the eve of settlement and years after the litigation was originally filed.  *See, e.g.*, *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (finding motion to intervene untimely "because the motion was filed after four years of ongoing litigation, on the eve of settlement, and threatened to prejudice settling parties by potentially derailing settlement talks[.]"); *Aleut Corp. v. Tyonek Native Corp.*, 725 F.2d 527, 530 (9th Cir. 1984) (holding that "intervention on the eve of settlement following several years of litigation was not timely and that to permit it would have prejudiced the rights of the [settling party] impermissibly"); *Air Cal.*, 799 F.2d at 538 ("[T]he fact that [the intervenor] waited until after all the parties had come to an agreement after five years of litigation should nevertheless weigh heavily against [the intervenor]."); *Cal. Dep't of Toxic Substance*

*Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (holding that intervention at a late stage of the case weighs heavily against the intervenor).

HCU also presents no credible justification for its delay in seeking to intervene. Cases regarding student-athlete compensation have been litigated for more than a decade. As a school with Division I sports, there is no chance HCU was unaware of the three pending litigations at issue or the potential for a settlement that would allow—but not require—additional benefits to be provided to student-athletes on a going-forward basis. In similar circumstances, courts have denied such eleventh-hour motions to intervene. *See, e.g.*, *Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2013 WL 450365, at *11 (N.D. Cal. Feb. 5, 2013) (denying motion to intervene where non-party "was aware of the existence of th[e] action" and knew "that its interests might be adversely affected by the outcome of this litigation" long before seeking to intervene).

Because HCU's "motion to intervene was not timely," the Court "need not reach any of the remaining elements of Rule 24" and can deny HCU's motion on this basis alone. *League of United Latin Am. Citizens*, 131 F.3d at 1302 (citation omitted). Even if the Court continues with the analysis, however, HCU's motion must be denied for the reasons articulated below.

**B.  HCU Cannot Meet the Standard for Mandatory Intervention**

To intervene as a matter of right under Rule 24, a non-party must demonstrate that (1) the non-party has a significant protectable interest relating to the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the non-party's ability to protect that interest; and (3) the existing parties may not adequately represent the non-party's interests. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Id*. (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996)). Because HCU has no significant protectable interest relating to the subject of this action at risk of impairment, it cannot satisfy the standard for mandatory intervention.

HCU claims it will be adversely impacted by the proposed settlement in "numerous ways"

but identifies only one potential adverse impact: HCU presumes the proposed settlement may divert funds towards college athletics. Mot. at 4–6.

This is not a cognizable interest under the Sherman Act. The antitrust laws were enacted to protect competition, not competitors. *See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 488 (1977). HCU competes with other universities for Division I college athletes. There is no recourse under the antitrust laws to protect them from potential heightened competition for these services in the future. HCU's purported interest is not supported by any law.

This interest also has no relationship to Plaintiffs' claims. In fact, HCU's request for relief is opposed to Plaintiffs'. *See, e.g., Carter* Compl. ¶ 1, ECF No. 1 ("This lawsuit challenges Defendants' anticompetitive 'pay-for-play' rules and seeks damages and an injunction so that the young adults who sacrifice for their schools, often risking serious injury, can finally be compensated in a fair and just manner for their extraordinary athletic talents."); *id.* ¶ 168 ("Defendants' rules capping the amount that Division I athletes may be compensated for their athletic services has damaged and will continue to damage these college athletes absent a court-imposed remedy.").

Even if this were a cognizable interest, HCU cites no case law to support its argument that the mere *potential* for diverted funds constitutes a *significant* protectable interest. Indeed, the claims raised in HCU's motion are no more than nonspecific guesses about potential effects of a settlement agreement HCU has not even seen yet. *See, e.g.*, Mot. at 5 ("The proposed settlement institutionalizes the diversion of money that would otherwise inure to the member institutions for the core mission of education and research[.]"). HCU's tenuous claims of a potential adverse interest do not amount to a significant protectable interest. *See, e.g., Donnelly*, 159 F.3d at 411 (explaining that when an applicant's purported interest is "tenuous" and "not inherent," "intervention is inappropriate."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944-JST, 2020 WL 5224241, at *4 (N.D. Cal. Aug. 27, 2020) ("[T]he interest prong of the intervention standard is not satisfied by reciting hypothetical suggestions about what 'may' happen."). Regardless, any such interest has not yet vested because the proposed settlement has neither been

submitted to the Court nor preliminarily approved.

HCU fails to raise any significant protectable interest, as is required for it to be able to intervene as of right.

### C. HCU Cannot Meet the Standard for Permissive Intervention

Permissive intervention requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citations omitted). Courts must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). HCU cannot satisfy these requirements.

