IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COLLEGE ATHLETE NIL LITIGATION | Case No. 20-cv-03919 CW<br><br>**ORDER DENYING MOTION FOR INTERVENTION BY HOUSTON CHRISTIAN UNIVERSITY**<br><br>(Re: Dkt. No. 423) |

Now before the Court is a motion for intervention filed by Houston Christian University (HCU).  Docket No. 423.  Plaintiffs and Defendants oppose the motion.  Docket Nos. 439, 440.  For the reasons set forth below, the Court denies the motion.

**I.   BACKGROUND**

This antitrust class action was filed on June 15, 2020.  It is brought by current and former Division I student-athletes against Defendant National Collegiate Athletic Association (NCAA) and some of its member conferences for injuries they allegedly suffered because of certain NCAA rules.  Those rules restrict the compensation that student-athletes can receive in exchange for the commercial use of their names, images, and likenesses (NIL), and prohibit NCAA member conferences and schools from sharing with student-athletes the revenue they receive from third parties for the commercial use of student-athletes' NIL.

The Court certified an injunctive relief class in September 2023 and three damages classes in November 2023.

On May 30, 2024, the parties filed a joint stipulation to stay the action pending the filing of a motion for preliminary approval of a settlement agreement that would resolve the claims in this action, as well as two other related actions, namely *Hubbard v. National Collegiate Athletic Association*, No. 4:23-cv-01593-CW (N.D. Cal.), and *Carter v. National Collegiate Athletic Association*, No. 3:23-cv-06325-RS (N.D. Cal.). The Court approved the stipulation on May 30, 2024. The motion for preliminary approval of a settlement agreement has not yet been filed.

HCU, which is a member of the NCAA and has 17 Division I sports teams, filed the present motion for mandatory or permissive intervention on June 20, 2024. There, HCU argues that the parties' settlement agreement, which has not yet been filed for the Court's approval, will adversely affect its interests because, if it is approved, it will cause HCU and other schools to violate their fiduciary duties by requiring them to divert funding for education and research to athletics programs and to payments to student-athletes. HCU further argues that it must be permitted to intervene because none of the Defendants in this action has taken steps to protect its interests. HCU represents that it was not included in the settlement negotiations and had no input as to the terms of the settlement agreement. Attached to HCU's motion for intervention is its proposed complaint in intervention. Docket No. 423-1. HCU seeks a declaratory judgment that the settlement agreement at issue is "void, is of no effect, is not approved, and cannot be executed by Defendants." *See* Docket No. 423-1 at 6. The declaratory judgment claim is based on allegations that the settlement agreement is being or has been approved by the NCAA in violation of the NCAA's constitution, bylaws, and rules. *See id.*

## II.     LEGAL STANDARD

A party may intervene as of right under Federal Rule of Civil Procedure 24(a)(2) if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See* Fed. R. Civ. P. 24(a)(2).

Under Federal Rule of Civil Procedure 24(b)(1)(B), a court may permit anyone to intervene in an action who "has a claim or defense that shares with the main action a common

2

1  question of law or fact." See Fed. R. Civ. P. 24(b)(1)(B).  "In exercising its discretion, the court
2  must consider whether the intervention will unduly delay or prejudice the adjudication of the
3  original parties' rights."  Fed. R. Civ. P. 24(b)(3).

**III.  DISCUSSION**

**A.  Intervention as of Right**

A court must permit anyone to intervene who satisfies the following four requirements: (1) the motion to intervene must be timely; (2) the proposed intervenor must assert an interest relating to the property or transaction which is the subject of the action; (3) the proposed intervenor "must be so situated that without intervention the disposition of the action may as a practical matter impair or impede its ability to protect that interest"; and (4) the proposed intervenor's interest must be inadequately represented by the other parties.  See *Fresno Cnty. v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980).  The party seeking to intervene bears the burden of showing that all the requirements for intervention are met.  *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).  "In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention."  See *id.*

The Court finds that HCU has not met its burden to establish the third requirement for mandatory intervention, because it has not shown that it is so situated that, without intervention, the disposition of this action will impair its ability to protect its claimed interest in making its own fund-allocation decisions.  "[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation."  *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).  A proposed intervenor's interests may not be "impaired" if it has "other means" to protect them.  See *id.* at 442 ("Even if this lawsuit would affect the proposed intervenors' interests, their interests might not be impaired if they have 'other means' to protect them.").

Here, HCU argues that it has an interest in deciding for itself how to allocate its funds between academics on the one hand and athletics on the other.  HCU argues that it must be allowed to intervene because, if the settlement agreement that the parties reached is approved by

3

the Court, HCU will be required to allocate more of its funds to athletics and payments to student-athletes than it would like. That is not sufficient to establish that HCU will suffer a practical impairment to its claimed interest "as a result of" this litigation. *See California ex rel. Lockyer*, 450 F.3d at 441. Plaintiffs contend, and HCU does not dispute, that HCU's membership in the NCAA and participation in Division I sports is voluntary. HCU also does not dispute that it is impacted by the NCAA's decisions about how much money NCAA member schools should spend on Division I sports or Division I student-athletes, whether in connection with the settlement agreement in this action or otherwise, only because it chooses to be subject to them. Because HCU's membership in the NCAA and participation in Division I sports is optional, and because HCU is subject to the NCAA's decisions and rules only because it chooses to be, the Court cannot conclude that HCU lacks "other means," besides intervention, to protect its claimed interest in deciding for itself how to allocate its funds. HCU has not shown that it cannot avoid the NCAA's determinations about how much money NCAA member schools should spend on Division I sports or payments to student-athletes by, for example, simply ceasing to participate in Division I sports.

