Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
Meredith Simons (SBN 320229)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

*Class Counsel for Plaintiffs*

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
Neha Vyas (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com
nvyas@winston.com

Jeanifer E. Parsigian (SBN 289001)
Drew H. Washington (SBN 350107)
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com
dwashington@winston.com

*Class Counsel for Plaintiffs*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

IN RE COLLEGE ATHLETE NIL LITIGATION

**Case No. 4:20-cv-03919-CW**

**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL INFORMATION IN CONNECTION WITH PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL**

Hon. Claudia Wilken

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, the Plaintiff Classes ("Plaintiffs," together with Defendants,[1] the "Parties") hereby give notice to the Court and all counsel of record of Plaintiffs' Administrative Motion to File Under Seal Information in Connection With Plaintiffs' Motion for Preliminary Settlement Approval ("Motion").

Plaintiffs' Motion is narrowly tailored—it seeks to seal only the threshold percentage of opt-outs that would trigger a right for Defendants to terminate the Parties' Stipulation & Settlement Agreement ("Settlement Agreement") that appears in Paragraph 37(c) of the Settlement Agreement, filed as Exhibit 1 to the Declaration of Steve W. Berman In Support of Plaintiffs' Unopposed Motion for Preliminary Settlement Approval ("Berman Declaration ISO Settlement Approval").

Under governing law, this information is clearly and justifiably sealable, as disclosure of such information could be used by third parties for improper purposes. Though the Court "start[s] with a strong presumption in favor of access to court records," the "right to inspect and copy judicial records is not absolute." *See Nixon v. Warner Commcn's*, 435 U.S. 589, 598 (1978); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 808 F.3d 1092, 1096 (9th Cir. 2016). The Court applies the more stringent "compelling reasons" standard when assessing sealing requests relating to the preliminary approval of a settlement (*see In re Lyft Inc. Sec. Litig.*, 2023 WL 2960006, at *2 (N.D. Cal. Mar. 16, 2023)), and compelling reasons exist for sealing where "court files might [] become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Nixon*, 435 U.S. at 598).

As an extension of this principle, courts have routinely found compelling reasons to seal opt-out threshold information in parties' preliminary settlement approval filings, recognizing that sealing such information is necessary to "discourage third parties with ulterior motives from soliciting class members to opt out." *In re Lyft Inc. Sec. Litig.*, 2023 WL 2960006, at *2; *see also, e.g.*, *Thomas v. Magnachip Semiconductor Corp.*, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016) (compelling

[1] "Defendants" refers to the following individual Defendants: National Collegiate Athletic Association, Atlantic Coast Conference, The Big Ten Conference, Inc., the Big 12 Conference, Inc., Pac-12 Conference, and Southeastern Conference.

1

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL INFORMATION IN CONNECTION WITH PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL
CASE NO. 4:20-cv-03919-CW

reasons to seal opt-out threshold to "prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts"); *Friedman v. Guthy-Renker, LLC*, 2016 WL 5402170, at *2 (C.D. Cal. Sept. 26, 2016) (finding that "potential for abuse" by "professional objectors" "outweigh[ed] the interest in public access to" opt-out threshold information); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015) (recognizing that "exact threshold" in "opt-out provision" was appropriately "kept confidential" "for practical reasons").

These precedents support Plaintiffs' narrowly tailored request to seal the opt-out threshold information in the Settlement Agreement. *See* Berman Declaration ISO Settlement Approval Ex. 1, ¶ 37(c). Indeed, the Parties' groundbreaking proposed settlement is a likely target for "'professional objectors': attorneys for class members who extort additional payments from the parties in exchange for not delaying or tanking the whole settlement (*e.g.*, by filing objections or appeals).'" *See Friedman*, 2016 WL 5402170, at *2. These sorts of nefarious efforts would endanger what promises to be a landmark settlement for college sports and scores of college athletes. Thus, legitimate interests—both the public interest and the private interests of individual college athletes—weigh heavily in favor of sealing. If sealing is denied, the potential injury is unquantifiable. If bad actors' efforts succeed and the settlement falls through as a result, thousands of college athletes will lose the opportunity to earn compensation for the use of their names, images and likenesses, and for their athletic performances. Granting Plaintiffs' limited sealing request is the only way to mitigate these risks.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion, and maintain under seal the portion of the Parties' Settlement Agreement stating the opt-out threshold information at Berman Declaration ISO Settlement Approval Ex. 1, ¶ 37(c).

Dated: July 26, 2024

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
Meredith Simons (SBN 320229)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

Jeffrey L. Kodroff (*pro hac vice*)
Eugene A. Spector (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, PC
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
jkodroff@srkattorneys.com
espector@srkattorneys.com

*Class Counsel for Plaintiffs*

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
Neha Vyas (*pro hac vice*)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com
nvyas@winston.com

Jeanifer E. Parsigian (SBN 289001)
Drew H. Washington (SBN 350107)
101 California Street, 34th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com
dwashington@winston.com

*Class Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

/s/ *Steve W. Berman*
STEVE W. BERMAN

1

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL INFORMATION IN CONNECTION WITH PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL
CASE NO. 4:20-cv-03919-CW