Joshua P. Davis (SBN 193254)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Tel: (800) 424-6690
jdavis@bm.net

[Additional Counsel Appear on Signature Page]

*Attorneys for Interested Parties Tamenang Choh*
*and Grace Kirk (and the Choh proposed class)*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

IN RE COLLEGE ATHLETE NIL
LITIGATION

Case No. 4:20-cv-03919-CW

**OPPOSITION TO PLAINTIFFS'
MOTION FOR PRELIMINARY
APPROVAL BY TAMENANG
CHOH AND GRACE KIRK, ON
BEHALF OF A PROPOSED CLASS
OF IVY LEAGUE ATHLETS**

Hon. Claudia Wilken

## **TABLE OF CONTENTS**

Page

I.     INTRODUCTION ........................................................................................................ 1

II.    BACKGROUND ......................................................................................................... 2

    A.    The *Choh* Litigation .................................................................................... 2

    B.    The Proposed Settlement in This Case .......................................................... 3

III.   ARGUMENT .............................................................................................................. 7

    A.    The Settlement Would Improperly Release the *Choh* Plaintiffs' Claims ............. 7

    B.    The Settlement Would Not Properly Redress the *Choh* Plaintiffs' Claims ................................................................................................. 8

    C.    Plaintiffs' Counsel and Their Clients in this Case Do Not Adequately Represent the *Choh* Plaintiffs in Releasing Their Claims ................................... 10

IV.   CONCLUSION.......................................................................................................... 11

## I.     INTRODUCTION

In *Choh, et al. v. Brown University et al.*, Case 3:23-cv-00305-AWT (D. Conn. Mar. 7, 2023) ("*Choh*"), ECF No. 1 (Complaint attached as Exhibit A ("*Choh* Compl.")), plaintiffs Tamenang Choh and Grace Kirk represent a proposed class of all athletes in the Ivy League who were recruited by an Ivy League school and who played a sport for that school after March 7, 2019. The *Choh* plaintiffs challenge under Section 1 of the Sherman Act an agreement among all members of the Ivy League, a Division I conference, not to award any athletic scholarships or otherwise to provide any compensation or reimbursement for athletic services (the "Ivy League Agreement").[1] The *Choh* plaintiffs are seeking relief from Ivy League member institutions in their separate case, including an injunction undoing the allegedly illegal agreement, and damages based on the value of the athletic scholarships, and the compensation and reimbursement, they would have received for their athletic services, but for the Ivy League Agreement. The Ivy League is unique among NCAA Division I conferences in that it is the only one in which its members explicitly conspire not to award athletic scholarships or otherwise compensate their athletes.

Neither the Ivy League nor its member schools are defendants here. The named plaintiffs here do not include any current or former Ivy League students. The plaintiffs here have not raised, nor have they sought to litigate, claims arising out of the Ivy League Agreement. Nevertheless, despite the uniqueness of the *Choh* plaintiffs' claims and circumstances, the *Choh* plaintiffs appear to be members of the proposed Damages Settlement Classes and Injunctive Relief Classes that are the subject of the Motion for Preliminary Approval here. Worse, the Settlement appears to explicitly release the *Choh* plaintiffs' claims and include the Ivy League institutions—who are not even defendants here—as "Releasees." *See* Settlement Agreement at 13 (defining "Releasees" as including "all Division I Conferences…and all Division I Member

---

[1] *Choh* is not listed in Plaintiffs' Notice of Motion and Motion for Preliminary Approval section discussing other cases affected by the settlement, which identifies only *Fontenot v. NCAA*, No. 1:23-cv-03076-CNS-TV (D. Colo.). *See* ECF No. 450 at 28.

1  Institutions."); *id*. at 8 (defining "Member Institution" as "any college, school, or university that

2  is a member, in any sport, of NCAA Division I…"). In short, even though the defendants in

3  *Choh*—the Ivy League institutions and the Ivy League itself—are *not* defendants or parties to the

4  cases underlying the proposed Settlement, and even though no Ivy League athlete is a named

5  plaintiff here, and even though the claims in *Choh* are not mentioned in the cases that would be

6  resolved by the proposed Settlement, this Settlement purports to release all of the *Choh*

7  plaintiffs' unique claims against all the defendants in *Choh* without even purporting to provide

8  any relief that would or could serve to redress the claims in *Choh*. Such a release would be

9  improper.

