**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**[*REVISED* PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL** |

This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Defendants National Collegiate Athletic Association ("NCAA"), Atlantic Coast Conference ("ACC"), The Big Ten Conference, Inc. ("Big Ten"), The Big 12 Conference, Inc. ("Big 12"), Pac-12 Conference ("Pac-12") and Southeastern Conference ("SEC") (collectively, the "Defendants") ("Motion").

WHEREAS, Plaintiffs, on behalf of themselves and the proposed stipulated settlement classes ("Settlement Classes"), and Defendants, have agreed, subject to Court approval following notice to the Settlement Classes and a hearing, to settle the above-captioned matter ("Lawsuit") upon the terms set forth in the Amended Stipulation and Settlement Agreement between Plaintiffs and Defendants NCAA, ACC, Big Ten, Big 12, Pac-12, and SEC ("Amended Settlement Agreement") (attached as Exhibit 1 to the Declaration of Steve W. Berman in Support of Plaintiffs' Supplemental Brief in Support of Motion for Preliminary Approval of Settlement ("Berman Supplemental Declaration"));

WHEREAS, this Court has reviewed and considered the Amended Settlement Agreement entered into between the parties, the record in this case, and the briefs and arguments of counsel;

WHEREAS, Plaintiffs have applied for an order granting preliminary approval of the settlement set forth in the Amended Settlement Agreement ("Settlement") and directing notice to the Settlement Classes (defined in paragraphs 3, 5, 7, and 9, below) in connection with the Amended Settlement Agreement pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure;

WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the Lawsuit meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs have presented sufficient information, pursuant to the Federal Rules, to justify directing notice of the Settlement to the Settlement Classes;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Amended Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Amended Settlement Agreement and the Settlement set forth therein, finding that it is likely to approve the Settlement as fair, reasonable, and

2
[REVISED PROPOSED] ORDER GRANTING PLS. MOTION FOR PRELIMINARY SETTLEMENT APPROVAL - NO. 4:20-CV-03919-CW
010912-11/2825871 V1

1  adequate pursuant to Rule 23(e)(2), subject to further consideration at a hearing (the "Fairness
2  Hearing").

3     2.   The Fairness Hearing shall be held before this Court on _____, 2025, at 2:00
4  p.m. [at least 150 days after the Notice Date (at the convenience of the Court)], at the United States
5  District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street,
6  Oakland, CA 94612, to determine whether to approve certification of the Settlement Classes for
7  settlement purposes; whether the proposed Settlement of the Lawsuit on the terms and conditions
8  provided for in the Amended Settlement Agreement is fair, reasonable, and adequate to the
9  Settlement Classes and should be approved by the Court; whether a final judgment should be entered
10 herein; whether the proposed plan of distribution should be approved; to determine the amount of
11 fees and expenses that should be awarded to Class Counsel; and to determine the amount of the
12 service awards that should be provided to the class representatives. The Court may adjourn the
13 Fairness Hearing without further notice to the members of the Settlement Classes.

14    3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily
15 certifies, for purposes of effectuating this Settlement, a Settlement Class as follows, hereinafter
16 referred to as the "Settlement Declaratory and Injunctive Relief Class":

> All student-athletes who compete on, competed on, or will compete on a Division I athletic team at any time between June 15, 2020 through the end of the Injunctive Relief Settlement Term.[1] This Class excludes the officers, directors, and employees of Defendants. This Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

21    4.   The Court designates Grant House, DeWayne Carter, Nya Harrison, Sedona Prince,
22 and Nicholas Solomon as the class representatives for the Settlement Declaratory and Injunctive
23 Relief Class.

24    5.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court also
25 preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class as follows,
26 hereinafter referred to as the "Settlement Football and Men's Basketball Class":

---

[1] The Injunctive Settlement Term is the ten (10) Academic Years following the date of Final Approval of the Settlement.

> All student-athletes who have received or will receive full GIA scholarships and compete on, competed on, or will compete on a Division I men's basketball team or an FBS football team, at a college or university that is a member of one of the Power Five Conferences (including Notre Dame), and who have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024. This Class excludes the officers, directors, and employees of Defendants. This Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

6. The Court designates Tymir Oliver and DeWayne Carter as the class representatives for the Settlement Football and Men's Basketball Class.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class as follows, hereinafter referred to as the "Settlement Women's Basketball Class":

> All student-athletes who have received or will receive full GIA scholarships and compete on, competed on, or will compete on a Division I women's basketball team at a college or university that is a member of one the Power Five Conferences (including Notre Dame), and who have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024. This Class excludes the officers, directors, and employees of Defendants. This Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

8. The Court designates Sedona Prince as the class representative for the Settlement Women's Basketball Class.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class as follows, hereinafter referred to as the "Settlement Additional Sports Class":

> Excluding members of the Football and Men's Basketball Class and members of the Women's Basketball Class, all student-athletes who compete on, competed on, or will compete on a Division I athletic team and who have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024. This Class excludes the officers, directors, and employees of Defendants. This Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

10. The Court designates Grant House, Nya Harrison, and Nicholas Solomon as the class representatives for the Settlement Additional Sports Class.

11. The Court will refer to the Settlement Declaratory and Injunctive Relief Class, Settlement Football and Men's Basketball Class, the Settlement Women's Basketball Class, and the Settlement Additional Sports Class collectively as the "Settlement Classes." The Court will refer to the Settlement Football and Men's Basketball Class, the Settlement Women's Basketball Class, and the Settlement Additional Sports Class collectively as the "Damages Settlement Classes."

