# EXHIBIT 5



United States District Court
*In re: College Athlete NIL Litigation*
Case No. 4:20-cv-03919

# Class Action Notice

## *Authorized by the U.S. District Court*

| **Were you a Division I college athlete at any time between 2016 and 2024 who was subject to NCAA scholarship and compensation rules?** | **There is a $2,576,000,000 settlement of a lawsuit.** <br><br> **You may be entitled to money.** <br><br> **The settlement also changes NCAA compensation rules in the future.** | **To see how much money you may get, visit www.collegeathletecompensation.com on [60 days after notice date].** <br><br> **Read this notice.** <br><br> **Respond by [105 days after notice date], if needed.** |
|---|---|---|

Important things to know:

- If you take no action, you will still be bound by the settlement, and your rights will be affected.
- If you would like to understand how NCAA compensation rule changes may give you more compensation opportunities in the future, please go to pg. 7.
- You can learn more at: www.collegeathletecompensation.com.

-1-

# Table of Contents

**Table of Contents** ................................................................................................................. 2
**About This Notice** ................................................................................................................. 3
   Why did I get this notice? ..................................................................................................... 3
   What do I do next? ................................................................................................................ 3
   What are the most important dates? ..................................................................................... 3
**Learning About the Lawsuit** ................................................................................................. 4
   What is this lawsuit about? .................................................................................................... 4
   Why is there a settlement in this lawsuit? ............................................................................ 4
   What happens next in this lawsuit? ...................................................................................... 4
**Important Facts About How The Settlement Might Affect You** ...................................... 5
   What does the settlement provide? ....................................................................................... 5
   How do I know if I am part of this settlement? .................................................................... 6
   How much will my payment be? .......................................................................................... 6
   What if I received two notices? ............................................................................................ 7
   Will any NCAA rules change? ............................................................................................. 7
**Deciding What to Do** ............................................................................................................. 8
   How do I weigh my options? ................................................................................................ 8
**Getting a Payment** ................................................................................................................. 9
   How do I get a payment? ...................................................................................................... 9
   How do I make sure I receive my payment? ....................................................................... 9
   Do I need to file a Claim Form? ......................................................................................... 10
   Do I have a lawyer in this lawsuit? ..................................................................................... 10
   Do I have to pay the lawyers in this lawsuit? .................................................................... 11
**Opting Out** ........................................................................................................................... 11
   What if I don't want to be part of this settlement? ............................................................. 11
   How do I opt out? ................................................................................................................ 12
**Objecting** .............................................................................................................................. 12
   What if I disagree with the settlement? .............................................................................. 12
**Doing Nothing** ...................................................................................................................... 13
   What are the consequences of doing nothing? ................................................................... 13
**Key Resources** ...................................................................................................................... 13
   How do I get more information? ........................................................................................ 13

# About This Notice

## Why did I get this notice?

This notice is to tell you about the settlement of a class action lawsuit, *In re: College Athlete NIL Litigation,* brought on behalf of current and former college athletes who competed on a Division I athletic team between June 15, 2016 and September 15, 2024. **You may be a member of the group of people affected, called the "class."** This notice gives you a summary of the terms of the proposed Settlement Agreement, explains what rights class members have, and helps class members make informed decisions about what action to take.

## What do I do next?

Read this notice to understand the settlement and to determine if you are a class member. Then, decide if you want to:

| **Options** | More information about each option |
|---|---|
| **Do Nothing** | Likely get no money, and give up your right to bring a lawsuit against the NCAA, and the Power Five Conferences (the ACC, Big 12, Big Ten, Pac-12, SEC), including their member institutions, about the same issues. |
| **Participate in Settlement** | Potentially receive one or more payments, if you qualify. Update your contact information/payment method, and/or submit a Claim Form to receive payments. See page 9-10. Give up your right to bring a lawsuit against the NCAA and the Power Five Conferences (the ACC, Big 12, Big Ten, Pac-12, SEC), including their member institutions, about the same issues. |
| **Opt Out** | Get no payment. Allows you to bring another lawsuit against the NCAA, ACC, Big 12, Big Ten, Pac-12, SEC and/or their member institutions about the same issues. You cannot opt out of the future rule changes (this is called injunctive relief). |
| **Object** | Tell the Court why you don't like the settlement. |

Read on to understand the specifics of the settlement and what each choice would mean for you.

