ClaimID: <<ClaimID>>
PIN: <<PIN>>

Dear <<First1>> <<Last1>>,

*In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919-CW (N.D. Cal.)

# If You Were a Division I College Athlete Between 2016 and 2024, You Could Get Money from a Class Action Settlement.

### CLICK HERE TO FILE YOUR CLAIM FORM

*A federal court authorized this notice.*

| | |
|---|---|
| **YOUR CLAIM ID** | **<<ClaimID>>** |
| **YOUR PIN** | **<<PIN>>** |
| **USE THESE UNIQUE NUMBERS WHEN FILING YOUR CLAIM FORM TO RECEIVE A CLASS PAYMENT.** ||

You are receiving this notice because school records indicate you are included in this class action settlement and may be eligible for a payment. To see how much money you could recover, and ensure you receive your payment, update your contact information and payment method at www.collegeathletecompensation.com and enter the Claim ID and PIN provided above. Estimated payments will be updated approximately 60 days from the date you receive this notice and will be dependent on the information your school provided to us.

### What is this lawsuit about?

This lawsuit, *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919-CW (N.D. Cal.), claims that NCAA limits on the number and amounts of athletic scholarships available and NCAA limits on compensation and benefits that college athletes can receive for their athletic services and their names, images, and likenesses (NIL) violate the antitrust laws.

### Are NCAA rules changing?

As part of the Settlement, Defendants have also agreed to change compensation rules going forward. Conferences and schools, starting in Fall 2025, may increase the number of athletic scholarships provided and may provide direct benefits for NIL and participation in college sports, up to an aggregate yearly amount set forth in the Settlement. These increased compensation opportunities may impact you if you compete as a college athlete beginning in Fall 2025. Also as part of the Settlement, NCAA rules regarding the payments that student-athletes will be permitted to receive from third parties for their NIL while remaining eligible to play Division I sports will be modified.

To see how compensation rules will be changed going forward, access a copy of the Settlement by visiting www.collegeathletecompensation.com.

### Who is a part of the lawsuit?

You are a member of the Settlement Classes (i.e., a "Class Member") if:

- You received or will receive a full Grant-in-Aid scholarship and compete on, competed on, or will compete on a Division I men's basketball team or an FBS football team, at a college or university that is a member of one of the Power Five Conferences (including Notre Dame), and you have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024. This is referred to as the "Settlement Football and Men's Basketball Class."

- You received or will receive a full Grant-in-Aid scholarship and compete on, competed on, or will compete on a Division I women's basketball team at a college or university that is a member of the Power Five Conferences (including Notre Dame), and you have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024. This is referred to as the "Settlement Women's Basketball Class."

- You compete on, competed on, or will compete on a Division I athletic team and you have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15,

2024.  This is referred to as the "Settlement Additional Sports Class."

- You compete on, or competed on, or will compete on a Division I athletic team at any time between June 15, 2020 through the end of the Injunctive Relief Settlement Term as defined in the Settlement.  The Injunctive Relief Settlement Term is the ten (10) Academic Years following the date of Final Approval of the Settlement.  This is referred to as the "Settlement Declaratory and Injunctive Relief Class."

## What do I get?

Defendants have agreed to pay $2,576,000,000 and change compensation rules going forward to end this lawsuit. You may be eligible to receive some of this money.  The amount of money you get will depend on which class you are in and what you qualify for according to the below:

- Broadcast NIL payments will be a set, yearly amount for each Power Five FBS Football and Division I Basketball player based on the sport you competed in, the specific years played between 2016-2024, and the conference in which you competed.  Payments will be equal for members competing in the same sport in the same conference in the same year.  Broadcast NIL, defined by the lawyers in this case, refers to the use of an athlete's NIL via broadcasts like tv, radio, internet and other media.

- Videogame NIL payments will be a set, yearly amount for each athlete who competed in FBS Football or Division I Men's Basketball based on the number of years you competed between 2016-2024 and the number of claims filed by class members.  Total payments to be shared equally each year among eligible athletes are based on a fixed percentage applied to estimated videogame revenue that would have occurred had a game been in existence each year.

- Payments for additional compensation for your athletic services will be based on the years you competed in Division I between 2019-2024, the sport you competed in, the school you competed for, and the number of claims filed by class members, among other criteria.  For the athletes competing in Power Five Football or Basketball, payments will also be based on the scholarship you received and performance statistics, among other criteria.

- Lost NIL payments will be based on the amount of money you received from third parties for your NIL after July 1, 2021, the specific years you competed between 2016-2021, the sport you competed in, the school(s) you competed for, your performance statistics, and the number of claims filed by class members.  "Lost NIL" refers to the lost opportunity to receive money from third parties for your NIL.

