Marty J. Jackley, Attorney General (SD Bar #2447)
Paul S. Swedlund, Solicitor General (SD Bar #1683)
**OFFICE OF THE SOUTH DAKOTA ATTORNEY GENERAL**
1302 E. Highway 14, Suite 1
Pierre, South Dakota 57501
Telephone: (605) 773-3215
Facsimile: (605) 773-4106
paul.swedlund@state.sd.us
*PRO HAC VICE APPLICATIONS*
*FORTHCOMING*

Dustin Young (SBN 254872)
Curtis Molloy (SBN 206866)
**NATIONAL LITIGATION LAW GROUP, LLP**
2995 Woodside Road, Suite 250
Woodside, CA 94062
Telephone: (405) 212-2817
dyoung@nationlit.com
cmolloy@nationlit.com

[Additional Counsel on Signature Page]

Attorneys for STATE OF SOUTH DAKOTA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

GRANT HOUSE, *et al.*,

                              Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION, *et al.*,

                              Defendants.

CASE NO.: 4:20-CV-03919 CW

**MOTION BY THE STATE OF SOUTH DAKOTA TO COMPEL 28 U.S.C. § 1715 NOTICE**

Date: TBD
Time: TBD
Dept: TBD
Judge: Hon. Claudia Wilken

//

//

NATIONAL LITIGATION
LAW GROUP
2995 WOODSIDE RD
SUITE 250
WOODSIDE, CA 94062

## MOTION TO COMPEL 28 U.S.C. 1715 NOTICE

The State of South Dakota, for and on behalf of the University of South Dakota and South Dakota State University, by and through its Attorney General, files this motion to compel defendants to provide notice to South Dakota, and all other states to whom notice is due (Affected States), as required by 28 U.S.C. § 1715(b).

South Dakota and other Affected States host institutions which participate in Division I athletics in the National Collegiate Athletic Association (NCAA).  Though the Settlement has serious financial implications for South Dakota and other Affected States and their institutions of higher education, proper notice of the Settlement has not been served by the NCAA or other defendants (hereinafter collectively referred to as NCAA) as required by 28 U.S.C. § 1715.

28 U.S.C. § 1715(b)(7) notice obliges the NCAA to inform state Attorneys General of "the names of the class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement."  If it is not feasible to provide this information, the notice must provide "a reasonable estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement."  The NCAA's notice facially fails to comply with either of these requirements.

Instead, the NCAA's "notice" states that it is in the process of gathering the required information and instructs state Attorneys General to contact Verita Global, LLC to obtain this information at a later date.  Per 28 U.S.C. § 1715(a)(2), it is incumbent on the NCAA to provide the information required by 28 U.S.C. § 1715(b)(7)(A) or (B) to appropriate state officials to effect proper notice.  Referring state officials to some third-

NATIONAL LITIGATION
LAW GROUP
2995 WOODSIDE RD
SUITE 250
WOODSIDE, CA 94062

party who the NCAA says will be able to provide this information at some unspecified date in the future is not an option under 28 U.S.C. § 1715(b)(7). Without the information required by 28 U.S.C. § 1715(b)(7)(A) or (B), the NCAA's "notice" is deficient.

Notice to affected state Attorneys General is necessary "to ensure that [they are] …in a position to react if the settlement appears unfair to some or all class members." S.Rep. 109-14 at 32 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 32. "Notice" which does not provide South Dakota or other Affected States with the information necessary for their Attorneys General to assess if the settlement is fair to class members is no notice at all. Not only have South Dakota and other Affected States' Attorneys General not received proper notice of the settlement, their educational institutions were not informed of the existence or terms of the Settlement before the initial request for approval was filed with this Court on July 26, 2024. DOCKET 450. In fact, the NCAA actively excluded South Dakota and other non-Power 4 Affected States' educational institutions from any role in the Settlement negotiations.

Proper notice to South Dakota and other Affected States is a prerequisite to evaluating the impact of the settlement on state class members. Per 28 U.S.C. § 1715(d), the settlement may not be approved earlier than 90 days from the date that South Dakota and all Affected States are served with the required notice. That 90 days has not started to run because the NCAA has not complied with the notice requirement.

On October 17, 2024, The State of South Dakota notified the NCAA's counsel that its notice was deficient. See NCAA LETTER, copy attached as Exhibit 1. South Dakota asked the NCAA to inform it within ten says of the steps it intended to take to

MOTION BY THE STATE OF SOUTH DAKOTA TO COMPEL 28 U.S.C. § 1715 NOTICE

1    cure the defective notice.  The NCAA has not responded, which South Dakota interprets

2    as an intent to avoid its notice responsibilities under 28 U.S.C. § 1715.

3

4

5                                      **CONCLUSION**

6            28 U.S.C. § 1715 notice is a requisite first step in the approval of the subject

7    Settlement.   The NCAA has failed to provide the required notice.   Approval of this

8    settlement without due notice prevents South Dakota and other Affected States from

9    assessing the fairness of the settlement to state class members. Per 28 U.S.C. § 1715, it

10   is not up to simply the named parties of a class action to decide what is fair.  State

11   Attorneys General have a role to ensure that the interests of certain class members do

12   not overbear the interests of other class members.  Other objectors have raised concerns

13   regarding the fairness of the settlement to certain class members.[1]   State Attorneys

14   General cannot begin to fulfill their role of ensuring fairness to *all* class members

15   without the notice required by 28 U.S.C. § 1715.

16           The Affected States accordingly request that the NCAA be ordered to serve

17   proper 28 U.S.C. § 1715 notice on the Attorneys General for the State of South Dakota

18   as well as all other states for whom such notice is required.

19

20

21

22

23

24

25

26

27   _____
     [1] Hausfeld Objection, Docket 539 at 13-14; MoloLamken Objection, Docket 475 at 1, 7, 11.

28

NATIONAL LITIGATION
LAW GROUP
2995 WOODSIDE RD
SUITE 250
WOODSIDE, CA 94062

MOTION BY THE STATE OF SOUTH DAKOTA TO COMPEL 28 U.S.C. § 1715 NOTICE

Dated: November 13, 2024

Respectfully submitted,

State of South Dakota - Marty J. Jackley,
Attorney General

By: *Paul S. Swedlund*
_____
Paul S. Swedlund, Solicitor General
**OFFICE OF THE SOUTH DAKOTA
ATTORNEY GENERAL**
1302 E. Highway 14, Suite 1
Pierre, South Dakota 57501
Telephone: (605) 773-3215
paul.swedlund@state.sd.us
--
National Litigation Law Group, LLP

By: *Dustin A. Young*
_____
Dustin Young (SBN 254872)
Curtis Molloy (SBN 206866)
**NATIONAL LITIGATION LAW GROUP,
LLP**
2995 Woodside Road, Suite 250
Woodside, CA 94062
Telephone: (405) 601-7021
dyoung@nationlit.com
cmolloy@nationlit.com

James Sears Bryant (DC Bar No. 402796)
W. Lance Conn (DC Bar No. 447446)
Ryan Eitzmann (OBA No. 22556)
**NATIONAL LITIGATION LAW GROUP,
LLP**
401 West Broadway Avenue
Enid, Oklahoma 73701

Attorneys for STATE OF SOUTH DAKOTA

MOTION BY THE STATE OF SOUTH DAKOTA TO COMPEL 28 U.S.C. § 1715 NOTICE