Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
Meredith Simons (SBN 320229)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
bens@hbsslaw.com

*Class Counsel for Plaintiffs*

[Additional counsel on signature page]

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
jparsigian@winston.com

*Class Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW |
| | **PLAINTIFFS' MOTION FOR A PROSPECTIVE ORDER CONCERNING MISLEADING THIRD-PARTY CLAIMS FILING SERVICES** |
| | Hrg. Date:  December 26, 2024<br>Time:  2:30 p.m.<br>Judge:  Hon. Claudia Wilken<br>Courtroom:  2, 4th Floor |

1

2

## I.    INTRODUCTION

3

Plaintiffs, by and through their undersigned counsel, respectfully seek judicial intervention

4
to protect Class Members from misleading communications regarding the Settlement currently

5
pending before the Court. Since preliminary approval of the Settlement, Class Counsel has learned

6
that a number of third parties have sought to profit from the Settlement by offering claims-filing

7
services to Class Members. While some of these companies may be engaged in proper business

8
activities, Class Counsel have discovered that some entities have made various misleading

statements to solicit Class Members.
9

10
For example, Class Counsel recently learned that one company, Profound Sports, was using

11
its website and internet publications to target Class Members and improperly stated, among other

things, that (1) they "require a professional legal and claims team" to participate in the Settlement;
12

13
and (2) their damages settlement allocation is an "offer" that they may negotiate. It also incorrectly

14
stated that "[a]ll settlement cases where you were not specifically represented lead to lower

payouts."
15

16
Class Counsel sent the company a cease-and-desist letter explaining that these

17
communications are inappropriate, false, and misleading, and the company agreed to make changes

18
to the misleading statements on its website and, subject to the Court's approval, send a corrective

notice drafted by Class Counsel to all Class Members with which it has communicated.
19

20
In addition to Profound Sports, Class Counsel and Verita, the Claims Administrator, have

21
been contacted or become aware of several other third parties who are offering claims-filing

services to Class Members.
22

23
Plaintiffs herein respectfully submit a proposed solution to prevent Class Members from

24
being misled and ensure that they receive truthful and accurate information about the terms of the

25
Settlement. The proposal seeks to minimize possibilities for Class Member confusion while at the

26
same time permitting third-party claims filers to offer their services. Accordingly, pursuant to the

27
Court's inherent power to regulate class communications under Federal Rule of Civil Procedure

23(d), Plaintiffs request an Order that:
28

1. All third-party claims filing companies seeking to represent Class Members in connection with the Settlement be required to include the following in any solicitation or engagement agreement with prospective clients:

    a. A statement making clear that:

        1. Class Members need not use any third-party service in order to participate in any monetary relief;

        2. the use of a third-party service will not increase any monetary relief that Class Members are eligible to receive under the Settlement;

        3. no-cost assistance is available from the Claims Administrator and Class Counsel during the claims-filing period and their contact information is available on the Court-approved Settlement website, and

    b. Information (including the full URL or direct link) directing Class Members to the Court-approved Settlement website for additional information.

2. The proposed relief outlined above must be included in any solicitation or marketing materials, in any form, including on company websites, in mail and email solicitations, and in telephone and in-person solicitations, as well as in engagement agreements with Class Members.

3. Solicitations that do not contain the required information (as set forth above) may be deemed misleading and following notice and an opportunity to cure, those entities may be enjoined permanently from taking any role in the settlement.

4. Profound Sports shall be required to send, at their own expense, a corrective notice (attached hereto as Exhibit A) to athletes that have been contacted by or engaged with Profound Sports for claims-filing services related to the Settlement to ensure that they understand the contract of representation and were not misled by prior solicitations. Upon receipt of the corrective notice, Class Members would have the option to void their contract.

5. Class Counsel and the Claims Administrator will continue to monitor third-party claims filing companies to ensure that they comply with any Order of the Court and will provide any third-party filing companies that contact Class Counsel or the Claims Administrator with this Order.

