Jacob K. Danziger (SBN 278219)
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA 94104 United States
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Calanthe Arat (SBN 349086)
Tamarra Matthews Johnson (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DEFENDANTS' OPPOSITION TO THE STATE OF SOUTH DAKOTA'S MOTION TO COMPEL**<br><br>Trial Date:<br>Judge: Hon. Claudia Wilken |

      Defendants do not believe there is any merit to South Dakota's objection to Defendants' Notice pursuant to the Class Action Fairness Act (CAFA), particularly given South Dakota's failure to comply with this Court's rules prior to filing its Motion, and the fact that the State of South Dakota stands alone in raising an issue. But the objection is in any event now moot. On November 25, 2024, the NCAA provided South Dakota with "a reasonable estimate of the number of class members residing in [South Dakota] and the estimated proportionate share of the claims of such members to the entire settlement." 28 U.S.C. § 1715(b)(7)(B). The law requires nothing more. Accordingly, the State of South Dakota's "Motion to Compel 28 U.S.C. § 1715 Notice," ECF No. 557, should be denied.

## BACKGROUND

      Some context is necessary because the motion before the Court is part of a broader litigation campaign. As the Court knows, the settlement of *In re College Athlete NIL Litigation* involves student-athletes at schools throughout NCAA Division I. Two of those schools, the University of South Dakota and South Dakota State, are located in the State of South Dakota. Days after the preliminary approval hearing in this case, the Attorney General of South Dakota filed a separate lawsuit in the Brookings County, South Dakota Circuit Court, collaterally challenging the settlement agreement submitted to this Court. The lawsuit seeks to enjoin the NCAA from making any disbursements of damages contemplated by the settlement agreement, originally on the theories that the damages settlement imposes disproportionate financial burdens on South Dakota universities and also unfairly discriminates against female student-athletes. *See* Kilaru Ex. 1 (Original Complaint, *South Dakota v. NCAA*, No. 05:24-CV-320 (S.D. Cir. Ct. Sept. 10, 2024). The NCAA removed the case to federal court, because it seeks to interfere with this federal court's approval of a federal settlement of federal law claims. *See* Notice of Removal, *South Dakota v. NCAA*, No. 4:24-CV-4189-KES (D.S.D. Oct. 9, 2024), ECF No. 1; *see also* Def.'s Brief Opposing Plfs.' Mot. to Remand, *South Dakota v. NCAA*, No. 4:24-CV-4189-

1  KES (D.S.D. 2024 Nov. 5, 2024), ECF No. 9. South Dakota has moved to remand, and the motion
2  is ripe for decision by the U.S. District Court for the District of South Dakota.

3  Over a month after filing that separate lawsuit, and over five months before the final
4  approval hearing in this case, the South Dakota Attorney General also sent a separate letter to the
5  NCAA complaining about the settlement notice provided under CAFA, 28 U.S.C. § 1715. *See*
6  ECF No. 557-1. CAFA requires that within ten days of filing a proposed class action settlement in
7  federal court, the defendants must serve notice upon certain state officials and the U.S. Attorney
8  General providing certain information about the settlement. 28 U.S.C. § 1715(b). As relevant here,
9  CAFA requires that the notice provide "if feasible, the names of class members who reside in each
10 State and the estimated proportionate share of the claims of such members to the entire settlement
11 to that State's appropriate State official." *Id.* § 1715(b)(7)(A). If "the provision of information
12 under subparagraph (A) is not feasible," defendants can instead provide "a reasonable estimate of
13 the number of class members residing in each State and the estimated proportionate share of the
14 claims of such members to the entire settlement." *Id.* § 1715(b)(7)(B).

15 Because the settlement administration process is underway—but not complete—
16 Defendants' CAFA notice provided as follows with respect to this requirement:

> The names and residences of all of the class members will not be known until after notice of the settlement is given and potential class members submit a Proof of Claim and Release. Accordingly, it is not feasible at this time to provide a list of class members by state of residence, a reasonable estimate of the number of class members residing in each state, or a reasonable estimate of the proportionate share of claims of class members residing in each state to the entire settlement. We respectfully refer any further inquiries regarding the potential class members to Verita Global, LLC (the "Settlement Administrator"), which is working to collect information regarding potential class members in order to provide such members with notice of the Stipulation of Settlement.

