1  Jacob K. Danziger (SBN 278219)
   **ARENTFOX SCHIFF LLP**
2  44 Montgomery Street, 38th Floor
3  San Francisco, CA 94104 United States
   Telephone: (734) 222-1516
4  Facsimile: (415) 757-5501
   jacob.danziger@afslaw.com
5
6  Beth A. Wilkinson (*pro hac vice*)
   Rakesh N. Kilaru (*pro hac vice*)
7  Kieran Gostin (*pro hac vice*)
   Calanthe Arat (SBN 349086)
8  Tamarra Matthews Johnson (*pro hac vice*)
   **WILKINSON STEKLOFF LLP**
9  2001 M Street NW, 10th Floor
   Washington, DC 20036
10 Telephone: (202) 847-4000
   Facsimile: (202) 847-4005
11 bwilkinson@wilkinsonstekloff.com
12 rkilaru@wilkinsonstekloff.com
   kgostin@wilkinsonstekloff.com
13 carat@wilkinsonstekloff.com
   tmatthewsjohnson@wilkinsonstekloff.com
14
15 Attorneys for Defendant
   NATIONAL COLLEGIATE ATHLETIC ASSOCIATION
16
17 [Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**JOINT MOTION FOR APPROVAL OF ADDITIONAL SETTLEMENT CLASS COMMUNICATIONS**<br><br>Judge: Hon. Claudia Wilken |

1  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs and Defendants National Collegiate Athletic Association (NCAA), Atlantic Coast Conference (ACC), The Big Ten Conference, Inc. (Big Ten), The Big 12 Conference, Inc. (Big 12), Pac-12 Conference (Pac-12), and Southeastern Conference (SEC) hereby move for an order approving publication of the attached communication to potential Class Members. *See* Question and Answer: Impact of the Proposed Settlement on Current Division I Student-Athletes, NCAA (Dec. 13, 2024) (attached hereto as **Exhibit A**).

Since the Court preliminarily approved the Settlement, student-athletes have frequently approached the NCAA, the Conferences, and the NCAA's member institutions with clarifying questions about the settlement. Because the NCAA is a defendant in this lawsuit, it has been unable to answer such questions directly. But the questions are of the type that would typically be answered by question-and-answer (Q & A) documents posted to the NCAA's website. To help answer these questions in an easily-accessible way, the NCAA has prepared a Q & A document addressing commonly-asked questions about the settlement. Both Class Counsel and Defendants agree that the Q & A provides truthful and non-misleading information to potential Class Members and that the NCAA is uniquely situated to ensure that such information is even more widely disseminated to the benefit of potential Class Members. The parties accordingly jointly request that the Court approve publication of the Q & A document.

## BACKGROUND

On October 7, 2024, the Court granted preliminary approval of the Settlement and directed notice to potential Class Members. *See* Dkt. No. 544. Since then, there has naturally been much public discussion about the pending Settlement and how it would operate if approved, which has led to frequent questions by student-athletes. Because the NCAA is a defendant in this case, it has not followed its usual practice of attempting to answer such questions broadly and publicly with Q & A documents developed in conjunction with NCAA committees (including student-athletes) and the Conference Defendants. But both student-athletes and the NCAA's member institutions have requested that such guidance be made more broadly available.

-1-

CASE NO. 4:20-CV-03919-CW

JOINT MOT. FOR APPROVAL OF ADD'L SETTLEMENT CLASS COMMUNICATIONS

At the same time, and as the Court's recent protective order granting Plaintiffs' Motion for a Prospective Order Concerning Misleading Third-Party Claims Filing Services details, some third parties have sent misleading communications and solicitations to potential Class Members about the pending Settlement. *See* Dkt. No. 576 at 2 ("[T]he Court is concerned that certain solicitations of class members regarding third-party claims filing services have been misleading"). The Court's recent Order is a meaningful and important step to correct these misimpressions.

