Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
Meredith Simons (SBN 320229)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

*Class Counsel for Plaintiffs*

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
Neha Vyas (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com
nvyas@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com

*Class Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919 CW<br><br>**DECLARATION OF GRANT HOUSE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND SERVICE AWARDS FOR CLASS REPRESENTATIVES**<br><br>Hrg. Date:   April 7, 2025<br>Time:        10:00 a.m.<br>Judge:       Hon. Claudia Wilken<br>Courtroom:   2, 4th Floor |

I, GRANT HOUSE, declare as follows:

1. I am one of the named plaintiffs in the above-entitled action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards for Class Representatives.

2. I became involved in this case before *House v. NCAA* was filed more than four years ago, on June 15, 2020. I joined this litigation because I felt it was the right thing to do. What I could receive personally from the case has never been my motivation for serving as a class representative and pursuing claims on behalf of current and former college athletes. Although my own losses in this case are small when compared to the overall settlement, I believe in this case and have been dedicated in putting my time and energy to benefit the classes and all college athletes.

3. I understood from the outset that participating in this lawsuit as a class representative would not necessarily provide a significant financial benefit to me. I also knew that there was no guarantee I would personally receive any more from my involvement beyond what other class members may receive, and that I could receive nothing if my attorneys and I were unsuccessful in this litigation, in which case the time and energy that I devoted to the case would not result in any financial recovery whatsoever.

4. From the inception of this case, I have actively and diligently performed my duty to assist counsel in developing, prosecuting, and settling this case, investing significant time and effort to fulfill my role as a class representative. Among other things, I have devoted significant time to:

- Working with Class Counsel in the investigation of my claims and Plaintiffs' claims generally;
- Reviewing the initial *House* complaint, as well as the subsequent consolidated and amended complaints filed by Plaintiffs' Counsel;
- Regularly communicating with my attorneys regarding the status and progress of the case;
- Ensuring that any relevant documents in my possession were preserved;

- Reviewing important litigation briefs and Court orders;
- Preparing and sitting for my in-person deposition by Defendants' lawyers which lasted approximately 6 hours. Prior to the deposition, I met with Class Counsel 4 times and spent approximately 24 hours in total preparing for the deposition. Following the deposition, I reviewed the deposition transcript for errors;
- Working with counsel regarding discovery, including reviewing and responding to Defendants' interrogatories and searching for responsive documents and data in response to Defendants' requests for production;
- Submitting a detailed declaration in support of Plaintiffs' motion for class certification;
- Communicating with the other class members and named plaintiffs in this Action;
- Communicating with Class Counsel regarding the prospects of settlement;
- Consulting with my attorneys throughout the settlement process to ensure the classes will achieve a fair outcome; and
- Reviewing the settlement before it was submitted for preliminary approval, and the amendments to the settlement before the revised settlement was submitted for preliminary approval.

5. Throughout this litigation, I have had numerous conversations with counsel both by video and over the phone, and have exchanged many emails and text messages about relevant facts, strategy, and case progress. On many occasions, I proactively sought status updates from, and asked questions to, Class Counsel.

6. At the time the *House* case was filed, I was a current student-athlete at Arizona State University where I competed as a member of the Swim & Dive team. I incurred substantial risks and costs in taking on a leadership role in, and lending my name to, this high-profile litigation against the NCAA and the most prominent conferences in college athletics, including possible ostracization by teammates and/or retaliation from the NCAA and coaches/administrators.

7. Additionally, during the pendency of this litigation, I concluded my final season of collegiate athletics and continued pursuing an Olympic swimming career for the third quadrennial (4-year) cycle. Given Defendants' immense power and influence in athletics, including at the professional and post-collegiate level, I placed my ability to pursue future Olympic opportunities at risk through my involvement in this case.

8. This litigation also received significant media attention and, as the first named plaintiff, I was personally identified as the name and face of this case in media reports. Still today, with the proposed settlement pending, and the substantial media attention my name is frequently mentioned in news articles and commentaries about the settlement and I am often contacted about the case by members of the media, class members, and others in and around college sports with sometimes aggressive remarks and questions directed at me personally.[1]

9. Finally, I support final approval of the proposed settlement in this matter. I understand that the Court granted preliminary approval of it, and that the Court will hold a final approval hearing on April 7, 2025, per the current schedule. I am proud to have been a named plaintiff and played a meaningful role in this litigation that has achieved a significant recovery for the classes and will greatly benefit former, current, and future college athletes.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of December, 2024 at Tempe, Arizona.

_____
GRANT HOUSE

---

[1] *See*, e.g., Dennis Dodd, CBS Sports, *Meet Grant House, the man front and center fighting the NCAA's last gasp to cap athlete compensation* (May 15, 2023) https://www.cbssports.com/general/news/meet-grant-house-the-man-front-and-center-fighting-the-ncaas-last-gasp-to-cap-athlete-compensation/.

- 3 -
HOUSE DECL. ISO PLS.' MOT. FOR ATTYS' FEES, REIMBURSEMENT OF LITIG. EXPENSES, AND SERVICE AWARDS FOR CLASS REPS
Case No. 4:20-cv-03919-CW