

2049 Century Park East, Suite 3500
Los Angeles, CA 90067
Main: 310.789.4600

Lathrop GPM LLP
lathropgpm.com

**Laura Reathaford**
Partner
laura.reathaford@lathropgpm.com
310.789.4648

January 25, 2025

Hon. Claudia A. Wilken
Ronald V. Dellums Federal Building
& United States Courthouse
c/o Class Action Clerk
1301 Clay Street
Oakland, CA 94612

Re:   OBJECTION TO SETTLEMENT
*IN RE: COLLEGE ATHLETE NIL LITIGATION*, CASE NO. 4:20-CV-03919

To the Honorable Claudia A. Wilken:

We represent the undersigned objector who may be contacted through us at the address above. Objector objects to the Injunctive Relief Settlement.

As discussed below, there are two fundamental legal reasons why this Court must deny approval of the Injunctive Relief Settlement and more specifically, the roster limits within that settlement:

a)   The Injunctive Relief Settlement creates a conflict between class members in violation of Rule 23(a)(4) and the Due Process Clause; an issue which Plaintiff's counsel admits (in writing) will harm some class members (*see* Section 1 below).

b)   The injunctive relief sought by the settling parties is inconsistent with the injunctive relief sought by the Plaintiffs in their Third Amended Complaint.

Should the Court approve the Injunctive Relief Settlement, then Objector requests that the Court strike or modify paragraph 18 of the Settlement Agreement and order a stay of the injunction pending an appeal. That paragraph states that the Injunctive Relief Settlement "shall be effective as of the date of entry of the Final Approval Order, regardless of any appeal that may be taken of any or all of the Settlement Agreement…."

While the effect of the monetary settlement will be stayed pending any appeal (¶18), for some inexplicable reason, the settling parties have not agreed to stay the effects of the injunctive relief settlement pending appeal. Here, thousands of NCAA Division 1 athletes will be irreparably



Hon. Claudia A. Wilken
January 25, 2025
Page 2

harmed because their schools will be forced to cut them from their current teams. Conversely, there is absolutely no harm to the Defendants (or anyone else) if a stay is permitted.

1. **Final Approval Should Be Denied Because Conflicts Exist In The Class Which Violates Fed. Rule 23(a)(4) and the Due Process Clause**

Objector contends that final approval should be denied based on Rule 23(a)(4) and the Due Process Clause. As evidenced below, the class representatives' counsel is conflicted in that they did not adequately represent the diverging interests of the members of the two settlement classes in this case. While the monetary relief settlement class purports to pay out millions of dollars over ten years, the injunctive relief class imposes "roster limits" that will require some Division 1 schools to "renege" on their prior commitments to college athletes. This will harm thousands of student athletes who have committed to Division 1 sports teams and will be cut from those teams due to these unilateral "roster limits" contained in this settlement.

Evidently, class counsel is well aware that colleges will be required to renege on athlete agreements due to the Injunctive Relief Settlement. In a September 26, 2024 email to counsel for the female objectors in this case counsel, Jeffrey Kessler, stated,

> **We have been aware of this issue and have raised it with the NCAA. Those discussions are continuing. It is an issue of some individual schools possibly reneging on their commitments to athletes."[1]** *See* ECF 587-1, Ex. A.

Federal Rule 23(a)(4) requires that "the representative parties ... fairly and adequately protect the interests of the class." This "serves to uncover conflicts of interest between named parties and the class they seek to represent," as well as the "competency and conflicts of class counsel." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 626 n. 20 (1997). "[T]he Due Process Clause of course requires that the named plaintiff *at all times* adequately represent the interests of the absent class members." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Class actions and settlements that do not comply with Rule 23(a)(4) and the Due Process Clause cannot be sustained.

---

[1] Notably this issue was never raised in the settlement agreement, the motion for preliminary approval, or in the notice to class members. Instead (despite being represented by counsel who was well aware of the conflict), class members were left to proverbially "figure it out" by "reading between the lines."



