Blaine T. Mynatt, Esq.
1660 Hickory Loop
Las Cruces, New Mexico 88005

**FILED**

JAN 27 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

January 14th, 2024

The Honorable Claudia Wilken, United States Senior District Judge
Northern District of California

Ronald V. Dellums Federal Building & United States Courthouse

c/o Class Action Clerk

1301 Clay Street

Oakland, CA 94612

RE: Objection to the Settlement Terms Imposing Roster Limits on Current College Athletes in *In re: College Athlete NIL Litigation*, Case No. 4:20-cv-03919

Dear Judge,

I am writing to formally object to the imposition of roster limits on current college athletes as outlined in the proposed House v. NCAA settlement agreement. While I understand the intent of the settlement to address certain issues within collegiate athletics, the introduction of immediate enforcement of roster limits poses significant and unfair consequences for current student-athletes who have made long-term commitments based on the existing structure.

My daughter is a freshman walk-on swimmer at New Mexico State University. She has swum competitively since she was 5 years old. Her dream has been to swim in college. She grew up in a family of swimmers, her older brother, me, her grandmother, and great-grandfather all swam in college at the D1 level. Her commitment to her sport has been remarkable to experience. She suffered an otherwise career ending shoulder injury in her junior year in high school which necessitated repair of a torn labrum and biceps tendon. Now nearly two years removed from the injury she has persevered and has a roster spot on the team. She is a walk on. She was provided an opportunity to join the team because the coaching staff recognized her commitment, her potential, and her ability to encourage and create an environment which elevates her teammates performances. She isn't the fastest, but she has produced her best times while in college. Her dedication to the team is tangible. The thought of her possibly being cut from the team due to an arbitrary limit is heartbreaking.

She isn't just a swimmer. She is an outstanding student. She is pursuing a degree in Animal Science with the goal of becoming a veterinarian.

There are thousands of student athletes who are already being, and who will be, adversely affected by the immediate imposition of the roster limit component. There is no rational thought process which would support the ripping away of these student-athletes' spots on their teams. The idea of taking away something that countless families have relied upon, depended upon, and dreamed of is anathema.

I can't speak to the balance of the proposed settlement, but I do know this... if the attorneys involved in this case and the decision makers at the conference and NCAA level had a child in my daughter's situation, they would do things differently.

I appeal to your best judgment, your sense of fairness, your sentiment. If the over 100 years of college athletics in this country is to change, so be it. However, there must be a mechanism that doesn't uproot and destroy the very lives of the athletes this settlement is supposed to be helping.

The immediate imposition of these limits disregards the legitimate expectations of current athletes who have dedicated years to their sports and academic institutions. These students have structured their academic and athletic careers around existing roster frameworks, and an abrupt change would certainly severely disrupt their ability to participate, compete, and develop both athletically and academically. Furthermore, the potential reduction in opportunities for walk-ons would undermine the inclusive spirit of collegiate athletics.

To mitigate these unintended negative consequences, I respectfully propose the inclusion of a grandfather clause for current athletes. A grandfather clause would exempt current athletes from the new roster limits, allowing them to complete their collegiate careers under the same conditions they initially agreed to when they joined their respective teams. This would ensure that student-athletes who have already made commitments based on existing rules are not unfairly penalized by a sudden change in policy. Such a provision would provide stability and predictability for these athletes while ensuring that only new athletes entering programs in future recruiting cycles are subject to the roster limits.

Without a grandfather clause, *at a minimum*, the new requirements will cause thousands of students to be left with nothing but bitterness. The mental health impact of this decision on those who stand to be cut is not simply an insignificant blip on the radar that time will heal. This imposition will have lasting effects that stretch beyond the students themselves.

Thank you for your attention to this matter. I trust that you will give thoughtful consideration to this objection and the proposed solutions. I do not wish to speak at the approval hearing. Please feel free to contact me if further information or clarification is required.

Sincerely,

Blaine T. Mynatt



BLANE MYNATT
1160 Hickory Loop
Las Cruces, N.M.
88005

RECEIVED

JAN 27 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RONALD V. DELLUMS FEDERAL BUILDING &
UNITED STATES COURTHOUSE
C/O CLASS ACTION CLERK
1301 CLAY STREET
OAKLAND, CA. 94612

EL PASO TX 798

22 JAN 2025 PM 2

quadient

FIRST-CLASS MAIL
IMI
$000.69⁰
01/22/2025 ZIP 88005
043M30240520

US POSTAGE