Patrick A. Bradford, *pro hac vice* forthcoming
 pbradford@bradfordedwards.com
Denver Edwards, SBN 268822
 dedwards@bradfordedwards.com
Panda Kroll, SBN 211877
 pkroll@bradfordedwards.com
BRADFORD EDWARDS LLP
1150 S. Olive St., 10th Floor
Los Angeles, CA 90015
Telephone: (213) 868-3310

*Attorneys for Charles O'Bannon, Jr., and*
*K. Braeden Anderson*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW |
| | **DECLARATION OF PATRICK A. BRADFORD** |
| | Hon. Claudia Wilken |

1.      I am an African American attorney duly licensed to practice law in New York, New Jersey, and the District of Columbia.

2.      I am a founding partner of Bradford Edwards LLP, a Black owned corporate litigation boutique with law offices in New York City and Los Angeles.

3.      My practice areas include antitrust law. I practiced antitrust law as a partner within the New York City Office of national firms for over twenty years. I taught antitrust law for several years as an adjunct professor at Fordham University School of Law in New York City.

4.      In 2021, I led a group of African American antitrust lawyers in filing an amicus brief on behalf of Black athletes in the Supreme Court case, *NCAA v. Alston,*

594 U.S. 69 (2021). Justice Kavanaugh cited our brief in his concurrence. *Id.*, at 210 (citing Brief for African American Antitrust Lawyers as Amici Curiae, pp. 13-17). I have an ongoing concern about the economic interests of the Black community generally, including Black college athletes whose athletic contributions are acknowledged to be essential in the development of the NCAA's billion-dollar sports industry D1 football and basketball.

5.      I am concerned that D1 athletes, especially Black athletes, have the opportunity to learn about the pending settlements so that they can make an informed decision about whether to submit a claim form, opt out, or submit an objection requesting modification of the settlements' terms.

6.      After recently reviewing the certain of the case filings, including the July 26, 2024 Declaration of Carla A. Peak Regarding Settlement Notice Program (ECF 450-5), I became concerned that there was no Black-media specific notification effort, for example outreach to the Black media, (print, radio, or social media platforms). Thereafter, on January 17, 2025 my firm issued a press release which was distributed to hundreds of members the Black press. A true and correct copy of the press release is attached hereto as Exhibit A. I consulted Plaintiffs' counsel at Winton & Strawn to ensure accuracy of the information in the release.

7.      In the past week or so, prompted by the press distribution described above, I have given interviews to members of the Black press, including radio host Tavis Smiley (nationally syndicated on KBLA 1580AM (Los Angeles)), the Donald Morton Glover morning show (WOLB 1010 AM (Baltimore)), the Omni Channel (95.1 FM (Chicago)), the Mississippi Free Press, and EurWeb/Electronic Urban Report (Los Angeles). In this short-lived Black media campaign, I have learned of Black members of the settlement classes who had not previously heard about the proposed settlements.

8.      I believe that my firm's efforts, as described above, have informed certain class members about the proposed settlements, who had not previously

known about them. These class members included K. Braden Anderson, an attorney and former D1 basketball player for Seton Hall. *See* K. Braden Anderson Declaration ("Anderson Decl."). An extension of time by the Court would permit more class members needed time to fully understand the extensive and complex terms of the proposed settlements.

9.  Through Mr. Anderson's efforts, a significant problem with the online settlement claims registration process was identified and corrected only on January 17, 2025, per Winston & Strawn. *See* Anderson Decl., ¶ 12. I informed Mr. Anderson of the proposed settlement and certain of its terms and registration logistics on January 16, 2025.

10.  By email of Jan. 23, 2025 at 5:13 pm, Winston & Strawn declined my request to ask the Court for an extension of all settlement deadlines to permit additional time for class members to submit their claim forms. Though Winston said that it would support such a request after the current deadline of Jan. 31, 2025. (See para. 13, below.) A true and correct copy of the Winston & Strawn email is attached hereto as Exhibit B.

11.  In my discussions with Nixon Peabody LLP, I have learned that certain of that firm's class clients also had trouble navigating the online claims process, but with counsel's assistance, all issues were resolved. Not all class members likely have experienced class counsel to navigate either the problematic claims process, or to provide such class members with a full understanding of the scope of the litigation, especially rights that are, perhaps, being forfeited. Winston & Strawn's Dec. 23, 2024 letter to Nixon Peabody LLP, argues that each class member "has a due process right to decide for himself or herself whether to participate in, object to, or opt out of the Settlement." A true and correct copy of the Winston & Strawn letter is attached hereto as Exhibit C. But the proposed settlements are extensive, and Plaintiffs' counsel, the NCAA, and the media have focused predominately on the $2.8 billion NIL portion of the proposed settlements. Less attention has been

United States District Court
Northern District of California

given to the preclusive effects of the proposed settlements, including the proposed injunctive relief, which was highlighted by the January 17, 2025 "Statement of Interest" filed by the Biden Department of Justice ("DOJ"). ECF 595.

