Olivia Paige Dunne
56 Oak Trail Road
Hillsdale, NJ 07642

---

January 31, 2025

<u>Via electronic filing and USPS Regular Mail and Certified Mail RRR</u>
Ronald V. Dellums Federal Building & United States Courthouse
c/o Class Action Clerk
1301 Clay Street
Oakland, CA 94612

Re: *In re: College Athlete NIL Litigation*, Case No. 4:20-cv-03919

To whom this may concern:

    Kindly accept this letter in lieu of a more formal brief pertaining to my objection to the above referenced litigation settlement ("Settlement").

    My name is Olivia Paige Dunne (NCAA ID 1810317428). For the sake of brevity I have listed major deficiencies with the structure of the proposed Settlement. As such I object to the Settlement on the following grounds:

- There is a lack of transparency to how the calculations are being made for the estimate of lost NIL opportunities and if the same formula is being applied to all athletes across every sport. If I were to hire a law firm to represent me individually in this matter I would want to know how the valuation of damages was calculated specifically to me. This seems not to be the case. Especially in a case where the school provided no NIL data, athletes could not upload their own data to adjust and correct their estimate without filing a claim and waiving their right to opt out of the damages class. This left the athlete to have to make a decision without accurate information.
- Legal fees do not seem to be fully explained. If I were to sign a retainer agreement with a law firm individually, I would have a retainer agreement/letter of engagement made available for review pursuant to state bar regulations.
- When searching for estimated allocation the link under lost NIL "(to see the value of the NIL deals reported to us and used to calculate this payment, click <u>HERE</u>)" link did not work until very recently. Last checked on or about 1/29/25 and it didn't work. At the time of this writing (1/31/25) it now works. This is patently unfair and has a chilling effect as to the decision making process of whether to opt in or not.
- The settlement was reached without athletes being represented in the discussions continuing the long tradition of shutting athletes out of having a voice in a legal issue where they hold a financial interest.

*In re: College Athlete NIL Litigation, Case No. 4:20-cv-03919*
*OBJECTION: OLIVA PAIGE DUNNE*

- The formula for lost NIL opportunities fails to take into account the value the athlete would have been able to achieve had the rules against earning income never been in place to begin with. Athletes had to navigate the new landscape with businesses who were unfamiliar with NIL business. Of the course of the 3 years since the rules have changed, we have seen the market shift and deal values evolve as this business model matures and there is a track record for success in NIL partnerships between athletes and businesses.
- The settlement does not factor in the lost NIL opportunities for a college bound athlete. In the social media space, it is imperative to take advantage of viral social media moments. A college bound athlete with a significant NIL value such as a large social media following, was not allowed to capitalize on time sensitive opportunities without losing their eligibility.
- Submissions of itemized NIL deals need to be sealed. Third party companies that partner with athletes are not parties to this suit. Forcing athletes to disclose deal information would violate non-disclosure, confidentiality and trade secret covenants.

I request that either I or my lawyer be heard at the Final Approval Hearing.

Truly yours,

*Olivia Dunne* (signature)
Olivia Paige Dunne