January 31, 2025

United States District Court
Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

In re.: Case No. 4:23-cv-01593 (N.D. Cal) Hubbard v. NCAA Settlement
In re.: Case No. 4:20-cv-03919 CW House v. NCAA Settlement aka "IN RE: COLLEGE ATHLETE NIL LITIGATION"

SUBMITTED ELECTRONICALLY

Honorable Senior District Judge Claudia Wilkin,

Please accept this correspondence as an objection to the cases captioned above.

To the best of my knowledge, I am eligible to participate in both the Hubbard, House, and Injunctive classes, because I played Division I Men's Football between 2018-2021 in the Power 5 conference and received an offer for reimbursement of video game and broadcasting name, image, likeness damages.

I have deposited my opt-out into today's mail, but in law and equity I believe that I still have standing to object to the settlement. The opt-out does not render moot my claim to recover by settlement as it is preliminary, unfinalized, and subject to denial and resubmission. I allege actual harm for NIL infringements caused by NCAA, and the Court retains jurisdiction to fashion a remedy during the objection period.

I allege that the settlement is not fair, because the notice period was deficient and settlement administrator support was not adequate to sufficiently inform me of my rights. In support of this allegation, I am prepared to exhibit emails to and from admin@collegeathletecompensation.com and present a call history with the support line at (310) 823-9000 and Plaintiffs' attorneys at (206) 623-7292.

Additionally, the settlement package is unfair as to the students that have lost a season of eligibility from a junior college transfer as captured in Pavia[1] and Ohio[2] cases, because the settlement does not provide a remedy for the deprivation.  For example, a Junior college transfer award should be included in the package, otherwise Junior college transfer students are not made whole for needlessly lost NIL.  I propose that the award is multiplied by one year to compensate for lost opportunities unless a student can be restored a season of eligibility in accordance with the corrective 2024 Agreed-Upon Procedures contemplated by the Injunctive settlement, incorporated here by reference.

Likewise, the cases allude to a COVID extension that was not enjoyed by all student athletes and is therefore highly non-competitive.  Students that did not benefit from a COVID extension are not afforded a remedy for the deprivation in the Damages settlement.  Thus, student athletes denied a COVID extension should be identified again as sub-class that is entitled to the value or restoration of a season of eligibility.

Please accept my objection and I respectfully ask the Court to allow a legal representative to present this objection on my behalf at the Final Approval Hearing.

Thank you for continuing to preside over this matter.


Respectfully submitted,


/s/ Marcel Dancy

Marcel        Dancy
Address:

NCAA EC ID #1412951218

Encl.:
Pavia v. NCAA
Ohio, et. al v. NCAA

cc.:
All Plaintiffs by filing to ECF

Case 4:20-cv-03919-CW     Document 629     Filed 01/31/25     Page 3 of 3