Caroline G. McGlamry
CA Bar No. 308660
Michael L. McGlamry
GA Bar No. 492515
Jay Hirsch
GA Bar No. 357185
**POPE, MCGLAMRY, KILPATRICK,**
**MORRISON &NORWOOD, P.C.**
3391 Peachtree Road, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706
carolinemcglamry@pmkm.com
mikemcglamry@pmkm.com
jayhirsch@pmkm.com

William J. Cornwell*
FL Bar No. 0782017
**WEISS, HANDLER & CORNWELL, P.A.**
2255 Glades Road, Suite 205E
Boca Raton, FL 33431
Tel: (561) 997-9995
wjc@whcfla.com
filings@whcfla.com

*Pro Hac Vice forthcoming.

*Counsel for Objectors*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(OAKLAND DIVISION)**

| | |
|---|---|
| **IN RE: COLLEGE ATHLETE NIL LITIGATION** | Case No. 4:20-cv-03919-CW<br><br>**OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENTS; NOTICE OF INTENTION TO APPEAR; AND REQUEST TO SPEAK AT FINAL FAIRNESS HEARING**<br><br>Hon. Claudia Wilken |

## I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 23 (e), POPE, MCGLAMRY, KILPATRICK, MORRISON &

NORWOOD, P.C. ("McGlamry") and WEISS, HANDLER & CORNWELL, P.A. ("Cornwell"),

on behalf of Thomas Castellanos ("McGlamry/Cornwell Objector") hereby files objections to multiple aspects of the Proposed Settlements. This Court should deny final approval of the Stipulation and Settlement Agreement (D.E. # 450-3) ("Settlements") for the reasons set forth herein. The McGlamry/Cornwell Objector[1] also references D.E. # 539, 602, and 603, and adopt the objections asserted and the reasons given therein as if specifically set forth herein.

## II. ARGUMENT

The Settlements consist of two separate settlements and settlement documents (*see* D.E. # 450-3), one involving Damages Classes ("DCS") and an Injunctive Relief Class ("IRCS"). The McGlamry/Cornwell Objector makes the following additional objections to the Settlements:

### A. The Settlement Seeks to Improperly and Deceptively Release Unidentified Parties Who Are Not Contributing to the Settlement

The Settlements (D.E. # 450-3) are set forth in D.E. # 450-3. Ironically, that document as provided on the settlement website is not searchable. However, upon review, at page 13, section (rr) reads, "'Releasees' means jointly and severally, individually, and collectively, the NCAA, all Division I conferences, including all Conference Defendants, all Division I Member Institutions, the College Football Playoff, and all of their respective present and former direct and indirect parents, subsidiaries, affiliates, officers, directors, trustees, employees, agents, attorneys, servants, representatives, members, managers, and partners and the predecessors, heirs, executors, administrators, successors, and assigns of any of the foregoing persons or entities."

"College Football Playoff" only appears this one time in the entire Settlement documents, including both DCS and IRCS agreements. That name does not otherwise appear in the Settlement documents, the Class Action Notice, nor in Plaintiffs' Notice of Motion and Motion for

---

[1] *See* consent of McGlamry-Cornwell Objector attached hereto as **Appendix A**.

Preliminary Approval (D.E. # 450), nor Plaintiffs' Supplemental Brief in Support of Motion for Preliminary Approval (D.E. # 534). It is capitalized as a "defined term," but it is not defined in the Settlement documents, unlike for example, "Conference Defendants," which is defined in the documents.

One can only surmise that "College Football Playoffs" is a reference to the separate and distinct corporate entities CFP Administration, LLC, and/or its subsidiaries CFP Events, Inc., or College Football Playoff Foundations, Inc. ("CFP"), or perhaps some other related corporate entities. CFP Administration, LLC, manages the administration operations of the College Football Playoff, and members of the company are the 10 FBS conferences (American Athletic, Atlantic Coast, Big Ten, Big 12, Conference USA, Mid-American, Mountain West, Pac-12, Southeastern, and Sun Belt) and the University of Notre Dame.[2] It is a completely separate entity from the NCAA and the Conference Defendants, and is a multi-billion dollar entity that recently signed a $7.8 billion dollar contract with ESPN.[3] This substantial boost in CFP revenue (an estimated $1.7 billion in additional annual funds previously unallocated to college coaching salaries and facilities) is expected to cause CFP revenues at $2.2 billion to surpass the NCAA's current annual revenue generation of approximately $1.2 billion.[4]

Although "College Football Playoffs" is neither defined or disclosed, and the CFP is never referenced, defined, disclosed, or incorporated, the "Releasees" section arguably seeks to extend to the CFP and other unnamed or disclosed entities. For example, CFP Administration, LLC, is an

---

[2] *See*, https://collegefootballplayoff.com/sports/2019/4/3/governance.aspx
[3] *See*, https://frontofficesports.com/everything-to-know-about-the-12-team-cfp-era/#:~:text=Does%20ESPN%20still%20own%20the,will%20gain%20two%20quarterfinal%20matchups.
[4] *See*, https://moronesanalytics.com/peering-into-the-crystal-ball-of-college-sports/#:~:text=%5B4%5D%20This%20substantial%20boost%20in,generation%20of%20approximately%20%241.2%20billion.

