January 29, 2025

The Honorable Claudia Wilken
United States District Court
Northern District of California
1301 Clay Street Oakland, CA 94612

**FILED**

**JAN 30 2025**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

Re: House v. NCAA, Case No. 4:20-cv-03919-CW

Dear Judge Wilken

My name is John "Jace" Christmann V. In 2016, I was asked to be a walk-on football player at Mississippi State University and later graduate transferred, again as a walk on, at the University of Florida in 2021. I have been notified that I am considered part of the "Class" for the College Athlete NIL Litigation, Case No. 4:20-cv-03919-CW (N.D. Cal.) settlement. I write to you not only as an individual deeply affected by the outcome of this case, but also as a representative of my fellow walk-ons across the SEC.

I cannot speak to the fairness of the settlement, or whether it is indeed in the best interests of the class members. However, I can speak to why it is not fair to me and any of those similarly situated. Through no fault of my own, given my personal circumstances, I was asked and agreed to forgo a scholarship to play football at Mississippi State University from 2017 through 2020 and then again, after following my coach, to play football at the University of Florida in 2021.

When I first arrived at Mississippi State, Head Coach Dan Mullen promised me that once a kicker earns the starting role, he is granted a scholarship. After winning the starting job in only my second year, I was told countless times that a scholarship would be forthcoming. After hearing several excuses why my scholarship was being withheld, in August of 2019, I was explicitly asked by my coach to forgo my scholarship so that it could, instead, be offered to another player who could not otherwise afford to attend Mississippi State University. To be clear, I was not on scholarship simply because of gamesmanship and not because I had not earned it. Indeed, some of my accolades include appearing in 41 games for Mississippi State, 10 games at Florida, being named a Freshman All American as a place kicker, being named a SEC All-Freshman place kicker, and currently sitting number four on Mississippi State's all-time scoring list, as well as number one in scoring for all kickers in Mississippi State school history. In addition, in 2017 and 2018, I was nominated for the Burlsworth Trophy ("Most outstanding FBS college football player who began his career as a walk on.") and was also on the Lou Groza Award watch list in 2018 and 2021 for best kicker in college football. I finished my career having sent 180 kicks through the uprights out of 193 attempts, totaling 250 points at a 93.3% success rate. After my successful college career, I was given the opportunity to have tryouts with three NFL franchises -- the Houston Texans, Jacksonville Jaguars, and Tampa Bay Buccaneers. After falling short, and now having started my career in the working world, I am learning how to save and how the world works.

Seeing the amount I am being allotted compared to my teammates, greatly affects me and is extremely disheartening as I am once again being taken advantage of by the college football world. Being only 22 years old when first asked to forgo a scholarship, I didn't realize at the time that I was being taken advantage of or that I was being pressured into trying to be a team player under false pretenses. When I decided to graduate transfer, I turned down scholarships from other schools, to follow my first head coach Dan Mullen, who again told me that I would be taken care of. In retrospect, my loyalty to my team and my teammates would burn me once again. In my time at Mississippi State and at Florida, <u>I was the only starter not on scholarship.</u> Put simply, I was not on scholarship because I was told, for the betterment of the team, that I could afford to pay to go to school and that by refusing a scholarship, it could be given to another individual for our team.

I agreed to the above under the mistaken assumption that it was being done for the betterment of my teams. However, with this settlement, I am now once again being unfairly treated because of the financial sacrifice I made. Without in anyway belittling those who are allotted more money under the current settlement than I am, these individuals are simply slotted to receive more because, as I understand it, the formula (inexact as it is) is tied to games played as a scholarship athlete. In my case, that would be none. Under the settlement, I am only being offered approximately $4,000 when many of my teammates are being offered 30 to 40 times more than me and in many instances more than my current annual salary. It pains me to look back at my accomplishments on the collegiate football field only to realize that my financial sacrifice for the betterment of the team has led to a complete discounting of the fact that I left Mississippi State as the best statistical kicker in school history and a complete discounting of the fact that I started and played in 10 games my senior season at the University of Florida.

Again, I do not begrudge those that are being compensated for the way the NCAA mistreated them as alleged in the class action complaint. But I must respectfully object to the settlement as it simply does not consider my, and potentially many others, experiences where we were asked to forgo scholarships for the good of the team.

I am grateful for your efforts to create a fair and equitable outcome, and I hope that you will take action to protect all student-athletes who embody the spirit of college athletics. Thank you for your time and consideration.

Respectfully,

John "Jace" Christmann V
christmann.jace@gmail.com