January 31, 2025

Judge Claudi Wilken

United States District Court

Northern District of California

Re: In re College Athlete NIL Litigation, Case No. 4:20-cv-03919-CW (N.D. Cal.)

Dear Judge Wilken:

My name is Vincenzo Granatelli. I am a former student-athlete at Arizona State University, where I played football for three seasons from 2019 – 2021. I submit this letter to formally object to the definition of the "Settlement Football and Men's Basketball Class" in the proposed settlement of the above-referenced litigation. Specifically, I object to the exclusion of non-scholarship athletes from class membership, despite their full participation and contribution to their respective teams.

During my tenure at Arizona State University, it was a member of the Pac-12 Conference, one of the five major conferences in college football. I was a walk-on, but I did not have to try out for the team and was treated in every material way the same as my scholarship teammates, except that I did not receive the financial benefits of a grant-in-aid ("GIA"). My athletic and academic responsibilities were identical to those of the scholarship players, requiring year-round commitment to practices, training sessions, meetings, and all team-related activities. I was subject to the same regulations, expectations, and performance standards, including full participation in fall camp, a period during which NCAA roster limits are strictly enforced under Bylaw 17.11.3.1.2.

Over the course of my athletic career, I played in fourteen games, totaling 185 in-game snaps as verified by Pro Football Focus. I traveled to all away games during the 2020 and 2021 seasons, apart from two games during the 2021 season due to injury. In 2020, I was a starter on two of the team's special teams units, which are responsible for plays involving kicking, such as punts and kickoffs. By 2021, I had earned a starting role on all four special teams units, meaning I was on the field for every major special teams play. My contributions on and off the field were recognized through my inclusion on the Pac-12 Academic Honor Roll in each of my three seasons.

Despite my full participation as a member of the Arizona State University football team, the proposed settlement excludes players in my position from its definition of the settlement class solely because they did not receive a GIA scholarship. This exclusion is both arbitrary and inequitable. I was a visible and integral part of the Arizona State University football program, and my name, image, and likeness ("NIL") were used in the same manner as those of scholarship athletes. My NIL appeared in live broadcast television and other media, and my likeness was

included in the EA Sports video game "College Football 24" featuring ASU players. Although I was not receiving a free education like my scholarship teammates, my NIL was still used to promote Arizona State University football during the broadcasts of the fourteen games in which I played.

The settlement, as currently structured, assumes that only GIA players generated broadcast value, despite the reality that players like myself, who contributed significantly on the field, were equally part of those revenue-producing broadcasts. It is fundamentally unjust that a player's scholarship status alone determines whether their NIL is deemed worthy of compensation, particularly when some scholarship athletes who will receive settlement funds played fewer snaps or contributed less to their teams' success than I did.

The class definition should be expanded to include all Power Five football and men's basketball athletes who actively participated in games and team activities. A reasonable and objective measure, such as inclusion on the fall camp roster or game participation verified through official snap counts, would ensure that all athletes who contributed to the revenue-generating broadcasts receive fair compensation. The current exclusion of non-scholarship athletes from the settlement class results in an unjustified and arbitrary distinction that fails to recognize the true nature of athletic participation at the highest level of college sports.

If permitted, I respectfully request the opportunity to speak at the upcoming hearing on April 7, 2025, to further explain my objection. I am willing to appear in person or via Zoom. Thank you for your time and consideration of this matter.

Respectfully submitted,

*Vincenzo Granatelli*

Vincenzo Granatelli

NCAA Eligibility Center ID: 1604468659