January 31, 2025

Judge Claudia Wilken

United States District Court

Northern District of California

Re: In re College Athlete NIL Litigation, Case No. 4:20-cv-03919-CW (N.D.Cal.)

Dear Judge Wilken,



My name is Trevor Glassman. I am an alumni member of The University of Missouri (also known as MIZZOU). I played on the MIZZOU basketball team for two seasons, from 2015-2017. I am submitting this objection to the "Settlement Football and Men's Basketball Class" definition in the proposed settlement of the above-referenced litigation, which limits membership only to full Grant-in-Aid ("GIA") scholarship athletes.

During the two seasons of my basketball career, MIZZOU was a member of the SEC. Thus, I played in a Power Five conference my entire career at MIZZOU.

I was offered and accepted a Preferred Walk-On ("PWO") position at MIZZOU. As a recruited PWO from my previous school, Manhattan College, I was treated the same as any GIA player, except that I did not receive the same financial benefits as a GIA player. I was a full member of the team, subject to the same regulations and expectations as GIA players. I was held to the same athletic and academic standards as all GIA players, including full 12 months-a-year participation in all basketball practices, lifts, trainings, meetings, and activities. I would argue I was held to an even higher standard than the GIA players because my position on the team was not bound by a signature.

During each of my two seasons, I was an active roster participant in preseason, a time of year when the roster number is limited per NCAA Bylaw 17.11.3.1.2. I played in 6 games during my career and started one game. That is more than some scholarship players. I traveled to all away games during my senior year. I was a leader on my team, one of the best students, and considered by coaches and teammates to be an integral part of the team with a role. My senior year, I was named a MIZZOU Three Stripes Club award winner, which is given to select athletes who demonstrate success in the classroom, on the court and around campus.

As a full member of the MIZZOU Men's Basketball Team, I propose that players in my position should be added to the definition of the "Settlement Football and Men's Basketball Class." Had NIL opportunities existed during my playing days, I'm confident most every walk-on in the Power Five would have benefitted from it the same way GIA players have. During my time at MIZZOU, I was not getting a free education like GIA players, but my NIL was used along with GIA players to promote the basketball team during broadcasts in the 6 games in which I played. I believe it is

only fair and reasonable that players like myself be eligible for broadcast NIL payments and not be treated differently than GIA players, particularly when some of them may have played less on the court than I did.

It is not fair that athletic scholarship status alone determines that one player's NIL on the field is worth significant broadcast compensation, whereas the teammate alongside him in the same game is worth nothing. I request that the definition of the "Settlement Football and Men's Basketball Class" include all Power 5 athletes who actively participated and contributed to their teams. An easily verifiable measure, such as participation on a roster during the year or games played/possession, would fairly include all athletes who contributed to the broadcast revenue.

If permitted, I would like to speak at the upcoming hearing. I am willing to appear in person or via Zoom.

Respectfully submitted,



Trevor Glassman
9775 Magnolia Blossom Drive
Tampa, FL 33626

NCAA Eligibility Center ID: 0907200196