January 24, 2025

Judge Claudia Wilken

United States District Court

Northern District of California

In re College Athlete NIL Litigation, Case No. 4:20-cv-03919-CW (N.D. Cal.)

FILED

FEB -4 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

Dear Judge Wilken,

My name is Charles Mirer, and I am a junior at Stanford University. I have been a member of the Stanford football team for three seasons, from 2022 to 2024. I am submitting this objection to the proposed definition of the "Settlement Football and Men's Basketball Class" in the above-referenced litigation, which restricts membership solely to athletes on full Grant-in-Aid ("GIA") scholarships.

    During my first two seasons, Stanford was a member of the PAC-12 Conference, and during my final season, we transitioned to the Atlantic Coast Conference. Therefore, I have competed in a Power Five conference throughout my collegiate career. I joined the Stanford football team as a recruited Preferred Walk-On ("PWO"). As a PWO, I was not required to try out for the team and was treated equivalently to GIA players in all respects except for financial benefits. As a PWO player, I was subject to the exact athletic and academic expectations. I participated fully in all team activities year-round, including practices, weightlifting, training, meetings, and other responsibilities.

    Throughout my three seasons, I was an active roster participant during Fall Camp, a period governed by NCAA Bylaw 17.11.3.1.2, which limits the number of players on the roster. I contributed significantly to the team, serving as a signaler for the offense for two years and traveling to nearly all away games—missing only two as a freshman. As a quarterback, I was held to an exceptionally high standard due to the demands and leadership responsibilities inherent to the position. I am proud to have been named to Stanford's Pac-12 Academic Honor Roll.

    As a full member of the Stanford football team, I respectfully propose that players in my position be included in the definition of the "Settlement Football and Men's Basketball Class." My name, image, and likeness (NIL) were used on broadcast television and other media to promote the football team alongside those of GIA players. While I did not receive a scholarship

like GIA players, my NIL was utilized in the 34 games I participated in throughout my career. It seems inequitable that a player's scholarship status alone determines their eligibility for broadcast NIL compensation when both GIA players and PWOs actively contribute to their teams. This is particularly unfair when some GIA players who qualify for compensation may have less impact on the team than players like myself.

I urge the Court to revise the "Settlement Football and Men's Basketball Class" definition to include all Power Five athletes who actively participated and contributed to their teams, regardless of scholarship status. Athletic scholarship status should not be the sole determinant of NIL value when athletes contribute equally on the field.

I would appreciate the opportunity to speak at the upcoming hearing. I am available to appear in person or via Zoom.

Respectfully submitted,
Charles Mirer
Stanford University, Class of 2025
NCAA Eligibility Center ID: 10181929801