John Austin Nix
NCAA ECID No. 1705808614
1061 E. Bunting Street
Fayettteville, AR 72701

FILED

FEB 04 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

January 31, 2025

Ronald V. Dellums Fedeal Building & United States Courthouse
c/o Class Action Clerk
1301 Clay Street
Oakland, CA 94612

Re:     *In re: College Athlete NIL Litigation*, Case No. 4:20-cv-03919 - CW

Dear Judge Wilken:

Please accept this correspondence as my formal written objection on behalf of myself and all similarly situated class members in relation to the above-referenced class action litigation. I file this objection because the class, as defined, does not treat class members equitably relative to each other and does not allow for a fair, reasonable and adequate settlement as required by federal law.

Specifically, the proposed settlement distribution as structured discriminates against athletes whose high academic achievements afforded them the opportunity to attend college by way of academic scholarships, thereby not requiring athletic scholarship opportunities.

As a graduate of Arkansas High School in Texarkana, Arkansas in 2018, I worked diligently both on and off the playing field and earned an academic scholarship to attend the University of Arkansas where I was a walk-on football player from 2018-2022. Beginning midway through my sophomore year, I played every football game with the exception of two because of an injury, totaling 22 played games over three years – a number that surpasses many of my teammates who were on athletic scholarship.

As structured, the settlement distribution does not treat academically excelling collegiate athletes who saw equal or more playing time as other athletic scholarship receiving athletes fairly. Specifically, the Broadcast NIL payment category states that I am not eligible for receipt of payment because "the allocation is based on information we received from your school about whether you were a full athletic GIA scholarship recipient." Seemingly, this payment category automatically excludes all athletes who did not receive athletic scholarships. By structuring the payout in this manner, the proposed settlement arbitrarily assumes that athletes not on athletic scholarship would not be entitled to broadcast payments. In my case – and the case of others like me who are entitled to as much or, in some instances, more compensation than other athletes receiving far greater estimated payouts – this is inherently unfair.

By way of this objection, I would request the opportunity to speak at the Final Approval Hearing.

Sincerely,

Austin Nix



US POSTAGE PITNEY BOWES

$ 009.64⁰

ZIP 72758
02 7H
0001308727

JAN 31 2025

FROM ARKANSAS AR 727

CERTIFIED MAIL®

FIRST-CLASS

7020 0640 0001 3069 9254

MITCHELL │ WILLIAMS

4206 South J.B. Hunt Dr. │ Suite 200 │ Rogers, AR 7275

Ronald V. Dellums Federal Building & United States
Courthouse
c/o Class Action Clerk
1301 Clay Street
Oakland, CA 94612

94612—520001

RECEIVED

FEB 04 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE