Christopher Ryan Lutzel
101 Sidonia Ave, PH3
Coral Gables, FL 33134
chrislutzel@gmail.com
704-682-6726



FILED

FEB 07 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

To: Ronald V. Dellums Federal Building & United States Courthouse
c/o Class Action Clerk
From: Christopher Lutzel NCAA ECID #1210014608
Date: January 31, 2025
Re: Objection to Approval of Settlement in In re: College Athlete NIL Litigation (House), Case No. 4:20-cv-03919

To Whom It May Concern,

    I am submitting this formal written objection to the above subject class action settlement approval as it specifically relates to the class of the "Settlement Football and Men's Basketball Class." My basis of this objection is simple in that in conferring with similarly situated individuals, it is our contention that this specific class fails to represent the entirety of the purported subject class and purpose for same given the blanket qualification of a full Grant-in-Aid ("GIA") scholarship in order to be a member of this specific class.

    It is my understanding that the purpose of this class is to make this specific class whole as it relates to lost opportunity to profit off of name, image, and likeness ("NIL") between June 15, 2016, and September 15, 2024. While this Court and the class counsel may argue that there are avenues for non-full GIA athletes to recover under this suit, that recovery would exclude any potential recovery for broadcast distributions for competing at the Power Five level in a major sport, such as football or basketball. Per the delineated website which has been set up to aid any potential recipients of any distribution, it is clear that the majority of all funds being paid in this matter will arise from the broadcast distributions that apply specifically to the "Settlement Football and Men's Basketball Class." Furthermore, it is apparent that the logic in the class distinction is that the recipients of the full GIA scholarships were likely the individuals who did not receive the benefits of NIL distributions while the respective athletic conferences and universities profited off their performance and the airing of same across the various broadcasting networks associated with the Power Five Conferences. However, what this class distinction, between full GIA recipients and non-GIA recipients, fails to address, is the potential for circumstances where certain athletes were in fact major contributors and/or starters on their respective Power Five athletic teams, yet did not receive a full GIA scholarship for their respective reasons. That being said, multiple universities, Power Five conferences, and broadcast networks alike still did in fact profit off these specific athlete's names, images, and likeness despite them not having received a full GIA scholarship. Therefore, these specific individuals could not be made whole in this class action matter as their contributions, as the classes are currently separated, are wholly ignored and not accounted for.

As an example to the contributions being mentioned here, various athletes, such as myself, not only competed, but started on the Baylor University Football Team competing in the Big XII Conference, a Power Five Conference, while in college. For various reasons, such as full, or near full, academic scholarships, or other similar circumstances, certain athletes did not require a full GIA scholarship that would otherwise detract from the then 85 scholarship limit in place at the time. However, despite not having a full GIA scholarship through athletics, I, like others on my team, did in fact start for several years, three in my specific circumstances, and contribute in every, or nearly every, game throughout that span. In those years, these athletes, including myself, while not on full GIA scholarship still were involved in various game and season changing plays, such as game winning field goals, critical pass receptions, and/or multiple minutes on the basketball court in conference play. Broadcasts of those games clearly recognized and named the athletes involved in these various moments spread throughout multiple seasons, yet under the current class distinctions, it is as if these athletes never made those game winning kicks, never made those season changing passes, and never stepped foot on that field/court, when that is clearly not the case.

If this class action suit's goal was to make both former and current collegiate athletes, whom their respective universities and power five conferences profited off, whole, then the current class distinctions have wholly failed. Rather than limit the "Settlement Football and Men's Basketball Class" class to only full GIA recipients, this Court should consider that hundreds if not thousands of other power five athletes did in fact contribute, start, and create immeasurable value to their universities, power five conferences, and the networks that broadcast same. Until the "Settlement Football and Men's Basketball Class" takes these athletes and their contributions into account, this subject class action cannot be approved as these athletes have been wholly excluded from the very compensation this suit argues it is fighting for.

For the reasons stated above, it is my request, along with hundred, if not thousands of others in similar circumstances, that this Honorable Court deny the settlement as it stands until the class distinctions take into account the very athletes it purports to stand for. Additionally, I would welcome and be honored with the opportunity to speak at the Final Approval Hearing as to voice the concerns stated above and look forward to this Court's decision.

Sincerely,
/s/Christopher Lutzel
Christopher Lutzel

FROM:
Christopher Wetzel
101 Sidonia Ave, PH 3
Coral Gables, FL 33134

CERTIFIED MAIL
9589 0710 5270 1112 1759 73

Retail
U.S. POSTAGE PAID
FCM LG ENV
MIAMI, FL 33152
JAN 31, 2025
94612
$6.89
RDC 99
S2324A502404-19

TO:
Ronald V. Dellums Federal Building
and United States Courthouse
c/o Class Action Clerk
1301 Clay Street
Oakland, CA 94612

Utility Mailer
10 1/2" x 16"

ReadyPost