Elizabeth Friend
9131 N Tacoma Ave.
Indianapolis, IN 46240

February 17, 2025

The Honorable Claudia Wilken, United States Senior District Judge
Northern District of California
Ronald V. Dellums Federal Building & United States Courthouse
c/o Class Action Clerk
1301 Clay St
Oakland, CA 94612

**FILED**

FEB 28 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

RE: Objection to the Settlement Terms Imposing Roster Limits on Current College Athletes in In re College Athlete NIL Litigation, Case No. 4:20-cv-03919

To the Honorable Claudia A. Wilken:

Please accept this letter as my formal objection to the proposed settlement agreement in House v. NCAA, which imposes roster limits on current college athletes. I refrained from submitting my objection earlier to avoid jeopardizing my child's standing on his team during their season.

My son is a sophomore at Purdue University and a dedicated member of the swim team. His coach has informed the team that, as a direct result of the settlement, six athletes will be cut from the men's team. This decision puts my son's future as a Boilermaker athlete at significant risk.

The proposed roster limits compel Purdue coaches to release athletes to whom they had previously committed. Athletes like my son may face the daunting choice between ending their athletic careers or starting over at another school. For my son, transferring to another school is not a viable option, as he is pursuing a degree from a prestigious institution. The limited options for schools with open team positions and top engineering programs are predominantly private institutions with annual costs of approximately $70,000—$50,000 more than Purdue's tuition. This financial burden would amount to an additional $100,000 for our family.

It is unreasonable that a case intended to fairly compensate athletes could lead to the very athletes it aims to support losing their athletic status. The loss of this status is more than just a setback, it is harmful to the students as it affects their educational opportunities, future career prospects, mental and emotional well-being, and the sense of identity and community that comes from being a part of a team. If roster limits must be imposed, current athletes should be grandfathered in, or the limits should be gradually applied over time. This approach would allow existing athletes to continue pursuing excellence and minimize the impact on younger recruits who aspire to join teams with reduced spots available.

The current approach to imposing roster limits may look good on paper, but it is far from the best solution. Implementing a graduated plan over several years would be less disruptive, allowing no athlete to have to give up their dream, and enabling programs to adapt more smoothly. I urge the court to consider these significant adverse effects on current student-athletes and to explore alternative solutions that respect their commitments and aspirations.

Thank you for your attention to this critical matter.

Sincerely,
Elizabeth Friend

*Elizabeth Friend*

9131 North Tacoma Avenue
Friend
Indianapolis, IN 46240

INDIANAPOLIS IN 460
22 FEB 2025
RECEIVED
FEB 28 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

Honorable Claudia A. Wilken
Ronald V. Dellums Federal Building
 and United States Courthouse
c/o Class action clerk
1301 Clay st.
Oakland, CA  94612

94612-521299