March 6, 2024

The Honorable Claudia Ann Wilken
United States District Court
Northern District of California
1301 Clay Street Oakland, CA 94612

Also delivered electronically to 9docketing@cand.uscourts.gov

Re: Objection to House v. NCAA, , Case No. 4:20-cv-03919-CW

Dear Judge Wilken,

I am the Parent of two Division I Athletes.  I spent 15+ years supporting both of them any way that I could. That included financially, emotionally, physically, and spiritually. I sat outside in 100+ degree temperatures, I sat outside in 30 degree temperatures, I endured wind, rain, and even snow.  I spent long holiday weekends in gyms, at pools, away from the rest of my family. Often times my Husband and I had to "divide and conquer" because schedules overlapped.  Reflecting on the time, I would not change one single thing about the sacrifices we made to allow  both of our children to become better students, better athletes, better leaders, and even better humans because they participated in team sports.  These sacrifices earned my Athletes the honor of being able to continue participating in their sport as a College Athlete.  It is because of this investment, that I feel obligated to take 15 minutes to write to you about the horrific impact the approval of House vs NCAA is going to have on college sports.

My concern centers around roster limits and the short term effect of making sudden and significant cuts to existing rosters.  This is a result that came with no notice, no compromise and no contingency plan.  The Attorneys for the Plaintiff would like you to believe that the cuts are actually minimal and have little impact.  It is rumored that this week alone over 150 swim and dive athletes have been released from their roster from one single conference.  When this is finished, we will be looking at thousands of Athletes impacted.

The silent harm of approval of this settlement, which no one has yet to talk about, is the damage to so many Athlete's mental health.  I have watched my Athlete, and their teammates struggle since last summer because of knowledge of the pending reduction in roster spots.  You nor I can even imagine the burden of being told before the season even began that a certain number of athletes would be released from the program at the conclusion of the season.  Imagine being the the Athlete who continued to train hard but still sat near the bottom of the skills/depth chart and was constantly being nagged by the feeling that you are not good enough, that your performance is below expectation, and that you were constantly being watched. Imagine being the Athlete who slowly watched investment in their training from the Coaching Staff diminish because their

focus had to turn to those Athletes who would be with them long term.  I am sure if we asked, those Athletes would tell the story of how they have been pulling back in their relationships with their teammates to lessen the pain of being released and immediately losing the only social circle that they have known. I am confident we would hear stories of how this impacted them in their classes, in their personal lives, in their relationships, and on their family.  All of his done without any way for them to prevent, control or stop. Contrary to what the Plaintiff Attorneys would lead you to believe, this is exactly what is happening to our Student Athletes.  There is documented mental health damage that has been done, the anxiety, depression, and stress has been a very heavy burden.  We can not even begin to predict what long term effects this may have on this group.

I understand that the Attorneys for the Plaintiff claim that the overwhelming majority of Athletes have opted into their agreement with this settlement.  In my opinion, this is a false narrative being created to push through their agenda.  In most cases, current student athletes were guided by Athletic Departments, Coaches, and even Student Athlete Advisory Committee Members to "opt in" to the agreement as a way to see what compensation they were each entitled to upon approval.  In a way, they were led blindly and unknowingly into a situation that ultimately would lead to changes that so many have no benefit from. This should have been explained clearer to them so they understood the potential harm this could cause to all members of the class.

Analyze the actual numbers of who has opted in and approved the settlement from a members standpoint.  I believe that they will show that a large percentage of Athletes who have granted their approval of the settlement are actually previous Athletes who are only going to benefit financially from their previous participation and have little to no understanding or care of the impact this has on current and future athletes.  It should have been explained better to those class members so they fully understand what they were agreeing to and not tied to compensation.

Your Honor, your legacy is going to be built with your decision in this case.  Although your time in the court may be limited, what you approve will last for decades.  I don't say that to pressure you, but to rather just ask you to pause and look at this situation through a different lens.  The lens of the athlete that is counting on you to do what is right, what does not cause injury to any members of this class, and ensures the legacy for college athletes for many years to come.

There has to be a better solution.  I challenge you, the Court, the Attorneys, the NCAA and all Athletic Leaders to find a better way.

I appreciate you taking the time to read my thoughts and welcome any questions from you.  I would make myself available in any capacity to the courts should it be determined that my voice, my concerns, or my ideas could benefit the class members of this case.

Best,

Mary Ellen Androsky