1  Michael Jabara, Pro Per
   President and CEO
2  ProtectNIL Inc. d/b/a Coach Bank
   6601 OBannon Dr, Las Vegas, Nevada 89146
3  Telephone: 702.266.2277

**FILED**

MAR 25 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4
                    UNITED STATES DISTRICT COURT
5
                    NORTHERN DISTRICT OF CALIFORNIA
6
                    OAKLAND DIVISION
7

8  IN RE COLLEGE ATHLETE NIL          Case No.: 4:20-cv-03919-CW
   LITIGATION
9
   Hon. Claudia Wilken                 MOTION FOR LEAVE TO FILE
10                                      COMMENTS ON PROPOSED
11 Hrg. Date:    April 7, 2024          SETTLEMENT BY PROTECTNIL INC. d/b/a
   Time:         10:00 a.m.             COACH BANK
12 Judge:  .     Hon. Claudia Wilken
   Courtroom:    2, 4th Floor
13

14
15 TO THE HONORABLE CLAUDIA WILKEN, UNITED STATES DISTRICT JUDGE:

16 ProtectNIL Inc. d/b/a Coach Bank ("Coach Bank"), by and through its authorized representative,
   respectfully submits this **Motion for Leave to File Comments on the Proposed Settlement** in
17 the above-captioned case. Coach Bank is an independent sports technology company pioneering
   AI-powered NIL (Name, Image, and Likeness) opportunity, compliance tool and financial
18 management solutions for student-athletes. Our mission is to **democratize access to NIL
19 opportunities** by ensuring that all student-athletes, regardless of institutional affiliation or
   athletic prominence, can participate in a fair, transparent, and competitive NIL ecosystem.
20

21 **I. INTRODUCTION & INTEREST OF MOVANT**

22 **Coach Bank** respectfully submits this motion as an independent NIL technology provider with a
   direct interest in ensuring that the **House Settlement** does not unintentionally restrict
23 **innovation, competition,** or **student-athlete access** within the emerging NIL compliance
24 ecosystem.

25 As a developer of **AI-powered NIL opportunity, compliance, and financial tools**, our team
   supports the Settlement's overall objectives. However, we urge the Court to ensure that the **Final
26 Approval Hearing on April 7, 2025** fully considers the potential **anti-competitive**

27

28 MOTION FOR LEAVE TO FILE COMMENTS ON PROPOSED SETTLEMENT BY PROTECTNIL INC. D/B/A
                         COACH BANK - 1

1  **consequences** of the Settlement's compliance structure—particularly its lack of mandated
2  system **interoperability**.

3  **LBi Software** and **Deloitte** have been selected by the **Power Five Conferences** to administer the
   **NIL Reporting and Cap Management System** and the **Fair Market Value (FMV) System**,
4  respectively. These platforms are intended to provide oversight and ensure payments align with
   fair market standards. However, the Settlement imposes **no requirement** for transparent
5  interoperability mechanisms—such as **API access, authentication protocols, or secure data
   exchange**—necessary for third-party NIL platforms to integrate with these systems.
6
7  Coach Bank has reviewed the **Settlement Agreement**, the public docket, and NCAA
   disclosures, and found **no publicly available interoperability specifications**. In a good-faith
8  effort to clarify access, Coach Bank contacted **LBi Software** directly. LBi responded promptly
   and professionally, confirming that questions of access are **pending direction from the Power
9  Five Conferences**—not based on technical limitations, but policy decisions.
10

11  Without open access and integration protocols, compliance becomes a **closed process** that risks:

12  - **Excluding independent NIL technology providers**;
    - **Increasing manual compliance burdens** on student-athletes;
13  - **Creating barriers** for third-party marketplaces to participate in NIL reporting;
    - **Favoring athletes at well-resourced institutions** over those at smaller programs.
14

15  Although the Settlement centralizes compliance functions under Defendant-selected vendors, it
    fails to ensure access for both emerging as well as widely-used innovative platforms like **Coach
16  Bank, MOGL, Opendorse, and INFLCR**—leaving student-athletes vulnerable to inefficiencies,
    delays, and unintentional violations.
17

18  **Coach Bank urges the Court** to ensure that these structural issues are resolved **before final
    approval**, to protect the Settlement's promise of **fairness, transparency**, and **opportunity for
19  all student-athletes**.

20  Coach Bank respectfully submits that these structural concerns—particularly the lack of
21  mandated access and integration standards—may also implicate broader considerations under
    **Federal Rule of Civil Procedure 23(e)**. That Rule requires the Court to ensure that any class
22  action settlement is "fair, reasonable, and adequate" for all affected parties. Where the
    Settlement's implementation risks creating a closed compliance environment that excludes
23  widely used NIL platforms, the resulting system may unintentionally disadvantage student-
    athletes and suppress innovation in ways that undermine the Settlement's intended equity.
24

25  Additionally, courts have long recognized that the **denial of access to essential infrastructure**,
26  when combined with exclusive control over a regulated space, can raise concerns under antitrust
    principles, including the **Sherman Act, 15 U.S.C. § 2**. See, e.g., *Aspen Skiing Co. v. Aspen
27  Highlands Skiing Corp.*, 472 U.S. 585 (1985); *Otter Tail Power Co. v. United States*, 410 U.S.

28  MOTION FOR LEAVE TO FILE COMMENTS ON PROPOSED SETTLEMENT BY PROTECTNIL INC. D/B/A
    COACH BANK - 2

366 (1973). Coach Bank raises these issues not as legal claims, but to underscore the importance of interoperability to the fairness, functionality, and competitive integrity of the NIL compliance framework.

