**DOMESTIC NONPROFIT CORPORATION**
**CERTIFICATE OF FORMATION**

**EXHIBIT 1**

PURPOSE: In order to form a Nonprofit Corporation under Sections 10A-1-3.05 and 10A-3-3.02 of the *Code of Alabama 1975,* this Certificate of Formation and the appropriate filing fees must be filed with the Office of the Secretary of State. **The information required in this form is required by Title 10A.**

1. The name of the corporation: Athletes.org, Inc.

2. **A copy of the Name Reservation certificate from the Office of the Secretary of State must be attached.**

3. This nonprofit corporation (MUST check one):
   ○ has Members  **or**  ● has no Members

4. Street (**No PO Boxes**) address of principal office of the corporation:
   3187 Overton Cove Birmingham, AL 35223

   Mailing address of principal office (if different from street address):

5. The name of the registered agent (only one agent): Jim Cavale

   Street (**No PO Boxes**) address of registered office (must be located in Alabama):
   3187 Overton Cove Birmingham, AL 35223

   *COUNTY of above address: JEFFERSON

   Mailing address in Alabama of registered office (if different from street address):

---

**(For SOS Office Use Only)**

Alabama
Sec. Of State

001-075-422    DNP

Date    04/21/2023
Time    12:33:00
File    $100.00
County  $100.00
        -------
Total   $200.00

**DOMESTIC NONPROFIT CORPORATION CERTIFICATE OF FORMATION**

6. Purpose for which corporation is formed:
   The purpose of the Corporation is outlined in the Attachment to the Certificate of Formation. ;
   the purpose includes the transaction of any lawful business for which nonprofit corporations may be incorporated in Alabama under Title 10A, Chapter 3 of the Code of Alabama.

7. Period of duration shall be perpetual unless stated otherwise by an attached exhibit.

8. The name(s) of the Incorporator(s): See attached

   Street (**No PO Boxes**) address of Incorporator(s): _____

   Mailing address of Incorporator(s) – (if different from street address): _____

   The name(s) of the Incorporator(s): _____

   Street (**No PO Boxes**) address of Incorporator(s): _____

   Mailing address of Incorporator(s) – (if different from street address): _____

   The name(s) of the Incorporator(s): _____

   Street (**No PO Boxes**) address of Incorporator(s): _____

   Mailing address of Incorporator(s) – (if different from street address): _____

   The name(s) of the Incorporator(s): _____

   Street (**No PO Boxes**) address of Incorporator(s): _____

   Mailing address of Incorporator(s) – (if different from street address): _____

9. The number of Directors constituting the initial Board of Directors is  3  .
   The initial Directors names and addresses must be listed in this Certificate of Formation.

   Director's Name: See attached

   Street (**No PO Boxes**) address of Director:

   Mailing address of Director(s) - (if different from street address):

   Director's Name:

   Street (**No PO Boxes**) address of Director:

   Mailing address of Director(s) - (if different from street address):

   Director's Name:

   Street (**No PO Boxes**) address of Director:

   Mailing address of Director(s) - (if different from street address):

   Director's Name:

   Street (**No PO Boxes**) address of Director:

   Mailing address of Director(s) - (if different from street address):

**DOMESTIC NONPROFIT CORPORATION CERTIFICATE OF FORMATION**

**Attach listing if more Directors need to be added (type "see attached" in the name line for the first Director on this form).**

10. Unless an attachment to this Certificate of Formation provides that a change in the number of directors shall be made only by amendment to the Certificate of Formation, a change in the number of directors made by amendment to the bylaws shall be controlling. In all other cases, whenever a provision of the Certificate of Formation is inconsistent with a bylaw, the provision of the Certificate of Formation shall be controlling.

[X] Attached are any other provisions that are not inconsistent with law relating to organization, ownership, governance, business, or regulation of the internal affairs of the nonprofit corporation, including any provisions for distribution of assets on dissolution or final liquidation.

