Gary K. Shipman, Esq. (*pro hac vice*)
gshipman@shipmanlaw.com
N.C. Bar No. 9464
James T. Moore, Esq. (*pro hac vice*)
jmoore@shipmanlaw.com
N.C. Bar No. 38377
SHIPMAN WRIGHT & MOORE, LLP
575 Military Cutoff Road, Suite 106
Wilmington, NC  28405

William Audet, Esq. (SBN 117456)
waudet@audetlaw.com
AUDET & PARTNERS, LLP.
711 Van Ness Ave., Suite 500
San Francisco, CA 94102

*Counsel for Proposed Amicus Athletes.org, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**Oakland Division**
No.: 4:20-cv-03919-CW

| | |
|---|---|
| IN RE:  COLLEGE ATHLETE NIL LITIGATION | MEMORANDUM IN SUPPORT OF MOTION OF ATHLETES.ORG, INC. FOR LEAVE TO FILE BRIEF OF AN AMICUS CURIAE |

**NOW COMES ATHLETES.ORG., INC.,** by and through its attorneys, and hereby submits this Memorandum in Support of its Motion to File a Brief of Amicus Curiae.

I.      **INTRODUCTION**

On October 7, 2024, this Court entered an order approving a preliminarily proposed settlement, and set a deadline of January 31, 2025 for any potential objectors to file objections. ECF No. 544.  A hearing on final approval has been scheduled for April 7, 2025, and this Court has received extensive briefing from the Parties, objectors, and other interested parties, including the United States Department of Justice.

Athletes.org., Inc. ("AO") is a Non-Profit Corporation organized and existing under the laws of the State of Alabama with its principal office located in Birmingham, Alabama.  AO, also

known as The Players Association for College Athletes, is a voluntary membership organization whose membership includes more than 4,000 current and former college athletes, including some of the named Plaintiffs, and AO's purpose includes to support, educate and advocate for college and high school athletes on issues such as financial literacy, mental wellness, and name, image and likeness activities.

Some of AO's Members and named Plaintiffs (Grant House, Sedona Prince and Nya Harrison) have already provided comments to this Court (*see e.g.* Doc. 580), and the interests of AO's Members will be impacted by the decisions made regarding whether to approve the proposed settlement in this case. As an organization whose purpose includes advocating for college athletes, AO has filed its Motion for Leave in order to provide this Court with a Brief that AO believes adequately addresses concerns of college athletes that will continue to exist whether the proposed settlement is approved or not. As a non-profit corporation whose purpose includes providing support for current and future college athletes that will be impacted by the decisions made regarding whether to approve the proposed settlement in this case, AO contends that an amicus brief from AO is desirable because AO believes that it can provide this Court with a balanced perspective regarding key clarifications that AO contends will be needed if the proposed settlement is to be approved; that it can illustrate to the Court issues that AO contends are not adequately addressed in the proposed settlement; other litigation that is likely to arise in the future surrounding issues in this case; and the need for college athletes to be adequately represented if they and college athletics are to secure the desired long-term stability that the Parties here apparently seek. Each of these matters is relevant, AO contends, to the disposition of this case and the proposed settlement.

## II.     THIS COURT HAS DISCRETION WHETHER TO ALLOW THIS MOTION

It is within the Court's discretion whether to allow amici to file a brief, and courts generally exercise "great liberality" in permitting amicus briefs. *California by and through Becerra v. United State Dep't of the Interior*, 381 F.Supp.3d 1153, 11654 (N.D. Cal.,, 2019); *Cody v. Ring LLC,* 718 F. Supp. 3d 993, 1004 (N.D. Cal. 2024). The "classic role" of amicus curiae is to assist a court in a case of public interest by "supplementing the efforts of counsel." *Id.* (citations omitted). "The salient question is whether such brief is helpful to the Court." *Becerra*, 381 F.Supp.3d at 1164.

This case is undoubtedly one of "public interest." In this case, AO's Brief, it contends, supplements the efforts of counsel and is helpful to the Court by providing additional insight and authorities for this Court's consideration. The Brief provides this Court with insight from AO's perspective regarding how this proposed settlement cannot be a replacement for collective bargaining; how health and safety standards are not adequately addressed, either in this settlement or the NCAA's Manuals; how (as the Parties admit) the proposed settlement does not grant Defendants protection under the non-statutory labor exemption; the certainty of future litigation; and how agreements that athletes are being forced to sign are being misused. All of this information, AO contends, would assist this Court.

## SUMMARY AND CONCLUSION

For the foregoing reasons, and for the reasons further set forth in AO's proposed Amicus Brief, Athletes.org, Inc., respectfully requests that its Motion for Leave be allowed.

Respectfully submitted this the 27th day of March 2025

        **SHIPMAN WRIGHT & MOORE, LLP**
        *Attorneys for Athletes.org, Inc.*

    By:    /s/ Gary K. Shipman
              _____

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

**GARY K. SHIPMAN (pro hac vice)**  
N.C. State Bar No.: 9464  
**JAMES T. MOORE (pro hac vice)**  
N.C. State Bar No.: 38377  
575 Military Cutoff Road, Suite 106  
Wilmington, NC 28405  
Telephone: (910) 762-1990  

William Audet, Esq. (SBN 117456)  
waudet@audetlaw.com  
AUDET & PARTNERS, LLP.  
711 Van Ness Ave., Suite 500  
San Francisco, CA 94102  
Telephone: (415) 568-2555

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on March 27, 2025, I filed the foregoing with the Court by uploading to the CM/ECF system for the United States District Court for the Northern District of California and that a true and accurate copy was served on all Registered parties via Notice of Electronic Filing.

By:   /s/ Gary K. Shipman

**GARY K. SHIPMAN**