STEPHEN M. TILLERY *(admitted pro hac vice)*
  stillery@koreintillery.com
GARRETT R. BROSHUIS (Bar No. 329924)
  gbroshuis@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone:  (314) 241-4844
Facsimile: (314) 241-3525

GEORGE A. ZELCS *(admitted pro hac vice)*
  gzelcs@koreintillery.com
MARC WALLENSTEIN *(admitted pro hac vice)*
  mwallenstein@koreintillery.com
PAMELA I. YAACOUB
  pyaacoub@koreintillery.com *(admitted pro hac vice)*
**KOREIN TILLERY, LLC**
205 N. Michigan Ave., Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750

ERIC OLSON *(admitted pro hac vice)*
  eolson@olsongrimsley.com
SEAN GRIMSLEY (Bar No. 216741)
  sgrimsley@olsongrimsley.com
JASON MURRAY *(admitted pro hac vice)*
  jmurray@olsongrimsley.com
SAMARA HOOSE (Bar No. 337713)
  shoose@olsongrimsley.com
**OLSON GRIMSLEY KAWANABE HINCHCLIFF & MURRAY LLC**
700 17th Street, Suite 1600
Denver, CO 80202
Telephone: (303) 535-9151

*Attorneys for Seth Beer, Benjamin Burr-Kirven, Yoeli Childs, and James Okonkwo*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | CASE NO. 4:20-cv-3919-CW<br><br>**CLASS ACTION**<br><br>**MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Judge: Hon. Claudia Wilken |

**Motion for Administrative Relief Under Civil L.R. 7-11 Seeking Leave to Opt Out of the Class**

Four former student-athletes, Seth Beer, Benjamin Burr-Kirven, Yoeli Childs, and James Okonkwo, ask this court to grant them leave to opt out of the Class Settlement in *College Athletes NIL Litigation*, No. 4:20-CV-03919 (N.D. Cal), under Civil L.R. 7-11.

Ninth Circuit law favors allowing the athletes to opt out, particularly given their brief and excusable delay. Courts in the Ninth Circuit regularly extend the time allowed for a class member to opt out of a settlement "[u]pon a showing of 'excusable neglect.'" *See, e.g., Jones v. Tirehub LLC*, No. 2:21-cv-0564 DB, 2024 WL 2132611, at *3 (E.D. Cal. May 13, 2024). The Federal Rules permit a district court to grant such relief. Fed. R. Civ. P. 6(b)(2), 23, 60(b)(1). And the Ninth Circuit has recognized that the district court may extend a class member's time to opt-out. *Silber v. Malbon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

The following factors are relevant to whether a court extends the time for "excusable neglect":

> (i) whether class notice was actually received; (ii) the length of the delay; (iii) the reasons for the delay; (iv) who and/or what caused the delay; (v) whether the absent class member's failure to act in a timely manner was the result of excusable neglect (which in turn requires consideration of whether the moving party acts in good faith and reasonably); (vi) how many people seek to opt-out; (vii) whether a final judgment or settlement will be affected if the request is granted; and (viii) whether the defendant will be prejudiced if the request is granted.

*Ambriz v. Matheson Tri-Gas*, No. LA CV14-04546 JAK (JCx), 2016 WL 11757899, at *2 (C.D. Cal. Feb. 4, 2016) (citing *Silber*, 18 F.3d at 1455); *see also Jones*, 2024 WL 2132611, at *3 (citing *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, 895 F.3d 597, 618 (9th Cir. 2018)).

*Ambriz* is illustrative. 2016 WL 11757899 at *3. After the opt-out deadline but before final approval of the settlement, a class member who had not received the first settlement notice nor received any phone calls about the settlement sought leave to opt out. *Id.* at *1. Upon receiving the final settlement, he spoke with counsel within a few weeks. *Id.* at *2. Within a month of learning of the settlement, he moved to opt out. *Id.* The district court granted the motion after determining that "[a] balance of the…factors warrant[ed] permitting [the movant] to opt out of the settlement with the Class." *Id.* at *2-3. Because movant's delay was "brief" and because he "did not act in bad faith in seeking to opt out after the deadline," the factors supported a finding of excusable neglect. *Id.* at *3;

*see also Jones*, 2024 WL 2132611, at *3-4 (finding excusable neglect and granting a late opt-out from settlement).

So too here. Mr. Beer, Mr. Burr-Kirven, Mr. Childs, and Mr. Okonkwo respectfully request that the court grant them leave to opt out of the Class Settlement.

**I.      Background**

      **A.      Seth Beer**

Mr. Beer played Division I college baseball at Clemson University between 2016 and 2018. Ex. 1 (Beer Decl.). He did not receive notice of the Class Settlement, likely because he has moved several times since playing for Clemson and no longer uses his Clemson email address. *Id.* Mr. Beer didn't otherwise learn of the Class Settlement until recently, after the January 31, 2025 deadline for opting out had already passed. *Id.*

Within a few days of learning about the Class Settlement, Mr. Beer sought representation from undersigned counsel and contacted the administrator to opt out on April 8, 2025. *See id.* Undersigned counsel immediately conferred with Defendants. On April 12, 2025, counsel for Defendants indicated that they would not agree to "adding late opt outs," which necessitated this motion.

