# Exhibit 2

| | |
|---|---|
| GARRETT R. BROSHUIS (Bar No. 329924)<br>  gbroshuis@koreintillery.com<br>STEVEN M. BEREZNEY (Bar No. 329923)<br>  sberezney@koreintillery.com<br>ANDREW M. ELLIS (*admitted pro hac vice*)<br>  aellis@koreintillery.com<br>**KOREIN TILLERY, LLC**<br>505 North 7th Street, Suite 3600<br>St. Louis, MO 63101<br>Telephone:  (314) 241-4844<br>Facsimile: (314) 241-3525<br><br>GEORGE A. ZELCS (*admitted pro hac vice*)<br>  gzelcs@koreintillery.com<br>MARC WALLENSTEIN (*admitted pro hac vice*)<br>  mwallenstein@koreintillery.com<br>PAMELA I. YAACOUB<br>  pyaacoub@koreintillery.com (*admitted pro hac vice*)<br>**KOREIN TILLERY, LLC**<br>205 N. Michigan Ave., Suite 1950<br>Chicago, IL 60601<br>Telephone: (312) 641-9750 | ERIC OLSON (*admitted pro hac vice*)<br>  eolson@olsongrimsley.com<br>SEAN GRIMSLEY (Bar No. 216741)<br>  sgrimsley@olsongrimsley.com<br>JASON MURRAY (*admitted pro hac vice*)<br>  jmurray@olsongrimsley.com<br>SAMARA HOOSE (Bar No. 337713)<br>  shoose@olsongrimsley.com<br>**OLSON GRIMSLEY KAWANABE HINCHCLIFF & MURRAY LLC**<br>700 17th Street, Suite 1600<br>Denver, CO 80202<br>Telephone: (303) 535-9151 |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | CASE NO. 4:20-cv-3919-CW<br><br>**DECLARATION OF BENJAMIN BURR-KIRVEN IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF TO BE ADDED TO THE OPT-OUT LIST** |

NO. 4:20-cv-3919-CW

**DECLARATION OF BENJAMIN BURR-KIRVEN**

I, Benjamin Burr-Kirven, hereby declare as follows:

1. I am a former football player at the University of Washington. I submit this declaration in support of my request to be added to the opt-out list for the proposed settlement in this case.

2. I am personally familiar with the facts set forth in this Declaration. If called as a witness, I could and would competently testify to the matters stated herein.

3. I played football at Washington during the 2015 through 2018 seasons. In 2018, I was named the Pat Tillman Pac-12 Defensive Player of the Year and the Pac-12's Scholar of the Year, while also being named to All-American lists. I recently appeared at the Court's final fairness hearing in this matter to provide the Court with more details about my situation and to answer the Court's questions.

4. When I first learned of my estimated payout for the proposed settlement, I was sure that a mistake had been made. Articles that I read had stated that calculations would be done based on performance and contribution, and that the average payout for a Power 5 Conference football player would be around $135,000. As a highly decorated, multi-year starter for a major football program in a Power 5 Conference, I expected to receive more than average. But my estimated payout was only $57,094.05, which seemed to be a mistake.

5. I contacted teammates and learned that several had very different numbers that seemed to make no sense. Some former teammates received estimates of two-to-five times my estimate, and they did not have the accolades that I had and did not make the contribution to the program that I made. That again led me to believe that my estimate was just a mistake.

6. I reached out to class counsel to try to rectify the mistake. I was just told that the estimates were being calculated by an expert, and nothing further about how my individual calculation was provided. I was also told that the information that they had for my teammates differed from what they had for me, so I thought that there was still a chance that I could get my estimate changed if I continued to work through the process.

7. The deadline for objecting then arrived, and I firmly believed that since this had to be a mistake, that I could object and correct the mistake. I did so by the deadline, and then the Court

**DECLARATION OF BENJAMIN BURR-KIRVEN**

asked me to appear at the final fairness hearing on April 7. That again encouraged me that this was all a mistake that could be corrected.

8. I appeared at the hearing on April 7, and the Court noted that I could work with the parties and the administrator to correct any calculation errors. It was only during the hearing that it became apparent that the parties to the settlement would not be correcting my too-low settlement estimate because there is a structural issue with how the calculations are being performed for athletes during my years played that, despite assurances to the contrary, does not take into account my contribution to the team and the accolades that I had.

9. I believe that I did not receive complete or sufficient information about how my estimate was being calculated, and that misled me in the lead-up to the January 31 deadline. I made every effort to work within the legal system to get fairness for myself (and others), but my estimate was never corrected to take into account my accolades and contributions to the team.

10. Under these circumstances, I ask that the Court extend to me the courtesy of being added to the opt-out list for the case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 14, 2025,

Benjamin Burr-Kirven