# EXHIBIT C

## NOTICE OF YOUR RIGHT TO OBJECT

The NCAA and the ACC, the Big Ten Conference, the Big 12 Conference, the Pac-12 Conference, and the SEC ("Defendants") have, by operation of a legal settlement, changed the rules regarding benefits in connection with participation in Division I college sports for certain schools (the "Benefit Structure"), which is described in more detail below.[1] If you are receiving this Notice your school has decided to join this Benefit Structure.

**You have the right to object to this Benefit Structure, but you must do so within 60 days from receiving this Notice. If you do not object you are releasing any legal claims you may have to seek an injunction to challenge the Benefit Structure, or its continuation without any change through June 30, 2035.**

If you object, you will not release any injunction claims to challenge the Benefit Structure until after the Court considers your objection. Any objection or challenge to the Benefit Structure must be filed in the United States District Court for the Northern District of California. This year the Court has scheduled a hearing to consider any objections or challenges on XX, XX, XXXX at XXXX.

Note that you have the right to object only to the Benefit Structure, not to your school's participation in the Benefit Structure, your school's decision whether or not to make any payments, the amount of any payments, and/or any terms your school might apply to those payments.

**You have the right to review this document with an attorney of your choice. If you are under the age of majority in your home state (often 18), you must also review it with a parent or guardian**.

Please closely review the rules that impact your time as a college athlete in Section I below and the process for you to object, if you choose, in Section II.

### I.   BENEFIT STRUCTURE

Benefits From Your School

- Your school may now choose to share athletic department revenues up to a cap (set as 22% of the average athletically-related revenues of institutions in the Defendant Conferences) with athletes at your institution. This may include payments from your school for NIL, awards for academic achievement, athletic scholarships that were not previously available, and other new benefits.

- Your school may enter into an exclusive or non-exclusive license and/or endorsement agreement with you for your NIL, including for an institutional brand promotion.

- Your school may not enter into an NIL agreement with you that extends beyond your eligibility to participate in NCAA athletics. If you enter into an NIL agreement with your school, your school may continue to use NIL content created while you are at the school after your eligibility has expired to promote the school, conference

---

[1] The case is *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919 (N.D. Cal.).

- or NCAA, but cannot continue to use your NIL to sell goods and services without your agreement.

- You have a right to have an attorney, guardian, or other competent representative assist you when reviewing potential contracts with your school.

- Under the Benefit Structure, student-athletes cannot challenge the rights of the Defendants, schools, and their license holders to telecast, broadcast, or otherwise distribute collegiate games and other competitive collegiate athletic events. You likewise cannot challenge the use of your NIL to promote such events, the NCAA, a conference, or a school, but your NIL cannot be used without your permission to endorse a third-party brand, product or service. More detail on these restrictions can be found in Article 8 of the Injunctive Relief Settlement, available at XXXX.

- The number of years you are eligible for the above benefits may be limited to four years within a consecutive five-year period.

- You are required to make progress towards a degree to be eligible to receive these benefits and compensation.

- Your school has imposed roster limits for each sport, set by the NCAA or by your conference. To see the number of current roster spots on each sport in your conference please visit: XXXX.

Compensation From Third Parties[2]

- You may obtain or continue to receive compensation for NIL agreements with third parties. Payments from third parties do not count against the cap on payments from your school.

- You must report all third-party NIL payments with a total value of over $600.00 to your school and/or to the [Designated Reporting Entity] within XXX days. For more information on this process at your school, ask your compliance department.

- Your school may facilitate the use of a marketing agent with respect to third-party NIL contracts, but you have a right to use the assistance of a parent, guardian, lawyer, or other competent representative in discussions regarding licenses and endorsements, unless you have waived that assistance in writing.

- The NCAA and conferences, collectively or individually, may continue to make rules related to third-party NIL transactions from Associated Entities or Individuals.[3] Specifically, it may be required that transactions with Associated

---

[2] "Third Parties" are entities or individuals that are not your school, or an organization owned, controlled, or operated by your school.

[3] "Associated Entities or Individuals" means (1) an entity that is or was known (or should have been known) to the athletics department staff of your school, to exist, in significant part for the purpose of (i) promoting or supporting a particular school's intercollegiate athletics program or college athletes; and/or (2) creating or identifying NIL opportunities solely for a particular school's college athletes; (2) an individual who is or was a member, employee, director, officer, or agent of an entity described above; (3) an individual who directly or indirectly (including contributions by an affiliated entity or family member) has contributed more than $50,000 over their lifetime to a particular school or to an entity described above; (4) an individual or entity that (i) has been directed or requested by a school's athletic department staff to assist in the recruitment or retention of prospective or current college athletes, or (ii) otherwise has assisted in the recruitment

- Entities or Individuals are for a valid business purpose related to the promotion or endorsement of goods or services provided to the general public for profit, with compensation at rates and terms commensurate with compensation paid to similarly situated individuals with comparable NIL value (often referred to as "fair market value").

