Michael L. McGlamry
GA Bar No. 492515
Jay F. Hirsch
GA Bar No. 357185
Caroline G. McGlamry
CA Bar No. 308660
**POPE, MCGLAMRY, KILPATRICK,**
**MORRISON & NORWOOD, P.C.**
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706
carolinemcglamry@pmkm.com
mmcglamry@pmkm.com
jayhirsch@pmkm.com

William J. Cornwell
FL Bar No. 0782017
WEISS, HANDLER & CORNWELL, P.A.
2255 Glades Road, Suite 205E
Boca Raton, FL 33431
Tel: (561) 997-9995
wjc@whcfla.com
filings@whcfla.com

***Counsel for Objector Thomas Castellanos***

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (OAKLAND DIVISION)

| | |
|---|---|
| **IN RE: COLLEGE ATHLETE NIL LITIGATION** | Case No. 4:20-cv-03919-CW<br><br>**OBJECTOR THOMAS CASTELLANOS' MOTION TO STRIKE PARTIES' PROPOSED AMENDED CLASS ACTION SETTLEMENT**<br><br>Hon. Claudia Wilken |

Class Member/ Objector Thomas Castellanos files this Motion to Strike the Parties' Proposed Amended Class Action Settlement. Objector Castellanos' main objection has been that including "College Football Playoff" – not a known legal person or entity – as a named releasee in the proposed Settlement Agreement intentionally obfuscated what is meant to be released, while no contribution to the

1

Settlement from any CFP entity was included in any settlement document. Thus, class members were deprived of due process because they could not adequately determine what they were releasing in order to evaluate the risks or benefits of the proposed settlement and determine whether to opt out. The Court, in apparent agreement with Objector Castellanos' objection, instructed that the Settlement be amended to clarify what specific entities are to be released and explain those specific entities' contributions, if any, to the settlement. The parties, purported to identify the intended releasees,[1] via a new defined term "College Football Playoff" in an amendment to the proposed Settlement Agreement.

This amendment, however, admits the inadequacy of the original releasee language. And this admission – especially in conjunction with the parties' failure to identify how and what the newly identified parties contribute to the proposed settlement – pretermits retroactive amendment of the proposed Settlement Agreement. When they were evaluating whether to remain in the class and participate in the settlement or to opt out, Class members lacked critical information as to the identity of the releasees. The proposed amendment should be stricken and the request for Final Approval denied unless and until the class receives Notice of the amendments proposed in the parties' proposed Third Amended Settlement Agreement – as well as information sufficient to determine how much and how the newly identified releasees are contributing to the settlement.[2] Class members must be given the opportunity to re-evaluate the proposed settlement and determine whether, in light of the amended information, they wish to participate in the proposed amended settlement or opt out.

---

[1] Their attempt, however, was sloppy at best, in that they failed to identify the legal entity "CFP Foundation Inc." (instead identifying only "CFP Foundation,") and identified BCS Properties, LLC as a Delaware entity, when an entity with the same name was formed and exists under the laws of the State of Kansas. *See* McGlamry Decl., ECF No.800-1 at ¶¶ 14-15.

[2] In addition to the new definition of "College Football Playoff" and related issues as to what these entities are contributing to the settlement, class members should be notified of the proposed amendments related future injunctive class members.

## I.    Due Process requires notice of clarified amendments and the opportunity to opt out.

Individual class members' due process rights require that they be afforded the opportunity to intelligently and individually choose whether to continue in a suit as class members. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173-77, 94 S. Ct. 2140 (1974). Thus, due process requires that class members must receive notice of the rights they are giving up. In *Hendricks v. Starkist Co.*, like here, the named parties stipulated to a change in the scope of the release in a class action settlement agreement after the Court's preliminary approval and after class notice was distributed. *See* No. 13-CV-00729-HSG, 2016 WL 692739, at *2 (N.D. Cal. Feb. 19, 2016), attached as Exhibit 1. Over the parties' protests, the *Hendricks* Court determined that the amendments could not be permitted, explaining:

> Having not received the amended release, potential class members did not have any notice of the rights they are actually giving up with regard to these new claims. Under these circumstances, a change in the scope of the settlement's release constitutes a substantive change in the settlement's terms and is a change that affects class members' rights under the agreement. Given that class members did not receive notice of the amended release, the parties cannot establish that class members have been informed of the consequences of remaining in the class or opting out. The parties have not satisfied minimum due process requirements.

*Id.* (footnotes omitted). Thus, *Hendricks* Court could not conclude that the proposed settlement was fair, reasonable, or adequate and denied final approval, without prejudice. *Id.* at *4.

This analysis applies with full force here. The parties have stipulated to changes to the release of the proposed Settlement Agreement. But because these changes were made after Notice was provided (and the opt-out date had passed), class members did not have notice of the rights they were actually giving up. The parties thus cannot demonstrate that class members received notice of this substantive change in the release (or any other amendment proposed by the parties)

1   or been informed of the consequences of remaining in the class or opting out. Absent

2   class members' due process rights thus have not been satisfied, and the parties

3   cannot show that their proposed settlement is fair, reasonable, or adequate.

4          Pending a clear amendment that identifies the legal entities to be released and

5   demonstrates how these newly identified releasees are contributing to the proposed

6   settlement, if at all, the parties' proposed amendment must be stricken, and the

7   requested final approval denied.

8          **II.    Conclusion**

9          For the foregoing reasons, the parties' proposed amendment is due to be

10  stricken and the request for final approval denied.

11

12  Respectfully submitted.            This 15th day of April , 2025.

13                                     By: *Michael L. McGlamry*
                                           Michael L. McGlamry*
14                                         GA Bar No. 492515
                                           Jay F. Hirsch
15                                         GA Bar No. 357185
                                           Caroline G. McGlamry
16                                         CA Bar No. 308660
17                                         **POPE, MCGLAMRY, KILPATRICK,**
                                           **MORRISON & NORWOOD, P.C.**
18                                         3391 Peachtree Road, Suite 300
                                           Atlanta, GA 30326
19                                         Tel: (404) 523-7706
20                                         carolinemcglamry@pmkm.com
                                           mmcglamry@pmkm.com
21                                         jayhirsch@pmkm.com

22                                         William J. Cornwell*
23                                         FL Bar No. 0782017
                                           **WEISS, HANDLER & CORNWELL, P.A.**
24                                         2255 Glades Road, Suite 205E
                                           Boca Raton, FL 33431
25                                         Tel: (561) 997-9995
                                           wjc@whcfla.com
26                                         filings@whcfla.com
27                                         *Admitted Pro Hac Vice*

28                                         *Counsel for Objector Castellanos*

                                           4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on April 15, 2025, I filed the foregoing with the Court by uploading to the CM/ECF system for the United States District Court for the Northern District of California and that a true and correct copy was served on all Registered parties via Notice of Electronic Filing.

By: *Michael L. McGlamry*
Michael L. McGlamry
An Attorney for Objector Michael Castellanos

OBJECTOR'S MOTION TO STRIKE PROPOSED AMENDED CLASS ACTION SETTLEMENT
*IN RE: COLLEGE ATHLETE NIL LITIGATION*, Case No. 4:20-cv-03919-CW