**BRADFORD EDWARDS** LLP

**Patrick A. Bradford, Partner**
1150 S. Olive St., 10th Floor
Los Angeles, CA 90015
Tel: (213) 868 3310
pbradford@bradfordedwards.com

April 15, 2025

Dear Judge Wilken:

  The O'Bannon Objectors submit this response to Dkt. No. 796, and in further support of their previous objections. Dkt. Nos. 614 and 770.

  It is clear from the April 7, 2025 hearing that the terms of the proposed settlement, including its improper class tradeoffs, are intentional. Counsel for the NCAA repeatedly stated that all terms of the proposed settlement were inextricably linked. *See, e.g.* Final Hr'g Tr. At 160:22-3 ("…they're all tied together…"); 165:7 ("It's one settlement agreement."). This further emphasizes the parties' view that all parts of the proposed settlement were specifically negotiated. Indeed, these statements were a confirmation that the improper tradeoffs inherent in the proposed settlement demonstrate inadequacy of unitary representation due to fundamental conflicts within the subgroups. *Ortiz v. Fibreboard Corp.,* 527 U.S. 815 (1999); *In re Payment Card*, 827 F.3d 223 (2d Cir. 2016). The parties' proposed changes as stated in Dkt. 796 do nothing to alter this defect. But one example: $600 million for *Carter* members is patently low.

  At Dkt. 796-3, p. 25 of the proposed third amended stipulation and settlement, the last sentence of paragraph 19 should read: "…or after A DECISION BY THE COURT ON any objection they make…" (adding the words in capital letters).

  The parties propose a late-filed claims cut off of May 16, 2025, along with a truncated media campaign. Dkt. 796 at 18. First, there is no reason the Black media should not be included in any such further notice. Second, the cut off should be up to 30 days after any settlement is approved.

  The parties' filed over 200 pages yesterday, objectors get but 1 page in response. No class gets any time to evaluate the proposed changes. Due process has been injured.

  The parties' response to the many failings of the administrative claims process is: "Trust us." Dkt. 796 at 12-4. If any settlement is approved, the Court should require a report from Plaintiffs' Counsel and from the claim's administrator accounting for all remedial actions.

  Should the Court approve the proposed settlement, as initially put forth or as amended, the injunction portion should be stayed pending appeal. Dkt. 770 at 5-8.

         Respectfully submitted,
         /s/ Patrick A. Bradford on behalf of O'Bannon Objectors