| | |
|---|---|
| **To:** | **Judge Claudia Wilken** |
| **From:** | Leigh Ernst Friestedt (Equity IX, LLC) |
| | Charlotte North, Mai Nirundorn, Sarah Brooke Baker, Katherine McCabe Ernst |
| **Cc:** | Jeffrey Faucette (Skaggs Faucette LLP) |
| **Re:** | *In Re College Athlete NIL Litigation* 4:20-cv-03919 |
| **Date:** | April 15, 2025 |

*[Signature: Leigh Ernst Friestedt 4/15/25]*

On behalf of Charlotte North, Mai Nirundorn, Sarah Brooke Baker, Katherine McCabe Ernst ("Objectors") and all past, current and future female Class Members ("Female Sub-Class"), we are writing you to express our concerns about the Third Amended Settlement Agreement ("Settlement") and Future Injunctive Relief Settlement ("Injunctive Relief") for *In Re College Athlete NIL Litigation* and request that you not approve the Settlement for the following reasons:

**Title IX Violation**: The Settlement allocates $2.4 billion to men (94%) and $102 million (4%) to women. This significant disparity constitutes a violation of Title IX of Education Amendments Act of 1972 ("Title IX"), which requires that "financial assistance" be "proportional" and "benefits" be "equivalent." Additionally, revenue generating sports (football and basketball) are not exempt from Title IX compliance.

**Title IX Valuation**: The "But-For" world that economic experts used to calculate Settlement damages is fundamentally flawed, because had schools been permitted to make NIL and Athletic Services payments to student-athletes, they would have been subject to Title IX and compensating men $2.4 billion and women $102 million would have been prohibited by the federal antidiscrimination law.

**NCAA & Athletic Conferences Are Subject to Title IX**: Regardless of who provides the student-athletes payments, "revenue sharing" or other "benefits" – the schools, conferences and NCAA are each subject to Title IX as an indirect recipient of federal financial assistance. In *NCAA v. Smith* (1999) the U.S. Supreme Court ruled that based on the narrow issue of whether dues paid by member schools constitute receipt of federal aid, the NCAA was not subject to Title IX. However, Justice Ginsburg provided a roadmap for how the NCAA could be subject to Title IX. For decades, the NCAA, conferences and schools collectively generated billions of dollars in revenues using unpaid student-athletes. This symbiotic relationship evolved into a multi-billion business model which facilitates the flow of money between these not-for-profits and illustrates how the NCAA, conferences and schools are "pervasively entwined." The NCAA and conferences don't just have "controlling authority" over federally funded member schools' athletic programs, they have "controlling authority" over the college athletes who receive federal aid. The NCAA and conferences are indirect recipients of federal financial assistance and subject to Title IX.

**Title IX Release**: Title IX has not been carved out; the Settlement release extends to claims that the distribution plan violates Title IX. "Unreleased Claims" are defined as claims under Title IX, *"other than any claims arising out of or relating to the distribution of the Gross Settlement Fund."* This broad release covers historic Damages Settlement and future Injunctive Relief Settlement. The Court has stated that this is an antitrust case; therefore, there should be no Title IX Release. Forcing women to release Title IX rights in an antitrust Settlement that does not consider the merits of Title IX issues raised during an objection is not fair, reasonable or adequate.

**Conflict of Interest & Adequacy of Class Counsel**: There is a conflict of interest with Class Counsel. Class Counsel stated: (1) there are no Title IX issues raised by the Settlement, (2) Title IX does not apply to the NCAA or conferences, and (3) Title IX is carved out and there is only a very narrow release of Title IX claims. Objectors disagree with Class Counsel's position on these critical issues, believe Class Counsel has not adequately represented Female Sub-Class, and request that you not approve the Settlement.