Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
Meredith Simons (SBN 320229)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
bens@hbsslaw.com

*Class Counsel for Plaintiffs*

[Additional counsel on signature page]

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
Neha Vyas (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com
nvyas@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
jparsigian@winston.com

*Class Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**PLAINTIFFS' OPPOSITION TO OBJECTOR THOMAS CASTELLANOS' MOTION TO STRIKE PARTIES' PROPOSED AMENDED CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Claudia Wilken |

010912-11/3186585 V1

## I. INTRODUCTION

Because it recklessly misstates the facts and the law, this Court should deny Objector Thomas Castellanos' Motion to Strike Parties' Proposed Amended Class Action Settlement (ECF No. 802, "Motion to Strike" or "Motion"). The Motion to Strike argues that because the settling parties further clarified the definition of releasee "College Football Playoff" in more detail in the post-hearing Third Amended Class Action Settlement,[1] along the lines suggested by the Court, a new notice should be provided to the Settlement Classes before final approval. Because that has not been done yet, the Objector contends that the proposed amended settlement agreement should be "stricken" and final approval denied. The Motion further alleges, without any factual basis, that the settling parties "intentionally obfuscated what is meant to be released, while no contribution from any CFP [College Football Playoff] entity was included in any settlement document." Motion to Strike at 1-2.

These contentions are just plain wrong. To begin with, the "College Football Playoff" has always been a part of the Settlement Agreement as well as a released party, including prior to and during the notice period. The change after the final fairness hearing that is reflected in the Third Amended Settlement did not modify, e.g., add to, which entities are to be released by the settlement; it simply clarified what the settlement always provided. Therefore, under clear precedent, including the only case cited by the Objector, no new notice is required prior to final approval because the change does not broaden the release or otherwise adversely affect the rights of class members. Indeed, class members' rights are not affected or altered at all.

Moreover, the Motion ignores the fact that Plaintiffs and Defendants have repeatedly explained in writing and on the record at the final fairness hearing that contributions from the College Football Playoff ("CFP") *are included* in the settlement. Because the CFP is a series of interconnected college football bowl games, CFP revenues are included in the Pool revenues that are part of the injunctive relief settlement. The Injunctive Relief Settlement Agreement specifically spells out the Pool revenue categories in which CFP revenues fall – including Category 13A

---

[1] *See* ECF No. 796-2 ¶ 1(j).

- 1 -

PLS.' OPP'N TO OBJECTOR CASTELLANOS' MOT. TO
STRIKE PARTIES' PROPOSED AM. CLASS ACTION SETTLEMENT                    Case No. 4:20-cv-03919-CW
010912-11/3186585 V1

- 2 -

"Conference Distributions of Football Bowl Generated Revenues," Category 19 "Football Bowl Revenues," and Category 11 "Media Rights." Moreover, far from "intentionally obfuscat[ing] what is meant to be released," the parties have been transparent about these issues on the record numerous times – i.e., that, consistent with the settlement agreement, revenues from the CFP are included in the settlement, which makes this entity appropriate to include in the release. The Motion to Strike should be denied.

## II.   ARGUMENT

No additional notice to the Settlement Classes is required or desirable before final approval. The Manual for Complex Litigation explains that "[i]f the fairness hearing leads to substantial changes [to the settlement] *adversely affecting* some members of the class, additional notice, followed by an opportunity to be heard, might be necessary." Manual for Complex Litigation (Fourth) § 21.61 (Sept. 2024 Update) (emphasis added). That statement of the law was cited approvingly by Judge Koh in *In re Anthem, Inc. Data Breach Litigation*, where the court held that the "pertinent question" in deciding whether settlement agreement changes require additional notice to the class before final approval is "whether the changes *adversely* affect class members." 327 F.R.D. 299, 330 (N.D. Cal. 2018) (emphasis in original); *see also Tamini v. SGS N. Am. Inc.*, 2021 WL 12306353, at *5 (C.D. Cal. Sept. 1, 2021) (quoting *Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 313 (D.D.C. 2015) for the proposition that "an amendment requires supplemental notice *only* when it 'would have a material adverse effect on the rights of class members'" (emphasis added)).[2]

Here, Settlement Class Members do not need a new round of notice because providing additional details about releasee College Football Playoff in no way adversely affects any Settlement Class Member. The "College Football Playoff" has been an identified releasee since the initial settlement in the case, and it was a releasee in the operative Settlement Agreement during the notice period. *See* ECF No. 450-3 ¶ 1(rr) (initial Settlement Agreement); ECF No. 535-1 ¶ 1(rr)

---

[2] Judge Koh explained the rationale for this rule: "When the modification makes the settlement less desirable, notice may be required because courts cannot be sure whether more class members would have chosen to object to the settlement or exclude themselves from the class." *Anthem*, 327 F.R.D. at 330.

