1  Jacob K. Danziger (SBN 278219)
   **ARENTFOX SCHIFF LLP**
2  44 Montgomery Street, 38th Floor
   San Francisco, CA 94104
3  Telephone: (734) 222-1516
   Facsimile: (415) 757-5501
4  Jacob.danzinger@afslaw.com

5  Beth A. Wilkinson (*pro hac vice*)
   Rakesh N. Kilaru (*pro hac vice*)
6  Kieran Gostin (*pro hac vice*)
   Cali Arat (*pro hac vice*)
7  Tamarra Matthews Johnson (*pro hac vice*)
   **WILKINSON STEKLOFF LLP**
8  2001 M Street NW, 10th Floor
   Washington, DC 20036
9  Telephone: (202) 847-4000
   Facsimile: (202) 847-4005
10 bwilkson@wilkinsonstekloff.com
   rkilaru@wilkinsonstekloff.com
11 kgostin@wilkinsonstekloff.com
   cara@wilkinsonstekloff.com
12 tmatthewsjohnson@wilkinsonstekloff.com

13 Attorneys for Defendant
   NATIONAL COLLEGIATE ATHLETIC ASSOCIATION
14
   [Additional Counsel Listed on Signature Page]
15

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18                    OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DEFENDANTS' RESPONSE TO ADMINISTRATIVE MOTION FOR RELIEF SEEKING TO OPT OUT OF THE CLASS SETTLEMENT**<br><br>**[PURSUANT TO CIV. L.R. 7-11]** |

## I. INTRODUCTION

The Court should deny the belated requests of Yoeli Childs, Benjamin Burr-Kirven, and Seth Beer to opt out of the Damages Settlement Classes. Courts may allow class members to opt out of a settlement after the deadline only upon a showing of excusable neglect. Messrs. Childs, Burr-Kirven, and Beer have not made (and cannot make) such a showing.[1] There has been a robust, highly publicized notice process for this settlement as well as a prolonged opt-out process that has provided class members ample opportunity to learn about the terms of the settlement and to exclude themselves from the Damages Settlement Classes if they wished to do so. Both Messrs. Burr-Kirven and Childs conceded that they had notice of the settlement and still, for one reason or another, chose not to submit an opt-out form by the deadline. That does not amount to excusable neglect. As for Mr. Beer, his complaint that he did not receive email or mail notice is not a justification to extend the timeline for him to opt out, particularly given the extensive notice campaign, and the very public nature of this litigation and settlement.

The time for Messrs. Burr-Kirven, Childs, and Beer to opt out of the Damages Settlement Classes passed months ago and they cannot show excusable neglect. The Court should deny their motion belatedly seeking to opt out of the Damages Settlement Classes.

## II. BACKGROUND

On October 7, 2024, the Court directed "Plaintiffs to give notice of the Settlement to the Settlement Classes," ECF No. 544 ¶ 13, and approved modified versions of the notice forms submitted by Plaintiffs. *Id.* ¶ 14. The Court found that "the proposed contents of these notices (as modified by the Court), and the proposed plan of notice described in the Peak Declaration, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto." *Id*.

Plaintiffs provided class members with notice through a variety of means: (1) Email Notice,

---

[1] The Settlement Administrator received photographic evidence that James Okonkwo mailed his opt-out form on January 31, 2025, and a signed affidavit from Mr. Okonkwo affirming that he mailed his opt-out form on the afternoon of January 31, 2025. Defendants accordingly do not oppose the Motion as it relates to Mr. Okonkwo, who opted out by the deadline.

