MARIST VERES ROYAL
65 Spring Meadow Drive #65-4
Buffalo, NY 14221


April 15, 2025

      Re:    *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW

Dear Judge Wilken:

      My name is Marist Veres Royal who had filed my initial objection as a member of the Injunctive Relief Class as filed by MoloLamken LLP for the April 7, 2025 hearing *(Document 628-5 at page 573)*.
      I am a Division I student-athlete beginning Fall 2025 at University at Buffalo and my NCAA ECID number is 2304842372.  For the reasons stated in my attached letter, I object to the reasoning provided by NCAA on April 14, 2025 as to why a grandfathering provision covering current athletes cannot be included as part of the settlement agreement, I make this objection individually and on behalf of the Injunctive Relief Class.


      Sincerely,

      Marist Veres Royal

\\

To the Honorable Claudia Wilken,

Irrespective of the issues regarding the implementation of roster limits in the proposed settlement, which are well covered in the court record, the reasons provided by the NCAA in their April 14, 2025 which are, I would hope, not only insulting to you, but certainly insulting to me as an affected student-athlete.

We call this the old "Okey-Doke" and "Hoodwink" where in this situation, the NCAA first acts "sympathetic" to the plight of affected athletes but then simultaneously creates a chaotic problem by ignoring and failing to issue a directive to athletic programs regarding premature roster cuts. *I remind the court that the NCAA is capable of lessening harm to athletes when they choose such as when it issued a nationwide email to athletic departments earlier this month warning them of and clarifying misconceptions about scholarship eligibility.*

But most incredibly, the NCAA attempts to use the self-inflicted chaos of those premature cuts it failed to stave off as an 11th hour **pretext** to render your wise and thoughtful recommendation of grandfathering unactionable.

Even a 15 year-old like myself knows that the NCAA could easily separate athletes currently in the pipeline as a specific class of athletes while simultaneously providing for teams to immediately comply with roster limits, such as the 105 for football, as a distinct pool of student-athletes in the grandfathered group.

This could easily result in **two sets of rosters** at each school: 1) the official 105 roster and 2) an exempt pool that cannot be added to and will fall off through attrition.

NCAA speaks out of two sides of their mouths as picked up by your honor at the April 7th hearing by first claiming that roster limits only affect a very small number of athletes and therefore, they do not warrant a change to the settlement but when confronted with that fact, the task of providing fairness and humanity to that :small number is all of a sudden too massive, disruptive, and chaotic. NCAA has provided no data on the number of athletes who were prematurely cut and actually withdrew from schools; I believe that most are still attending their schools still trying to figure out what to do and many others are sitting in the portal with the option, under NCAA's own rules, to return if the school accepts them.

It is as if the NCAA is well aware that their dissociation with the group of affected student-athletes will surely bring about court challenges, but they are willing to look beyond that to get this settlement through. That is not acting in good faith and they are totally refusing to confront the real life question by someone like me: **What am I receiving from the settlement and you representing me if I am much worse off with it than without it?** Thank you for your consideration.

Sincerely,

Marist Veres Royal