Michael L. McGlamry
GA Bar No. 492515
Jay F. Hirsch
GA Bar No. 357185
Caroline G. McGlamry
CA Bar No. 308660
**POPE, MCGLAMRY, KILPATRICK,**
**MORRISON & NORWOOD, P.C.**
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706
carolinemcglamry@pmkm.com
mmcglamry@pmkm.com
jayhirsch@pmkm.com

William J. Cornwell
FL Bar No. 0782017
WEISS, HANDLER & CORNWELL, P.A.
2255 Glades Road, Suite 205E
Boca Raton, GL 33431
Tel: (561) 997-9995
wjc@whcfla.com
filings@whcfla.com

***Counsel for Objector Thomas Castellanos***

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### (OAKLAND DIVISION)

| | |
|---|---|
| **IN RE: COLLEGE ATHLETE NIL LITIGATION** | Case No. 4:20-cv-03919-CW |
| | **OBJECTOR THOMAS CASTELLANOS' REPLY SUPPORTING HIS MOTION TO STRIKE PARTIES' PROPOSED AMENDED CLASS ACTION SETTLEMENT** |
| | Hon. Claudia Wilken |

Class Member/ Objector Thomas Castellanos files this Reply, further supporting his Motion to Strike the Parties' Proposed Amended Class Action Settlement, showing the Court that the proposed, unclear amendments that attempt to identify additional releasees, adversely impact class members by broadening the

release and thus should be stricken.[1] For the reasons stated in Objector Castellanos' objection, opposition to final approval, his original motion, and herein, the motion should be granted.

**The proposed amendment should be stricken because Objector's factual contentions remain unanswered and due process prohibits the expansion of the releasees.**

The parties' new definition, which fails in its attempt to define the term "College Football Playoff" as four separate entities, is not a "clarification," but a further obfuscation and falsification to the settlement agreement. "College Football Playoff" is not a legal person or entity. As a non-entity, "College Football Playoff" lacked the legal capacity to sue or be sued, *see, e.g., Nat'l Grange of the Ord. of Patrons of Husbandry v. California Guild*, 334 F. Supp. 3d 1057, 1065 (E.D. Cal. 2018), and thus its inclusion as a releasee was non-sensical. The parties' amendment to clarify does exactly what they argue it does not do: it adds entities to be released under the settlement. (*Cf.* Doc. 812 at 2 (contending that the change "did not modify, e.g., add to, which entities are to be released by the settlement . . . .") There was no entity released as "College Football Playoff" in the Settlement Agreement that was operative when the absent class members made their opt-out decision, but the new definition attempts to add four new releasees by amendment.

Plaintiffs attempt to defend the inclusion of the four new entities as purported "affiliates" of or entities or persons related to "College Football Playoff." (Doc. 812 at 4, n. 3.) But that defense fails because a non-entity obviously does not have parent or subsidiary entities, officers, directors, trustees, etc. And the affiliate clause expressly applies only to "the foregoing ***persons or entities***." *See id.* (emphasis added)

Indeed, the new definition creates additional confusion for two of the additional releasees. First, "College Football Playoff Foundation," is not a legal

---

[1] The Court struck Objector Castellanos' hearing date. Further, despite his agreement to file an expedited reply by Friday, April 25, 2025, the Court granted Plaintiffs' motion to move the reply date to Tuesday, April 22, 2025 – despite the holiday weekend and Objector's counsel's other professional obligations.

entity, and naming "College Football Playoff Foundation" as a releasee suffers from the same problems as originally naming "College Football Playoff" as a separate releasee. Moreover, while "CFP Administration, LLC" or a BCS Properties LLC entity that signed the $7.8 billion contract to broadcast college football playoff games for the next decade could – at least hypothetically – be contributing as to "media rights" under Part 11 of the NCAA's 2024 Agreed-Upon Procedures, none of the categories cited by the Defendants (and parroted by Plaintiffs) appear to have any connection to a non-profit foundation contributing any amounts to the proposed settlement.[2]

Further, the definition alleges that "BCS Properties, LLC" is a Delaware entity, but an entity with that name was formed and exists under the laws of the State of Kansas. How many "BCS Properties, LLCs" are there, and are they all being added to release via amendment?

The amendment itself admits the inadequacy of the original releasee language. And this admission – let alone the parties' failure to identify if, how, and what the newly identified parties contribute to the proposed settlement – precludes the attempted retroactive amendment of the proposed Settlement Agreement. Class members lacked critical information as to the identity of the releasees when they were evaluating whether to remain in the class and participate in the settlement or to opt out. New releasees have since been added, expanding the scope of the release and thus materially and adversely affecting class members. *See In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 330 (N.D. Cal. 2018) (explaining that the "pertinent question" in deciding whether settlement agreement changes require additional notice to the class before final approval is "whether the changes *adversely* affect class members.") (emphasis in original).

