UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL**<br><br>Hon. Claudia Wilken |

This matter has come before the Court to determine whether there is any cause why this Court should not approve the Class Plaintiffs' ("Plaintiffs") Settlement with Defendants National Collegiate Athletic Association ("NCAA"), Atlantic Coast Conference ("ACC"), The Big Ten Conference, Inc. ("Big Ten"), The Big 12 Conference, Inc. ("Big 12"), Pac-12 Conference ("Pac-12") and Southeastern Conference ("SEC") (collectively, the "Defendants"). The Court, having reviewed Plaintiffs' Motion for Final Settlement Approval and Omnibus Response to Objections (ECF No. 717, "Motion"), all subsequent submissions by the parties, including the Supplemental Submission in Support of Final Approval of Class Action Settlement (ECF No. 958), the Fourth Amended Stipulation and Settlement Agreement (ECF No. 958-1, "Fourth Amended Settlement Agreement" or "Settlement"), the pleadings and other papers on file in this action, including the objections to the Settlement and all other briefing submitted by the objectors, the statements of counsel and the parties, and all statements made at the final approval hearing, hereby finds that the Fourth Amended Settlement Agreement should be approved. Accordingly, the Court enters this Order of Final Approval.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, the "Action") and over the parties to the Fourth Amended Settlement Agreement, including all members of the Settlement Classes, as defined below, and the Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Fourth Amended Settlement Agreement. *See* ECF No. 958-1. The Court hereby finally approves and confirms the Settlement set forth in the Fourth Amended Settlement Agreement, and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, including with respect to each of the factors enumerated in Rule 23(e)(2), and orders that it be consummated pursuant to its terms and conditions.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for purposes of effectuating this Settlement, a Settlement Class as follows, hereinafter referred to as the "Settlement Declaratory and Injunctive Relief Class":

> All student-athletes who compete on, competed on, or will compete on a Division I athletic team at any time between June 15, 2020 through the end of the Injunctive Relief Settlement Term.[1] This Class excludes the officers, directors, and employees of Defendants. This Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

4. Pursuant to Federal Rule of Civil Procedure 23(g), the Court confirms that Grant House, DeWayne Carter, Nya Harrison, Sedona Prince, and Nicholas Solomon are appointed to serve as the Class Representatives for the Settlement Declaratory and Injunctive Relief Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court also certifies, for purposes of effectuating this Settlement, a Settlement Class as follows, hereinafter referred to as the "Settlement Football and Men's Basketball Class":

> All student-athletes who have received or will receive full GIA scholarships and compete on, competed on, or will compete on a Division I men's basketball team or an FBS football team, at a college or university that is a member of one of the Power Five Conferences (including Notre Dame), and who have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024. This Class excludes the officers, directors, and employees of Defendants. This Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

6. Pursuant to Federal Rule of Civil Procedure 23(g), the Court confirms that Tymir Oliver and DeWayne Carter are appointed to serve as the Class Representatives for the Settlement Football and Men's Basketball Class.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court also certifies, for purposes of effectuating this Settlement, a Settlement Class as follows, hereinafter referred to as the "Settlement Women's Basketball Class":

> All student-athletes who have received or will receive full GIA scholarships and compete on, competed on, or will compete on a Division I women's basketball team at a college or university that is a member of one the Power Five Conferences (including Notre Dame), and who have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024. This Class excludes the officers, directors, and employees of Defendants. This Class

---

[1] The Injunctive Relief Settlement Term is the ten (10) Academic Years from the date of Final Approval of the Settlement.

also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

8.  Pursuant to Federal Rule of Civil Procedure 23(g), the Court confirms that Sedona Prince is appointed to serve as the Class Representative for the Settlement Women's Basketball Class.

9.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court also certifies, for purposes of effectuating this Settlement, a Settlement Class as follows, hereinafter referred to as the "Settlement Additional Sports Class":

> Excluding members of the Football and Men's Basketball Class and members of the Women's Basketball Class, all student-athletes who compete on, competed on, or will compete on a Division I athletic team and who have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024. This Class excludes the officers, directors, and employees of Defendants. This Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

10. Pursuant to Federal Rule of Civil Procedure 23(g), the Court confirms that Grant House, Nya Harrison, and Nicholas Solomon are appointed to serve as the Class Representatives for the Settlement Additional Sports Class.

