Steven F. Molo (*pro hac vice*)
Eric A. Posner (*pro hac vice*)
Thomas J. Wiegand (*pro hac vice*)
Bonnie K. St. Charles (*pro hac vice*)
MOLOLAMKEN LLP
300 N. LaSalle Street
Chicago, IL  60654
smolo@mololamken.com
eposner@mololamken.com
twiegand@mololamken.com
bstcharles@mololamken.com
(312) 450-6700

Alexandra C. Eynon (*pro hac vice*)
Pratik K. Raj Ghosh (*pro hac vice*)
Sara Tofighbakhsh (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
aeynon@mololamken.com
prajghosh@mololamken.com
stofighbakhsh@mololamken.com
(212) 607-8160

William J. Cooper (CA Bar No. 304524)
Natalie Cha (CA Bar No. 327869)
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA  94111
wcooper@conmetkane.com
ncha@conmetkane.com
(415) 343-7100

Arthur H. Bryant (CA Bar No. 208365)
ARTHUR BRYANT LAW, P.C.
6871 Aitken Drive
Oakland, CA  94611
arthur@arthurbryantlaw.com
(510) 391-5454

*Counsel for Objectors*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGIATE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**MENKE-WEIDENBACH OBJECTORS' NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR FILING OF MOTION FOR ATTORNEYS' FEES**<br><br>Hon. Claudia Wilken |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT the Menke-Weidenbach Objectors respectfully move this Court, pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 6-3, for an extension of time to file a motion for attorneys' fees.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Proposed Order granting the Menke-Weidenbach Objectors' Motion to Extend Time to File a Motion for Attorneys' Fees, and the Declaration of Steven F. Molo ("Decl.") filed herewith, as well as on all of the pleadings, papers, records, and orders in this action and such matters as may come before the Court prior to the disposition of this motion.

ii

MENKE-WEIDENBACH OBJECTORS' NOTICE OF MOTION AND
MOTION TO EXTEND TIME FOR FILING OF MOTION FOR ATTORNEYS' FEES
CASE NO. 4:20-CV-03919-CW

# INTRODUCTION

Counsel for the Menke-Weidenbach Objectors ("Objectors' Counsel") respectfully request an extension of time to file their motion for attorneys' fees. An extension is necessary to allow the Menke-Weidenbach Objectors' to seek an award of fees in recognition of their contributions to the approved settlement, which secured substantial benefits for the class. Objectors' Counsel therefore request an extension of the deadline to seek attorneys' fees to 30 days following the issuance of the latest mandate issued in any appeal from this action. In the alternative, Objectors' Counsel seek an extension to file their fee motion by July 28, 2025.

# BACKGROUND

Following extensive briefing and argument by Objectors' Counsel, the Court found that immediate implementation of the settlement's roster-cap provisions was unfair and unreasonable under Rule 23(e) of the Federal Rules of Civil Procedure. *See* Dkt. 948 at 2-3. The Court directed the parties to "modify the settlement agreement so that members of the Injunctive Relief Settlement Class will not be harmed by the immediate implementation of the roster limits provisions," and instructed them to do so in consultation with Objectors' Counsel. *Id.* at 4-5.

Counsel for the Menke-Weidenbach Objectors quickly coordinated with other objectors' counsel to correct the settlement's defects, presenting detailed proposals to the mediator and engaging in numerous negotiations with the parties' counsel by email, phone, and videoconference. The parties proposed the modified Fourth Amended Settlement on May 7, 2025. *See* Dkts. 958, 959. Class Counsel touted that the amended settlement secured "additional" and "highly valuable protection[s]" from the roster caps to class members, insisted those protections would address objectors' concerns, and committed themselves to enforcing those protections. Dkt. 958 at 1-4 & n.1, n.2. The Menke-Weidenbach Objectors filed their response seeking greater protection early because Objectors' Counsel understood the effect of this issue on an estimated 25,000 class members facing roster cuts or who might be forced into the transfer portal. *See* Dkt. 961; Decl. ¶11.

1

MENKE-WEIDENBACH OBJECTORS' NOTICE OF MOTION AND
MOTION TO EXTEND TIME FOR FILING OF MOTION FOR ATTORNEYS' FEES
CASE NO. 4:20-CV-03919-CW

1    The Court approved the Fourth Amended Settlement as modified on June 6, 2025. *See* Dkt. 978 ("Op."). In the Court's judgment, the approved settlement contained substantial improvements that rendered it capable of approval. *Id.* at 6-7, 50-51.

