Steven F. Molo (*pro hac vice*)
Eric A. Posner (*pro hac vice*)
Thomas J. Wiegand (*pro hac vice*)
Bonnie K. St. Charles (*pro hac vice*)
MOLOLAMKEN LLP
300 N. LaSalle Street
Chicago, IL 60654
smolo@mololamken.com
eposner@mololamken.com
twiegand@mololamken.com
bstcharles@mololamken.com
(312) 450-6700

Alexandra C. Eynon (*pro hac vice*)
Pratik K. Raj Ghosh (*pro hac vice*)
Sara Tofighbakhsh (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
aeynon@mololamken.com
prajghosh@mololamken.com
stofighbakhsh@mololamken.com
(212) 607-8160

William J. Cooper (CA Bar No. 304524)
Natalie Cha (CA Bar No. 327869)
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
wcooper@conmetkane.com
ncha@conmetkane.com
(415) 343-7100

Arthur H. Bryant (CA Bar No. 208365)
ARTHUR BRYANT LAW, P.C.
6871 Aitken Drive
Oakland, CA 94611
arthur@arthurbryantlaw.com
(510) 391-5454

*Counsel for Objectors*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGIATE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DECLARATION OF STEVEN F. MOLO IN SUPPORT OF MENKE-WEIDENBACH OBJECTORS' MOTION TO EXTEND TIME FOR FILING OF MOTION FOR ATTORNEYS' FEES**<br><br>Hon. Claudia Wilken |

I, Steven F. Molo, declare as follows:

1.    I am a partner at MoloLamken LLP and represent the Menke-Weidenbach Objectors in this litigation.  I am an attorney in good standing with the bars of Illinois and New York, and I am admitted *pro hac vice* to this Court.  I make this declaration in support of the Menke-Weidenbach Objectors' motion to extend time for filing their motion for attorneys' fees.

2.    MoloLamken has expended many attorney hours diligently representing the Menke-Weidenbach Objectors in this litigation.  Our advocacy resulted in a modification of the Title IX release following the preliminary approval hearing and the modification of the roster cap provisions of the Fourth Amended Settlement, which provided a substantial benefit to the segment of the class harmed by those provisions.

3.    Obtaining that result was a significant undertaking.  Objectors' Counsel filed multiple briefs, compiled 196 declarations from affected class members, argued at the Final Fairness Hearing, and participated in the Court-ordered mediation.  Those efforts resulted in beneficial modifications to the settlement which improved the relief received by large numbers of the class.  Class Counsel touted that the amendments secured "additional" and "highly valuable protection[s]" from the roster caps, insisted those protections would address objectors' concerns, and committed themselves to enforcing those protections.  Dkt. 958 at 1-4 & n.1.

4.    The Court issued final approval of Fourth Amended Settlement on June 6, 2025, and entered final judgment that same day.  Accordingly, under the Federal Rules of Civil Procedure, any motion for attorneys' fees by Objectors' Counsel was required to be filed by June 20, 2025.

5.    In the two weeks following the entry of final judgment, Objectors' Counsel was engaged – and remains engaged – in serious review of its options on appeal prior to the 30-day deadline to notice an appeal.  Regrettably, Objectors' Counsel's singular focus resulted in overlooking the shorter 14-day deadline to file its motion for attorneys' fees, which elapsed on June 20, 2025.

6.      I became aware of the missed deadline on June 23, 2025.  My team immediately reached out to Class Counsel and counsel for Defendants to request a stipulation to extend the period for filing our motion for attorneys' fees.  The next day, on June 24, 2025, Class Counsel shockingly stated that they would not consent to such an extension unless the Menke-Weidenbach Objectors agreed to forgo a potential appeal.  Class Counsel specifically stated in writing that they would not consent to an extension, but their "[a]nswer might be different if you weren't appealing but so long as that's possible the answer is no."  As soon as Class Counsel declined to consent, Objectors' Counsel promptly prepared this extension motion.  Later on the same day, counsel for Defendants also declined to consent to the extension.

7.      Counsel for the Menke-Weidenbach Objectors will not compromise their clients' rights to further their own economic interests.  It is shocking – and raises ethical concerns – that Class Counsel would make such a proposal.  As stated, the Menke-Weidenbach Objectors remain engaged in serious review of their appellate options.

8.      If the requested extension is not granted, the Menke-Weidenbach Objectors will lose the opportunity to seek a fee award recognizing their contributions to the settlement, which substantially improved the benefits afforded to a large segment of the class.

9.      The requested extension will not impact case scheduling.  The Court entered final judgment in this case on June 6, 2025, and multiple appeals filed by other objectors are already pending.  Under the terms of the Fourth Amended Settlement, all payments are stayed during the pendency of all appeals from this action.

10.      The Menke-Weidenbach Objectors have not previously requested any extensions in this case.

11.      The requested extension will streamline the issues before the Court.  Allowing the pending appeals to be decided enables Objectors' Counsel to present a single motion for fees, rather than piecemeal.  Indeed, Menke-Weidenbach Objectors' response to the final settlement proposal was filed early in recognition of how time was of the essence to many class members dealing with roster cuts and transfers.

12.     The Menke-Weidenbach Objectors therefore request an extension of time to file their motion for attorneys' fees up to 30 days following the issuance of the latest mandate in all appeals from this action.  In the alternative, the Menke-Weidenbach Objectors seek an extension to file their fee motion by July 28, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2025                     /s/ *Steven F. Molo*
Chicago, Illinois                             Steven F. Molo

DECLARATION OF STEVEN F. MOLO
CASE NO. 4:20-CV-03919-CW