| | |
|---|---|
| Steve W. Berman (*pro hac vice*) | Jeffrey L. Kessler (*pro hac vice*) |
| Emilee N. Sisco (*pro hac vice*) | David G. Feher (*pro hac vice*) |
| Stephanie Verdoia (*pro hac vice*) | David L. Greenspan (*pro hac vice*) |
| Meredith Simons (SBN 320229) | Adam I. Dale (*pro hac vice*) |
| HAGENS BERMAN SOBOL SHAPIRO LLP | Sarah L. Viebrock (*pro hac vice*) |
| 1301 Second Avenue, Suite 2000 | Neha Vyas (*pro hac vice*) |
| Seattle, WA 98101 | WINSTON & STRAWN LLP |
| Telephone: (206) 623-7292 | 200 Park Avenue |
| steve@hbsslaw.com | New York, NY 10166-4193 |
| emilees@hbsslaw.com | Telephone: (212) 294-6700 |
| stephaniev@hbsslaw.com | jkessler@winston.com |
| merediths@hbsslaw.com | dfeher@winston.com |
| | dgreenspan@winston.com |
| Benjamin J. Siegel (SBN 256260) | aidale@winston.com |
| HAGENS BERMAN SOBOL SHAPIRO LLP | sviebrock@winston.com |
| 715 Hearst Avenue, Suite 300 | nvyas@winston.com |
| Berkeley, CA 94710 | |
| Telephone: (510) 725-3000 | Jeanifer E. Parsigian (SBN 289001) |
| bens@hbsslaw.com | WINSTON & STRAWN LLP |
| | 101 California Street, 21st Floor |
| *Class Counsel for Plaintiffs* | San Francisco, CA 94111 |
| | Telephone: (415) 591-1000 |
| [Additional counsel on signature page] | jparsigian@winston.com |
| | |
| | *Class Counsel for Plaintiffs* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**PLAINTIFFS' OPPOSITION TO MENKE-WEIDENBACH OBJECTORS' MOTION TO EXTEND TIME FOR FILING OF MOTION FOR ATTORNEYS' FEES**<br><br>Judge: Hon. Claudia Wilken |

-i-

# GLOSSARY OF TERMS

| Term | Full Title |
|---|---|
| Berman Decl. | Declaration of Steve W. Berman in Support of Plaintiffs' Opposition to Menke-Weidenbach Objectors' Motion to Extend Time for Filing of Motion for Attorneys' Fees, filed concurrently herewith |
| Mot. | Menke-Weidenbach Objectors' Notice of Motion and Motion to Extend Time for Filing of Motion for Attorneys' Fees, filed June 25, 2025, ECF No. 987 |

## I.  INTRODUCTION

The Menke-Weindenbach ("Menke") Objectors concede that for their requested relief to be granted, this Court must hold that their neglect was "excusable." Yet, the Menke Objectors do not provide even a colorable argument as to why it was excusable for them to miss the unambiguous 14-day post-judgment statutory deadline to file a fee motion. Their counsel says that the three experienced firms with over a dozen lawyers appearing for these objectors simply assumed, apparently without conducting any legal research, that fees are "usually addressed following resolution of appeals of a settlement." They do not allege the rules are ambiguous, that there was a calendaring mistake, or that there were *any other* extenuating circumstances. Under controlling law, this inexcusable neglect based on "ignorance of the rules" strongly supports denying the motion on this basis alone.

Moreover, granting the requested relief would prejudice the Settlement Classes and disrupt the orderly proceeding of this case. The Menke Objectors remarkably request that their (missed) deadline be extended not for a short period, but to *after* resolution of appeals of the settlement, which would mean that even if the settlement were affirmed, the net settlement funds could not be distributed to the Settlement Classes at that time because, as this Court knows, allocations depend on the amount deducted for attorneys' fees. And the Menke Objectors, after the mandate had issued, could appeal the fee award. Thus, granting the requested relief could delay distribution of the settlement funds for many months or more than a year. The Menke Objectors' error does not warrant such extraordinary relief prejudicing the class. The Menke Objectors' alternative request to extend their deadline by five-and-a-half weeks from the rule-imposed deadline they neglected would lead to further contested briefing, time for a subsequent order, and a likely appeal that would also delay the case's resolution and prejudice class members, some of whom have been waiting to recover for injuries suffered in 2016. None of this is justified by counsel's inexcusable neglect.

