

Molly C. Dwyer
Clerk of Court

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

**FILED**

JUL 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## DOCKETING NOTICE

| | |
|---|---|
| Docket Number: | 25-4218 |
| Originating Case Number: | 4:20-cv-03919-CW |
| Short Title: | House, et al. v. National Collegiate Athletic Association, et al. |

Dear Appellant/Counsel

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case.

Motions filed along with the notice of appeal in the district court are not automatically transferred to this court for filing. Any motions seeking relief from this court must be separately filed in this court's docket.

Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

You must file a Disclosure Statement (Form 34) within 14 days of this notice if your case: (1) involves a non-governmental corporation, association, joint venture, partnership, limited liability company, or similar entity; (2) is a bankruptcy case; (3) is a criminal case involving an organizational victim; or (4) involves review of state court proceedings. See Ninth Circuit Rule 26-1.1.

**Failure of the appellant to comply with the time schedule order may result in dismissal of the appeal.**

**Please read the enclosed materials carefully.**

Case 4:20-cv-03919-CW   Document 1000   Filed 07/09/25   Page 2 of 4



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

# TIME SCHEDULE ORDER

Docket Number:           25-4218
Originating Case Number: 4:20-cv-03919-CW

Case Title:              House, et al. v. National Collegiate Athletic Association, et al.

**Monday, July 14, 2025**
K. Braeden Anderson                         Mediation Questionnaire due
Thomas Castellanos                          Mediation Questionnaire due

**Monday, July 21, 2025**
K. Braeden Anderson                         Appeal Transcript Order Due
Thomas Castellanos                          Appeal Transcript Order Due

**Wednesday, August 20, 2025**
K. Braeden Anderson                         Appeal Transcript Due
Thomas Castellanos                          Appeal Transcript Due

**Monday, September 29, 2025**
K. Braeden Anderson                         Appeal Opening Brief Due
Thomas Castellanos                          Appeal Opening Brief Due

**Wednesday, October 29, 2025**
DeWayne Carter                              Appeal Answering Brief Due
Nya Harrison                                Appeal Answering Brief Due
Nicholas Solomon                            Appeal Answering Brief Due

| | |
|---|---|
| Grant House | Appeal Answering Brief Due |
| Sedona Prince | Appeal Answering Brief Due |
| National Collegiate Athletic Association | Appeal Answering Brief Due |
| Pac-12 Conference | Appeal Answering Brief Due |
| The Big Ten Conference, Inc. | Appeal Answering Brief Due |
| The Big Twelve Conference, Inc. | Appeal Answering Brief Due |
| Southeastern Conference | Appeal Answering Brief Due |
| Atlantic Coast Conference | Appeal Answering Brief Due |

If there were reported hearings, the parties shall designate and, if necessary, cross-designate the transcripts pursuant to 9th Cir. R. 10-3. If there were no reported hearings, the transcript deadlines do not apply.

The optional reply may be filed within 21 days of service of the answering brief.  See Fed. R. App. P. 31 and 9th Cir. R. 31-2.1.

**Failure of the appellant to comply with the time schedule order may result in automatic dismissal of the appeal.  See 9th Cir. R. 42-1.**