IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COLLEGE ATHLETE NIL LITIGATION | Case No. 20-cv-03919 CW<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**<br><br>(Re: Dkt. No. 583) |

On June 6, 2025, the Court granted Plaintiffs' motion for final approval of the Fourth Amended Stipulation and Settlement Agreement (SA), and ordered the entry of the Second Amended Injunctive Relief Settlement (hereinafter, IRS) pursuant to its terms. *See* Docket Nos. 978, 979. Now before the Court is Plaintiffs' motion for attorneys' fees, costs, and service awards. Docket No. 583. The motion is unopposed.[1] For the reasons set forth below, the Court GRANTS the motion.

**I.   Attorneys' Fees**

Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees . . . that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

---

[1] Some objectors who opposed Plaintiffs' motion for final approval of the SA argued that the fees that Class Counsel request in the present motion are indicative of a conflict. *See* Docket No. 978 at 70-76. The Court rejected those arguments in its opinion in support of its order granting final approval of the SA. *See id.* Those arguments have no bearing on the question of whether the fees, costs, and service awards requested in the present motion are fair and reasonable.

"District courts must ensure that attorneys' fees awards in class action cases are reasonable." *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 992 (9th Cir. 2023) (citation omitted). "When evaluating reasonableness, a district court must mainly consider the benefit that class counsel obtained for the class." *Id.* (citation omitted). "It must also provide an adequate explanation for a fee award to facilitate appellate review, detailing how it weighed the various competing considerations supporting the award." *Id.* (citation and internal quotation marks omitted). "In particular, district courts awarding fees must expressly consider the value that the settlement provided to the class, including the value of nonmonetary relief, and explain how that justifies the fee award." *Id.* (citation omitted).

Here, for the damages aspect of the SA, Class Counsel request 20% of the $1.976 billion NIL Claims Settlement Fund (or $395.2 million in fees) and 10% of the $600 million Additional Compensation Settlement Fund (or $60 million in fees). The Court finds that the fees just described are fair and reasonable, because each of them represents a percentage of the fund from which it will be paid that is well below the 25% benchmark in the Ninth Circuit. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) ("Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%."). The reasonableness of the fees at issue is confirmed by the fact that such fees are commensurate with the extraordinary results that Class Counsel achieved for settlement class members, the risks and costs of continued litigation, the skill and experience of Class Counsel, and the fact that Class Counsel committed substantial resources on a contingency basis for the benefit of settlement class members. The Court discussed these factors at length in its opinion in support of its order granting final approval of the SA and incorporates that discussion here by reference.[2] *See, e.g.*, Docket No. 978 at 4, 29-32.

---

[2] The Court declines to conduct a lodestar cross-check for any of the fees requested by Class Counsel because doing so is not necessary to confirm the reasonableness of such fees. The Court has confirmed the reasonableness of the fees requested by considering the factors discussed above, which include the results that Class Counsel achieved for settlement class members and the risks and costs of continued litigation. *See Farrell v. Bank of Am. Corp., N.A.*, 827 F. App'x 628, 630 (9th Cir. 2020) (noting that "[t]his Court has consistently refused to adopt a crosscheck requirement, and we do so once more," and holding that the district court did not abuse its discretion by failing to conduct a lodestar cross-check because it confirmed the reasonableness of

2

For the injunctive aspect of the SA, Class Counsel request the right to apply to the Court or the Special Master each academic year that the IRS is in effect for an award of a percentage of the total amount that Division I institutions spend on Division I student-athlete benefits and compensation per year under the Pool, with that percentage ranging from .75% to 1.25%. They also request a $20 million upfront injunctive fee that will be paid by Defendants once the judgment in this action becomes final. The Court finds that it is reasonable to permit Class Counsel to apply each year for .75% to 1.25% of the amounts that Division I institutions spend on Division I student-athlete benefits and compensation under the Pool, and to receive a $20 million upfront injunctive fee from Defendants, because such fees will represent a very small percentage of the amounts that Division I institutions are expected to spend on student-athlete compensation and benefits under the Pool. The amounts that Division I institutions spend on student-athlete benefits and compensation under the Pool represent *some* of the value of the injunctive relief that Class Counsel secured for members of the Injunctive Relief Class.[3] Plaintiffs' economics expert, Dr. Daniel Rascher, estimates that Division I institutions' yearly expenditures on Division I student-athlete benefits and compensation under the Pool will be at least $1.6 billion for the first year that the IRS is in effect and will exceed $19 billion over the ten-year term of the IRS. *See* Rascher Decl. ¶ 85 & Ex. 25. The percentage in fees that Class Counsel will be able to apply for each year based on amounts that Division I institutions spend on student-athlete benefits and compensation under the Pool will never exceed 1.25% of those expenditures, which is a percentage that is far below the 25% benchmark in the Ninth Circuit. *See In re Online DVD-Rental*, 779 F.3d at 949. The $20 million upfront injunctive fee represents less than 1% of the $19 billion that Division I institutions are expected to spend on Division I student-athlete benefits and

---

the requested fees by considering factors that included the results that class counsel achieved for the class and the risks and burdens of the litigation).

