IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE: COLLEGE ATHLETE NIL LITIGATION | Case No. 20-cv-03919 CW<br><br>**ORDER DENYING MOTION TO EXTEND THE DEADLINE TO FILE A POST-JUDGMENT MOTION FOR ATTORNEYS' FEES**<br><br>(Re: Dkt. No. 987) |
|---|---|

Now before the Court is a motion filed by the Menke-Weidenbach Objectors for an extension of the deadline to file a post-judgment motion for attorneys' fees, which expired fourteen days after the entry of judgment, or June 20, 2025. *See* Docket No. 987. They request that the Court extend that deadline to thirty days following the issuance of the mandate on the pending appeals or, alternatively, to July 28, 2025. *See id.* Plaintiffs oppose the motion. *See* Docket No. 989.

The Court may extend a deadline that has already expired if the party moving for an extension "failed to act because of excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). To determine whether neglect is excusable, the Court must consider (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 392 (1993)). These are referred to as the *Pioneer* factors. *See id.*

Here, the Menke-Weidenbach Objectors have not met their burden to show that their failure to file a post-judgment motion for attorneys' fees by the June 20, 2025, deadline was due to excusable neglect. The reason they have advanced for their failure to meet that deadline was that their counsel "inadvertently overlooked the fee-motion deadline" and that they believed that "the issue of fees is usually addressed following the resolution of appeals of a settlement." *See* Docket No. 987 at 7. However, a mistaken interpretation or ignorance of the applicable rules does not constitute excusable neglect. *See Yost*, 92 F.3d at 825 (holding that, "under Ninth Circuit precedent," the misinterpretation or ignorance of a rule does not "constitute excusable neglect") (citations omitted). This requires that the Court deny the Menke-Weidenbach Objectors' motion.[1] *See id.* (holding that, where a movant's failure to meet a deadline was due to his misinterpretation or ignorance of a rule, the district court was required to deny his motion to extend that deadline without considering the remaining *Pioneer* factors). *See id.*

The Menke-Weidenbach Objectors' motion to extend the deadline to file a post-judgment motion for attorneys' fees is DENIED.

IT IS SO ORDERED.

Dated: July 11, 2025

CLAUDIA WILKEN
United States District Judge

---

[1] The Court would deny the motion for the additional reason that extending the deadline to file a post-judgment motion for attorneys' fees could delay the resolution of pending appeals. Any such delay would, in turn, prejudice Plaintiffs and settlement class members, because it would delay the distribution of settlement funds to settlement class members who are eligible to receive them under the terms of the settlement agreement.