## IN RE: COLLEGE ATHLETE NIL LITIGATION
## CASE NO. 4:20-CV-03919
## NORTHERN DISTRICT OF CALIFORNIA

### NOTICE OF YOUR RIGHT TO OBJECT

The NCAA and the ACC, the Big Ten Conference, the Big 12 Conference, the Pac-12 Conference, and the SEC (Defendants) have entered into a settlement agreement (Fourth Amended Stipulation and Settlement Agreement), which was approved by the United States District Court for the Northern District of California on June 6, 2025, in *In re: College Athlete NIL Litigation*, Case Number 4:20-cv-03919 (hereinafter, the Settlement Agreement). The Settlement Agreement resolves an antitrust class action lawsuit brought against Defendants on behalf of various classes of current and former Division I student-athletes. That lawsuit alleged that Defendants broke the law by agreeing not to pay college athletes for their participation in college sports or for the use of their NIL (Name, Image, and Likeness), and limiting scholarships available to college athletes. Defendants deny that they did anything wrong. More information about the Settlement Agreement, this litigation, and the Court's orders can be found at www.collegeathletecompensation.com or at the Court's PACER site at https://ecf.cand.uscourts.gov.

The Settlement Agreement provides, in relevant part, injunctive relief (hereinafter, Second Amended Injunctive Relief Settlement or IRS) for members of the Injunctive Relief Settlement Class. That class includes all student-athletes who compete on, competed on, or will compete on a Division I athletic team at any time between June 15, 2020, through the end of the Injunctive Relief Settlement Term, which is ten years from the date on which the settlement agreement was approved (or June 2035).[1]

The IRS, which went into effect on June 6, 2025, permits Defendants to change NCAA and conference rules relating to participation in Division I college sports for certain schools that choose to participate in the IRS as described in more detail below. A list of schools that will participate in the IRS can be found at www.collegesportscommission.org.

If you are receiving this Notice, your rights may be affected by the IRS because you may be a member of the Injunctive Relief Settlement Class (described above). The Court has directed the parties to provide this notice about the Settlement Agreement and IRS so that incoming members of the Injunctive Relief Settlement Class have the opportunity to express their disagreement with the IRS, and/or the Settlement Agreement's terms that relate to the IRS.

**If you have not previously participated in Division I athletics, you may be an incoming member of the Injunctive Relief Settlement Class and you may have the right to object to the IRS and Settlement Agreement as such. If you wish to object, you must do so within 60 days of receiving this Notice (or by September 22, 2025). Details about how to object are included below. If you do not object, you will, within**

---

[1] Excluded from this class are the officers, directors, and employees of Defendants, and judicial officers presiding over this action and their immediate family members and staff.

**60 days of receiving this notice, release any legal claims you may have to seek an injunction or declaratory relief to challenge the IRS or its continuation through June 2035.**

If you object, you will not release any injunctive relief and declaratory relief claims to challenge the IRS or arising out of the provisions of the IRS until after the Court considers your objection. Any objection or challenge to the IRS must be filed in the United States District Court for the Northern District of California according to the requirements described below.

Regardless of whether you object, you cannot opt out of the IRS and you will not release damages claims against Defendants arising out of the provisions of the IRS.

This year, the Court has scheduled a hearing for November 6, 2025, at 1:30 p.m., to consider any objections or challenges to the IRS by incoming members of the Injunctive Relief Settlement Class. The date of the hearing may change without further notice. You should check the Court's PACER site at https://ecf.cand.uscourts.gov to confirm that the date has not changed.

The hearing will be held in person at Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612. The hearing also will be held remotely. Instructions for remote access will be available on the Court's PACER site at https://ecf.cand.uscourts.gov and at www.collegeathletecompensation.com.

You don't have to attend the hearing, but you may do so at your own expense. You may also ask the Court for permission to speak at the hearing and express your opinion about the IRS. If you wish to speak at the hearing, you must file a written objection that states that you would like to speak at the hearing. More information about how to file an objection is below.

**You have the right to review this document, the Settlement Agreement, and the IRS with an attorney of your choice. If you are under the age of majority in your home state (often 18), you must review this document with a parent or guardian.**

Please closely review the summary of how the IRS may impact your rights as a Division I college athlete in Section I below, and the process for you to object, if you choose, in Section II. A copy of the IRS and the Settlement Agreement can be found on the Court's PACER site or at www.collegeathletecompensation.com.

### I. WHAT DOES THE INJUNCTIVE RELIEF SETTLEMENT ALLOW AT PARTICIPATING SCHOOLS?

<u>Benefits From Participating Schools</u>

- Participating schools may choose under the IRS to share certain athletic department revenues up to a yearly cap (currently set as 22% of the average athletically-related revenues of institutions in the Defendant Conferences) with Division I athletes at their institution. This may include payments from the school for NIL, awards for academic achievement, athletic scholarships that were not previously available, and other new benefits.

