Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
Meredith Simons (SBN 320229)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
bens@hbsslaw.com

*Class Counsel for Plaintiffs*

[Additional counsel on signature page]

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
Neha Vyas (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com
nvyas@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
jparsigian@winston.com

*Class Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW |
| | **PLAINTIFFS' ADMINISTRATIVE MOTION FOR A PROSPECTIVE ORDER CONCERNING THIRD-PARTY CLAIMS BUYOUT SERVICES AND REQUEST FOR EXTENSION OF CLAIMS DEADLINE** |
| | Judge: Hon. Claudia Wilken |

## <u>REQUEST FOR ORDER CONCERNING THIRD-PARTY CLAIMS BUYOUT SERVICES</u>

Plaintiffs, by and through their undersigned counsel, respectfully seek judicial intervention and guidance to protect Class Members from misleading communications and proposed contracts from third parties regarding Class Members' settlement claims. Since final approval of the Settlement, Class Counsel has learned that a number of third parties are seeking to profit from the Settlement by offering to purchase Class Members' Settlement claims at a discount and that they will seek to directly receive Class Members' settlement payments from the administrator. Several of these third parties may have already entered into contracts with Class Members under which the Class Members have given up their rights to participate in the future settlement distributions that they are entitled to in exchange for a significantly discounted, lump-sum payment upfront.[1] Class Counsel has also become aware of important tax ramifications associated with payments made from the settlement fund that Class Members should be, but likely are not currently, aware of prior to entering into any such agreements.

Class Counsel retained Miller Kaplan Arase LLP ("MKA") to provide advice with respect to the tax characterization of payments made from the settlement fund and, in the context of their analysis, MKA concluded that many of the settlement payments are likely to be subject to tax liability. Class Members will have to pay the full tax liability for each distribution over the ten-year term of the Settlement, regardless of who ultimately receives the money. Further, the settlement administrator must issue the relevant tax form to the underlying claimant each year that they are entitled to a settlement payment.[2] In light of this information, Class Counsel are concerned that Class Members who enter contracts with third-party claims buyers may be unknowingly selling their claims for less money than they will ultimately owe in taxes or, at very least, less money overall than they believe they are contracting for, and that having settlement payments directed to

---

[1] It has not been feasible for Class Counsel to identify in this motion all of the specific third-party entities that may be offering these services or may offer such services in the future.

[2] Pursuant to IRC § 6041(a), the Settlement Administrator will issue tax forms to all claimants who receive $600 or more in a given year.

- 1 -

third parties, rather than the claimant, will make it impossible for the settlement administrator to issue the required annual tax forms to claimants.

Given these important tax ramifications and in the interest of full disclosure, Plaintiffs herein respectfully submit a proposed solution to require payments be made directly to Class members and to prevent Class Members from being misled and ensure they receive truthful and accurate information about the tax implications of their settlement claims. The proposal seeks to minimize possibilities for Class Member confusion while at the same time permitting third-party claims buyers to offer their services, if Class Members choose to accept them with fulsome information in hand. Accordingly, pursuant to the Court's inherent power to regulate class communications under Federal Rule of Civil Procedure 23(d), Plaintiffs request an Order that:

1. All third-party entities seeking to purchase Class Members' settlement claims be required to fully disclose the potential tax implications of the settlement distributions to Class Members prior to signing any contract related to the claims in this Settlement, including but not limited to, by prominently displaying the following disclosure in any solicitation or marketing materials, in any form, including on company websites, in mail and email solicitations, and in telephone and in-person solicitations, as well as in all agreements with Class Members:

### <u>WARNING ABOUT POTENTIAL TAX CONSEQUENCES</u>

You should seek advice from a registered tax preparer about your tax obligations for any payments that you are entitled to receive under the Settlement. However, the Court overseeing the Settlement has directed us to provide the following disclosure:

