UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANTWUNE LADON JENKINS, | Case No. 25-cv-06195-LB |
| Plaintiff, | (Related Case No. 20-cv-03919-CW) |
| v. | **SCREENING ORDER** |
| NCAA, | Re: ECF No. 1 |
| Defendant. | |

## INTRODUCTION AND STATEMENT

On July 23, 2025, plaintiff Antwune Ladon Jenkins, who is proceeding pro se and seeks to proceed in forma pauperis, petitioned — as the alleged successor in interest of his late son's estate — for inclusion in the class-action settlement resolving antitrust claims brought by Division I student-athletes against the National Collegiate Athletic Association (NCAA) and other conference defendants challenging rules that restrict or prohibit student-athlete compensation.[1] Mr. Jenkins's son was Ty-coreous Antwune Jordan, who played football for the University of Utah in 2020, receiving scholarships, breaking records, and winning numerous awards. Mr. Jordan died in Texas on December 25, 2020, from an accidental gunshot to his abdomen. His funeral in January 2021

---

[1] Pet. – ECF No. 1 at 1; *In re Coll. Athlete NIL Litig.*, No. 20-cv-03919-CW, 2025 WL 1675820, at *1–2 (N.D. Cal. June 6, 2025). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

1  was at the Dallas Cowboys Stadium. Mr. Jordan's mother died on August 10, 2020, leaving Mr.

2  Jenkins as the alleged sole successor in interest to his son's estate.[2]

3      The class-action settlement is in a related case.[3] *In re Coll. Athlete NIL Litig.*, No. 20-CV-

4  03919-CW. The court there approved the settlement preliminarily on October 7, 2024, authorizing a

5  notice plan and setting a January 31, 2025, deadline for claims, objections, and opting out.[4] The

6  parties agreed to accept late-filed claims up to May 16, 2025. *In re Coll. Athlete NIL Litig.*, No. 20-

7  CV-03919-CW, 2025 WL 1675820, at *41 (N.D. Cal. June 6, 2025). The class notice and claim

8  form are attached. The court approved the settlement in final orders issued on June 6, 2025.[5] Mr.

9  Jordan seemingly is a member of the class, and his estate may have a claim to the settlement funds.

10  *See id.* at *4–6. The petition in this case is silent about whether Mr. Jenkins has standing to pursue a

11  claim or made a claim. Any relief is available only through the claims process in the related case,

12  not through a separate petition like the one here. The court thus cannot authorize process.

13

14                                    **ANALYSIS**

15      The following sections discuss service of process, Mr. Jenkins's motion for counsel and the

16  court's resources for self-represented litigants, and standing and the claims process.

17

18  **1.  Service of Process**

19      Before a court can direct the U.S. Marshal to serve — under Fed. R. Civ. P. 4(c)(3) — the

20  complaint of a person proceeding in forma pauperis under 28 U.S.C. § 1915(a), the court must

21  determine whether the complaint is frivolous, malicious, fails to state a claim upon which relief may

22  be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

23  1915(e)(2)(B). The complaint here is not frivolous but Mr. Jenkins cannot state a claim for relief in

24

25  [2] Pet. – ECF No. 1 at 1–3.

26  [3] Order – ECF No. 6 (relating cases but not reassigning the case).

27  [4] Prelim. Approval Order, *In re Coll. Athlete NIL Litig.*, No. 20-cv-03919-CW – ECF No. 544 at 2, 7 (¶ 19); Class Notice & Claim Form, *id.* – ECF Nos. 544-1 to 544-5.

28  [5] *In re Coll. Athlete NIL Litig.*, 2025 WL 1675820, at *41; Order, *id.* – ECF No. 979; *see also* Order, *id.* – ECF No. 1001 (awarding attorney's fees and service awards).

1  this petition because his claim to settlement funds must be made in the related case. Mr. Jenkins

2  cannot collaterally attack the related case through this lawsuit. *Matsushita Elec. Indus. Co. v.*

3  *Epstein*, 516 U.S. 367, 371–87 (1996) (class-action settlement finality).

4

5  **2.  Motion for Counsel and Resources for Self-Represented Litigants**

6      Mr. Jenkins moved for counsel.[6] There is no constitutional right to counsel in civil cases.

7  *Lassiter v. Dep't of Soc. Servs. of Durham Cnty.*, 452 U.S. 18, 25–27 (1981); *United States v.*

8  *Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). Under 28 U.S.C. § 1915(e)(1), the court has the

9  discretion to appoint volunteer counsel for someone unable to afford counsel in a case involving

10 exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of

11 exceptional circumstances requires an evaluation of the likelihood of success on the merits and the

12 ability of the petitioner to articulate his claims pro se, considering the complexity of the legal

13 issues. *Id.*

14      In this case at least, there are not exceptional circumstances because Mr. Jenkins needs to

15 submit a claim in the related case, not pursue his claim in this case. The court attaches a notice

16 regarding the resources available to pro se litigants, including the Legal Help Center, and a copy

17 of the district's handbook for litigants representing themselves. Mr. Jenkins may make a phone

18 appointment and obtain basic advice that may be helpful at this stage.

19

20 **3.  Standing and the Claims Process**

21      As discussed above, Mr. Jordan's estate may have a claim. The applicable law may depend on

22 choice-of-law principles, such as the decedent's domicile at death. *See, e.g.*, *Fields v. Legacy Health*

23 *Sys.*, 413 F.3d 943, 950–53 (9th Cir. 2005) (applying most-significant-relationship test under

24 Restatement (Second) of Conflicts § 145 for conflicts between Washington and Oregon law).

25      If California law applied, only the executor of the decedent's estate has standing to pursue the

26 claims. That might be Mr. Jenkins as his deceased son's successor in interest or personal

27

28 [6] Mot. – ECF No. 3.

United States District Court
Northern District of California

1    representative, if he satisfies the requirements of California law. Cal. Civ. Proc. Code § 377.30;

2    *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) (citing Cal.

3    Civ. Proc. Code §§ 377.30, 377.32); *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998).[7] The

4    plaintiff must have standing and satisfy certain procedural requirements. *Byrd*, 137 F.3d at 1131;

5    *see* Cal. Civ. Proc. Code § 377.32; *Wishum v. California*, No. 14-CV-01491-JST, 2014 WL

6    3738067, at *2 (N.D. Cal. July 28, 2014).

7        But as discussed above, it is not certain that California law applies, given that Mr. Jordan died

8    in Texas and may have resided in Utah at the time of his death. *Fields*, 413 F.3d at 950–53; *see,*

9    *e.g.*, Texas Est. Code § 22.031 (successors).

10       This information may be helpful to Mr. Jenkins if he seeks advice from the Legal Help Center

11   or otherwise.

