SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
rward@sflaw.com
ROEY Z. RAHMIL (Bar #273803)
rrahmil@sflaw.com
FELICIA A. DRAPER (Bar #242668)
fdraper@sflaw.com
425 Market Street, Eleventh Floor
San Francisco, CA  94105-2496
Telephone:    (415) 421-6500
Facsimile:    (415) 421-2922

*Attorneys for Plaintiff Class Members
Jacob Copeland, Koby Quansah, Lamont Wade,
Marquis Waters, and Xavier Williams*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**PLAINTIFF CLASS MEMBERS' OPPOSITION TO ADMINISTRATIVE MOTION FOR A PROSPECTIVE ORDER CONCERNING THIRD-PARTY CLAIMS BUYOUT SERVICES AND REQUEST FOR EXTENSION OF CLAIMS DEADLINE**<br><br>Judge:        Hon. Claudia Wilken |

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

PLAINTIFF CLASS MEMBERS' OPPOSITION TO
ADMINISTRATIVE MOTION

Class Members Jacob Copeland, Koby Quansah, Lamont Wade, Marquis Waters, and Xavier Williams (collectively, "Objecting Class Members") hereby object to the relief Plaintiffs seek in numbered paragraphs 1 through 5 of their Administrative Motion for a Prospective Order Concerning Third-Party Claims Buyout Services and Request for Extension of Claims Deadline ("Administrative Motion").[1]

## I.    INTRODUCTION

The Objecting Class Members are individuals who are entitled to the benefits under the settlement in this action and have entered into agreements with third party claims buyers regarding their settlement payouts. The Objecting Class Members voluntarily exercised their rights to contract with third party claims buyers, for reasons that are not Plaintiffs' concern. Yet, Plaintiffs' Administrative Motion seeks to interfere with these contracts by prohibiting settlement payments from being made to anyone other than members of the class. The Administrative Motion also seeks relief that the Court does not have jurisdiction to order. The Administrative Motion should be denied.

First, Plaintiffs' Administrative Motion exceeds the scope of what the Northern District's Local Civil Rule 7-11 ("Local Rule 7-11") is meant to address and expressly contradicts its purpose. Rather than seeking any administrative relief, Plaintiffs' Administrative Motion asks the Court to decide substantive issues of federal and state tax law and contract interpretation that cannot be decided through this process. The Objecting Class Members contest the interpretations of tax law and of the Fourth Amended Stipulation and Settlement Agreement proffered by Plaintiffs.

Second, Plaintiffs' Administrative Motion should be denied because the Court lacks jurisdiction to order third parties to issue legal warnings, to consent to their own contracts with customers to be cancelled, or to refund money to their customers.

Finally, Federal Rule of Civil Procedure 23(d) ("Rule 23(d)"), on which Plaintiffs base

---

[1] The Objecting Class Members do not oppose Plaintiffs' request for an extension of the claims deadline.

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

their grounds for relief, does not apply here.

Plaintiffs' Administrative Motion should be denied. If these issues are to be considered by the Court at all, Plaintiffs must provide legal and factual support for the unsubstantiated positions they take here, and the Objecting Class Members must have the opportunity to fully present their own evidence and argument.

## II.  ARGUMENT

### A.  Plaintiffs' Requested Relief Cannot Be Granted By Administrative Motion

The issues raised and relief sought in Plaintiffs' Administrative Motion exceed and contradict the purpose of Local Rule 7-11. Pursuant to Local Rule 7-11, a motion for administrative relief relates to "miscellaneous *administrative matters not otherwise governed by* a federal statute, *Federal Rule*, local rule, or standing order…" (emphasis added). Plaintiffs' Administrative Motion, however, asks the Court to decide substantive issues of federal and state tax law and contract interpretation, and cites Rule 23(d) as grounds for the Court to grant the relief Plaintiffs seek. Local Rule 7-11 cannot be used to decide these issues and the Court should deny Plaintiffs' Administrative Motion.

First, to decide whether the tax warnings Plaintiffs are seeking to impose are appropriate requires the Court to decide substantive issues of federal and state tax laws. But Plaintiffs are asking the Court to do so without any evidence establishing that the warnings are legally accurate or warranted. Plaintiffs did not cite any tax statute or regulation to support their conclusion that the proposed tax warnings are accurate or explain why all class members would be subject to the same tax treatment. The only "evidence" Plaintiffs provided was a second-hand interpretation of legal advice they purportedly received, but they failed to disclose any legal basis for his opinion or what information that attorney was given to reach his opinion. *See*, *e.g.*, *Gulf Oil Co. v. Bernard* (1981) 452 U.S. 89 (reversing lower court's order imposing ban on communications, holding that the record showed no grounds on which it could be determined that the order was necessary or appropriate and the order was an unconstitutional restraint on expression under the First Amendment).

Plaintiffs are also asking the Court to decide substantive legal issues of contract

- 2 -

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

interpretation. The relief sought in numbered Paragraph 5 asks the Court to determine that Section 50 of the Fourth Amended Stipulation and Settlement Agreement ("Agreement") requires that settlement payments be made directly to the class members. Administrative Motion at 3. But Section 50 concerns enforceability of the Agreement, and the Objecting Class Members dispute that anything in that provision prohibits settlement payments from being made to a third party at a Class Member's direction.

