WARRINGTON S. PARKER III (SBN 148003)
  wparker@crowell.com
JOACHIM B. STEINBERG (SBN 298066)
  jsteinberg@crowell.com
JACOB S. CANTER (SBN 324330)
  jcanter@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone:  415.986.2800
Facsimile:  415.986.2827

Attorneys for Intervenor
OLANCA HOLDINGS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW |
| --- | --- |
| | **MOTION OF OLANCA HOLDINGS LLC TO INTERVENE UNDER FED. R. CIV. P. 24** |
| | Date:    N/A<br>Time:    N/A<br>Ctrm.:   Hon. Claudia Wilken<br>Judge:   N/A |

Olanca Holdings LLC ("Olanca") seeks to intervene in Case No. 4:20-cv-03919-CW, *In re College Athlete NIL Litigation* (N.D. Cal.), under Federal Rule of Civil Procedure 24(a)(2) (intervention of right). Olanca "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest[.]" And the existing parties do not adequately represent Olanca's interest. Intervention is thus proper.

## BACKGROUND

This Court has approved a settlement of several consolidated class action lawsuits alleging antitrust violations against the National Collegiate Athletic Association ("NCAA") and five collegiate athletic conferences. Assuming that the settlement is preserved and no other material changes are made pending appeal, class members—current and former college athletes—will receive distributions from class funds over the next ten years. Some class members have already chosen, and others may choose, to sell their claims to third parties and receive lump-sum payments now, rather than wait. Olanca is one of the third parties that has purchased some of the claims.

Class Counsel, from the law firm Hagens Berman Sobol Shapiro LLP, does not have a *per se* objection to class members selling claims, but has proposed a system to mitigate risk to class members while preserving their rights to choose to sell their claims. This proposed solution includes a required disclosure about tax consequences, procedural rules for how and when payments can be made to third-party purchasers of claims, and an indemnification form. Olanca does not oppose any of these mechanisms in principle, but has proposed revisions, which Class Counsel does not oppose, to the indemnification form. Olanca thus seeks to intervene to record its opposition to the proposed form and ask the Court to adopt its alternative language.

## ARGUMENT

Under Federal Rule of Civil Procedure 24(a)(a), an absent party must be allowed to intervene if the party, on a timely motion, "claims an interest relating to the property or transaction that is the subject of the action," "is so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest," and the existing parties do not adequately represent that interest. Fed. R. Civ. P. 24(a)(2); *see also* Wright & Miller, *Fed. Prac. & Proc. Civ.*

§ 1908 (3d ed.) Olanca meets all three prongs of the inquiry.

*First*, Olanca's intervention is timely. "Timeliness hinges on three primary factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Kalbers v. United States Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021) (internal citations and quotation marks omitted). Although this case is largely resolved, Olanca has moved to intervene swiftly after learning of adversity to its interests and avoided premature intervention that might squander judicial resources. *See id.* Given the limited nature of its intervention and the lack of opposition, there is no prejudice to other parties. Thus, under the liberal rules for intervention, Olanca's motion is timely. *See id.* (collecting cases); *see also, e.g.*, *W. Watersheds Project v. Haaland*, 22 F.4th 828, 840 (9th Cir. 2022).

*Second*, Olanca claims an interest in the property or transaction that is the subject of the action. Olanca has purchased claims from class members and thus has an interest in the disbursement of settlement funds. *See Sweeney v. Athens Reg'l Med. Ctr.*, 917 F.2d 1560, 1565-66 (11th Cir. 1990) (permitting intervention under Federal Rule 24(a)(2) in a matter related to the allocation of settlement funds); *see also, e.g.*, *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 696 (11th Cir. 2017); *cf. Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54 (S.D. N.Y. 2013). Relatedly, "[t]he impairment prong of FRCP 24(a)(2) is met when the disposition of the case would, as a practical matter, impair an intervention applicant's ability to protect his interest in the subject matter of the litigation." *Nish & Goodwill Servs., Inc. v. Cohen*, 191 F.R.D. 94, 97 (E.D. Va. 2000). Given that the disposition of this motion directly affects the nature of the contractual transactions that Olanca enters into with class members, the failure to allow Olanca to intervene would impair its interests.

*Third*, Olanca's interests will not be adequately protected absent intervention. "The burden of showing inadequacy of representation is minimal and satisfied if the applicant can demonstrate that representation of its interests may be inadequate. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (internal citation and quotation marks omitted). "The most important factor in assessing the adequacy of representation is how the interest compares with the interests of existing parties." *Id.* (internal citation and quotation marks omitted). Here,

1  Olanca's interests are not represented by the existing parties, because it is contractual counter-party
2  to class members, who are represented by class counsel, and Defendants should rationally be
3  indifferent to Olanca's interests. *See also W. Watersheds Project v. Haaland*, 22 F.4th at 841.

## CONCLUSION

The Court should grant Olanca's motion to intervene

Dated: September 12, 2025                       CROWELL & MORING LLP


By: */s/ Warrington S. Parker III*
    Warrington S. Parker III
    Joachim B. Steinberg
    Jacob S. Canter
    Attorneys for Intervenor
    OLANCA HOLDINGS LLC