Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
Meredith Simons (SBN 320229)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
bens@hbsslaw.com

*Class Counsel for Plaintiffs*

[Additional counsel on signature page]

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Sofia Arguello (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
Neha Vyas (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
sarguello@winston.com
aidale@winston.com
sviebrock@winston.com
nvyas@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
jparsigian@winston.com

*Class Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**PLAINTIFFS' OMNIBUS RESPONSE TO OBJECTIONS FILED AT ECF NOS. 1044, 1049-1054, 1056**<br><br>Hrg. Date:  November 6, 2025<br>Time:  1:30 p.m.<br>Judge:  Hon. Claudia Wilken<br>Courtroom:  3, Third Floor (and Zoom) |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT .........................................................................................................2

    A.    Objections regarding Title IX are not proper.........................................2

    B.    Complaints regarding schools' independent discretionary decisions
           are not proper objections to the settlement ..............................................4

    C.    Injunctive Relief Settlement Class Members are adequately
           represented by Class Counsel and the named Plaintiffs ..........................5

    D.    Objections regarding adequacy of the notice process should be
           overruled ..................................................................................................6

III.  CONCLUSION.......................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................................3

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
    339 U.S. 306 (1950).................................................................................................6

*In re TracFone Unlimited Serv. Plan Litig.*,
    112 F. Supp. 3d 993 (N.D. Cal. 2015) ..................................................................1

**Other Authorities**

Fed. R. Civ. P. 23 ....................................................................................................2, 6, 7

1

## I.    INTRODUCTION

On June 6, 2025, this Court granted final approval of the *House* Settlement Agreement in no small part because the injunctive relief portion of the settlement "would result in ground-breaking changes in NCAA rules that govern student-athlete compensation, which would enable NCAA schools to share their athletic revenues with Division I college student-athletes for the first time in the history of the NCAA and would eliminate NCAA limits on scholarships." *See* Op. and Order Granting Final Approval ("Final Approval Order"), ECF No. 978 at 2. The Court's prediction proved to be prophetic: the revenue-sharing system created by the Injunctive Relief Settlement Agreement has been a spectacular benefit to class members.

Now before the Court are a handful of objections to that injunction concerning issues the Court has already considered and rejected. No objector identifies any new development or revelation that both actually relates to the Injunctive Relief Settlement Agreement and warrants the Court altering its prior determination that this historic settlement is fair, reasonable, and adequate. Moreover, it appears that all but one of the objectors lack standing to object because they are not incoming student-athletes who are joining a Division I athletic team for the first time this year.[1] The purpose of the ongoing notice and objection process for new Injunctive Relief Settlement Class Members (*i.e.*, incoming athletes) is to ensure they are afforded an opportunity to object to the system they are entering. *See* Final Approval Order at 16. Here, however, several of the objectors were on a roster last year and already had an opportunity to object. *See* ECF Nos. 1044, 1051, 1052, 1053, 1056. Many of the objectors also lack standing because they are not currently on a Division I athletic team and thus not even members of the Injunctive Relief Settlement Class. *See*, ECF Nos. 1049,[2] 1050, 1052, 1053, 1056. In any event, there is no basis for the Court to reverse course on objections that were already (and correctly) overruled.

---

[1] The other – Objector Gracelyn Laudermilch – already objected to the same portions of the settlement (roster limits) that she objects to now. *See* ECF Nos. 666, 808.

[2] Objector Dominic Amoroso also lacks standing to object because he is not a class member. The Court previously declined to address objections filed by "parents, athletics associations, and other individuals and entities who are not class members, because non-class members do not have standing to object to the SA. *See In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 1008 (N.D. Cal. 2015) (holding that objector had "no legal standing to object to the settlement because he has not demonstrated that he is an aggrieved class member")." Even if Objector

First, each of the arguments based on Title IX is improper because this is not a Title IX case and the settlement does not and cannot address Title IX claims. Moreover, the settlement does not release claims arising out of Title IX in connection with the implementation of the Injunctive Relief Settlement. Second, the objections based on discretionary financial decision-making by schools are misplaced because the Injunctive Relief Settlement does not dictate how schools choose to allocate resources. Third, the Injunctive Relief Class is adequately represented by Class Counsel and the named Class Representatives. Pursuant to the settlement agreement, Class Counsel are and will continue to seek current college athletes to be added as Class Representatives during the ten-year term of the Injunctive Relief Settlement to the extent that it is reasonably possible, but as the Court already explained, this is not necessary to ensure adequacy of representation. Finally, as the Court already found, the notice process for incoming members of the Injunctive Relief Settlement Class satisfy the requirements of Rule 23 and due process. The Court should overrule each of the objections, again.

