Jacob K. Danziger (SBN 278219)
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA 94104 United States
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Calanthe Arat (SBN 349086)
Matthew Skanchy (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW <br><br> **DEFENDANTS' BRIEF IN RESPONSE TO OBJECTIONS** <br><br> Judge: Hon. Claudia Wilken |

Since the Court granted final approval of the settlement, 319 Division I member institutions, or over 80% of Division I, have begun providing some or all of the permissible additional benefits to student-athletes. Those benefits include direct payments newly permitted by the settlement and thousands of new athletic scholarships within the Defendant Conferences alone. After roster limits were implemented, over 23,000 student-athletes were deemed "Designated Student-Athletes," such that they can continue to participate in their sport throughout their remaining eligibility without ever counting toward a team's roster limit. In short, the settlement is working as expected, to the benefit of student-athletes throughout the country.

Working with Plaintiffs' counsel, the NCAA has ensured that all incoming Division I student-athletes received notice of, and an opportunity to object to, the settlement. That notice encompassed not only student-athletes that are completely new to college sports, but student-athletes who began their careers in Divisions II or III and have newly commenced participation in Division I. All told, the NCAA ensured that the class notice was distributed, through multiple independent means, to just under 56,500 student-athletes. With that process completed, only seven student-athletes (or less than .01%) have raised objections. None of those objections should stand in the way of the continuation of the approved injunctive settlement.

*First*, four members of the California Polytechnic State University Swimming and Diving Team have objected based largely on their institution's decision to eliminate that athletic program offering. *See* Dkt. Nos. 1049, 1050, 1052, 1053, 1054 ("Cal Poly Objectors"). As an initial matter, schools have always had discretion over which sports to offer, and the Settlement Agreement reflects that longstanding and uncontroversial policy. *See* Dkt. No. 978 at 51 (opinion approving settlement recognizing discretion over rosters); Dkt. No. 98-02 (2d Am. Injunctive Relief Settlement at Art. 4 § 1) ("Member Institutions each maintain the right to unilaterally reduce the number of sports, the roster size, and/or the number of athletic scholarships available to student-athletes of any sport."). This objection provides no new basis to revisit settlement approval. Indeed, as several of the Cal Poly Objectors note, their quarrel is not with the settlement, but with their member institution's choices. *See* Dkt No. 1053 ("[T]his explanation is misleading and unfairly shifts blame onto the Settlement instead of acknowledging the administration's choices.").

Moreover, long before their Objections were filed, all members of the Cal Poly Swimming and Diving Team were permitted to be treated as Designated Student-Athletes, even though they are technically ineligible for that status (as they lost their spots on account of the elimination of their sport, not the implementation of roster limits). In other words, the Cal Poly Objectors can attempt to transfer to and compete at any other Division I institution without counting against any roster limits for the duration of their eligibility.

Nor do the Cal Poly objections raise any other meritorious issues regarding the settlement. All raise concerns under Title IX regarding how their institution is allegedly implementing the settlement, but as the Court recognized, those issues are outside the scope of the settlement. *See* Dkt. No. 978 at 63–64. The Settlement does not create any new Title IX obligations, nor does it release any Title IX claims based on the implementation of the Injunctive Settlement. *See id.* at 15, 64. Several of the objections (Dkt. Nos. 1049, 1050) ask the Court to create new settlement-related reporting requirements under Title IX or to recalculate the Pool Structure based on Title IX, but there is no basis for revisiting these issues. As the Court concluded, the methodology for determining the Pool spending cap amounts, as well as the types of benefits and compensation that will count against the cap, is fair and reasonable despite the objectors' dissatisfaction with it, because it is the product of a compromise that takes into account the history of prior class actions challenging NCAA compensation restrictions, as well as the delay, risks and costs of continuing this litigation. Dkt. No. 978 at 46; *see also id.* at 64 ("There is nothing in the [Settlement Agreement] that would prevent or prohibit schools from distributing benefits and compensation pursuant to the Injunctive Relief Settlement in a manner that complies with Title IX.").

