IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COLLEGE ATHLETE NIL LITIGATION | Case No. 20-cv-03919 CW<br><br>**ORDER OVERRULING OBJECTIONS TO THE CONTINUATION OF THE INJUNCTIVE RELIEF SETTLEMENT**<br><br>(Re: Dkt. Nos. 1044, 1050, 1051, 1052, 1053, 1056, 1060) |

On June 6, 2025, the Court granted Plaintiffs' motion for final approval of the Fourth Amended Stipulation and Settlement Agreement (SA), Docket No. 958-1, and ordered the entry of the Second Amended Injunctive Relief Settlement (hereinafter, IRS) pursuant to its terms. *See* Docket Nos. 978, 979. The SA provides that all incoming members of the Injunctive Relief Settlement Class at or before the time they first enroll at a Division I member school or later join, for the first time, a Division I member school athletic team shall be provided reasonable notice of the IRS and shall have the right to file written objections to the continuation of the IRS within sixty days of receiving such notice. *See* SA ¶ 14. Pursuant to an order of the Court, notice was disseminated electronically on July 23, 2025, to incoming members of the Injunctive Relief Settlement Class who will join a Division I team for the first time in the 2025-2026 academic year, and the deadline to file objections was September 22, 2025. *See* Docket No. 1008. Now before

the Court are objections to the continuation of the IRS filed by seven student-athletes.[1]  *See* Docket Nos. 1044, 1050, 1051, 1052, 1053, 1056, 1060.  The Court held a hearing on November 6, 2025, during which it heard arguments from the objectors who requested to speak at the hearing.  For the reasons set forth below, the Court OVERRULES the objections.

## LEGAL STANDARD

Under Rule 23(e)(5), any class member may object to a settlement agreement if it requires court approval under Rule 23(e).  "An objector to a proposed settlement agreement bears the burden of proving any assertions they raise challenging the reasonableness of a class action settlement."  *Noll v. eBay, Inc*., 309 F.R.D. 593, 602 (N.D. Cal. 2015) (citation omitted).  "To survive appellate review, the district court must show it has explored comprehensively all factors, and must give a reasoned response to all non-frivolous objections."  *Dennis v. Kellogg Co.*, 697 F.3d 858, 884 (9th Cir. 2012) (citations and quotation marks omitted).

## DISCUSSION

### A.    Objector Katherine McCabe Ernst

Objector Katherine McCabe Ernst has been a member of Vanderbilt University's Division I lacrosse team since 2022.  *See* Docket No. 1051.  Ernst concedes that she filed objections to the SA before the Court granted final approval of the same and that her attorney presented those objections to the Court on her behalf during the April 7, 2025, final approval hearing.  *See id.*  In her latest objection, Ernst mainly repeats arguments that were already considered and rejected by the Court in its opinion in support of its order granting final approval of the SA.  The arguments that Ernst repeats are that certain benefits and compensation that schools may provide to student-athletes pursuant to the IRS (such as *Alston* academic achievement awards) should not count toward the Pool cap, and that claims arising out of or relating to the distribution of the Gross Settlement Fund should not be released as part of the SA.  The Court overrules Ernst's objection to the extent that it is premised on these repetitive arguments, and it does so for the same reasons

---

[1] One of the seven objectors, Piper Whitty, submitted two identical letters.  *See* Docket Nos. 1050 and 1054.

discussed in its opinion in support of its order granting final approval of the SA. *See* Docket No. 978 at 45-46, 63-65.

Ernst's remaining arguments are unpersuasive. First, Ernst argues that the Court should not allow the IRS to continue in effect because the manner in which her school is distributing revenue-sharing payments to student-athletes is not in compliance with Title IX. *See* Docket No. 1051 at 2-3. Ernst requests that the Court amend the IRS to require that all revenue-sharing payments under the IRS comply with Title IX and that Division I member institutions publicly disclose all revenue-sharing payments they make under the IRS, broken down by sport and gender, to ensure compliance with Title IX.

The Court overrules this objection. The Court does not have the ability to modify the SA or the IRS. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ("Neither the district court nor this court have the ability to delete, modify or substitute certain provisions. . . . The settlement must stand or fall in its entirety.") (citations and internal quotation marks omitted). Moreover, to the extent that Ernst believes that revenue-sharing payments under the IRS violate Title IX, she and other members of the Injunctive Relief Settlement Class have the right to file separate lawsuits arising out of such violations given that such claims were not released as part of the SA. *See* SA ¶ 1(ww).

