United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: COLLEGE ATHLETE NIL
LITIGATION

Case No. 20-cv-03919 CW

**ORDER RE: STATUS REPORT
ABOUT CLAIM FORM FILED BY
ANTWUNE JENKINS AND DENYING
MOTION TO APPOINT COUNSEL**

(Re: Dkt. Nos. 1093, 1094)

Now before the Court is a status report filed by Class Counsel regarding the status of the settlement-related claim form filed by Antwune Jenkins, Docket No. 1094, as well as a motion for the appointment of counsel filed by Mr. Jenkins, Docket No. 1093.

Mr. Jenkins' late son, Tycoreous Jordan, allegedly played Division I football in 2020 for the University of Utah and Mr. Jenkins believes that he, as the alleged successor in interest of his late son's estate, may be eligible to receive payments under the settlement agreement that this Court approved in this action on June 6, 2025.

On September 11, 2025, the Court ordered Class Counsel to forward Mr. Jenkins' claim form to the claims administrator for processing and determination of whether Mr. Jenkins may have a claim to settlement funds as the alleged successor in interest of his late son's estate. *See* Docket No. 1034. The Court further ordered Class Counsel to file a status report regarding Mr. Jenkins' claim within ninety days. *See id.*

United States District Court
Northern District of California

In their status report of December 10, 2025, Class Counsel represented that Mr. Jenkins had failed to proffer sufficient proof to establish his paternity and beneficiary status. *See* Docket. No. 1079. Class Counsel attached a declaration by Mr. Jenkins to their status report, in which he requested that this Court adjudicate his paternity and beneficiary status. *See* Docket No. 1079-1.

In an order dated December 17, 2025, the Court declined to adjudicate the paternity and beneficiary status of Mr. Jenkins because (1) those issues arise out of state law; and (2) the Court has dismissed pursuant to the settlement agreement all claims over which it had original jurisdiction. *See* Docket No. 1083. The Court directed Class Counsel to continue to communicate with Mr. Jenkins to try to obtain the documentation necessary to verify his claim. *See id.*

On March 12, 2026, Mr. Jenkins filed a motion requesting that the Court appoint Hagens Berman Sobol Shapiro LLP as his counsel in connection with probate proceedings he intends to initiate to adjudicate his status as the beneficiary of his son's estate. *See* Docket No. 1093.

On March 30, 2026, Class Counsel filed a status report in which they represent that Mr. Jenkins has proffered a death certificate for Mr. Jordan that lists him as the father of Mr. Jordan. *See* Docket No. 1094. After conferring with the claims administrator, Class Counsel determined that the death certificate appears to be sufficient to establish Mr. Jenkins' paternity status. However, Class Counsel represent that Mr. Jenkins still has not proffered sufficient proof that he is the sole beneficiary of Mr. Jordan's estate. Class Counsel's status report further states:

> Plaintiffs do not believe it would be appropriate for Class Counsel to serve as Mr. Jenkins's personal attorney, advocating for his status as the sole beneficiary of Mr. Jordan's estate. Mr. Jenkins also points to no authority suggesting that Class Counsel should be compelled to be his personal attorney in this matter. Therefore, Class Counsel respectfully submit that Mr. Jenkins's request be denied. However, with the Court's permission, in the event that the appeals currently pending before the Ninth Circuit are ultimately resolved and the settlement payment process moves forward, Class Counsel propose that the claims administrator issue a check to the Estate of Tycoreous Jordan. Given the indication that Mr. Jenkins is Mr. Jordan's father, the administrator could mail that check to Mr. Jenkins, and Mr. Jenkins would retain the responsibility to go through the appropriate probate or other processes necessary to establish his right to the funds.

*See id.* at 2.

2

The Court DENIES Mr. Jenkins' motion to appoint Hagens Berman Sobol Shapiro LLP as his counsel in probate proceedings relating to his alleged status as beneficiary of Mr. Jordan's estate because Mr. Jenkins has not shown that the Court has the authority to appoint counsel for him in such proceedings.

Based on Class Counsel's recommendation, the Court permits the claims administrator, if and when the settlement payment process moves forward, to issue a check to the estate of Tycoreous Jordan in the care of Mr. Jenkins for any amounts that would have been paid to Mr. Jordan pursuant to the settlement agreement.  Mr. Jenkins will retain the responsibility to go through the appropriate probate (or other necessary) processes to establish his right to the funds.

IT IS SO ORDERED.

Dated:  April 20, 2026

CLAUDIA WILKEN
United States District Judge