Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
Meredith Simons (SBN 320229)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
bens@hbsslaw.com

*Class Counsel for Plaintiffs*

[Additional counsel on signature page]

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
Neha Vyas (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com
nvyas@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400
jparsigian@winston.com

*Class Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW |
| | **PLAINTIFFS' MOTION TO STRIKE OBJECTORS-APPELLANTS' OBJECTION TO PLAINTIFFS' MOTION TO ENFORCE THE FOURTH AMENDED STIPULATION AND SETTLEMENT AGREEMENT** |
| | Hrg. Date:  June 17, 2026 |
| | Time:  11:00 a.m. |
| | Judge:  Hon. Nathanael M. Cousins |
| | Courtroom:  Courtroom 5, 4th Floor |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................1

II.   ARGUMENT.......................................................................................................1

    A.    Objectors-Appellants' Objection is procedurally improper without a proper motion to intervene. ...................................................................1

    B.    Objectors-Appellants' Objection do not have a continuing right to object to Class Counsel's enforcement of the Settlement Agreement.........................................................................................................2

    C.    The "objection" contains misdirected arguments without any merit......................3

III.  CONCLUSION....................................................................................................5

PLS.' MOT. TO STRIKE OBJECTORS-APPELLANTS' OBJECTION TO PLS.' MOT. TO ENFORCE
FOURTH AM. STIPULATION AND SETTLEMENT AGREEMENT    Case No. 4:20-cv-03919-CW
010912-11/3558885 V1

## I.    INTRODUCTION

Plaintiffs hereby respectfully move this Court to strike Objectors-Appellants' Objection to Plaintiffs' Motion to Enforce the Fourth Amended Stipulation and Settlement Agreement. Dkt. No. 1097. The Court should strike Objectors-Appellants' Objection because they are not a party to this dispute and do not have standing to file their objection. Moreover, Objectors-Appellants did not move for, and this Court did not grant them, leave to file such a document. The numerous factual inaccuracies and mischaracterizations contained in the ostensible "objection" are a further indication of the impropriety of their pleading. Objectors-Appellants' Objection is procedurally improper and should be stricken from the record in its entirety.

## II.    ARGUMENT

### A.    Objectors-Appellants' Objection is procedurally improper without a proper motion to intervene.

As a preliminary matter, because Objectors-Appellants are not parties to this action, they do not have standing to submit pleadings or enter argument in this litigation. *See*, *e.g.*, *Federman v. Artzt*, 339 Fed. Appx. 31, 34 (2d Cir. 2009) (holding that unnamed class members did not have standing to file a motion in the class action); *Dungan v. Academy at Ivy Ridge*, 2009 WL 2176278, at *2 (N.D.N.Y. July 21, 2009) (holding that non-parties did not have standing to oppose a motion). And Objectors-Appellants did not move for, and this Court did not grant them, leave to file their Objection. As Courts in this District have held, "[w]hen a non-party seeks to enter a lawsuit, the proper mechanism provided by the Federal Rules of Civil Procedure is a motion to intervene under Rule 24." *Langell v. Ideal Homes LLC*, 2016 WL 6804604, at *2 (N.D. Cal. Nov. 17, 2016). Objectors-Appellants' status as class members does not excuse them from the need to comply with Rule 24. *See Brown v. Colegio De Abogados De Puerto Rico*, 826 F. Supp. 2d 406, 420 & 420 n.10 (D.P.R. 2011) (noting that putative intervenors would still have to intervene pursuant to Rule 24 notwithstanding class member status); *see also Hatamian v. Advanced Micro Devices, Inc.*, 2017 WL 1075051, at *1 (N.D. Cal. Mar. 22, 2017) (denying class member's motion to intervene as party plaintiff); *Zepeda v. PayPal, Inc.*, 2013 WL 2147410, at *1 (N.D. Cal. May 15, 2013) (same).

