Leigh Ernst Friestedt
EQUITY IX, LLC
40 Mercer St., Suite 15
New York, NY 10013
Telephone: (917) 513-5541
Email: leigh@equityix.com

Jeffrey E. Faucette
SKAGGS FAUCETTE, LLP
505 Montgomery St., 11th Floor
San Francisco, CA 94111
Telephone: (415) 874-3181
Email: jeff@skaggsfaucette.com

*Attorneys for Objectors-Appellants: Charlotte North, Mai Nirundorn, Sarah Brooke Baker, Katherine McCabe Ernst, Piper Whitty, Ariana Amoroso, Scott Iannaccone, Abigail Leight, and Reid Hinds Macdonald*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No.  4:20-cv-03919-CW<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE OBJECTORS-APELLANTS' OBJECTION TO PLAINTIFFS' MOTION TO ENFORCE THE FOURTH AMENDED STIPULATION AND SETTLEMENT AGREEMENT**<br><br>Hrg. Date:   June 10, 2026<br>Time:          11:30 a.m.<br>Judge:        Hon. Nathanael M. Cousins<br>Courtroom:  Courtroom 5 (via Zoom) |

# TABLE OF CONTENTS

**Page(s)**

I.  INTRODUCTION ................................................................................................................. 1

II.  PROCEDURAL HISTORY ................................................................................................ 2

III.  LEGAL STANDARD......................................................................................................... 4

    A.  Rule 12(f) Authorizes Striking Material Only from Pleadings ........................................ 4

    B.  Even If Considered Under Inherent Authority, Striking Is Disfavored............................. 4

    C.  A Motion to Strike Is Not a Vehicle to Resolve Merits Disputes ..................................... 4

IV.  ARGUMENT....................................................................................................................... 5

    A.  The Motion to Strike Exceeds Rule 12(f) Authority Because the Objection is Not a Pleading ...................................................................................................................... 5

    B.  Even If the Court Considers the Motion Under Its Inherent Authority, the Objection Should Not Be Stricken Because It Is Relevant and Non-Prejudicial ............. 6

    C.  Class Counsel's Procedural Arguments Do Not Justify Striking the Objection ............... 7

        1.  Objectors-Appellants Have a Direct and Cognizable Interest in the Relief Class Counsel Seeks ....................................................................................... 7

        2.  Rule 24 Intervention Is Not a Basis to Strike a Relevant Class-Member Objection.................................................................................................................. 8

    D.  Class Counsel's Failure to Confer and Failure to Provide Notice Further Support Denial of the Motion to Strike ........................................................................................... 8

V.  CONCLUSION.................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Colaprico v. Sun Microsystems, Inc.*,
   758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ..................................................................... 4, 7, 8

*In re Gypsum Antitrust Cases*,
   565 F.2d 1123, 1127 (9th Cir. 1977). .............................................................................. 9, 10

*Platte Anchor Bolt, Inc. v. IHI, Inc.*,
   352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) ............................................................ 4, 6, 7, 8

*Sidney-Vinstein v. A.H. Robins Co.*,
   697 F.2d 880, 885 (9th Cir. 1983) ......................................................................................... 5

*Whittlestone, Inc. v. Handi-Craft Co.,*
   618 F.3d 970, 974–75 (9th Cir. 2010) .................................................................................... 5

**Statutes**

Fed. R. Civ. P. 12(f) .............................................................................................................. passim

Fed. R. Civ. P. 23(d) ............................................................................................................ 8, 9, 10

Fed. R. Civ. P. 24 ........................................................................................................................... 8

Fed. R. Civ. P. 7(a) ................................................................................................................. 1, 4, 5

**Other Authorities**

Civil L.R. 1-5(n) ........................................................................................................................ 2, 9

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPELLANTS' MOTION TO ENFORCE
Case No. 4:20-cv-03919-CW

## I.    INTRODUCTION

Objectors-Appellants Charlotte North ("North"), Mai Nirundorn ("Nirundorn"), Sarah Brooke Baker ("Baker"), Katherine McCabe Ernst ("Ernst"), Piper Whitty ("Whitty"), Ariana Amoroso ("Amoroso"), Scott Iannaccone ("Iannaccone"), Abigail Leight ("Leight"), and Reid Hinds Macdonald ("Hinds Macdonald"), respectfully oppose Class Counsel's Motion to Strike Objectors-Appellants' Objection to Plaintiffs' Motion to Enforce the Fourth Amended Stipulation and Settlement Agreement ("Motion to Strike"). ECF 1100.

