United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GRANT HOUSE, and others,

        Plaintiffs,

    v.

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION, and others,

        Defendants.

Case No. 20-cv-03919-CW (NC)

**ORDER DENYING
PROPOSED INTERVENORS'
MOTION TO INTERVENE;
GRANTING PLAINTIFFS'
MOTION TO STRIKE**

Re: ECF 1100, 1106

Before the Court is Charlotte North, Mai Nirundorn, Sarah Brooke Baker, Katherine McCabe Ernst, Piper Whitty, Ariana Amoroso, Scott Iannaccone, Abigail Leight, and Reid Hinds Macdonald's (Proposed Intervenors) Motion to Intervene in connection with Plaintiffs' Motion to Enforce the Fourth Amended Stipulation and Settlement Agreement. ECF 1106. Plaintiffs oppose. ECF 1112. Proposed Intervenors argue intervention is necessary to protect women and Olympic-sports athletes whose rights would be adversely affected by Plaintiffs' current position. ECF 1106 at 4. Because the Settlement Agreement grants Plaintiffs' Class Counsel exclusive prosecutorial rights, the Motion to Intervene solely in connection with Plaintiffs' Motion is DENIED. Accordingly, Plaintiffs' Motion to Strike Proposed Intervenors' Objection to their Motion, ECF 1100, is GRANTED, and the Court STRIKES ECF 1097.

United States District Court
Northern District of California

### A.    PROCEDURAL BACKGROUND

On June 6, 2025, Judge Claudia Wilken granted Plaintiffs' Motion for Final Approval of the Fourth Amended Stipulation and Settlement Agreement.  ECF 979.  The Settlement Agreement provided for the appointment of a special master to, among other things, resolve disputes arising from interpretation or enforcement of the Settlement Agreement.  SA ¶ 45.  Judge Wilken appointed the undersigned herein to be special master.  ECF 981.  This Court addresses the Proposed Intervenors' Motion at issue because it seeks to intervene on a limited basis to object to Plaintiffs' pending Motion to Enforce the Fourth Amended Stipulation and Settlement Agreement.  ECF 1106.  Because the Proposed Intervenors' Motion is derivative of Plaintiffs' Motion, it falls within the special master's jurisdiction under the Settlement Agreement.  To the extent the Proposed Intervenors seek to intervene in the action generally, such a motion would need to be filed before Judge Wilken.

### B.    DISCUSSION

Federal Rules of Civil Procedure 24(a)(2) permits a party to intervene when it shows that:

> (1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citation and quotation marks omitted); *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) ("Generally, Rule 24(a)(2) is construed broadly in favor of proposed intervenors and 'we are guided primarily by practical considerations.'") (citation omitted).  "Failure to satisfy any one of the requirements is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied."  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

2

Proposed Intervenors have not satisfied Rule 24(a)(2).  Proposed Intervenors argue that Plaintiffs' Motion to Enforce would alter the Injunctive Relief Class's rights and that Class Counsel for Plaintiffs is not adequately protecting their interests.  ECF 1106 at 9–11.  The Settlement Agreement states that "all claims . . . asserted on behalf of student-athletes shall be prosecuted exclusively by Class Counsel."  ECF 1112 at 13 (quoting SA Art. 6, Sec 1(c)).  Proposed Intervenors cannot circumvent the Settlement Agreement by simply arguing that Class Counsel is not representing their interests, which are purportedly separate from the class.  ECF 1106 at 11.  The Court already ruled that Class Counsel and named Plaintiffs were adequate and this Court cannot alter that finding, or the Settlement Agreement, and sees no reason to.  ECF 1112 at 16 (citing ECF 978 at 70–76).  If the Court allowed every displeased class member to intervene and object to Class Counsel's actions, it would defeat the class action's purpose and run contrary to the Settlement Agreement's terms.  Further, the Court is not persuaded that Proposed Intervenors' motion is timely as the Settlement Agreement was finalized a year ago, and Proposed Intervenors already filed numerous objections which the Court rejected.  ECF 1112 at 15; *see* ECF 978.

Accordingly, the Court:

- DENIES Proposed Intervenors' Motion to Intervene in connection with Plaintiffs' Motion;
- GRANTS Plaintiffs' Motion to Strike Proposed Intervenors' Objection to their Motion, ECF 1100; and
- STRIKES Proposed Intervenors' Objections to Plaintiffs' Motion, ECF 1097.

**IT IS SO ORDERED.**

Dated:  June 4, 2026

_____

NATHANAEL M. COUSINS
Chief United States Magistrate Judge

United States District Court
Northern District of California

3