Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
Meredith Simons (SBN 320229)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

*Class Counsel for Plaintiffs*

[Additional counsel on signature page]

Jeffrey L. Kessler (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Sofia Arguello (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
Neha Vyas (*pro hac vice*)
WINSTON TAYLOR LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
Jeffrey.Kessler@winstontaylor.com
David.Greenspan@winstontaylor.com
Sofia.Arguello@winstontaylor.com
Adam.Dale@winstontaylor.com
Sarah.Viebrock@winstontaylor.com
Neha.Vyas@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON TAYLOR LLP
101 California Street, 21st Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Jeanifer.Parsigian@winstontaylor.com

*Class Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW |
| | **PLAINTIFFS' NOTICE RE EVIDENTIARY REQUESTS AND REQUEST FOR PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE, AN ADVERSE INFERENCE RE THEIR MOTION TO ENFORCE THE FOURTH AMENDED STIPULATION AND SETTLEMENT AGREEMENT** |
| | Magistrate Judge: Hon. Nathanael M. Cousins |
| | Judge: Hon. Claudia Wilken |

PLEASE TAKE NOTICE that Plaintiffs make this submission (i) to inform the Court of their good-faith efforts to comply with the Special Master's request that the parties submit additional record evidence regarding the College Sports Commission's ("CSC") review and enforcement practices to assist the Court in its ruling on Plaintiffs' pending Motion (ECF 1095), and (ii) to request that the Court compel Defendants to produce documents and information requested by Class Counsel in furtherance of the Special Master's request.  If Defendants continue to refuse to produce such documents and information, Plaintiffs request that the Special Master draw an adverse inference against Defendants because of their failure to produce the requested information.[1]

As the Court knows, Plaintiffs previously requested from Defendants and the CSC the very record evidence that the Court requests, *i.e.*, information concerning the CSC's investigations into whether third-party NIL deals involve an Associated Entity or Individual. *See* ECF 1095-4 at 2–3 (March 6, 2026 letter from Class Counsel to the CSC requesting information concerning the CSC's enforcement).

Following the June 10, 2026 Hearing, Class Counsel sent a letter to Defendants and the CSC renewing their request for additional information, including seeking specific information about the CSC's process to "review" deals to determine whether they involve an Associated Entity or Individual and the questions that the CSC asks sponsors/payors and student-athletes to conduct its "review."  June 12, 2026 Ltr. from Class Counsel, attached hereto as Ex. 1, at 1–2.  Plaintiffs reminded "Defendants and the CSC [that they] possess the requested information, which will aid the Special Master's resolution of the Motion, and are therefore obligated to provide it to Class Counsel." *Id.* at 1.  Indeed, the Settlement requires that Defendants "upon . . . request," "execute and deliver such further documents and instruments to take such further steps as are reasonably necessary and appropriate to implement and effectuate the purposes of th[e] Injunctive Relief Settlement." *See* ECF 958-1, Second

---

[1] *See* June 10, 2026 Hr'g Tr. 63:17–23 (Special Master Cousins: "I intend to rule on [the Motion], but I do, you know, wonder if I'll benefit from more facts in the field."); *id.* 64:12–14 (Special Master Cousins: "I do want to base my decision on evidence, not speculation."); *id.* 67:16–21 (Special Master Cousins: "[I]f [Defendants] do have more evidence as to how this is playing out, including from the CSC . . . if there's more facts they have . . . [and] if voluntarily [Defendants] want to disclose things to [Plaintiffs] and to the Court to address [Plaintiffs'] argument about lack of information, that might be helpful to address the vacuum.").

Amended IRS, Art. 10 § 4.  Defendants' continued refusal is itself a breach of the Settlement's requirements to provide documents that are "reasonably necessary and appropriate to implement and effectuate the purposes of the Injunctive Relief Settlement."  *Id.*  Class Counsel asked that Defendants produce the requested documents and information by this Friday, June 18 (Ex. 1 at 2), and while that deadline has not yet passed, Plaintiffs have received no indication from Defendants that they plan to change course and provide any documents or information by that deadline.

To be sure, Class Counsel sought additional evidence directly from other affected stakeholders, including from MMRs.  But, thus far, other stakeholders have been unwilling or unable to come forward publicly because of concerns about retaliation or other adverse consequences. These entities and individuals must continue interacting with the CSC and the CSC has authority to delay or reject their deals, which would cause harm to their businesses and business partners if their names and complaints to Class Counsel are disclosed.

In order for Plaintiffs to be able to submit the record evidence requested by the Special Master, Plaintiffs respectfully request that the Court compel Defendants to produce documents and information responsive to Class Counsel's requests contained in their June 12 letter (*see* Ex. 1).  In the alternative, if Defendants continue their refusal to produce the requested documents and information, Plaintiffs request that the Court use its "inherent powers" to draw an adverse inference against Defendants in the Special Master's consideration of Plaintiffs' pending Motion.  *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1135 (N.D. Cal. 2012).  Indeed, Defendants and the CSC are the only parties with control over the very evidence relating to Plaintiffs' Motion that the Special Master requested, and they have willfully refused to produce it, while arguing Plaintiffs' lack of access to information shields the CSC's practices.  *See In re GGW Brands, LLC*, 504 B.R. 577, 624 (C.D. Cal. 2013) (an adverse inference is proper where a "party with control over the evidence had an obligation to timely produce it" with a "culpable state of mind" and "the missing evidence is relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."); *accord In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006).

Dated:  June 17, 2026

Respectfully submitted,

By:  */s/ Steve W. Berman*

By:  */s/ Jeffrey L. Kessler*

Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie Verdoia (*pro hac vice*)
Meredith Simons (SBN 320229)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com
merediths@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

Jeffrey L. Kodroff (*pro hac vice*)
Eugene A. Spector (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, PC
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
jkodroff@srkattorneys.com
espector@srkattorneys.com

*Class Counsel for Plaintiffs*

Jeffrey L. Kessler (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Sofia Arguello *(pro hac vice)*
Adam I. Dale (*pro hac vice*)
Sarah L. Viebrock (*pro hac vice*)
Neha Vyas *(pro hac vice)*
WINSTON TAYLOR LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
Jeffrey.Kessler@winstontaylor.com
David.Greenspan@winstontaylor.com
Sofia.Arguello@winstontaylor.com
Adam.Dale@winstontaylor.com
Sarah.Viebrock@winstontaylor.com
Neha.Vyas@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON TAYLOR LLP
101 California Street, 21st Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Jeanifer.Parsigian@winstontaylor.com

*Class Counsel for Plaintiffs*

PLS.' NOTICE RE EVIDENTIARY REQUESTS RE MOT. TO ENFORCE THE FOURTH AMENDED STIPULATION AND SETTLEMENT AGREEMENT
Case No. 4:20-cv-03919-CW

**<u>ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)</u>**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

Dated: June 17, 2026                    Respectfully submitted,

By:   */s/ Jeffrey L. Kessler*

PLS.' NOTICE RE EVIDENTIARY REQUESTS RE MOT. TO ENFORCE THE FOURTH AMENDED STIPULATION AND SETTLEMENT AGREEMENT
Case No. 4:20-cv-03919-CW