Jacob K. Danziger (SBN 278219)
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Calanthe Arat (SBN 349086)
Matthew Skanchy (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone:  (202) 847-4000
Facsimile:  (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

Counsel for Defendant
National Collegiate Athletic Association

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' "NOTICE" REGARDING THEIR MOTION TO ENFORCE THE FOURTH AMENDED STIPULATION AND SETTLEMENT AGREEMENT**<br><br>Magistrate Judge: Hon. Nathanael M. Cousins<br><br>Judge: Hon. Claudia Wilken |

Case No. 4:20-cv-03919-CW

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
"NOTICE" REGARDING THEIR MOTION TO
ENFORCE THE FOURTH AMENDED STIPULATION
AND SETTLEMENT AGREEMENT

Plaintiffs' "Notice" of evidentiary requests and for an adverse inference, *see* Dkt. No. 1133, is both procedurally improper and substantively without merit. Through their notice, and their underlying correspondence with Defendants and the College Sports Commission ("CSC"), Class Counsel seek an extensive audit of CSC's operations and to impose onerous new reporting requirements on CSC. But none of the information they seek has anything to do with their Motion to Enforce, *see* Dkt. No. 1095, and none of their requests have any basis in the Settlement.

As the Court appeared to recognize, Class Counsel's Motion to Enforce seeks a pair of categorical rulings—that "Multimedia Rights companies are not 'Associated Entities or Individuals,' as that term is defined in the Injunctive Relief Settlement," and that "[t]hird-party brand-sponsors are not 'Associated Entities or Individuals'" either.  Pls.' Mot. to Enforce at i, Dkt. No. 1095; *see* Transcript of June 10, 2026 Motion to Enforce Argument ("June 10, 2026 Hr'g Tr.") at 66:21–24. Much of the information Class Counsel seek—for example details about how the CSC has applied the fair market value criterion in the settlement, or about the CSC's general process for reviewing deals—has nothing to do with that inquiry. *See* Ex. 1 to Pls.' Notice, June 12, 2026 Letter from Class Counsel to Defendants' Counsel, Dkt. No. 1133-1.

Indeed, what Class Counsel's "Notice" appears to reflect is their retreat from their Motion to Enforce. In filing that motion, they represented they had a sufficient evidentiary basis to obtain a declaration of rights that Multimedia Rights ("MMRs") and third-party brand sponsors are "just not subject to any kind of review and . . . can do whatever deal [they] want." June 10, 2026 Hr'g Tr. at 52:20–24. They now appear to recognize that such a categorical rule is untenable, as evidenced by Class Counsel's concession at the hearing that MMRs *can* qualify as Associated Entities or Individuals.[1] So now, Class Counsel are changing course:  In the guise of seeking more information

---

[1] *See* June 10, 2026 Hr'g Tr. at 32:11–33:4 (Mr. Kessler: "So what does that language mean? In our view, what you have to do is show recruitment is that the MMR or some other entity was actually told to contact students and say, hey, you should stay at this school or you should come to this school, one is retaining, one is going, because we will do these good things to you, so please stay at this school or recruit this school. . . . I think the way this is set up, they would have to have some information that that's what was going on before they could treat them as an associated entity.").

1

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
"NOTICE" REGARDING THEIR MOTION TO
ENFORCE THE FOURTH AMENDED STIPULATION
AND SETTLEMENT AGREEMENT

to support a ruling they recognize is unwarranted, they have asked this Court to sanction a fishing expedition for more evidence about what the CSC is doing.

None of this is proper. Litigants should not file motions first and ask questions later, nor should they be allowed to continue to seek information in support of a motion after they have conceded the motion lacks any foundation.

Class Counsel's position appears to be that Defendants and the CSC are required to disprove their claims. That gets things backwards. As the Court recognized, Plaintiffs came to the Court seeking a declaration of rights. *See* June 10, 2026 Hr'g Tr. at 65:8–10 (Special Master Cousins: "I appreciate the framing. On the other hand, you've come with the motion asking me to make a declaration of rights."). As the party seeking relief, the burden was on Class Counsel to justify the relief they sought. But the record reflects that the vast majority of deals are cleared promptly, *see* Decl. of Bryan Seeley in Support of Defs.' Opp'n to Pls.' Mot. to Enforce ¶ 4, Dkt. No. 1099-1; that there are instances where MMRs may be acting as Associated Entities or Individuals, *id.* ¶ 8; and that there have been only two arbitrations challenging deals that have not been cleared, *see* Dkt. Nos. 1103, 1132—all of which suggest that the system is working. While Class Counsel offer vague complaints of delays in the CSC's evaluation of other deals, they themselves observe that MMRs are not always forthcoming. *See* Pls.' Notice at 2–3, Dkt. No. 1133. That is consistent with CSC's experience and explains why some delays may be occurring. But none of that is chargeable to Defendants or the CSC.

