IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: COLLEGE ATHLETE NIL
LITIGATION

Case No. 20-cv-03919 CW

**ORDER RE: OBJECTIONS TO
SPECIAL MASTER'S ORDER OF
JUNE 25, 2026**

(Re: Dkt. No. 1138)

On June 25, 2026, the Special Master denied Plaintiffs' request for an order declaring that multimedia rights companies (MMRs) and third-party brand sponsors are not "Associated Entities or Individuals" (hereinafter, the Special Master's Order).  *See* Dkt. No. 1136.

Now before the Court are Plaintiffs' objections to the Special Master's Order.  Dkt. No. 1138.  Plaintiffs request that the Court (1) reverse the Special Master's Order; (2) order the College Sports Commission (CSC)[1] to cease investigating and regulating third-party NIL agreements with MMRs and third-party brand sponsors "absent a specific basis to do so"; and (3) order Defendants to produce the documents and information concerning the CSC's investigations that Plaintiffs requested pursuant to Article 10, Section 4 of the IRS or, alternatively, remand to the Special Master.  Defendants oppose the requests.  *See* Dkt. No. 1142.

---

[1] The CSC is the "Designated Enforcement Entity" under the Injunctive Relief Settlement (IRS).

United States District Court
Northern District of California

The Court DENIES Plaintiffs' request for an order reversing the Special Master's Order. The Court finds, after conducting a de novo review, that the Special Master did not err in concluding that the record then before him did not support the issuance of an order declaring that all MMRs and third-party brand sponsors are not "Associated Entities or Individuals."

In support of their request for an order requiring the CSC to cease investigating third-party NIL agreements with MMRs and third-party brand sponsors "absent a specific basis to do so," Plaintiffs make the following arguments. Plaintiffs contend that, since the Court approved the IRS, Defendants and the CSC have enacted rules and policies relating to Associated Entities or Individuals pursuant to which the CSC presumes that MMRs and third-party brand sponsors are Associated Entities or Individuals until proven otherwise. *See, e.g.*, Dkt. No. 1138 at 12−13, 15; *see also* Dkt. Nos. 1095−2, 1095−5. Plaintiffs represent that all presumed Associated Entities or Individuals are subjected to burdensome investigations by the CSC, during which the CSC requires them to respond to document and information requests for the purpose of determining whether each of them is, in fact, an Associated Entity or Individual. Plaintiffs contend that the rules, policies, and presumptions at issue thus achieve the opposite of what the IRS permits, which is a system in which all third-party NIL deals are presumed to be unrestricted and not subject to the investigative oversight of the CSC unless Defendants or the CSC have a basis to conclude that, in the context of a specific third-party NIL agreement, an entity is engaging in behavior that brings it within the definition of an Associated Entity or Individual. *See* Dkt. No. 1138 at 15. Plaintiffs argue that, unless the Court issues the order they request, class members "will be deprived of the unrestricted third-party NIL benefits that were central to the IRS bargain" because the CSC's overbroad and burdensome investigations will unnecessarily delay the approval of NIL deals and will deter third parties from entering into NIL deals with class members. *See id.* at 19.

Defendants respond that the Court lacks jurisdiction to adjudicate Plaintiffs' request because the IRS "directs to arbitration—not this Court—any disputes regarding the enforcement of the Associated Entity and Individual rules" that Defendants enacted after the Court approved the IRS, including disputes about discipline imposed pursuant to those rules. *See, e.g.*, Dkt. No. 1142 at 10 (arguing that if student-athletes or NCAA member institutions "wish to challenge

discipline imposed on them, they are required to go to arbitration").  Defendants also argue that Plaintiffs' request is not properly before the Court for the additional reason that Plaintiffs did not raise it to the Special Master in the first instance.  *See id.* at 13−14.  Finally, Defendants contend that the request fails on the merits because the IRS provides no basis for Plaintiffs to superintend or limit the CSC's authority to investigate third-party NIL deals where such investigations are for the purpose of ensuring that the deals comply with rules and policies relating to Associated Entities or Individuals.  *See id.* at 15−19.

The Court finds that it has jurisdiction to resolve the parties' dispute about whether the CSC's investigations of MMRs and third-party brand sponsors are being conducted "absent a specific basis" or otherwise in a manner that is overbroad and in violation of the IRS.  That dispute is not subject to the IRS' arbitration provisions because it is not about discipline imposed on student-athletes or NCAA member institutions, or about the enforcement of NCAA or conference rules against student-athletes or NCAA member institutions.  *See* IRS Art. 6 § 2(b) (providing that disputes about "discipline imposed" on student-athletes or NCAA member institutions pursuant to NCAA and conference rules promulgated pursuant to the IRS are to be resolved via arbitration); *see also* IRS Art. 6 § 1(a) (providing that "any disputes regarding enforcement of NCAA or conference rules against student-athletes or Member Institutions that are subject to this Injunctive Relief Settlement, including but not limited to questions of eligibility, shall be governed by Section 2 of this Article[,]" which sets forth the parameters for arbitration).  Instead, the dispute is about whether the rules, policies, and presumptions relating to Associated Entities and Individuals that Defendants and the CSC have enacted pursuant to the IRS, which govern or otherwise provide the framework for the CSC's investigative activities, are in violation of the IRS.  Because that dispute concerns the interpretation and enforcement of the IRS, it is within the Court's jurisdiction.  *See* IRS Art. 6 § 1(a) (providing that "[a]ny disputes involving any or all of the Defendants on one side and any Injunctive Class Members on the other side concerning the interpretation or enforcement of this Injunctive Relief Settlement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court").  However, because Plaintiffs did not

United States District Court
Northern District of California

present the dispute to the Special Master for resolution in the first instance, the Court REFERS it to him for determination.

As noted, Plaintiffs also request an order requiring Defendants to produce the documents and information about the CSC's investigations that they requested pursuant to Article 10, Section 4 of the IRS. *See* Dkt. No. 1138 at 19–20. Plaintiffs argue that those documents and information are relevant to the resolution of the parties' dispute about the CSC's investigative activities. Defendants oppose the request on the basis that Plaintiffs do not have a right under the IRS to receive documents about the CSC's investigations. *See* Dkt. No. 1142 at 22–23.

The Court finds that, under Article 10, Section 4 of the IRS, Plaintiffs have a right to request and receive from Defendants (and the CSC) documents and information relating to the parties' dispute about the CSC's investigations of MMRs and third-party brand sponsors because such documents and information are necessary to effectuate Class Counsel's right under the IRS to monitor and enforce the IRS. *See* IRS Art. 10 § 4 ("The Parties, shall, upon the request of any Party hereto, execute and deliver such further documents and instruments to take such further steps as are reasonably necessary and appropriate to implement and effectuate the purposes of this Injunctive Relief Settlement."); *see also* IRS Art. 6 § 1 (providing that "Class Counsel has the authority to exclusively monitor and enforce this Injunctive Relief Settlement on behalf of Injunctive Class Members").[2] To the extent that there are any disputes about the breadth or scope of the requests for documents and information that Plaintiffs have propounded, the Court REFERS such disputes to the Special Master for resolution.

IT IS SO ORDERED.

Dated: August 4, 2026

CLAUDIA WILKEN
United States District Judge

---

[2] The fact that the IRS contains other provisions that require Defendants to produce reports to Class Counsel about specific matters, *see, e.g.*, IRS Art. 2 § 5, does not impact or limit Plaintiffs' right to request and receive documents and information under Article 10, Section 4, as discussed above.

4