Jacob K. Danziger (SBN 278219)
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA 94104 United States
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Calanthe Arat (SBN 349086)
Matthew Skanchy (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE COLLEGE ATHLETE NIL LITIGATION | Case No. 4:20-cv-03919-CW<br><br>**DEFENDANTS' BRIEF IN RESPONSE TO OBJECTIONS**<br><br>Judge: Hon. Claudia Wilken |

In November 2025, this Court approved the continuation of the Injunctive Relief Settlement ("IRS"), overruling objections from 7 of approximately 56,500 incoming student-athletes for the 2025–26 Academic Year (or less than 0.01 percent). The NCAA has once again ensured that all incoming Division I student-athletes received notice of, and an opportunity to object to, the IRS. This time, even fewer have objected—only 3 of over 55,000 student-athletes (or 0.005 percent). None of those objections should stand in the way of the continuation of the IRS, which is clearly operating to the benefit of student-athletes throughout the country.

*First*, Andres Polanco objects to being included in the IRS because he has not yet participated in NCAA Division I athletics and does not "believe [he] should be involved in this litigation." Obj. of Andres Polanco, Dkt. No. 1145. Mr. Polanco otherwise provides no argument in support of his objection, nor does he challenge the IRS in any respect. The IRS covers both past and future participants in Division I athletics, and there is no ability to opt out of a settlement under Federal Rule of Civil Procedure 23(b)(2). The NCAA's understanding is that Mr. Polanco intends to play baseball this Academic Year, but if he ultimately does not participate in Division I athletics, then he will not be affected by (or bound by) the IRS.

*Second*, Ruby Cochrane, an incoming student-athlete, challenges various features of the IRS, including "caps on athletically-related benefits, possible roster caps, and restrictions on challenging the use of athletes' name, image, and likeness in certain contexts." Obj. of Ruby Cochrane, Dkt. No. 1150, at 1–2. The Court has already explained why these features of the IRS are appropriate, *see* Final Approval Opinion, Dkt. No. 978, at 41–53, and Ms. Cochrane provides no new argument in response.

*Third*, Gannon Flynn has filed another objection despite the Court's having considered and rejected his concerns at the final approval hearing. Obj. of Gannon Flynn ("Flynn Obj."), Dkt. No. 1149. Much of Mr. Flynn's objection (which generally relies on unsupported assertions) relates to the alleged consequences of the implementation of roster limits in the 2025–26 season. *Id.* at 1, 3–4. Those complaints are about events that occurred in the past and could not justify a disruption of the IRS going forward. It bears noting, however, that Mr. Flynn's claims do not appear to be supported by the evidence. Over 23,000 student-athletes are "Designated Student-

Athletes" who can compete at any institution throughout their period of collegiate athletics eligibility without ever counting against the roster limits, *see* Defs.' 2025–26 Obj. Resp., Dkt. No. 1058, at 1; if these student-athletes cannot obtain roster spots despite carrying this status, that is not a problem with the IRS. *See* Final Approval Opinion at 51.

Mr. Flynn also asserts, again without citation, that schools have cut scholarships and sports as a result of the IRS. Flynn Obj. at 5. The evidence is again to the contrary; the IRS has resulted in thousands of new scholarships being awarded. Defs.' 2025–26 Obj. Resp. at 1. Even setting that aside, schools have always had discretion over which sports to offer, and the Settlement Agreement reflects that longstanding and uncontroversial policy. *See* Final Approval Opinion at 51 (recognizing discretion over rosters); Injunctive Relief Settlement art. 4 § 1 ("Member Institutions each maintain the right to unilaterally reduce the number of sports, the roster size, and/or the number of athletic scholarships available to student-athletes of any sport."). Similarly, while Mr. Flynn asserts that his former school is no longer providing *Alston* payments, Flynn Obj. at 4, there is no dispute that schools can now provide far more financial benefits to student-athletes as a result of the IRS, and if they choose to allocate those benefits in a different way, that is their prerogative.

Last, while Mr. Flynn challenges the roster limits permitted under the IRS, Flynn Obj. at 5, he provides no new arguments or evidence. The Court already concluded that "the alleged anticompetitive effect of the roster limits provision has not been established" and that "Defendants have advanced procompetitive justifications for the roster limits provisions." Final Approval Opinion at 49–50. Mr. Flynn offers nothing new that would justify invalidating the IRS as a whole.

