United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: COLLEGE ATHLETE NIL LITIGATION

Case No. 20-cv-03919 CW

**ORDER OVERRULING OBJECTIONS TO THE CONTINUATION OF THE INJUNCTIVE RELIEF SETTLEMENT**

(Re: Dkt. Nos. 1145, 1149, 1150)

On June 6, 2025, the Court granted Plaintiffs' motion for final approval of the Fourth Amended Stipulation and Settlement Agreement (SA), Dkt. No. 958–1, and ordered the entry of the Second Amended Injunctive Relief Settlement (hereinafter, IRS) pursuant to its terms. *See* Dkt. Nos. 978, 979. The SA provides that all incoming members of the Injunctive Relief Settlement Class, at or before the time they first enroll at a Division I member school, or later join, for the first time, a Division I member school athletic team, shall be provided reasonable notice of the IRS and shall have the right to file written objections to the continuation of the IRS within sixty days of receiving such notice. *See* SA ¶ 14. Pursuant to an order of the Court, notice was disseminated electronically on June 12, 2026, to incoming members of the Injunctive Relief Settlement Class who will join a Division I team for the first time in the 2026–2027 academic year, and the deadline to file objections was August 11, 2026. *See* Dkt. No. 1115. Now before the

United States District Court
Northern District of California

Court are objections to the continuation of the IRS filed by three student-athletes. *See* Dkt. Nos. 1145, 1149, and 1150. Because none of the objectors requested to speak at the hearing previously scheduled for September 25, 2026, the Court finds that resolving the objections without oral argument would be appropriate. For the reasons set forth below, the Court OVERRULES the objections.

**LEGAL STANDARD**

Under Rule 23(e)(5), any class member may object to a settlement agreement if it requires court approval under Rule 23(e). "An objector to a proposed settlement agreement bears the burden of proving any assertions they raise challenging the reasonableness of a class action settlement." *Noll v. eBay, Inc.*, 309 F.R.D. 593, 602 (N.D. Cal. 2015) (citation omitted). "To survive appellate review, the district court must show it has explored comprehensively all factors, and must give a reasoned response to all non-frivolous objections." *Dennis v. Kellogg Co.*, 697 F.3d 858, 884 (9th Cir. 2012) (citations and quotation marks omitted).

**DISCUSSION**

**A. Objector Andres Polanco**

Objector Andres Polanco is an incoming freshman at Wagner College. *See* Dkt. No. 1145. He objects to being included in this litigation because he "ha[s] not previously participated in any NCAA Division I collegiate athletic program[,]" but he does not object to the continuation of the IRS. *See id.* Although Mr. Polanco does not indicate whether he will participate in a Division I athletic program during the 2026–27 academic year, Defendants represent that he intends to play Division I baseball during that academic year. *See* Dkt. No. 1155 at 2.

The Injunctive Relief Settlement Class, which was certified under Rule 23(b)(2), includes "[a]ll student-athletes who compete on, competed on, or will compete on a Division I athletic team at any time between June 15, 2020 through the end of the Injunctive Relief Settlement Term," which is defined in the SA as ten academic years from the date on which the SA was granted final approval. *See* Dkt. No. 978 at 8. Thus, to the extent that Mr. Polanco participates in Division I baseball during the 2026–27 academic year, he will be a member of the Injunctive Relief Settlement Class. Because the Injunctive Relief Settlement Class was certified under Rule

United States District Court
Northern District of California

23(b)(2), *see id.* at 26–27, Mr. Polanco cannot opt out of that class. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) (noting that Rule 23 "provides no opportunity for . . . (b)(2) class members to opt out"). Accordingly, the Court overrules Mr. Polanco's objection.

**B. Objector Ruby James Cochrane**

Objector Ruby James Cochrane is an incoming student-athlete who will compete for a Division I team for the first time during the 2026–27 academic year. *See* Dkt. No. 1150. Ms. Cochrane objects to the continuation of the IRS on the ground that it requires her to release her right to seek injunctive and declaratory relief when challenging the IRS. *See id.* at 1–2.

