Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

FILED

OCT 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# DOCKETING NOTICE

| | |
|---|---|
| Docket Number: | 26-6698 |
| Originating Case Number: | 4:20-cv-03919-CW |
| Short Title: | House, et al. v. National Collegiate Athletic Association, et al. |

Dear Appellant/Counsel

The United States Court of Appeals for the Ninth Circuit has received a copy of your notice of appeal and assigned the docket number above to your case.

Please include this docket number on every filing you submit and in any communication you have with the court about this case. If you are ordering any transcript from the lower court, please give the docket number to the court reporter right away.

Motions filed with the notice of appeal are not transferred to this court. You need to separately file on this court's docket any motion that seeks relief from this court.

You must file a Disclosure Statement (Form 34) within 14 days of this notice if your case: (1) involves a corporation, association, joint venture, partnership, limited liability company, or similar entity; (2) is a bankruptcy case; (3) is a criminal case with an organizational victim; or (4) involves review of state court proceedings. *See* Ninth Circuit Rule 26-1.1.

**Failure to timely file the opening brief may also result in your case being dismissed.**

**Please read the enclosed materials carefully.**

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

## TIME SCHEDULE ORDER

---

| | |
|---|---|
| Docket Number: | 26-6698 |
| Originating Case Number: | |
| Case Title: | House, et al. v. National Collegiate Athletic Association, et al. |

---

**10/23/2026**

| | |
|---|---|
| National Collegiate Athletic Association | Corporate Disclosure Statement due |
| Sedona Prince | Corporate Disclosure Statement due |
| Nicholas Solomon | Corporate Disclosure Statement due |
| DeWayne Carter | Corporate Disclosure Statement due |
| Southeastern Conference | Corporate Disclosure Statement due |
| Atlantic Coast Conference | Corporate Disclosure Statement due |
| Gannon Flynn | Corporate Disclosure Statement due |
| Grant House | Corporate Disclosure Statement due |
| Nya Harrison | Corporate Disclosure Statement due |
| Gannon Flynn | Appeal Transcript Order Due |
| The Big Ten Conference, Inc. | Corporate Disclosure Statement due |
| The Big Twelve Conference, Inc. | Corporate Disclosure Statement due |
| Pac-12 Conference | Corporate Disclosure Statement due |

**11/23/2026**

| | |
|---|---|
| Gannon Flynn | Appeal Transcript Due |

**12/28/2026**

| | |
|---|---|
| Gannon Flynn | Appeal Opening Brief Due |

**1/27/2027**

| | |
|---|---|
| DeWayne Carter | Appeal Answering Brief Due |
| Southeastern Conference | Appeal Answering Brief Due |
| Atlantic Coast Conference | Appeal Answering Brief Due |
| Sedona Prince | Appeal Answering Brief Due |
| Nicholas Solomon | Appeal Answering Brief Due |
| The Big Ten Conference, Inc. | Appeal Answering Brief Due |
| Pac-12 Conference | Appeal Answering Brief Due |
| Grant House | Appeal Answering Brief Due |
| Nya Harrison | Appeal Answering Brief Due |
| National Collegiate Athletic Association | Appeal Answering Brief Due |
| The Big Twelve Conference, Inc. | Appeal Answering Brief Due |

If there were reported hearings, the parties shall designate and, if necessary, cross-designate the transcripts pursuant to 9th Cir. R. 10-3. If there were no reported hearings, the transcript deadlines do not apply.

The optional reply may be filed within 21 days of service of the answering brief. See Fed. R. App. P. 31 and 9th Cir. R. 31-2.1.

Mediation Questionnaire is available here. More information about the Mediation Program is available here.

**If the opening brief is not filed by the deadline, the court may dismiss this case. *See* 9th Cir. R. 42-1.**