November 11th, 2026

In re: College Athlete NIL Litigation, Case No. 4:20-cv-03919 CW

Judge Wilken,

This is not the first time that you have heard from me, but I respectfully ask that you hear me again. On November 5, 2026, Class Counsel filed a motion seeking appointment of a new Injunctive Relief Class Representative (Dkt. No. 1184). Class Counsel proposes Davis Warren, a 6th-year graduate student and football player at Stanford University. After completing his undergraduate degree at the University of Michigan (2025), Mr. Warren transferred to Stanford and is competing under an additional year of eligibility. While Mr. Warren may adequately represent the interests of football players, he does not share the experiences, interests, or concerns of most members of the Injunctive Relief Class, which includes athletes from a wide range of non-revenue Olympic sports. Football players represent only 15% of Division I student-athletes, and the interests of a 6th-year quarterback at a prominent football program are not representative of the majority of class members who compete in Division I sports today.

Other Class Representatives do not represent me or the needs of athletes in non-revenue-generating Olympic sports. Most of the representatives approved by the Court are former student-athletes who competed at the highest levels of college sports and have already completed their collegiate careers. **Grant House** (Arizona State, 2018-23) was a 6th-year swimmer who now competes professionally for Team USA. **Sedona Prince** (Texas, 2018-19; Oregon, 2019-20; TCU, 2023-25) was a 7th-year basketball player and now plays professional basketball in Europe. **Tymir Oliver** (Illinois, 2016-19) was a football player. **DeWayne Carter** (Duke, 2019-23) was a football player who was selected in the 2024 NFL Draft. **Nya Harrison** (Stanford, 2021-24) now plays professional soccer. **Nicholas William Solomon** (UNC, 2018-22; Georgetown, 2023) competed as a 5th-year graduate lacrosse player at Georgetown. Last year, the Court also appointed **Miller Moss** (USC, 2020-24; Louisville, 2025), who transferred to Louisville as a graduate football player and entered the NFL Draft in 2025.

These athletes have impressive accomplishments, but their experiences are not typical of most members of the class. Many class members compete in non-revenue sports, will never play professionally, and now face issues like roster limits, reduced team budgets, and the elimination of teams. Those interests are not currently represented.

Moreover, several of these Class Representatives benefited from eligibility and transfer opportunities that may not be available to future student-athletes under new NCAA rules and proposed federal legislation. For example, both Sedona Prince and Davis Warren competed across six seasons of college athletics. Ms. Prince transferred three times during her college career, whereas pending legislation would limit transfer opportunities to one. As college sports continues to change, the Court should ensure that the Injunctive Relief Class includes representatives whose experiences reflect those of current and future athletes affected by the Settlement.

The Injunctive Relief Settlement is forward-looking. Unlike the damages portion of the Settlement, the Injunctive Relief will govern the opportunities available to future student-athletes

for the next ten years. Yet none of the current or proposed representatives will remain subject to the Settlement, new NCAA rules, or federal legislation for any meaningful period. The Court should therefore include a representative whose interests are aligned with the current and future student-athletes who will remain subject to the Injunctive Relief.

Due to these circumstances, I respectfully ask that the Court appoint me as an Injunctive Relief Class Representative. I am a Junior with 2.5 years of eligibility remaining under current NCAA rules. I have personally experienced the effects of roster limits and DSA status, and, like the majority of NCAA student-athletes, I compete in a non-revenue-generating sport. I recognize that I currently have an appeal pending before the Ninth Circuit concerning my objections to the Settlement. However, my status as an appellant does not, by itself, establish that I am incapable of adequately representing other class members. The appropriate inquiry under Federal Rule of Civil Procedure 23(a)(4) is whether the proposed representatives can fairly and adequately protect the interests of the class. I respectfully submit that my experiences as a current student-athlete, combined with the years I will remain subject to the Injunctive Relief, position me to do so.

**The Existing Class Representatives Do Not Adequately Represent the Injunctive Relief Class as a Whole**

Federal Rule of Civil Procedure 23(a)(4) requires that class representatives fairly and adequately protect the interests of the class. This requirement is particularly important where class members cannot opt out of a settlement and are bound by its prospective terms.

For athletes affected by roster limits, the Settlement's consequences extend beyond financial compensation and include lost roster spots, forced transfers, diminished scholarship opportunities, and other financial and educational consequences.

My own experience has demonstrated these concerns. Following final approval of the Settlement in June 2025, I transferred from the University of Utah to Boston University due to the impacts of roster limits, resulting in financial and educational consequences that I have previously raised before the Court.

Although the existing Class Representatives may adequately represent certain interests within the Settlement, that does not necessarily establish their adequacy to represent all groups bound by its prospective provisions. The Court certified four classes, including three Damages Classes (Football and Men's Basketball, Women's Basketball, and Additional Sports) and a mandatory Injunctive Relief Class. The Additional Sports Class, despite having distinct interests and concerns, was included in the same mandatory Injunctive Relief Class. As a result, athletes with materially distinct experiences and interests are subject to the same forward-looking relief without separate representation.

**My Pending Appeal Does Not Automatically Disqualify Me from Serving as a Class Representative**

I recognize that I have a pending appeal before the Ninth Circuit concerning my objections to the Settlement. However, I am not asking the Court to reconsider the issues on appeal. Rather,

I respectfully request that the Court evaluate whether the current and proposed Class Representatives adequately represent members of the Injunctive Relief Class. The fact that I exercised my right to object and appeal should not, by itself, disqualify me from consideration as an additional Class Representative.

For the reasons that I have listed above, I respectfully request that the Court determine whether the existing representatives adequately protect the interests of all athletes bound by the terms of the Settlement, including those adversely impacted by roster limits. I further request that the Court consider appointing an additional representative from the Additional Sports Class, including myself, subject to the requirements of Rule 23(a)(4).

If the Court concludes that my pending appeal limits its authority to grant relief, I respectfully request consideration of an indicative ruling under Rule 62.1.

I do not seek to interfere with the Ninth Circuit's jurisdiction or the orderly administration of the Settlement. Rather, I seek to ensure that class members bound by the Settlement's prospective provisions receive adequate representation guaranteed by Rule 23. I believe additional representation is necessary to ensure that student-athletes affected by roster limits and other consequences of the Injunctive Relief have a meaningful voice in the administration of the Settlement.

Respectfully submitted,

Gannon Flynn
NCAA ID: 2203480546