SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
rward@sflaw.com
FELICIA A. DRAPER (Bar #242668)
fdraper@sflaw.com
LARISA A. MEISENHEIMER (Bar #228777)
lmeisenheimer@sflaw.com
425 Market Street, Eleventh Floor
San Francisco, CA 94105-2496
Telephone: (415) 421-6500
Facsimile: (415) 421-2922

Non-Party Grand Teton Systems, Inc., dba Athlete Creditor

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

IN RE COLLEGE ATHLETE NIL LITIGATION

Case No. 4:20-cv-03919-CW

**GRAND TETON SYSTEMS, INC. OPPOSITION AND OBJECTIONS TO PLAINTIFFS' MOTION RE THIRD-PARTY PURCHASES AND OTHER SETTLEMENT ADMINISTRATION**

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

## I. INTRODUCTION

Third party Grand Teton Systems, Inc., dba as Athlete Creditor ("Athlete Creditor") opposes and objects to Plaintiffs' Motion Re Third-Party Purchases And Other Settlement Administration filed October 30, 2026. Athlete Creditor's objection is to Class Counsel's request to set an arbitrary – and imminent – cutoff for third-party purchases of claims from Class Members. The December 4 cutoff is arbitrary and unreasonably disconnected from the standard this Court already established – the date on which all appeals are exhausted. Picking an arbitrary date, which may be several months early, simply for administrative convenience, needlessly impedes the rights of athletes who might have a genuine desire to transfer their claims now with no benefit to them. Changing the current Court-ordered cutoff to a sudden "date certain" would have the effect of depriving likely thousands of Class Members from the opportunity to sell their claims to achieve liquidity sooner rather than later. The substantive rights of the class members should not be materially subordinated for the purpose of case administration.

In opposition to the Motion, Athlete Creditor also seeks a simple common sense revision to the motion's proposed administration procedures for dealing with alleged documentary and other deficiencies in the case where claims have been sold to a third party. Athlete Creditor asks that both the Class Member and the transferee, not just the Class Member, be provided notice of any deficiencies or denials of the transactions by the settlement administrator and the opportunity to work with the claimant and administrator to cure any deficiencies.

## II. BACKGROUND

Athlete Creditor is a buyer of Class Member Claims, having acquired claims from, and paid, thousands of Class Members. Athlete Creditor continues to be an active purchaser of claims and submits this opposition because, given the historical pace at which Class Members have approached Athlete Creditor and entered into sales of their claims, the cutoff proposed by Class Counsel is likely to deprive thousands of athletes from the opportunity to sell their claims to obtain immediate liquidity.

The existing Court-ordered deadline for the sale of claims is "prior to the exhaustion of any appeals in the case." The proposed cutoff of December 4, 2026, would unnecessarily advance the

deadline likely by months and potentially for years with no concomitant benefit to Class Members.

## III. THE CUTOFF DATE FOR TRANSFERS SHOULD NOT BE ACCELERATED

By asking for a December 4, 2026, cutoff date – just days from the hearing on this motion – Class Counsel is suggesting administrative convenience should take priority over the desires of many of the Class Members to sell their claims. Class Counsel's own moving papers demonstrate that selling claims to third party buyers has proven a popular alternative for many Class Members who prefer a sale to waiting until an uncertain date in the future for payment. *See* Antonio Declaration, ¶ 17. Over 15,000 Class Members have chosen to cash out their claims in third party sales, which strongly suggests that there will be thousands more who would make the same choice if the Court-ordered cutoff remains in place.

The Motion seeks to limit the sales of claims by Class Members at a time when there is no way to determine when in the future appeals will be exhausted and when Class Members will start getting paid. Presumably, it is for this very reason that so many Class Members have chosen to accept discounted cash payments today for their claims. Respectfully, it would be premature and manifestly unfair to impose an early date certain deadline for Class Member sales of claims to third parties when there may yet be many more months before the appeals will be exhausted.

In their prior motion by which the current cutoff date was set, Class Counsel emphasized that claims could only be transferred while the settlement was not yet final - meaning before all appeals had been exhausted. This was so, they argued, because of certain tax treatment. Athlete Creditor does not dispute this. What Athlete Creditor objects to is changing the standard from the Court's prior order to an arbitrary date likely to be well in advance of the settlement becoming final. This would have the effect of unreasonably depriving class members who may still wish to transfer their claims the opportunity to do so.

While the Court has broad discretion to manage the administration of class action settlements, we urge that the Court should exercise that discretion for the benefit of the Class Members, not the settlement administrators. Just as the Court must act as a fiduciary to protect the interests of class members in approving a class action settlement, the Court should also continue to protect the fairness to class members through the claims administration process. Short deadlines

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

are antithetical to fair treatment of class members. *See, e.g.*, *Lusby v. Gamestop Inc.*, 297 F.R.D. 400 (N.D. Cal. 2013) (thirty day cutoff for class members to submit claim forms did not adequately protect the interests of the class). Class Counsel is proposing a cutoff less than thirty days from the hearing of this motion for sales of claims despite the clearly evident demand among Class Members to engage in these transactions.

Class Counsel's motion complains of the administrative burdens created by Class Members selling their claims but fail to identify any benefit *to Class Members* from imposing an arbitrary and imminent deadline for the sales of claims. Nothing in Class Counsel's moving papers indicates that class administration would be disrupted or diminished by continued third party sales as initially directed by the Court. Rather, these sales simply mean more administrative work for the Settlement Administrator – work that is precisely what the Settlement Administrator is retained to do, and which ably facilitates an alternative form of payment that clearly is in strong demand among some Class Members.

## IV. TRANSFEREES AS WELL AS CLASS MEMBERS SHOULD BE ENTITLED TO NOTICE AND A REASONABLE CURE PERIOD FOR INCOMPLETE TRANSFER DOCUMENTATION

The administration plan proposed in Class Counsel's motion is mostly reasonable with two exceptions. The notices (which trigger a 30 day cure period) should go to the transferees as well as the Class Members who have sold their claims. There is no good reason to find otherwise. The cure period should also be extended to 60 days.

The reason to include notice to the transferees is rooted in common sense and human nature. Many of the Class Members who have transferred claims are likely to be unresponsive. They've cashed out and have no reason to care about the notice. Many also have changed addresses since submitting their claims; more frequent address changes is a fact of life for people in their twenties. On the other hand, the transferees – to protect what they have already purchased and paid for – presumably have collected the relevant information to cure any deficiency or could work with the Class Member to do so. For this reason, the purchasers of claims also should be entitled to notice and an opportunity to cure deficiencies.

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

## V. CONCLUSION

Non-party Athlete Creditor, an active purchaser of claims from Class Members, respectfully requests that the Court not prematurely terminate the opportunity of Class Members to sell their claims. Athlete Creditor also requests the reasonable modification to the proposed administration plan to include the transferees on any notices of deficiencies or denials of transfers and extending the cure period to 60 days.

Dated: November 13, 2026

SHARTSIS FRIESE LLP

By: */s/ Robert Charles Ward*
ROBERT CHARLES WARD

Non-Party Grand Teton Systems, Inc., dba Athlete Creditor

11047594

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496