*First*, where courts find prejudice under the test for mandatory intervention, they regularly find that "permissive intervention under Rule 24(b) is not appropriate." *See, e.g.*, *Zepeda v. PayPal, Inc.*, No. 10-cv-02500-SBA (JCS), 2014 WL 1653246, at *8 (N.D. Cal. Apr. 23, 2014). And as discussed *supra*, there is clear prejudice to the parties because HCU is seeking to upend years of litigation, long and careful negotiations, and a forthcoming settlement with a late-game intervention bid. As courts "analyze the timeliness element more strictly" for permissive intervention than intervention as of right, HCU's motion should be denied. *League of United Latin Am. Citizens*, 131 F.3d at 1308.

*Second*, HCU and Plaintiffs' claims are diametrically opposed. In such situations, courts deny permissive intervention. *See, e.g.*, *Donnelly*, 159 F.3d at 412 (finding that the district court "did not abuse its discretion when it denied permissive intervention" where "the proposed intervenors' and plaintiffs' claims share[d] no common factual proof" and the interests of plaintiffs and intervenors were in "direct opposition"). Allowing HCU to intervene with opposing claims would therefore lead to further prejudice and delay. *Id.* ("Because of the foregoing differences between the proposed intervenors and plaintiffs, allowing intervention 'would only serve to undermine the efficiency of the litigation process.'"). Permissive intervention in this case is therefore inappropriate.

-7-

### D.  HCU Lacks Standing to Object to the Proposed Settlement

Should the Court conclude, as Defendants urge, that HCU is attempting to lodge an objection to the proposed settlement with its motion to intervene, the Court should deny HCU's motion on the basis that, as a non-party to these actions, it lacks standing to object. *See Californians for Disability Rts., Inc. v. Cal. Dep't of Transp.*, No. C 06-5125 SBA, 2010 WL 2228531, at *9 (N.D. Cal. June 2, 2010) (holding that a non-party "has no standing to object" to a class action settlement); *S.F. NAACP v. S.F. Unified Sch. Dist.*, 59 F. Supp. 2d 1021, 1032 (N.D. Cal. 1999) ("[N]onclass members have no standing to object to the settlement of a class action."). Because HCU has no standing to object to the proposed settlement in these matters, its motion to intervene for what amounts to raising an objection should be denied.

## III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny HCU's Motion to Intervene.

| | |
|---|---|
| Dated: July 5, 2024 | Respectfully Submitted, |
| **WILKINSON STEKLOFF LLP** | **COOLEY LLP** |
| By: /s/ Rakesh N. Kilaru | By: /s/ Whitty Somvichian |
| Beth A. Wilkinson (*pro hac vice*) | Whitty Somvichian (SBN 194463) |
| Rakesh N. Kilaru (*pro hac vice*) | Kathleen R. Hartnett (SBN 314267) |
| Kieran Gostin (*pro hac vice*) | Ashley Kemper Corkery (SBN 301380) |
| Calanthe Arat (SBN 349086) | 3 Embarcadero Center, 20th Floor |
| Tamarra Matthews Johnson (*pro hac vice*) | San Francisco, California 94111-4004 |
| Matthew R. Skanchy (*pro hac vice*) | Telephone: (415) 693-2000 |
| 2001 M Street NW, 10th Floor | Facsimile: (415) 693-2222 |
| Washington, DC 20036 | wsomvichian@cooley.com |
| Telephone: (202) 847-4000 | khartnett@cooley.com |
| Facsimile: (202) 847-4005 | acorkery@cooley.com |
| bwilkinson@wilkinsonstekloff.com | |
| rkilaru@wilkinsonstekloff.com | Mark Lambert (SBN 197410) |
| kgostin@wilkinsonstekloff.com | 3175 Hanover Street |
| carat@wilkinsonstekloff.com | Palo Alto, CA 94304-1130 |
| tmatthewsjohnson@wilkinsonstekloff.com | Telephone: (650) 843-5000 |
| mskanchy@wilkinsonstekloff.com | Facsimile: (650) 849-7400 |
| | mlambert@cooley.com |
| Jacob K. Danziger (SBN 278219) | |
| ARENTFOX SCHIFF LLP | Dee Bansal (*pro hac vice*) |
| 44 Montgomery Street, 38th Floor | 1299 Pennsylvania Ave. NW, Suite 700 |
| San Francisco, CA 94104 | Washington, DC 20004-2400 |
| Telephone: (734) 222-1516 | Telephone: (202) 842 7800 |
| Facsimile: (415) 757-5501 | Facsimile: (202) 842 7899 |
| jacob.danziger@afslaw.com | dbansal@cooley.com |
| Attorneys for Defendant | Attorneys for Defendant |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION | PAC-12 CONFERENCE |