The Court also finds that HCU has not met its burden to establish that its motion for intervention is timely. "Timeliness is a flexible concept; its determination is left to the district court's discretion." *Alisal Water Corp.*, 370 F.3d at 921. Timeliness is measured by reference to (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay. *See Orange Cnty. v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986). Here, HCU filed its motion for intervention more than four years after this action was filed, which was in June 2020. The initial complaint alleged that the "NCAA's member-schools" participated in the alleged conspiracy to fix payments to student-athletes in violation of Section 1 of the Sherman Act even though they were not named as defendants. *See, e.g.*, Docket No. 1 ¶ 72. It further alleged that NCAA member-schools benefitted from the challenged NCAA rules at student-athletes' expense. *See id.* Thus, HCU has been on notice since 2020 that the NCAA's Division I rules and expectations of its member schools with respect to payments to student-athletes were at stake in this action and could change because of it. HCU's years-long delay in moving to intervene weighs heavily against permitting it

to intervene now, particularly given that the parties argue, and HCU does not dispute, that granting HCU's motion to intervene would be highly prejudicial to them because it would delay the resolution of this action and derail the parties' settlement discussions. *See Orange Cnty.*, 799 F.2d at 538 (holding that district court did not abuse its discretion in denying motion to intervene as of right on the basis that the movant "waited until after all the parties had come to an agreement after five years of litigation" to file a motion to intervene).

HCU argues that its motion to intervene is not untimely because it acted as soon as it learned that the proposed settlement agreement is contrary to its interests, and that it could not have moved to intervene sooner because the parties did not conduct their settlement negotiations publicly. The Court is not persuaded. To support that argument, HCU relies on *United States v. Carpenter*, where the Ninth Circuit held that a motion for intervention was not untimely because it was filed as soon as the proposed intervenors learned that a proposed settlement negotiated by the government was contrary to their interests. *See* 298 F.3d 1122, 1125 (9th Cir. 2002). *Carpenter* does not help HCU because its holdings are limited to actions where the government is a party. *See id.* (explaining that holding about timeliness was based on the rationale that "settlement negotiations would be severely impaired if every party that the government represents could intervene to participate as a matter of right simply because the negotiations were conducted in a confidential manner" and was intended to encourage proposed intervenors to rely "on the presumption that the government is representing their interests" until they have notice that the government may not be representing their interests); *see also Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (holding that *Carpenter* does not apply where "the government is not a party" because its "reasoning was grounded in the need to encourage the assumption that when the government is a party, the interests of others will be protected"). The government is not a party here.

Because the foregoing defeats HCU's motion for mandatory intervention, the Court need not, and does not, reach the question of whether HCU has met the other requirements for mandatory intervention. *See Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (holding that a failure to satisfy any of the requirements for mandatory intervention "is fatal

5

to the application" and a district court "need not reach the remaining elements if one of the elements is not satisfied").

HCU's motion for intervention as of right is DENIED.

## B. Permissive Intervention

A district court may grant permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B) where the applicant "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Perry*, 587 F.3d at 955 (citation and internal quotation marks omitted). "Rule 24(b)(3) also requires that the court 'consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Id.* (quoting Fed. R. Civ. P. 24(b)(3)).

Here, HCU has not shown that it satisfies the requirements for permissive intervention. For example, HCU has not shown that there are "independent grounds for jurisdiction" over its proposed complaint in intervention, which seeks a declaratory judgment that the settlement agreement is void because it violates "the NCAA's constitution, bylaws, and rules." *See* Docket No. 423-1 at 6. HCU has not demonstrated that this Court has jurisdiction to adjudicate disputes about whether the NCAA's actions violate its own constitution, bylaws, and rules. HCU also has not shown that its proposed claim for a declaratory judgment, which is based on alleged violations of the NCAA's constitution, bylaws, and rules, has a question of law or a question of fact in common with this action, which is based on alleged violations of Section 1 of the Sherman Act. *See Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (affirming denial of permissive intervention where "the proposed intervenors' and plaintiffs' claims share no common factual proof"). HCU also has not shown that its intervention, if permitted, would not unduly delay this action or prejudice the adjudication of the parties' rights. The Court is persuaded by the parties' arguments that allowing HCU to intervene at this stage of the litigation would unduly prejudice them by derailing their settlement discussions.

HCU's motion for permissive intervention is, therefore, DENIED.

### C. Standing to Object to the Settlement Agreement

Both parties argue that, to the extent that HCU wishes to object to the settlement agreement, HCU lacks standing to do so because it is not a class member.

The Court agrees. HCU's arguments in support of its motion for intervention are essentially objections to the settlement agreement, which are premature because the settlement agreement has not yet been filed. But even if they were not premature, the Court would not consider them because HCU, as a non-class member, lacks standing to object to the settlement agreement. *See San Francisco NAACP v. San Francisco Unified Sch. Dist.*, 59 F. Supp. 2d 1021, 1032 (N.D. Cal. 1999) (holding that "nonclass members have no standing to object to the settlement of a class action"); *see also* Fed. R. Civ. P. 23(e)(5)(A) ("Any class member may object to the proposal if it requires court approval under this subdivision (e)."). Accordingly, HCU may not re-package the arguments it made in support of the present motion to intervene as objections to the settlement agreement once the settlement agreement is filed for the Court's approval.

## IV. CONCLUSION

For the reasons discussed above, the Court denies HCU's motion for intervention.

IT IS SO ORDERED.

Dated: July 24, 2024

CLAUDIA WILKEN
United States District Judge