10       The *Choh* plaintiffs do not oppose Preliminary Approval with respect to the release of

11  and compensation for claims based on damages for Name, Image, and Likeness ("NIL") rights,

12  because they do not pursue any such claims in their pending litigation, but they do oppose

13  Preliminary Approval to the extent that it seeks to release their pending claims relating to athletic

14  scholarships and compensation for athletic services.

15       The Court can remedy the defects in the proposed Settlement by requiring the parties to

16  carve out the *Choh* plaintiffs' claims from the release set forth in the proposed Settlement and the

17  defendants in *Choh* from the definition of "Releasees."

18  **II.     BACKGROUND**

19       **A.     The *Choh* Litigation**

20       The Ivy League athletic conference is the only Division I NCAA conference in which the

21  member-schools have agreed not to award athletic scholarships or otherwise to award

22  compensation or reimbursement for athletic services. *See Choh* Compl. ¶¶ 1, 8. The *Choh*

23  plaintiffs allege that this Ivy League Agreement violates Section 1 of the Sherman Act. The

24  proposed class in *Choh* comprises Ivy League student-athletes who attended or are attending, and

25  who have been recruited to play a sport and have played such a sport at, one or more of the Ivy

26  League schools since March 7, 2019. *Id.* ¶ 2. The *Choh* plaintiffs seek an injunction barring

27  enforcement of the Ivy League Agreement and damages based on the value of the athletic

28

scholarships, and the other compensation and reimbursement, they would have received for their athletic services, but for the Ivy League's horizontal agreement. *Id.* ¶¶ 16-18.

The *Choh* defendants moved to dismiss the claims on May 15, 2023. ECF 153. The *Choh* plaintiffs opposed the motion on June 29, 2023. ECF No. 160. The motion remains pending. On May 10, 2023, the parties submitted a Rule 26(f) Status Report, which included a case schedule that stayed discovery (subject to a narrow exception that required defendants to produce a limited set of documents) until the court decided the motion. ECF No. 147. On June 26, 2023, the court approved certain detailed supplements to the case schedule. ECF No. 159. On August 4, 2023, following a status conference, the court approved a full case management schedule, including the stay of discovery. ECF No. 174.

After briefing the motion to dismiss, the parties agreed on discovery protocols, which the court approved. ECF Nos. 175-78. Plaintiffs also filed a motion for leave to file supplemental authority (on July 31, 2023), ECF No. 170, and two notices of additional relevant authority. ECF No. 187 (Feb.14, 2024) and ECF No. 188 (May 20, 2024). With one exception covering a limited set of documents pertaining to the Ivy League Agreement, which defendants have since produced, discovery was stayed. ECF No. 174. On August 1, 2024, however, plaintiffs moved to modify the stay of discovery to permit further limited discovery. ECF No. 189.

**B.     The Proposed Settlement in This Case**

The proposed Settlement here is broad and detailed. The *Choh* plaintiffs and their counsel are continuing to review it and to consider its implications for their case and claims. At minimum, however, there are four main aspects of the proposed Settlement, and the Motion for Preliminary Approval of it (the "Motion"), that are relevant to the *Choh* Plaintiffs' pending claims:

(1)     the Settlement and Declaratory Relief Class appears to include the *Choh* plaintiffs;

(2)     the Settlement Additional Sports Class appears to include the *Choh* plaintiffs;

(3)     the proposed releases appear to include the *Choh* plaintiffs' claims, and the proposed "Releasees" appear to include the defendants in *Choh* (*i.e.*, the Ivy League and its member institutions) even though such entities are not parties here; and

(4)     plaintiffs' counsel in this action appear to have been unaware of the *Choh* litigation and so could not have sought to redress their claims or considered their value in reaching a settlement or in allocating compensation among class members.