12. The Court designates Hagens Berman Sobol Shapiro, LLP and Winston & Strawn LLP as Class Counsel for the Settlement Classes.

13. Having found that it will likely approve the Settlement and certify the Settlement Classes for purposes of settlement with Defendants, the Court hereby directs Plaintiffs to give notice of the Settlement to the Settlement Classes.

14. The Court approves as to form and content the proposed notice forms and other forms, including the Email Notice, Postcard Notice, Long Form Notice, Claim Form, and Press Release, attached as Exhibits 3 to 7, respectively, to the Berman Supplemental Declaration, as well as the Digital Notices attached as Exhibit 3 to the Declaration of Carla A. Peak Regarding Settlement Notice Program, ECF No. 450-5 ("Peak Declaration"). The Court further finds the proposed contents of these notices, and the proposed plan of notice described in the Peak Declaration, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

15. As part of the Class Notice plan described in the Peak Declaration, Defendant NCAA and Defendant Conferences are ordered to direct their member institutions to provide to the Settlement Administrator reasonably ascertainable information regarding the names and last-known contact information (addresses and/or email addresses) of NCAA Division I student-athletes who meet the criteria for one of the Settlement Classes certified above. To the extent additional student-athlete information is needed to effectuate notice for certain Settlement Classes—including but not limited to NCAA Eligibility Center student identification number, academic years on roster, periods

5

[REVISED PROPOSED] ORDER GRANTING PLS. MOTION FOR PRELIMINARY SETTLEMENT APPROVAL - NO. 4:20-CV-03919-CW
010912-11/2825871 V1

of ineligibility, sport played, position played, grant-in-aid status, and transfer status—Division I member institutions of the NCAA and Defendant Conferences are ordered to provide such information if reasonably ascertainable, along with the names and last-known contact information of student-athletes who satisfy the criteria for one of the Settlement Classes, to the Settlement Administrator. All names and contact information obtained through these sources shall be protected as confidential and not used for purposes other than the notice and administration of this Settlement, or as otherwise ordered by law.

16. The Court appoints the firm of Verita Global, LLC ("Settlement Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    a. No later than two weeks after the filing of this Preliminary Approval Order, the Settlement Administrator shall establish a public, case-specific website at the following web address—collegeathletecompensation.com—for the settlements in the above-captioned matter and *Hubbard v. NCAA, et al.*, Case No. 4:23-cv-01593-CW (N.D. Cal.). The website shall make available the full version of the Amended Settlement Agreement, the Preliminary Approval Order, the Long Form Notice, and the Claim Form, in both an electronically fillable form and in a format that may be downloaded and/or printed;

    b. Beginning no later than two weeks after the filing of this Preliminary Approval Order (the "Notice Date"), the Settlement Administrator shall commence providing e-mail notice, substantially in the form annexed as Exhibit 3 to the Berman Supplemental Declaration, to all Settlement Class Members whose email addresses can be identified with reasonable effort;

    c. Beginning no later than two weeks after the filing of this Preliminary Approval Order, the Settlement Administrator shall commence mailing of the Postcard Notice via the United States Postal Service first-class mail, postage prepaid, substantially in the form annexed as Exhibit 4 to the Berman Supplemental Declaration.

17. The claims period shall commence two weeks after the filing of this Preliminary Approval Order, and shall continue through and including 165 after the Notice Date.

18. Class Counsel shall file their motion for attorneys' fees, costs, and service awards for

the class representatives, and all supporting documentation and papers, by 60 days after the Notice Date.

19.   Any person who desires to request exclusion from the Damages Settlement Classes must do so by 105 days after the Notice Date, and such request for exclusion shall be in the form of a signed letter mailed or otherwise delivered to the Settlement Administrator stating that the person wants to be excluded from the *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919-CW (N.D. Cal.) settlement, and the letter must include the person's name, current address, and NCAA ECID number if available. All persons who submit valid and timely requests for exclusion shall have no rights under the Amended Settlement Agreement, shall not share in the distribution of the settlement funds, and shall not be bound by the final judgments relating to Defendants entered in the litigation.

20.   Any member of the Settlement Classes may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

21.   Any member of the Settlement Classes may appear and show cause, if he or she has any reason, why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why the plan of distribution should or should not be approved; why attorneys' fees and expenses should or should not be awarded to Class Counsel; or why the service awards should or should not be awarded to the class representatives. All written objections and supporting papers must (a) clearly identify the case name and number (*In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919-CW (N.D. Cal.)), (b) be submitted to the Court by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay St, Oakland, CA 94612, filing it electronically, or by filing it in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before 105 days after the Notice Date.

22.   All papers in support of the settlement and responses by Class Counsel regarding objections and exclusions shall be filed and served by 135 Days after Notice Date.

23.   All reasonable expenses incurred in identifying and notifying members of the

Settlement Classes, as well as administering the Settlement Fund, shall be paid for as set forth in the Amended Settlement Agreement.

24. Neither the Amended Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs or Defendants, respectively, of the truth or falsity of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind.

25. All members of the Settlement Classes are temporarily barred and enjoined from instituting or continuing the prosecution of any action filed subsequent to the filing of the Settlement Agreement (ECF No. 450-3), which was filed on July 26, 2024, asserting the claims released in the proposed Settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the Settlement.

26. Any member of the Damages Settlement Class who does not properly and timely request exclusion, upon final approval of the Settlement, shall be bound by the terms and provisions of the Settlement so approved, including, but not limited to, the releases, waivers, and covenants set forth in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

**IT IS SO ORDERED.**

Dated: _____

_____
The Honorable Claudia Wilken
United States Senior District Court Judge