## What are the most important dates?

Your deadline to object or opt out: **[105 days after notice date]**

Settlement Final Approval Hearing: **[date, at least 150 days after notice date]**. You should check www.collegeathletecompensation.com or the Court's PACER site to confirm that the date has not changed.

Your deadline to submit a Claim Form, if applicable to you, and select a preferred payment method for direct payment is: **[165 days after notice date]**

## Learning About the Lawsuit

### What is this lawsuit about?

Several college athletes sued the NCAA and Power Five Conferences in a class action lawsuit. The lawsuit alleges that the NCAA and Power Five Conferences broke the law by agreeing not to pay college athletes for their participation in college sports or for the use of their NIL (Name, Image, and Likeness), and limiting scholarships available to college athletes.

**Where can I learn more?**
You can get a complete copy of the Complaint, Settlement Agreement, and the Court's Orders at: collegeathletecompensation.com

The NCAA and Power Five Conferences deny that they did anything wrong.

### Why is there a settlement in this lawsuit?

The parties agreed to settle, which means they have reached an agreement to resolve the lawsuit. Both sides want to avoid the risk and expense of further litigation.

The settlement is on behalf of college athletes who competed on a Division I athletic team between June 15, 2016 and September 15, 2024. The Court has not decided this case in favor of either side.

**What is a class action settlement?**
A class action settlement is an agreement between the parties to resolve and end the case. Settlements can provide money to class members and changes to the practices that caused the alleged harm.

The settlement also changes NCAA rules on compensation for athletes going forward. Schools may increase compensation opportunities that affect you going forward because of these rule changes.

### What happens next in this lawsuit?

The Court will hold a Final Approval Hearing to decide whether to approve the settlement. The hearing will be held at:

**Where:** Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612

**When:** [time] on [date] [at least 150 days after notice date]

The date and time of the Final Approval Hearing may change without further notice to the class. You should check the settlement website or the Court's PACER site to confirm that the date has not changed.

**Case:** *In re: College Athlete NIL Litigation*, No. 4:20-cv-03919-CW

**Judge:** Claudia A. Wilken

The Court has directed the parties to provide this notice about the proposed settlement. Because the settlement of a class action decides the rights of all members of the proposed classes, the Court must give final approval to the settlement before it can take effect. Payments will be made only if the Court approves the settlement.

You don't have to attend the hearing, but you may do so at your own expense. You may also ask the Court for permission to speak and express your opinion about the settlement. If the Court does not approve the settlement or the parties decide to end it, the settlement will be void and the lawsuit will continue.

## Important Facts About How The Settlement Might Affect You

### What does the settlement provide?

The Defendants (NCAA and Power Five Conferences) have agreed to pay $2,576,000,000 into a settlement fund ("damages settlement"). This money will be divided among class members (according to a Distribution Plan) and will also be used to pay for costs and fees approved by the Court, including the cost of administering this settlement and awards to the Class Representatives for their help in the lawsuit.

**Who are the Defendants?**
NCAA, ACC, Big 12, Big Ten, Pac-12, and SEC

Defendants will also change NCAA and conference rules to allow student athletes to receive additional benefits, including for NIL, and participation in college sports and eliminate scholarship limits ("Injunctive Relief Settlement").

Members of the Settlement Classes will "release" their claims as part of the settlement, which means they cannot sue any of the Defendants or their member institutions for the same issues in this lawsuit. The full terms of the release can be found at www.collegeathletecompensation.com.

**NOTE**: The Settlement Agreement does not release claims currently raised in the Complaint in *Choh v. Brown University et al.*, No. 3:23-cv 305 (D. Conn.) ("*Choh*"), against the Ivy League and Ivy League member institutions ("*Choh* Defendants"), challenging an alleged agreement among the *Choh* Defendants not to award athletic scholarships or otherwise provide any compensation or education-related reimbursements for athletic services as permitted under then-applicable NCAA rules. The previously filed *Choh* claims arise out of unique aspects of rules applicable within the Ivy League alone. The Settlement Agreement and its release provisions otherwise fully apply to student-athletes who are in the Settlement Classes, including, but not limited to Ivy League student-athletes, and likewise otherwise fully apply to Releasees as defined in the settlement, which includes but is not limited to the Ivy League, Ivy League member institutions, and Defendants in this Action.

The Settlement Agreement does not release the claims currently stated in the Complaint in *Johnson, et al. v. National Collegiate Athletic Association, et al.*, 2:19-cv-05230-JP (E.D. Pa.), claims under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. or any other federal labor laws, or claims under any analogous state labor laws.