Your payment also depends on how much money the Court approves for attorneys' fees, class representative awards, and litigation and settlement costs.  These payments, including attorneys' fees, will be paid out yearly over a ten-year period, with equal amounts paid each year.

## How do I get money?

If you got this notice, and you received a full Grant-in-Aid Scholarship and played FBS Football, Division I Men's Basketball, or Division I Women's Basketball for a school that competes in a Power Five Conference (ACC, Big Ten, Big 12, Pac-12, SEC), you need to update only your contact information and preferred method of payment to get money. Then, you will automatically receive a payment if the settlement is approved and becomes final.  To see an estimate of your payment amount or update your contact information and/or payment method, visit www.collegeathletecompensation.com.

If you (1) played a sport other than FBS Football or Division I Basketball, or received less than a full scholarship, at a school that is in a Power Five Conference (ACC, Big Ten, Big 12, Pac-12, SEC), or (2) competed in any sport for a school not within a Power Five Conference, you will need to complete a Claim Form.

If you received NIL compensation since July 1, 2021, and you competed prior to July 1, 2021, you can confirm your deal was reported by your school here, and then you will automatically receive payment if your contact information and payment method is updated.  If your NIL deal was not reported by your school, you will need to file a claim form.

For more details about whether a claim form is required, visit www.collegeathletecompensation.com.

## What are my rights?

If you do nothing, you will be bound by the Court's decisions, even if you do not receive a payment under the Settlement. If you want to keep your right to sue the settling Defendants, or their member institutions, instead of potentially getting money from this settlement, you must opt out by [Month 00, 202X].  You cannot opt out of the future rule changes (injunctive relief), but you may object. Please note that if you opt out, you will not receive any money from this

Settlement.  If you want to stay in the Settlement but do not agree with any part of it, you may object to it by [**Month 00, 202X**].  Details about these options are available by clicking here or by going to www.collegeathletecompensation.com.

The Court will hold a hearing remotely and in person on [**Month 00, 202X**]—this date is subject to change—to consider whether to approve the Settlement and a request for attorneys' fees and award for each of the class representatives.  You or your own lawyer may request to speak at the hearing at your own expense by submitting a written objection to the Court electronically, by mail, or in person and indicating in the objection that you or your lawyer would like to speak at the hearing.  The Court may not allow everyone who requests to speak an opportunity to do so, but to ensure that the Court considers your request to speak at the hearing, you must file a written objection indicating that you or your lawyer would like to speak at the hearing.

Please go to www.collegeathletecompensation.com for more detailed directions about where the hearing will be held in person and how you can access the hearing remotely, and about what to include in, and where to send, your objection.  The website will also include the most updated time and date of the hearing, as will the docket for the case, which can be accessed at https://ecf.cand.uscourts.gov.

**NOTE:** The Settlement Agreement does not release the claims currently raised in the Complaint in *Choh v. Brown University et al*., No. 3:23-cv-00305-AWT (D. Conn.) ("*Choh*"), against the Ivy League and Ivy League member institutions ("*Choh* Defendants"), challenging an alleged agreement among the *Choh* Defendants not to award athletic scholarships or otherwise provide any compensation or education-related reimbursements for athletic services as permitted under then-applicable NCAA rules.  The previously filed *Choh* claims arise out of unique aspects of rules applicable within the Ivy League alone.  The Settlement Agreement and its release provisions otherwise fully apply to student-athletes who are in the Settlement Classes, including, but not limited to, Ivy League student-athletes, and likewise otherwise fully apply to Releasees as defined in the Settlement, which includes, but is not limited to, the Ivy League, Ivy League member institutions, and Defendants in this Action.

The Settlement Agreement also does not release the claims currently stated in the Complaint in *Johnson, et al. v. National Collegiate Athletic Association, et al*., 2:19-cv-05230-JP (E.D. Pa.); claims under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. or any other federal labor laws, or claims under any analogous state labor laws; or claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., other than any claims arising out of or relating to the distribution of the Gross Settlement Fund.

You do not need to opt out of this Settlement in order to pursue remedies in the lawsuits listed above.

### What if I received two notices?

If you received two notices by email and/or mail, NCAA records indicate that you are included in both this settlement and the *Hubbard v. National Collegiate Athletic Association* settlement, Case No. 4:23-cv-01593.  You may be eligible to receive money from both settlements.

Go to www.collegeathletecompensation.com to file a Claim Form in both settlements, if required, for you to receive all the money you qualify for in both settlements.

### Questions?

**www.collegeathletecompensation.com**     **admin@collegeathletecompensation.com**     **1-877-514-1777**