## II.    BACKGROUND

On October 7, 2024, the Court granted preliminary approval of the Settlement and directed notice to the Class. Dkt. 544. On October 23, 2024, Class Counsel learned that Profound Sports, a company providing college athletes with services relating to their NILs, was using its website to solicit potential Class Members to sign up for "NIL Claims Representation" and "legal services" related to the Settlement. The company's advertisements falsely stated that (1) Class Members "will require a professional legal and claims team" to participate in, object to, or opt out of the Settlement; (2) without separate representation, Class Members will not receive fair or adequate damages because "[a]ll settlement cases where you are not specifically represented lead to lower payouts"; and (3) Class Members' Settlement payments and schedules could be "negotiated and agreed upon," and that there would be a "contract" that the company would "redline." On October 24, 2024, Class Counsel sent the company a letter explaining that (1) separate representation is not required under the Settlement, (2) Class Members will not receive lower payouts without separate representation, and (3) damages payments and schedules are not negotiable under the Settlement, and warning that their statements interfered with Class Members' due process rights to complete, accurate, and objective information in making the choice of whether to participate in the Settlement. Class Counsel requested prompt remedial measures and written confirmation that those measures had been carried out. In response, Profound Sports made the requested changes to its website. Subject to the Court's approval, Profound Sports also agreed to send the corrective notice, attached as Exhibit A, which was provided by Class Counsel.

Class Counsel have also been contacted by and otherwise identified other third-party filing companies who are offering services related to this action.[1] Class Counsel intends to monitor the business environment to keep abreast of any new entrants into the claims-filing market. Class Counsel also requests that a summary of any relief that is granted be conspicuously posted on the Court-approved settlement website.

---

[1] The following three companies have been identified to date: Raistone Capital, Fifth Quarter Sports, and Robbins Geller Rudman & Dowd, LLP.

1

### III.    ARGUMENT

2      In any class action, each individual class member has a due process right to decide for

3 himself or herself whether to participate in, object to, or opt out of a Settlement, and to make that

4 decision based on objective, neutral information. *Fox v. Saginaw Cty.*, 35 F.4th 1042, 1046 (6th

5 Cir. 2022). It is "the responsibility of the court" to direct notice to class members "and to safeguard

6 them from unauthorized, misleading communications" and to restrict "abusive communications"

7 directed at class members "includ[ing] anything related to the litigation that 'pose[s] a serious threat

8 to the fairness of the litigation process, the adequacy of representation, and the administration of

9 justice generally." *Erhardt v. Prudential Grp., Inc.*, 629 F.2d 843, 846 (2d Cir. 1980); *Fox*, 35 F.4th

10 at 1047 (citation omitted). "[A]busive communications" include "misleading information,

11 misrepresenting the nature of the class action, or coercing prospective class members to opt out of

12 the class." *Fox*, 35 F.4th at 1047. (citations and quotations omitted). "Unapproved notices to class

13 members which are factually or legally incomplete, lack objectivity and neutrality, or contain

14 untruths will surely result in confusion and adversely affect the administration of justice." *Erhardt*,

15 629 F.2d at 846.

16      When improper communications are made to class members, Courts are empowered to

17 mitigate the harm. Federal Rule of Civil Procedure 23(d) gives this Court broad power over the

18 content and substance of any notice provided to Class Members, and the authority to protect absent

19 Class Members from improper and misleading communications. *Id.*; *see also Gulf Oil Co. v.*

20 *Bernard*, 452 U.S. 89, 99-100 (1981) ("Because of the potential for abuse, a district court has both

21 the duty and the responsibility to exercise control over a class action and to enter appropriate orders

22 governing the conduct of counsel and parties."). Faced with similar attempts to interfere with class

23 members' rights, courts have not hesitated to take appropriate remedial action in response to

24 misleading or confusing communications directed at class members.  *See* Manual for Complex

25 Litig. § 21.33 (4th ed. 2023); *see also In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d

26 1239, 1243 (N.D. Cal. 2000) (ordering restriction of communications to class members encouraging

27 opt-out because Rule 23 "contemplates that putative class members will make an informed decision

28 about their decision to opt out of a class" and court "has a duty to ensure that all putative class

-4-

members have a genuine choice" to participate); *Masonek v. Wells Fargo Bank*, No. SACV 09-1048 DOC, 2009 WL 1067243, at *3 (C.D. Cal. Dec. 21, 2009) (ordering curative notice and enjoining misleading communications with class members by third party).