23 Kilaru Ex. 2 (Original CAFA Notice). As the Court knows, the schedule it approved provides that
24 the claims period will run until January 31, 2025, which is the same date as the exclusion and
25 objection deadline. ECF 544, at 9. For that reason, it will not be "feasible" to provide the
26 information described in 28 U.S.C. § 1715(b)(7)(A) until that date. It is likewise difficult to
27 provide precise information about "the number of class members residing in each State," 28 U.S.C.
28

1  § 1715(b)(7)(B), prior to knowing who wishes to remain in the class. Despite these practical
2  obstacles inherent in the Court-ordered schedule for settlement approval, South Dakota
3  nevertheless claimed that Defendants' notice was deficient pursuant to 28 U.S.C. § 1715(b)(7) and
4  that final approval, set to occur more than five months later, would be improper unless and until
5  South Dakota received additional information. *See* ECF 557-1, at 2–3. Less than a month later,
6  and without ever even attempting to meet and confer with any Defendant, South Dakota filed this
7  motion.

8  Contrary to South Dakota's claim that its letter went ignored, the NCAA set about
9  diligently preparing a response, including by attempting to collect information responsive to South
10 Dakota's request. On November 25, 2024, the NCAA sent a responsive letter to the South Dakota
11 Attorney General providing the number of student-athletes at South Dakota Division I schools as
12 compared to the total number of Division I athletes as a whole for each year of the *House* damages
13 settlement period (2016–2025). *See* Kilaru Ex. 3 (11/25/2024 NCAA Response Letter).

## ARGUMENT

15 South Dakota's motion is not well taken, for three independent reasons. *First*, the issues
16 presented by the motion are now moot, if any live controversy was properly before the Court in
17 the first place. The NCAA's supplemental letter to South Dakota provides "a reasonable estimate
18 of the number of class members residing in each State and the estimated proportionate share of the
19 claims of such members to the entire settlement." 28 U.S.C. § 1715(b)(7)(B). The damages claims
20 being resolved are brought on behalf of classes encompassing all Division I student-athletes
21 between 2016 and 2025. Providing information about (1) the number of Division I student-athletes
22 competing at schools in South Dakota in each of those years, and (2) the total number of Division
23 I student-athletes in each of those years, *see* Kilaru Ex. 3, easily satisfies the "reasonable estimate"
24 track set forth in § 1715(b)(7)(B).

25 Courts have rejected CAFA objections where even less detailed information was
26 provided. *See, e.g.*, *In re Packaged Ice Antitrust Litig.*, No. 17-CV-2137, 2018 WL 4520931, at *7
27 (6th Cir. May 24, 2018) (notice provided each state's percentage share of total sales involving the
28

defendant); *Wright v. Devon Energy Prod. Co., L.P.*, No. 22-CV-213, 2024 WL 3742725, at *4 (D. Wyo. Aug. 9, 2024) (notice provided "a reasonable estimate of the number of Class Members residing in each state and the value of the Gross Settlement Fund"); *see also In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1064–65 (8th Cir. 2013) ("technicalit[ies]" with CAFA compliance are immaterial where defendants make a meaningful effort to comply). And while Defendants do not believe it is necessary in light of their indisputable compliance with § 1715(b)(7)(B), the claims administrator will also be able to provide further information about class members as soon as such information is available, *i.e.*, shortly after the January 31, 2025 opt-out/objection deadline.

*Second*, South Dakota's complaints under CAFA lack merit. As an initial matter, CAFA does not provide attorneys general with any rights of action or authorize motions to compel. To the extent CAFA gives rights to anyone, it is to *class members*, based on whether the information required by the statute is provided or not. *See* 28 U.S.C. § 1715(e) (listing consequences of noncompliance, all of which relate to class members, and none of which give attorneys general the right to object). CAFA does not provide a vehicle for attempting to obtain discovery to support a collateral attack on the settlement being noticed.  Indeed, it is notable that South Dakota lodged its request for information about the number of student-athletes in South Dakota only after filing a separate lawsuit claiming the damages component of the settlement disproportionately impacts South Dakota schools.

Moreover, Defendants' notice was consistent with common practice under CAFA. Defendants sent substantively identical notices to every other federal and state attorney general, yet no other attorney general besides the one already suing to enjoin the settlement has voiced any complaints about the notice. Nor is this notice an outlier: Defendants' counsel have personally submitted similar letters containing similar language regarding § 1715(b)(7)—including to South Dakota—without any objections being raised. *See, e.g.*, Kilaru Ex. 4 (five prior examples of similar CAFA notices).