Class Counsel and Defendants agree that under the circumstances, it would be helpful for potential Class Members to receive even more truthful and accurate information about the Settlement. Accordingly, the NCAA prepared a Q & A document addressing the most commonly-asked questions from student-athletes. Those questions are:

- "Will all student-athletes receive name, image and likeness (NIL) payments from their school?"
- "If a school provides additional benefits or NIL payments, will all student-athletes at a particular school or on a particular team receive the same amount of NIL payments or benefits from the school?
- "Is a student-athlete's athletics scholarship guaranteed?"
- "Is a student-athlete's roster spot guaranteed?"
- "Do student-athletes need to disclose all NIL agreements?"
- "May student-athletes sign an NIL agreement with anyone?"
- "How do student-athletes know if an individual or company is an 'associated individual or entity'?"
- "Who determines whether the money provided by an associated entity or individual is at a fair market rate?"
- "What can schools do to help student-athletes find NIL opportunities?"
- "Can student-athletes sign NIL agreements with schools *AND* outside third parties?"
- "Are there any other restrictions on schools that student-athletes should be aware of?"
- "Where can student-athletes go if they have questions about participation in the

1  settlement?"

2  • "Where can student-athletes go if they have questions about the Division I NIL

3  environment?"

4  Ex. A at 1–3.

5  Class Counsel and Defendants have conferred about the Q & A document and jointly

6  believe the contents provide truthful and accurate information about the Settlement. The parties

7  further believe it will benefit potential Class Members for such information to be even more

8  broadly disseminated than it already has been.

9  **ARGUMENT**

10  Federal Rule of Civil Procedure 23 "grants federal courts 'broad authority' to manage class-

11  action litigation." *Fox v. Saginaw Cnty.*, 35 F.4th 1042, 1047 (6th Cir. 2022) (citation omitted). In

12  any class action, each potential class member has a due process right to decide whether to

13  participate in, object to, or opt out of a Settlement, and to make that decision based on objective,

14  neutral information. *See id.* at 1049; *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239,

15  1243 (N.D. Cal. 2000) (J. Whyte) ("Rule 23 contemplates that putative class members will make

16  an informed decision about their decision to opt out of a class. The court has a duty to ensure that

17  all putative class members have a genuine choice . . ."). Providing objective information to

18  potential class members is thus "crucial" so that they can "take appropriate steps to make certain

19  their individual interests are protected." *Erhardt v. Prudential Grp., Inc.*, 629 F.2d 843, 846 (2d

20  Cir. 1980). Courts are empowered to ensure class members fully understand a settlement and to

21  protect potential class members from communications that "are factually or legally incomplete,

22  lack objectivity and neutrality, or contain untruths [which] will surely result in confusion and

23  adversely affect the administration of justice." *Id.*

24  The parties agree that publication of the Q & A document will advance the goals of Rule

25  23 by aiding potential Class Members in making informed decisions regarding the pending

26  Settlement if approved. *See Georgine v. Amchem Prods., Inc.*, 160 F.R.D. 478, 502 (E.D. Pa. 1995)

27  ("Rule 23 mandates that class members be exposed to information that will enable them to make

28

1  an informed, intelligent decision whether to opt out or remain a member of the class"). Many of
2  the questions in the document aim to clarify important and commonly-raised details about the
3  terms of the pending Settlement. More truthful and accurate information will increase
4  transparency and benefit potential Class Members, and the NCAA is uniquely positioned to ensure
5  widespread access to such information. The interests of due process and justice contemplated
6  under Federal Rule of Civil Procedure 23 thus counsel in favor of permitting the NCAA to publish
7  the Q & A document about the pending Settlement.