Hon. Claudia A. Wilken
January 25, 2025
Page 3

Here, class members of the (b)(2) class were and are inadequately represented in violation of both Rule 23(a)(4) and the Due Process Clause. Not only are class members inadequately represented, but it also appears that class counsel has knowingly disregarded their rights in exchange for a large monetary payout. The fact that thousands of student athletes will be cut from their teams as a result of the Injunctive Relief Settlement creates an irreparable conflict. Accordingly, the Injunctive Relief Settlement should not be finally approved. *See, e.g., In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 827 F.3d 223 (2d Cir. 2016) (holding that class members of the (b)(2) class were inadequately represented in violation of both Rule 23(a)(4) and the Due Process Clause due to conflicts amongst class members, stating, "this class action was improperly certified and the settlement was unreasonable and inadequate.")

2.  **Final Approval Should Be Denied Because the Injunctive Relief Which This Court is Asked to Approve Is Inconsistent with the Injunctive Relief Sought In the Operative Complaint**

The operative Third Amended Complaint seeks an injunction: [R]estraining the NCAA and Conference Defendants from enforcing their unlawful and anticompetitive agreements to restrict the (a) compensation available to Division I student-athletes from the schools, conferences or third parties for their services or NILs; and (b) athletic scholarships available to Division I student-athletes.

It is well established that there must be a relationship between the injury claimed in the request for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a request for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the injunction and the underlying complaint is sufficiently strong where the injunction would grant "relief of the same character as that which may be granted finally." *Pacific Radiation Oncology, LLC, et al. v. The Queen's Medical Center, et al.*, 810 F.3d 631 (9th Cir. 2015), citing *De Beers Consol. Mines,* 325 U.S. 212, 220 (1945). Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

Here, there is absolutely no nexus between the demand to "restrain[] Defendants from enforcing their unlawful and anticompetitive agreements" and the settlement's imposition of roster limits that will cause schools to renege on their agreements with class members. Nor have the parties explained how these roster limits result in restricting the Defendants from further acting unlawfully. Nor can they because, as described above, the settlement will actually result in schools breaching their prior agreements with athletes. The Injunctive Relief Settlement must not be approved for this additional reason.



Hon. Claudia A. Wilken
January 25, 2025
Page 4

### 3. If the Court is Inclined to Grant Final Approval, the Injunction Should Be Stayed Pending the Outcome of Any and All Appeals (in the Same Manner That the Monetary Relief Settlement Will Be Stayed Pending Appeal)

Should the Court approve the Injunctive Relief Settlement, then Objector requests that the Court strike or modify paragraph 18 of the Settlement Agreement and order a stay of the injunction pending an appeal. That paragraph currently states that the Injunctive Relief Settlement "shall be effective as of the date of entry of the Final Approval Order, regardless of any appeal that may be taken of any or all of the Settlement Agreement… ."

At the same time, the Settlement Agreement permits a stay for the Monetary Relief Settlement. *Id*. Clearly, this one-sided stay deprives class members' payment of any money pending the outcome of any appeals but subjects thousands of class members to irreparable harm (by getting cut from their rosters) immediately – irrespective of whether an appellate court reverses the approval of the Injunctive Relief Settlement.

Whether class members will be irreparably injured absent a stay will be considered first. "An applicant for a stay pending appeal must show that a stay is necessary to avoid likely irreparable injury to the applicant while the appeal is pending." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020). Thus, "[t]he minimum threshold showing for a stay pending appeal requires that irreparable injury is likely to occur during the period before the appeal is likely to be decided." *Id.* (citing *Leiva-Perez, v. Holder Jr.*, 640 F.3d 962, 968 (9th Cir. 2011).

Here, some of the schools within the Defendant Conferences have already reneged on their agreements with student athletes as a result of this settlement. *See e.g*. declarations filed by MoloLamken, LLP which Objector understands will be filed with the Court on or before January 31, 2025. Objector's Division 1 athletic team is also set to be unilaterally reduced should this Court grant final approval. If the approval is later reversed on appeal (which might not occur for 1 or 2 years), any athlete who was cut from their team due to these unilateral "roster limits" will be left with no recourse; they will already have lost their spot on the team. Their lives will effectively be upended despite the possibility that an appellate court might find the roster limits should not have been approved in the first place. A stay of the injunction pending appeal is warranted.

We thank the Court for taking the time to consider this objection. Objector respectfully

//
//



requests that undersigned counsel be permitted to speak at the April 7, 2025, Fairness Hearing on her behalf.

Sincerely,

/s/

Laura Reathaford

Signed and approved by:

Emma Reathaford
NCAA ECID Number: 2108297048