12.     An extension of all deadlines by 60 days would permit time for those class members who were unable to submit claim forms because they did not have an NCAA Eligibility Center ID, and did not know how to properly submit their claim without that information. Neither the parties' counsel, nor the Claims Administrator have filed a report detailing all problems with the online claims registration process. Also, an extension would give class members time to fully understand the proposed and extensive terms of the settlements, which, according to the DOJ's brief, would likely be used by the NCAA to argue that compensation claims brought by the government are foreclosed for those who do not opt out. ECF 595 at 4 and ECF 595, Exh. 1 to Declaration of James H. Congdon.[1] If the Biden DOJ's Antitrust Division was unable to discern the scope of the proposed injunction solely from the extensive written record in the case, and had to ask the NCAA's counsel to gain a full understanding, it is highly unlikely that most class members understand exactly what rights they may be forfeiting.

13.     By email of January 23, 2025, Winston & Strawn stated to me: "We are not able to extend the claims deadline, but we will leave the claims forms open and will continue accepting claims after January 31. We will then advocate to the Court that any late submitted claims should still be considered timely." Winston & Strawn continued: "Football and Basketball players who participated on a team in a Power 5 Conference (ACC, Big 12, Big Ten, SEC, Pac-12) do not need to submit claim forms to preserve their right to receive damages. They need to confirm/submit their

---

[1] "By e-mail of January 14, 2025, counsel for NCAA and the Conference Defendants confirmed in writing their position that while the settlement does not provide immunity from future antitrust actions by the United States, Defendants 'retain all rights to rely on the settlement and potential court approval thereof in any such action, including as a defense to liability.'" ECF 595, Exh. 1 to Declaration of James H. Congdon.

contact information and select their payment method before we start issuing payments. But for those athletes, there is not a claim deadline after which they would lose their right to recovery." A true and correct copy of Winston & Strawn's January 23, 2025 email is attached hereto as Exhibit E. However, the statement does not specify the deadline – "before we start issuing payment" – nor does it state when the settlement administrator would start issuing payments.

14.    As noted in the DOJ's brief, the proposed injunctive relief would not only extend 10 years into the future, but counsel to the parties would be permitted to negotiate a further extension. ECF 595 at 4 ("In addition, the Proposed Settlement contemplates that 'the Parties will negotiate in good faith, prior to the conclusion of the Term, as to whether to jointly see and extension of the Term upon its expiration,'" citing ECF 535-1 at 83, Appendix A to Amended Stipulation and Settlement Agreement, Article 9, Section 2, "Potential Extension").

15.    The DOJ Statement objects to the Parties' agreement to price fix the total compensation that each school can make available going forward. ECF 595 at 6. There is no provision in the proposed settlements for adjusting the amounts made available to schools for the benefit of players based on actual earned income by the NCAA and member schools related to sports on an annual basis.

16.    Hagens Berman has published a website that states that the estimated class of D1 football and men's basketball claimants is 19,000.[2] Winston & Strawn has confirmed that 30,000+ of all class members do not have to register to claim their NIL payments, only to make corrections (if any) and to state their form of payment. However, Winston & Strawn has not provided a date by which these players can make corrections and state their form of payment.

17.    In ECF 494-1, Joint Declaration of Steve W. Berman and Jeffrey L. Kessler in Further Support of the Plaintiffs' Motion for Preliminary Settlement

---

[2] *See* https://www.hbsslaw.com/ncaa-student-athlete-name-image-and-likeness/settlement-payout-estimates.

United States District Court
Northern District of California

Approval, Plaintiffs' counsel acknowledges Plaintiffs' awareness of *In re Literary Works in Elex. Databases Copyright Litig*., 654 F.3d 242 (2d Cir 2011) and *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig*., 827 F.3d 223 (2d Cir. 2016). Plaintiffs' counsel describes how Plaintiffs believe they have complied with the requirements of these decisions when negotiating the proposed settlements.

18.    ECF 494-1 makes clear that the NCAA and member school defendants were not interested in settling the NIL issue unless such settlement would foreclose claims for direct compensation — claims clearly worth much more than $2.8 billion. ECF 494-1 at 2. Plaintiffs assert, "We were aware ... that it was likely not possible to reach an injunctive relief settlement that resolved the NIL-compensation claims only and that an injunctive relief settlement would need to make structural changes to college athletics that would address *all of the NCAA's compensation rules*." (*Id*., emphasis added.)

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true. Executed this 30th day of January, 2025.

/s/*Patrick A Bradford*
Patrick A. Bradford

United States District Court
Northern District of California

# EXHIBIT A

# BRADFORD
# EDWARDS LLP

# BLACK DI COLLEGE ATHLETES MUST SUBMIT CLAIMS FOR PROPOSED $2.8B NIL SETTLEMENT BY 1/31/25

Black athletes have been essential in building Division I basketball and football into a multi-billion-dollar industry. The NCAA is on the brink of settling two cases for approximately $2.8 billion in connection with certain antitrust claims involving name, image, and likeness. Due to limited advertising specifically to Black audiences, the settlement threatens to leave some deserving Black athletes with nothing. **The estimated average payment for each football and men's basketball player is $91,000, up to $280,000.**

If you are, or know, a Black college athlete who played Division I sports, including basketball or football between 2016 and 2024, the athlete must register their claim either online or by mail by Jan. 31, 2025, to help ensure the correct recovery. Football and basketball athletes from Power 5 schools and Notre Dame on full scholarship will only need to update their contact information on the website and **select their method of payment.** They only need to file a claim form if they believe some of their information is inaccurate **and to select their method of payment. All other Division I athletes must complete a claim form by Jan. 31, 2025, in order to receive a payment.**

You can register your claims for both cases online at www.collegeathletecompensation.com.