LLC and as such, has members and/or managers terms referenced in the "Releasees" section. However, other sections of the Settlement documents appear to exclude and eliminate the CFP from contributing to the Settlements' contributions to damages compensation, and the benefit pools applicable to the IRCS revenue. For example, in the IRCS settlement documents, at page 8, "ARTICLE 3, BENEFITS POOL," "Shared Revenue" is defined and includes by reference revenue categories set forth in Appendix A of the NCAA 2024 Agreed-Upon Procedures (Attachment 1, at page 17). The revenue categories arguably exclude the CFP from contributing to the Settlements, and that would follow since the revenue categories are defined in an NCAA document, and the NCAA and the CFP are totally separate and distinct entities.

Arguably, there are other terms, conditions, provisions, and language in the Settlement documents (D.E. # 450-3), that attempt to exclude the CFP from contributing to the relief offered by the Settlements. And, if the CFP is not contributing in any way, it is improper and illegal to provide them a release as part of the Settlements. However, the parties to the Settlements are too sophisticated for this to be an oversight or typo.

Any release in the Settlements must be unambiguous, with the Releasees stated explicitly. *See, Lumpkin v. Envirodyne Indus., Inc.*, 933 F.2d 449, 13 Employee Benefits Cas. (BNA) 2185, 119 Lab. Cas. (CCH) P 10844 (7th Cir. 1991). *Cf. Broussard v. Meineke Discount Muffler Shops, Inc.*, 958 F. Supp. 1087, 1098 (W.D. N.C. 1997), rev'd on other grounds, 155 F.3d 331, 41 Fed. R. Serv. 3d 1151 (4th Cir. 1998) (rejected by, *Waste Management Holdings, Inc. v. Mowbray*, 208 F.3d 288, 46 Fed. R. Serv. 3d 1019 (1st Cir. 2000).

Furthermore, to the extent there is ambiguity (which herein ambiguity is being kind), such ambiguity requires the Court to construe it in the favor of absent class members. The doctrine of *contra proferentem* further requires this Court to construe the contracts' terms against the settling

parties and in favor of absent class members. *Stetson v. Grissom*, 821 F.3d 1157, 1164 (9th Cir. 2016) (construing class documents in favor of objector because they "were drafted by Class Counsel"). Consequently, to the extent other language in the agreements might be read to extend beyond the definition of Released Claims, these potentially "inconsistent provisions" must "be construed most favorably" to non-drafting parties. *Bellamy v. Pac. Mut. Life Ins. Co.*, 651 S.W.2d 490, 496 (Mo. 1983).

The members of the DCS and the IRCS cannot possibly make a reasoned decision whether to agree to or object to the Settlements without full disclosure, complete transparency, and clear and unambiguous settlement agreement terms and conditions. Is the CFP contributing part of its billions of dollars in the Settlements, or is the CFP being shielded in the Settlements by ambiguous, equivocal, sophistical, or deceptive language? The members of the DCS and the IRCS have an absolute right to clear and unambiguous answers to these questions, and otherwise their due process rights have been clearly violated.

### B. The Department of Education's Recent Guidance Statement on the Application of Title IX Renders the Settlements Unsuitable and Inapplicable

The U.S. Department of Education, Civil Rights Division, recently entered a Fact Sheet: Ensuring Equal Opportunity Based on Sex in School Athletic Programs in the Context of Name, Image, and Likeness ("NIL") Activities. On January 16, 2025, the U.S. Department of Education's Office for Civil Rights released guidance regarding the obligations of institutions of higher education to comply with Title IX regulations in conducting NIL activities. The guidance confirms the Department of Education's view that NIL compensation from schools constitutes "athletic financial assistance" covered by Title IX's equal opportunity requirements.

The IRCS revenues are allocated largely to revenue driving sports, namely football and men's basketball. The proposed payments to the DCS are also largely designated for men's football

and basketball. Therefore, the application of Title IX to the Settlements will greatly reduce the benefits and relief to the McGlamry/Cornwell Objector. Unless and until this issue is resolved and the Settlements take that resolution into consideration, the Settlements cannot be approved or effectuated. As such, final approval should be denied.

### III.     CONCLUSION

The McGlamry-Cornwell Objector respectfully petitions this Court to deny the Settlements as set forth herein. Pursuant to the class action, we hereby request to speak at the Final Approval Hearing.

Dated: January 31, 2025.            Respectfully submitted,

By: _____
Caroline G. McGlamry
CA Bar No. 308660
Michael L. McGlamry
GA Bar No. 492515
Jay Hirsch
GA Bar No. 357185
**POPE, MCGLAMRY, KILPATRICK,
MORRISON &NORWOOD, P.C.**
3391 Peachtree Road, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706
carolinemcglamry@pmkm.com
mikemcglamry@pmkm.com
jayhirsch@pmkm.com

William J. Cornwell*
FL Bar No. 0782017
**WEISS, HANDLER & CORNWELL, P.A.**
2255 Glades Road, Suite 205E
Boca Raton, FL 33431
Tel: (561) 997-9995
wjc@whcfla.com
filings@whcfla.com

*Pro Hac Vice forthcoming.
*Counsel for Objectors.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on January 31, 2025, I filed the foregoing with the Court by uploading to the CM/ECF system for the United States District Court for the Northern District of California and that a true and correct copy was served on all Registered parties via Notice of Electronic Filing.

By: _____
Caroline G. McGlamry
CA Bar No. 308660