## II. RELIEF REQUESTED

Coach Bank respectfully requests that the Court, prior to granting final approval of the Settlement, direct the NCAA, the Defendant Conferences, their selected vendors (LBi Software and Deloitte), and any entity designated to enforce NIL compliance (collectively, the **"NIL Compliance Entities"**), to ensure fair, secure, and non-discriminatory integration access for third-party NIL platforms. Specifically, Coach Bank requests that the following conditions be included in the Final Order to ensure proper interoperability <u>prior</u> to the July 1, 2025 deadline:

1. **Timely Publication of Technical Integration Specifications**
   No later than **May 1, 2025**, the vendors shall publicly release complete technical documentation for both the NIL Reporting/Cap Management System and the Fair Market Value (FMV) System, including:
   - API endpoint definitions and data schemas;
   - Authentication and authorization protocols (e.g., OAuth 2.0, JWT);
   - Rate limits, error codes, logging standards;
   - Applicable compliance business rules.
2. **Provision of Sandbox Access for Development & Testing**
   No later than **May 15, 2025**, The NIL Compliance Entities shall make available a non-production sandbox environment with:
   - Simulated API endpoints;
   - Test credentials;
   - Representative data structures matching production logic.
3. **Coordinated Production Access & Onboarding Support**
   The NIL Compliance Entities shall coordinate go-live deployment with third-party platforms, including:
   - Availability of production API access by **June 15, 2025**;
   - Dedicated onboarding contacts and ticketing support;
   - At least 10 business days of user acceptance testing (UAT) prior to systemwide rollout.
4. **Non-Discriminatory, Cost-Free Access with Transparent Service Standards**
   - Access to all compliance systems shall be **free of charge** to third-party platforms.
   - Service-level standards (e.g., FMV processing timelines, API response windows) shall apply uniformly, regardless of vendor affiliation.
   - No student-athlete shall be disadvantaged based on the compliance platform used.
5. **Opportunity to Be Heard at Final Approval Hearing**
   If these access provisions are not resolved prior to the Final Approval Hearing, Coach Bank respectfully requests leave to submit written or oral comments on **April 7, 2025**, or at any time the Court deems appropriate.

Coach Bank respectfully requests that the Court adopt the above safeguards and enter an Order in substantially the form of the [Proposed] Order Granting Relief filed concurrently herewith.

## III. CONCLUSION

Coach Bank strongly supports the broader objectives of the Settlement but urges the Court to safeguard against **unintended monopolistic control over NIL compliance**. API integration and open compliance access are essential for fostering **competition, fairness, and efficiency** in the evolving NIL landscape. Without such provisions, the very student-athletes the Settlement seeks to empower may find themselves **locked into an inefficient, burdensome compliance system that favors Defendant-selected vendors over innovation and free-market competition**.

For these reasons, Coach Bank respectfully requests that the Court grant this Motion for Leave and adopt the accompanying [Proposed] Order Granting Relief, ensuring that interoperability and access safeguards are incorporated into the final approval of the Settlement.

## IV. DECLARATION OF STANDING

**Request for Leave to File Pro Per:** As President and CEO of ProtectNIL Inc., I respectfully request leave from this Court to file this motion **pro per** in the limited capacity of submitting comments on the proposed settlement that directly impact ProtectNIL Inc. and its ability to operate within the NIL compliance framework. This filing does not constitute legal representation of another party, nor does it assert legal arguments beyond ProtectNIL Inc.'s direct business interests.

I, Michael Jabara, declare under penalty of perjury under the laws of the United States that:

1. I am the President and CEO of ProtectNIL Inc. d/b/a Coach Bank, a corporation duly registered in the States of Delaware and Nevada.
2. I have personal knowledge of the facts stated herein and am competent to testify to them if called upon to do so.
3. As an officer and duly authorized agent of ProtectNIL Inc., I have the authority to submit this filing on behalf of the company.
4. I understand that corporations are generally required to be represented by an attorney in federal court; however, I respectfully request leave to file this motion pro per in the interests of justice, expediency and transparency.

1    I declare under penalty of perjury that the foregoing is true and correct to the best of my
2    knowledge.

3    DATED: March 20, 2025

4    Respectfully submitted,

5
6
     Michael Jabara, President and CEO, *pro per*
7    ProtectNIL Inc. d/b/a Coach Bank
     6601 OBannon Dr, Las Vegas, Nevada 89146
8    ProtectNIL Inc. is a corporation registered in Delaware and Nevada
9    Telephone: 702.266.2277

# FOOTNOTES

1. "Jan. 2025 Division I Governance Settlement Q&A," available at
   www.collegeathletecompensation.com. This Q&A was approved by the Court and
   distributed to class members pursuant to the Preliminary Approval Order.
2. "Conferences share new and significant progress toward implementation of House
   settlement," NCAA.org (Mar. 12, 2025), https://www.ncaa.org/news/2025/3/12/media-
   center-conferences-share-new-and-significant-progress-toward-implementation-of-house-
   settlement.aspx. Confirms designation of LBi Software and Deloitte as vendors for NIL
   Reporting and FMV compliance systems.
3. "Power Conferences to Take Over NIL Oversight as NCAA Forfeits Control," Sports
   Illustrated (Feb. 15, 2025), https://www.si.com/fannation/name-image-likeness/nil-
   news/power-conferences-to-take-over-nil-oversight-as-ncaa-forfeits-control. Describes
   the Power Five Conferences' assumption of post-settlement NIL governance
   responsibilities.
4. "Final Approval Hearing Scheduling Order," *House v. NCAA*, No. 4:20-cv-03919-CW,
   Dkt. 391 (N.D. Cal. Oct. 18, 2024). Sets the Final Approval Hearing date of April 7,
   2025.