*County of Registered Agent is requested in order to determine distribution of County filing fees

4 / 21 / 2023
Date   (MM/DD/YYYY)

David H. Humber
Signature as required by 10A-1-3.04
Incorporator
Typed name of above signature

## Additional Details

**Directors**

| Director | Street Address | Mailing Address |
|---|---|---|
| Jim Cavale | 3187 Overton Cove<br>Birmingham, AL 35223 | 3187 Overton Cove<br>Birmingham, AL 35223 |
| Mit Winter | 13207 Windsor St<br>Leawood, KS 66209 | 13207 Windsor St<br>Leawood, KS 66209 |
| Chris Nalley | 212 20th Street N, Suite 301<br>Birmingham, AL 35203 | 212 20th Street N, Suite 301<br>Birmingham, AL 35203 |

**Incorporators**

| Incorporator | Street Address | Mailing Address |
|---|---|---|
| David H Humber | 1901 Sixth Avenue North, Suite 1700<br>Birmingham, AL 35203 | 1901 Sixth Avenue North, Suite 1700<br>Birmingham, AL 35203 |

Wes Allen  
Secretary of State

P.O. Box 5616  
Montgomery, AL 36103-5616

# STATE OF ALABAMA

**I, Wes Allen, Secretary of State of Alabama, having custody of the Great and Principal Seal of said State, do hereby certify that**

pursuant to the provisions of Title 10A, Chapter 1, Article 5, Code of Alabama 1975, and upon an examination of the entity records on file in this office, the following entity name is reserved as available:

**Athletes.org, Inc.**

This name reservation is for the exclusive use of Maynard Nexsen PC, 1901 Sixth Avenue North, Suite 1700, Birmingham, AL 35203 for a period of one year beginning April 21, 2023 and expiring April 21, 2024



RES087226

**In Testimony Whereof, I have hereunto set my hand and affixed the Great Seal of the State, at the Capitol, in the city of Montgomery, on this day.**

April 21, 2023

**Date**

*Wes Allen*

**Wes Allen**           **Secretary of State**

**ATTACHMENT TO**
**CERTIFICATE OF FORMATION**

**OF**

**ATHLETES.ORG, INC.**
**(a nonprofit corporation)**
**(the "Foundation")**

**ARTICLE I.**

**PURPOSES AND POWERS**

1.1   Subject to the limitations set out in paragraph 1.2 below, the purposes for which the Foundation is organized are:

(a)   To engage in exclusively charitable and educational activities within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986 or the corresponding provisions of any future United States Internal Revenue law (the "Code"), including without limitation to support, educate, and advocate for college and high school athletes on items such as financial literacy, mental wellness, and name, image and likeness activities.

(b)   In connection with the foregoing activities, solicit, accept, receive, manage and disburse contributions of property, including real property, and income therefrom, and to apply for, accept and expend grants in accordance with their requirements.

(c)   To engage in any lawful act or activity for which a corporation may be organized under the Alabama Business and Nonprofit Entity Code and any act amendatory thereof, supplementary thereto or substituted therefor (hereinafter referred to as the "Act"), provided that such act or activity is one permitted by an organization exempt under Section 501(c)(3) of the Code and the regulations promulgated thereunder (the "Regulations").

1.2   The Foundation shall be subject to the following restrictions and limitations, notwithstanding any other provisions of this Certificate:

(a)   The Foundation shall not carry on any activities not permitted to be carried on by an organization exempt under Section 501(c)(3) of the Code and the Regulations, or by an organization, contributions to which are deductible under Section 170(c)(2) of the Code and the Regulations as the same now exist or as they may be hereafter amended from time to time.

(b)   No substantial part of the activities of the Foundation shall be carrying on propaganda, or otherwise attempting to influence legislation, and no activities of

06815076.1

the Foundation shall be participating in, or intervening in (including the publication or distribution of statements), any political campaign on behalf of any candidate for public office.

(c) No part of the net earnings of the Foundation shall inure to the benefit of any private person, director, or officer of the Foundation, or any other private individual (except that reasonable compensation may be paid for services rendered to or for the Foundation affecting one or more of its purposes).

(d) If the Foundation should be classified as a private foundation within the meaning of Section 509 of the Code, the officers of the Foundation shall:

1. Distribute all income of the Foundation at such times and in such manner as not to subject the Foundation to tax under § 4942 of the Code.

2. Refrain from causing the Foundation to engage in any act of self dealing as defined in § 4941(d) of the Code.

3. Refrain from retaining any excess business holdings as defined in § 4943(c) of the Code in a manner that would subject the Foundation to tax under § 4943(a) of the Code.