      **B.      Benjamin Burr-Kirven**

Mr. Burr-Kirven played Division I football at the University of Washington between 2015 and 2018. Ex. 2 (Burr-Kirven Decl.). He received timely notice of the Class Settlement but objected to it because his estimated payout did not reflect his significant contributions to his successful team or the recognition he had achieved as a player. *Id.* But he did not opt out before January 31, 2025, because he believed that his estimated payout was a mistake that would be corrected. *Id.*

Mr. Burr-Kirven presented his objection to the Court at the April 7, 2025 hearing. *Id.* Only at that hearing did he learn that his estimated payout would not be corrected. *Id.* Had he known that the estimated payout would not be corrected but reflected the settlement's model, he would have timely opted out of the Class Settlement. *Id.*

Immediately after the April 7 hearing, Mr. Burr-Kirven sought representation to opt out of the Class Settlement. Defendants' counsel has not yet responded to his request to opt out.

### C.     Yoeli Childs

Mr. Childs played basketball at Brigham Young University between 2016 and 2020. Ex. 3 (Childs Decl.). He received timely notice of the Class Settlement. *Id.* He contacted the settlement administrator to ask about being considered a Power Five player. *Id.* The settlement administrator informed him that if he wanted to be included in the settlement, he would need to submit a claim by January 31, 2025. *Id.* Mr. Childs understood that if he did not submit a claim by that date, he would not be in the settlement class. *Id.* Not wishing to be a member of the class, he did not submit a claim. *Id.*

Immediately upon learning that he had to affirmatively opt out of the settlement, he sent a completed opt-out form to the administrator on March 11, 2025. *Id.*

### D.     James Okonkwo

Mr. Okonkwo played basketball at West Virginia University between 2021 and 2021, North Carolina State University between 2023 and 2024, and Akron University between 2024 and 2025. Ex. 4 (Okonko Decl.). On January 31, 2025, he mailed his signed opt-out form to the settlement administrator. *Id.* He sent it from Akron, Ohio. *Id.*

Because Mr. Okonkwo's name does not appear on the list of opt-outs, he now seeks relief.

## II.     Argument

The balance of factors warrants allowing these four athletes to opt out of the Class Settlement now. *See Ambriz*, 2016 WL 11757899, at *2.

Mr. Beer did not actually receive class notice—through no fault of his own. Upon learning of the Class Settlement in early April, Mr. Beer moved swiftly to opt out of the settlement. Throughout, Mr. Beer has acted reasonably and in good faith. Mr. Beer's delay was thus "the result of excusable neglect." *Id.*

Mr. Burr-Kirven has similarly demonstrated excusable neglect. He objected to the Class Settlement. When he learned at the April 7 hearing that his estimated payment was not an error that would be corrected but reflected a structural issue with the settlement model, he acted quickly to opt out of the Class Settlement. As is evident from his objection and his participation at the April 7 hearing, Mr. Burr-Kirven has acted reasonably and in good faith.

Mr. Childs also has shown excusable neglect. He contacted the class administrator with a question and mistakenly understood from the administrator that to be part of the settlement, he would have to affirmatively opt in. He did not want to be a part of the settlement so did not do that. When he learned that that was wrong and that he needed to opt *out*, he promptly executed and mailed an opt-out form on March 11, 2025.

Mr. Okonkwo completed and mailed in his opt-out form on January 31, 2025, but it was apparently never received by the class administrator. This too is excusable neglect.

Defendants also will not be prejudiced if these four athletes' requests are granted, particularly given that they are only four class members seeking leave to opt out of the hundreds of thousands in the class. Nor will the Class Settlement, yet to receive final approval, be affected. *See Jones*, 2024 WL 2132611, at *4 (allowing the late opt-out where it would not affect settlement of the finality of the judgment).

All of the factors therefore weigh in favor of granting these four athletes relief.

**III.    Conclusion**

All four athletes have demonstrated excusable neglect. The Court should permit them to opt out from the Class Settlement.

| | | |
|---|---|---|
| 1 | DATED: April 14, 2025 | Respectfully submitted, |
| 2 | | By: /s/ *Sean Grimsley* |

ERIC OLSON *(pro hac vice)*
eolson@olsongrimsley.com
SEAN GRIMSLEY (Bar No. 216741)
sgrimsley@olsongrimsley.com
JASON MURRAY *(pro hac vice)*
jmurray@olsongrimsley.com
SAMARA HOOSE (Bar No. 337713)
shoose@olsongrimsley.com
**OLSON GRIMSLEY KAWANABE HINCHCLIFF & MURRAY LLC**
700 17th Street, Suite 1600
Denver, CO 80202

STEPHEN M. TILLERY *(pro hac vice)*
stillery@koreintillery.com
GARRETT R. BROSHUIS (Bar No. 329924)
gbroshuis@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

GEORGE A. ZELCS *(pro hac vice)*
gzelcs@koreintillery.com
MARC A. WALLENSTEIN *(pro hac vice)*
mwallenstein@koreintillery.com
PAMELA I. YAACOUB *(pro hac vice)*
pyaacoub@koreintillery.com
**KOREIN TILLERY, LLC**
205 N. Michigan Ave., Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750

*Attorneys for Seth Beer, Benjamin Burr-Kirven, Yoeli Childs, and James Okonkwo*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

/s/ Sean Grimsley