- You can seek guidance from the [==Designated Enforcement Entity==] prior to entering into a proposed third-party NIL contract or agreement to determine if the [==Designated Enforcement Entity==] believes that the contract or agreement is in compliance with the NCAA rules.

- If the NCAA [==or the Designated Enforcement Entity==], collectively the "NCAA"] determines that a NIL contract or agreement with an Associated Entity or Individual you have entered into violates NCAA rules and subsequently takes disciplinary action against you, you have the right to contest any such disciplinary action by submitting the dispute to neutral arbitration. You will not be charged any arbitration fees or expenses. You have the right to be represented by a lawyer of your choosing in any such arbitration. If the neutral arbitrator determines that the disciplinary action was appropriate because the NIL contract or agreement with an Associated Entity or Individual violates NCAA rules, you will have the opportunity to rescind or modify the non-compliant contract or agreement and return any non-compliant compensation rather than being disciplined or risking your athletic eligibility. You cannot have your athletic eligibility taken away without these due process protections, or while your arbitration is pending.

- Please visit the following website to understand what you can expect in arbitration: ==XXXXX==

Your Rights Under the Benefit Structure

- If you choose not to object to the Benefit Structure, you will give up your rights to challenge the Benefit Structure or seek to change it in any way from now until June 30, 2035.

- If you object, you have the right to have an attorney, guardian, and/or other competent representative assist you. If the Court elects to hear your objection at a scheduled hearing, you will have the right to appear including with the attorney of your choosing.

- If you object, you can challenge any or all aspects of the Benefit Structure.

- All challenges to the Benefit Structure or to its implementation must be filed exclusively in the Northern District of California which is overseeing this settlement.

- You can seek guidance from the [==Designated Enforcement Entity==] prior to entering into a proposed NIL contract to determine if it is in compliance with the NCAA rules.

---

or retention of prospective or current college athletes; or (5) any entity owned, controlled, or operated by, or otherwise affiliated with the individuals or entities described above, other than a publicly traded corporation. . If you have questions, please reach out to your compliance director of your athletics department for further guidance.

- You have a right to have an attorney, guardian, or other competent representative assist you when reviewing proposed contracts with your school.
- You are not giving up any right to collectively bargain by accepting benefits under this Benefit Structure. The existence of such rights has not been legally determined.
- If you have any concerns or questions regarding the monitoring or enforcement of the Benefit Structure you can contact the Counsel listed below.

## II.   PROCESS TO OBJECT

To submit an objection please send a letter to the Court at the address below, or file electronically at https://ecf.cand.uscourts.gov, or file your letter in person at any U.S. District Court for the Northern District of California location that:

- Includes your full name, and address;
- Includes your NCAA ECID number if available;
- Includes the case name and number (*In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919);
- Clearly states the reason for your objection
- States whether either you or your lawyer would like to speak at the hearing on XX, XX, XXXX at XXXX and your lawyer's name (if you have one); and
- Includes your signature.

If you choose to mail your objection to the Court, it should be sent to:

Ronald V. Dellums Federal Building & United States Courthouse
c/o Class Action Clerk
1301 Clay Street
Oakland, CA 94612

## III.   HOW TO GET MORE INFORMATION

This notice is a summary of the settlement agreement (including the Benefit Structure). To get a copy of the settlement agreement or get answers to other questions you may have:

- Contact Class Counsel (information below);[4]
- Visit the case website at www.collegeathletecompensation.com;
- Access the Court Electronic Records (PACER) system online at https://ecf.cand.uscourts.gov or by visiting the Clerk's office of the Court (address below).

---

[4] In a class action lawsuit like this one, the court appoints class representatives and lawyers to work on the case and represent the interests of all class members. For this settlement, the Court has appointed Steve Berman of Hagens Berman Sobol Shapiro LLP and Jeffrey Kessler of Winston & Strawn LLP. These are the lawyers who negotiated this settlement on your behalf, and they are paid through the settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

| Resource | Contact Information |
|---|---|
| **Case website** | www.collegeathletecompensation.com |
| **Settlement Administrator** | *House v. NCAA* Settlement Administrator<br>P.O. Box 301134<br>Los Angeles, CA 90030-1134<br>admin@collegeathletecompensation.com<br>1-877-514-1777 |
| **Your Lawyers** | Steve Berman<br>Ben Siegel<br>Emilee Sisco<br>Stephanie Verdoia<br>stephaniev@hbsslaw.com<br>(206)-268-9343<br>Hagens Berman Sobol Shapiro LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br><br>Jeffrey Kessler<br>David Greenspan<br>Jeanifer Parsigian<br>Neha Vyas<br>nvyas@winston.com<br>(212)-294-2658<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166-4193 |
| **Court** | U.S. District Court<br>Ronald V. Dellums Federal Building & United States Courthouse<br>1301 Clay Street<br>Oakland, CA 94612<br><br>HOURS: 9:00 a.m. to 4:00 p.m., Monday through Friday, Excluding Court holidays<br><br>PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT. |