(operative settlement agreement at the time of notice).³ Objector Castellanos claimed in his objection not to know exactly who the College Football Playoff was, which is belied by the fact that in the Objector's own briefing he has been able to identify and describe what the CFP encompasses. *See* ECF No. 737 at 3-4. But in any event, in response to the Objector's comments at the fairness hearing and the Court's questions about this, the Settlement Agreement has been amended to provide even more clarity as to the composition of the CFP, which has always been a releasee under the settlement. ECF No. 796-2 ¶ 1(j). This change was not substantive and did not expand the scope of the release; the released parties are still the same, including the College Football Playoff. Thus, no new notice is required because this change does not "adversely affect class members." *Anthem,* 327 F.R.D. at 330.

The only case cited by Objector Castellanos, *Hendricks v. Starkist Co.*, 2016 WL 692739 (N.D. Cal. Feb. 19, 2016), actually supports holding that no new notice is required. In *Hendricks*, the court denied final approval in part because the notice provided to class members was inadequate for a fundamentally different reason. The notice informed class members that they would be giving up their right to sue the defendant on the "the same legal claims" as in the lawsuit; subsequently the parties agreed to an amended settlement release that "specified *new* claims, most notably claims under federal and state antitrust laws" that class members would be releasing. *Id.* at *2 (emphasis in original). Thus, the original notice was inadequate because "[u]nder these circumstances, a change in the scope of the settlement's release constitutes a substantive change in the settlement's terms and is a change that affects class members' rights under the agreement." *Id.* That is unlike the present situation where the modification does not expand the scope of the release, is not a

---

³ Indeed, the releasees have always included, *inter alia*, "the College Football Playoff, **_and_** all of their respective present and former direct and indirect parents, subsidiaries, affiliates, officers, directors, trustees, employees, agents, attorneys, servants, representatives, members, managers, and partners and the predecessors, heirs, executors, administrators, successors, and assigns of any of the foregoing persons or entities." ECF No. 535-1 ¶ 1(rr) (emphasis added). This makes it even clearer that the CFP entities specified in the Third Amended Settlement Agreement always have been released parties.

- 3 -

PLS.' OPP'N TO OBJECTOR CASTELLANOS' MOT. TO
STRIKE PARTIES' PROPOSED AM. CLASS ACTION SETTLEMENT                Case No. 4:20-cv-03919-CW
010912-11/3186585 V1

substantive change to the settlement, and does not adversely affect class members' rights under the settlement.[4]

Thus, there is no basis to require new notice to the class before final approval. That is particularly true in this case because re-noticing the Settlement Classes would delay implementation of the settlement provisions for several months and thus cause widespread harm and prejudice to class members. Additionally, the current cost of the initial notice up to final approval is estimated to be $1.56 million (ECF No. 717-4 at 10), indicating the unnecessary cost to the class if a new notice were completed. As the court explained in *In re: Remeron End-Payor Antitrust Litigation*, "additional class notice is not always required because, e.g., of the cost of notice that would take recovered money from the class." 2005 WL 2230314, at *19 (D.N.J. Sept. 13, 2005).

The other reasons provided by Objector Castellanos for additional notice are clearly incorrect. The Objector claims that the settling parties "intentionally obfuscated what is meant to be released, while no contribution from any CFP [College Football Playoff] entity was included any settlement document." Motion to Strike at 1-2. That is baseless. The Injunctive Relief Settlement provides that the "Shared Revenues" for the purposes of the Benefits Pool, for each Member Institution, includes revenue categories 1, 7, 11, 12, 13, 13A, 15, and 19 from the NCAA's Membership Financial Reporting System ("MFRS") categories. ECF No. 796-2 at App'x A (Amended Injunctive Relief Settlement, "Am. IRS"), Art. 3 Sect. 1(c). These categories include Category 11 "Media Rights," Category 13A "Conference Distributions of Football Bowl Generated Revenues," and Category 19 "Football Bowl Revenues." *See id.*, Am. IRS at 2024 NCAA MFRS

---

[4] In a footnote, Objector Castellanos also says that "class members should be notified of the proposed amendments related [*sic*] future injunctive class members." Motion to Strike at 2 n.2. Although this argument is unclear and under-developed, to the extent the Objector is talking about the amendments related to future class members, the parties explained in their post-hearing supplemental brief that "in response to the Court's questions, and consistent with the Parties' representations at the Final Approval Hearing about how the Settlement was always intended to work, the Parties have agreed to amend the Settlement Agreement to clarify that future class members will not release any injunctive relief claim against Defendants until their 60-day objection window has lapsed or until their objection is ruled upon by the Court." ECF No. 796 at 9. No new notice is required now because these future class members will have an opportunity to object to the terms of the operative settlement when they enter school.