(2) Postcard Notice, (3) Long Form Notice, (4) Press Releases, and (5) Digital Notices. *See* ECF No. 544; ECF No. 450-5. Even before class notice went out, news of the settlement and details about the litigation were reported by major publications and news channels including *Forbes*, ESPN, NBC Sports, AP News, *The New York Times*, ABC Sports, NBC Connecticut, the *Duke Chronicle*, the Bleacher Report, Fortune, Reuters, Sportico, *USA Today*, SwimSwam, Bloomberg, the *Los Angeles Times*, CBS Sports, and Sports Illustrated. ECF No. 450-5 ¶ 38. The notice plan was designed to and did expand awareness even farther. As part of the Digital Notice campaign, the Settlement Administrator purchased approximately 72,800,000 digital media impressions and delivered them across a variety of websites, mobile apps, and social media platforms. *Id.* ¶ 34. Press Releases were also issued to a "variety of press outlets as well as AP News and a College Media Influencer List." *Id.* ¶ 37. Combined with direct notice efforts, the Settlement Administrator estimated that notice would reach well over 80% of the Settlement Class. *Id.* ¶ 16.

The Court's order and the notice materials clearly explain that class members must opt out if they do not want to be bound by the settlement and provide instructions for how to do so. ECF No. 544 ¶ 19 ("Any person who desires to request exclusion from the Damages Settlement Classes must do so by January 31, 2025 (105 days after the Notice Date), and such request for exclusion shall be in the form of a letter mailed or otherwise delivered to the Settlement Administrator that is postmarked by January 31, 2025."); *see also* ECF Nos. 544-4 at 14–15; 544-5 at 2–3.

Mr. Childs did not submit an opt-out form until a month and a half after the highly publicized opt-out deadline of January 31, 2025. It was not until after the April 7, 2025 Final Approval Hearing—more than two months after the deadline—that counsel for Messrs. Beer and Burr-Kirven first reached out to Defendants about adding late opt outs. Mot. at 2.

### III. LEGAL STANDARD

Courts may extend the time for a class member to opt out of a settlement only upon a showing of "excusable neglect." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs. & Prods. Liab. Litig.*, 895 F.3d 597, 618 (9th Cir. 2018); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. C 07-01819 CW, 2009 WL 2447802, at *2 (N.D. Cal. Aug. 7, 2009). The "excusable neglect" factors are "the degree of compliance with the best practicable notice

procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt-out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment." *In re Volkswagen*, 895 F.3d at 618 (citation and quotation marks omitted).

Neglect is not excusable where the class member had "actual and timely notice of the proper method of excluding herself from the settlement." *Id.*; *see also Bowman v. UBS Fin. Servs.*, No. C-04-3525 MMC, 2007 WL 1456037, at *2 (N.D. Cal. May 17, 2007) (denying motion for retroactive extension of opt-out deadline where "Plaintiffs concede[d] they received the Class Notice."). The failure of class members or their counsel to adequately review notices also does not amount to excusable neglect. *See In re Charles Schwab Corp. Sec. Litig.*, No. C 08-01510 WHA, 2010 WL 2178937, at *1 (N.D. Cal. May 27, 2010) (finding no excusable neglect where Plaintiffs failed to read their notice, thinking it was junk mail).

## IV.   ARGUMENT

The excusable neglect factors weigh against allowing Mr. Beer, Mr. Burr-Kirven, and Mr. Childs to opt out of the settlement now. Their reliance on two out-of-district cases to support their argument does not move the needle.[2]

### A.   Yoeli Childs

Mr. Childs argues that the Court should allow him to opt-out now because he thought he "would be excluded [from the settlement] unless [he] submitted a claim." ECF No. 795-3 ¶ 6.

---

[2] In *Ambriz v. Matheson Tri-Gas*, No. LA CV14-04546 JAK (JCx), 2016 WL 11757899 (C.D. Cal. Feb. 4, 2016), the class members mailed opt-out letters less than one month after the opt out deadline. *Id.* at *3. The court's decision in *Ambriz* to allow the late opt-outs turned on the fact that there was "strategic gamesmanship" by defendant's counsel, *id.*, which movants cannot allege here. Indeed, the Ninth Circuit has found no excusable neglect where a party missed a deadline by *just two days*. *See Kyle v. Campbell Soup Co.*, 28 F.3d 928, 929, 931–32 (9th Cir. 1994); *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 4181732, at *3 (N.D. Cal. Aug. 20, 2014) (finding no "excusable neglect" even when delay was less than a month).