---

[2] Indeed, the parties' mere repetition of the alleged parts of the NCAA's AUP purportedly applicable to "College Football Playoff" settlement contribution fails to explain how, or in what amount or percentage, the alleged revenues pass through any specified entity.

The proposed amendment should be stricken and the request for Final Approval denied unless and until the class receives Notice of this amendment to the releasees section – and the amendments proposed based on other objections – as well as information sufficient to determine how much and how the newly identified releasees are contributing to the settlement. Class members must be given the opportunity to re-evaluate the proposed settlement and determine whether, in light of the amended information, they wish to participate in the proposed amended settlement or opt out.

Due process requires that class members to receive notice of the rights they are giving up. In *Hendricks v. Starkist Co.*, like here, the named parties stipulated to a change in the scope of the release in a class action settlement agreement after the Court's preliminary approval and after class notice was distributed. *See* No. 13-CV-00729-HSG, 2016 WL 692739, at *2 (N.D. Cal. Feb. 19, 2016). Over the parties' protests, the *Hendricks* Court determined that the amendments could not be permitted, explaining:

> Having not received the amended release, potential class members did not have any notice of the rights they are actually giving up with regard to these new claims. Under these circumstances, a change in the scope of the settlement's release constitutes a substantive change in the settlement's terms and is a change that affects class members' rights under the agreement. Given that class members did not receive notice of the amended release, the parties cannot establish that class members have been informed of the consequences of remaining in the class or opting out. The parties have not satisfied minimum due process requirements.

*Id.* (footnotes omitted). Thus, the *Hendricks* Court could not conclude that the proposed settlement was fair, reasonable, or adequate and denied final approval, without prejudice. *Id.* at *4.

Plaintiffs' attempt to distinguish the *Hendricks* Court's analysis fails. While the undefined, non-entity "College Football Playoff" was listed as a releasee in the first iterations of the settlement agreement, no legal entity or person was being

released under that term. But now, after Notice was provided (and the opt-out date had passed), the parties have attempted, via a new definition, to identify (with partial success) four new releasees. Thus, class members did not have notice of the rights that the parties now contend that they were giving up. The parties thus cannot demonstrate that class members received notice of this substantive change in the release (or any other amendment proposed by the parties) or been informed of the consequences of remaining in the class or opting out. Absent class members' due process rights thus have not been satisfied, and the parties cannot show that their proposed settlement is fair, reasonable, or adequate.

Pending a clear amendment that identifies the legal entities to be released and demonstrates how these newly identified releasees are contributing to the proposed settlement, if at all, the parties' proposed amendment must be stricken, and the requested final approval denied.[3]

### Conclusion

For the foregoing reasons, the parties' proposed amendment expanding the releasees is due to be stricken and the request for final approval denied.

Respectfully submitted.         This 22nd day of April, 2025.

By: *Michael L. McGlamry*
    Michael L. McGlamry*
    GA Bar No. 492515
    Jay F. Hirsch
    GA Bar No. 357185
    Caroline G. McGlamry
    CA Bar No. 308660
    **POPE, MCGLAMRY, KILPATRICK,**
    **MORRISON & NORWOOD, P.C.**

---

[3] Objector Castellanos opposes final approval. His goal, aligned with the Court's, is to get this resolved correctly and to protect the absent class members and their due process rights. Accordingly, if the Court were to grant final approval, he is hopeful that the Court, in the exercise of her broad discretion, will stay the application of the settlement – particularly the injunctive portion – pending appeal. Otherwise, more than 25,000 student-athletes will lose their roster positions, regardless of the outcome on appeal. *See Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34, 129 S. Ct. 1749 (2009).

3391 Peachtree Road, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706
carolinemcglamry@pmkm.com
mmcglamry@pmkm.com
jayhirsch@pmkm.com

William J. Cornwell*
FL Bar No. 0782017
**WEISS, HANDLER & CORNWELL, P.A.**
2255 Glades Road, Suite 205E
Boca Raton, FL 33431
Tel: (561) 997-9995
wjc@whcfla.com
filings@whcfla.com

*Admitted *Pro Hac Vice*

*Counsel for Objector Castellanos*

OBJECTOR'S REPLY ISO MOTION TO STRIKE
*IN RE: COLLEGE ATHLETE NIL LITIGATION*, Case No. 4:20-cv-03919-CW

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on April 22, 2025, I filed the foregoing with the Court by uploading to the CM/ECF system for the United States District Court for the Northern District of California and that a true and correct copy was served on all Registered parties via Notice of Electronic Filing.

By: <u>*Michael L. McGlamry*</u>
Michael L. McGlamry
An Attorney for Objector Michael Castellanos