11. The Court will refer to the Settlement Declaratory and Injunctive Relief Class, Settlement Football and Men's Basketball Class, the Settlement Women's Basketball Class, and the Settlement Additional Sports Class collectively as the "Settlement Classes." The Court will refer to the Settlement Football and Men's Basketball Class, the Settlement Women's Basketball Class, and the Settlement Additional Sports Class collectively as the "Damages Settlement Classes."

12. The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes only by the Settlement Classes in that:

   (a) there are at least tens of thousands of geographically dispersed members of the Settlement Classes, making joinder of all members impracticable;

   (b) there are questions of law and fact common to the Settlement Classes which predominate over individual issues;

   (c) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Settlement Classes;

- 3 -

        (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Classes, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Classes; and

        (e) resolution through class settlements is superior to individual settlements.

13. The Court further finds that this Action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2), for settlement purposes only, because: Defendants have acted on grounds that apply generally to the Settlement Declaratory and Injunctive Relief Class, so that final injunctive and corresponding declaratory relief is appropriate respecting the Settlement Declaratory and Injunctive Relief Class as a whole.

14. The Court further finds that this Action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), for settlement purposes only, because: (i) questions of fact and law common to members of the Damages Settlement Classes predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

15. Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms that Hagens Berman Sobol Shapiro, LLP and Winston & Strawn LLP are appointed as Settlement Class Counsel for the Settlement Classes.

16. Plaintiffs' notice of the Settlement to the Settlement Classes was the best notice practicable under the circumstances. The notice satisfied due process, provided adequate information to the Settlement Classes of all matters relating to the Settlement, and satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

17. The Court has reviewed and considered the objections to the Settlement and finds them to be without merit.

18. Certain members of the Settlement Classes timely and validly requested exclusion from the Damages Settlement Classes, and therefore they are excluded from the Damages Settlement Classes. These persons and entities are reflected in the attached **Exhibit A** to this order. Such persons and entities are not included in or bound by this Order as it relates to the Settlement for which they opted out. Such

persons and entities are not entitled to any recovery of the settlement proceeds obtained through this Settlement.

19. The Court orders that the injunction contemplated by Appendix A to the Fourth Amended Settlement Agreement, the Second Amended Injunctive Relief Settlement, be entered into pursuant to its terms and conditions, and provides the approvals contemplated therein.

20. Without affecting the finality of this Order in any way, this Court hereby retains continuing, exclusive jurisdiction over the Settlement and the Fourth Amended Settlement Agreement, including:

    (a) implementation and execution of the Settlement and Fourth Amended Settlement Agreement;

    (b) during the Injunctive Relief Settlement Term, review, consideration, and disposition of any objections to continuation of the Second Amended Injunctive Relief Settlement filed following the notice contemplated by paragraph 14 of the Fourth Amended Settlement Agreement;

    (c) review, consideration, and disposition of any claims filed by Class Counsel for enforcement, or violations, of the Fourth Amended Settlement Agreement, including, but not limited to, the anti-collusion provisions of Article 5, Section 1 of the Second Amended Injunctive Relief Settlement;

    (d) disposition of the Gross Settlement Fund and distribution to members of the Settlement Classes pursuant to further orders of this Court;

    (e) determining service awards and attorneys' fees, costs, expenses, and interest;

    (f) the Action until Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Fourth Amended Settlement Agreement;

    (g) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds;

    (h) all parties to the Action, Releasors, and Releasees, for the purpose of enforcing and administering the Fourth Amended Settlement Agreement and the mutual

releases and other documents contemplated by, or executed in connection with, the Fourth Amended Settlement Agreement; and

    (i)  any other proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement.

21. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to Defendants ("Judgment") should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgment, as a Final Judgment, in accordance with the Fourth Amended Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____, 2025

                                                   _____
                                                   HONORABLE CLAUDIA WILKEN
                                                   UNITED STATES DISTRICT JUDGE