Attorneys for objectors may seek attorneys' fees when they offer a substantial benefit to the class. *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012). Objectors' Counsel's efforts were instrumental in persuading the Court that the Third Amended Settlement was "not fair and reasonable" to a "significant number of class members." Dkt. 948 at 2-3. Specifically, Objectors' Counsel spent thousands of hours drafting multiple briefs and compiling 196 sworn declarations demonstrating that the settlement was deficient under Rule 23(e) because class members were harmed by immediate implementation of roster caps. *See, e.g.*, Dkts. 475, 628-3, 628-5. Without the efforts of Objectors' Counsel, the parties would not have modified the settlement to the benefit of the class. *See* Dkt. 796 (parties' post-Fairness Hearing brief declining to modify the Third Amended Settlement); Dkt. 807 (Menke-Weidenbach Objectors' response); Dkt. 948 (Order denying approval of the Third Amended Settlement).

When the Court granted approval of the Fourth Amended Settlement, it overruled the Menke-Weidenbach Objectors' remaining objections. Op. at 42, 46-47, 49-53, 57-60; Dkts. 979, 980. Under the Federal Rules, notices of appeal must be filed within 30 days after the entry of judgment. Fed. R. App. P. 4(1)(A). Two objectors have since appealed, which stayed distribution of settlement funds until the appeals are resolved under the terms of the Fourth Amended Settlement. Dkt. 958-1 ("Fourth Am. Settlement") § D.18.

While diligently considering their options for appeal during the ongoing 30-day period, Objectors' Counsel inadvertently overlooked that the deadline for parties to file a claim for attorneys' fees – 14 days from the entry of judgment – elapsed on June 20, 2025. Fed. R. Civ. P. 23(h), 54(d)(2)(b)(i). Upon discovering the oversight, Objectors' Counsel promptly requested that Class Counsel and counsel for Defendants stipulate to an extension of time to file counsel's motion for fees. Decl. ¶ 6. Class Counsel declined, shockingly writing that their "[a]nswer might be

different if you weren't appealing but so long as that's possible the answer is no." *Id*. Counsel for Defendants also declined. *Id*.

## ARGUMENT

The Court may extend any deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether neglect is excusable, the Court considers "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). All four factors weigh in the Menke-Weidenbach Objectors' favor.

### A. Danger of Prejudice

An extension of time to file a motion for attorneys' fees until after any mandate issues on appeal does not prejudice any party. Other objectors have already noticed appeals. Dkts. 978, 979; *see* Dkts. 982, 984. Under the terms of the Fourth Amended Settlement, payments to the class, Class Counsel, or "Additional Counsel" are stayed until all appeals from this action are finally resolved. Fourth Am. Settlement § D.18. Allowing Objectors' Counsel to file their fee motion until 30 days after the resolution of appellate proceedings – or until some other time in the future before the appeal will be decided – therefore has no effect on the distribution of settlement funds.

There is also no prejudice to Class Counsel. The Court has not decided Class Counsel's motion for attorneys' fees. *See* Op. at 36 n.5; Dkt. 583. And in any event, payment of any award is stayed until all appeals are decided. Fourth Am. Settlement § D.18.

Additionally, class members benefiting from the injunctive relief provisions of the Fourth Amended Settlement will not be prejudiced. The Injunctive Relief Settlement is not stayed during the pendency of any appeals, *see* Fourth Am. Settlement § D.18, and any fees Objectors' Counsel seek will not be paid from that relief.

By contrast, the Menke-Weidenbach Objectors will be harmed if an extension of time to file a motion for fees is denied. Objectors' Counsel expended thousands of hours working to secure a substantial benefit that is immediately benefiting the class. Objectors' Counsel exposed real flaws in the settlement that the Court considered sufficiently serious to withhold approval at each stage. Due to Objectors' Counsel's argument at the preliminary approval hearing that the settlement overbroadly released Title IX claims, the parties narrowed the release. Dkt. 525 at 32:6-8. And at the final Fairness Hearing, because Objectors' Counsel presented the Court with compelling arguments supported by 196 affidavits of class members – giving them a voice to object to a serious defect in the settlement's roster caps that threatened to harm an estimated 25,000 student-athletes, *see* Dkts. 628, 741 – the Court rejected the settlement and directed modification of the roster cap provisions. Dkt. 948 at 4.