## II.  ARGUMENT

Under the Federal Rules, "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of *excusable neglect*." Fed R. Civ. P. 6(b)(1)(B) (emphasis added). The

1  Menke Objectors missed the 14-day statutory deadline to file a fee motion following entry of this
2  Court's judgment. Fed. R. Civ. P. 23(h), 54(d)(2)(b)(i). The parties agree that determining whether
3  that neglect is "excusable" is governed by the standard set forth in the Supreme Court's decision in
4  *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

5        The *Pioneer* decision held that to assess whether a movant's neglect is excusable courts
6  may consider, *inter alia*, (1) the danger of prejudice to the non-movant; (2) the potential impact on
7  judicial proceedings of the delay caused by the relief requested; (3) the reason for the delay,
8  including whether it was within the reasonable control of the movant; and (4) whether the movant
9  acted in good faith. *Id.* at 395. The Supreme Court emphasized, however, that "inadvertence,
10 ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable'
11 neglect." *Id.* at 392. The Court also explained that clients must be "held accountable for the acts
12 and omissions of their chosen counsel." *Id.* at 396. Examination of these considerations and
13 relevant cases in the Ninth Circuit applying the *Pioneer* standard to similar facts demonstrates that
14 the Menke Objectors have not met their burden to show that their neglect was excusable.

15 **A.    Granting Menke's Requested Relief Would Be Prejudicial to the Settlement Classes**

16       Although they missed the 14-day post-judgment deadline to file a fee motion, the Objectors
17 extraordinarily request that this Court grant "an extension of the deadline to seek attorneys' fees'
18 to 30 days following the issuance of the last mandate issued in any appeal from this action." Mot.
19 at 1. Granting this unprecedented request would likely cause substantial prejudice to the Classes.

20       Rather than make a humble request after committing their error, they propose filing their
21 motion 30 days after resolution of any appeal, starting a new round of litigation that will no doubt
22 involve contested briefing, time for this Court to decide the motion, and then potentially subsequent
23 appeals. This could lead to months or years of further delay for class members to receive their
24 settlement distributions, causing substantial prejudice. *First*, as this Court knows, calculating how
25 the settlement funds will be distributed to the Settlement Damages Classes is subject to a carefully
26 calibrated formula devised by Dr. Daniel Rascher that is dependent on the size of the Net Settlement
27 Fund, which must account for, *inter alia*, the specific amount of funds allocated to attorneys' fees
28 and costs awarded. ECF No. 978 at 9-11. If the Menke Objectors' relief is granted, Plaintiffs will

not be able to determine the allocation of funds to class members if this Court's decision is affirmed on appeal until the Menke fee request is resolved after the mandate, and thus Plaintiffs will be precluded at that time from distributing the billions in funds class members have been waiting on for years (for injuries suffered as far back as 2016). And even if fees are not awarded and deducted from the fund, appeals from that decision could still prevent distribution until they were resolved.

*Second*, granting Objectors request would prejudice class members by not allowing the settlement appeal to be adjudicated with the parties' positions on the settlement's benefits to be presented to the Court. If the Menke Objectors had followed the rules and filed their fee motion within fourteen days of the judgment, they would have been compelled to discuss the benefits of the settlement and how they believe their work helped create those benefits. Then, if they chose to appeal, they would have had to reconcile these positions with any challenges to the settlement on appeal. As they structure the process to file post-mandate, they could attack the settlement without telling any court that they would later, when seeking fees, extoll its virtues. Thus, there was nothing "shocking" about asking the Menke Objectors if they intended to appeal. Class Counsel wanted to know if they intended to attack the settlement before the Ninth Circuit only to later laud it before this Court in an effort to obtain fees. The procedures laid out by the federal rules do not allow objectors to engage in this gamesmanship, which is an independent reason to deny relief.