[3] As discussed in the Court's opinion in support of its order granting final approval of the SA, the injunctive relief that Class Counsel achieved for members of the Injunctive Relief Class will provide those class members with benefits that go beyond the amounts that Division I institutions will spend on Division I student-athlete benefits and compensation under the Pool during the ten-year term of the IRS. Other benefits include the elimination of NCAA scholarship limits and new protections for student-athletes in the context of third-party NIL payments. *See, e.g.*, Docket No. 978 at 31.

3

compensation under the Pool over the ten-year term of the IRS, a percentage that is also well below the 25% benchmark. The reasonableness of the fees in question is confirmed by the fact that such fees are commensurate with the extraordinary results that Class Counsel achieved for settlement class members, the risks and costs of continued litigation, the skill and experience of Class Counsel, and the fact that Class Counsel committed substantial resources on a contingency basis for the benefit of settlement class members. The Court discussed these factors at length in its opinion in support of its order granting final approval of the SA and incorporates that discussion here by reference. *See, e.g.*, Docket No. 978 at 4, 29-32. Further supporting the reasonableness of the $20 million upfront injunctive fee is the fact that it will be paid by Defendants and will not be deducted from any amounts that would otherwise go to settlement class members.

Finally, Class Counsel request the right to apply to the Court or the Special Master for an award of fees and costs incurred for work in monitoring and enforcing compliance with the IRS. The Court finds that allowing Class Counsel to apply each year for fees and costs they incur in monitoring and enforcing the IRS is appropriate for two reasons. First, the Court or the Special Master will have the opportunity to consider the reasonableness of each request when made. Second, any fees and costs awarded will be paid by Defendants and will not be deducted from any amounts that would otherwise go to settlement class members.

In light of the foregoing, the Court GRANTS Plaintiffs' request for attorneys' fees. The Court awards Class Counsel fees in the amount of 20% of the NIL Claims Settlement Fund (or $395.2 million), 10% of the Additional Compensation Settlement Fund (or $60 million), and an upfront injunctive fee award of $20 million. The Court permits Class Counsel to apply to the Court or the Special Master pursuant to the terms of the SA for a percentage of amounts that Division I institutions spend on Division I student-athlete benefits and compensation under the Pool each year (with the percentage ranging from .75% to 1.25%), and for an award of fees and costs they incur in monitoring and enforcing the IRS.

## II. Costs

Class Counsel may seek reimbursement of reasonable out-of-pocket expenses. *See* Fed. R. Civ. P. 23(h); *see also Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that class counsel may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

Here, Class Counsel request reimbursement of their expenses in the amount of $9,081,356.70, which they represent were reasonably incurred and necessary for the litigation of the case.

The Court has reviewed Class Counsel's submissions and finds that the costs they incurred are of the type that attorneys working on a non-contingency basis bill to paying clients. Class Counsel incurred those costs on experts, document collection and review, mediation services, travel expenses, research, court filing fees, transcripts, and court reporters. *See* Berman Decl. ¶¶ 44-63 & Ex. 3-5; Kessler Decl., Ex. B. Accordingly, the Court finds that Class Counsel's request for an award of $9,081,356.70 in costs is reasonable and fair. The Court GRANTS Class Counsel's request for costs in the amount of $9,081,356.70.

## III. Service Awards

Service awards "are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009).

Class Counsel request service awards for the Class Representatives in the following amounts: $125,000 each for Grant House, Sedona Prince, and Tymir Oliver; $10,000 each for DeWayne Carter and Nya Harrison; and $5,000 for Nicholas Solomon.

The record shows that each of the Class Representatives contributed meaningfully to this litigation. Each spent significant time on tasks that assisted Class Counsel in prosecuting this action, such reviewing pleadings, briefs, and materials related to the SA, and assisting with responses to discovery requests. *See* Berman Decl. ¶¶ 71-80; House Decl. ¶¶ 1-9; Prince Decl.

5

¶¶ 1-9; Oliver Decl. ¶¶ 1-7; Carter Decl. ¶¶ 1-8; Harrison Decl. ¶¶ 1-8; Solomon Decl. ¶¶ 1-8. Additionally, each of the Class Representatives exposed themselves to significant reputational risk given the high degree of publicity that this litigation has received. Accordingly, the Court finds that the requested service awards are fair and reasonable.

The Court GRANTS Class Counsel's request for service awards of $125,000 for Grant House, Sedona Prince, and Tymir Oliver; $10,000 for Dewayne Carter and Nya Harrison; and $5,000 for Nicholas Solomon.

IT IS SO ORDERED.

Dated: July 11, 2025

CLAUDIA WILKEN
United States District Judge