- Participating schools may enter into an exclusive or non-exclusive license and/or endorsement agreement with you for your NIL, including for an institutional brand promotion.

- Participating schools may not enter into an NIL agreement with you that extends beyond your eligibility to participate in NCAA athletics.  If you enter into an NIL agreement with a participating school, the school may continue to use NIL content created while you are at the school after your eligibility has expired to promote the school, conference or NCAA, but cannot continue to use your NIL to sell goods and services without your agreement.  More details about these restrictions can be found in Article 2 of the IRS, available at www.collegeathletecompensation.com or the Court's PACER site.

- You have a right to have an attorney, guardian, or other competent representative assist you when reviewing potential contracts with a participating school.

- Under the IRS, student-athletes cannot challenge the rights of the Defendants, schools, and their license holders to telecast, broadcast, or otherwise distribute collegiate games and other competitive collegiate athletic events.  You likewise cannot challenge the use of your NIL to promote such events, the NCAA, a conference, or a school, but your NIL cannot be used without your permission to endorse a third-party brand, product or service.  More detail on these restrictions can be found in Article 8 of the IRS, available at www.collegeathletecompensation.com or the Court's PACER site.

- The number of years you are eligible for the above benefits may be limited to four years within a consecutive five-year period.

- You may be required to make progress towards a degree to be eligible to receive these benefits and compensation under the IRS.

- Participating schools may impose roster limits for each sport, set by the NCAA or by the applicable conference.  To see the number of current roster spots on each sport in your conference please visit: www.collegesportscommission.org.  You may also be eligible for your school to declare you a "Designated Student Athlete" who would not count toward roster limits for the duration of your eligibility.  Please visit www.collegeathletecompensation.com to confirm your status.

Compensation From Third Parties[2]

- You may obtain or continue to receive compensation for NIL agreements with third parties.  Payments from third parties do not count against the cap on payments from a participating school.

- You must report all third-party NIL payments with a total value of $600.00 or more to the College Sports Commission (titled the "Designated Reporting Entity" in the IRS).  For more information on this process at your school, ask your compliance department.

---

[2] "Third Parties" are entities or individuals that are not your school, or an organization owned, controlled, or operated by your school.

- Your school may facilitate the use of a marketing agent with respect to third-party NIL contracts, but you have a right to use the assistance of a parent, guardian, lawyer, or other competent representative in discussions regarding licenses and endorsements, unless you have waived that assistance in writing.  See Article 2 of the IRS for more details.

- The NCAA and conferences, collectively or individually, may continue to make rules related to third-party NIL transactions from Associated Entities or Individuals.[3]  Specifically, it may be required that transactions with Associated Entities or Individuals are for a valid business purpose related to the promotion or endorsement of goods or services provided to the general public for profit, with compensation at rates and terms commensurate with compensation paid to similarly situated individuals with comparable NIL value who are not current or prospective student-athletes at that school.

- The IRS permits the NCAA and conferences to enact rules that permit you to seek guidance from the College Sports Commission (titled the "Designated Reporting Entity" in the IRS) prior to entering into a proposed third-party NIL contract or agreement to determine if the College Sports Commission believes that the contract or agreement is in compliance with the NCAA rules regarding third-party NIL transactions.

- If the College Sports Commission determines that a NIL contract or agreement with an Associated Entity or Individual you have entered into violates NCAA or Conference rules, you have the right to contest any such decision (and related disciplinary action) by submitting the dispute to neutral arbitration.  You will not be charged any arbitration fees or expenses.  You have the right to be represented by a lawyer of your choosing in any such arbitration, at your own expense or your school may choose to pay this expense.  If you have any questions about your options concerning neutral arbitration, or the neutral arbitration process, you may contact Class Counsel (whose contact information is below), or visit www.collegeathletecompensation.com.

---

[3] "Associated Entities or Individuals" means (1) an entity that is or was known (or should have been known) to the athletics department staff of your school, to exist, in significant part for the purpose of (i) promoting or supporting a particular school's intercollegiate athletics program or college athletes; and/or (2) creating or identifying NIL opportunities solely for a particular school's college athletes; (2) an individual who is or was a member, employee, director, officer, or agent of an entity described above; (3) an individual who directly or indirectly (including contributions by an affiliated entity or family member) has contributed more than $50,000 over their lifetime to a particular school or to an entity described above; (4) an individual or entity that (i) has been directed or requested by a school's athletic department staff to assist in the recruitment or retention of prospective or current college athletes, or (ii) otherwise has assisted in the recruitment or retention of prospective or current college athletes; or (5) any entity owned, controlled, or operated by, or otherwise affiliated with the individuals or entities described above, other than a publicly traded corporation. If you have questions, please reach out to your compliance director of your athletics department, or Class Counsel (whose contact information is below), for further guidance.