**YOU MAY BE REQUIRED TO PAY INCOME TAXES ON THE *FULL* AMOUNT OF THE PAYMENTS THAT YOU ARE ENTITLED TO UNDER THE SETTLEMENT EVEN THOUGH YOU WILL RECEIVE LESS THAN THAT FULL AMOUNT BY ENTERING INTO AN AGREEMENT WITH [COMPANY].**

Additional information about the potential tax consequences of selling your right to receive settlement payments can be found on the Settlement website at: [LINK TO FAQ WITH THIS INFO]

- 2 -

2.      Any third-party entity that has already entered into a contract with any Class Member to purchase their settlement claim shall be required to send, at their own expense, a corrective notice, which shall at minimum, include the disclosure provided in Paragraph 1 above, disclosing the potential tax implications to those Class Members to ensure that they understand the contract and were not misled by prior solicitations. Such disclosure to Class Members who have already entered into a contract to sell their settlement claim shall also include the following statement notifying Class Members of their right to void their contract:

> You have already entered into an agreement with [COMPANY]. You are permitted to cancel your agreement with [COMPANY] and keep your right to receive your full settlement payment by (1) sending a notice of cancellation to [INSERT PERSON TO BE NOTIFIED]; and (2) returning any money you have received from [COMPANY] by [INSERT OPTIONS FOR RETURNING MONEY]. You must send your notice of cancellation and return any money you received from [COMPANY] within 60 days of receiving this notice.

3.      Class Counsel and the Claims Administrator will continue to monitor third-party claims buying entities to ensure that they comply with any Order of the Court and will provide any such entities that contact Class Counsel or the Claims Administrator with this Order.

4.      Class Counsel shall update the settlement website with an FAQ regarding the potential tax implications of payments from third-party claims buying entities.

5.      In accordance with Section 50 of the Fourth Amended Stipulation and Settlement Agreement, Settlement payments may only be made directly to Class Members.

### REQUEST FOR EXTENSION OF CLAIMS DEADLINE

Plaintiffs also request that this Court grant an extension to allow additional time for class members to submit claims for recovery from the settlement funds. Previously, the Court extended the claims deadline from January 31, 2025 to May 16, 2025.[3] And, due to the extended final approval process, the Parties jointly agreed to allow extra time to submit claims until June 16, 2025. Since that time, several Objectors have appealed the settlement to the Ninth Circuit Court of

---

[3] *See* Op. Regarding Order Granting Mot. for Final Approval of Settlement Agreement (filed June 6, 2025, ECF No. 978) at 69.

- 3 -

Appeals.[4] Currently, the Ninth Circuit estimates that for a civil appeal, it takes approximately 9 months - 2 years from the notice of appeal until a decision is made.[5]

Because the distribution of the settlements seems likely to be delayed due to the pending appeals and in order to maximize the number of claims, Plaintiffs respectfully request that this Court extend the period for class members to submit claims up to and including October 1, 2025.

---

[4] Appeal Nos. 25-3772 (filed June 11, 2025), 25-3835 (filed June 16, 2025), 25-4137 (filed July 2, 2025), 25-4150 (filed July 2, 2025), 25-4190 (filed July 3, 2025), 25-4218 (filed July 7, 2025).

[5] Frequently Asked Questions, United States Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/content/faq.php (last visited June 30, 2025).

- 4 -

DATED: August 11, 2025

Respectfully submitted,

By */s/ Steve W. Berman*

Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
Meredith Simons (SBN 320229)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: ( 206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
bens@hbsslaw.com

Jeffrey L. Kodroff (*pro hac vice*)
Eugene A. Spector (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, PC
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile:  (215) 496-6611
jkodroff@srkattorneys.com
espector@srkattorneys.com

*Class Counsel for Plaintiffs*

By */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
Neha Vyas (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com
nvyas@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile:  (415) 591-1400
jparsigian@winston.com

*Class Counsel for Plaintiffs*

- 5 -

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

By: _/s/ Steve W. Berman_
STEVE W. BERMAN

- 6 -