12                                    **CONCLUSION**

13       By September 8, 2025, Mr. Jenkins may file a supplement to his petition to show cause why his

14   petition should not be dismissed. The deficiencies in his complaint seemingly cannot be cured

15   because any relief is only through the claims process in the related case. If Mr. Jenkins agrees, then

16   he can file a one-page notice dismissing this petition in favor of any relief he has in the class-action

17   process. The court will file this order in the related case so that the parties there have notice of it.

18       **IT IS SO ORDERED.**

19       Dated: August 11, 2025

20                                                              _____

21                                                              LAUREL BEELER
                                                                United States Magistrate Judge
22

23

24

25

26

27   ─────────────────────
     [7] The California statue defines "decedent's successor in interest" as "the beneficiary of the decedent's
28   estate or other successor in interest who succeeds to a cause of action or to a particular item of the
     property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11.

**Court-Approved Legal Notice**



This is an important notice about a class action settlement.



*House v. NCAA*
Settlement Administrator
P.O. Box 301134
Los Angeles, CA 90030-1134

«Barcode»

Postal Service: Please do not mark barcode

ClaimID: <<ClaimID>>
PIN Code: <<PIN>>

NCCO: ClaimID: «ClaimID»
PIN: «PIN»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St» «Zip»
«Country»



United States District Court
*In re: College Athlete NIL Litigation*
Case No. 4:20-cv-03919

**Class Action Notice**
**Authorized by the U.S. District Court**



| | | |
|---|---|---|
| Were you a Division I college athlete at any time between 2016 and 2024 who was subject to NCAA scholarship and compensation rules? | There is a $2,576,000,000 settlement of a lawsuit. You may be entitled to money. The settlement also changes NCAA scholarship and compensation rules in the future. | To see how much money you may get, visit www.collegeathletecompensation.com on [60 days after notice date]. Scan the QR code to learn about your rights and options. Respond by [105 days after notice date]. |

**Key Things to Know:**

- This is an important legal document.

- If you take no action, any ruling from the Court will apply to you, and you will not be able to sue the NCAA, or any of the Power Five Conferences, or their member institutions about the same issues.

- NCAA compensation rules are changing as part of this settlement. To understand how you are impacted, learn more at www.collegeathletecompensation.com or by scanning the QR code.

*House v. NCAA* Settlement Administrator
P.O. Box 301134
Los Angeles, CA 90030-301134

# NCCO



VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE

**«Barcode»**

Postal Service: Please do not mark barcode

NCCO: ClaimID: **«ClaimID»**
PIN: **«PIN»**
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St»  «Zip»
«Country»

*House, et al. v. NCAA, et al.*

U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case No. 4:20-CV-03919 (N.D. Cal.)

**Must Be Postmarked**
**By DATE**

**Claim ID: <<ClaimID>>**
**PIN: <<PIN>>**

## Claim Form

If you are or were a Power Five football or basketball player with a full scholarship, you do not need to fill out a Claim Form to receive an award, but you do have the option to provide additional information about NIL deals in Section 3.

All other athletes, please fill out Section 1, Section 2, Section 3 (only if eligible), and Sections 4-6 to ensure your claim is correctly processed.

1)     <u>Contact Information</u>

First Name

M.I.

Last Name

ClaimID from Email or Postcard Notice (if you did not get a notice, leave this blank)

Primary Address

Primary Address Continued

City

State

ZIP Code

Email Address

Area Code — Mobile Number —

NCAA Eligibility Center ID



**2)** <u>**Basic Eligibility Information**</u>

Please fill out the below to confirm the year(s), the sport(s), and the school(s), in which you competed in Division I college athletics.

○ 2015-2016 Academic Year

School Attended

Sport (e.g., Women's Basketball, Men's Lacrosse, etc.)

Redshirt semester(s) / semester(s) of ineligibility (e.g.: Fall, Spring)

○ 2016-2017 Academic Year
If the information for 2016-2017 is the same as above, please fill in this circle: ○

School Attended

Sport (e.g., Women's Basketball, Men's Lacrosse, etc.)

Redshirt semester(s) / semester(s) of ineligibility (e.g.: Fall, Spring)

○ 2017-2018 Academic Year
If the information for 2017-2018 is the same as above, please fill in this circle: ○

School Attended

Sport (e.g., Women's Basketball, Men's Lacrosse, etc.)

Redshirt semester(s) / semester(s) of ineligibility (e.g.: Fall, Spring)

○ 2018-2019 Academic Year
If the information for 2018-2019 is the same as above, please fill in this circle: ○

School Attended

Sport (e.g., Women's Basketball, Men's Lacrosse, etc.)

Redshirt semester(s) / semester(s) of ineligibility (e.g.: Fall, Spring)

○ 2019-2020 Academic Year
If the information for 2019-2020 is the same as above, please fill in this circle: ○

School Attended

Sport (e.g., Women's Basketball, Men's Lacrosse, etc.)

Redshirt semester(s) / semester(s) of ineligibility (e.g.: Fall, Spring)

○ 2020-2021 Academic Year

If the information for 2020-2021 is the same as above, please fill in this circle: ○

School Attended

Sport (e.g., Women's Basketball, Men's Lacrosse, etc.)

Redshirt semester(s) / semester(s) of ineligibility (e.g.: Fall, Spring)

○ 2021-2022 Academic Year

If the information for 2021-2022 is the same as above, please fill in this circle: ○

School Attended

Sport (e.g., Women's Basketball, Men's Lacrosse, etc.)

Redshirt semester(s) / semester(s) of ineligibility (e.g.: Fall, Spring)

○ 2022-2023 Academic Year

If the information for 2022-2023 is the same as above, please fill in this circle: ○

School Attended

Sport (e.g., Women's Basketball, Men's Lacrosse, etc.)

Redshirt semester(s) / semester(s) of ineligibility (e.g.: Fall, Spring)

○ 2023-2024 Academic Year

If the information for 2023-2024 is the same as above, please fill in this circle: ○

School Attended

Sport (e.g., Women's Basketball, Men's Lacrosse, etc.)

Redshirt semester(s) / semester(s) of ineligibility (e.g.: Fall, Spring)

○ 2024-2025 Academic Year

If the information for 2024-2025 is the same as above, please fill in this circle: ○

School Attended

Sport (e.g., Women's Basketball, Men's Lacrosse, etc.)

Redshirt semester(s) / semester(s) of ineligibility (e.g.: Fall, Spring)

In order for your claim to be processed for Compensation for Athletic Services and Video Games Damages, please ensure you complete sections 1 and 2 above. To see a description of these categories, visit www.collegeathletecompensation.com.

To file a claim for Lost NIL Opportunities (lost third-party payments for your NIL), please see Section 3.