Second, Plaintiffs invoke the Court's ability to "regulate class communications under Federal Rule of Civil Procedure 23(d)" as the authority under which the Court should grant the requested relief. *Id*. at 2:9-10. By Plaintiffs' own admission, their Administrative Motion is expressly barred by the language of Local Rule 7-11, which is only used for "miscellaneous administrative matters *not otherwise governed by a* federal statute, *Federal Rule*, local rule, or standing order…." (Emphasis added.)

The Court should deny Plaintiffs' Administrative Motion. The substantive legal issues cannot be decided through the administrative motion process and the motion is barred by the express terms of Local Rule 7-11.

### B.    The Court Lacks Jurisdiction To Order Unnamed Third Parties To Act

Plaintiffs' Administrative Motion is also improper and should be denied because the Court lacks jurisdiction to order unnamed third parties to take affirmative action.

The Court has jurisdiction only over the parties to this case—not over all unnamed third parties that have or might someday contract with a member of the class—and cannot order non-parties to act. *See*, *e.g.*, *Sigma Enterprises, LLC v. Alluring Deals, LLC*, 2017 WL 10439659, at *9 (C.D. Cal. Nov. 15, 2017) (denying request for injunctive relief that would require unidentified third parties to act); *KMS, LLC v. Major League Trucking, Inc.*, 2024 WL 5275598, at *2 (C.D. Cal. Sep. 16, 2024) (denying temporary restraining order that would require third parties to act because the Court lacked jurisdiction over them); *Yen v. Yin*, 2024 WL 3497843, at *2 (W.D. Wash. Jul. 22, 2024) (denying request for temporary restraining order on grounds that the court could not order a third party to take action); *Goldberg v. Barreca*, 2017 WL 3478431, *3 (D. Nev. Aug. 10, 2017) ("plaintiffs have not established that the court has personal jurisdiction over this

- 3 -

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

… third party necessary to bind it to this court's order and force it to comply with a preliminary injunction").

Paragraph 1 of the Administrative Motion asks the Court to order unnamed third parties to "prominently display[]" the proposed disclosure "in any solicitation or marketing materials, in any form, including on company websites, in mail and email solicitations, and in telephone and in-person solicitations, as well as in all agreements with Class Members." Administrative Motion at 2:11-26. Paragraph 2 of the Administrative Motion asks the Court to order unnamed third parties to notify class members that they can cancel any claims purchase contract and are entitled to receive a refund of any money received. *Id*. at 3:1-12. This requested relief would unquestionably require the Court to exercise jurisdiction it does not have, and for that reason should be denied.

### C.    Rule 23(d) Does Not Grant The Court The Authority To Grant Plaintiffs' Requested Relief

Plaintiffs invoke Rule 23(d) as grounds for the Court to order the relief it seeks, but that rule does not apply here. Rule 23(d) provides that a court may issue orders that:

(A)    **determine the course of proceedings** or prescribe measures to prevent undue repetition or complication in presenting evidence or argument;

(B)    **require**--to protect class members and fairly conduct the action--**giving appropriate notice** to some or all class members **of**:

(i)    **any step in the action**;

(ii)    **the proposed extent of the judgment**; or

(iii)    **the members' opportunity to signify whether they consider the representation fair and adequate**, **to intervene** and present claims or defenses, **or to otherwise come into the action**;

(C)    **impose conditions on the representative parties** or on intervenors;

(D)    **require that the pleadings be amended** to eliminate allegations about representation of absent persons and that the action proceed accordingly; or

(E)    **deal with similar procedural matters**.

Rule 23(d) (emphasis added). None of these provisions permit the Court to forbid members of the class from allowing their settlement payments to be made to someone else, to order third parties

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

- 4 -

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

to issue legal warnings, to order third parties to allow their own contracts with customers to be cancelled, or to order third parties to refund money to their customers.

**D.    It Is In The Best Interest Of The Objecting Class Members, And Others Similarly Situated, To Contract With Claims Buyers**

The Objecting Class Members voluntarily contracted with claims buyers to obtain benefits in exchange for a discounted settlement total settlement payment. As part of their contracts, the Objecting Class Members direct settlement payments to the claims buyers, while the claims buyers accept litigation, timing, and credit risks. This can be especially beneficial to class members in cases where, as here, the appeal of the settlement could delay payouts for months or years.

Plaintiffs' proposed relief at Paragraph 5 seeks to prohibit class members from directing that their settlement payments be made to a third party. This prohibition would make the Objecting Class Members' contracts with claims buyers more difficult, if not impossible, would interfere with their freedom to contract, and would cause harm. The Court should reject Plaintiffs' effort to interfere with the Objecting Class Members' rights, especially by this Administrative Motion.

## III.    CONCLUSION

For these reasons, the Court should deny Plaintiffs' Administrative Motion. If these issues are to be considered by the Court, Plaintiffs must proffer legal and factual support for the relief they seek and the Objecting Class Members must be allowed to respond in full.

Dated:  August 15, 2025

SHARTSIS FRIESE LLP

_/s/ Robert Charles Ward_

By:        ROBERT CHARLES WARD

Attorneys for Plaintiff Class Members
Jacob Copeland, Koby Quansah, Lamont Wade,
Marquis Waters, and Xavier Williams

10707873

Case No.
4:20-cv-03919-CW

PLAINTIFF CLASS MEMBERS' OPPOSITION TO
ADMINISTRATIVE MOTION