## II.     ARGUMENT

### A.     Objections regarding Title IX are not proper

Several of the objections reiterate Title IX-based arguments that the Court already addressed and rejected. First, some objectors argue that schools are choosing to allocate money under the Injunctive Relief Settlement in a manner that they believe violates Title IX. For example, one objector contends that her school is violating Title IX because it decided to provide a larger percentage of its revenue sharing to male athletes than female athletes. *See* ECF No. 1051. Another alleges that her school violated Title IX by deciding to cut certain women's sports in order to fund revenue sharing with men's sports. *See* ECF No. 1053.

These objections are misplaced because the settlement does not dictate how schools elect to share revenues and there is nothing in the settlement agreement that prevents or prohibits schools from distributing benefits and compensation pursuant to the Injunctive Relief Settlement in a

---

Amoroso did have standing to object as a parent of a class member, his daughter is not a member of the Injunctive Relief Class.

manner that complies with Title IX. And, as the Parties and Court have made clear, the settlement only releases liability from Title IX claims related to the damages settlement distribution itself, it does not require class members to release claims arising out of Title IX in connection with the implementation of the Injunctive Relief Settlement. *See* Final Approval Order at 64. Thus, to the extent that these objectors or any other class members believe that their schools are violating Title IX when providing benefits and compensation to student-athletes pursuant to the Injunctive Relief Settlement, the Settlement does not adversely affect their rights.

Some objectors, including Katherine McCabe Ernst who previously filed an objection on this same issue, *see* ECF No. 670, challenge the settlement's narrow release of Title IX claims "arising out of or relating to the distribution of the Gross Settlement Fund." *See* ECF Nos. 1049, 1051. Distribution of the Gross Settlement Fund does not concern the Injunctive Relief Settlement and, furthermore, the Court already overruled that argument at final approval. *See* Final Approval Order at 63 ("the objectors have cited no authority that Title IX applies to damages awards distributions or that damages distributions made by a claims administrator are subject to Title IX. Accordingly, the Court cannot conclude that Title IX violations will occur when the Gross Settlement Fund is distributed by the claims administrator pursuant to the damages allocations that Plaintiffs have proposed.").

Some of the objections also suggest various amendments to the settlement including changes that would require schools to publicly disclose all revenue-sharing payments broken down by sport and gender and expressly declare that revenue-sharing payments are subject to Title IX. *See* ECF Nos. 1049, 1051. But, as the Court has recognized, it cannot modify one part of the settlement and approve the rest. ECF No. 723 at 2 ("The Court cannot order changes to the agreement."); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (explaining that courts do not "have the ability to delete, modify or substitute certain provisions"). Rather, "[i]t is the settlement taken as a whole . . . that must be examined for overall fairness." *Id.* And, more importantly, the question of whether Title IX applies to the types of payments contemplated under the Injunctive Relief Settlement is an unresolved issue of legal statutory interpretation and this is

not the proper forum to resolve it. As the Parties have now explained several times, Plaintiffs did not assert Title IX claims in this litigation and the settlement does not and cannot address them.