*Second*, Katherine McCabe Ernst has filed another objection, despite the Court already considering and appropriately rejecting her concerns at the hearing last year. Setting aside whether Rule 23 even permits student-athletes to object on multiple different occasions, Ms. Ernst's new objections are not well taken. Like the Cal Poly Objectors, Ms. Ernst raises Title IX concerns about how Vanderbilt University is allegedly implementing new benefits permitted by the Settlement, but those concerns are outside the scope of this case. *See* Dkt. No. 978 at 63–64. Ms. Ernst also appears to misunderstand how *Alston* payments and new scholarships operate under the

Settlement. *See* Dkt. No. 1051 at 3–4. The Settlement does not cap or limit *Alston* payments or new scholarships; on the contrary, it preserves schools' discretion to provide as much funding for *Alston* payments as they deem appropriate and as many new scholarships as they want. *See* Dkt. No. 980-02 (2d Am. Injunctive Relief Settlement at Art. 3 § 3(a)-(b)).

*Third*, Gracelyn Lee Laudermilch likewise re-objects to the settlement, but lacks a basis to raise the vast majority of issues covered by her objection. Ms. Laudermilch notes that she has earned a roster spot at her school, Dkt. No. 1044 at 7, which means she has no personal, concrete basis for objecting to the implementation of roster limits. Her complaint, in any event, seems to be that some other Designated Student-Athletes are being cut from rosters, *id.* at 4, but as the Court noted, that is not a change from the status quo before the Settlement. *See* Dkt. No. 978 at 51. What the Settlement provides is for Designated Student Athletes to have the opportunity to be on rosters at any Division I school without the roster limits posing an obstacle to them. *Id.* The Settlement does not, and need not, provide a guarantee that they will be rostered at any particular school. *Id.* Separately, Ms. Laudermilch challenges the notice program for incoming student-athletes, but the Court approved that program as the best notice practicable under the circumstances, Dkt. No. 1008, and Ms. Laudermilch herself acknowledges that she received the notice, *see* Dkt. No. 1044 at 3.

*Fourth*, and finally, Reid Hinds MacDonald objects to the implementation of roster limits, insofar as he no longer has a roster spot on the men's lacrosse team at Long Island University. Dkt. No. 1056. While the situation Mr. MacDonald describes is regrettable, he does not offer evidence that he would have retained a roster spot absent the implementation of roster limits, or that his member institution has wrongly denied him Designated Student-Athlete status.

The Settlement should accordingly remain in effect, without change, for the 2025-26 Academic Year.

| | |
|---|---|
| Dated: October 14, 2025 | Respectfully Submitted, |

**WILKINSON STEKLOFF LLP**

By: /s/ Rakesh N. Kilaru
Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Calanthe Arat (SBN 349086)
Matthew R. Skanchy (*pro hac vice*)
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

Jacob K. Danziger (SBN 278219)
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

**COOLEY LLP**

By: /s/ Whitty Somvichian
Whitty Somvichian (SBN 194463)
Kathleen R. Hartnett (SBN 314267)
Ashley Kemper Corkery (SBN 301380)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
wsomvichian@cooley.com
khartnett@cooley.com
acorkery@cooley.com

Mark Lambert (SBN 197410)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
mlambert@cooley.com

Dee Bansal (*pro hac vice*)
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842 7800
Facsimile: (202) 842 7899
dbansal@cooley.com