Second, Ernst contends that the Court should not allow the IRS to continue in effect because current members of the Injunctive Relief Settlement Class who are subject to the IRS do not have adequate representation from the named Plaintiffs given that none of the named Plaintiffs are current student-athletes. *See* Docket No. 1051 at 1-2. Ernst argues that, because the named Plaintiffs are not current student-athletes, they are not being impacted by the IRS like current members of the Injunctive Relief Settlement Class are.

The Court overrules this objection. As the Court explained in its opinion in support of its order granting final approval of the SA:

> [T]he named Plaintiffs are adequate representatives for all class members, because they share with all class members a common interest in securing a more competitive market for the labor of

3

> Division I student-athletes and in achieving greater compensation for Division I student-athletes via this litigation. The existence of this overarching common interest is sufficient to conclude that future Division I student-athletes who are a part of the Injunctive Relief Settlement Class had adequate representation from the named Plaintiffs.

*See* Docket No. 978 at 55. Additionally, although not necessary to ensure adequacy of representation, the Court has appointed Miller Moss, who is a current Division I student-athlete, as an additional class representative for the Injunctive Relief Settlement Class. *See* Docket No. 1063.

**B.     Objector Gracelyn Laudermilch**

Objector Gracelyn Laudermilch is a freshman at Liberty University who participates on that school's cross country and track teams and has Designated Student-Athlete (DSA) status. Docket No. 1044. Laudermilch concedes that she filed objections before the Court granted final approval of the SA and that she was heard by the Court during the final approval hearing of April 7, 2025. *See id.*

Laudermilch objects to the continuation of the IRS on the basis that Class Counsel failed to assist her in filing objections to the IRS and thus failed to provide her and other members of the Injunctive Relief Settlement Class with adequate representation. *See id.* at 2.

The Court overrules this objection. Laudermilch has not shown that Class Counsel have an obligation to represent her in filing objections to the IRS. Laudermilch has the right to represent herself or to hire an independent attorney to represent her in filing an objection. Accordingly, the fact that Class Counsel did not represent Laudermilch as an objector does not render them inadequate representatives for members of the Injunctive Relief Settlement Class. As discussed at length in its opinion in support of its order granting final approval of the SA, the Court has found that Class Counsel served as excellent representatives for members of the Injunctive Relief Settlement Class in negotiating the SA, which was in the best interests of those class members. *See* Docket No. 978 at 70-76.

Laudermilch also objects to the continuation of the IRS because Class Counsel purportedly did not consult with the named Plaintiffs and class representatives when negotiating the roster limits provisions of the IRS. According to Laudermilch, Class Counsel's failure to involve the named Plaintiffs and class representatives in the negotiations means that the roster limits

provisions do not take into account the interests of the members of the Injunctive Relief Settlement Class. *See* Docket No. 1044 at 3. Laudermilch points to statements that named Plaintiff and class representative Grant House allegedly made during a podcast in July 2025 that he had no involvement in the IRS's negotiations or in crafting its terms. *See id.*

The Court overrules this objection. The Court cannot conclude that the terms of the IRS do not reflect the input of the named Plaintiffs and class representatives or the interests of the members of the Injunctive Relief Settlement Class for two reasons. First, there is no evidence in the record showing that Class Counsel failed to consult with named Plaintiff and class representative Grant House or any other class representatives about the negotiations of the IRS. Any statements that Grant House may have made during a podcast are not in the record. Second, Grant House filed a declaration in which he attested that he communicated regularly with Class Counsel regarding the status of the case and that he consulted with Class Counsel "throughout the settlement process to ensure the classes w[ould] achieve a fair outcome." *See* Docket No. 583-6 ¶ 4.

Laudermilch also objects to the continuation of the IRS on the basis that the adequacy-of-representation requirement of Rule 23 is not met because none of the named Plaintiffs are current student-athletes and none have been impacted by the roster limits provisions of the IRS. *See* Docket No. 1044 at 5.

The Court overrules this objection for the same reasons discussed above in the context of Ernst's objection on the same topic.

Laudermilch next objects to the continuation of the IRS on the basis that the notice program that the Court approved is deficient because it does not require that notice be provided at this time to children who are eight years old and may eventually participate in Division I sports. *See* Docket No. 1044 at 3.