-1-

Moreover, even if they had followed the proper procedure and requested intervention, Objectors-Appellants have no right to intervene here. A person has a "right" to intervene only if they establish that: (1) the motion to intervene is timely; (2) there is sufficient interest in the litigation; (3) the interest may be affected or impaired as a practical matter by the disposition of the action; and (4) the interest is not being adequately represented by an existing party in the litigation. *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987). *See* Fed. R. Civ. P. 24 (a)(2). Where, as here, Class Counsel have the obligation and express authority to represent the interests of all absent Class Members, including the Objectors-Appellants, none of the Objectors-Appellants *need* to intervene to protect their rights (as Federal Rule of Civil Procedure 24(a) requires). *See In re Cmty. Bank of Northern Virginia*, 418 F.3d 277, 315 (3d Cir. 2005) ("To be clear, we are in no way suggesting that absent class members who merely express dissatisfaction with specific aspects of the proposed settlement or that attorneys (who, after finding one or more class members as clients, and wish to share in the forthcoming fee), have the right to intervene. The goals of Rule 23 would be seriously hampered if that were permitted.").

In circumstances when the Federal Rules of Civil Procedure and a District Court's Order do not authorize the filing of a motion or opposition thereto, the Court may strike it from the record. *See Wyatt v. Zanchi*, 2011 WL 5838438, at *5 (E.D. Cal. Nov. 21, 2011) (striking an unauthorized sur-reply); *York v. Stewart*, 2018 WL 1014456, at *2 (E.D. Cal. Feb. 21, 2018) (striking and disregarding the plaintiff's second opposition to motion for summary judgment as unauthorized); *Stalley v. ADS Alliance Data Sys., Inc.*, 2013 WL 1969262, at *2-3 (M.D. Fla. May 13, 2013) (striking unauthorized papers filed without leave.).

**B.      Objectors-Appellants' Objection do not have a continuing right to object to Class Counsel's enforcement of the Settlement Agreement.**

Additionally, even if individual class members had a right to intervene or submit separate briefing in certain circumstances, that should not be permitted in the current posture. Pursuant to the terms of the Settlement Agreement, "Class Counsel has the authority to exclusively monitor and enforce this Injunctive Relief Settlement on behalf of Injunctive Class Members throughout the Term." SA Art. 6, Sec. 1(c). The settlement's enforcement provision establishes that "[t]he

PLS.' MOT. TO STRIKE OBJECTORS-APPELLANTS' OBJECTION TO PLS.' MOT. TO ENFORCE
FOURTH AM. STIPULATION AND SETTLEMENT AGREEMENT          Case No. 4:20-cv-03919-CW
010912-11/3558885 V1

Court shall retain jurisdiction to resolve all disputes that may arise concerning compliance with, the validity of, interpretation or enforcement of the terms and conditions of this Injunctive Relief Settlement," SA Art. 6, Sec. 1(b), and "all claims set forth in subsection (b), immediately above, asserted on behalf of student-athletes shall be prosecuted exclusively by Class Counsel." SA Art. 6, Sec 1(c). This Court appointed Class Counsel as the exclusive representative of the Injunctive Relief Class, granted final approval of the settlement over the objections of these Objectors-Appellants and others, and declined to stay the Injunctive Relief Settlement in the face of the appeal currently pending before the Ninth Circuit. Nothing in the Settlement Agreement or the Court's Order Granting Final Approval allows these Objectors-Appellants or any other unnamed class member to interject themselves into disputes, like the one at issue here, regarding the interpretation or enforcement of the Settlement Agreement.

The Court's referral order, pursuant to the Settlement Agreement, clearly contemplated resolution of this dispute between Class Counsel and Defendants, not counsel for objectors whose objections to final approval were overruled. Allowing non-parties to the Settlement Agreement to intervene and brief these disputes, particularly without leave of the Court, would be inconsistent with the purpose of the Settlement Agreement and would disrupt the efficient resolution of contractual disputes subject to resolution by this Court.

These Objectors-Appellants have had a fulsome opportunity to express their objections to final approval of the settlement including the appointment of Class Counsel to represent the Class, and their objections were heard and overruled by the Court. Objector-Appellants ignore that determination and style their brief as an "objection" to Plaintiffs' motion. But there is no procedurally appropriate mechanism for them, at this stage, to "object" to a motion submitted by Class Counsel appointed by the Court seeking to enforce the Settlement Agreement.