Class Counsel's Motion to Strike should be denied on multiple independent grounds. First, Fed. R. Civ. P. 12(f) does not authorize striking Objectors-Appellants' Objection ("Objection") because the Objection is not a pleading within the meaning of Fed. R. Civ. P. 7(a). Rule 12(f) permits a court to strike certain material only from a "pleading," and Rule 7(a) defines pleadings to include complaints, answers, counterclaims, crossclaims, third-party complaints, third-party answers, and court-ordered replies—not objections. The Objection is therefore not subject to Rule 12(f).

Second, even if the Court considers the Motion to Strike under its inherent authority or by analogy to Rule 12(f), striking is unwarranted because the Objection is not immaterial or prejudicial. It addresses the same issues raised by Class Counsel's Motion to Enforce, including the interpretation and administration of the Settlement Agreement, the scope of the "Associated Entity or Individual" definition, the treatment of Multimedia Rights companies ("MMRs"), arbitration procedures, CSC oversight, and the rights of Class Members bound by the Settlement. Class Counsel's disagreement with those arguments is a merits dispute, not a basis to strike the Objection from the record.

Third, Class Counsel's procedural arguments do not justify striking the Objection. Class Counsel argues that Objectors-Appellants are "not a party to this dispute and do not have standing." ECF 1100 at 3. But that is not a Rule 12(f) basis to remove the Objection from the record. At most, Class Counsel identifies a dispute about the proper form of Objectors-Appellants' participation. That dispute does not make the Objection immaterial or prejudicial. Objectors-Appellants are Class Members bound by the Settlement, filed timely objections to the Injunctive Relief, and have a direct interest in how the Settlement is interpreted and enforced.

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPELLANTS' MOTION TO ENFORCE
Case No. 4:20-cv-03919-CW

Fourth, Class Counsel sought to strike the Objection without first conferring with Objectors-Appellants. Objectors-Appellants do not contend that the Northern District of California's Civil Local Rules impose a general meet-and-confer requirement before every ordinary motion, including a motion to strike. See Civil L.R. 1-5(n). But the lack of conferral remains relevant where Class Counsel seeks to remove from the record an Objection filed by Class Members whose rights may be affected by the requested post-judgment enforcement relief. Defendants raised the same concern in opposing the Motion to Enforce, explaining that Class Counsel came to the Court "without adequately meeting and conferring with Defendants' counsel" and sought "a sweeping ruling that would short-circuit this arbitration, and more to come." ECF 1099 at 15.

Fifth, Class Counsel also failed to provide affected Class Members with notice of the Motion to Enforce or an opportunity to be heard, even though the motion seeks relief that would affect the operation of the Injunctive Relief. The Motion to Enforce asks the Court to exclude MMRs and third-party brand sponsors from CSC oversight. ECF 1095 at 5–6. The Objection responds directly to that request and explains why Objectors-Appellants contend that relief would affect CSC oversight, arbitration procedures, third-party payment structures, and the practical operation of the Injunctive Relief. ECF 1097 at 5, 10, 14–22.

Striking the Objection would prejudice Objectors-Appellants and affected Class Members by removing relevant class-member arguments from the record before the Court rules on Class Counsel's requested post-judgment enforcement relief. The Court should deny the Motion to Strike and allow the Objection to remain on the record for consideration in connection with Class Counsel's requested enforcement relief.

## II.    PROCEDURAL HISTORY

On April 20, 2026, Plaintiffs' Counsel Steve W. Berman of Hagens Berman Sobol Shapiro LLP and Jeffrey L. Kessler of Winston & Strawn LLP filed a Motion to Enforce the Fourth Amended Stipulation and Settlement Agreement ("Motion to Enforce"). ECF 1095. The Motion to Enforce was filed on behalf of eighteen University of Nebraska football players and sought an order declaring that MMRs and third-party brand sponsors are not "Associated Entities or Individuals" under the Second

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPELLANTS' MOTION TO ENFORCE
Case No. 4:20-cv-03919-CW

Amended Injunctive Relief Settlement and therefore fall outside the oversight of the College Sports Commission ("CSC"). ECFs 1095 at 4–5; 1103 at 2.