There is another, more fundamental problem: Class Counsel simply have no grounds for requesting any of the materials they seek. It is unclear whether this Court has the power to order discovery at all. *See* June 10, 2026 Hr'g Tr. at 5:22–6:10. Even setting that aside, at the hearing, the Court noted the possibility that Class Counsel were trying to renegotiate the settlement in seeking

2

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
"NOTICE" REGARDING THEIR MOTION TO
ENFORCE THE FOURTH AMENDED STIPULATION
AND SETTLEMENT AGREEMENT

additional information about the CSC's operations.[2] Just so. The Injunctive Settlement was a carefully crafted compromise designed to allow Class Counsel appropriate, but not unlimited, oversight. Class Counsel negotiated for, and obtained, the right to receive certain reports about topics covered by the Settlement. *See* Second Am. Injunctive Relief Settlement ("IRS"), Art. 2 § 5, Dkt. No. 963-2 (report of each NIL contract or payment reported to Conference Defendant Member Institutions); *id.* Art. 3 § 5 (report of new payments and benefits provided by member institutions). They did *not* negotiate for, or obtain, any right to receive reports about the CSC's review and decisions. Class Counsel negotiated for, and obtained, limited audit rights over the MFRS data (and the MFRS data alone). *Id.* Art. 3 § 6. They did *not* negotiate for, or obtain, any right to audit the CSC in any way. Class Counsel negotiated for, and obtained, limited rights in the arbitration regime established by the Settlement, including the right to obtain copies of arbitral decisions and to submit amicus briefs and argument in certain circumstances. *Id.* Art. 6 § 2. They did *not* negotiate for, or obtain, any right to superintend the CSC's investigations prior to reaching decisions subject to arbitration.

The Settlement thus provides no basis for Class Counsel's desired roving commission over the CSC. Class Counsel's suggestion that a miscellaneous general catchall provision at the end of the Injunctive Settlement, *see* Pls.' Notice, Dkt. No. 1133 at 2–3 (citing IRS Art. 10 § 4), allows such broad oversight into CSC's operations is the proverbial elephant in a mousehole. Reading such broad powers into a miscellaneous general provision would upset the Injunctive Settlement's careful balance in a way the parties clearly did not intend. As Defendants have previously explained, the proper forum for addressing issues with the CSC's decisions are in arbitration, after those decisions are made.

---

[2] *See* June 10, 2026 Hr'g Tr. at 58:19–59:1 (Special Master Cousins: "Yeah. Not – I'm not trying to argue with you, but this maybe is a kind of argument is, are you negotiating for something which you could have asked for and didn't before, which is access to the information in the arbitrations, to have some greater disclosure of what's going on. You're saying you don't have access to it now. If your reaction is, well, did you have a right to it, and maybe you should have, you know, negotiated for that.").

Case No. 4:20-cv-03919-CW

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
"NOTICE" REGARDING THEIR MOTION TO
ENFORCE THE FOURTH AMENDED STIPULATION
AND SETTLEMENT AGREEMENT

In short, the information Class Counsel request via their notice has no bearing on the issue they teed up for the Court, and their request has no basis in the Settlement's text. Class Counsel's filing is, once again, an effort to renegotiate the Settlement, not enforce it.

4

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
"NOTICE" REGARDING THEIR MOTION TO
ENFORCE THE FOURTH AMENDED STIPULATION
AND SETTLEMENT AGREEMENT

Dated:  June 22, 2026                                    Respectfully Submitted,

**WILKINSON STEKLOFF LLP**                              **COOLEY LLP**

By: */s/ Rakesh N. Kilaru*                              By: */s/ Whitty Somvichian*
Beth A. Wilkinson (*pro hac vice*)                      Whitty Somvichian (SBN 194463)
Rakesh N. Kilaru (*pro hac vice*)                       Kathleen R. Hartnett (SBN 314267)
Calanthe Arat (SBN 349086)                              Ashley Kemper Corkery (SBN 301380)
Matthew R. Skanchy (*pro hac vice)*                     3 Embarcadero Center, 20th Floor
2001 M Street NW, 10th Floor                            San Francisco, California 94111-4004
Washington, DC 20036                                    Telephone:  (415) 693-2000
Telephone:  (202) 847-4000                              Facsimile:  (415) 693-2222
Facsimile:  (202) 847-4005                              wsomvichian@cooley.com
bwilkinson@wilkinsonstekloff.com                        khartnett@cooley.com
rkilaru@wilkinsonstekloff.com                           acorkery@cooley.com
carat@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com                          Mark Lambert (SBN 197410)
                                                        3175 Hanover Street
Jacob K. Danziger (SBN 278219)                          Palo Alto, CA  94304-1130
**ARENTFOX SCHIFF LLP**                                 Telephone:  (650) 843-5000
44 Montgomery Street, 38th Floor                        Facsimile:  (650) 849-7400
San Francisco, CA 94104                                 mlambert@cooley.com
Telephone: (734) 222-1516
Facsimile: (415) 757-5501                               Dee Bansal (*pro hac vice*)
jacob.danziger@afslaw.com                               1299 Pennsylvania Ave. NW, Suite 700
                                                        Washington, DC 20004-2400
Attorneys for Defendant                                 Telephone:  (202) 842 7800
NATIONAL COLLEGIATE ATHLETIC                            Facsimile:  (202) 842 7899
ASSOCIATION                                             dbansal@cooley.com