In short, the IRS is working as intended. Student-athletes are receiving far greater financial benefits from their schools than before the Settlement's approval. And while there has been litigation over the issue over the past year, no student-athlete has objected to the IRS based on the College Sports Commission's review of third-party NIL deals. The few objections do not justify upending this transformative settlement, so the Court should accordingly leave it in place once again, without change, for the 2026–27 Academic Year.

Dated: Sept. 1, 2026

Respectfully Submitted,

**WILKINSON STEKLOFF LLP**

By: /s/ Rakesh N. Kilaru
Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Calanthe Arat (SBN 349086)
Matthew R. Skanchy (*pro hac vice*)
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

Jacob K. Danziger (SBN 278219)
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
Telephone: (734) 222-1516
Facsimile: (415) 757-5501
jacob.danziger@afslaw.com

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

**COOLEY LLP**

By: /s/ Whitty Somvichian
Whitty Somvichian (SBN 194463)
Kathleen R. Hartnett (SBN 314267)
Ashley Kemper Corkery (SBN 301380)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
wsomvichian@cooley.com
khartnett@cooley.com
acorkery@cooley.com

Mark Lambert (SBN 197410)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
mlambert@cooley.com

Dee Bansal (*pro hac vice*)
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842 7800
Facsimile: (202) 842 7899
dbansal@cooley.com

Attorneys for Defendant
PAC-12 CONFERENCE

**MAYER BROWN LLP**

By: /s/ Britt M. Miller
Britt M. Miller (*pro hac vice*)
Daniel T. Fenske (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
bmiller@mayerbrown.com
dfenske@mayerbrown.com

Christopher J. Kelly (SBN 276312)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
cjkelly@mayerbrown.com

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

**SIDLEY AUSTIN LLP**

By: /s/ Natali Wyson
David L. Anderson (SBN 149604)
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7412
dlanderson@sidley.com

Angela C. Zambrano (*pro hac vice*)
Natali Wyson (*pro hac vice*)
Chelsea A. Priest (*pro hac vice*)
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 969-3529
Facsimile: (214) 969-3558
angela.zambrano@sidley.com
nwyson@sidley.com
cpriest@sidley.com

Attorneys for Defendant
THE BIG 12 CONFERENCE, INC.

**ROBINSON, BRADSHAW & HINSON, P.A.**

By: /s/ Robert W. Fuller
Robert W. Fuller, III (*pro hac vice*)
Lawrence C. Moore, III (*pro hac vice*)
Amanda P. Nitto (*pro hac vice*)
Travis S. Hinman (*pro hac vice*)
Patrick H. Hill (*pro hac vice*)
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
rfuller@robinsonbradshaw.com
lmoore@robinsonbradshaw.com
anitto@robinsonbradshaw.com
thinman@robinsonbradshaw.com
phill@robinsonbradshaw.com

Mark J. Seifert (SBN 217054)
SEIFERT ZUROMSKI LLP
One Market Street, 36th Floor
San Francisco, California 94105
Telephone: (415) 999-0901
Facsimile: (415) 901-1123
mseifert@szllp.com

Kathryn Reilly (*pro hac vice*)
Michael Williams (*pro hac vice*)
**WHEELER TRIGG O'DONNELL LLP**
370 17th Street, Suite 4500
Denver, CO 80202
Tel: (303) 244-1800
Fax: (202) 244-1879
reilly@wtotrial.com
williams@wtotrial.com

Attorneys for Defendant
SOUTHEASTERN CONFERENCE

**LATHAM & WATKINS LLP**

By: /s/ Christopher S. Yates
Christopher S. Yates (SBN 161273)
Aaron T. Chiu (SBN 287788)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
chris.yates@lw.com
aaron.chiu@lw.com

Anna M. Rathbun (SBN 273787)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-1061
Facsimile: (202) 637-2201
anna.rathbun@lw.com

**FOX ROTHSCHILD LLP**

By: /s/ D. Erik Albright
D. Erik Albright (*pro hac vice*)
Jonathan P. Heyl (*pro hac vice*)
Gregory G. Holland (*pro hac vice*)
230 North Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 378-5400
ealbright@foxrothschild.com
jheyl@foxrothschild.com
gholland@foxrothschild.com

Attorneys for Defendant
THE ATLANTIC COAST CONFERENCE

**<u>SIGNATURE CERTIFICATION</u>**

I, Rakesh N. Kilaru, am the CM/ECF user whose ID and password are being used to file the Defendants' Brief in Response to Objections. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: Sept. 1, 2026

Respectfully submitted,

**WILKINSON STEKLOFF LLP**

By: *<u>/s/ Rakesh N. Kilaru</u>*
Rakesh N. Kilaru
Attorney for Defendant
National Collegiate Athletic Association