The Court overrules this objection for the reasons discussed in the Court's opinion in support of its order granting final approval of the SA. *See* Dkt. No. 978 at 65.

Ms. Cochrane also objects to the continuation of the IRS on the ground that it "limits the duration and scope of benefits and protections" for Division I student-athletes, including "athletically-related benefits, possible roster caps, and restrictions challenging the use of athletes' name, image, and likeness in certain contexts." *See* Dkt. No. 1150 at 1–2.

The Court interprets this objection as one challenging the IRS' provisions regarding the Pool cap, roster limits, and limits on NIL payments from Associated Entities or Individuals. The Court overrules this objection for the same reasons discussed in the Court's opinion in support of its order granting final approval of the SA, *see* Dkt. No. 978 at 43–44, 46–53, and for the additional reason that Ms. Cochrane and other members of the Injunctive Relief Settlement Class are free to sue Defendants for damages arising out of the IRS provisions at issue if they believe they suffered harm because of them. *See* SA ¶ 1 (pp) & (qq).

**C. Objector Gannon Flynn**

Objector Gannon Flynn was a Division I swimmer at the University of Utah in 2025 and is an "incoming athlete" at Boston University for the 2026–27 academic year. *See* Dkt. No. 1149 at 2. Mr. Flynn objects to the continuation of the IRS because of the purported harms caused by its roster limits provisions. *See id.* Mr. Flynn admits that he previously objected to the IRS' roster limits provisions in April 2025 but argues that he has the right to object to them for a second time

because he recently transferred to Boston University, which will participate in the IRS in the near future. *See id.*

The Court finds that Mr. Flynn does not have standing to object to the continuation of the IRS at this juncture because he is not an incoming member of the Injunctive Relief Settlement Class. Mr. Flynn was a Division I swimmer at the University of Utah and a member of the Injunctive Relief Settlement Class before the Court granted final approval of the SA in June 2025. *See* Dkt. Nos. 661, 892. As such, Mr. Flynn filed multiple objections to the IRS in January 2025 and April 2025, *see* Dkt. Nos. 661, 809, 892, which the Court considered before granting final approval of the SA. That Mr. Flynn recently transferred to Boston University does not confer him with standing to object to the IRS once again. But even if Mr. Flynn had standing to object to the IRS, the Court would overrule his new objections for the following reasons.

First, Mr. Flynn objects to the continuation of the IRS on the basis that thousands of Division I student-athletes were harmed due to the implementation of the IRS' roster limits provisions despite having Designated Student-Athlete (DSA) status. Mr. Flynn argues that thousands of Division I student-athletes lost their roster spots and were forced into the transfer portal when roster limits were implemented at their schools. Mr. Flynn represents that, to the extent that they wished to continue playing their sport, the affected student-athletes were forced to try to transfer to other Division I schools. However, according to Mr. Flynn, not all of them were successful in transferring to other schools to play Division I sports despite their DSA status, and some of those who were able to transfer did not receive a scholarship at their new school.

The Court would overrule this objection because Mr. Flynn has submitted no evidence to substantiate any of his assertions. Further, DSA status was not intended to guarantee a roster spot for the student-athletes who have it. Instead, DSA status was intended to ensure that student-athletes who lost a roster spot because of the immediate implementation of roster limits would be exempt from roster limits at any Division I school for the remainder of their athletic careers so that they could have "*the opportunity* to be on a roster *at the discretion of a Division I school*." *See* Dkt. No. 978 at 51 (emphasis added). Division I schools always have had discretion to decide which student-athletes to have on their rosters and how to allocate their financial resources. That

United States District Court
Northern District of California

the IRS continues to afford that discretion to Divisions I schools does not render the IRS unfair or unreasonable to class members. Further, any member of the Injunctive Relief Settlement Class who believes that he or she suffered damages because of the IRS' roster limits provisions has the right to file a suit for damages against Defendants, as the SA preserves the right of class members to bring damages claims that arise out of the implementation of the IRS, including its roster limits provisions. *See* SA ¶ 1 (pp) & (qq).