| | |
|---|---|
| **MAYER BROWN LLP**<br><br>By: /s/ Britt M. Miller<br>Britt M. Miller (*pro hac vice*)<br>Daniel T. Fenske (*pro hac vice*)<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Telephone:  (312) 782-0600<br>Facsimile:  (312) 701-7711<br>bmiller@mayerbrown.com<br>dfenske@mayerbrown.com<br><br>Christopher J. Kelly (SBN 276312)<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>Telephone: (650) 331-2000<br>Facsimile: (650) 331-2060<br>cjkelly@mayerbrown.com<br><br>Attorneys for Defendant<br>THE BIG TEN CONFERENCE, INC. | **SIDLEY AUSTIN LLP**<br><br>By: /s/ Angela C. Zambrano<br>David L. Anderson (SBN 149604)<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 772-1200<br>Facsimile: (415) 772-7412<br>dlanderson@sidley.com<br><br>Angela C. Zambrano (*pro hac vice*)<br>Natali Wyson (*pro hac vice*)<br>Chelsea A. Priest (*pro hac vice*)<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 75201<br>Telephone: (214) 969-3529<br>Facsimile: (214) 969-3558<br>angela.zambrano@sidley.com<br>nwyson@sidley.com<br>cpriest@sidley.com<br><br>Attorneys for Defendant<br>THE BIG 12 CONFERENCE, INC. |

-9-

CASE NO. 4:20-CV-03919-CW

DEFS' JOINT OPP'N TO HCU'S MOTION TO INTERVENE

| | |
|---|---|
| **ROBINSON, BRADSHAW & HINSON, P.A.**<br><br>By: /s/ Robert W. Fuller<br>Robert W. Fuller, III (*pro hac vice*)<br>Lawrence C. Moore, III (*pro hac vice*)<br>Amanda P. Nitto (*pro hac vice*)<br>Travis S. Hinman (*pro hac vice*)<br>Patrick H. Hill (*pro hac vice*)<br>101 N. Tryon St., Suite 1900<br>Charlotte, NC 28246<br>Telephone:  (704) 377-2536<br>Facsimile:  (704) 378-4000<br>rfuller@robinsonbradshaw.com<br>lmoore@robinsonbradshaw.com<br>anitto@robinsonbradshaw.com<br>thinman@robinsonbradshaw.com<br>phill@robinsonbradshaw.com<br><br>Mark J. Seifert (SBN 217054)<br>SEIFERT ZUROMSKI LLP<br>One Market Street, 36th Floor<br>San Francisco, California 941105<br>Telephone:  (415) 999-0901<br>Facsimile:  (415) 901-1123<br>mseifert@szllp.com<br><br>Attorneys for Defendant<br>SOUTHEASTERN CONFERENCE | **LATHAM & WATKINS LLP**<br><br>By: /s/ Christopher S. Yates<br>Christopher S. Yates (SBN 161273)<br>Aaron T. Chiu (SBN 287788)<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA  94111<br>Telephone:  (415) 391-0600<br>Facsimile:  (415) 395-8095<br>chris.yates@lw.com<br>aaron.chiu@lw.com<br><br>Anna M. Rathbun (SBN 273787)<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC  20004<br>Telephone:  (202) 637-1061<br>Facsimile:  (202) 637-2201<br>anna.rathbun@lw.com<br><br>**FOX ROTHSCHILD LLP**<br><br>By: /s/ D. Erik Albright<br>D. Erik Albright (*pro hac vice*)<br>Jonathan P. Heyl (*pro hac vice*)<br>Gregory G. Holland (*pro hac vice*)<br>230 North Elm Street, Suite 1200<br>Greensboro, NC 27401<br>Telephone:  (336) 378-5368<br>Facsimile:  (336) 378-5400<br>ealbright@foxrothschild.com<br>jheyl@foxrothschild.com<br>gholland@foxrothschild.com<br><br>Attorneys for Defendant<br>THE ATLANTIC COAST CONFERENCE |

## SIGNATURE CERTIFICATION

I, Rakesh N. Kilaru, am the CM/ECF user whose ID and password are being used to file this Defendants' Joint Opposition to Houston Christian University's Motion to Intervene. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: July 5, 2024                             Respectfully submitted,

                                                **WILKINSON STEKLOFF LLP**

                                                By:  /s/ Rakesh N. Kilaru
                                                     Rakesh N. Kilaru
                                                     Attorney for Defendant
                                                     National Collegiate Athletic Association