First, the "Settlement Declaratory and Injunctive Relief Class" appears to include the *Choh* plaintiffs. The Motion defines that class as follows:

> All student-athletes who compete on, competed on, or will compete on a Division I athletic team at any time between June 15, 2020 through the end of the Injunctive Relief Settlement Term.

Motion at 7. The Injunctive Relief Settlement Term extends for ten (10) years from the date of Final Approval. *Id.* at 8 n.3. The injunctive relief would allow all NCAA Division I schools to provide to their student-athletes with previously prohibited direct benefits worth up to 22% of the Power Five schools' average athletic revenues each year (the "Pool" amount). Based on the revenues of Power Five schools, the estimate is that the annual Pool amount will start at more than $20 million per school in the 2025-26 school year and grow to $32.9 million per school in 2034-35. *Id.* at 8. Although "foregoing amounts focus on schools in the Power Five Conferences," under the proposed Settlement, "the Pool for additional spending extends to all Division I schools." *Id.*

Second, the "Settlement Additional Sports Class" appears to include the *Choh* plaintiffs. The Motion defines that class as follows:

> Excluding members of the Football and Men's Basketball Class and members of the Women's Basketball Class, all student-athletes who compete on, competed on, or will compete on a Division I athletic team and who have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024.

*Id.* at 7. Exhibit A to the Motion sets forth estimates of the numbers of class members and average approximate damage awards for members of "All Others" in the Settlement Additional Sports Class. These "All Other" estimates cover those class members who have not competed in

baseball for schools in a Power Five conference; men's football for a school in the AAC and Mountain West conferences plus BYU; men's basketball for a school in the AAC, Atlantic 10, and Mountain West conferences plus Gonzaga; and women's basketball for a school in the AAC and Big East conferences plus Gonzaga. Motion Ex. A at 41. The estimates for the "All Others" category are 380,000 class members and an average damage award of approximately $50. *Id.* The Ivy League is not specifically mentioned in any of these estimates. In addition, the expert analysis supporting the Settlement by Dr. Rascher does not mention the Ivy League. The *Choh* plaintiffs infer, however, that the $50 estimate for members of the "All Other" category applies to student-athletes who have attended an Ivy League university within the period the Settlement Additional Sports Class covers.

Third, the proposed releases appear to include the *Choh* plaintiffs' claims against all defendants in *Choh*. The Motion cites the releases that apply to the foregoing classes. The release language relating to the damage claims states in relevant part:

> In exchange for the consideration provided by the settlement, members of the Damages Classes release all claims that were or could have been raised in the lawsuit – "prior to Final Approval" – "(1) on account of, arising out of, or resulting from any and all previously existing NCAA and *conference rules regarding monies and benefits that may be provided to student-athletes by the NCAA, Division I conferences and/or Division I Member Institutions* . . . .

Motion at 10 (emphasis added).

The Motion contains a similar release provision for the declaratory and injunctive relief claims, stating in relevant part:

> The Stipulation and Settlement Agreement ("Settlement Agreement") also releases "all declaratory and injunctive relief" claims that were or could have been raised in the lawsuit "prior to Final Approval or during the Injunctive Relief Settlement Term," which are on account of, arising out of, or resulting from "the *continuation of existing (at the time of filing for preliminary approval of the Injunctive Relief Settlement) NCAA and conference rules*, as well as new or revised NCAA and conference rules agreed to as part of the Injunctive Relief Settlement, regarding (i) monies and benefits that may be provided to student-athletes by the NCAA, Division I conferences and/or Division I Member Institutions under NCAA or conference rules . . . .

*Id*. at 10-11 (emphasis added).

Both releases thus relate to rules of any Division I conference, including the Ivy League: "monies and benefits that may be provided to student-athletes by the NCAA, Division I conference and/or Division I/Member Institutions" (Damages Classes) and "continuation of existing (at the time of filing for preliminary approval of the Injunctive Relief Settlement) NCAA and conference rules" (Declaratory and Injunctive Relief Class).