You do not need to opt out of this settlement in order to pursue remedies in those actions.

## How do I know if I am part of this settlement?

**You are part of the "damages" settlement classes if:**

- You received a full Grant-in-Aid scholarship and compete on, competed on, or were declared initially eligible for a Division I Men's Basketball team or an FBS Football team in a Power Five Conference at any time between June 15, 2016 and September 15, 2024.

- You received a full Grant-in-Aid scholarship and compete on, competed on, or were declared initially eligible for a Division I Women's Basketball team in a Power Five Conference at any time between June 15, 2016 and September 15, 2024.

- You compete on, competed on, or were declared initially eligible for a Division I athletic team at any time between June 15, 2016 and September 15, 2024, including, but not limited to, those who (i) have received a full or partial Grant-in-Aid scholarship and/or (ii) received compensation for the use of their NIL since July 1, 2021 while a college athlete if you competed in the same Division I sport prior to July 1, 2021.

**You are part of the "injunctive" settlement if:**

- You compete on, or competed on, a Division I athletic team at any time between June 15, 2020 through the date of any injunctive relief ordered by the Court.

**You are not part of the settlement if:** You are an officer, director, or employee of one of the Defendants or you are the staff or immediate family member of the judge in this case.

## How much will my payment be?

Your payment will be determined according to a Distribution Plan that is available on the settlement website and summarized below:

- Broadcast NIL payments will be a set, yearly amount for each Football and Basketball player based on the sport you competed in, the specific years you played between 2016-2024, and the conference in which you competed. Payments will be equal for members competing in the same sport in the same conference in the same year.

- Videogame NIL payments will be a set, yearly amount for each athlete who competed in FBS Football and Division I Men's Basketball based on the specific years you competed between 2016-2024 and the number of claims filed by class members. Total payments to be shared equally each year are based on a fixed percentage applied to estimated videogame revenue that would have occurred had a game been in existence each year.

> **What is NIL, BNIL, and Lost NIL?**
> NIL refers to name, image and likeness. BNIL, as defined by Class Counsel in the litigation, refers to the use of an athlete's NIL via broadcasts like tv, radio, internet and other media. Lost NIL is the money third parties would have paid for your NIL if they could.

- Payments for additional compensation for your athletic services will be based on the specific years you competed in Division I between 2019-2024, the sport you competed in, the school you competed for, and the number of claims filed by class members. For athletes competing in Power Five Football or Basketball, payments will also be based on the scholarship you received and performance statistics.

- Lost NIL payments will be based on the amount of money you received from third parties for your NIL between July 1, 2021 and July 1, 2023, the specific years you competed between 2016-2021, the sport you competed in, the school(s) you competed for, your performance statistics, and the number of claims filed by class members.

Your payment also depends on the amount of money the Court approves for costs, fees, and awards, as well as other factors. Any payment you are entitled to will be paid out yearly over a ten-year period with equal amounts paid each year.

To select your method of payment (e.g. Venmo, check, etc.), please visit www.collegeathletecompensation.com.

To see your estimated payment amount [60 days after notice date], go to www.collegeathletecompensation.com and log in using the ClaimID and PIN in the email or postcard you received about this settlement, or use your NCAA EC ID number if you did not receive an email or postcard. Please note, your estimated payment amount is based on the information your schools have on file for you and provided for distribution in this settlement. You may need to submit a Claim Form to receive all payments you qualify for.

## What if I received two notices?

If you received two notices by email and/or mail, records indicate that you are included in both this settlement and the Academic Achievement Award settlement (a.k.a. *Hubbard v. National Collegiate Athletic Association*). You may be eligible to receive money from both settlements.

Go to www.collegeathletecompensation.com to file a Claim Form in this settlement and in the *Hubbard v. National Collegiate Athletic Association* settlement, if required, to receive all the money you qualify for.

## Will any NCAA rules change?

Yes, under the injunctive settlement, NCAA and conference rules will be changed to allow student-athletes to:

- receive additional benefits, including for NIL;
- receive additional benefits over and above annual existing scholarships and other benefits currently permitted by NCAA rules.

Complete details regarding these rule changes, as well as additional benefits, are provided in the Injunctive Relief Settlement, available at www.collegeathletecompensation.com. You cannot opt out of the injunctive settlement; you may object only if you disagree with these changes.

# Deciding What to Do

## How do I weigh my options?

You have four options.
- You can stay in the settlement and submit a claim (if needed),
- You can opt out of the damages settlement,
- You can object to the injunctive and damages settlement, or
- You can update your contact information and method of payment and automatically receive your payment (if eligible).