And courts routinely require the party at fault to assume the cost of any prophylactic measures. *See, e.g.*, Manual for Complex Litig. § 21.33 (collecting authorities); *see also, e.g.*, *Ralph Oldsmobile, Inc. v. Gen. Motors Corp.*, 2001 WL 1035132, at *7 (S.D.N.Y. Sept. 7, 2001) (ordering corrective notice be sent at the expense of the party at fault); *Hammond v. City of Junction City*, 167 F. Supp. 2d 1271, 1293–94 (D. Kan. 2001) (ordering party at fault to pay attorneys' fees and costs); *In re McKesson*, 126 F. Supp. at 1247 (ordering printing and mailing costs of curative notice to be paid by party at fault.).

In the recent settlement of a major antitrust case in *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720-(MKB)(JO), the court took similar steps when class counsel identified third-party claims filing services making misleading statements. No. 1:05-MD-1720-(MKB)(JO), ECF No. 7260. The court in that case required that all third-party filing services include disclaimer language in any solicitation materials to protect Class Members.

Any misleading messaging about the Settlement from third parties undermines the aim of protecting Class Members' rights to complete and accurate information and poses a real risk of adversely affecting Class Members' ability to make an informed decision about participation in the Settlement. Accordingly, the Court should order that all third-party claims filing services be required to provide a disclaimer with the information described above to ensure that Class Members have complete and accurate information about the Settlement.

## IV.    CONCLUSION

It is critically important that each and every Class Member receive truthful, accurate and objective information about the terms of the Settlement and be afforded a meaningful choice about whether or not to participate. Accordingly, Plaintiffs request that the Court issue an Order as described herein. Should the Court approve this language, Class Counsel will immediately notify all known third-party claims filing entities of the required disclaimer language.

1  DATED: November 19, 2024                    Respectfully submitted,

2  By _/s/ Steve W. Berman_____            By _/s/ Jeffrey L. Kessler_____
3  Steve W. Berman (*Pro hac vice*)            Jeffrey L. Kessler (*pro hac vice*)
   Emilee N. Sisco (*pro hac vice*)            David G. Feher (*pro hac vice*)
4  Stephanie Verdoia (*pro hac vice*)          David L. Greenspan (*pro hac vice*)
   Meredith Simons (SBN 320229)                Adam I. Dale (*pro hac vice*)
5  **HAGENS BERMAN SOBOL SHAPIRO LLP**         Sarah L. Viebrock (*pro hac vice*)
   1301 Second Avenue, Suite 2000              Neha Vyas (*pro hac vice*)
6  Seattle, WA 98101                           **WINSTON & STRAWN LLP**
7  Telephone: (206) 623-7292                   200 Park Avenue
   Facsimile: (206) 623-0594                   New York, NY 10166-4193
8  steve@hbsslaw.com                           Telephone: (212) 294-6700
   emilees@hbsslaw.com                         Facsimile: (212) 294-4700
9  stephaniev@hbsslaw.com                      jkessler@winston.com
   merediths@hbsslaw.com                       dfeher@winston.com
10                                             dgreenspan@winston.com
11 Benjamin J. Siegel (SBN 256260)             aidale@winston.com
   **HAGENS BERMAN SOBOL SHAPIRO LLP**         sviebrock@winston.com
12 715 Hearst Avenue, Suite 300                nvyas@winston.com
   Berkeley, CA 94710
13 Telephone: (510) 725-3000                   Jeanifer E. Parsigian (SBN 289001)
   Facsimile: (510) 725-3001                   **WINSTON & STRAWN LLP**
14 bens@hbsslaw.com                            101 California Street, 34th Floor
15                                             San Francisco, CA 94111
   Jeffrey L. Kodroff (*pro hac vice*)         Telephone: (415) 591-1000
16 Eugene A. Spector (*pro hac vice*)          Facsimile: (415) 591-1400
   **SPECTOR ROSEMAN & KODROFF, PC**           jparsigian@winston.com
17 2001 Market Street, Suite 3420              dwashington@winston.com
   Philadelphia, PA 19103
18 Telephone: (215) 496-0300                   *Class Counsel for Plaintiffs*
19 Facsimile: (215) 496-6611
   jkodroff@srkattorneys.com
20 espector@srkattorneys.com

21 *Class Counsel for Plaintiffs*

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR A PROSPECTIVE ORDER CONCERNING          Case No. 4:20-cv-03919-CW
MISLEADING THIRD-PARTY CLAIMS FILING SERVICES

1

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

2        Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in

3    the filing of this document has been obtained from the signatories above.

4                    By: /s/ *Steve W. Berman*

5                        Steve W. Berman

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28