*Third*, the motion is procedurally improper under this Court's Rules. Local Rule 37-1(a) provides that "[t]he Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." "Conferring" requires communicating directly "either in a face to face meeting or in a telephone conversation"; "[t]he mere sending of a written, electronic, or voice-mail communication . . . does not satisfy a requirement to 'meet and confer' or to 'confer.'" L.R. 1-5(n). South Dakota did not even attempt to satisfy this requirement prior to filing its Motion to Compel. It merely sent a letter and then, less than a month later, filed its Motion to Compel.

The subsequent developments underscore the benefits of meeting and conferring prior to burdening this Court with motions practice. Had South Dakota attempted to confer with the NCAA prior to filing its Motion, it would have learned that the NCAA was working to prepare a letter addressing South Dakota's concerns, regardless of their legal validity. To avoid such outcomes, courts regularly deny motions to compel for failure to comply with the meet-and-confer requirement laid out in the Local Rules. *See, e.g.*, *Recology, Inc. v. Berkley Reg'l Ins. Co.*, No. 20-CV-1150-PJH, 2021 WL 1907819, at *2–3 (N.D. Cal. May 12, 2021) (denying motions to compel as "premature" due to failure to comply with meet-and-confer requirements); *Roby v. Stewart*, No. 08-CV-1113-CW, 2013 WL 1636375, at *2 (N.D. Cal. Apr. 16, 2013) (Wilken, J.) (same). This Court should do the same here.

## CONCLUSION

South Dakota's Motion to Compel should be denied.

| | | |
|---|---|---|
| 1 | Dated: November 27, 2024 | Respectfully Submitted, |
| 2 | By: */s/ Rakesh N. Kilaru* | By: */s/ Whitty Somvichian* |
| | Rakesh N. Kilaru (*pro hac vice*) | Whitty Somvichian (SBN 194463) |
| 3 | Beth A. Wilkinson (*pro hac vice*) | Kathleen R. Hartnett (SBN 314267) |
| 4 | Kieran Gostin (*pro hac vice*) | Ashley Kemper Corkery (SBN 301380) |
| | Calanthe Arat (SBN 349086) | **COOLEY LLP** |
| 5 | Tamarra Matthews Johnson (*pro hac vice*) | 3 Embarcadero Center, 20th Floor |
| | Matthew R. Skanchy (*pro hac vice*) | San Francisco, California 94111-4004 |
| 6 | **WILKINSON STEKLOFF LLP** | Telephone: (415) 693-2000 |
| 7 | 2001 M Street NW, 10th Floor | Facsimile: (415) 693-2222 |
| | Washington, DC 20036 | wsomvichian@cooley.com |
| 8 | Telephone: (202) 847-4000 | khartnett@cooley.com |
| | Facsimile: (202) 847-4005 | acorkery@cooley.com |
| 9 | rkilaru@wilkinsonstekloff.com | |
| | bwilkinson@wilkinsonstekloff.com | Mark Lambert (SBN 197410) |
| 10 | kgostin@wilkinsonstekloff.com | 3175 Hanover Street |
| 11 | carat@wilkinsonstekloff.com | Palo Alto, CA 94304-1130 |
| | tmatthewsjohnson@wilkinsonstekloff.com | Telephone: (650) 843-5000 |
| 12 | mskanchy@wilkinsonstekloff.com | Facsimile: (650) 849-7400 |
| | | mlambert@cooley.com |
| 13 | Jacob K. Danziger (SBN 278219) | |
| 14 | **ARENTFOX SCHIFF LLP** | Dee Bansal (*pro hac vice*) |
| | 44 Montgomery Street, 38th Floor | 1299 Pennsylvania Ave. NW, Suite 700 |
| 15 | San Francisco, CA 94104 | Washington, DC 20004-2400 |
| | Telephone: (734) 222-1516 | Telephone: (202) 842 7800 |
| 16 | Facsimile: (415) 757-5501 | Facsimile: (202) 842 7899 |
| | jacob.danziger@afslaw.com | dbansal@cooley.com |
| 17 | | |
| 18 | *Attorneys for Defendant* | *Attorneys for Defendant* |
| | NATIONAL COLLEGIATE ATHLETIC | PAC-12 CONFERENCE |
| 19 | ASSOCIATION | |