8  Publication of the Q & A document would also help correct against misimpressions that
9  may have been created by others. Courts routinely order appropriate remedial measures to protect
10 potential class members against misleading or confusing communications. *See, e.g.,* Dkt. No. 576
11 (ordering publication of the Court's protective order addressing third-party claims filing services
12 on the Settlement website). For example, in *In re McKesson HBOC, Inc. Securities Litig*ation,
13 another court in this District held that "it is necessary to provide curative notice to solicited class
14 members, so that they are not confused" and ordered the notice there to be "particularly careful"
15 in order "to avoid irreparable harm" to putative class members who received "misleading"
16 materials from law firms soliciting absent class members to pursue a separate action. 126 F. Supp.
17 2d at 1245–46. Similarly, in *Masonek v. Wells Fargo Bank*, the court from a neighboring district
18 found that a letter sent to potential class members contained "disconcerting statements about when
19 and how absent class members must act to protect their rights" and ordered curative notice to be
20 sent. No. SACV 09–1048, 2009 WL 10672345, at *2–4 (C.D. Cal. Dec. 21, 2009); *see also Alfred
21 v. Pepperidge Farm, Inc.*, No. LA CV14-07086, 2020 WL 13587900, at *8 (C.D. Cal. Apr. 14,
22 2020) (ordering corrective notice). Here, providing truthful and accurate information about the
23 Settlement will help further correct for the type of misleading third-party communications that
24 were the subject of this Court's recent protective order.

## CONCLUSION

26 The parties respectfully request that the Court issue an Order approving publication of the
27 Q & A document (Exhibit A) and subsequent supplementation and updating of the publication.

Dated: December 13, 2024

**WILKINSON STEKLOFF LLP**

By: /s/ Rakesh N. Kilaru
Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Calanthe Arat (SBN 349086)
Tamarra Matthews Johnson (*pro hac vice*)
Matthew R. Skanchy (*pro hac vice*)
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

Jacob K. Danziger (SBN 278219)
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

Respectfully Submitted,

**COOLEY LLP**

By: /s/ Whitty Somvichian
Whitty Somvichian (SBN 194463)
Kathleen R. Hartnett (SBN 314267)
Ashley Kemper Corkery (SBN 301380)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
wsomvichian@cooley.com
khartnett@cooley.com
acorkery@cooley.com

Mark Lambert (SBN 197410)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
mlambert@cooley.com

Dee Bansal (*pro hac vice*)
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842 7800
Facsimile: (202) 842 7899
dbansal@cooley.com

Attorneys for Defendant
PAC-12 CONFERENCE

| | |
|---|---|
| **MAYER BROWN LLP** | **SIDLEY AUSTIN LLP** |
| By: /s/ Britt M. Miller<br>Britt M. Miller (*pro hac vice*)<br>Daniel T. Fenske (*pro hac vice*)<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 782-0600<br>Facsimile: (312) 701-7711<br>bmiller@mayerbrown.com<br>dfenske@mayerbrown.com<br><br>Christopher J. Kelly (SBN 276312)<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>Telephone: (650) 331-2000<br>Facsimile: (650) 331-2060<br>cjkelly@mayerbrown.com<br><br>Attorneys for Defendant<br>THE BIG TEN CONFERENCE, INC. | By: /s/ Natali Wyson<br>David L. Anderson (SBN 149604)<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 772-1200<br>Facsimile: (415) 772-7412<br>dlanderson@sidley.com<br><br>Angela C. Zambrano (*pro hac vice*)<br>Natali Wyson (*pro hac vice*)<br>Chelsea A. Priest (*pro hac vice*)<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 75201<br>Telephone: (214) 969-3529<br>Facsimile: (214) 969-3558<br>angela.zambrano@sidley.com<br>nwyson@sidley.com<br>cpriest@sidley.com<br><br>Attorneys for Defendant<br>THE BIG 12 CONFERENCE, INC. |