And this claims website contains a detailed description of the proposed settlements, including copies of certain court orders and submissions by the parties to the case. The opt-out date is also Jan. 31, 2025.

According to the claims website the following tasks are needed. Please login with your Claim ID and PIN. As an alternative, you can also login using your NCAA Eligibility Center ID. If for any reason you are unable to login with your NCAA Eligibility ID number or your Claim ID and PIN, then select "No" when asked "Do you have a Claim ID and PIN, or a NCAA Eligibility Center ID?" and submit your claim form **by typing "Unknown" in the NCAA Eligibility Center ID box**. Or you can contact admin@collegeathletecompensation.com to request your Claim ID and PIN, or your NCAA Eligibility Center ID. However, if you do not have the time, consider completing your claim form by answering "No" and submitting your claim form by Jan. 31, 2025. (Without a Claim ID and PIN or NCAA Eligibility ID number the website will not give you an estimate of your payment. You may still want to complete the claim forms so as to

# BRADFORD
# EDWARDS LLP

preserve your right to any correct or eligible payment. Including by selecting a method of payment.)

You can also submit claim forms by printing them and mailing them to the Settlement Administrator (address below) with a postmark of no later than Jan. 31, 2025. You can access printable versions at ncco_poc_web_house_250115.pdf and ncco_poc_web_hubbard_250115.pdf.

Answers to frequently asked questions are located at https://collegeathletecompensation.com/house-frequently-asked-questions.aspx.

If you have any questions about the claims process, please contact the claims administrator, **but your claim form must be submitted by Jan. 31, 2025.**

College Athlete Compensation Settlement

Settlement Administrator

P.O. Box 301134

Los Angeles, CA 90030-1134

Phone: 1 (877) 514-1777

Email: admin@collegeathletecompensation.com

---

**Bradford Edwards LLP is a Black owned law firm based in New York and Los Angeles. The firm specializes in corporate litigation and is a member of the National Association of Minority and Women Owned Law Firms. We are distributing this press release as a public service so that Division I athletes who wish to participate in the proposed settlement may do so. This release does not contain legal advice. The court approved lawyers representing the class of Division I athletes who are eligible for settlement payments are identified on the claims website identified above.**

**Contact: Denver G. Edwards**

**https://www.bradfordedwards.com**

EXHIBIT B

## Patrick Bradford

**From:** Dale, Adam I. ▓▓▓▓▓▓▓▓▓
**Sent:** Thursday, January 23, 2025 5:13 PM
**To:** Patrick Bradford; Braeden Anderson
**Cc:** Kessler, Jeffrey; ▓▓▓▓▓▓▓▓▓
**Subject:** RE: [External] NIL settlement claims registration problems

Patrick,

The claims deadline was ordered by the Court, as was the comprehensive notice campaign. As I mentioned, that does not stop class members from filing claims and we're going to advocate for any late claims to be considered timely. We're seeing a tremendous amount of class member participation.

To answer your question: there are approximately 30,000+ class members who do not need to file claim forms and instead, only need to update their contact information and select their preferred payment method.

-Adam

# Adam I. Dale

Winston & Strawn LLP

▓▓▓▓▓▓▓▓▓

winston.com

WINSTON
& STRAWN
LLP

**From:** Patrick Bradford ▓▓▓▓▓▓▓▓▓
**Sent:** Thursday, January 23, 2025 1:53 PM
**To:** Dale, Adam I. ▓▓▓▓▓▓▓▓▓ Braeden Anderson ▓▓▓▓▓▓▓▓▓
**Cc:** Kessler, Jeffrey ▓▓▓▓▓▓▓▓▓
**Subject:** RE: [External] NIL settlement claims registration problems

Dale, Give what you say I think an extension of the deadline is called for. After all, your firm is supposed to be representing the rights of all of the class members. And can you PLEASE tell me, of the approx. 19,000 football players and approx. 18,000 basketball players in the class, how many of each group "do not need to submit claim forms to preserve their right to receive damages"? Thanks, Patrick

**From:** Dale, Adam I. ▓▓▓▓▓▓▓▓▓
**Sent:** Thursday, January 23, 2025 1:25 PM
**To:** Patrick Bradford ▓▓▓▓▓▓▓▓▓ Braeden Anderson ▓▓▓▓▓▓▓▓▓
**Cc:** Kessler, Jeffrey ▓▓▓▓▓▓▓▓▓
**Subject:** RE: [External] NIL settlement claims registration problems

Hi Patrick,

We are not able to extend the claims deadline, but we will leave the claims forms open and will continue accepting claims after January 31. We will then advocate to the Court that any late submitted claims should still be considered timely.