4. Refrain from making any investments in such manner as to subject the Foundation to tax under § 4944 of the Code.

5. Refrain from making any taxable expenditures as defined in § 4945(d) of the Code.

1.3 Upon the liquidation or dissolution of the Foundation, whether voluntary or involuntary, no private person, director, or officer shall be entitled to any distribution or division of its remaining property or its proceeds, and the balance of all money and other property received by the Foundation from any source, after the payment of all debts and obligations of the Foundation, shall be used and distributed exclusively for purposes within those set forth in paragraph 1.1 of this Certificate (as limited by the provisions of paragraph 1.2 of this Certificate) and within the intendment of Section 501(c)(3) of the Code and the Regulations as the same now exist or as they may be hereafter amended from time to time.

## ARTICLE II.

## **MEMBERS**

2.1 The Foundation shall have no members or shareholders and shall not issue any shares of stock or certificates or any other evidence of membership; provided, however, that if at any time there are no directors of the Board of Directors, or if the Board of Directors has been unable to obtain a quorum during the immediately preceding twelve (12) month period, any remaining director(s), or if there are no directors, then the then current registered agent of the Foundation, shall, at such time

06815076.1

and for the following purposes only, constitute the sole member of the Foundation and shall have the power (a) to remove any directors of the Board of Directors who have not attended a meeting of the Board of Directors during the immediately preceding twelve (12) month period, and (b) if there are no directors on the Board of Directors (even if such situation exists as the result of the registered agent's removal of directors), to appoint a director to the Board of Directors, which director shall then, pursuant to Section 10A-3-2.10 of the Act, appoint other directors to the Board of Directors as needed to conform with the Act, this Certificate, and the Bylaws of the Foundation.

## ARTICLE III.

## INTERNAL AFFAIRS

The following provisions for the regulation of the business and for the conduct of the affairs of the Foundation and the directors thereof are hereby adopted:

3.1     The initial bylaws of the Foundation shall be adopted by the Board of Directors. The power to alter, amend or repeal the bylaws or adopt new bylaws shall be vested in the Board of Directors, except to the extent otherwise provided in the bylaws, which power may be exercised in the manner and to the extent provided in the bylaws. The bylaws may contain any provisions for the regulation and conduct of the affairs of the Foundation and the directors not inconsistent with the Act or this Certificate.

3.2     All corporate powers and duties imposed on the Board of Directors by the Act, this Certificate, or the bylaws of the Foundation, and the business and affairs of the Foundation (the "Powers and Duties"), shall be exercised by or under the authority of, and managed under the direction of, the Board of Directors; provided, however, that pursuant to Section 10A-3-2.08 of the Act, the Board of Directors may confer any Powers and Duties on such other person or persons as the Board of Directors determines in its sole discretion to be in the best interests of the Foundation. Directors shall be elected in the manner provided in the bylaws. The number of directors of the Foundation shall be fixed from time to time by the bylaws. The number of directors may be increased or decreased from time to time by amendment to the bylaws or in the manner provided for therein, provided that no decrease shall have the effect of shortening the term of any incumbent director. The term of each director in office shall be fixed from time to time by the bylaws, or in the absence of such a bylaw provision, the term of each director shall be one (1) year and until his or her successor shall have been elected and qualified.

3.3     Any contract or other transaction that is fair and reasonable to the Foundation and is in furtherance of the Foundation's exempt purpose, between the Foundation and one or more of its directors, or between the Foundation and any corporation, partnership or other entity of which one or more of its directors are shareholders, directors, officers, partners, members or employees, or in which they are financially interested, shall be valid for all purposes, notwithstanding the presence of the director or directors at the meeting of the Board of Directors of the Foundation or any committee thereof that acts upon, or in reference to, the contract or transaction, if either the fact of such interest shall be disclosed or known to the Board of Directors or such committee, as the case may be, and the Board of Directors or such committee shall, nevertheless, authorize or ratify the contract or transaction. The interested director or directors shall not be counted in determining whether a

06815076.1

quorum is present and shall not be entitled to vote on such authorization or ratification. This paragraph shall not be construed to invalidate any contract or other transaction that would otherwise be valid under the common and statutory law applicable to it. Each and every person who may become a director of the Foundation is hereby relieved from any liability that might otherwise arise by reason of his or her contracting with the Foundation for the benefit of himself or herself or any corporation, partnership or other entity in which he or she may be in any way interested.