- 4 -

PLS.' OPP'N TO OBJECTOR CASTELLANOS' MOT. TO
STRIKE PARTIES' PROPOSED AM. CLASS ACTION SETTLEMENT    Case No. 4:20-cv-03919-CW
010912-11/3186585 V1

Agreed Upon Procedures App'x A, Categories 11, 13A, and 19. Because the CFP is a series of interconnected Bowl Games, revenues from the College Football Playoff are indisputably included in the pool of revenues member institutions receive from which benefits to class members will be provided under the settlement. In other words, contrary to what the Objector states, contributions from the CFP are part of the revenues that make up the relief in the Injunctive Relief Settlement.

It is quite remarkable that Objector Castellanos would argue to the contrary when the settling parties, in written submissions and in statements to this Court at the final fairness hearing, have explained this on the record. *See, e.g.*, ECF No. 745 at 10. At the final fairness hearing, Counsel for the NCAA, Mr. Kilaru, confirmed in no uncertain terms that revenues from the CFP are in the revenue pool, he identified the specific revenue categories, he explained that the CFP is an affiliate of the Defendants' Conferences and other conferences that make up the NCAA, and he stated that, therefore, appropriately, as is typical in settlement agreements, this affiliated entity was covered in the release. *See* Apr. 7, 2025 Final Fairness Hr'g Tr. at 198:13-25. Thus, any suggestion that the CFP is not contributing to the settlement or that the settling parties "intentionally obfuscated what is meant to be released" is patently false and frankly based on no good-faith factual basis.

### III.  CONCLUSION

For the foregoing reasons, the motion to strike should be denied.

DATED: April 17, 2025

Respectfully submitted,

By */s/ Steve W. Berman*
  Steve W. Berman (*pro hac vice*)
  Emilee N. Sisco (*pro hac vice*)
  Stephanie Verdoia (*pro hac vice*)
  Meredith Simons (SBN 320229)
  HAGENS BERMAN SOBOL SHAPIRO LLP
  1301 Second Avenue, Suite 2000
  Seattle, WA 98101
  Telephone: (206) 623-7292
  Facsimile: ( 206) 623-0594
  steve@hbsslaw.com
  emilees@hbsslaw.com
  stephaniev@hbsslaw.com
  merediths@hbsslaw.com

By */s/ Jeffrey L. Kessler*
  Jeffrey L. Kessler (*pro hac vice*)
  David G. Feher (*pro hac vice*)
  David L. Greenspan (*pro hac vice*)
  Adam I. Dale (*pro hac vice*)
  Sarah L. Viebrock (*pro hac vice*)
  Neha Vyas (*pro hac vice*)
  WINSTON & STRAWN LLP
  200 Park Avenue
  New York, NY 10166-4193
  Telephone:  (212) 294-6700
  Facsimile:  (212) 294-4700
  jkessler@winston.com
  dfeher@winston.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
bens@hbsslaw.com

Jeffrey L. Kodroff (*pro hac vice*)
Eugene A. Spector (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, PC
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile:  (215) 496-6611
jkodroff@srkattorneys.com
espector@srkattorneys.com

*Class Counsel for Plaintiffs*

dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com
nvyas@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile:  (415) 591-1400
jparsigian@winston.com

*Class Counsel for Plaintiffs*

- 6 -

PLS.' OPP'N TO OBJECTOR CASTELLANOS' MOT. TO
STRIKE PARTIES' PROPOSED AM. CLASS ACTION SETTLEMENT
010912-11/3186585 V1

Case No. 4:20-cv-03919-CW

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

By: */s/ Steve W. Berman*
STEVE W. BERMAN

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

By: */s/ Steve W. Berman*
STEVE W. BERMAN

- 7 -

PLS.' OPP'N TO OBJECTOR CASTELLANOS' MOT. TO
STRIKE PARTIES' PROPOSED AM. CLASS ACTION SETTLEMENT   Case No. 4:20-cv-03919-CW
010912-11/3186585 V1