In *Jones v. Tirehub LLC,* No. 2:12-cv-0564 DB, 2024 WL 2132611, at *3–4 (E.D. Cal. May 13, 2024), the court found that the class member showed excusable neglect where he did not receive notice prior to the opt-out deadline because notice was mailed to two incorrect addresses *even though* the plaintiff had provided his correct address on numerous occasions. *Jones* therefore stands in stark contrast to Mr. Beer's situation, given that notice in this case was available online.

1 | Upon realizing he had to affirmatively opt-out, Mr. Childs purportedly submitted a completed opt-out form to the Settlement Administrator on March 11, 2025. *Id.* ¶ 7. It is undisputed that Mr. Childs "received timely notice" of the settlement. Mot. at 3. Assuming *arguendo* that the Settlement Administrator "advised him that he "would not be treated as a Power Five player and that if [he] wanted to be included in the settlement [he] would need to [] submit a claim," that is consistent with the clear directives in the notice documents and claim forms provided to class members. *See* ECF No. 544-2 (explaining that all athletes other than Power Five football and basketball players with a full scholarship must submit a claim form). It is also consistent with the notice documents' clear statements that opting out of the damages settlement required affirmative acts. ECF No. 544-4 ("To opt out of the damages settlement, you must mail a letter to the Settlement Administrator . . . ."; "If you do nothing, you may not receive any money or you may not receive all of the money you are entitled to, but you will still be bound by the settlement . . . . That means you won't be able to start, continue, or be part of any other lawsuit against any of the Defendants, including their member institutions, about the issues in this case.").

While it is unfortunate that Mr. Childs was confused about the opt-out process, failure to adequately review the unambiguous instructions in a judicially approved notice form is not excusable neglect. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2014 WL 4446294, at *5 (N.D. Cal. Sept. 8, 2014); *id.* at *7 ("[T]he Court notes that it is not without sympathy for [Plaintiff] . . . [y]et sympathy is not part of the excusable neglect analysis."). As this Court has explained, if vague allegations of a "miscommunication[]" could constitute excusable neglect, "there would be no rational way to draw the line between excusable and non-excusable neglect if other class members in the case sought to opt out." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2009 WL 2447802, at *2.

B.  **Benjamin Burr-Kirven**

Mr. Burr-Kirven argues that he should be allowed to opt out now despite missing the deadline because his "estimated payout" was not "corrected." Mot. at 2. Like Mr. Childs, it is undisputed that Mr. Burr-Kirven "received timely notice" of the settlement. *Id.* On January 29, 2025, Mr. Burr-Kirven decided to object to the settlement, ECF No. 637, and try to "get [his]

estimate changed," ECF No. 795-2 ¶ 6, rather than opt out. The notice documents, which Mr. Burr-Kirven received and had the opportunity to review and discuss with counsel, make clear that class members may either opt out *or* object. *See, e.g.*, ECF No. 544-5 at 2–3 ("If you want to keep your right to sue the settling Defendants, or their member institutions, instead of potentially getting money from this settlement, you must opt out . . . . If you want to stay in the Settlement but do not agree with any part of it, you may object to it[.]"). That Mr. Burr-Kirven now wishes he made a different decision does not constitute excusable neglect.

### C. Seth Beer

Mr. Beer contends that his failure to meet the opt-out deadline constituted excusable neglect because he (1) only recently learned about the settlement and (2) did not receive class notice because the address provided to the settlement administrator may have been "stale" and his Clemson email address was "discontinued." ECF No. 795-1 ¶¶ 4–5. These circumstances do not amount to excusable neglect. Notice was provided not only by email and mail but also through numerous digital notices, press releases, and a long form notice, all of which were publicly available online. ECF No. 544; *see also* ECF No. 450-5. As the Court concluded in its preliminary approval order, this notice campaign was more than sufficient, especially given that class members are not entitled to "actual notice," but rather the "best notice practicable, reasonably calculated under the circumstances, to apprise a class member of the pendency of the class action." *Steinfeld v. Discover Fin. Servs.*, No. C 12-011 JSW, 2014 WL 1309352, at *4 (N.D. Cal. Mar. 31, 2014). Mr. Beer's purported lack of actual notice until after the opt-out deadline is insufficient to justify extending the opt-out deadline given the constructive notice provided via other means. *See In re Se. Milk Antitrust Litig.*, No. 2:07-CV 208, 2012 WL 2050865, at *2 (E.D. Tenn. June 6, 2012) ("[A]n opt out deadline may bind a class member who has received the best notice practicable, regardless of whether or not that class member has received actual notice.").