The Menke-Weidenbach Objectors should be granted a reasonable opportunity to seek a fee award recognizing the benefits their considerable efforts made to the settlement.

**B.     Impact on Proceedings**

For the same reasons, an extension of time to file a motion for fees will not delay the remaining proceedings in this case. The only unresolved motion is Class Counsel's motion for attorneys' fees, and any payments that would issue from the Court's determination of that motion are stayed until resolution of all appeals. Indeed, extending the time to file a motion for fees until after the resolution of all appeals will enhance efficient resolution of the fee motions. If the judgment is vacated, Objectors' Counsel will account for any additional benefits secured for the class in a single fee motion, rather than piecemeal.

**C.     Reason for the Delay**

Objectors' Counsel inadvertently overlooked the fee-motion deadline while diligently evaluating appellate options on behalf of the Menke-Weidenbach Objectors, which runs on a longer 30-day deadline. That consideration continues to involve extensive review of the merits of any such appeal. It has been Objectors' Counsel's experience that the issue of fees is usually

4

MENKE-WEIDENBACH OBJECTORS' NOTICE OF MOTION AND
MOTION TO EXTEND TIME FOR FILING OF MOTION FOR ATTORNEYS' FEES
CASE NO. 4:20-CV-03919-CW

addressed following the resolution of appeals of a settlement. Objectors' Counsel greatly regrets their honest oversight.

### D. Good Faith

Objectors' Counsel's request for an extension is in good faith. Throughout this litigation, Objectors' Counsel diligently represented the interests of hundreds of objectors, engaged in multiple rounds of briefing, argued at the Final Fairness Hearing, and participated in mediation with the parties to improve the settlement for the benefit of the class. Objectors' Counsel have consistently expressed deep respect for the difficult work of the parties in negotiating the settlement.

Moreover, upon discovering the oversight of the fee motion deadline on June 23, Objectors' Counsel immediately reached out to Class Counsel and counsel for Defendants to seek a stipulation to extend the time to file. Decl. ¶6. The next day, Class Counsel notified Objectors' Counsel that they withheld their consent, stating their "[a]nswer might be different if you weren't appealing but so long as that's possible the answer is no." *Id*. Shockingly, Class Counsel was giving Objectors' Counsel a choice of putting Objectors' Counsel's interests above their clients. Apparently, Class Counsel believed they can extort Objectors' Counsel into abandoning their ethical responsibilities to their clients in exchange for agreeing to this motion. That will not happen.

Upon receiving Class Counsel's response, Objectors' Counsel promptly prepared this motion. *Id*.

### CONCLUSION

Objectors' Counsel respectfully request an extension of time to file their motion for attorneys' fees no later than 30 days following the issuance of the latest mandate in all appeals from this action. In the alternative, Objectors' Counsel seek an extension to file their fee motion by July 28, 2025.

Dated: June 25, 2025

/s/ Steven F. Molo
Steven F. Molo (*pro hac vice*)
Eric A. Posner (*pro hac vice*)
Thomas J. Wiegand (*pro hac vice*)
Bonnie K. St. Charles (*pro hac vice*)
MOLOLAMKEN LLP
300 N. LaSalle Street
Chicago, IL 60654

Alexandra C. Eynon (*pro hac vice*)
Pratik K. Raj Ghosh (*pro hac vice*)
Sara Tofighbakhsh (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022

Respectfully submitted,

/s/ William J. Cooper
William J. Cooper (CA Bar No. 304524)
Natalie Cha (CA Bar No. 327869)
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111

/s/ Arthur H. Bryant
Arthur H. Bryant (CA Bar No. 208365)
ARTHUR BRYANT LAW, P.C.
6871 Aitken Drive
Oakland, CA 94611

*Counsel for Objectors*

6

MENKE-WEIDENBACH OBJECTORS' NOTICE OF MOTION AND
MOTION TO EXTEND TIME FOR FILING OF MOTION FOR ATTORNEYS' FEES
CASE NO. 4:20-CV-03919-CW