*Third*, the Menke Objectors' alternative request that they be permitted to file their fee motion by July 28—five and a half weeks after it was due on June 20—also would cause prejudicial delay to class members. Because all matters before this Court have been fully submitted (only Class Counsel's fee motion is pending), and no other objectors filed fee motions, if Objectors' request is granted, it would lead to contested briefing and a subsequent order that would likely cause substantial delay in resolving appeals necessary to finalize this case and distribute funds.[1]

**B.    The Menke Objectors' Requested Relief Would Negatively Impact the Proceedings and Cause Harmful Delay to Class Members**

In addressing this consideration, the Menke Objectors argue that their requested "extension

---

[1] Although irrelevant to this consideration, the Menke Objectors are wrong that they are certain to obtain attorneys' fees if requested, given that their Title IX and roster limits' objections are duplicative of ones submitted by others and were maintained until the order approving the settlement, with the Court ultimately overruling the objections. *See* ECF No. 978 at 49-53, 63-64.

-3-

of time to file a motion for fees will not delay the remaining proceedings in this case." Mot. at 4. Not true. As explained in the section above, granting the requested relief could substantially delay resolution of these proceedings. And if this Court grants the Menke Objectors' request to file their fee motion *after* resolution of the appeal of the settlement, it will disrupt the orderly presentation of their views, in a manner inconsistent with the federal rules and may cause years of delay.

C.   **The Reasons Offered for Objectors' Delay Do Not Show Excusable Neglect**

The Menke attorneys provide no reason for their failure to abide by the statutory deadline other than ignorance of the law, claiming they were focused on the thirty-day notice of appeal deadline and thought (apparently without legal research) that fees are "usually addressed following resolution of appeals of a settlement." *Id.* at 2-3. Counsel does not claim the rules are unclear, there was a calendaring mistake, or there were any other extenuating circumstances. And as the signature block on their motion shows, Objectors are represented by three different law firms (there are ten attorneys on the signature blocks), including attorneys highly experienced in class action litigation. Objectors say they were "diligently" focused on appeal during the 30-day notice of appeal period (*Id.* at 2), but the only thing required during this period is filing a simple notice of appeal form.

D.   **Menke Objectors' Claim of a Lack of Bad Faith Is Wrong – There is Bad Faith**

Plaintiffs assert that the Objectors acted in bad faith. It is one thing to ask for a short time to file, it's another to ask to file after the mandate without reason or authority. Subjecting the Class to another round of post-mandate appeals on the fee issue is detrimental to the class and there is no offer of any good faith basis for this request. By contrast, contrary to their claims (Mot. at 5), Class Counsel's position that it might not oppose a late-filed fee motion if these objectors did not appeal was reasonably based on promoting class members' interests in the timeliest possible resolution of challenges to the settlement, so they can receive the recovery they so greatly deserve. *See* Berman Decl., ¶ 4 (filed concurrently herewith).

E.   **Cases Applying *Pioneer* Show That the Requested Relief Should Be Denied**

With these facts in mind, applicable case law shows the Menke Objectors' request should be denied. In *Comm. For Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824 (9th Cir. 1996), a case with very similar facts, the Ninth Circuit applied *Pioneer* and affirmed the district court's decision to deny a late request to extend the Rule 54 post-judgment 14-day deadline to file a fee motion,

-4-

because the request, like here, was based on counsel's ignorance of the same unambiguous rules, which did not constitute excusable neglect. *Id.* at 824-25. The Ninth Circuit held, under these facts, that it was unnecessary for the district court to explicitly discuss all of the other *Pioneer* factors. *Id.*