<u>Your Rights Under the IRS</u>

- If you choose not to object to the IRS, you will, 60 days of receiving this notice, give up your rights to challenge the IRS or seek to change it in any way while it is in effect, as well as your right to sue Defendants for declaratory and injunctive relief in connection with the IRS.

- If you object to the IRS, you will not lose your right to challenge or to seek to change the IRS, or your right to sue Defendants for declaratory and injunctive relief in connection with the IRS, until your objection has been ruled upon by the Court.

- Regardless of whether you object to the IRS, you do not have the right to opt out of the IRS.

- Regardless of whether you object to the IRS, you will not release damages claims against Defendants that arise out of the terms of the IRS. For more information about the Settlement Agreement's release provisions, you can access a copy of the Settlement Agreement at www.collegeathletecompensation.com or at the Court's PACER site at https://ecf.cand.uscourts.gov.

- You have the right to have an attorney, guardian, and/or other competent representative assist you in reviewing the IRS and Settlement Agreement, in objecting to the IRS, in pursuing your rights under the IRS, or when reviewing prospective contracts subject to the IRS.

- All challenges to the IRS or to its implementation must be filed exclusively in *In re: College Athlete NIL Litigation*, Case No. 4:20-cv-03919.

- You are not giving up any right to collectively bargain by accepting benefits under the IRS. The existence of such rights has not been legally determined.

- If you have any concerns or questions regarding the monitoring or enforcement of the IRS, you may contact Class Counsel (their contact information is listed below).

## II.     PROCESS TO OBJECT

To submit an objection, please send a letter that is postmarked no later than September 22, 2025, stating the basis for your objection to the Court at the address below. You may also file your letter/objection electronically at https://ecf.cand.uscourts.gov, or in person at any U.S. District Court for the Northern District of California location, no later than September 22, 2025. Your objection must:

- **Include your full name, and address;**

- **Include your NCAA ECID number, if available;**

- **Include the case name and number (*In re: College Athlete NIL Litigation*, Case No. 4:20-cv-03919);**

- **Clearly state the reason(s) for your objection;**

- **State whether either you or your lawyer would like to speak at the hearing on November 6, 2025, at 1:30 p.m., and your lawyer's name (if you have one); and**

- **Include your signature.**

The Court may (but is not required to) permit you to speak at the hearing if you request to do so in your objection.

If you choose to mail your objection to the Court, it should be sent to:

Ronald V. Dellums Federal Building & United States Courthouse
c/o Class Action Clerk
1301 Clay Street
Oakland, CA 94612

You can object only if you have not previously participated in Division I athletics. Members of the Injunctive Relief Settlement Class who previously participated in Division I athletics received an opportunity to object to the IRS and Settlement Agreement before the Court approved the Settlement Agreement on June 6, 2025.

### III.   HOW TO GET MORE INFORMATION

To get a copy of the Settlement Agreement and IRS, or to get answers to other questions you may have:

- Contact Class Counsel (contact information is listed below);[4]

- Visit the case website at www.collegeathletecompensation.com;

- Access the Court Electronic Records (PACER) system online at https://ecf.cand.uscourts.gov or by visiting the Clerk's office of the Court (address below).

---

[4] In a class action lawsuit like this one, the court appoints class representatives and lawyers to work on the case and represent the interests of all class members.  For this settlement, the Court has appointed Steve Berman of Hagens Berman Sobol Shapiro LLP and Jeffrey Kessler of Winston & Strawn LLP.  These are the lawyers who negotiated the Settlement Agreement on your behalf, and they are paid through the

| Resource | Contact Information |
|---|---|
| **Settlement website** | www.collegeathletecompensation.com |
| **Settlement Administrator** | *House v. NCAA* Settlement Administrator<br>P.O. Box 301134<br>Los Angeles, CA 90030-1134<br>admin@collegeathletecompensation.com<br>1-877-514-1777 |
| **Your Lawyers (Class Counsel)** | Steve Berman<br>Ben Siegel<br>Emilee Sisco<br>Stephanie Verdoia<br>stephaniev@hbsslaw.com<br>(206)-268-9343<br>Hagens Berman Sobol Shapiro LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br><br>Jeffrey Kessler<br>David Greenspan<br>Jeanifer Parsigian<br>Neha Vyas<br>nvyas@winston.com<br>(212)-294-2658<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166-4193 |
| **Court** | U.S. District Court<br>Ronald V. Dellums Federal Building & United States Courthouse<br>1301 Clay Street<br>Oakland, CA 94612<br><br>HOURS: 9:00 a.m. to 4:00 p.m., Monday through Friday, excluding court holidays<br><br>PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT. |

---

terms of the Settlement Agreement.  If you want to be represented by your own lawyer, you may hire one at your own expense.