Please confirm which category, or categories, you are submitting a claim for:

- ○ Compensation for Athletic Services (competed as a Division I athlete at any point from 2019-2024 or eligible to compete in 2024-2025)
- ○ Video Games (played Division I FBS Football or Men's Basketball at any point from 2016-2024)
- ○ Lost NIL Opportunities (competed prior to July 1, 2021 and received $ for NIL after July 1, 2021)

**3)       Eligibility Information for Lost NIL Opportunities (third-party payments for your NIL)**

**If you answer no to either of the following two questions, you are not eligible and should not submit a claim for third-party NIL.**

Did you compete on a Division I athletic team prior to July 1, 2021?    ○ Yes  ○ No

Did you earn money for your NIL from a third-party while competing as a college athlete since July 1, 2021?
Yes    ○ No  ○

**Do you have an NIL deal recorded in our database? Visit the settlement website at www.collegeathletecompensation.com to find out.**

○ Yes  ○ No

If your deal is recorded in our database, you will receive a direct payment and do not need to file a claim form if we have your updated contact information (fill out Section 1 and submit this form if you are not sure whether we have your updated contact information).

If your NIL deal is not recorded in our database, please submit records of the NIL deal to us for review.

You can attach paper documents to this form if you are mailing it, or you can submit the records electronically.

**4)       Documentation**
**Enclose a copy of any documents you think would be beneficial to prove your claim, including documents showing the dollar amounts and dates of NIL transactions.**

**Enclose a copy of an official photo identification (like a driver's license or a Student ID).**

**5)       Payment Selection**

If you would like to receive your payment electronically via PayPal or Venmo, you must submit your claim on the website at www.collegeathletecompensation.com. Otherwise you will receive a check payment mailed to the address provided above.

If you qualify for payment and the settlement is approved and finalized, you will receive money each year in equal amounts over ten years through your selected method of payment.

**6)       Certification & Signature**

I declare under penalty of perjury under the laws of the United States of America that the information above is true and correct to the best of my knowledge and that I am authorized to submit this claim. I understand that my claim is subject to audit, review, and validation using all available information.

Signature: _____     Dated (mm/dd/yyyy): _____

Print Name: _____

Mail your Claim Form with copies of any supporting documents, **postmarked on or before MONTH DAY YEAR** to: *House v. NCAA* Settlement Administrator, P.O. Box 301134, Los Angeles, CA 90030-1134.

# Division I Athletes may be eligible for money from class action settlements

San Francisco, CA--(PR Newswire)--The following statement is being issued by Hagens Berman Sobol Shapiro LLP and Winston & Strawn LLP:

Settlements have been reached in class-action lawsuits, *In re College Athlete NIL Litigation*, Case No. 4:20-cv-3919 and *Hubbard v. National Collegiate Athletic Association, et al.*, Case No. 4:23-cv-01593, alleging the NCAA and Power Five Conferences broke antitrust laws by agreeing not to provide benefits and compensation to college athletes for their participation in college sports or for the use of their names, images and likenesses (NIL), agreeing to limit scholarships and scholarship amounts, and agreeing not to provide college athletes academic achievement awards.

> "*NCAA college athletes have waited decades for this moment, and their right to receive the full value of their hard work has finally arrived*," said Steve Berman, managing partner and co-founder of Hagens Berman. "*We are incredibly proud to be in the final stages of historic change.*"

You may be included in one or both of the settlements and be entitled to money or other benefits if (1) you competed on a Division I athletic team and were declared initially eligible for competition at any point from June 15, 2016 to Sept. 15, 2024, and/or (2) you competed on a Division I athletic team any time between April 1, 2019, and September 15, 2024, and you would have qualified for an academic achievement award at your school, and/or (3) you will compete as a Division I athlete beginning in Fall 2025.

Complete descriptions of the settlement classes are available at www.collegeathletecompensation.com.

Payments under the settlements will be automatically made to:

- Power Five FBS Football and Men's Division I Basketball athletes who received a full grant-in-aid for broadcast NIL awards, videogame NIL awards, athletic services awards, and awards for lost third-party payments for NIL (if NIL deal information has been provided to Plaintiffs by their school);
- Power Five Women's Division I Basketball athletes who received a full grant-in-aid for broadcast NIL awards, athletic services awards, and awards for lost third-party payments for NIL (if NIL deal information has been provided to Plaintiffs by their school); and
- Any Division I athlete who competed in the same sport prior to and after July 1, 2021, and received NIL payments from a third party after July 1, 2021, and information about those payments has been provided to Plaintiffs by their school.
- All Power Five athletes and Big East Basketball athletes who competed on a team anytime during the 2019-2020, 2020-2021, or 2021-2022 academic years.

You must file a Claim Form to receive a settlement payment if:

- You are a Division I athlete other than a Power Five Football or Basketball player and you want to receive payments for participation in college sports;

- You are a Football or Basketball athlete not in the Power Five and you want to receive payment for videogames;
- You are a Division I athlete who competed in the same sport prior to and after July 1, 2021, and received an NIL deal after July 1, 2021 that has not been provided to Plaintiffs by your school (check www.collegeathletecompensation.com to find out if your deal was reported to Plaintiffs); or
- You competed on a Division I athletic team that was not a basketball team in the Big East or a team in the Power Five Conferences anytime during the 2019-2020, 2020-2021, or 2021-2022 academic years and you would have qualified for an academic achievement award at your school.

Review your estimated payment amount approximately [60 days from Notice Date] at www.collegeathletecompensation.com and file a Claim Form if one is required for you to receive all the money you qualify for. For more information about whether a claim form is required, go to www.collegeathletecompensation.com.

**Claim Forms may be submitted online or printed and mailed to the Settlement Administrator by [date].**

In addition, student-athletes who did, do, or will compete on a Division I athletic team anytime between June 15, 2020 and the end of the Injunctive Relief Settlement Term, which will end ten years after the Settlement is approved, may benefit from changes to NCAA and conference rules that will allow schools and conferences to provide to athletes direct benefits and compensation for NIL and participation in college sports, and additional benefits over and above annual existing scholarships and all other benefits currently permitted by NCAA rules, up to an aggregate yearly amount specified in the Settlement. Complete details regarding these additional benefits, and other changes that will be made to NCAA rules about benefits and compensation, including NIL payments from third parties, are provided in the Injunctive Relief Settlement, available at www.collegeathletecompensation.com.