**B. Complaints regarding schools' independent discretionary decisions are not proper objections to the settlement**

Many of the objectors argue that the settlement is not fair, reasonable and adequate because some schools decided to discontinue certain sports, cut certain athletes from their teams, or otherwise reallocate budgetary resources following the implementation of the Injunctive Relief Settlement. *See* ECF Nos. 1044, 1049, 1050, 1051, 1052, 1053, 1055. While it is certainly unfortunate that some athletes have lost athletic opportunities because their school decided to eliminate sports, reduce rosters, or shift financial resources, the Injunctive Relief Settlement did not direct any of those things. Indeed, the objectors themselves acknowledge that financial and other considerations factored into the schools' decisions. *See*, *e.g.*, ECF Nos. 1049, 1052, 1053 (acknowledging that Cal Poly president cited "state budget" and "overall financial health of the athletic department" as reasons for eliminating men's and women's swim and dive program); 1051 (alleging that some schools decided to discontinue *Alston* awards in order to allocate more money to revenue sharing); 1044 (acknowledging that school cut some athletes despite the fact that they were Designated Student Athletes not subject to roster limits due to Title IX compliance concerns).

As explained *supra*, the Injunctive Relief Settlement does not dictate how schools choose to allocate resources or fund revenue sharing. Schools have always had the discretion to eliminate sports and pursue their individual financial priorities; the Injunctive Relief Settlement does not change that. If a school chooses to cut a sport or reduce roster sizes for budgetary reasons or to reallocate financial resources, it has the discretionary authority to do so. And, as the Court previously held in overruling a similar objection at final approval, the fact that the settlement does not guarantee roster spots does not render the settlement unfair or unreasonable. As the Court explained, "under current NCAA rules, roster spots are not guaranteed for any student-athlete and schools have discretion to revoke roster spots for any reason. The parties' modifications of the SA maintain the schools' discretion to decide which student-athletes to have on their rosters. This does not render the SA unfair or unreasonable." Final Approval Order at 51.

1

2

**C.    Injunctive Relief Settlement Class Members are adequately represented by Class Counsel and the named Plaintiffs**

Some objectors contend that the named Plaintiffs cannot adequately represent members of the Injunctive Relief Settlement Class because they are no longer in college. *See* ECF Nos. 1044, 1051. This is wrong. In fact, the Court previously rejected this same argument at final approval finding that "the named Plaintiffs are adequate representatives for *all* class members, because they share with all class members a common interest in securing a more competitive market for the labor of Division I student-athletes and in achieving greater compensation for Division I student-athletes via this litigation. The existence of this overarching common interest is sufficient to conclude that future Division I student-athletes who are a part of the Injunctive Relief Settlement Class had adequate representation from the named Plaintiffs." Final Approval Order at 55. The Court's conclusion was correct then and it is still correct about six months later. The objectors do not even try to explain why, or cite any authority suggesting that, the Court was wrong previously.

The settlement agreement does state that the named Plaintiffs include "the named plaintiffs in the Action, as well as any individuals who may be added into the Action as additional named class representatives during the Term, with the intent that, to the extent reasonably possible, there is during the Term at least one current student athlete that is a Plaintiff." *See* Fourth Am. Stipulation and Settlement Agreement, ECF 958-1, § A.1(ll). Consistent with this provision, Class Counsel are and will continue to seek individuals to be added into the Action during the ten-year term of the Injunctive Relief Settlement to the extent that it is reasonably possible. But as the Court already explained, this is not necessary to ensure adequacy of representation.

One objector, Gracelyn Laudermilch, further argues that she was not adequately represented by Class Counsel because Class Counsel did not represent her in filing an objection at final approval. *See* ECF No. 1044. As an initial matter, Ms. Laudermilch already filed an objection, *see* ECF No. 666, and was heard at the final approval hearing on April 7, 2025. Beyond that, her complaint about Class Counsel appears to be based on a misunderstanding of the settlement and the role of Class Counsel. Here, Class Counsel's role is to represent the best interests of the class as a whole, not any individual member or objector. While Ms. Laudermilch certainly had the right

to file an objection, and she had the option to either represent herself or hire an independent attorney to represent her in doing so, Class Counsel was not obligated to represent her as an objector.[3] To the contrary, Class Counsel upheld its obligation to all members of the class by advocating for the approval of a settlement that significantly benefits them.

**D.    Objections regarding adequacy of the notice process should be overruled**

The Laudermilch objection further argues that the notice process for incoming class members is inadequate and suggests that "parents of children 8 years old and older should be informed of the Settlement" in order for notice to be sufficient. ECF No. 1044 at 3. The Court should overrule this objection for the same reasons that it already found notice to be adequate at final approval.