Attorneys for Defendant
PAC-12 CONFERENCE

| | |
|---|---|
| **MAYER BROWN LLP** | **SIDLEY AUSTIN LLP** |
| By: /s/ Britt M. Miller | By: /s/ Natali Wyson |
| Britt M. Miller (*pro hac vice*) | David L. Anderson (SBN 149604) |
| Daniel T. Fenske (*pro hac vice*) | 555 California Street, Suite 2000 |
| 71 South Wacker Drive | San Francisco, CA 94104 |
| Chicago, IL 60606 | Telephone: (415) 772-1200 |
| Telephone: (312) 782-0600 | Facsimile: (415) 772-7412 |
| Facsimile: (312) 701-7711 | dlanderson@sidley.com |
| bmiller@mayerbrown.com | |
| dfenske@mayerbrown.com | Angela C. Zambrano (*pro hac vice*) |
| | Natali Wyson (*pro hac vice*) |
| Christopher J. Kelly (SBN 276312) | Chelsea A. Priest (*pro hac vice*) |
| Two Palo Alto Square, Suite 300 | 2021 McKinney Avenue, Suite 2000 |
| 3000 El Camino Real | Dallas, TX 75201 |
| Palo Alto, CA 94306 | Telephone: (214) 969-3529 |
| Telephone: (650) 331-2000 | Facsimile: (214) 969-3558 |
| Facsimile: (650) 331-2060 | angela.zambrano@sidley.com |
| cjkelly@mayerbrown.com | nwyson@sidley.com |
| | cpriest@sidley.com |
| Attorneys for Defendant | |
| THE BIG TEN CONFERENCE, INC. | Attorneys for Defendant |
| | THE BIG 12 CONFERENCE, INC. |

| | | |
|---|---|---|
| 1 | **ROBINSON, BRADSHAW & HINSON, P.A.** | **LATHAM & WATKINS LLP** |
| 2 | | |
| 3 | By: /s/ Robert W. Fuller | By: /s/ Christopher S. Yates |
|   | Robert W. Fuller, III (*pro hac vice*) | Christopher S. Yates (SBN 161273) |
| 4 | Lawrence C. Moore, III (*pro hac vice*) | Aaron T. Chiu (SBN 287788) |

**ROBINSON, BRADSHAW & HINSON, P.A.**

By: /s/ Robert W. Fuller
Robert W. Fuller, III (*pro hac vice*)
Lawrence C. Moore, III (*pro hac vice*)
Amanda P. Nitto (*pro hac vice*)
Travis S. Hinman (*pro hac vice*)
Patrick H. Hill (*pro hac vice*)
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
rfuller@robinsonbradshaw.com
lmoore@robinsonbradshaw.com
anitto@robinsonbradshaw.com
thinman@robinsonbradshaw.com
phill@robinsonbradshaw.com

Mark J. Seifert (SBN 217054)
SEIFERT ZUROMSKI LLP
One Market Street, 36th Floor
San Francisco, California 941105
Telephone: (415) 999-0901
Facsimile: (415) 901-1123
mseifert@szllp.com

Kathryn Reilly (*pro hac vice*)
Michael Williams (*pro hac vice*)
**WHEELER TRIGG O'DONNELL LLP**
370 17th Street, Suite 4500
Denver, CO 80202
Tel: (303) 244-1800
Fax: (202) 244-1879
reilly@wtotrial.com
williams@wtotrial.com

Attorneys for Defendant
SOUTHEASTERN CONFERENCE

**LATHAM & WATKINS LLP**

By: /s/ Christopher S. Yates
Christopher S. Yates (SBN 161273)
Aaron T. Chiu (SBN 287788)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
chris.yates@lw.com
aaron.chiu@lw.com

Anna M. Rathbun (SBN 273787)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-1061
Facsimile: (202) 637-2201
anna.rathbun@lw.com

**FOX ROTHSCHILD LLP**

By: /s/ D. Erik Albright
D. Erik Albright (*pro hac vice*)
Jonathan P. Heyl (*pro hac vice*)
Gregory G. Holland (*pro hac vice*)
230 North Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 378-5400
ealbright@foxrothschild.com
jheyl@foxrothschild.com
gholland@foxrothschild.com

Attorneys for Defendant
THE ATLANTIC COAST CONFERENCE

## SIGNATURE CERTIFICATION

I, Rakesh N. Kilaru, am the CM/ECF user whose ID and password are being used to file the Defendants' Brief in Response to Objections. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: October 14, 2025                              Respectfully submitted,

                                                                 **WILKINSON STEKLOFF LLP**

                                                                 By:   */s/ Rakesh N. Kilaru*
                                                                         Rakesh N. Kilaru
                                                                         Attorney for Defendant
                                                                         National Collegiate Athletic Association