To comply with Rule 23 and due process, a court must direct notice "in a reasonable manner to all class members who would be bound by the proposal," *see* Fed. R. Civ. P. 23(e)(1), and the notice must be "reasonably calculated, under all the circumstances, to apprise interested

5

1    parties of the pendency of the action and afford them an opportunity to present their objections,"
2    *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).
3          The notice program that the Court approved satisfies those requirements. Because it is
4    impracticable to identify future members of the Injunctive Relief Settlement Class who have not
5    already been recruited to play Division I sports, the notice program that the Court approved when
6    it granted final approval of the SA is intended to provide notice of the IRS each year to each
7    incoming class of Division I student-athletes. *See* Docket No. 978 at 16-17, 54-55 (providing that
8    the notice program requires Division I members to provide notice of the IRS in a form approved
9    by the Court to incoming members of the Injunctive Relief Settlement Class "at or before the time
10   they first enroll at a Division I member school or later join, for the first time, a Division I member
11   school athletic team") (citing SA ¶ 14). On July 17, 2025, the Court approved the form of the
12   notice for incoming members of the Injunctive Relief Settlement Class for the 2025-2026
13   academic year, which was to be disseminated to those class members on July 23, 2025. *See*
14   Docket Nos. 1003, 1008. The Court finds that the notice program it approved is the most
15   reasonable and practicable method of notifying incoming members of the Injunctive Relief
16   Settlement Class of the IRS and of providing them with an opportunity to present their objections
17   to the continuation of the same. Laudermilch concedes that she received the notice on July 23,
18   2023, *see* Docket No. 1044 at 3, which supports that the notice program was effective in reaching
19   incoming members of the Injunctive Relief Settlement Class for the 2025-2026 academic year.
20   The fact that the notice will not be disseminated at this time to future Division I student-athletes
21   who will not be joining a Division I team during the 2025-2026 academic year does not mean that
22   the notice program does not comply with Rule 23 or due process. This is because it would not be
23   practicable at this time to identify future Division I student-athletes who have not been recruited to
24   play Division I sports.
25         Laudermilch next objects to the continuation of the IRS on the ground that the roster limits
26   provisions are causing harm to student-athletes who are being cut from athletic teams at her school
27   even though they received DSA status. *See* Docket No. 1044 at 4. Laudermilch argues that the
28   fact that student-athletes who have DSA status are being cut means that the DSA designation is

6

not serving its purpose. *See id.* Laudermilch requests an immediate stay of the roster limits provisions. *See id.*

To have standing to object to the roster limits provisions of the IRS, Laudermilch must show that she has been aggrieved by such provisions. *See In re First Cap. Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) ("Simply being a member of a class is not enough to establish standing. One must be an aggrieved class member."). Laudermilch has not done so. Because Laudermilch concedes that she is currently on a roster, *see* Docket No. 1044 at 1, she did not suffer harm from the implementation of the roster limits provisions. Accordingly, the Court overrules this objection for lack of standing.[2]

### C. Objector Reid Hinds Macdonald

Objector Reid Hinds Macdonald is a former member of Long Island University's Division I lacrosse team. Docket No. 1056. Macdonald objects to the continuation of the IRS on the ground that he was cut from his school's lacrosse team because of the IRS's roster limits provisions but his school did not give him, or others who were cut from the team, DSA status. *See id.* at 1-3. Macdonald contends that being cut from his team caused him financial and emotional harm. *See id.*

The Court overrules this objection. Any problem that Macdonald may have experienced in obtaining DSA status is not an appropriate ground for enjoining the continuation of the IRS for all members of the Injunctive Relief Settlement Class, because any such problem is limited to a single student-athlete at a single Division I school. The Court cannot assume, on this record, that other student-athletes who were cut from the lacrosse team at Long Island University experienced the

---

[2] Even if Laudermilch had standing, the Court would nevertheless overrule her objection regarding the roster limits provisions because Division I member institutions always have had discretion to decide which student-athletes to have on their rosters. That the IRS continues to afford that discretion to Divisions I institutions does not render it unfair or unreasonable to class members. Moreover, contrary to what Laudermilch represents, DSA status was not intended to guarantee a roster spot for student-athletes who have it. Instead, DSA status was intended to ensure that student-athletes who lost a roster spot because of the immediate implementation of roster limits would be exempt from roster limits at any Division I school for the remainder of their athletic careers so that they could have "*the opportunity* to be on a roster *at the discretion of a Division I school*." *See* Docket No. 978 at 51 (emphasis added).

7

same problem as Macdonald given that none of them filed objections indicating that they were improperly deprived of DSA status. Macdonald may contact Class Counsel to request advice about whether he should have received DSA status when he was cut from his school's lacrosse team. The SA requires schools to identify Designated Student-Athletes in good faith, and to provide copies of the DSA lists to Class Counsel so that Class Counsel can (1) ascertain that the DSA lists are accurate, and (2) ensure that any inaccuracies are corrected promptly. *See* Docket No. 978 at 52.