## C.    The "objection" contains misdirected arguments without any merit

That this Motion to Strike should be granted is further indicated by the fact that the Objectors-Appellants misrepresent the facts—including citing Ninth Circuit meet and confer requirements for a motion in the district court, *see* Dkt. No. 1097 at 2—and raise issues that are

not relevant to resolving the dispute before this Court. That highlights the danger of allowing non-parties to interject themselves without leave in disputes over enforcement of the Settlement Agreement approved by this Court.

For example, Objectors-Appellants include irrelevant procedural facts by citing Ninth Circuit meet-and-confer requirements that are not applicable for a motion in the district court *See* Dkt. No. 1097 at 2. And they simultaneously omit relevant procedural facts including that the Court already overruled their prior objections, put the Injunctive Relief Settlement in place without a stay, and authorized Magistrate Cousins to resolve contractual issues regarding the Injunctive Relief Settlement.

Objectors-Appellants also wrongly claim that "Class Counsel's motion introduces terminology and limitations not found in, or authorized by, the operative settlement." Dkt. No. 1097 at 6. This is misguided. The CSC is the "Designated Enforcement Entity" that the Settlement Agreement allowed Defendants to create. *See* Fourth Amended Settlement Agreement Art. 1, Sec. 1(h). Further, Multimedia Rights companies are a category of entity that is well-recognized in the industry.

Finally, Objectors-Appellants are wrong on the facts of what the settlement does and continue to try to make this a Title IX issue, even though the Injunctive Relief Settlement explicitly states that no Title IX claims are waived, and the Court has repeatedly explained that this is not a Title IX case. *See, e.g.*, Order Granting Final Approval, Dkt. No. 978 at 63-64; Order Overruling Objections to the Continuation of the Injunctive Relief Settlement, Dkt. No. 1071 at 10. The settlement does nothing to prevent Title IX claims, either for injunctive relief or damages, against any entity that a plaintiff believes is violating Title IX during the Injunctive Relief period.

Objectors-Appellants' suggestion that the CSC is somehow mandated by the Settlement or otherwise has the authority to enforce Title IX, is incorrect and finds no support in the text of the Settlement Agreement. The CSC's role is not to engage in Title IX enforcement or to evaluate NIL deals for the extent to which they are or are not discriminatory. And the case law

upon which Objectors-Appellants rely simply does not stand for the proposition that the Court, upon ruling on Plaintiffs' motion, becomes a state actor with a duty to protect Class Members from unconstitutional discrimination. Their objection is not well-founded.

### III.     CONCLUSION

In light of the foregoing, Plaintiffs' Motion to Strike should be granted, and non-party Objectors-Appellants' Objection to Plaintiffs' Motion to Enforce the Settlement Agreement should be stricken from the record.

PLS.' MOT. TO STRIKE OBJECTORS-APPELLANTS' OBJECTION TO PLS.' MOT. TO ENFORCE
FOURTH AM. STIPULATION AND SETTLEMENT AGREEMENT        Case No. 4:20-cv-03919-CW
010912-11/3558885 V1

DATED: May 11, 2026

Respectfully submitted,

By */s/ Steve W. Berman*
    Steve W. Berman (*pro hac vice*)
    Emilee N. Sisco (*pro hac vice*)
    Stephanie Verdoia (*pro hac vice*)
    Meredith Simons (SBN 320229)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: ( 206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

Jeffrey L. Kodroff (*pro hac vice*)
Eugene A. Spector (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, PC
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
jkodroff@srkattorneys.com
espector@srkattorneys.com

*Class Counsel for Plaintiffs*

By */s/ Jeffrey L. Kessler*
    Jeffrey L. Kessler (*pro hac vice*)
    David G. Feher *(pro hac vice)*
    David L. Greenspan *(pro hac vice)*
    Adam I. Dale *(pro hac vice)*
    Sarah L. Viebrock *(pro hac vice)*
    Neha Vyas (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
jkessler@winston.com
dfeher@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com
nvyas@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile:  (415) 591-1400
jparsigian@winston.com

*Class Counsel for Plaintiffs*

-6-

-7-

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

By: /s/ *Steve W. Berman*
STEVE W. BERMAN