On April 29, 2026, Objectors-Appellants filed their Objection, explaining that Class Counsel's Motion to Enforce would eliminate CSC oversight and risk enabling school-connected payment structures that disproportionately benefit football and men's basketball at the expense of women's and Olympic sports. ECF 1097 at 5, 14–20. Defendants, the NCAA and Power Five Conferences, filed their own Opposition on May 4, 2026, likewise arguing that Class Counsel's motion is "extraordinary," improperly narrows the definition of "Associated Entity or Individual," and "seeks to rewrite the Settlement, not enforce it." ECF 1099 at 4–5.

On May 11, 2026, Class Counsel moved to strike only Objectors-Appellants' filing on procedural grounds—while leaving Defendants' substantive opposition untouched—arguing that Objectors-Appellants "are not a party to this dispute and do not have standing." ECF 1100 at 3. The Motion to Strike is the subject of this Opposition.

On May 18, 2026, Defendants filed a Notice of Supplemental Authority regarding Arbitrator Andrew M. Strongin's decision in *18 Student-Athletes on the University of Nebraska-Lincoln Football Team v. The College Sports Commission*, CSC Case No. 2026-002 (May 11, 2026). ECF 1103. In that decision, Arbitrator Strongin concluded that "CSC properly determined that Playfly is an associated entity, and CSC properly determined not to clear the NIL deals at issue." ECF 1103 at 2.

On May 21, 2026, Class Counsel filed a Response to Defendants' Notice of Supplemental Authority, asserting that the "Associated Entities or Individuals" provision regulates only money flowing from entities or individuals, such as collectives or boosters, who are "most likely to pay athletes out of their own pocket," and does not apply to payments that originate with a school. ECF 1105 at 5. Class Counsel further argued that the CSC should not have "unbridled review power" over every third-party NIL agreement involving MMRs or third-party brand sponsors, reframing the dispute as one about limiting the scope of CSC review rather than applying the Settlement's plain language. ECF 1105 at 4–5.

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPELLANTS' MOTION TO ENFORCE
Case No. 4:20-cv-03919-CW

### III.    LEGAL STANDARD

**A. Rule 12(f) Authorizes Striking Material Only from Pleadings**

Rule 12(f) permits a court to strike from a **pleading** "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). The rule is limited by its text to pleadings. Rule 7(a) defines "pleadings" to include complaints, answers to complaints, answers to counterclaims, answers to crossclaims, third-party complaints, answers to third-party complaints, and court-ordered replies. Rule 7(a). Objections, motions, briefs, oppositions, affidavits, and other motion-practice filings are not pleadings.

The Ninth Circuit confirms that limitation. In *Sidney-Vinstein v. A.H. Robins Co.*, the court held that "[u]nder the express language of the rule, only pleadings are subject to motions to strike." 697 F.2d 880, 885 (9th Cir. 1983). The Ninth Circuit further held that Rule 12(f) did not authorize striking a motion to reconsider because the motion was not material contained in the pleadings. *Id.* at 885–86. Other courts have applied the same rule to deny Rule 12(f) motions directed at non-pleading filings. See, e.g., *Palmer Holdings & Invs., Inc. v. Integrity Ins. Co.*, 505 F. Supp. 3d 842, 862 (S.D. Iowa 2020) (denying motion to strike because an affidavit is not a pleading and therefore is not the proper subject of a Rule 12(f) motion).

**B. Even If Considered Under Inherent Authority, Striking Is Disfavored**

Even where a court considers a request to strike under its inherent authority or by analogy to Rule 12(f), striking remains a disfavored remedy. Courts in this District generally deny motions to strike unless the challenged material clearly could have no possible bearing on the subject of the litigation, and any doubt is resolved against striking. *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Courts also consider whether the moving party would suffer prejudice if the challenged material remains. *Platte Anchor Bolt*, 352 F. Supp. 2d at 1058–59.