                                                        Attorneys for Defendant
                                                        PAC-12 CONFERENCE

Case No. 4:20-cv-03919-CW                  DEFENDANTS' OPPOSITION TO PLAINTIFFS'
                                           "NOTICE" REGARDING THEIR MOTION TO
                                           ENFORCE THE FOURTH AMENDED STIPULATION
                                           AND SETTLEMENT AGREEMENT

**MAYER BROWN LLP**

By: */s/ Britt M. Miller*
Britt M. Miller (*pro hac vice*)
Daniel T. Fenske (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 782-0600
Facsimile:  (312)  701-7711
bmiller@mayerbrown.com
dfenske@mayerbrown.com

Elspeth V. Hansen (SBN 292193)
Two Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
ehansen@mayerbrown.com

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

**SIDLEY AUSTIN LLP**

By:  */s/ Natali Wyson*
David L. Anderson (SBN 149604)
101 California Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7412
dlanderson@sidley.com

Angela C. Zambrano (*pro hac vice*)
Natali Wyson (*pro hac vice*)
Chelsea A. Priest (*pro hac vice*)
2323 Cedar Springs, Suite 2600
Dallas, TX 75201
Telephone: (214) 969-3529
Facsimile: (214) 969-3558
angela.zambrano@sidley.com
nwyson@sidley.com
cpriest@sidley.com

Attorneys for Defendant
THE BIG 12 CONFERENCE, INC.

6

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
"NOTICE" REGARDING THEIR MOTION TO
ENFORCE THE FOURTH AMENDED STIPULATION
AND SETTLEMENT AGREEMENT

**ROBINSON, BRADSHAW & HINSON, P.A.**

By: */s/ Robert W. Fuller, III*
Robert W. Fuller, III (*pro hac vice*)
Lawrence C. Moore, III (*pro hac vice*)
Amanda P. Nitto (*pro hac vice*)
Travis S. Hinman (*pro hac vice*)
Patrick H. Hill (*pro hac vice*)
600 South Tryon St., Suite 2300
Charlotte, NC 28202
Telephone:  (704) 377-2536
Facsimile:  (704) 378-4000
rfuller@robinsonbradshaw.com
lmoore@robinsonbradshaw.com
anitto@robinsonbradshaw.com
thinman@robinsonbradshaw.com
phill@robinsonbradshaw.com

Mark J. Seifert (SBN 217054)
**SEIFERT ZUROMSKI LLP**
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 869-8837
Facsimile: (415) 901-1123
mseifert@szllp.com

Kathryn Reilly (*pro hac vice*)
Michael Williams (*pro hac vice*)
**WHEELER TRIGG O'DONNELL LLP**
370 17th Street, Suite 4500
Denver, CO 80202
Tel: (303) 244-1800
Fax: (202) 244-1879
reilly@wtotrial.com
williams@wtotrial.com

Attorneys for Defendant
SOUTHEASTERN CONFERENCE

**LATHAM & WATKINS LLP**

By: */s/ Christopher S. Yates*
Christopher S. Yates (SBN 161273)
Aaron T. Chiu (SBN 287788)
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095
chris.yates@lw.com
aaron.chiu@lw.com

Anna M. Rathbun (SBN 273787)
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
Telephone:  (202) 637-1061
Facsimile:  (202) 637-2201
anna.rathbun@lw.com

**FOX ROTHSCHILD LLP**

D. Erik Albright (*pro hac vice*)
Jonathan P. Heyl (*pro hac vice*)
Gregory G. Holland (*pro hac vice*)
230 North Elm Street, Suite 1200
Greensboro, NC 27401
Telephone:  (336) 378-5368
Facsimile:  (336) 378-5400
ealbright@foxrothschild.com
jheyl@foxrothschild.com
gholland@foxrothschild.com

Attorneys for Defendant
THE ATLANTIC COAST
CONFERENCE

7

Case No. 4:20-cv-03919-CW

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
"NOTICE" REGARDING THEIR MOTION TO
ENFORCE THE FOURTH AMENDED STIPULATION
AND SETTLEMENT AGREEMENT

**SIGNATURE CERTIFICATION**

I, Rakesh N. Kilaru, am the CM/ECF user whose ID and password are being used to file the Defendants' Opposition to Plaintiffs' "Notice" Regarding Their Motion to Enforce the Fourth Amended Stipulation and Settlement Agreement. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: June 22, 2026

Respectfully submitted,

**WILKINSON STEKLOFF LLP**

By:  */s/ Rakesh N. Kilaru*
Rakesh N. Kilaru
Attorney for Defendant
National Collegiate Athletic Association

8

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
"NOTICE" REGARDING THEIR MOTION TO
ENFORCE THE FOURTH AMENDED STIPULATION
AND SETTLEMENT AGREEMENT