Second, Mr. Flynn objects to the continuation of the IRS on the ground that the implementation of roster limits at his former school, the University of Utah, caused him to lose his roster spot and indirectly caused him to lose his athletic scholarship, as his new school (Boston University) did not offer him an athletic scholarship to participate in Division I swimming.

The Court would overrule this objection for the same reasons as the previous one. The harms that Mr. Flynn purportedly suffered are the consequence of the roster- and resource-allocation decisions of the schools in question. That the IRS gives schools discretion to allocate their roster spots and financial resources as they see fit does not mean that the IRS is unfair or unreasonable. Additionally, Mr. Flynn retains the right to sue Defendants for any damages he allegedly suffered because of the implementation of the IRS' roster limits provisions.

Third, Mr. Flynn objects to the continuation of the IRS on the ground that "many institutions" have stopped offering student-athletes *Alston* academic achievement awards.

The Court would overrule this objection because Mr. Flynn has submitted no evidence to support his assertions. Additionally, Division I institutions always have had discretion to decide whether to offer *Alston* academic achievement awards to Division I student-athletes. That the IRS continues to afford that discretion to Divisions I schools does not render the IRS unfair or unreasonable to class members.

Fourth, Mr. Flynn objects to the continuation of the IRS on the ground that many universities are cutting Olympic and women's sports, or scholarships for those sports, so that they can better fund their football and basketball programs.

The Court would overrule this objection because Mr. Flynn has submitted no evidence to support his assertions. Additionally, Division I institutions always have had discretion to decide

how to allocate their financial resources among their athletic programs and student-athletes. That the IRS continues to afford that discretion to Divisions I member institutions does not render the IRS unfair or unreasonable to class members.

Fifth, Mr. Flynn objects to the continuation of the IRS on the ground that the IRS' roster limits provisions are illegal cartel agreements that violate antitrust law.

The Court would overrule this objection for the reasons discussed in the Court's opinion in support of its order granting final approval of the SA. *See* Dkt. No. 978 at 49–50.

Finally, citing *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992) (*Rufo*) and Federal Rule of Civil Procedure 60(b)(5), Mr. Flynn requests that the Court discontinue the enforcement of the IRS' roster limit provisions going forward on the ground that there has been a significant change in circumstances, namely that, since the Court granted final approval of the SA, many schools participating in the IRS have cut athletic programs and thousands of Division I student-athletes have been harmed by the IRS' roster limits provisions.

The Court would deny this request. *Rufo* sets forth the standard for "seek[ing] modification of a term of a consent decree that arguably relates to the vindication of a constitutional right." *See Rufo*, 502 U.S. at 383 n.7. Because no consent decree of that sort is at issue here, *Rufo* is inapposite. Rule 60(b)(5) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" if, in relevant part, "applying it prospectively is no longer equitable[.]" *See* Fed. R. Civ. P. 60(b)(5). Here, for the reasons discussed above, Mr. Flynn has not shown that the IRS is unfair or unreasonable to class members, or that its continued enforcement is no longer equitable. Accordingly, there is no basis for setting aside or modifying under Rule 60(b)(5) the order granting final approval of the SA or the final judgment entered in this case.

**CONCLUSION**

For the reasons discussed above, the Court overrules the objections to the continuation of the IRS. The SA and IRS shall remain in effect, without modification, for the 2026–2027 academic year.

No later than June 30, 2027, Plaintiffs shall file a proposed form of notice and proposed mechanism for the dissemination of the same for incoming members of the Injunctive Relief Settlement Class for the 2027–2028 academic year.

IT IS SO ORDERED.

Dated: 9/3/2026

CLAUDIA WILKEN
United States District Judge