These releases in the proposed Settlement would thus cover the *Choh* plaintiffs' claims. The Ivy League is a Division I athletic conference, and all Ivy League member universities are Division I schools. Accordingly, the Settlement Declaratory and Injunctive Relief Class, in principle, includes those *Choh* Class members who began competing for an Ivy League university on June 15, 2020, and will attend such a university through the date the *Choh* litigation is resolved as long as that resolution date falls before the end of the ten-year period defined by the Injunctive Relief Settlement Term. The Settlement Declaratory and Injunctive Relief Class also includes Ivy Athletes who attend an Ivy League university thereafter in the future. (The Injunctive Relief may cover future NIL payments; the *Choh* plaintiffs have not brought any claims relating to NIL.)

Furthermore, the definition of "Releasees" in the Settlement Agreement (at 13) includes "all Division I Conferences… and all Division I Member Institutions." And the Settlement Agreement (at 8) defines "Member Institution" as "any college, school, or university that is a member, in any sport, of NCAA Division I These definitions cover the defendant Ivy League universities in *Choh.* In short, even though the *Choh* defendants (the Ivy League institutions and the Ivy League itself) are *not* defendants nor parties to the cases underlying the proposed Settlement, and even though no Ivy League athlete is a named plaintiff here, and even though the claims in *Choh* are not mentioned in the cases that would be resolved by the proposed Settlement, the proposed Settlement would release all of the plaintiffs' claims in *Choh* against all the defendants in *Choh.*

Fourth, plaintiffs' counsel in this action appear to have been unaware of the *Choh* litigation and so could not have considered the value of the *Choh* plaintiffs' claims in reaching a settlement, in seeking redress for the conduct that is unique in Division I sports that is at issue in *Choh*, or in allocating compensation among class members. The Motion mentions only one other case affected by the proposed Settlement: *Fontenot, et al. v. Nat'l Collegiate Athletic Ass'n, et al.*, No. 1:23- c-03076-CNS-TV (D. Colo.), filed on November 20, 2023, which the Motion identifies as alleging the same Sherman Act claims on behalf of a class whose members all belong to the classes covered by the proposed Settlement. Motion at 28. The Motion does not mention the *Choh* litigation, and to the best of the knowledge of counsel for the *Choh* plaintiffs, the cases that the proposed Settlement would resolve did not seek or produce documents or testimony relating to the claims in *Choh*.

## III.    ARGUMENT

The *Choh* plaintiffs object to the Motion for Preliminary Approval because the proposed Settlement in its current form improperly (and likely inadvertently) proposes to release the *Choh* plaintiffs' claims against the defendants in *Choh* without properly redressing those claims or the *Choh* plaintiffs' concerns—which have been separately and vigorously litigated in a case pending for well over a year in another federal court. In particular, the *Choh* plaintiffs base their objection on the following principal points.

### A.    The Settlement Would Improperly Release the *Choh* Plaintiffs' Claims

Under the "identical factual predicate" doctrine, a class action settlement may release claims only if they are "based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (quotations omitted); *accord Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008); *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 725 F. App'x 560, 563-64 (9th Cir. 2018) (release could not bar subsequent antitrust claims, even though "both actions allege that Defendants inflated the price of natural gas by manipulative trading practices," where "the question of whether Farmland (and thus RFLI) was injured by Defendants" were not addressed in first

1  action). None of the cases consolidated in the instant case shares the same, critical "factual

2  predicate" as the *Choh* litigation—namely, the Ivy League Agreement and its economic impact

3  on Ivy League students. (The *Choh* plaintiffs do not object to the Settlement to the extent the

4  Injunctive Relief covers future NIL payments, because they have not asserted claims based on

5  NIL restrictions.)

6     **B.     The Settlement Would Not Properly Redress the *Choh* Plaintiffs' Claims**

7           The Settlement would not provide the *Choh* plaintiffs compensation for their distinctive

8  claims or offer any other appropriate relief. Indeed, the plaintiffs in this action appear to have

9  been unaware of the *Choh* litigation and, if so, they could not have considered the value of those

10 claims in negotiating the proposed Settlement or allocating funds to the members of the proposed

11 *Choh* class.