**Choose the best path for you:**



# Getting a Payment

## How do I get a payment?

If your contact information and method of payment is confirmed, then,

Payments will be **automatically** sent to:

- Power Five Football and Men's Basketball athletes for BNIL awards, videogame awards, athletic services, and awards for lost third-party payments for your NIL (if NIL deal information has been provided to Plaintiffs by your school);

> **What is NIL and BNIL?**
> NIL refers to name, image and likeness. BNIL, as defined by Class Counsel in the litigation, refers to the use of an athlete's NIL via broadcasts like tv, radio, internet and other media.

- Power Five Women's Basketball athletes for BNIL, athletic services, and awards for lost third-party payments for your NIL (if NIL deal information has been provided to Plaintiffs by your school); and

- Any Division I Athlete who competed in the same sport prior to and after July 1, 2021, and had an NIL deal after July 1, 2021 that has been provided to Plaintiffs by your school.

You **must file a Claim Form** to receive a payment if:

- You are a Division I athlete other than a Power Five Football or Basketball player and you want to receive payment for athletic services;

- You are a Football or Basketball athlete not in the Power Five and you want to receive payment for videogames;

- You are a Division I athlete who competed in the same sport prior to and after July 1, 2021, and had an NIL deal after July 1, 2021 that has not been provided to Plaintiffs by your school.

You may review your estimated payment amount [60 days after notice date] at www.collegeathletecompensation.com and file a Claim Form if any amounts are missing or a Claim Form is required for you to receive all the money you qualify for.

Claim Forms may be submitted online or downloaded from www.collegeathletecompensation.com and mailed to the Settlement Administrator. Claim Forms must be submitted online or postmarked by **[165 days after notice date]**.

You can choose a method of payment at www.collegeathletecompensation.com; if you are eligible, you will receive equal payments of your share every year, for ten years.

## How do I make sure I receive my payment?

If you are eligible to receive payment, you can review your estimated payment amount and/or submit a Claim Form; you should also make sure your contact information is current and method of payment is chosen. If the contact information listed is incorrect, you can and should update it because it will be used to send you your money if you qualify for payment.

## Do I need to file a Claim Form?



## Do I have a lawyer in this lawsuit?

> In a class action, the court appoints class representatives and lawyers to work on the case and represent the interests of all the class members. For this settlement, the Court has appointed the following individuals and lawyers.

**Your lawyers:** Steve Berman of Hagens Berman Sobol Shapiro LLP and Jeffrey Kessler of Winston & Strawn LLP. These are the lawyers who negotiated this settlement on your behalf.

If you want to be represented by your own lawyer, you may hire one at your own expense.

## Do I have to pay the lawyers in this lawsuit?

Lawyers' fees and costs will be paid from the Settlement Fund. **You will not have to pay the lawyers directly.**

To date, your lawyers have not been paid any money for their work or the expenses that they have paid for the case. To pay for some of their time and risk in bringing this case without any guarantee of payment unless they were successful, your lawyers will request, as part of the final approval of this settlement, that the Court approve a payment of up to 20% of the $1.976 billion NIL Settlement Fund and up to 10% of the $600 million Compensation for Athletic Services Fund in attorneys' fees, plus the reimbursement of out-of-pocket expenses. These fees will be paid out over ten years so they are aligned with any payments you will receive.

With regard to the injunctive relief portion of the settlement, Class Counsel may also apply to the Court for an upfront injunctive fee and cost award of $20 million, which shall be paid for by Defendants, in addition to all other amounts paid. Annually, Class Counsel may apply to the Court, or a special master appointed by the Court, for a percentage of the amounts athletes received that year as additional compensation. These payments to Class Counsel will count toward the maximum amount that all schools can spend in the next year. Further details on these payments can be found in the Settlement Agreement, available at www.collegeathletecompensation.com.

Lawyers' fees and expenses will be awarded only if approved by the Court as a fair and reasonable amount. You have the right to object to the lawyers' fees even if you think the settlement terms are fair. The lawyers' motion for attorneys' fees and costs will be filed with the Court and posted on the settlement website on or before [60 days after notice date].

Your lawyers will also ask the Court to approve a payment of up to $125,000 to the Class Representatives for the time and effort they contributed to the case. If approved by the Court, this will be paid from the Settlement Fund.