-6-

-7-

| | |
|---|---|
| By: */s/ Britt M. Miller* <br> Britt M. Miller (*pro hac vice*) <br> Daniel T. Fenske (*pro hac vice*) <br> **MAYER BROWN LLP** <br> 71 South Wacker Drive <br> Chicago, IL 60606 <br> Telephone: (312) 782-0600 <br> Facsimile: (312) 701-7711 <br> bmiller@mayerbrown.com <br> dfenske@mayerbrown.com <br><br> Christopher J. Kelly (SBN 276312) <br> Two Palo Alto Square, Suite 300 <br> 3000 El Camino Real <br> Palo Alto, CA 94306 <br> Telephone: (650) 331-2000 <br> Facsimile: (650) 331-2060 <br> cjkelly@mayerbrown.com <br><br> *Attorneys for Defendant* <br> *THE BIG TEN CONFERENCE, INC.* | By: */s/ Natali Wyson* <br> Natali Wyson (*pro hac vice*) <br> Angela C. Zambrano (*pro hac vice*) <br> Chelsea A. Priest (*pro hac vice*) <br> **SIDLEY AUSTIN LLP** <br> 2021 McKinney Avenue, Suite 2000 <br> Dallas, TX 75201 <br> Telephone: (214) 969-3529 <br> Facsimile: (214) 969-3558 <br> nwyson@sidley.com <br> angela.zambrano@sidley.com <br> cpriest@sidley.com <br><br> David L. Anderson (SBN 149604) <br> 555 California Street, Suite 2000 <br> San Francisco, CA 94104 <br> Telephone: (415) 772-1200 <br> Facsimile: (415) 772-7412 <br> dlanderson@sidley.com <br><br> *Attorneys for Defendant* <br> *THE BIG 12 CONFERENCE, INC.* |

| | |
|---|---|
| By: /s/ Robert W. Fuller, III<br>Robert W. Fuller, III (*pro hac vice*)<br>Lawrence C. Moore, III (*pro hac vice*)<br>Amanda P. Nitto (*pro hac vice*)<br>Travis S. Hinman (*pro hac vice*)<br>Patrick H. Hill (*pro hac vice*)<br>**ROBINSON, BRADSHAW & HINSON, P.A.**<br>101 N. Tryon St., Suite 1900<br>Charlotte, NC 28246<br>Telephone: (704) 377-2536<br>Facsimile: (704) 378-4000<br>rfuller@robinsonbradshaw.com<br>lmoore@robinsonbradshaw.com<br>anitto@robinsonbradshaw.com<br>thinman@robinsonbradshaw.com<br>phill@robinsonbradshaw.com<br><br>Mark J. Seifert (SBN 217054)<br>**SEIFERT ZUROMSKI LLP**<br>One Market Street, 36th Floor<br>San Francisco, California 941105<br>Telephone: (415) 999-0901<br>Facsimile: (415) 901-1123<br>mseifert@szllp.com<br><br>*Attorneys for Defendant*<br>*SOUTHEASTERN CONFERENCE* | By: /s/ Christopher S. Yates<br>Christopher S. Yates (SBN 161273)<br>Aaron T. Chiu (SBN 287788)<br>**LATHAM & WATKINS LLP**<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: (415) 391-0600<br>Facsimile: (415) 395-8095<br>chris.yates@lw.com<br>aaron.chiu@lw.com<br><br>Anna M. Rathbun (SBN 273787)<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004<br>Telephone: (202) 637-1061<br>Facsimile: (202) 637-2201<br>anna.rathbun@lw.com<br><br><br>By: /s/ D. Erik Albright<br>D. Erik Albright (*pro hac vice*)<br>Jonathan P. Heyl (*pro hac vice*)<br>Gregory G. Holland (*pro hac vice*)<br>**FOX ROTHSCHILD LLP**<br>230 North Elm Street, Suite 1200<br>Greensboro, NC 27401<br>Telephone: (336) 378-5368<br>Facsimile: (336) 378-5400<br>ealbright@foxrothschild.com<br>jheyl@foxrothschild.com<br>gholland@foxrothschild.com<br><br>*Attorneys for Defendant*<br>*THE ATLANTIC COAST CONFERENCE* |

**SIGNATURE CERTIFICATION**

I, Rakesh N. Kilaru, am the CM/ECF user whose ID and password are being used to file this Opposition to the State of South Dakota's Motion to Compel. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: November 27, 2024                                Respectfully submitted,

                                                   By:   */s/ Rakesh N. Kilaru*
                                                          Rakesh N. Kilaru

                                                          *Attorney for Defendant*
                                                          *National Collegiate Athletic Association*