| | |
|---|---|
| **ROBINSON, BRADSHAW & HINSON, P.A.**<br><br>By: /s/ Robert W. Fuller<br>Robert W. Fuller, III (*pro hac vice*)<br>Lawrence C. Moore, III (*pro hac vice*)<br>Amanda P. Nitto (*pro hac vice*)<br>Travis S. Hinman (*pro hac vice*)<br>Patrick H. Hill (*pro hac vice*)<br>101 N. Tryon St., Suite 1900<br>Charlotte, NC 28246<br>Telephone:  (704) 377-2536<br>Facsimile:  (704) 378-4000<br>rfuller@robinsonbradshaw.com<br>lmoore@robinsonbradshaw.com<br>anitto@robinsonbradshaw.com<br>thinman@robinsonbradshaw.com<br>phill@robinsonbradshaw.com<br><br>Mark J. Seifert (SBN 217054)<br>SEIFERT ZUROMSKI LLP<br>One Market Street, 36th Floor<br>San Francisco, California 941105<br>Telephone:  (415) 999-0901<br>Facsimile:  (415) 901-1123<br>mseifert@szllp.com<br><br>Attorneys for Defendant<br>SOUTHEASTERN CONFERENCE | **LATHAM & WATKINS LLP**<br><br>By: /s/ Christopher S. Yates<br>Christopher S. Yates (SBN 161273)<br>Aaron T. Chiu (SBN 287788)<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA  94111<br>Telephone:  (415) 391-0600<br>Facsimile:  (415) 395-8095<br>chris.yates@lw.com<br>aaron.chiu@lw.com<br><br>Anna M. Rathbun (SBN 273787)<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC  20004<br>Telephone:  (202) 637-1061<br>Facsimile:  (202) 637-2201<br>anna.rathbun@lw.com<br><br>**FOX ROTHSCHILD LLP**<br><br>By: /s/ D. Erik Albright<br>D. Erik Albright (*pro hac vice*)<br>Jonathan P. Heyl (*pro hac vice*)<br>Gregory G. Holland (*pro hac vice*)<br>230 North Elm Street, Suite 1200<br>Greensboro, NC 27401<br>Telephone:  (336) 378-5368<br>Facsimile:  (336) 378-5400<br>ealbright@foxrothschild.com<br>jheyl@foxrothschild.com<br>gholland@foxrothschild.com<br><br>Attorneys for Defendant<br>THE ATLANTIC COAST CONFERENCE |

| | |
|---|---|
| **WINSTON & STRAWN LLP** | **HAGENS BERMAN SOBOL SHAPIRO LLP** |
| By: /s/ *Jeffrey L. Kessler* | By: /s/ *Steve W. Berman* |
| Jeffrey L. Kessler (*pro hac vice*) | Steve W. Berman (*pro hac vice*) |
| David G. Feher (*pro hac vice*) | Emilee N. Sisco (*pro hac vice*) |
| David L. Greenspan (*pro hac vice*) | Stephanie Verdoia (*pro hac vice*) |
| Adam I. Dale (*pro hac vice*) | 1301 Second Avenue, Suite 2000 |
| Sarah L. Viebrock (*pro hac vice*) | Seattle, WA 98101 |
| 200 Park Avenue | Telephone: (206) 623-7292 |
| New York, NY 10166-4193 | Facsimile:  (206) 623-0594 |
| Telephone: (212) 294-4698 | steve@hbsslaw.com |
| Facsimile: (212) 294-4700 | emilees@hbsslaw.com |
| jkessler@winston.com | stephaniev@hbsslaw.com |
| dfeher@winston.com | |
| dgreenspan@winston.com | Benjamin J. Siegel (SBN 256260) |
| aidale@winston.com | HAGENS BERMAN SOBOL SHAPIRO LLP |
| sviebrock@winston.com | 715 Hearst Avenue, Suite 202 |
| | Berkeley, CA 94710 |
| Jeanifer E. Parsigian (SBN 289001) | Telephone:  (510) 725-3000 |
| 101 California Street, 34th Floor | Facsimile:   (510) 725-3001 |
| San Francisco, CA 94111-5840 | bens@hbsslaw.com |
| Telephone: (415) 591-1000 | |
| Facsimile: (415) 591-1400 | |
| jparsigian@winston.com | Attorneys for Plaintiffs and the Settlement Classes |

**SIGNATURE CERTIFICATION**

I, Rakesh N. Kilaru, am the CM/ECF user whose ID and password are being used to file this Joint Motion for Approval of Additional Settlement Class Communications. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: December 13, 2024               Respectfully submitted,

**WILKINSON STEKLOFF LLP**

By: */s/ Rakesh N. Kilaru*
    Rakesh N. Kilaru
    Attorney for Defendant
    National Collegiate Athletic Association