Football and Basketball players who participated on a team in a Power 5 Conference (ACC, Big 12, Big Ten, SEC, Pac-12) do not need to submit claim forms to preserve their right to receive damages. They need to confirm/submit their contact information and select their payment method before we start issuing payments. But for those athletes, there is not a claim deadline after which they would lose their right to recovery.

-Adam

**Adam I. Dale**
Winston & Strawn LLP

winston.com

WINSTON
& STRAWN
LLP

**From:** Patrick Bradford
**Sent:** Thursday, January 23, 2025 12:46 PM
**To:** Dale, Adam I.                        ; Braeden Anderson
**Cc:** Kessler, Jeffrey
**Subject:** NIL settlement claims registration problems

Dear Dale,

Given the problems discovered by Braeden when trying to complete his claim form online, and other issues that I have recently learned about, would plaintiffs be willing to extend the deadlines by 60 days so that more members of the class have time to register? Or to opt out? The Biden DOJ's brief makes clear that the NCAA will take the position that anyone in the eligible class who does not opt out and does not register, may forfeit significant rights. And we are finding many Black former D1 athletes like Braeden who simply did not know about the proposed settlement. And, like him, were never notified by their schools. Most troubling is that when Braeden contacted the claims administrator by email, he was not given the correct information. (Presumably both the website AND the claims administrator now have the correct information, at least as of Friday, Jan. 17.) Only by chance was I able to refer Braeden to you for the correct answer. But how many others may have not been able to register due to this problem? And others?

The Hagen's website says that there are about 19,000 eligible football players and about 18,000 eligible men's basketball players. (See link below.) What number of each category do NOT have to register to preserve their claims - - they only need to register to make sure that information is accurate and to identify their form of payment? Please confirm that any such person can, after the Jan. 31 deadline, (i) update their information and/or (ii) identify their means of payment.

https://www.hbsslaw.com/ncaa-student-athlete-name-image-and-likeness/settlement-payout-estimates

Many thanks,
Patrick

**From:** Dale, Adam I. █████████████████
**Sent:** Friday, January 17, 2025 1:28 PM
**To:** Patrick Bradford ◄█████████████████; Braeden Anderson █████████████████████
**Subject:** RE: [External] Can you answer Braeden's question - RE: [External] NCAA Eligibility Center ID Request - URGENT

When you submitted your claim, you should have received a ClaimID/Confirmation number. Email admin@collegeathletecompensation.com and include the confirmation number you received and say you got your NCAA Eligibility Center ID and that you want to add it to the file.

By the way, we fixed the NCAA Eligiblity Center ID requirement on the claim form. Thanks for flagging.

**Adam I. Dale**
Winston & Strawn LLP

█████████████████

winston.com

WINSTON
& STRAWN
LLP

**From:** Patrick Bradford █████████████████████████
**Sent:** Friday, January 17, 2025 1:25 PM
**To:** Braeden Anderson█████████████
**Cc:** Dale, Adam I.█████████████████
**Subject:** Can you answer Braeden's question - RE: [External] NCAA Eligibility Center ID Request - URGENT

Adam, Can you answer Braeden's question below? Should he resubmit his claim form using his ID number now that he has it? Thanks, Patrick

**From:** Braeden Anderson █████████████████
**Sent:** Friday, January 17, 2025 1:04 PM
**To:** Patrick Bradford█████████████████████
**Subject:** Fw: [External] NCAA Eligibility Center ID Request - URGENT

Is there any way for you to retroactively add this to my submission?

**K. BRAEDEN ANDERSON**
Principal Attorney

**ANDERSON P.C.**
1717 K Street, Suite 900
Washington, D.C. 20006

**From:** Stefany Valentino █████████████████████
**Sent:** Friday, January 17, 2025 12:29:21 PM
**To:** Braeden Anderson█████████████████

**Cc:** Deontae Grist
**Subject:** Re: NCAA Eligibility Center ID Request - URGENT

Hello Braeden,

Your NCAA ID number is ███████ Please let me know if you need any other information.

On Fri, Jan 17, 2025 at 8:57 AM Robert Acunto ████████████████████ wrote:

Hi Braeden,

Good morning.

By way of this email I am connecting you with two members of our Compliance Office, Deontae Grist and Stefany Valentino, who will be able to provide you with your NCAA Eligibility Center/Clearinghouse ID number.

Respectfully,
Rob

On Fri, Jan 17, 2025 at 6:46 AM Braeden Anderson ████████████████ wrote:

Hi there – I played men's basketball for Fresno State from 2012 – 2015. I am requesting my NCAA Eligibility Center / Clearing House ID Number. Can you please advise at your earliest convenience?

This is extremely time sensitive.

Thanks much.

**K. BRAEDEN ANDERSON**

Principal Attorney

**ANDERSON P.C.**

1717 K Street NW, Suite 900

Washington, D.C. 20006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is sent by a law firm and may contain privileged and confidential information, including attorney-client communications and attorney work product. If you are not the intended recipient, please delete this e-mail and any attachments immediately, and notify the sender. Unauthorized use, disclosure, or distribution of this communication is prohibited.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

--

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

EXHIBIT C



NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

200 Park Avenue
New York, NY 10166



**JEFFREY L. KESSLER**
Partner

December 23, 2024

**VIA Email**
Nicoleas Mayne
Nixon Peabody LLP

> **Re:**   *In re College Athlete NIL Litig.*, No. 4:20-cv-03919-CW (N.D. Cal.)