    3.4    In amplification and not in limitation of the provisions of applicable law:

    (a)    Pursuant to Sections 10A-20-16.01 et seq., and 6-5-336 CODE OF ALABAMA, 1975, as amended, and the Volunteer Protection Act of 1997, 42 U.S.C. § 14501 et seq., as amended, all non compensated directors, trustees, members of governing bodies, officers and other eligible volunteers of the Foundation shall be immune from suit and shall not be subject to civil liability arising from the conduct of the affairs of the Foundation except when the act or omission of such person that gives rise to the cause of action amounts to willful or wanton misconduct or fraud or gross negligence.

    (b) The Foundation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed claim, action, suit or proceeding, whether civil, criminal, administrative or investigative, including appeals (other than an action by or in the right of the Foundation), by reason of the fact that he or she is or was a director, officer, employee or agent of the Foundation, or is or was serving at the request of the Foundation as a director, officer, partner, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him or her in connection with such claim, action, suit or proceeding, unless he or she acted intentionally or willfully against the best interests of the Foundation. The termination of any claim, action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person acted intentionally or willfully in a manner that was opposed to the best interests of the Foundation.

    (c)    The Foundation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed claim, action or suit by or in the right of the Foundation to procure a judgment in its favor by reason of the fact that he or she is or was a director, officer, employee or agent of the Foundation, or is or was serving at the request of the Foundation as a director, officer, partner, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against expenses (including attorneys' fees) actually and reasonably incurred by him or her in connection with the defense or settlement of such action or suit if he or she acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the Foundation and except that no indemnification shall be made with respect to any claim, issue or matter as to which such person shall have been adjudged to be liable for intentional or willful misconduct in the performance of his or her duty to the Foundation unless

and only to the extent that the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which such court shall deem proper.

(d)     Any indemnification under subsections (b) and (c) (unless ordered by a court) shall be made by the Foundation only as authorized in the specific case upon a determination that indemnification of the director, officer, employee or agent is proper in the circumstances because he or she has met the applicable standard of conduct set forth in subsections (b) and (c). Such determination shall be made (1) by the Board of Directors by a majority vote of the directors who were not parties to, or who have been wholly successful on the merits or otherwise with respect to, such claim, action, suit or proceeding, or (2) if a majority of disinterested directors so directs, by independent legal counsel in a written opinion.

(e)     Expenses (including attorneys' fees) incurred in defending a civil or criminal claim, action, suit or proceeding may be paid by the Foundation in advance of the final disposition of such claim, action, suit or proceeding upon receipt of an undertaking by or on behalf of the director, officer, employee or agent to repay such amount if and to the extent that it shall ultimately be determined that he or she is not entitled to be indemnified by the Foundation as authorized in this Section. Such undertaking shall be an unlimited, unsecured general obligation of the officer of the Foundation and shall be accepted without reference to his ability to make repayment.

(f)     The indemnification authorized by this Section shall not be deemed exclusive of and shall be in addition to any other rights to which those indemnified may be entitled under any statute, rule of law, provision of certificate of formation, bylaws, agreement, vote of disinterested directors or otherwise, both as to action in his or her official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of the heirs, executors and administrators of such a person. No amendment, modification, or repeal of this Section shall diminish the right to indemnification with respect to any claim, cause, or matter in any then pending or subsequent proceeding that is based in any material respect on any alleged action or failure to act prior to such amendment, modification or repeal.

(g)     The Foundation shall have power to purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the Foundation, or is or was serving at the request of the Foundation as a director, officer, partner, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against any liability asserted against him or her and incurred by him or her in any such capacity or arising out of his or her status as such, whether or not the Foundation would have the power to indemnify him or her against such liability under the provisions of this Section.

06815076.1

3.5     The Foundation reserves the right from time to time to amend, alter or repeal each and every provision contained in this Certificate, or to add one or more additional provisions, upon a vote of a majority of the directors in office.

06815076.1