## V. CONCLUSION

For the foregoing reasons, the Court should deny the Motion as it relates to the requests by Yoeli Childs, Benjamin Burr-Kirven, and Seth Beer to belatedly opt out of the Settlement Classes.

Dated: April 18, 2025

**WILKINSON STEKLOFF LLP**

By: */s/ Rakesh N. Kilaru*
    Rakesh N. Kilaru (*pro hac vice*)
    Beth A. Wilkinson (*pro hac vice*)
    Kieran Gostin (*pro hac vice*)
    Cali Arat (SBN 349086)
    Matthew Skanchy (*pro hac vice*)
    Tamarra Matthews Johnson (*pro hac vice*)
    2001 M Street NW, 10th Floor
    Washington, DC 20036
    Telephone: (202) 847-4000
    Facsimile: (202) 847-4005
    rkilaru@wilkinsonstekloff.com
    bwilkinson@wilkinsonstekloff.com
    kgostin@wilkinsonstekloff.com
    carat@wilkinsonstekloff.com
    mskanchy@wilkinsonstekloff.com
    tmatthewsjohnson@wilkinsonstekloff.com

    Jacob K. Danziger (SBN 278219)
    ARENT FOX SCHIFF LLP
    44 Montgomery Street, 38th Floor
    San Francisco, CA 94104
    Telephone: (415) 757-5500
    Facsimile: (415) 757-5501
    jacob.danziger@afslaw.com

*Counsel for Defendant National Collegiate Athletic Association*

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: */s/ Christopher S. Yates*
    Christopher S. Yates (SBN 161273)
    Aaron T. Chiu (SBN 287788)
    505 Montgomery Street, Suite 2000
    San Francisco, CA 94111
    Telephone: (415) 391-0600
    Facsimile: (415) 395-8095
    chris.yates@lw.com
    aaron.chiu@lw.com

    Anna M. Rathbun (SBN 273787)
    555 Eleventh Street NW, Suite 1000
    Washington, D.C. 20004-1304
    Telephone: (202) 637-2200
    Facsimile: (202) 637-2201
    anna.rathbun@lw.com

**FOX ROTHSCHILD LLP**

By: */s/ D. Erik Albright*
    D. Erik Albright (*pro hac vice*)
    Gregory G. Holland (*pro hac vice*)
    230 North Elm Street, Suite 1200
    Greensboro, NC 27401
    Telephone: (336) 378-5200
    Facsimile: (336) 378-5400
    ealbright@foxrothschild.com
    gholland@foxrothschild.com

    Jonathan P. Heyl (*pro hac vice*)
    101 S. Tryon Street, Suite 1700
    Charlotte, NC 28280
    Telephone: (704) 384-2600
    Facsimile: (704) 384-2800
    jheyl@foxrothschild.com