Subsequent district court decisions confirm this is the right outcome here. In *In re Rebel Rents, Inc.*, 326 B.R. 792 (Bankr. C.D. Cal. 2005), the court analyzed in detail the *Pioneer* factors and Ninth Circuit cases applying them, including the one case cited by the Menke Objectors, *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000). The court in *Rebel Rents* held that an attorney did not show "excusable neglect" in missing a deadline because it was "undisputed" that the "sole reason" for the delay was the "admitted negligence" of "experience[d]" counsel that was "squarely within his control," and not "due to ill health or disability, a delay in the mail, a miscommunication or failure to communicate with his client, a misguided instruction from a court clerk or judicial officer, . . . a 'dramatic ambiguity' between relevant procedural rules[, or] an aberration in an otherwise fail-safe calendaring system." *Rebel Rents*, 326 B.R. at 805-06. These facts are on all fours with those present here. The *Rebel Rents* court held that the attorneys' neglect was not excusable even though there was no evidence of bad faith and an "[a]bsence of prejudice" to the non-moving party. *Id.* at 806. *See also Toshiba Am. Info. Sys., Inc. v. New England Tech., Inc.*, 2007 WL 8089815, at *1-3 & n.2 (C.D. Cal. Nov. 14, 2007) (rejecting post-judgment fee request filed one day late without showing of excusable neglect).

These cases show that the neglect by Menke counsel was not excusable. The facts are even stronger here because granting the requested relief poses a serious danger of prejudice to the Classes and could have a disruptive impact on the proceedings in this case. The sole case relied on by Menke, *Bateman*, is also clearly distinguishable. There, the court found excusable neglect by an attorney who missed a deadline because he was out of the country, in Nigeria, dealing with a family emergency, and was then deemed to have missed a summary judgment deadline, with judgment subsequently entered against his client. *See Bateman*, 231 F.3d at 1222-25. That is not like this case where there were no extenuating circumstances excusing counsel's neglect.

### III.    CONCLUSION

Plaintiffs respectfully submit that the Motion should be denied in its entirety.

| | |
|---|---|
| DATED: June 30, 2025 | Respectfully submitted, |
| By *s/ Steve W. Berman* | By *s/ Jeffrey L. Kessler* |
| Steve W. Berman (*pro hac vice*) | Jeffrey L. Kessler (*pro hac vice*) |
| Emilee N. Sisco (*pro hac vice*) | David G. Feher (*pro hac vice*) |
| Stephanie Verdoia (*pro hac vice*) | David L. Greenspan (*pro hac vice*) |
| Meredith Simons (SBN 320229) | Adam I. Dale (*pro hac vice*) |
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | Sarah L. Viebrock (*pro hac vice*) |
| 1301 Second Avenue, Suite 2000 | Neha Vyas (*pro hac vice*) |
| Seattle, WA 98101 | **WINSTON & STRAWN LLP** |
| Telephone: (206) 623-7292 | 200 Park Avenue |
| Facsimile: (206) 623-0594 | New York, NY 10166-4193 |
| steve@hbsslaw.com | Telephone: (212) 294-6700 |
| emilees@hbsslaw.com | Facsimile: (212) 294-4700 |
| stephaniev@hbsslaw.com | jkessler@winston.com |
| merediths@hbsslaw.com | dfeher@winston.com |
| | dgreenspan@winston.com |
| Benjamin J. Siegel (SBN 256260) | aidale@winston.com |
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | sviebrock@winston.com |
| 715 Hearst Avenue, Suite 300 | nvyas@winston.com |
| Berkeley, CA 94710 | |
| Telephone: (510) 725-3000 | Jeanifer E. Parsigian (SBN 289001) |
| Facsimile: (510) 725-3001 | **WINSTON & STRAWN LLP** |
| bens@hbsslaw.com | 101 California Street, 21st Floor |
| | San Francisco, CA 94111 |
| Jeffrey L. Kodroff (*pro hac vice*) | Telephone: (415) 591-1000 |
| Eugene A. Spector (*pro hac vice*) | Facsimile: (415) 591-1400 |
| **SPECTOR ROSEMAN & KODROFF, PC** | jparsigian@winston.com |
| 2001 Market Street, Suite 3420 | |
| Philadelphia, PA 19103 | *Class Counsel for Plaintiffs* |
| Telephone: (215) 496-0300 | |
| Facsimile: (215) 496-6611 | |
| jkodroff@srkattorneys.com | |
| espector@srkattorneys.com | |
| | |
| *Class Counsel for Plaintiffs* | |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

By: */s/ Steve W. Berman*
STEVE W. BERMAN