Winston's Co-Executive Chairman Jeffrey L. Kessler, who also negotiated the class-action settlements that created the free agency systems for athletes in the NFL and the NBA, said, "*We're pleased to take this next step towards finalizing this historic, industry-changing settlement that will provide a fair system of revenue sharing for the college athletes who generate hundreds-of-millions-of-dollars for their schools. For far too long, these athletes have been deprived of their economic rights in an unjust system that will now, finally, be fundamentally reformed. The new system will allow athletes to be fairly rewarded for their contributions and college sports will continue to thrive.*"

Media contact (press only): [name][firm][phone number]



United States District Court
*In re: College Athlete NIL Litigation*
Case No. 4:20-cv-03919

# Class Action Notice

## *Authorized by the U.S. District Court*

| Were you a Division I college athlete at any time between 2016 and 2024 who was subject to NCAA scholarship and compensation rules? | There is a $2,576,000,000 settlement of a lawsuit.<br><br>You may be entitled to money.<br><br>The settlement also changes NCAA compensation rules in the future. | To see how much money you may get, visit www.collegeathletecompensation.com on [60 days after notice date].<br><br>Read this notice.<br><br>Respond by [105 days after notice date], if needed. |

**Important things to know:**

- If you take no action, you will still be bound by the settlement, and your rights will be affected.
- If you would like to understand how NCAA compensation rule changes may give you more compensation opportunities in the future, please go to pg. 7.
- You can learn more at: www.collegeathletecompensation.com.

# Table of Contents

Table of Contents ...................................................................................................... 2

**About This Notice** ...................................................................................................... 3

    Why did I get this notice? ..................................................................................... 3

    What do I do next? ............................................................................................... 3

    What are the most important dates? ................................................................... 3

**Learning About the Lawsuit** ...................................................................................... 4

    What is this lawsuit about? ................................................................................... 4

    Why is there a settlement in this lawsuit? ............................................................ 4

    What happens next in this lawsuit? ...................................................................... 4

**Important Facts About How The Settlement Might Affect You** ............................... 5

    What does the settlement provide? ...................................................................... 5

    How do I know if I am part of this settlement? ................................................... 6

    How much will my payment be? .......................................................................... 7

    What if I received two notices? ............................................................................ 7

    Will any NCAA rules change? .............................................................................. 8

**Deciding What to Do** ................................................................................................ 9

    How do I weigh my options? ............................................................................... 9

**Getting a Payment** ................................................................................................. 11

    How do I get a payment? ................................................................................... 11

    How do I make sure I receive my payment? ..................................................... 12

    Do I need to file a Claim Form? ......................................................................... 12

    Do I have a lawyer in this lawsuit? .................................................................... 13

    Do I have to pay the lawyers in this lawsuit? .................................................... 14

**Opting Out** ............................................................................................................. 14

    What if I don't want to be part of this settlement? ........................................... 14

    How do I opt out? .............................................................................................. 15

**Objecting** ............................................................................................................... 15

    What if I disagree with the settlement? ............................................................. 15

**Doing Nothing** ....................................................................................................... 16

    What are the consequences of doing nothing? ................................................ 16

**Key Resources** ....................................................................................................... 16

    How do I get more information? ........................................................................ 16

# About This Notice

## Why did I get this notice?

This notice is to tell you about the settlement of a class action lawsuit, *In re: College Athlete NIL Litigation,* brought on behalf of current and former college athletes who competed on a Division I athletic team any time between June 15, 2016 and September 15, 2024, and college athletes who will compete on a Division I athletic team any time between the fall of 2025 and ten years thereafter. **You may be a member of the group of people affected, called the "class."** This notice gives you a summary of the terms of the proposed Settlement Agreement, explains what rights class members have, and helps class members make informed decisions about what action to take.

## What do I do next?

Read this notice to understand the settlement and to determine if you are a class member. Then, decide if you want to:

| Options | More information about each option |
|---|---|
| **Do Nothing** | Likely get no money, and give up your right to bring a lawsuit against the NCAA, and the Power Five Conferences (the ACC, Big 12, Big Ten, Pac-12, SEC), including their member institutions, about the same issues. |
| **Participate in Settlement** | Potentially receive one or more payments, if you qualify. Update your contact information/payment method, and/or submit a Claim Form to receive payments. See pages 9-10. Give up your right to bring a lawsuit against the NCAA and the Power Five Conferences (the ACC, Big 12, Big Ten, Pac-12, SEC), including their member institutions, about the same issues. |
| **Opt Out** | Get no payment. Allows you to bring another lawsuit against the NCAA, ACC, Big 12, Big Ten, Pac-12, SEC and/or their member institutions about the same issues. You cannot opt out of the future changes to NCAA compensation rules (this is called the Injunctive Relief Settlement). |
| **Object** | Tell the Court why you don't like the settlement. |

Read on to understand the specifics of the settlement and what each choice would mean for you.

## What are the most important dates?

Your deadline to object or opt out: **[105 days after notice date]**

Settlement Final Approval Hearing: **[date, at least 150 days after notice date]**. The date and time of the Final Approval Hearing may change without further notice. You should check www.collegeathletecompensation.com or the Court's PACER site at https://ecf.cand.uscourts.gov to confirm that the date has not changed.

Your deadline to submit a Claim Form, if applicable to you, and select a preferred payment method for direct payment is: **[105 days after notice date]**

## Learning About the Lawsuit

### What is this lawsuit about?

Several college athletes sued the NCAA and Power Five Conferences in a class action lawsuit. The lawsuit alleges that the NCAA and Power Five Conferences broke the law by agreeing not to pay college athletes for their participation in college sports or for the use of their NIL (Name, Image, and Likeness), and limiting scholarships available to college athletes.

**Where can I learn more?**
You can get a complete copy of the Complaint, Settlement Agreement, and the Court's Orders at: www.collegeathletecompensation.com

The NCAA and Power Five Conferences deny that they did anything wrong.

### Why is there a settlement in this lawsuit?

The parties agreed to settle, which means they have reached an agreement to resolve the lawsuit. Both sides want to avoid the risk and expense of further litigation.

The settlement is on behalf of college athletes who competed on a Division I athletic team between June 15, 2016 and September 15, 2024, and college athletes who will compete on a Division I athletic team any time between the fall of 2025 and ten years thereafter. The Court has not decided this case in favor of either side.

The settlement also requires changes to NCAA rules on compensation for athletes going forward. Schools may increase compensation opportunities that may affect you going forward because of these rule changes.

**What is a class action settlement?**
A class action settlement is an agreement between the parties to resolve and end the case. Settlements can provide money to class members and changes to the practices that caused the alleged harm.

### What happens next in this lawsuit?

The Court will hold a Final Approval Hearing to decide whether to approve the settlement. The hearing will be held both in person and remotely. Instructions for remote access will be available on the Court's PACER site at https://ecf.cand.uscourts.gov and at www.collegeathletecompensation.com. The hearing will be held in person at:

**Where:** Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612

**When:** [time] on [date] [at least 150 days after notice date]

The date and time of the Final Approval Hearing may change without further notice to the

class. You should check the settlement website or the Court's PACER site at https://ecf.cand.uscourts.gov to confirm that the date has not changed.