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Here, it would not be feasible, as Ms. Laudermilch suggests, to identify and notify every 8-year-old child that might eventually become an Injunctive Relief Settlement Class Member. Given the impracticability of identifying future members of the Injunctive Relief Class years before they become college athletes, the settlement agreement provides that, during the term of the Injunctive Relief Settlement, NCAA members shall take reasonable steps to provide notice of the Injunctive Relief Settlement in a form approved by the Court and Class Counsel to all incoming members of the Injunctive Relief Settlement Class at or before the time they first enroll at a Division I member school or later join, for the first time, a Division I athletic team. *See* Fourth Am. Stipulation and Settlement Agreement, ECF 958-1, ¶ 14. All such class members have the right to file written objections to a continuation of the Injunctive Relief Settlement within sixty days of receiving such notice and will not release their injunctive

---

[3] Class Counsel provided Ms. Laudermilch with detailed instructions to submit her objection to the Court, *see* ECF 1044 at Ex. 1, which resulted in her submitting multiple objections, *see* ECF Nos. 666, 808, and speaking at the April 7, 2025 fairness hearing.

and declaratory relief claims until they have received notice and an opportunity to object and the Court has resolved any objections.

In granting final approval and approving the supplemental notice plan less than three months ago as the best notice practicable, the Court found that these procedural protections satisfy the requirements of Rule 23 and due process, and it should make the same determination here.

### III.    CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the objections to the Injunctive Relief Settlement be overruled.

DATED: October 14, 2025

By */s/ Steve W. Berman*

    Steve W. Berman (*pro hac vice*)
    Emilee N. Sisco (*pro hac vice*)
    Stephanie Verdoia (*pro hac vice*)
    Meredith Simons (SBN 320229)
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1301 Second Avenue, Suite 2000
    Seattle, WA 98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
    steve@hbsslaw.com
    emilees@hbsslaw.com
    stephaniev@hbsslaw.com
    merediths@hbsslaw.com

    Benjamin J. Siegel (SBN 256260)
    HAGENS BERMAN SOBOL SHAPIRO LLP
    715 Hearst Avenue, Suite 300
    Berkeley, CA 94710
    Telephone: (510) 725-3000
    Facsimile: (510) 725-3001
    bens@hbsslaw.com

    Jeffrey L. Kodroff (*pro hac vice*)
    Eugene A. Spector (*pro hac vice*)
    SPECTOR ROSEMAN & KODROFF, PC
    2001 Market Street, Suite 3420
    Philadelphia, PA 19103
    Telephone: (215) 496-0300
    Facsimile: (215) 496-6611
    jkodroff@srkattorneys.com
    espector@srkattorneys.com

Respectfully submitted,

By */s/ Jeffrey L. Kessler*

    Jeffrey L. Kessler (*pro hac vice*)
    David G. Feher (*pro hac vice*)
    David L. Greenspan (*pro hac vice*)
    Sofia Arguello (*pro hac vice*)
    Adam I. Dale (*pro hac vice*)
    Sarah L. Viebrock (*pro hac vice*)
    Neha Vyas (*pro hac vice*)
    WINSTON & STRAWN LLP
    200 Park Avenue
    New York, NY 10166-4193
    Telephone: (212) 294-6700
    Facsimile: (212) 294-4700
    jkessler@winston.com
    dfeher@winston.com
    dgreenspan@winston.com
    sarguello@winston.com
    aidale@winston.com
    sviebrock@winston.com
    nvyas@winston.com

    Jeanifer E. Parsigian (SBN 289001)
    WINSTON & STRAWN LLP
    101 California Street, 21st Floor
    San Francisco, CA 94111
    Telephone: (415) 591-1000
    Facsimile: (415) 591-1400
    jparsigian@winston.com

    *Class Counsel for Plaintiffs*

*Class Counsel for Plaintiffs*

1

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

2

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence

3

in the filing of this document has been obtained from the signatories above.

4

By: _/s/ Steve W. Berman_

5

STEVE W. BERMAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28