**D.     Objector Piper Whitty**

Objector Piper Whitty is a freshman at California Polytechnic State University who was offered a spot on her school's Division I swimming team for the 2025-2026 academic year in January 2025. However, her school cut its swimming program in March 2025, before the 2025-2026 academic year began. *See* Docket No. 1054. Whitty objects to the continuation of the IRS on the grounds that her school's decision to cut its swimming program after it opted into the IRS has deprived her and other student-athletes at her school of the opportunity to "enjoy a full college experience" and has harmed their athletic opportunities. *See id.* at 2. Whitty contends that her school has continued to fund its football program after opting into the IRS even though the school cited financial reasons for cutting its swimming program. *See id.* at 1.

The Court overrules this objection. Before the Court granted final approval of the SA, NCAA member schools had discretion to allocate their financial resources and to discontinue sports programs as they saw fit. NCAA member schools continue to have that discretion under the IRS. The IRS does not require any NCAA member institution to cut teams or to allocate its resources among Division I sports in any particular way. Accordingly, any injury that Whitty may have suffered as a result of her school's decision to cut her team was due to her school's exercise of its discretion to make programming decisions and budget allocations. Because any such injury was not caused by the IRS, that injury is not a proper ground for ordering that the IRS should not continue to be in effect.

### E. Objector Scott Iannaccone

Objector Scott Iannacone is a former member of California Polytechnic State University's Division I swimming team. Docket No. 1052. Iannaccone objects to the continuation of the IRS on the ground that his school chose to eliminate its swimming team after the school opted into the IRS. *See id.*

The Court overrules this objection for the same reasons discussed above in the context of Piper Whitty's objection.

### F. Objector Abigail Leight

Objector Abigail Leight is a former member of California Polytechnic State University's Division I diving team. Docket No. 1053. Leight objects to the continuation of the IRS on the ground that her school chose to eliminate its diving team after the school opted into the IRS even though the school continues to fund other sports programs, such as football. *See id.* Leight argues that her school's decision to cut its diving program deprived her and other female student-athletes of the opportunity to continue pursuing their sport at the Division I level. *See id.*

The Court overrules this objection for the same reasons discussed above in the context of Piper Whitty's objection.

### G. Objector Ariana Amoroso

Objector Ariana Amoroso[3] is a freshman at California Polytechnic State University who was recruited in November 2024 to participate in her school's Division I swimming team for the 2025-2026 academic year with an athletic scholarship. *See* Docket No. 1060 at 8. Her school cut its swimming program in March 2025, before the 2025-2026 academic year began. *See id.* Amoroso objects to the continuation of the IRS on the grounds that the elimination of her team at her school was caused by her school's decision to opt into the IRS and has deprived her of the athletic swimming scholarship she was supposed to receive and of the opportunity to pursue her

---

[3] Amoroso's objection was originally filed by her father on her behalf. *See* Docket No. 1049. Amoroso's father later moved to amend the objection so that the objection would be deemed to be written by Amoroso on her own behalf. *See* Docket No. 1060. The Court granted that motion on October 31, 2025. *See* Docket No. 1061.

sport at her school. *See id.* at 8-10. Amoroso requests that the Court order various amendments to the IRS to ensure that Division I member institutions comply with Title IX. *See id.* at 10-13.

The Court overrules this objection for the same reasons discussed above in the context of Piper Whitty's objection and Katherine McCabe Ernst's objection. As noted, the Court does not have the ability to modify the SA or the IRS. *See Hanlon*, 150 F.3d at 1026. To the extent that Amoroso believes that revenue-sharing payments under the IRS violate Title IX, she and other members of the Injunctive Relief Settlement Class have the right to file separate lawsuits arising out of such violations given that such claims were not released as part of the SA. *See* SA ¶ 1(ww).

## CONCLUSION

For the reasons discussed above, the Court overrules the objections to the continuation of the IRS. The SA and IRS shall remain in effect, without modification, for the 2025-2026 academic year.

No later than June 29, 2026, Plaintiffs shall file a proposed form of notice and proposed mechanism for the dissemination of the same for incoming members of the Injunctive Relief Settlement Class for the 2026-2027 academic year.

IT IS SO ORDERED.

Dated: November 13, 2025

CLAUDIA WILKEN
United States District Judge