**C. A Motion to Strike Is Not a Vehicle to Resolve Merits Disputes**

Rule 12(f) may not be used to resolve substantive legal disputes. In *Whittlestone, Inc. v. Handi-Craft Co.*, the Ninth Circuit held that Rule 12(f) does not authorize courts to strike claims for damages on the ground that they are precluded as a matter of law. *Whittlestone, Inc. v. Handi-Craft*

4

*Co.,* 618 F.3d 970, 974–75 (9th Cir. 2010). The Ninth Circuit explained that such a motion is, in substance, an attempt to obtain dismissal or summary judgment—relief "better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Id.* at 974.

## IV.    ARGUMENT

Because the Objection is not a pleading, directly addresses issues raised by Class Counsel's Motion to Enforce, and is highly relevant to the interpretation, administration, and operation of the Injunctive Relief Settlement, Class Counsel's Motion to Strike falls outside the narrow scope of Rule 12(f) and must be denied.

**A.  The Motion to Strike Exceeds Rule 12(f) Authority Because the Objection is Not a Pleading**

Rule 12(f) does not authorize striking the Objection because the Objection is not a pleading. Rule 12(f) permits a court to strike certain material only from a "pleading," and Rule 7(a) defines pleadings to include complaints, answers, counterclaims, crossclaims, third-party complaints, third-party answers, and court-ordered replies. An objection to a post-judgment enforcement motion is not included in Rule 7(a)'s definition.

The Ninth Circuit has held that "[u]nder the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The court therefore held that Rule 12(f) did not authorize striking a motion to reconsider because the motion was not material contained in the pleadings. *Id.* at 885–86. The same reasoning applies here. Class Counsel seeks to strike an Objection, not material contained in a pleading. The Motion to Strike should be denied on that basis alone.

Nor may Class Counsel use Rule 12(f) to obtain indirectly what Rule 12(f) does not authorize directly. Even if Class Counsel believes Objectors-Appellants lack standing, should have sought intervention, or are wrong on the merits, those objections do not make the Objection the proper subject of a Rule 12(f) motion. A motion to strike is not the proper vehicle for challenging the legal sufficiency of an argument or for resolving contested procedural or merits issues. See *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010).

**B. Even If the Court Considers the Motion Under Its Inherent Authority, the Objection Should Not Be Stricken Because It Is Relevant and Non-Prejudicial**

Even if the Court considers the Motion to Strike under its inherent authority or by analogy to Rule 12(f), the Objection should not be stricken. The Objection cannot be characterized as immaterial, impertinent, or prejudicial. See *Platte Anchor Bolt*, 352 F. Supp. 2d at 1057–59; *Colaprico*, 758 F. Supp. at 1339. It addresses core settlement-administration questions directly raised by the Motion to Enforce, including the scope of the "Associated Entity or Individual" definition, the applicability of the Settlement's arbitration and dispute-resolution procedures, and the fairness and due-process implications of excluding MMRs and third-party brand sponsors from CSC oversight.

These issues are central to the Court's task of interpreting and enforcing the Settlement Agreement. Class Counsel's Motion to Enforce asks the Court to declare that MMRs and third-party brand sponsors are not "Associated Entities or Individuals" under the Settlement and therefore fall outside CSC oversight. ECF 1095 at 5–6. Objectors-Appellants' Objection responds directly to that request. ECF 1097 at 5, 10, 14–22. Striking the Objection would remove necessary class-member arguments about whether Class Counsel's requested relief is consistent with the Settlement's text.

Defendants' Opposition confirms that the issues raised in the Objection are central to the Motion to Enforce, not collateral. ECF 1099. Defendants likewise argue that Class Counsel's Motion to Enforce is "extraordinary," improperly narrows the definition of "Associated Entity or Individual," and "seeks to rewrite the Settlement, not enforce it." ECF 1099 at 4–5. Where the Objection addresses the same central issues raised by Class Counsel and Defendants, it has a direct bearing on the dispute before the Court.

Class Counsel also cannot show prejudice from allowing the Objection to remain on the record. Disagreement with the Objection is not prejudice. Nor is the existence of class-member arguments contrary to Class Counsel's position a basis to strike. If Class Counsel believes the Objection is wrong, the proper response is to address it on the merits—not to remove it from the record.