12          There are additional problems with the Settlement. First, in providing that all members of

13 the Declaratory and Injunctive Relief Classes are eligible for additional monies beyond those for

14 which they are eligible under current NCAA rules (up to a school-specific limit set forth in the

15 Settlement), the Settlement and Motion for Preliminary Approval are ambiguous as to whether

16 these monies relate to student-athletes' NIL rights or compensation for future athletic services.

17 The Motion mentions that the "Pool" amounts are to provide "student-athletes with previously

18 prohibited direct benefits." Motion at 8; *see also* Settlement Agreement Art. 3, Section 1(a)

19 (addressing the "Pool"). The terms "previously prohibited direct benefits" (in the Motion) and

20 "additional payments and/or benefits over and above annual existing scholarships and all other

21 benefits currently permitted by NCAA rules" (in the Settlement) can be read to refer to either or

22 both of direct NIL payments by schools and compensation for athletic services paid to student-

23 athletes. What is more, under the proposed Settlement, part of the proposed injunctive relief is

24 that "All NCAA Division I athletic scholarship limits will be eliminated." Where athletic

25 scholarships may be understood to constitute "compensation" for athletic services, *NCAA v.*

26 *Alston*, 594 U.S. 69, 71-107 (2021), the Settlement may mean that future monies relate to

27 scholarships and not merely NIL payments.

28

1    These ambiguities, and the potential operation of the proposed Settlement, are relevant to

2    the *Choh* plaintiffs, who seek both athletic scholarships and athletic-services compensation that

3    the Ivy League Agreement continues to prohibit. If the Injunctive Relief pertains to

4    compensation for athletic services, with the Ivy League Agreement in effect, then the *Choh*

5    plaintiffs would be treated differently than all other Division I student-athletes to which the

6    proposed Settlement applies because the Ivy League is unique in that it is the only Division I

7    Conference in which its members agree not to award athletic scholarships or otherwise

8    compensate their athletes. The parties to the proposed Settlement appear not to have anticipated

9    this issue. Indeed, as noted above, the Motion does not even acknowledge *Choh* as an "other case

10   affected by the Settlement."

11   Second, under the proposed Settlement, the Additional Sports Class affords the members

12   of the proposed class in *Choh* an average of approximately only $50, *see* Motion, Ex. A at 41,

13   and does so without including any estimate of the damages the Ivy League Agreement has

14   caused the *Choh* plaintiffs or members of the proposed class in *Choh*. Neither the Motion nor the

15   Settlement Agreement addresses the extent to which the $50 estimate pertains to NIL damages or

16   compensation for athletic services, but Dr. Rascher reports that the damages for the Additional

17   Sports Class is only for compensation (approximately $5 million for each year of the damages

18   class period). *See* Rascher Decl. at 29. Dr. Rascher does not address the Ivy League or undertake

19   to assess the damages the Ivy League Agreement has caused as to compensation. The Motion for

20   Preliminary Approval itself underscores the importance of assessing the impact of collusive

21   activity among Division I schools, in explaining that class counsel will have the ability to audit

22   revenues "to make sure they are being properly recorded and to enforce anti-collusion provisions

23   that will ensure that the schools compete with each other and making benefit and compensation

24   decisions for athletes." Motion at 9. That the entire premise of the *Choh* case is that the Ivy

25   League *already* colludes on athletic compensation underscores that the parties to the  Settlement

26   overlooked the *Choh* litigation and the Ivy League Agreement which it challenges.

27

28

In this regard, although the *Choh* plaintiffs have not yet calculated their alleged damages, they will be seeking far more than $50 per class member. The *Choh* plaintiffs allege, as noted, that—uniquely among Division I schools—the Ivy League Agreement prohibits athletic scholarships. It is publicly reported that the average net cost of these schools, even accounting for need-based financial aid awards, exceeds $20,000 a year.[2] Athletic scholarships (whether full, half, or quarter) can cover this entire cost—far above the $50 per class member award in the Proposed Settlement. The *Choh* plaintiffs also alleges that the Ivy League Agreement prohibits Ivy League universities from awarding any compensation (or reimbursement of education-related expenses) for athletic services, such that no member of the proposed class has received any compensation for athletic services. These compensation amounts would also far exceed $50 per student.