# Opting Out

## What if I don't want to be part of this settlement?

As to the damages settlement alone, you can opt out. If you do, you will not receive payment and cannot object to the settlement. However, you will not be bound or affected by anything that happens in this lawsuit and may be able to file your own case. You cannot opt out of the injunctive settlement.

## How do I opt out?

To opt out of the damages settlement, you must mail a letter to the Settlement Administrator at the address below postmarked by **[105 days after notice date]**. Your letter must include (1) your name, (2) your current address, (3) your NCAA EC ID number, if available, and (4) a sentence stating, "I want to opt out from the damages classes in *In re: College Athlete NIL Litigation*, Case No. 4:20-cv-03919," and (5) your signature.

> *House v. NCAA* Settlement Administrator
> P.O. Box 301134
> Los Angeles, CA 90030-1134

# Objecting

## What if I disagree with the settlement?

If you disagree with any part of the settlement (including the injunctive portion, and the lawyers' fees), you may object. You do not need to opt out of the damages settlement to make an objection. You must give reasons in writing why you think the Court should not approve the settlement and state whether your objection applies to just you, one of the classes, or all of the classes. You may also ask to speak at the Final Approval Hearing, and you may be allowed if you file a written objection but not everyone will have the opportunity to speak.

The Court will consider your views. The Court can only approve or deny the settlement — it cannot change the terms of the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object. You may, but don't need to, hire your own lawyer to help you.

To object, you must send a letter to the Court, or file electronically at https://ecf.cand.uscourts.gov, or file in person at any U.S. District Court for the Northern District of California location that:

(1) is postmarked or submitted online by **[105 days after notice date]**;

(2) includes your full name, address, telephone number, and email address;

(3) includes your NCAA ECID number, if available;

(4) includes the case name and number (*In re: College Athlete NIL Litigation*, Case No. 4:20-cv-03919);

(5) states the reasons for your objection;

(6) states whether either you or your lawyer intend to speak at the Final Approval Hearing and your lawyer's name (if you have one); and

(7) includes your signature.

Mail the letter to:

> Ronald V. Dellums Federal Building & United States Courthouse
> c/o Class Action Clerk
> 1301 Clay Street
> Oakland, CA 94612

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to and may not be allowed to, speak at the Final Approval Hearing, either in person or through your own attorney. If you speak through your own attorney, you are responsible for hiring and paying that attorney. The Final Approval Hearing time and date are subject to change; please check www.collegeathletecompensation.com to confirm the current status of the hearing.

# Doing Nothing

## What are the consequences of doing nothing?

To ensure you receive the payment you are entitled to, you will need to go to www.collegeathletecompensation.com to confirm your contact information and preferred payment method.

If you do nothing, you may not receive any money or you may not receive all of the money you are entitled to, but you will still be bound by the settlement and its "release" provisions. That means you won't be able to start, continue, or be part of any other lawsuit against any of the Defendants, including their member institutions, about the issues in this case. Please see the Settlement Agreement, which can be found at www.collegeathletecompensation.com, for a full description of the claims and entities who will be released if this settlement is approved.

# Key Resources

## How do I get more information?

This notice is a summary of the proposed settlement. To get a copy of the Settlement Agreement or get answers to your questions:

- contact your lawyers (information below);
- visit the case website at www.collegeathletecompensation.com;
- access the Court Electronic Records (PACER) system online or by visiting the Clerk's office of the Court (address below);

| Resource | Contact Information |
|---|---|
| **Case website** | www.collegeathletecompensation.com |
| **Settlement Administrator** | *House v. NCAA* Settlement Administrator<br>P.O. Box 301134<br>Los Angeles, CA 90030-1134<br>admin@collegeathletecompensation.com<br>1-877-514-1777 |
| **Your Lawyers** | Steve Berman<br>Ben Siegel<br>Emilee Sisco<br>Stephanie Verdoia<br>stephaniev@hbsslaw.com<br>(206)-268-9343<br>Hagens Berman Sobol Shapiro LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br><br>Jeffrey Kessler<br>David Greenspan<br>Jeanifer Parsigian<br>Neha Vyas<br>nvyas@winston.com<br>(212)-294-2658<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166-4193 |
| **Court** | U.S. District Court<br>Ronald V. Dellums Federal Building & United States Courthouse<br>1301 Clay Street<br>Oakland, CA 94612<br><br>HOURS: 9:00 a.m. to 4:00 p.m., Monday through Friday, excluding Court holidays<br><br>PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS. |