Dear Nicoleas,

As you know, my firm, along with Hagens Berman Sobol Shapiro LLP, has been appointed by the United States District Court for the Northern District of California to lead the above-referenced class action against the National Collegiate Athletic Association ("NCAA") and multiple NCAA conferences. It has come to our attention that you are (1) providing misleading information to Class members about the payments they stand to receive, the strength of their individual claims, and how payments are calculated, under the pending class action settlement ("Settlement"); and (2) encouraging Class members to opt-out of the settlement. As detailed herein, these communications are inappropriate, false, and misleading. They must immediately cease, and corrective action must be immediately taken to ensure that Class members are not misled about the terms of the Settlement.

As you also know, Judge Claudia Wilken granted preliminary approval of the Settlement on October 7, 2024 and found that the Court will likely be able to approve the Settlement as fair, reasonable and adequate, and to certify the Classes for purposes of settlement.[1] Judge Wilken also established a notice, objection, and opt-out process that extends through January 31, 2025.[2]

Each individual Class member has a due process right to decide for himself or herself whether to participate in, object to, or opt out of the Settlement, and to make that decision based on objective, neutral information. *See Erhardt v. Prudential Grp., Inc.*, 629 F.2d 843, 846 (2d Cir. 1980). It is "the responsibility of the court" to "safeguard [class members] from unauthorized, misleading communications" and to restrict "abusive communications directed at class members ... includ[ing] anything related to the litigation that poses a serious threat to the fairness of the litigation process, the adequacy of representation, and the administration of justice generally." *Fox v. Saginaw Cnty.*, 35 F.4th 1042, 1047 (6th Cir. 2022) (citations and quotations

---

[1] Revised Order Granting Plaintiffs' Motion for Preliminary Settlement Approval as Modified, *In re College Athlete NIL Litig.*, No. 4:20-cv-03919-CW (N.D. Cal. Oct. 7, 2024), ECF No. 544 ("Preliminary Approval Order"), *available at* https://collegeathletecompensation.com/house-court-documents.aspx.
[2] *Id.* ¶¶ 19-20.



omitted); *Erhardt*, 629 F.2d at 846. "Abusive communications" include "misleading information, misrepresenting the nature of the class action, or coercing prospective class members to opt out of a class." *Fox*, 35 F.4th at 1047. "Unapproved notices to class members which are factually or legally incomplete, lack objectivity and neutrality, or contain untruths will surely result in confusion and adversely affect the administration of justice." *Erhardt*, 629 F.2d at 846. And courts readily find statements to be improper where they "misle[a]d [class members] about the strength and extent of their claims." *Cnty of Santa Clara v. Astra USA, Inc.*, 2010 WL 2724512, at *3 (N.D. Cal. July 8, 2010).

Courts have not hesitated to take appropriate remedial action in response to misleading or confusing communications directed at class members. *See* Manual for Complex Litig. § 21.33 (4th ed. 2004). And courts routinely require the party at fault (here, you) to assume the costs of any prophylactic measures. *See, e.g., id.* § 21.33 & nn. 920, 921 (collecting authorities). *See also, e.g., Ralph Oldsmobile, Inc. v. Gen. Motors Corp.*, No. 99 Civ. 4567 (AGS), 2001 WL 1035132, at *7 (S.D.N.Y. Sept. 7, 2001) (ordering corrective notice to be sent at the expense of the party at fault); *Hammond v. City of Junction City*, 167 F. Supp. 2d 1271, 1293–94 (D. Kan. 2001) (ordering party at fault to pay attorneys' fees and costs); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1247 (N.D. Cal. 2000) (ordering printing and mailing costs of curative notice to be paid by party at fault).

Moreover, as a licensed attorney and officer of the Court, and consistent with the New York Code of Professional Responsibility, you have committed to provide accurate statements of material facts to Class members and to "not knowingly make a false statement of fact or law." N.Y. Code of Prof. Resp. DR 4.1. The other jurisdictions in which your website indicates you are also a member of the bar have similar rules. *E.g.*, Or. Code of Prof. Resp. DR 2-101(A)(2) (prohibiting attorney from making "any communication about the lawyer or the lawyer's firm . . . [that] is reasonably likely to create a false or misleading expectation about the results the lawyer or the lawyer's firm can achieve").[3]

We understand that, during a meeting that you hosted for several Class members on December 20, 2024 (the "December 20 Meeting"), you provided Class members with misleading information about, and encouraged them to opt-out of, the Settlement. Among other things, you stated that:

- Class members are "getting paid pennies on the dollar";
- the Class members in the meeting are all receiving payments less than the average Settlement payment even though you did not collect estimated Settlement allocations from all the Class members in the meeting; and
- the calculations of broadcast NIL ("BNIL") Settlement payments are based on the popularity of the conference that the Class member participated in.