*Counsel for Defendant Atlantic Coast Conference*

| | |
|---|---|
| **MAYER BROWN LLP** | **COOLEY LLP** |
| By: */s/ Britt M. Miller* | By: */s/ Whitty Somvichian* |
| Britt M. Miller (*pro hac vice*) | Whitty Somvichian (SBN 194463) |
| Daniel Fenske (*pro hac vice*) | Kathleen R. Hartnett (SBN 314267) |
| 71 South Wacker Drive | Ashley Kemper Corkery (SBN 301380) |
| Chicago, IL 60606-4637 | 3 Embarcadero Center, 20th Floor |
| Telephone: (312) 782-0600 | San Francisco, California 94111-4004 |
| Facsimile: (312) 701-7711 | Telephone: (415) 693-2000 |
| bmiller@mayerbrown.com | Facsimile: (415) 693-2222 |
| dfenske@mayerbrown.com | wsomvichian@cooley.com |
| | khartnett@cooley.com |
| Christopher J. Kelly (SBN 276312) | acorkery@cooley.com |
| Two Palo Alto Square | |
| 3000 El Camino Real, Suite 300 | Dee Bansal (*pro hac vice*) |
| Palo Alto, CA 94306-2112 | 1299 Pennsylvania Ave. NW, Suite 700 |
| Telephone: (650) 331-2000 | Washington, DC 20004-2400 |
| Facsimile: (650) 331-2060 | Telephone: (202) 842-7800 |
| cjkelly@mayerbrown.com | Facsimile: (202) 842-7899 |
| | dbansal@cooley.com |
| *Counsel for Defendant The Big Ten Conference, Inc.* | |
| | Mark Lambert (SBN 197410) |
| | 3175 Hanover Street |
| | Palo Alto, CA 94304-1130 |
| | Telephone: (650) 843-5000 |
| | Facsimile:(650) 849-7400 |
| | mlambert@cooley.com |
| | |
| | *Counsel for Defendant Pac-12 Conference* |

| | |
|---|---|
| **SIDLEY AUSTIN LLP**<br><br>By: */s/ Angela Zambrano*<br>    Angela C. Zambrano (*pro hac vice*)<br>    Natali Wyson (*pro hac vice*)<br>    Chelsea Priest (*pro hac vice*)<br>    2021 McKinney Avenue, Suite 2000<br>    Dallas, Texas 75201<br>    Telephone: (214) 981-3300<br>    Facsimile: (214) 981-3400<br>    angela.zambrano@sidley.com<br>    nwyson@sidley.com<br>    cpriest@sidley.com<br><br>    David L. Anderson (SBN 149604)<br>    555 California Street, Suite 2000<br>    San Francisco, California 94104<br>    Telephone: (415) 772-1200<br>    Facsimile: (415) 772-7400<br>    dlanderson@sidley.com<br><br>*Counsel for Defendant The Big 12 Conference, Inc.* | **ROBINSON BRADSHAW & HINSON, P.A.**<br><br>By: */s/ Robert W. Fuller III*<br>    Robert W. Fuller, III (*pro hac vice*)<br>    Lawrence C. Moore, III (*pro hac vice*)<br>    Travis S. Hinman (*pro hac vice*)<br>    Amanda P. Nitto (*pro hac vice*)<br>    Patrick H. Hill (*pro hac vice*)<br>    101 N. Tryon Street, Suite 1900<br>    Charlotte, NC 28246<br>    Telephone: (704) 377-2536<br>    Facsimile: (704) 378-4000<br>    rfuller@robinsonbradshaw.com<br>    lmoore@robinsonbradshaw.com<br>    thinman@robinsonbradshaw.com<br>    anitto@robinsonbradshaw.com<br>    phill@robinsonbradshaw.com<br><br>**WHEELER TRIGG O'DONNELL LLP**<br><br>By: */s/ Kathryn Reilly*<br>    Kathryn Reilly (*pro hac vice*)<br>    Michael Williams (pro hac vice)<br>    370 17th Street, Suite 4500<br>    Denver, CO 80202<br>    Tel: (303) 244-1800<br>    Fax: (202) 244-1879<br>    reilly@wtotrial.com<br>    williams@wtotrial.com<br><br>    Mark J. Seifert (SBN 217054)<br>    SEIFERT ZUROMSKI LLP<br>    100 Pine Street, Suite 1250<br>    San Francisco, California 94111<br>    Telephone: (415) 869-8837<br>    mseifert@szllp.com<br><br>*Counsel for Defendant Southeastern Conference* |

**SIGNATURE ATTESTATION**

I, Rakesh Kilaru, am the ECF user whose identification and password are being used to file Defendants' Response to Administrative Motion for Relief Seeking to Opt Out of the Class Settlement (Civ. L.R. 7-11).  In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

*/s/ Rakesh Kilaru*
Rakesh Kilaru