**Case:** *In re: College Athlete NIL Litigation*, No. 4:20-cv-03919-CW

**Judge:** Claudia A. Wilken

The Court has directed the parties to provide this notice about the proposed settlement. Because the settlement of a class action decides the rights of all members of the proposed classes, the Court must give final approval to the settlement before it can take effect. Payments will be made only if the Court approves the settlement.

You don't have to attend the hearing, but you may do so at your own expense. You may also ask the Court for permission to speak and express your opinion about the settlement. If you wish to speak at the hearing, you must file a written objection that states that you would like to speak at the hearing. More information about how to file an objection is below and at www.collegeathletecompensation.com. If the Court does not approve the settlement or the parties decide to end it, the settlement will be void and the lawsuit will continue.

# Important Facts About How The Settlement Might Affect You

## What does the settlement provide?

The Defendants (NCAA and Power Five Conferences) have agreed to pay $2,576,000,000 into a settlement fund ("damages settlement"). This money will be divided among eligible class members (according to a Distribution Plan) and will also be used to pay for costs and fees approved by the Court, including the cost of administering this settlement and awards to the Class Representatives for their help in the lawsuit.

> **Who are the Defendants?**
> NCAA, ACC, Big 12, Big Ten, Pac-12, and SEC

Defendants will also be required to change NCAA and conference rules to permit schools and conferences to provide student athletes additional benefits and compensation, including for NIL and participation in college sports, up to an aggregate yearly amount as specified in the Settlement, and to eliminate limits on scholarships ("Injunctive Relief Settlement").

Members of the Settlement Classes will "release" their claims as part of the settlement, whether or not they are eligible for a payment under the Settlement, which means they will not be able to sue any of the Defendants or their member institutions for the same issues in this lawsuit. The full terms of the release can be found at www.collegeathletecompensation.com.

**NOTE**: The Settlement Agreement does not release claims currently raised in the Complaint in *Choh v. Brown University et al*., No. 3:23-cv 305 (D. Conn.) ("*Choh*"), against the Ivy League and Ivy League member institutions ("*Choh* Defendants"), challenging an alleged agreement among the *Choh* Defendants not to award athletic scholarships or otherwise provide any

compensation or education-related reimbursements for athletic services as permitted under then-applicable NCAA rules. The previously filed *Choh* claims arise out of unique aspects of rules applicable within the Ivy League alone. The Settlement Agreement and its release provisions otherwise fully apply to student-athletes who are in the Settlement Classes, including, but not limited to Ivy League student-athletes, and likewise otherwise fully apply to Releasees as defined in the settlement, which includes but is not limited to the Ivy League, Ivy League member institutions, and Defendants in this Action.

The Settlement Agreement does not release the claims currently stated in the Complaint in *Johnson, et al. v. National Collegiate Athletic Association, et al.*, 2:19-cv-05230-JP (E.D. Pa.); claims under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. or any other federal labor laws, or claims under any analogous state labor laws; or claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., other than any claims arising out of or relating to the distribution of the Gross Settlement Fund.

You do not need to opt out of this settlement in order to pursue remedies in those actions.

## How do I know if I am part of this settlement?

**You are part of the "damages" settlement classes if:**

- You received or will receive a full Grant-in-Aid scholarship and compete on, competed on, or will compete on a Division I men's basketball team or an FBS football team, at a college or university that is a member of one of the Power Five Conferences (including Notre Dame), and you have been or will be declared initially eligible for competition in Division I at any time between June 15, 2016 through September 15, 2024.   This is referred to as the "Settlement Football and Men's Basketball Class."

- You received or will receive a full Grant-in-Aid scholarship and compete on, competed on, or will compete on a Division I women's basketball team at a college or university that is a member of one of the Power Five Conferences (including Notre Dame), and you have been or will be declared initially eligible for competition in Division I at any time between June 15, 2016 through September 15, 2024.  This is referred to as the "Settlement Women's Basketball Class."

- You compete on, competed on, or will compete on a Division I athletic team and have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024.  This is referred to as the "Settlement Additional Sports Class."

**You are part of the "Injunctive Relief Settlement" if:**

- You compete on, or competed on, or will compete on a Division I athletic team at any time between June 15, 2020 through the end of the Injunctive Relief Settlement Term as defined in the Settlement.   The Injunctive Relief Settlement Term is the ten (10) Academic Years following the date of Final Approval of the Settlement.  This is referred to as the "Settlement Declaratory and Injunctive Relief Class."

**You are not part of the settlement if:** You are an officer, director, or employee of one of the Defendants or you are the staff or immediate family member of the judge in this case.

## How much will my payment be?

Your payment, if you are eligible for one, will be determined according to a Distribution Plan that is available on the settlement website and summarized below:

- Broadcast NIL payments will be a set, yearly amount for each FBS Football and Division I Basketball player based on the sport you competed in, the specific years you played between 2016-2024, and the conference in which you competed. Payments will be equal for members competing in the same sport in the same conference in the same year.

- Videogame NIL payments will be a set, yearly amount for each athlete who competed in FBS Football and Division I Men's Basketball based on the specific years you competed between 2016-2024 and the number of claims filed by class members. Total payments to be shared equally each year among eligible athletes are based on a fixed percentage applied to estimated videogame revenue that would have occurred had a game been in existence each year.

> **What is NIL, BNIL, and Lost NIL?**
> NIL refers to name, image and likeness. BNIL, as defined by Class Counsel in the litigation, refers to the use of an athlete's NIL via broadcasts like tv, radio, internet and other media. Lost NIL is the money third parties would have paid for your NIL if they could have done so.

- Payments for additional compensation for your athletic services will be based on the specific years you competed in Division I between 2019-2024, the sport you competed in, the school you competed for, and the number of claims filed by class members, among other criteria. For athletes competing in Power Five Football or Basketball, payments will also be based on the scholarship you received and performance statistics.

- Lost NIL payments will be based on the amount of money you received from third parties for your NIL after July 1, 2021, the specific years you competed between 2016-2021, the sport you competed in, the school(s) you competed for, your performance statistics, and the number of claims filed by class members.

Your payment also depends on the amount of money the Court approves for costs, fees, and awards, as well as other factors. Any payment you are entitled to will be paid out yearly over a ten-year period with equal amounts paid each year.

To select your method of payment (e.g. Venmo, check, etc.), please visit www.collegeathletecompensation.com.