Striking the Objection, however, would prejudice Objectors-Appellants and affected Class Members by removing class-member arguments on critical enforcement issues. Class Counsel has

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPELLANTS' MOTION TO ENFORCE
Case No. 4:20-cv-03919-CW

represented that the Settlement gives it authority to "exclusively monitor and enforce the Injunctive Relief Settlement on behalf of the Injunctive Relief Class Members throughout the Term." ECF 958-1, Art. 6, § 1(c); ECF 1100 at 4. Where Class Counsel invokes its claimed authority to speak for the Injunctive Relief Class while asking the Court to strike the class-member filing that specifically raises the interests of women's and Olympic-sport athletes, the Court should not remove the Objection from the record. See ECF 1097 at 5–7, 10, 14–22.

Allowing the Objection to remain on the record ensures that the Court can consider relevant class-member arguments before ruling on the Motion to Enforce. Removing it would prejudice Objectors-Appellants and affected Class Members whose rights may be affected by the requested enforcement relief.

**C.  Class Counsel's Procedural Arguments Do Not Justify Striking the Objection**

Class Counsel argues that Objectors-Appellants are "not a party to this dispute and do not have standing." ECF 1100 at 3. That argument does not justify striking the Objection because it does not show that the Objection is immaterial, prejudicial, or the proper subject of a Rule 12(f) motion. See *Platte Anchor Bolt*, 352 F. Supp. 2d at 1057–59; *Colaprico*, 758 F. Supp. at 1339. At most, Class Counsel raises a procedural question about Objectors-Appellants' participation. Class Counsel does not provide a basis for removing an Objection filed on behalf of class members with an interest at stake from the record.

**1.  Objectors-Appellants Have a Direct and Cognizable Interest in the Relief Class Counsel Seeks**

Objectors-Appellants are not strangers to this case. They are Class Members bound by the Settlement who filed timely objections to the Injunctive Relief and have a direct interest in how the Settlement is interpreted and enforced. Their pending Ninth Circuit appeals further confirm that interest and reinforce why Objectors-Appellants' views should be part of the record before the Court rules on relief that may narrow Settlement protections. Case Nos. 25-3835, 25-7461, 25-7467, 25-7469, 25-7869.

The Motion to Enforce does not merely ask the Court to apply existing Settlement terms. It asks the Court to alter the scope of the defined term "Associated Entity or Individual" by categorically

excluding MMRs and third-party brand sponsors from that definition. ECF 1100. That reinterpretation would affect how the Injunctive Relief Settlement operates in practice, including by reducing CSC oversight over NIL transactions and school-connected payment structures. The Objection addresses these issues directly. ECF 1097.

### 2. Rule 24 Intervention Is Not a Basis to Strike a Relevant Class-Member Objection

Class Counsel's intervention argument does not support striking the Objection. At most, it raises a procedural question about how Objectors-Appellants may participate in connection with the Motion to Enforce. That question does not make the Objection irrelevant, prejudicial, or properly stricken. See *Platte Anchor Bolt*, 352 F. Supp. 2d at 1057–59; *Colaprico*, 758 F. Supp. at 1339.

Fed. R. Civ. P. 24 governs intervention as a party to an action. Objectors-Appellants are not seeking, through the Objection, to take over prosecution of the case or assert independent claims. They seek to be heard on an enforcement motion that would materially affect how the Settlement operates in practice. The Objection is not a renewed objection seeking to relitigate the Settlement as a whole. It is a response to a new post-judgment enforcement request concerning CSC oversight, MMRs, arbitration procedures, and administration of the Injunctive Relief. ECF 1097.

Even if the Court determines that formal intervention is required for further participation, striking the Objection is not the proper remedy. The Court may permit Objectors-Appellants to seek limited intervention or otherwise define the scope of their participation. See Rule 24(b); Fed. R. Civ. P. 23(d). Removing the Objection from the record is unnecessary to address that procedural issue and would eliminate relevant class-member arguments.

For these reasons, Class Counsel's standing and intervention arguments do not support striking the Objection. They may raise questions about participation, but they do not justify removing a relevant class-member filing from the record.