**C.      Plaintiffs' Counsel and Their Clients in this Case Do Not Adequately Represent the *Choh* Plaintiffs in Releasing Their Claims**

In the cases underlying the proposed Settlement, the plaintiffs did not allege or seek injunctive or damage relief based on the Ivy League Agreement—which has a unique status among all Division I schools in that it is the only member agreement that incorporates an explicit agreement not to award athletic scholarships or otherwise compensate athletes. The Motion does not recognize *Choh* as a case "affected by the settlement." These facts leave Settlement Counsel and their class representative conflicted to the extent they seek to release the claims at issue in the *Choh* litigation. *See*, *e.g.*, *In re Stec Inc. Securities Litig.*, 2012 WL 6965372, at *6 (C.D. Cal. Mar. 7, 2012) ("Proposed class representatives have a conflict of interest with the absent putative class members if they do not have standing to or refuse to assert certain claims that may be available and advantageous to the absent putative class members."); *accord Back Doctors Ltd. v.*

---

[2] *See*, *e.g.*, Cole Claybourne, *How Much is an Ivy League Degree Worth?*, U.S. NEWS AND WORLD REPORT (Jan. 30, 2023) ("The average annual cost to attend an Ivy League school after financial aid, or net price, is $23,234, according to U.S. News data.").

1   *Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("A representative can't throw

2   away what would be a major component of the class's recovery.").

3   **IV.     CONCLUSION**

4           The *Choh* plaintiffs respectfully submit, for the foregoing reasons, that the Court should

5   deny the Motion for Preliminary Approval to the extent it releases the *Choh* plaintiffs' claims.

6   The Court can easily remedy this defect by requiring the parties to carve out from the release in

7   the proposed Settlement the claims being litigated in *Choh* and the defendants in *Choh* from the

8   definition of "Releasees."

9

10  Dated: August 8, 2024                      BERGER MONTAGUE PC

11                                              */s/ Joshua P. Davis*
                                                Joshua P. Davis (SBN 193254)
12                                              Hope Brinn (SBN 338508)
                                                BERGER MONTAGUE PC
13                                              505 Montgomery Street, Suite 625
                                                San Francisco, CA 94111
14                                              Tel: (800) 424-6690
                                                jdavis@bm.net
15                                              hbrinn@bm.net

16

17                                              Eric L. Cramer
                                                Patrick F. Madden
18                                              Alan K. Cotler
                                                Najah Jacobs
19                                              BERGER MONTAGUE PC
                                                1818 Market Street, Suite 3600
20                                              Philadelphia, PA 19103
                                                Tel: (215) 875-3000
21                                              Email: ecramer@bm.net
                                                Email: pmadden@bm.net
22                                              Email: alancotler@gmail.com
                                                Email: njacobs@bm.net
23

24                                              Robert E. Litan
                                                Daniel J. Walker
25                                              **BERGER MONTAGUE PC**
                                                1001 G Street, NW, Suite 400 East
26                                              Washington, DC 20001
                                                Tel: (202) 559-9740
27

28

Facsimile: (215) 875-5707
Email: rlitan@bm.net
Email: dwalker@bm.net

Devin "Velvel" Freedman
Edward Normand
Richard Cipolla
Joseph Delich
Stephen Lagos
**FREEDMAN NORMAND FRIEDLAND LLP**
90 Park Avenue, Suite 1910
New York, NY 10016
Phone: (646) 970-7513
vfreedman@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law
slagos@fnf.law

Stephen M. Kindseth
James M. Moriarty
John L. Cesaroni
**ZEISLER & ZEISLER, P.C.**
10 Middle Street, 15th Floor
Bridgeport, CT 06605
Phone: (203) 368-4234
Fax: (203) 368-5485
skindseth@zeislaw.com
jmoriarty@zeislaw.com
jcesaroni@zeislaw.com

*Attorneys for Interested Parties Tamenang Choh
and Grace Kirk (and the Choh proposed class)*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

/s/ Joshua P. Davis
Joshua P. Davis