---

[3] We are also aware that in November 2024, you contacted a member of our team with questions about the Settlement and suggested that he should "of course take the position that this [sic] we have a common interest here." N. Mayne email to S. Sherman (Nov. 17, 2024). We trust that you will cease such deception.

WINSTON
&STRAWN
LLP

December 23, 2024
Page 3

Throughout the meeting, you repeatedly advertised that you are available to represent Class members who opt-out of the Settlement and recommended that Class members strongly consider opting out. You also recommended that Class Members consider either joining *Fontenot* or pursuing their claims individually or as part of a new group. And you claimed to be working closely with lead counsel for *Fontenot* and that you may ultimately serve as his co-counsel.

These December 20 Meeting statements are demonstrably false, misleading and improper, because they directly state or imply that (1) Class members are entitled to larger payments than they are estimated to receive under the Settlement; (2) Class members are likely to receive larger payments if they opt-out of the Settlement; and (3) BNIL Settlement payments are based on the popularity of a player's conference.

Most fundamentally, the entire premise of the December 20 Meeting appeared to be to encourage Class members to opt-out of the Settlement. For example, you did not offer any benchmark of what you meant by your statement that Class members are receiving "pennies on the dollar."

Moreover, you conspicuously failed to mention that one of the most critical considerations an athlete must undertake in deciding whether to opt-out of the Settlement and pursue his or her own case is the strength of his or her legal claims, including his or her ability to prove an entitlement to damages—let alone, greater damages than is being made available through the Settlement. For example, you omitted that in order for a Class member to succeed on his or her own claim for lost NIL earnings, the Class member would have to prove, among other things (1) that he or she would have received an NIL deal; and (2) a reasonable estimate of the value of those deals.

Further, while you held yourself out during the December 20 Meeting to be proficient in the terms of the Settlement, you falsely stated that Class members' BNIL Settlement payments are calculated based on popularity of the conference that the Class member participated in. However, the Distribution Plan ordered by the Court makes clear that BNIL payments are calculated based on the "*broadcast revenue*" for each of the Power 5 conferences.[4]

We hope that you share our desire to ensure that Class members can exercise their due process rights to decide whether to participate in the Settlement based on accurate, complete and neutral information. Your misstatements and encouragement that Class members opt-out of the Settlement create a real danger that Class members will choose not to the participate in the Settlement based on a misunderstanding of the strength of their individual claims and without a complete understanding of the substantial risks associated with pursuing their claims separately.

---

[4] Declaration of Daniel A. Rascher ("Distribution Plan") at ¶ 25, 26, Ex. 4, *House v. NCAA et al.*, No. 4:20-cv-03919-CW    (N.D.    Cal.    July    26,    2024),    ECF    No.    450-4,    *available    at* https://www.collegeathletecompensation.com/house-court-documents.aspx    (emphasis    added).    The Distribution Plan also notes that "the broadcasting contracts for non-Power Five conferences have, in general, materially smaller revenues."



December 23, 2024
Page 4

Accordingly, you must cease engaging in any and all communications that fall short of providing only accurate and complete information to Class members. To accomplish this and to remedy any confusion that you have already sowed, you must promptly provide any Class member who was present at the December 20 Meeting with a copy of the actual Court-approved notice, along with an explanation that your prior misstatements were not accurate. Such explanation must include that:

- Each athlete must evaluate the Settlement independently, based on objective information and make his or her own decision about whether to opt-out;
- Each athlete must consider the risks associated with opting out of the Settlement, including the strength of his or her individual claims;
- It was improper for you to state that athletes are receiving "pennies on the dollar" under the Settlement without first evaluating the strength of their individual claims; and
- Broadcast NIL damages under the Settlement are *not* calculated based on *popularity* of the conference that the Class member participated in; instead, they are calculated by the *broadcast revenues* received by that conference during the years in which the Class member participated.

We request that you confirm your compliance by no later than December 30. If you fail to do so, we will not hesitate to seek Court intervention.

If you would like to discuss this further, please contact me. All rights reserved.

Best,

*/s/ Jeffrey L. Kessler*

Jeffrey L. Kessler

cc:    Steve Berman, Esq.

EXHIBIT D

**From:** Dale, Adam I. ████████████████
**Sent:** Friday, January 17, 2025 11:24 AM
**To:** Braeden Anderson                          ; Patrick Bradford ████████████████████
**Subject:** RE: [External] A question from an NIL settlement class member about registering for a claim without an NCAA Eligibility Center ID

Yes – it was supposed to be fixed weeks ago. I asked them to fix it immediately.

**Adam I. Dale**
Winston & Strawn LLP

████████████████
winston.com

WINSTON
&STRAWN
LLP

**From:** Braeden Anderson ████████████████████
**Sent:** Friday, January 17, 2025 11:23 AM
**To:** Dale, Adam I.                          Patrick Bradford ████████████████████
**Subject:** Re: A question from an NIL settlement class member a out registering or a claim without an NCAA Eligibility Center ID


Thanks, I was able to put "unknown" in the field. I think this should be explained for folks – not intuitive.