To see your estimated payment amount [60 days after notice date], go to www.collegeathletecompensation.com and log in using the ClaimID and PIN in the email or postcard you received about this settlement, or use your NCAA EC ID number if you did not receive an email or postcard. Please note, your estimated payment amount is based on the information your schools have on file for you and provided for distribution in this settlement. You may need to submit a Claim Form to receive all payments you qualify for. To determine whether you need to submit a claim form, visit www.collegeathletecompensation.com.

## What if I received two notices?

If you received two notices by email and/or mail, records indicate that you are included in both this settlement and the Academic Achievement Award settlement (a.k.a. *Hubbard v. National Collegiate Athletic Association*, Case No. 4:23-cv-01593). You may be eligible to receive money from both settlements.

Go to www.collegeathletecompensation.com to file a Claim Form in this settlement and in the *Hubbard v. National Collegiate Athletic Association* settlement, if required, to receive all the money you qualify for.

## Will any NCAA rules change?

Yes, under the Injunctive Relief Settlement, NCAA and conference rules will be changed to allow schools and conferences to provide to student-athletes, up to an aggregate yearly amount specified in the Settlement:

- additional benefits, including for NIL;

- additional benefits over and above annual existing scholarships and other benefits currently permitted by NCAA rules.

NCAA rules regarding the payments that student-athletes will be permitted to receive from third parties for their NIL while remaining eligible to play Division I sports will also be modified pursuant to the Settlement. Complete details regarding these rule changes, as well as

additional benefits, are provided in the Injunctive Relief Settlement, available at www.collegeathletecompensation.com. You cannot opt out of the Injunctive Relief Settlement; however, you may object if you disagree with these changes.

# Deciding What to Do

## How do I weigh my options?

You have four options.

- You can stay in the settlement and submit a claim (if one is needed),
- You can opt out of the damages settlement,
- You can object to the Injunctive Relief Settlement and damages settlement, or
- You can update your contact information and method of payment and automatically receive your payment (if eligible).

**Choose the best path for you:**



# Getting a Payment

## How do I get a payment?

If your contact information and method of payment is confirmed, then,

Payments will be **automatically** sent to:

> **What is NIL and BNIL?**
> NIL refers to name, image and likeness. BNIL, as defined by Class Counsel in the litigation, refers to the use of an athlete's NIL via broadcasts like tv, radio, internet and other media.

- Power Five FBS Football and Men's Division I Basketball athletes who received a full grant-in-aid scholarship for BNIL awards, videogame awards, athletic services, and awards for lost third-party payments for your NIL (if NIL deal information has been provided to Plaintiffs by their school);

- Power Five Women's Division I Basketball athletes who received a full-grant-in-aid scholarship for BNIL, athletic services, and awards for lost third-party payments for your NIL (if NIL deal information has been provided to Plaintiffs by their school); and

- Any Division I Athlete who competed in the same sport prior to and after July 1, 2021, and had an NIL deal after July 1, 2021 that has been provided to Plaintiffs by their school.

You **must file a Claim Form** to receive a payment if:

- You are a Division I athlete other than a Power Five Football or Basketball player and you want to receive payment for athletic services;

- You are a Football or Basketball athlete not in the Power Five and you want to receive payment for videogames;

- You are a Division I athlete who competed in the same sport prior to and after July 1, 2021, and had an NIL deal after July 1, 2021 that has not been provided to Plaintiffs by your school.

You may review your estimated payment amount [60 days after notice date] at www.collegeathletecompensation.com and file a Claim Form if any amounts are missing or if a Claim Form is required for you to receive all the money you qualify for.

Claim Forms may be submitted online or downloaded from www.collegeathletecompensation.com and mailed to the Settlement Administrator. Claim Forms must be submitted online or postmarked by **[105 days after notice date]**. For more information about whether a claim form is required, go to www.collegeathletecompensation.com.

You can choose a method of payment at www.collegeathletecompensation.com; if you are eligible, you will receive equal payments of your share every year, for ten years.

## How do I make sure I receive my payment?

If you are eligible to receive payment, you can review your estimated payment amount and/or submit a Claim Form; you should also make sure your contact information is current and your preferred method of payment is chosen. If the contact information listed is incorrect, you can and should update it because it will be used to send you your money if you qualify for payment.  Visit www.collegeathletecompensation.com for more information.

## Do I need to file a Claim Form?



## Do I have a lawyer in this lawsuit?

In a class action, the court appoints class representatives and lawyers to work on the case and represent the interests of all the class members. For this settlement, the Court has appointed the following individuals and lawyers.

**Your lawyers:** Steve Berman of Hagens Berman Sobol Shapiro LLP and Jeffrey Kessler of Winston & Strawn LLP. These are the lawyers who negotiated this settlement on your behalf.

If you want to be represented by your own lawyer, you may hire one at your own expense.

## Do I have to pay the lawyers in this lawsuit?

Lawyers' fees and costs will be paid from the Settlement Fund. **You will not have to pay the lawyers directly.**

To date, your lawyers have not been paid any money for their work or the expenses that they have paid for the case. To pay for some of their time and risk in bringing this case without any guarantee of payment unless they were successful, your lawyers will request, as part of the final approval of this settlement, that the Court approve a payment of up to 20% of the $1.976 billion NIL Settlement Fund and up to 10% of the $600 million Compensation for Athletic Services Fund in attorneys' fees, plus the reimbursement of out-of-pocket expenses. These fees will be paid out over ten years so they are aligned with any payments you will receive.

With regard to the Injunctive Relief Settlement portion of the settlement, Class Counsel may also apply to the Court for an upfront injunctive fee and cost award of $20 million, which shall be paid for by Defendants, in addition to all other amounts paid. Annually, Class Counsel may apply to the Court, or a special master appointed by the Court, for a percentage of the amounts athletes received that year as additional compensation. These payments to Class Counsel will count toward the maximum amount that all schools can spend in the next year. Further details on these payments can be found in the Settlement Agreement, available at www.collegeathletecompensation.com.

Lawyers' fees and expenses will be awarded only if approved by the Court as a fair and reasonable amount. You have the right to object to the lawyers' fees even if you think the settlement terms are fair. The lawyers' motion for attorneys' fees and costs will be filed with the Court and posted on the settlement website on or before [60 days after notice date].

Your lawyers will also ask the Court to approve a payment of up to $125,000 to the Class Representatives for the time and effort they contributed to the case. If approved by the Court, this will be paid from the Settlement Fund.

# Opting Out

## What if I don't want to be part of this settlement?

As to the damages settlement alone, you can opt out. If you do, you will not receive payment and cannot object to the settlement. However, you will not be bound or affected by anything that happens in this lawsuit and may be able to file your own case. You cannot opt out of the Injunctive Relief Settlement.