### D. Class Counsel's Failure to Confer and Failure to Provide Notice Further Support Denial of the Motion to Strike

Class Counsel sought to strike the Objection without first conferring with Objectors-Appellants. Objectors-Appellants do not contend that the Northern District of California's Civil Local Rules impose a general meet-and-confer requirement before every ordinary motion, including a

motion to strike. See Civil L.R. 1-5(n). But the lack of prior conferral remains relevant here because Class Counsel seeks to remove from the record an Objection submitted by Class Members whose rights may be affected by the requested post-judgment enforcement relief. See ECF 1097 at 5–6, 10, 14–22.

Class Counsel's claim that meet-and-confer obligations "are not applicable" to a District Court motion also misses the point. ECF 1100 at 6. Objectors-Appellants are not alone in raising concerns about Class Counsel's failure to confer. Defendants raised the same concern in opposing the Motion to Enforce:

> "The fact that Class Counsel came to this Court to try to stop the arbitration—without adequately meeting and conferring with Defendants' counsel, or even responding to correspondence from CSC designed to address their apparent concerns, suggests what is actually going on here… Class Counsel are hoping this Court will give them a sweeping ruling that would short circuit this arbitration, and more to come." ECF 1099 at 15.

This confirmation from Defendants underscores that Class Counsel sought broad substantive relief without first engaging with the parties and Class Members most affected by it. That concern is especially significant because Defendants also observed that "Class Counsel's motion seeks to rewrite the Settlement, not enforce it." ECF 1099 at 4.

Class Counsel also failed to provide notice to affected Class Members of the Motion to Enforce or any opportunity to be heard, even though the motion seeks to materially alter the operation of the Injunctive Relief. Objectors-Appellants raised these notice and fairness concerns in their Objection. ECF 1097 at 5–6. Rule 23 permits the Court to require notice of "any step in the action," Rule 23(d)(1)(B)(i), and the Ninth Circuit has recognized that due process may require notice when necessary to ensure fair representation of absent class members' interests. *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1127 (9th Cir. 1977).

The Motion to Enforce is such a step. It seeks to exclude MMRs and third-party brand sponsors from CSC review, which would narrow oversight over NIL transactions and school-connected payment structures. ECFs 1095 at 5–6; 1097 at 5, 10, 14–22. Objectors-Appellants contend that this would weaken protections designed to prevent circumvention of the Settlement's limits and

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPELLANTS' MOTION TO ENFORCE
Case No. 4:20-cv-03919-CW

risk further entrenching disparities in NIL and revenue-sharing payments, particularly for female and Olympic-sport athletes. ECFs 1097 at 5–6, 14–22; 1051 at 2–4, 7–9.

Class Counsel's failure to confer, failure to notify affected Class Members, and failure to provide an opportunity to be heard reinforce why striking the Objection would be inappropriate. At a minimum, the Objection should remain on the record so the Court may consider the class-member arguments relevant to Class Counsel's requested enforcement relief. See Rule 23(d)(1)(B)(i); *In re Gypsum Antitrust Cases*, 565 F.2d at 1127.

## V.   CONCLUSION

For the foregoing reasons, Objectors-Appellants respectfully request that the District Court deny Plaintiffs' Motion to Strike and allow Objectors-Appellants' Objection to remain on the record, considering the Objection on its merits.

DATED: May 25, 2026

*/s/ Leigh Ernst Friestedt*
Leigh Ernst Friestedt
EQUITY IX, LLC
40 Mercer St., Suite 15
New York, NY 10013
(917) 513-5541
leigh@equityix.com

*/s/ Jeffrey E. Faucette*
Jeffrey E. Faucette
SKAGGS FAUCETTE LLP
505 Montgomery St., 11th Floor
San Francisco, CA 94111
(415) 874-3181
jeff@skaggsfaucette.com

*Attorneys for Objectors-Appellants: Charlotte North, Mai Nirundorn, Sarah Brooke Baker, Katherine McCabe Ernst, Piper Whitty, Ariana Amoroso, Scott Iannaccone, Abigail Leight, and Reid Hinds Macdonald*

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPELLANTS' MOTION TO ENFORCE
Case No. 4:20-cv-03919-CW