**K. BRAEDEN ANDERSON**
Principal Attorney

**ANDERSON P.C.**
1717 K Street NW, Suite 900
Washington, D.C. 20006

████████████████

████████████████

****************************************************************************************************

This e-mail is sent by a law firm and may contain privileged and confidential information, including attorney-client communications and attorney work product. If you are not the intended recipient, please delete this e mail and any attachments immediately, and notify the sender. Unauthorized use, disclosure, or distribution of this communication is prohibited.

****************************************************************************************************

**From:** Dale, Adam I. ██████████████
**Date:** Friday, January 17, 2025 at 10:29 AM
**To:** Patrick Bradford ████████████████████  Braeden Anderson ██████████
**Subject:** RE: A question from an NIL settlement class member about registering for a claim without an NCAA Eligibility Center ID

Braeden,

You should be able to put "unknown" in that field and submit.  Let me know if that doesn't work.

**Adam I. Dale**
Winston & Strawn LLP

████████████████

winston.com

WINSTON
&STRAWN

**From:** Patrick Bradford ████████████████████
**Sent:** Friday, January 17, 2025 10:27 AM
**To:** Braeden Anderson ████████████████
**Cc:** Dale, Adam I ████████████████████
**Subject:** A question from an NIL settlement class member about registering for a claim without an NCAA Eligibility Center ID

Dear Braeden, If what you are saying is that after selecting "no," the electronic form requires you to put in an ID number in order to actually submit the form, that is a REAL problem. I'm copying Adam Dale, a partner at Winston & Strawn who is representing class members like you. Adam says he is authorized to answer questions about the claims process. If you really cannot submit a claims form electronically without a Claim ID/PIN or ACAA Eligibility Center ID, I think the court should know. And the website should tell you want to do. Best, Patrick         2

**From:** Braeden Anderson
**Sent:** Friday, January 17, 2025 10:16 AM
**Subject:** Re: [External] final draft of press release

You can't – it is a required field.

**\*Mobile Number**

**\*Email Address**

**\*NCAA Eligibility Center ID**

# 2. Basic Eligibility Information

Please fill out the below to confirm the year(s), the sport(s), and the so
competed in Division I college athletics.

☑ **2015-2016 Academic Year**

**K. BRAEDEN ANDERSON**
Principal Attorney

**ANDERSON P.C.**
1717 K Street NW, Suite 900
Washington, D.C. 20006

braeden@anderpc.com
anderpc.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is sent by a law firm and may contain privileged and confidential information, including attorney-client communications and attorney work product. If you are not the intended recipient, please delete this e-mail and any attachments immediately, and notify the sender. Unauthorized use, disclosure, or distribution of this communication is prohibited.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**From:** Patrick Bradford ███████████████████████
**Date:** Friday, January 17, 2025 at 10:03 AM
**Subject:** RE: [External] final draft of press release

The idea is to submit your form using the "without ID" option so that you get it in on time. Once it's in on time, there's time to verify the information, including time to find each player's correct numbers.

**From:** Braeden Anderson <██████████████████>
**Sent:** Friday, January 17, 2025 9:28 AM
**Subject:** Re: [External] final draft of press release

4

**Re: Claim ID and PIN - Urgent**                                                    ☺



○ **Claims Administrator <collegeathletecompensation@admin.kccllc.com>**      Tc

**To:** ○ Braeden Anderson

Thank you for contacting the College Athlete Compensation Settlement information center.

You may locate your NCAA ID number by visiting www.eligibilitycenter.org.

To submit a claim without claim ID and PIN, follow the steps below:
Please click **HERE** and select "NO" when asked "Do you have a Claim ID and PIN, or a NCAA Eligik
Center ID?" This will allow you to submit your claim. You will be asked to provide your NCAA Eligibili
ID number on the claim form.

For further information, we invite you to visit **College Athlete Compensation**

Regards,

**Eveline**
Customer Service Agent
Settlement Administration

**From**
**Sent:** Friday, January 17, 2025 8:22 AM
**To:** admin@collegeathletecompensation.com
**Subject:** Claim ID and PIN - Urgent

Hi, I am reaching out to request my NCAA Eligibility ID / Claim ID and PIN number. My name is Brae
Anderson. I played at Fresno State and Seton Hall University. 2012-2016.

**K. BRAEDEN ANDERSON**
Principal Attorney

**ANDERSON P.C.**
1717 K Street NW, Suite 900
Washington, D.C. 20006

*******************************************************************************************************

This e-mail is sent by a law firm and may contain privileged and confidential information, including attorney-client communications and attorney work product. If you are not the intended recipient, please delete this e-mail and any attachments immediately, and notify the sender. Unauthorized use, disclosure, or distribution of this communication is prohibited.

*******************************************************************************************************

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

EXHIBIT E

## Patrick Bradford

| | |
|---|---|
| **From:** | Dale, Adam I. |
| **Sent:** | Thursday, January 23, 2025 1:25 PM |
| **To:** | Patrick Bradford; Braeden Anderson |
| **Cc:** | Kessler, Jeffrey |
| **Subject:** | RE: [External] NIL settlement claims registration problems |

Hi Patrick,

We are not able to extend the claims deadline, but we will leave the claims forms open and will continue accepting claims after January 31. We will then advocate to the Court that any late submitted claims should still be considered timely.