## How do I opt out?

To opt out of the damages settlement, you must mail a letter to the Settlement Administrator at the address below postmarked by **[105 days after notice date]**. Your letter must include (1) your name, (2) your current address, (3) your NCAA EC ID number, if available, (4) a sentence stating, "I want to opt out from the damages classes in *In re: College Athlete NIL Litigation*, Case No. 4:20-cv-03919," and (5) your signature.

> *House v. NCAA* Settlement Administrator
> P.O. Box 301134
> Los Angeles, CA 90030-1134

# Objecting

## What if I disagree with the settlement?

If you disagree with any part of the settlement (including the Injunctive Relief Settlement portion, and the lawyers' fees), you may object. You do not need to opt out of the damages settlement to make an objection. You must give reasons in writing why you think the Court should not approve the settlement and state whether your objection applies to just you, one of the classes, or all of the classes. You may also request in your objection to speak at the Final Approval Hearing.  The Court may (but is not required to) permit you to speak at the Final Approval Hearing if you request to do so in your objection..

The Court will consider your views. The Court can only approve or deny the settlement — it cannot change the terms of the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you may object. You may, but don't need to, hire your own lawyer to help you.

To object, you must send a letter to the Court, or file electronically at https://ecf.cand.uscourts.gov, or file in person at any U.S. District Court for the Northern District of California location that:

(1) is postmarked or submitted online by **[105 days after notice date]**;

(2) includes your full name and address;

(3) includes your NCAA ECID number, if available;

(4) includes the case name and number (*In re: College Athlete NIL Litigation*, Case No. 4:20-cv-03919);

(5) states the reasons for your objection;

(6) states whether either you or your lawyer would like to speak at the Final Approval Hearing and your lawyer's name (if you have one); and

(7) includes your signature.

Mail the letter to:

> Ronald V. Dellums Federal Building & United States Courthouse
> c/o Class Action Clerk
> 1301 Clay Street
> Oakland, CA 94612

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to and may not be allowed to, speak at the Final Approval Hearing, either in person or through your own attorney. If you speak through your own attorney, you are responsible for hiring and paying that attorney. The Final Approval Hearing time and date are subject to change; please check www.collegeathletecompensation.com to confirm the current status of the hearing.

# Doing Nothing

## What are the consequences of doing nothing?

To ensure you receive the payment you are entitled to, you will need to go to www.collegeathletecompensation.com to confirm your contact information and preferred payment method.

If you do nothing, you may not receive any money or you may not receive all of the money you are entitled to, but you will still be bound by the settlement and its "release" provisions. That means you won't be able to start, continue, or be part of any other lawsuit against any of the Defendants, including their member institutions, about the issues in this case. Please see the Settlement Agreement, which can be found at www.collegeathletecompensation.com, for a full description of the claims and entities who will be released if this settlement is approved.

# Key Resources

## How do I get more information?

This notice is a summary of the proposed settlement. To get a copy of the Settlement Agreement or get answers to your questions:

- contact your lawyers (information below);

- visit the case website at www.collegeathletecompensation.com;

- access the Court Electronic Records (PACER) system online at https://ecf.cand.uscourts.gov or by visiting the Clerk's office of the Court (address below);

| Resource | Contact Information |
|---|---|
| **Case website** | www.collegeathletecompensation.com |
| **Settlement Administrator** | *House v. NCAA* Settlement Administrator<br>P.O. Box 301134<br>Los Angeles, CA 90030-1134<br>admin@collegeathletecompensation.com<br>1-877-514-1777 |
| **Your Lawyers** | Steve Berman<br>Ben Siegel<br>Emilee Sisco<br>Stephanie Verdoia<br>stephaniev@hbsslaw.com<br>(206)-268-9343<br>Hagens Berman Sobol Shapiro LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br><br>Jeffrey Kessler<br>David Greenspan<br>Jeanifer Parsigian<br>Neha Vyas<br>nvyas@winston.com<br>(212)-294-2658<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166-4193 |
| **Court** | U.S. District Court<br>Ronald V. Dellums Federal Building & United States Courthouse<br>1301 Clay Street<br>Oakland, CA 94612<br><br>HOURS: 9:00 a.m. to 4:00 p.m., Monday through Friday, excluding Court holidays<br><br>PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS. |

ClaimID: <<ClaimID>>
PIN: <<PIN>>

Dear <<First1>> <<Last1>>,

*In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919-CW (N.D. Cal.)

# If You Were a Division I College Athlete Between 2016 and 2024, You Could Get Money from a Class Action Settlement.

<div style="border:1px solid #000; text-align:center;">

### CLICK HERE TO FILE YOUR CLAIM FORM

</div>

*A federal court authorized this notice.*

| | |
|---|---|
| **YOUR CLAIM ID** | <<ClaimID>> |
| **YOUR PIN** | <<PIN>> |
| **USE THESE UNIQUE NUMBERS WHEN FILING YOUR CLAIM FORM TO RECEIVE A CLASS PAYMENT.** ||

You are receiving this notice because school records indicate you are included in this class action settlement and may be eligible for a payment.  To see how much money you could recover, and ensure you receive your payment, update your contact information and payment method at www.collegeathletecompensation.com and enter the Claim ID and PIN provided above.  Estimated payments will be updated approximately 60 days from the date you receive this notice and will be dependent on the information your school provided to us.

### What is this lawsuit about?

This lawsuit, *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919-CW (N.D. Cal.), claims that NCAA limits on the number and amounts of athletic scholarships available and NCAA limits on compensation and benefits that college athletes can receive for their athletic services and their names, images, and likenesses (NIL) violate the antitrust laws.

### Are NCAA rules changing?

As part of the Settlement, Defendants have also agreed to change compensation rules going forward.  Conferences and schools, starting in Fall 2025, may increase the number of athletic scholarships provided and may provide direct benefits for NIL and participation in college sports, up to an aggregate yearly amount set forth in the Settlement.  These increased compensation opportunities may impact you if you compete as a college athlete beginning in Fall 2025.  Also as part of the Settlement, NCAA rules regarding the payments that student-athletes will be permitted to receive from third parties for their NIL while remaining eligible to play Division I sports will be modified.

To see how compensation rules will be changed going forward, access a copy of the Settlement by visiting www.collegeathletecompensation.com.

### Who is a part of the lawsuit?

You are a member of the Settlement Classes (i.e., a "Class Member") if:

- You received or will receive a full Grant-in-Aid scholarship and compete on, competed on, or will compete on a Division I men's basketball team or an FBS football team, at a college or university that is a member of one of the Power Five Conferences (including Notre Dame), and you have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024.  This is referred to as the "Settlement Football and Men's Basketball Class."

- You received or will receive a full Grant-in-Aid scholarship and compete on, competed on, or will compete on a Division I women's basketball team at a college or university that is a member of the Power Five Conferences (including Notre Dame), and you have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15, 2024.  This is referred to as the "Settlement Women's Basketball Class."