Football and Basketball players who participated on a team in a Power 5 Conference (ACC, Big 12, Big Ten, SEC, Pac-12) do not need to submit claim forms to preserve their right to receive damages. They need to confirm/submit their contact information and select their payment method before we start issuing payments. But for those athletes, there is not a claim deadline after which they would lose their right to recovery.

-Adam

**Adam I. Dale**
Winston & Strawn LLP

winston.com

WINSTON
& STRAWN
LLP

**From:** Patrick Bradford
**Sent:** Thursday, January 23, 2025 12:46 PM
**To:** Dale, Adam I.                              Braeden Anderson
**Cc:** Kessler, Jeffrey
**Subject:** NIL settlement claims registration problems

Dear Dale,

Given the problems discovered by Braeden when trying to complete his claim form online, and other issues that I have recently learned about, would plaintiffs be willing to extend the deadlines by 60 days so that more members of the class have time to register? Or to opt out? The Biden DOJ's brief makes clear that the NCAA will take the position that anyone in the eligible class who does not opt out and does not register, may forfeit significant rights. And we are finding many Black former D1 athletes like Braeden who simply did not know about the proposed settlement. And, like him, were never notified by their schools. Most troubling is that when Braeden contacted the claims administrator by email, he was not given the correct information. (Presumably both the website AND the claims administrator now have the correct information, at least as of Friday, Jan. 17.) Only by chance was I able to refer Braeden to you for the correct answer. But how many others may have not been able to register due to this problem? And others?

The Hagen's website says that there are about 19,000 eligible football players and about 18,000 eligible men's basketball players. (See link below.) What number of each category do NOT have to register to preserve their claims - - they only need to register to make sure that information is accurate and to identify their form of payment? Please confirm that any such person can, after the Jan. 31 deadline, (i) update their information and/or (ii) identify their means of payment.

https://www.hbsslaw.com/ncaa-student-athlete-name-image-and-likeness/settlement-payout-estimates

Many thanks,
Patrick

**From:** Dale, Adam I.
**Sent:** Friday, January 17, 2025 1:28 PM
**To:** Patrick Bradford -                                    Braeden Anderson
**Subject:** RE: [External] Can you answer Braeden's question - RE: [External] NCAA Eligibility Center ID Request - URGENT

When you submitted your claim, you should have received a ClaimID/Confirmation number.  Email admin@collegeathletecompensation.com and include the confirmation number you received and say you got your NCAA Eligibility Center ID and that you want to add it to the file.

By the way, we fixed the NCAA Eligiblity Center ID requirement on the claim form.  Thanks for flagging.

**Adam I. Dale**
Winston & Strawn LLP

winston.com

WINSTON
&STRAWN
    LLP

**From:** Patrick Bradford
**Sent:** Friday, January 17, 2025 1:25 PM
**To:** Braeden Anderson
**Cc:** Dale, Adam I.
**Subject:** Can you answer Braeden's question - RE: [External] NCAA Eligibility Center ID Request - URGENT

Adam, Can you answer Braeden's question below? Should he resubmit his claim form using his ID number now that he has it? Thanks, Patrick

**From:** Braeden Anderson
**Sent:** Friday, January 17, 2025 1:04 PM
**To:** Patrick Bradford -
**Subject:** Fw: [External] NCAA Eligibility Center ID Request - URGENT

Is there any way for you to retroactively add this to my submission?

**K. BRAEDEN ANDERSON**
Principal Attorney

**ANDERSON P.C.**
1717 K Street, Suite 900
Washington, D.C. 20006

**From:** Stefany Valentino
**Sent:** Friday, January 17, 2025 12:29:21 PM
**To:** Braeden Anderson
**Cc:** Deontae Grist
**Subject:** Re: NCAA Eligibility Center ID Request - URGENT

Hello Braeden,

Your NCAA ID number is ▮▮▮▮▮▮ Please let me know if you need any other information.

On Fri, Jan 17, 2025 at 8:57 AM Robert Acunto ▮▮▮▮▮▮ wrote:

Hi Braeden,

Good morning.

By way of this email I am connecting you with two members of our Compliance Office, Deontae Grist and Stefany Valentino, who will be able to provide you with your NCAA Eligibility Center/Clearinghouse ID number.

Respectfully,
Rob

On Fri, Jan 17, 2025 at 6:46 AM Braeden Anderson ▮▮▮▮▮▮ wrote:

Hi there – I played men's basketball for Fresno State from 2012 – 2015. I am requesting my NCAA Eligibility Center / Clearing House ID Number. Can you please advise at your earliest convenience?

This is extremely time sensitive.

3

Thanks much.

**K. BRAEDEN ANDERSON**

Principal Attorney

**ANDERSON P.C.**

1717 K Street NW, Suite 900

Washington, D.C. 20006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is sent by a law firm and may contain privileged and confidential information, including attorney-client communications and attorney work product. If you are not the intended recipient, please delete this e-mail and any attachments immediately, and notify the sender. Unauthorized use, disclosure, or distribution of this communication is prohibited.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

--

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.