- You compete on, competed on, or will compete on a Division I athletic team and you have been or will be declared initially eligible for competition in Division I at any time from June 15, 2016 through September 15,

2024.  This is referred to as the "Settlement Additional Sports Class."

- You compete on, or competed on, or will compete on a Division I athletic team at any time between June 15, 2020 through the end of the Injunctive Relief Settlement Term as defined in the Settlement.  The Injunctive Relief Settlement Term is the ten (10) Academic Years following the date of Final Approval of the Settlement.  This is referred to as the "Settlement Declaratory and Injunctive Relief Class."

### What do I get?

Defendants have agreed to pay $2,576,000,000 and change compensation rules going forward to end this lawsuit. You may be eligible to receive some of this money.  The amount of money you get will depend on which class you are in and what you qualify for according to the below:

- Broadcast NIL payments will be a set, yearly amount for each Power Five FBS Football and Division I Basketball player based on the sport you competed in, the specific years played between 2016-2024, and the conference in which you competed.  Payments will be equal for members competing in the same sport in the same conference in the same year.  Broadcast NIL, defined by the lawyers in this case, refers to the use of an athlete's NIL via broadcasts like tv, radio, internet and other media.

- Videogame NIL payments will be a set, yearly amount for each athlete who competed in FBS Football or Division I Men's Basketball based on the number of years you competed between 2016-2024 and the number of claims filed by class members.  Total payments to be shared equally each year among eligible athletes are based on a fixed percentage applied to estimated videogame revenue that would have occurred had a game been in existence each year.

- Payments for additional compensation for your athletic services will be based on the years you competed in Division I between 2019-2024, the sport you competed in, the school you competed for, and the number of claims filed by class members, among other criteria.  For the athletes competing in Power Five Football or Basketball, payments will also be based on the scholarship you received and performance statistics, among other criteria.

- Lost NIL payments will be based on the amount of money you received from third parties for your NIL after July 1, 2021, the specific years you competed between 2016-2021, the sport you competed in, the school(s) you competed for, your performance statistics, and the number of claims filed by class members.  "Lost NIL" refers to the lost opportunity to receive money from third parties for your NIL.

Your payment also depends on how much money the Court approves for attorneys' fees, class representative awards, and litigation and settlement costs.  These payments, including attorneys' fees, will be paid out yearly over a ten-year period, with equal amounts paid each year.

### How do I get money?

If you got this notice, and you received a full Grant-in-Aid Scholarship and played FBS Football, Division I Men's Basketball, or Division I Women's Basketball for a school that competes in a Power Five Conference (ACC, Big Ten, Big 12, Pac-12, SEC), you need to update only your contact information and preferred method of payment to get money. Then, you will automatically receive a payment if the settlement is approved and becomes final.  To see an estimate of your payment amount or update your contact information and/or payment method, visit www.collegeathletecompensation.com.

If you (1) played a sport other than FBS Football or Division I Basketball, or received less than a full scholarship, at a school that is in a Power Five Conference (ACC, Big Ten, Big 12, Pac-12, SEC), or (2) competed in any sport for a school not within a Power Five Conference, you will need to complete a Claim Form.

If you received NIL compensation since July 1, 2021, and you competed prior to July 1, 2021, you can confirm your deal was reported by your school here, and then you will automatically receive payment if your contact information and payment method is updated.  If your NIL deal was not reported by your school, you will need to file a claim form.

For more details about whether a claim form is required, visit www.collegeathletecompensation.com.

### What are my rights?

If you do nothing, you will be bound by the Court's decisions, even if you do not receive a payment under the Settlement. If you want to keep your right to sue the settling Defendants, or their member institutions, instead of potentially getting money from this settlement, you must opt out by [**Month 00, 202X**].  You cannot opt out of the future rule changes (injunctive relief), but you may object. Please note that if you opt out, you will not receive any money from this

Settlement.  If you want to stay in the Settlement but do not agree with any part of it, you may object to it by [**Month 00, 202X**].  Details about these options are available by clicking here or by going to www.collegeathletecompensation.com.

The Court will hold a hearing remotely and in person on [**Month 00, 202X**]—this date is subject to change—to consider whether to approve the Settlement and a request for attorneys' fees and award for each of the class representatives.  You or your own lawyer may request to speak at the hearing at your own expense by submitting a written objection to the Court electronically, by mail, or in person and indicating in the objection that you or your lawyer would like to speak at the hearing.  The Court may not allow everyone who requests to speak an opportunity to do so, but to ensure that the Court considers your request to speak at the hearing, you must file a written objection indicating that you or your lawyer would like to speak at the hearing.

Please go to www.collegeathletecompensation.com for more detailed directions about where the hearing will be held in person and how you can access the hearing remotely, and about what to include in, and where to send, your objection.  The website will also include the most updated time and date of the hearing, as will the docket for the case, which can be accessed at https://ecf.cand.uscourts.gov.

**NOTE:** The Settlement Agreement does not release the claims currently raised in the Complaint in *Choh v. Brown University et al.*, No. 3:23-cv-00305-AWT (D. Conn.) ("*Choh*"), against the Ivy League and Ivy League member institutions ("*Choh* Defendants"), challenging an alleged agreement among the *Choh* Defendants not to award athletic scholarships or otherwise provide any compensation or education-related reimbursements for athletic services as permitted under then-applicable NCAA rules.  The previously filed *Choh* claims arise out of unique aspects of rules applicable within the Ivy League alone.  The Settlement Agreement and its release provisions otherwise fully apply to student-athletes who are in the Settlement Classes, including, but not limited to, Ivy League student-athletes, and likewise otherwise fully apply to Releasees as defined in the Settlement, which includes, but is not limited to, the Ivy League, Ivy League member institutions, and Defendants in this Action.

The Settlement Agreement also does not release the claims currently stated in the Complaint in *Johnson, et al. v. National Collegiate Athletic Association, et al.*, 2:19-cv-05230-JP (E.D. Pa.); claims under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. or any other federal labor laws, or claims under any analogous state labor laws; or claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., other than any claims arising out of or relating to the distribution of the Gross Settlement Fund.

You do not need to opt out of this Settlement in order to pursue remedies in the lawsuits listed above.

### What if I received two notices?

If you received two notices by email and/or mail, NCAA records indicate that you are included in both this settlement and the *Hubbard v. National Collegiate Athletic Association* settlement, Case No. 4:23-cv-01593.  You may be eligible to receive money from both settlements.

Go to www.collegeathletecompensation.com to file a Claim Form in both settlements, if required, for you to receive all the money you qualify for in both settlements.

### Questions?

**www.collegeathletecompensation.com      admin@collegeathletecompensation.com      1-877-514-1777**